**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| GAIL, JOHN D. AND JOHN F. CORVELLO, et al. *Plaintiffs,* | ) | |
| v. | ) | C.A. No. 05-221T |
| NEW ENGLAND GAS COMPANY, INC.; *Defendant.* | ) | |

**PLAINTIFF'S REPLY TO DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS OBJECTION TO PLAINTIFF'S MOTION TO REMAND**

The Plaintiffs respectfully submit this memorandum of law in reply to the Defendant's Objection to the Plaintiffs' Motion to Remand the above captioned matter to the Superior Court of the State of Rhode Island.

## INTRODUCTION

On June 17, 2005, the Plaintiffs filed a motion and memorandum of law requesting that this Court Remand the above entitled action to the Superior Court of the State of Rhode Island. In those pleadings, the Plaintiffs stated their position that because New England Gas is both the real party in interest and a citizen of the State of Rhode Island, diversity jurisdiction does not exist in this case. On June 28, 2005, the Defendant, New England Gas Company filed an opposition to the Plaintiffs' motion. However artfully written the Defendant's Opposition might be, it confuses the position taken by the Plaintiffs and misunderstands the law of the First Circuit.

## ARGUMENT

## I. DIVERSITY OF CITIZENSHIP DOES NOT EXIST BETWEEN THE PARTIES BECAUSE NEW ENGLAND GAS COMPANY IS THE REAL PARTY IN INTEREST IN THIS CASE WITH ITS PRINCIPAL PLACE OF BUSINESS IN RHODE ISLAND

"The question of a corporation's principal place of business is essentially one of fact, to be determined on a case-by-case basis, taking into account such factors as the character of the corporation, its purposes, the kind of business in which it is engaged, and the situs of the operations." Northeast Nuclear Energy Company v. General Electric Company, 435 F.Supp 344, 345 (D.Conn. 1977). While a determination of the citizenship of an unincorporated subdivision has never been made by the First Circuit and is, therefore, an issue of first impression for this Court, the First Circuit Court of Appeals has made several decisions which should provide guidance to this Court in reaching its decision. When this Court looks to the analysis provided in Payphone LLC v. Brooks Fiber Communications of R.I., Diaz-Rodriguez v. Pep Boys Corp., and Topp v. COMPAIR Inc., it will see that, an unincorporated subdivision that holds itself out as a citizen of one state is subject to the "locus of operations" test and can have citizenship in that state for diversity purposes.

### A. New England Gas Company Is the Real Party In Interest

Because New England Gas Company has held itself out to be a citizen of the State of Rhode Island since its inception, it is the real party in interest in this case. New England Gas Company should not be allowed to pierce its own corporate veil now, in order to manufacture diversity of citizenship. The law on this issue is clear, a company that holds itself out as an independent entity is usually not permitted to "pierce its own

[corporate] veil in order to create diversity jurisdiction." Payphone LLC v. Brooks Fiber Communications of R.I., 126 F.Supp.2d 175, 179 (D. R.I. 2001). The fact that New England Gas Company is an unincorporated subdivision should not negate this area of established law.

While "[t]he general rule is that a "subsidiary corporation which is incorporated as a separate entity from its parent corporation is considered to have its own principal place of business," this is only the starting point for analysis. Topp v. COMPAIR Inc., 814 F.2d 830, 835 (1st Cir. 1987). The Topp Court made it clear that under the specific facts of a case, an incorporated subsidiary could have the citizenship of its parent. To the same end, in Roche v. Lincoln Property Company, 373 F.3d 610 (4th Cir. 2004), the Fourth Circuit opened the door to the notion that an unincorporated subdivision that exercised complete independence from its parent corporation could be considered a separate entity for diversity purposes: "[f]rom the record, it appears that the real and substantial party in interest is the Virginia subsidiary, be it a partnership, corporation or *otherwise*, rather than the...parent [company]." Id. at 620-21 (emphasis added). The Topp Court made it clear that the issue of subsidiary independence was to be determined on a case-by-case basis. For "[i]f this were not so, every independently incorporated, wholly owned subsidiary which is part of a large conglomerate would be treated (for diversity jurisdiction purposes) as a mere division of a large company rather than a separate corporation." Id. at 835.

The Defendant misunderstands the arguments presented by the Plaintiff when they state that:

> [T]he First Circuit has recognized the dispositive distinction between the citizenship of an incorporated subsidiary and that of an unincorporated

> division, like NEGasCo. In Topp v. Comair, Inc., 814 F.2d 830, 835 ( 1st Cir. 1987), the [C]ourt held that the citizenship of an incorporated subsidiary is separate and apart from its corporate parent. In so holding, the Court expressly distinguished the rule applicable to an incorporated subsidiary from that applicable to an unincorporated division: "a subsidiary corporation which is incorporated as a separate entity from its parent corporation is considered to have its own principal place of business...If this were not so, every independently incorporated, wholly owned subsidiary which is part of a large conglomerate would be treated (for diversity jurisdiction purposes) as a mere division of a large company rather than a separate corporation." Id. at 835.

(Def. Mem. at 4-5). In fact, nowhere in the Topp decision does the Court directly make the statement that the defendant quotes. Rather, the defendant splices together components of two separate paragraphs and places them out of order in the above quotation, creating a paragraph that supports their contention.

When one looks to the policy behind diversity jurisdiction, the case-by-case approach taken by the Courts makes sense. The intent of 28 U.S.C. §1442, dating back to the early 1800's, was to preserve the distinction between federal and state matters. Thus, determining citizenship in diversity cases should not be based on formalities, but "upon the principle that a primarily local controversy should be tried in the appropriate state forum and that nominal or formal parties...should not be able to use the federal courts." Roche, 373 F.3d at 615. This case involves acts originally committed by Fall River Gas Company's disposal of contaminated waste and pollutants in the neighboring town of Tiverton.

Removal of this case will therefore force a local matter to be litigated in an inappropriate forum – the federal courts. In its attempt to remove this case, New England Gas is trying to manipulate federal diversity jurisdiction. Roche, 373 F.3d at 614. This matter belongs in state court because it involves the contamination of real property in

Rhode Island by a company – New England Gas – headquartered in Rhode Island that conducts most of its operations in Rhode Island. The removal statute was not designed to cover such intrastate matters. Roche, 373 F.3d at 615. Manipulating the removal statute to create diversity where it should not and does not exist does not comport with the historical rationales behind the statute.

**B. Under the "Locus of Operations" Test New England Gas Company Is a Citizen of Rhode Island**

The First Circuit recently applied the "locus of operations" test to a company with extensive assets and presence in a single state as determinative of that company's citizenship for diversity purposes. Diaz-Rodriguez v. Pep Boys Corp., 2005 WL 1316358 (1st Cir. 2005). In Diaz-Rodriguez, the Court held that the locus of operations test should be used to determine the principal place of business of a corporation when it has the bulk of physical operations is one state. Diaz-Rodriguez, 2005 WL 1316358 at 4. This test should apply to New England Gas Company because its "locus of operations" exists here in Rhode Island.

New England Gas is a Rhode Island citizen for diversity purposes under the "locus of operations" test. It holds itself out as a local Rhode Island company through its actions, its public statements, and its advertisements. It is headquartered in Rhode Island and has its own corporate leadership team, including a president and CEO, located in Rhode Island. See http://www.negasco.com/contentmgr/showdetails.php/id/669. New England Gas Company serves customers almost exclusively within the state of Rhode Island. See New England Gas Company *Service Area* Map, *at*

http://negasco.com/home/area.php. The Rhode Island Public Utilities Commission website recognizes New England Gas as its *only* regulated gas utility. See http://www.ripus.ri.gov/utilityinfo/regulated.html. New England Gas customers send their bills to New England Gas. See http://www.negasco.com/site/sample.php/region/10. These facts demonstrate that New England Gas has a strong and continuing presence in Rhode Island and that it does not need to be shielded from the prejudices a foreign party may face as an outsider in state court. Diaz-Rodriguez, 2005 WL 1316358 at *4.

In short, New England Gas is a Rhode Island entity. The bulk of its operations are conducted within the state's borders. It is not an outsider. As a state-regulated public utility, New England Gas is responsible to the state and its customers. Any litigation against New England Gas, in its status as a public state-regulated utility, should therefore be conducted in the state court system.

**CONCLUSION**

Since the Defendant New England Gas has held itself out as a separate entity from its parent corporation, it should be recognized as the real party in interest. As such, this Court should conclude that New England Gas conducts the bulk of its operations in the State of Rhode Island, making Rhode Island its principal place of business. It should not be able to shed that separate identity to manipulate diversity. In addition, this matter represents the type of local controversy that should be litigated in state, rather than federal, courts. For these reasons, we respectfully ask this Court to Remand this case to the Superior Court of Rhode Island.

***Dated:* July 7, 2005**

Respectfully submitted,

John J. McConnell, Jr. (#3016)
Robert J. McConnell (#3888)
Aileen Sprague (#6507)
MOTLEY RICE LLC
321 South Main Street
P.O. Box 6067
Providence, Rhode Island 02940
401-457-7700
401-457-7708 FAX

David Strouss
THORNTON & NAUMES
100 Summer Street
Boston, Massachusetts 02110

Mark W. Roberts
MCROBERTS, ROBERTS & RAINER
Exchange Place
53 State Street
Boston, Massachusetts 02109

**CERTIFICATION**

I hereby certify that a copy of the foregoing document was delivered to all counsel of record on this 7th day of July 2005.

COUNSEL LIST

John A. Tarantino
Patricia K. Rocha
David A. Wollin
Kristen W. Sherman
ADLER, POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
401.274.7200

Eric D. Herschmann
KASOWITZ, BENSON, TORRES & FREIDMAN LLP
1633 Broadway
New York, NY 10019

Christina Dodds
WATSON, BISHOP, LONDON & BROPHY
The Littlefield Building
106 E. 6th Street, Suite 700
Austin, TX 78701
512.479.5900