UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| GAIL, JOHN D. AND<br>JOHN F. CORVELLO, et al. | : | |
| vs. | : | C. A. No. 05-221T<br>(Related Case No. 05-274T,<br>05-370 T, 05-522 T) |
| NEW ENGLAND GAS COMPANY, INC. | : | **OBJECTION TO EMERGENCY MOTION** |

**DEFENDANT NEW ENGLAND GAS COMPANY'S OBJECTION TO PLAINTIFFS' EMERGENCY MOTION FOR LEAVE TO TAKE A DISCOVERY DEPOSITION AND THEN A VIDEOTAPED DEPOSITION OF JOSE SOUZA**

Defendant New England Gas Company (improperly sued as "New England Gas Company, Inc."), an unincorporated division of Southern Union Company, hereby objects to the plaintiffs' emergency motion for leave to take the "discovery and videotaped depositions" of Jose Souza. The grounds for this motion are set forth in the accompanying memorandum of law.

Dated: Providence, Rhode Island
August 28, 2006

Respectfully Submitted,

**ADLER POLLOCK & SHEEHAN P.C.**

/s/ *David A. Wollin*

John A. Tarantino (#2586)
David A. Wollin (#4950)
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
(401) 274-7200
Fax: (401) 351-4607

**KASOWITZ, BENSON, TORRES & FRIEDMAN LLP**
Eric D. Herschmann
1633 Broadway
New York, New York 10019
(212) 506-1700

**BISHOP LONDON BROPHY DODDS**
Christina Dodds
3701 Bee Cave Road
Austin, Texas 78746
(512) 479-5900

*Attorneys for Defendant*
*New England Gas Company,*
*a division of Southern Union Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of August, 2006, I did send a true copy of the within document by electronic means (ECF) to the following:

Robert J. McConnell, Esq.
Michael G. Rousseau, Esq.
Jonathan D. Orent, Esq.
Motley Rice LLC
321 South Main Street
Providence, RI 02940

/s/ *David A. Wollin*

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| GAIL, JOHN D. AND | : | |
| JOHN F. CORVELLO, et al. | : | |
| | : | |
| vs. | : | C. A. No. 05-221T |
| | : | (Related Case No. 05-274T, |
| | : | 05-370 T, 05-522 T) |
| NEW ENGLAND GAS COMPANY, | : | **MEMORANDUM IN OPPOSITION TO** |
| INC. | : | **EMERGENCY MOTION** |

**DEFENDANT NEW ENGLAND GAS COMPANY'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' EMERGENCY MOTION FOR LEAVE TO TAKE A DISCOVERY DEPOSITION AND THEN A VIDEOTAPED DEPOSITION OF JOSE SOUZA**

Defendant New England Gas Company ("NEGasCo") submits this memorandum of law in opposition to plaintiffs' emergency motion for leave to take the "discovery and videotaped depositions" of Jose Souza. Before the Court has even decided NEGasCo's pending motion to dismiss each and every count of plaintiffs' complaint, plaintiffs bring this claimed "emergency motion" seeking to preserve the testimony of an alleged 86 year old fact witness who has apparently "recently agreed" to testify for plaintiffs. Plaintiffs' motion lacks any explanation for why they should be granted this extraordinary relief, or indeed, why this is an "emergency" at all. Plaintiffs neither explain why Souza's recent willingness to testify is relevant, nor do they provide any support for their assertion that the mere fact that Souza is 86 years old requires that this Court grant the extraordinary relief they seek, and that the Court do so on an expedited basis as though the witness is *in extremis*.[1]

[1] In the week preceding the filing of plaintiffs' motion, in order to evaluate the merits of plaintiffs' requested deposition of Souza, NEGasCo's counsel asked plaintiffs' counsel to provide the most fundamental information regarding the witness, including his name and address and whether he ever worked for defendant, its predecessors in interest, or its contractors. Plaintiffs' counsel refused this request and instead filed this motion. Notably, plaintiffs' motion fails to provide any witness information other than Souza's name. See Fed. R. Civ. P. 26(a)(1)(A).

As more fully set forth below, both the timing and the content of plaintiffs' motion demonstrate that there is no emergency requiring the acceleration of this particular deposition. Indeed, the facts appear to show that this motion seeks to provide plaintiffs with tactical advantages while depriving NEGasCo of the customary opportunities to conduct discovery, including the thorough investigation of the background and history of a fact witness to be deposed.

Accordingly, plaintiffs' emergency motion should be denied in its entirety.

## ARGUMENT

Generally, absent leave of court or an agreement between the parties, "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d). While a court may grant leave to take discovery before a Rule 26(f) conference has been held, it should only do so upon a showing of: 1) irreparable injury if the expedited discovery is not granted; (2) some connection between the expedited discovery and the avoidance of irreparable injury; (3) some evidence that the injury that will result without expedited discovery looms greater than the injury the defendant will suffer if the expedited relief is granted; and (4) some likelihood of success on the merits. See Notaro v. Koch, 95 F.R.D. 403, 405 (S.D.N.Y. 1982).

Here, plaintiffs concede that a 26(f) conference has not yet been held (see Plaintiffs' Emergency Motion), yet they do not address any of the four elements of the Notaro test. Indeed, other than their assertion that Souza has recently agreed to testify for them and that he is 86 years old, plaintiffs do not explain why they would be irreparably injured if Souza's deposition is not immediately taken. Further, because plaintiffs provide no information regarding the anticipated substance of Souza's testimony, including (among other things) its connection to this case or its uniqueness, they cannot demonstrate the necessary tie between the need for that testimony and

any irreparable harm that would result if their motion is denied. In that regard, plaintiffs do not even attempt to demonstrate that Souza's testimony could not be obtained from another witness; plaintiffs therefore cannot demonstrate that the need for Souza's expedited deposition "looms greater than the injury the defendant will suffer if the expedited relief is granted."

Furthermore, as demonstrated in NEGasCo's motion to dismiss plaintiffs' complaint (Dkt. Entry No.16), every count of that complaint suffers from significant legal and factual deficiencies. Plaintiffs' emergency motion does nothing to address these deficiencies, let alone demonstrate that plaintiffs have a likelihood of success on the merits of their claims.

Moreover, even if the Court applied the more liberal "good cause" standard used in other jurisdictions in evaluating plaintiffs' emergency motion, plaintiffs' motion must still be denied. Under the good cause standard, a court must balance the respective rights of the party seeking and the party responding to the discovery to determine whether "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." Semitool v. Tokyo Electron America, Inc., 208 F.R.D. 273, 276 (N.D. Cal. 2002). See also Qwest Comm. Int'l, Inc. v. Worldquest Networks, Inc., 213 F.R.D. 418, 420 (D. Colo. 2003) (applying good cause standard and denying motion for expedited discovery).

Here, to the extent plaintiffs contend that Souza's age -- without more -- constitutes good cause to justify expedited discovery, that argument is without merit.[2] Indeed, while in some instances pursuant to Fed R. Civ. P. 27(a), expedited discovery may be permitted due in part to a witness's age, see, e.g., Penn Mutual Life Ins. Co. v. United States, 68 F.3d 1371, 1375 (D.C.

---

[2] Thankfully, in this day and age, Souza's seniority alone is not sufficient justification for the extraordinary relief plaintiffs seek. By way of example, like Souza, Supreme Court Justice John Paul Stevens is 86 years old. Certainly, plaintiffs could not contend that the mere fact that Justice Stevens is 86 would be an appropriate basis to question his current or future capacity to participate in the judicial system, including hearing oral arguments on cases that may not be decided by the Supreme Court for many months or even many "terms" hence. Of course, Souza and Justice Stevens are not the only octogenarians who look forward to many more years of healthy and productive lives. Indeed, with 38 active judges in the federal circuit courts who are 80 years old or older, the federal bench is a perfect

Cir. 1995), those cases are plainly distinguishable. Here, unlike in the Rule 27 context where a matter has not -- and may never be -- commenced, plaintiffs have filed suit and a decision on NEGasCo's motion to dismiss is expected shortly. Thus, if plaintiffs' lawsuit survives NEGasCo's motion to dismiss, depositions, including presumably Souza's, will follow in the ordinary course.

Further, plaintiffs fail to address the substantial prejudice to NEGasCo if plaintiffs motion is granted, and Souza's deposition is held almost immediately thereafter as plaintiffs request in their motion. As noted above, not only do plaintiffs bring this motion while their complaint is subject to dismissal in its entirety, but plaintiffs have not even satisfied the most basic initial disclosure requirements. Indeed, if plaintiffs' motion was granted, NEGasCo would not have the opportunity to review any of the materials that plaintiffs would normally be required to submit pursuant to Rule 26(a). Without at least these initial disclosures, and a reasonable time to conduct an appropriate investigation of the witness (who must be assumed to be unavailable for trial), it is impossible to determine, at this point, how grave the prejudice to NEGasCo would be.[3]

In sum, at bottom, this request is premature. If plaintiffs' complaint survives dismissal, and if Souza's health deteriorates to the point that there is a genuine concern as to preservation of testimony, plaintiffs can then renew this motion for an expedited deposition. Until then, for all the foregoing reasons, plaintiffs' emergency motion should be denied.

---

example of why one's age should not be a determinative factor when considering a motion for expedited deposition discovery.

[3] At a minimum, should this Court conclude that Souza's expedited deposition is appropriate, before such deposition occurs, plaintiffs should be required to produce initial disclosures consistent with Rule 26(a)(1), and provide NEGasCo with a detailed proffer of the expected testimony, as well as a copy of any and all documents which plaintiffs expect to rely upon at the deposition. See 19th St. Baptist Church v. St. Peters Episcopal Church, 190 F.R.D. 345, 350 (E.D. Pa. 2000) (requiring disclosure to ensure defendants are not "surprised" at the deposition).

## CONCLUSION

For the foregoing reasons, plaintiffs' emergency motion to take the discovery and videotaped depositions of Jose Souza should be denied.

Dated: Providence, Rhode Island
August 28, 2006

Respectfully Submitted,

**ADLER POLLOCK & SHEEHAN P.C.**

/s/ *David A. Wollin*
John A. Tarantino (#2586)
David A. Wollin (#4950)
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
(401) 274-7200
Fax: (401) 351-4607

**KASOWITZ, BENSON, TORRES & FRIEDMAN LLP**
Eric D. Herschmann
1633 Broadway
New York, New York 10019
(212) 506-1700

**BISHOP LONDON BROPHY DODDS**
Christina Dodds
3701 Bee Cave Road
Austin, Texas 78746
(512) 479-5900

*Attorneys for Defendant*
*New England Gas Company,*
*a division of Southern Union Company*

---

After such disclosure, NEGasCo should then be permitted ample time to investigate the witness and prepare for the deposition.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of August, 2006, I did send a true copy of the within document by electronic means (ECF) to the following:

Robert J. McConnell, Esq.
Michael G. Rousseau, Esq.
Jonathan D. Orent, Esq.
Motley Rice LLC
321 South Main Street
Providence, RI 02940

/s/ *David A. Wollin*

391311_1.doc