**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| GAIL, JOHN D. AND JOHN F. CORVELLO, et al. | ) | |
| *Plaintiffs,* | ) | |
| v. | ) | C.A. No. 05-221T |
| | ) | (Related Case No. 05-274T) |
| | ) | **EMERGENCY MOTION** |
| NEW ENGLAND GAS COMPANY, INC.; | ) | |
| *Defendant.* | ) | |

**PLAINTIFFS' SECOND EMERGENCY MOTION FOR LEAVE OF THE COURT TO TAKE THE VIDEOTAPED DEPOSITION OF JOSE SOUZA**

NOW COME Plaintiffs in the above entitled action seeking emergency leave of this Honorable Court to take the discovery and video taped depositions of Mr. Jose Souza in order to preserve his testimony for trial. Moreover, Plaintiffs seek permission of this Court to notice this deposition on an expedited basis. As reason thereof, the Plaintiffs rely upon the accompanying memorandum of law.

This present motion was provided to Defendant Southern Union on September 1, 2006 to review pursuant to agreement reached between the parties following the hearing on the original motion to take Mr. Souza's deposition on August 30, 2006.

At that hearing the Court denied the original motion without prejudice to plaintiffs refilling the motion and complying with the requirements that the court found to be

missing in the original motion, i.e., a proffer of the expected testimony of Mr. Sousa, its relevancy to the litigation and the identity of any documents that Mr. Souza may identify during his testimony. The court also suggested that subsequent to Southern Union receiving Mr. Souza's proffer of testimony that there be at least three weeks prior to his discovery deposition and at least thirty days prior to his testimonial deposition. As set forth in the accompanying memorandum of law and disclosure of Mr. Souza's expected testimony Plaintiffs have complied with all of the Court's requirements.

On September 6, 2006, Southern Union notified Plaintiffs' counsel that they would not consent to this revised motion. Southern Union proposed an alternative schedule requiring Plaintiffs to comply with a number of additional production requirements than those suggested by the Court imposing a much longer time frame prior to the taking of Mr. Souza's deposition than that which was suggested by the Court.

As a result, Plaintiffs request a hearing on this motion at the Court's earliest convenience.

*Dated*: September 8, 2006

Respectfully submitted,

PLAINTIFFS,
By and through their attorneys,

/s/ Robert J. McConnell
Robert J. McConnell (#3888)
Jonathan D. Orent (#7408)
**MOTLEY RICE LLC**
321 South Main Street
Providence, RI 02940
(401) 457-7700

David C. Strouss
Neil T. Leifer
Brad J. Mitchell
**THORNTON & NAUMES LLP**
100 Summer Street, 30th Floor
Boston, MA 02110
(617) 720-1333

Mark W. Roberts
**MCROBERTS, ROBERTS & RAINER**
53 State Street
Boston, MA 02109
(617) 722-8222

## CERTIFICATION

I hereby certify that a copy of the foregoing memorandum was mailed, first-class and postage pre-paid, to all counsel listed below on this 8th day of September, 2006.

/s/ Susan Hargreaves

Christina C. Dodds
Bishop London Brophy Dodds, P.C.
106 E. Sixth Street
Suite 700
Austin, TX 78701

Mark W. Roberts
McRoberts, Roberts & Rainer, LLP
Exchange Place
53 State Street
Boston, MA 02109

Eric D. Herschmann
Kasowitz, Benson, Torres & Friedman, LLP
1633 Broadway
New York, NY 10019

Neil T. Leifer
Thornton & Naumes, LLP
100 Summer Street
Boston, MA 02110

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| GAIL, JOHN D. AND JOHN F. CORVELLO, et al. *Plaintiffs,* v. NEW ENGLAND GAS COMPANY, INC.; *Defendant.* | ) ) ) ) ) ) ) ) ) ) | C.A. No. 05-221T (Related Case No. 05-274T) **EMERGENCY MOTION** |

**MEMORANDUM OF LAW IN SUPPORT OF THE PLAINTIFFS' EMERGENCY MOTION FOR LEAVE OF THE COURT TO TAKE THE VIDEOTAPED DEPOSITION OF JOSE SOUZA**

The Plaintiffs request emergency leave of this Court to take the discovery and videotaped depositions of Mr. Jose Souza in order to preserve his testimony for trial. This case came before this Honorable Court in December of 2005 on a Motion to Dismiss brought by the Defendant. Because the motion has not yet been ruled on, the Court has not conducted the Rule 26(f) conference nor have the parties exchanged their initial disclosures. As a result of this, the Plaintiffs in this case need leave of the Court to conduct a deposition pursuant to this matter. Mr. Souza, a fact witness in this case, is 86 years old. His age requires the Plaintiffs to act quickly to preserve his testimony.

**Argument**

The Federal Rules of Civil Procedure allow this Court wide latitude in granting a party leave to take depositions prior to the time specified in Rule 26(d). Both Rules 27 and 30 have provisions expressing this Court's inherent ability to allow testimony to be preserved for trial. Rule 27(C) provides that "[t]his rule does not limit the power of a court to entertain an action to

perpetuate testimony." Fed. R. Civ. P. 27. Likewise, Rule 30(A)(2)(C) states that a party can take a deposition before the time specified in Rule 26(d), but must first obtain leave of the Court before noticing the deposition.

Although there is no case deciding this point in the 1st Circuit or the Rhode Island District Court, the issue was addressed in 19th Street Baptist Church v. St. Peters Episcopal Church, 190 F.R.D. 345, 350 (E.D. Pa. 2000), where the depositions of four elderly plaintiffs were permitted to preserve testimony on the conditions that there was a proper disclosure of the expected testimony, disclosure of documents expected to be used in the depositions, and proper time was given to the Defendants to prepare. Other courts have also permitted the depositions of elderly witnesses to preserve testimony. In Re: Columbia University Patent Litigation, 330 F. Supp. 2d 12 (D. Mass. 2004): See FN 3: "the court may permit the deposition of certain elderly witnesses to be taken in order to preserve their testimony on all issues…" State of New Hampshire v. Schonarth, 152 N.H. 560, 883 A.2d 305 (N.H. 2005): State presented good cause for taking elderly victim's deposition prior to trial. Victim was 83 years old, and though in good health, had exceeded the life expectancy. Further, Rhode Island General Law 9-2-18 which allows a party to seek an accelerated trial if a party is over 65, demonstrates that Rhode Island recognizes that special considerations have to be given to the elderly if justice is to be served.

Mr. Souza recently agreed to provide factual testimony based upon his occupational history. A critical element of the Plaintiffs case under any theory of law will be to prove that the coal gasification wastes discovered in the Bay Street neighborhood of Tiverton, R.I. came from the Fall River Gas company facility. As described in detail in the attached disclosure, Mr. Souza worked for two of the four individuals who were transporting these wastes from the Fall River Gas Plant to Tiverton. Mr. Souza cleaned out the Fall River Gas plant, loaded the wastes in

trucks and deposited the wastes on the streets and lands in the Bay Street area of Tiverton. Mr. Sousa is also expected to testify about his physical reactions to cleaning out the coal gasification waste which goes to Fall River Gas' knowledge that the waste was not suitable fill for residential areas. The importance of Mr. Souza's testimony to this case coupled with his age make it imperative that the Plaintiffs have an opportunity to preserve his testimony for trial.

Consistent with the Court's instructions and the 19th Street Baptist Church case, the Plaintiffs affix a disclosure of the expected testimony of Jose Souza as attachment A. The Plaintiffs expect to use a map of the Tiverton, RI, Fall River, MA area, a map of the Bay Street area of Tiverton, and a diagram of the Fall River Gas Company facility to aid Mr. Souza with his testimony. Further, consistent with the court's instructions the Plaintiffs propose that the Defendants take a discovery deposition of Mr. Souza on or before September 29, 2006 and that the Plaintiffs be permitted to take a video deposition to preserve testimony on October 30, 2006.

In disregard of the Court's instructions, Southern Union has proposed a schedule requiring Plaintiffs to produce a much greater volume of discovery than that suggested by the court, including requiring Plaintiffs to answer discovery requests and interrogatories related to "Souza" issues.(Attached as Exhibit B). Southern Union's schedule imposes numerous and unnecessary burdens to the taking of the deposition of Mr. Souza, who is a fact witness in this case. Plaintiffs have complied with the Court's instructions under which Southern Union will have fair and ample opportunity to investigate Mr. Souza prior to both his discovery deposition and testimonial deposition.

## Conclusion

Therefore, Plaintiffs request this Honorable Court to grant this motion for leave of the Court to take the deposition of Mr. Souza consistently with the requirements set forth by the court at the August 30, 2006 hearing.

*Dated*: September 8, 2006

Respectfully submitted,

PLAINTIFFS,
By and through their attorneys,

/s/ Robert J. McConnell
Robert J. McConnell (#3888)
Jonathan D. Orent (#7408)
**MOTLEY RICE LLC**
321 South Main Street
Providence, RI 02940
(401) 457-7700

David C. Strouss
Neil T. Leifer
Brad J. Mitchell
**THORNTON & NAUMES LLP**
100 Summer Street, 30th Floor
Boston, MA 02110
(617) 720-1333

Mark W. Roberts
**MCROBERTS, ROBERTS &RAINER, LLP**
53 State Street
Boston, MA 02109
(617) 722-8222

**CERTIFICATION**

I hereby certify that a copy of the foregoing memorandum was mailed, first-class and postage pre-paid, to all counsel listed below on this 8th day of September, 2006.

/s/ Susan Hargreaves

Christina C. Dodds
Bishop London Brophy Dodds, P.C.
106 E. Sixth Street
Suite 700
Austin, TX 78701

Mark W. Roberts
McRoberts, Roberts & Rainer, LLP
Exchange Place
53 State Street
Boston, MA 02109

Eric D. Herschmann
Kasowitz, Benson, Torres & Friedman, LLP
1633 Broadway
New York, NY 10019

Neil T. Leifer
Thornton & Naumes, LLP
100 Summer Street
Boston, MA 02110

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| GAIL, JOHN D.<br>AND JOHN F. CORVELLO, et al.,<br><br>*Plaintiffs*<br><br>v.<br><br>NEW ENGLAND GAS COMPANY, INC.,<br><br>*Defendant.* | C.A. No. 05-221T<br>(Related Case No. 05-274T) |

DISCLOSURE OF EXPECTED TESTIMONY OF JOSEPH "JOSE" SOUZA

Joseph "Jose" Souza
4 Church Street, Tiverton,
Rhode Island 02878

Mr. Souza grew up at 47A Connell Street in Tiverton, Rhode Island. His father, John Souza-DeSoto and his uncle Manual DeSoto worked for Fall River Gas Company. Mr. Souza and his brother John Souza worked for John Simpson, Jr. Jose Souza worked for Mr. Simpson for approximately three (3) years prior to World War II and for a short period of time upon his return from the Service during World War II. During the time Mr. Souza worked for John Simpson, Jr., Mr. Simpson was operating two (2) 1-2 ton trucks which were used, among other things, to bring coal gasification waste, ash and coke from Fall River Gas Company to Tiverton. Mr. Souza not only drove the trucks, but also loaded and unloaded the materials. Specifically, Mr. Simpson had the job of cleaning out both the ash area and the building where coal gasification occurred known as the "bee hives" and transporting that material to Tiverton.

Mr. Souza personally worked at Fall River Gas Company, cleaning out the ash area and the "bee hives". During the time he cleaned out the "bee hives", where the blue waste was collected, Mr. Souza was frequently overcome by the fumes and had to go out of the building for fresh air. Mr. Souza was involved in dumping the materials obtained at the Fall River Gas Company facility in the Bay Street area, including on the roads on private properties, and excess waste materials and cinders on land owned by John Simpson, Jr. on State Street.

At the time he worked for John Simpson, Jr., three (3) other people also were involved in transporting waste from Fall River Gas Company to Tiverton – Jack Bravo, Joseph Ferries, and Mr. Dupre (the trash collector for that portion of Tiverton at the time, but Mr. Souza does not know Mr. Dupre's first name.). Jack Bravo had one or two 1-2 ton trucks, Joseph Ferries had one truck and Mr. Dupre had a single truck. Additionally, Fall River Gas Company would periodically send trucks of their own to Tiverton with waste materials.

Mr. Souza also worked for Jack Bravo transporting waste from Fall River Gas to Tiverton. However, Mr. Bravo was not a good employer, making Mr. Souza do all of the physical work. As a result, he only worked for Mr., Bravo for a short period.

Mr. Souza grew up in a house located at 47A Connell Street and has general information about the area and the development of the area, including the construction of the streets, the farm that historically occupied a significant portion of the Bay Street area and its subsequent development.

*Dated*: September 8, 2006

Respectfully submitted,
PLAINTIFFS,
By and through their attorneys,

/s/ Robert J. McConnell
Robert J. McConnell (#3888)
Jonathan D. Orent (#7408)
**MOTLEY RICE LLC**
321 South Main Street
Providence, RI 02940
(401) 457-7700

David C. Strouss
Neil T. Leifer
Brad J. Mitchell
**THORNTON & NAUMES LLP**
100 Summer Street, 30th Floor
Boston, MA 02110
(617) 720-1333

Mark W. Roberts
**MCROBERTS, ROBERTS & RAINER**
53 State Street
Boston, MA 02109
(617) 722-8222

## CERTIFICATION

I hereby certify that a copy of the foregoing memorandum was mailed, first-class and postage pre-paid, to all counsel listed below on this 8th day of September, 2006.

/s/ Susan Hargreaves

Christina C. Dodds
Bishop London Brophy Dodds, P.C.
106 E. Sixth Street
Suite 700
Austin, TX 78701

Mark W. Roberts
McRoberts, Roberts & Rainer, LLP
Exchange Place
53 State Street
Boston, MA 02109

Eric D. Herschmann
Kasowitz, Benson, Torres & Friedman, LLP
1633 Broadway
New York, NY 10019

Neil T. Leifer
Thornton & Naumes, LLP
100 Summer Street
Boston, MA 02110

# EXHIBIT B

FRE 408 SETTLEMENT PROPOSAL
DRAFT -- WITHOUT PREJUDICE

**EXPEDITED DISCOVERY SCHEDULE RELATED TO DEPOSITION OF JOSE SOUZA**

| | |
|---|---|
| September 18: | Plaintiffs To Serve: (1) Rule 26(a) Disclosures; (2) All Rule 27(a) Disclosures Re Souza's Deposition; (3) All Witness Statements, Affidavits and Documents Obtained From Any Witness; and (4) Copies of All Exhibits Plaintiffs Will Show Souza at His "Trial" Deposition |
| September 25: | Defendant Serves First Set of Document Requests and Interrogatories Related to "Souza" Issues; Defendants May Commence Service of Additional Discovery Including Documentary Subpoenas on Souza and Others |
| October 10: | Plaintiffs Serve Responses to First Set of Document Requests and Interrogatories, and Plaintiffs Produce All Responsive Documents And Serve Privilege Log (If Any) |
| November 13: | Defendant's "Discovery" Deposition of Souza |
| December 13: | Souza's "Trial" Deposition |

*The parties agree to expedited briefing and resolution of any disputes with respect to the foregoing.