UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| GAIL, JOHN D. AND<br>JOHN F. CORVELLO, et al. | : | |
| vs. | : | C. A. No. 05-221T<br>(Related Case No. 05-274T,<br>05-370 T, 05-522 T) |
| NEW ENGLAND GAS COMPANY, INC. | : | **OBJECTION TO SECOND EMERGENCY MOTION** |

**DEFENDANT NEW ENGLAND GAS COMPANY'S OBJECTION TO PLAINTIFFS' SECOND EMERGENCY MOTION FOR LEAVE TO TAKE THE DEPOSITION OF JOSE SOUZA**

Defendant New England Gas Company (improperly sued as "New England Gas Company, Inc."), an unincorporated division of Southern Union Company, hereby objects to the plaintiffs' second emergency motion for leave to take the videotaped deposition of Jose Souza. The grounds for this motion are set forth in the accompanying memorandum of law.

Dated: Providence, Rhode Island
September 20, 2006

Respectfully Submitted,

**ADLER POLLOCK & SHEEHAN P.C.**

/s/ *David A. Wollin*
John A. Tarantino (#2586)
David A. Wollin (#4950)
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
(401) 274-7200
Fax: (401) 351-4607

**KASOWITZ, BENSON, TORRES**
**& FRIEDMAN LLP**
Eric D. Herschmann
1633 Broadway
New York, New York 10019
(212) 506-1700

**BISHOP LONDON BROPHY DODDS**
Christina Dodds
3701 Bee Cave Road
Austin, Texas 78746
(512) 479-5900

*Attorneys for Defendant*
*New England Gas Company,*
*a division of Southern Union Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of September, 2006, I did send a true copy of the within document by electronic means (ECF) to the following:

Robert J. McConnell, Esq.
Michael G. Rousseau, Esq.
Jonathan D. Orent, Esq.
Motley Rice LLC
321 South Main Street
Providence, RI 02940

/s/ *David A. Wollin*

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| GAIL, JOHN D. AND JOHN F. CORVELLO, et al. | : | |
| vs. | : | C. A. No. 05-221T (Related Case No. 05-274T, 05-370 T, 05-522 T) |
| NEW ENGLAND GAS COMPANY, INC. | : | **MEMORANDUM IN OPPOSITION TO SECOND EMERGENCY MOTION** |

**DEFENDANT NEW ENGLAND GAS COMPANY'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' SECOND EMERGENCY MOTION FOR LEAVE TO TAKE THE DEPOSITION OF JOSE SOUZA**

For the reasons set forth in New England Gas Company's ("NEGasCo's") opposition to plaintiffs' initial Emergency Motion to Depose Jose Souza, plaintiffs have failed to establish any urgency, or even "good cause," to accelerate the deposition of Souza before the Court has even ruled on NEGasCo's pending motion to dismiss the Complaint, and before plaintiffs have provided any discovery whatsoever to Southern Union. Souza's age alone provides insufficient basis to prejudice defendant's rights to thorough pre-trial discovery.

Should the Court, nevertheless, remain inclined to grant plaintiffs this extraordinary relief, NEGasCo must, as a matter of fundamental fairness and due process, be accorded a reasonable opportunity to conduct expedited discovery in advance of Souza's discovery and trial depositions. See Johnson v. Shaines & McEachern, P.A., 1994 U.S. Dist. LEXIS 16276, *8 (D.N.H. Oct. 4, 1994) ("[D]iscovery should be regarded as the proper procedural method for both parties to prepare their cases before trial and the logical means of avoiding surprise and allowing both counsel and court to have intelligent understandings of the facts and issues to be litigated."); see also Gary Plastics Packaging Corp. v. Merrill Lynch, 756 F.2d 230, 236 (2d Cir. 1985) ("Discovery serves important purposes, such as avoiding surprise . . . and enabling parties

to obtain the factual information needed to prepare for trial.") (citing 8C Wright & A. Miller, *Federal Practice and Procedure* § 2001 (1970)); Schlesinger Investment. P'ship. v. Fluor Corp., 671 F.2d 739, 742 (2d Cir. 1982) ("The federal rules evince a liberal policy with regard to discovery in order to allow litigants to secure helpful evidence from the hands of their adversaries.")

Here, plaintiffs claim that Souza is the "only witness" that they have that can give testimony that is "critical" to plaintiffs proving that the alleged contamination on their property came from the former Fall River Gas Company ("FRGC"). (See August 3, 2006 Hearing Transcript at 3, attached as Exhibit A.) If this is true, by this motion, plaintiffs seek to compel Southern Union to cross-examine a critical fact witness without plaintiffs identifying any other witnesses, producing a single document, or answering a single interrogatory -- fundamental discovery which could permit NEGasCo to test Souza's competence, confront him with contrary evidence, and potentially demonstrate the inaccuracy or unreliability of his "trial" testimony. At bottom, plaintiffs seek to force NEGasCo, in a matter of six weeks, to go to trial and to confront a key witness -- who we must assume will not be available to give live trial testimony -- "blind-folded."

The need for discovery, here, is further compounded by the sheer breadth of Souza's expected testimony. At minimum, that testimony allegedly will cover events from seventy years or more ago, including the 1920's through the 1940's, and will concern far more than Souza's own work experience, but also such broad-ranging topics as the operations of FRGC, the development of Tiverton and the Bay Street Area specifically, the purported dangers of manufactured gas waste, and the business practices of four truckers and haulers. (See Disclosure of Expected Testimony of Joseph "Jose" Souza.) Given this range of topics, discovery should not be limited to defendant's "discovery" deposition of Souza.

In an attempt to ameliorate the obvious unfairness to NEGasCo of this accelerated trial deposition, after receiving plaintiffs' renewed motion, NEGasCo proposed to plaintiffs an expedited discovery schedule. See Holmes v. Merck & Co., 2006 U.S. Dist. LEXIS 42370, *8-9 (D. Nev. June 21, 2006) (conditioning expedited deposition of plaintiffs' expert on completion of necessary discovery, including completion of defendant's experts' depositions). NEGasCo's proposed schedule provides for: plaintiffs' immediate service of initial Rule 26(a) and related disclosures; NEGasCo's ensuing service of document requests, interrogatories and documentary subpoenas addressed to the issues implicated by Souza's alleged testimony; plaintiffs' expedited response to same, followed by the already contemplated "discovery" and "trial" depositions. The proposed schedule, attached as Exhibit B, would add *only six weeks* to the two step deposition process already offered by plaintiffs and conditionally supported by the Court at the August 30, 2006 argument. Plaintiffs' counsel nevertheless refused to agree to this schedule or to provide any pre-deposition discovery of any kind.

In sum, while plaintiffs have not demonstrated "good cause" to justify the extraordinary relief they seek, if the Court is inclined to grant plaintiffs' emergency motion, fundamental fairness and due process require that NEGasCo be afforded the opportunity to obtain the most basic discovery before they take Souza's "discovery" deposition. Given that Souza lives in Tiverton and is not leaving the forum, a concern for the preservation of his testimony for plaintiffs' benefit should be balanced with protection of defendant's rights to appropriate discovery consistent with Fed. R. Civ. P. 1's goal of serving the "just . . . determination of every action."

**CONCLUSION**

For the foregoing reasons, plaintiffs' second emergency motion to take a discovery and then a videotaped deposition of Jose Souza should be denied, or conditioned upon compliance with the attached expedited discovery schedule.

Dated: Providence, Rhode Island
September 20, 2006

Respectfully Submitted,

**ADLER POLLOCK & SHEEHAN P.C.**

/s/ *David A. Wollin*
John A. Tarantino (#2586)
David A. Wollin (#4950)
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
(401) 274-7200
Fax: (401) 351-4607

**KASOWITZ, BENSON, TORRES & FRIEDMAN LLP**
Eric D. Herschmann
1633 Broadway
New York, New York 10019
(212) 506-1700

**BISHOP LONDON BROPHY DODDS**
Christina Dodds
3701 Bee Cave Road
Austin, Texas 78746
(512) 479-5900

*Attorneys for Defendant*
*New England Gas Company,*
*a division of Southern Union Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of September, 2006, I did send a true copy of the within document by electronic means (ECF) to the following:

Robert J. McConnell, Esq.
Michael G. Rousseau, Esq.
Jonathan D. Orent, Esq.
Motley Rice LLC
321 South Main Street
Providence, RI 02940

/s/ *David A. Wollin*

*393083_1.doc*