**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| GAIL, JOHN D. AND JOHN F. CORVELLO ET AL., Plaintiffs, | ) | |
| v. | ) | CIVIL ACTION FILE NO. 05-0221T |
| NEW ENGLAND GAS COMPANY, INC., Defendant. | ) | |

**NON-PARTY RHODE ISLAND DEPARTMENT OF ENVIRONMENTAL MANAGEMENT'S MOTION TO QUASH OR MODIFY SUBPOENA**

Non-party Rhode Island Department of Environmental Management ("RIDEM") respectfully moves for an order quashing or modifying the subpoena *duces tecum* attached as Exhibit A seeking documents from RIDEM. As further explained in the memorandum filed contemporaneously herewith, the subpoena fails to allow reasonable time for compliance, requires disclosure of privileged or other protected matter and no exception or waiver applies, and subjects RIDEM to an undue burden, as provided in Fed. R. Civ. P. 45(c)(3), because the subpoena, read literally, seeks documents not in the possession, custody, or control of RIDEM, purports to require RIDEM to undertake extraordinary measures in a short period of time to search for responsive documents, seeks documents that are not relevant and are not likely to lead to the discovery of admissible evidence, and seeks documents going back for an indeterminate amount of time, which could be for 75 years or longer. For these reasons, RIDEM requests that the Court quash the subpoena as written, narrow and refine the scope of the requests, and provide a reasonable time for compliance so that RIDEM will not be subjected to undue burden and expense.

Respectfully submitted, this 6th day of October, 2006.

Rhode Island Department of Environmental Management
By its attorney

______________________________
BRIAN A. WAGNER R.I. BAR NO. 4033
Rhode Island Department of Environmental Management
Office Of Legal Services
235 Promenade Street
Providence, RI 02908-5767
(401) 222-6607 (401) 222-3378(f)

---

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served a copy of the within and foregoing by United States mail, first class postage prepaid, addressed as follows:

Robert J. McConnell
Michael G. Rousseau
Jonathan D. Orent
MOTLEY RICE LLC
321 South Main Street
Providence, RI 02940

David C. Strouss
Brad J. Mitchell
THORNTON & NAUMES LLP
100 Summer Street, 30th Floor
Boston, MA 02110

Mark W. Roberts
MCROBERTS, ROBERTS & RAINER
53 State Street
Boston, MA 02109

John A. Tarantino
Patricia K. Rocha
David A. Wollin
Kristen W. Sherman
ADLER, POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345

Eric D. Herschmann
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
1633 Broadway
New York, NY 10019

Christina Dodds
WATSON, BISHOP, LONDON & BROPHY
The Littlefield Building
106 E. 6th Street, Suite 700
Austin, TX 78701

This 6th day of October, 2006.

Brian A. Wagner R.I. Bar No. 4033

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| GAIL, JOHN D. AND JOHN F. CORVELLO ET AL., Plaintiffs, | ) | |
| v. | ) | CIVIL ACTION FILE NO. 05-0221T |
| NEW ENGLAND GAS COMPANY, INC., Defendant. | ) | |

**NON-PARTY RHODE ISLAND DEPARTMENT OF ENVIRONMENTAL MANAGEMENT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO QUASH OR MODIFY SUBPOENA**

On September 29, 2006, Defendant served non-party Rhode Island Department of Environmental Management ("RIDEM") with a subpoena *duces tecum* purporting to require RIDEM to produce within 5 business days potentially voluminous documents going back for an indeterminate amount of time, which could be for 75 years or longer. The subpoena also seeks privileged or protected documents, seeks documents not in the possession, custody, or control of RIDEM, purports to require RIDEM to undertake extraordinary measures in a short period of time to search for responsive documents, and seeks documents that are not relevant and are not likely to lead to the discovery of admissible evidence. Compliance with the subpoena as written would subject RIDEM to undue burden and expense, and the subpoena should be quashed or modified pursuant to Federal Rule of Civil Procedure 45(c)(3).

**ARGUMENT**

The Federal Rules of Civil Procedure provide district courts with broad authority to regulate subpoenas in order to protect litigants from unduly burdensome, oppressive, or harassing demands. *See* Fed. R. Civ. P. 45(c); Fed. R. Civ. P. 26(b)(2). That authority is

particularly apt to be used when discovery is sought from a non-party. "When ruling on discovery motions, courts have held that non-parties are entitled to greater protection than parties." *Builders Ass'n v. City of Chicago*, 2001 WL 664453, at *7 n.4 (N.D. Ill. June 12, 2001) (quoting *Tetratec Corp. v. E.I. Dupont De Nemours & Co.*, 1992 WL 202169 at * 1) (E.D. Pa. Aug. 12, 1992)); *Thompson v. Glenmede Trust Co.*, 1995 WL 752422, at *2 n.4 (E.D. Pa. Dec. 19, 1995) ("[F]ederal courts have imposed broader restrictions on the scope of discovery where a non-party is targeted."); *Laxalt v. McClatchy*, 116 F.R.D. 455, 458 (D. Nev. 1986) ("The rule is thus well established that non-parties to litigation enjoy greater protection from discovery than normal parties."); *see also Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998) ("[C]oncern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs[.]".)

Rule 45(c)(3) "explicitly authorizes the quashing of a subpoena as a means of protecting a witness from misuse of the subpoena power." Adv. Comm. Note to Fed. R. Civ. P. 45 (1991). The Rule lists four specific grounds that require a subpoena to be quashed, including the circumstances where the subpoena "fails to allow reasonable time for compliance," Fed. R. Civ. P. 45(c)(3)(A)(i), where the subpoena "requires disclosure of privileged or other protected matter and no exception or waiver applies," Fed. R. Civ. P. 45(c)(3)(A)(iii), and where the subpoena "subjects a person to undue burden," Fed. R. Civ. P. 45(c)(3)(A)(iv). The subpoena at issue here seeks numerous categories of documents that fall within these provisions of Rule 45, as set forth in more detail in RIDEM's objections to the subpoena, served upon Defendant on October 6, 2006. A true and correct copy of RIDEM's objections are attached hereto as <u>Exhibit A</u>.

## I. The Subpoena Does Not Provide A Reasonable Time For Compliance.

The subpoena was delivered to RIDEM on the afternoon of Friday, September 29, 2006, and purports to require the production of potentially voluminous documents going back for an indeterminate amount of time, which could be for 75 years or longer , on Tuesday, October 10, 2006, at 10:00 a.m., a period of approximately ten calendar days. Five of the days in this period are weekend days or state holidays, leaving only five business days for RIDEM to comply with the subpoena. Five business days is not a reasonable or sufficient time for compliance, particularly given the fact that RIDEM is a government entity and the subpoena seeks documents potentially going back seventy-five years and potentially located in offices or storage facilities around the state of Rhode Island. *Mann v. University of Cincinnati*, 824 F. Supp. 1190, 1202 (S.D. Ohio 1993) (holding that a subpoena requiring compliance in one week is unreasonable under Rule 45). Thus, the subpoena should be quashed or modified to allow RIDEM a reasonable amount of time within which to respond.

## II. The Subpoena Requires Disclosure Of Privileged Or Protected Matters.

The subpoena defines RIDEM to include RIDEM's attorneys and accountants. Thus, the subpoena on its face seeks documents that may be subject to the attorney-client privilege, the accountant-client privilege, and the work product privilege. Given that RIDEM is a government agency, the subpoena also seeks documents that may be subject to executive or other state privileges. The subpoena also seeks documents that are proprietary or confidential, including documents subject to any existing confidentiality orders or agreements and documents consisting of or containing trade secrets and confidential commercial information of individuals or entities not parties to this action. It is well-established that parties may obtain discovery regarding only those matters which are not privileged. *Apel v. Murphy*, 70 F.R.D. 651, 653 (D.R.I. 1976).

Thus, the subpoena should be quashed to the extent that it seeks such privileged or confidential information.

## III. <u>The Subpoena Subjects RIDEM To Undue Burden.</u>

Courts have held that an assessment of "undue burden" necessarily involves a determination of the extent to which the requested information is relevant:

> [I]t is difficult to imagine a considered evaluation of burdensomeness in the abstract, without balancing the degree of burdensomeness against the extent to which the discovery sought is relevant to the issues in the litigation.

*Builders Ass'n*, 2001 WL 664453, at *7 (quoting *Shields Enterprises, Inc. v. First Chicago Corp.*, 1988 WL 142200, at *3 (N.D. Ill. 1988)). Unsurprisingly, courts have concluded that where the requested information is not relevant, the subpoena must be quashed:

> Obviously, if the sought-after documents are not relevant nor calculated to lead to the discovery of admissible evidence, then *any burden whatsoever* imposed upon [the subpoenaed entity] would be by definition "undue."

*Builders Ass'n*, 2001 WL 664453, at *8 (quoting *Compaq Computer Corp. v. Packard Bell Elec., Inc.*, 163 F.R.D. 329, 335-36 (N.D. Cal. 1995)); *Fein v. Numex Corp.*, 92 F.R.D. 94, 96 (S.D.N.Y. 1981) ("Even though a nonparty may be unconcerned with the outcome of a litigation, it may legitimately oppose even slight burden upon itself where the discovery sought is irrelevant."); *see also Thompson*, 1995 WL 752422, at * 2 ("[T]he subject matter of the discovery requested in a subpoena must . . . fall within the permissible scope of discovery. . . . Thus, the requested information/ documents in the subpoena must be 'relevant to the subject matter involved in the pending action.'") (quoting 9A Wright & Miller, *Federal Practice & Procedure*, § 2459, at 42 (1995)); *Apel*, 70 F.R.D. at 655 (granting a motion to quash subpoena in part because plaintiff had not made a sufficient showing of relevancy to warrant the discovery requested).

"Demonstrating relevance is the burden of the party seeking discovery." *American Elec. Power Co., Inc. v. United States*, 191 F.R.D. 132, 136 (S.D. Ohio 1999). Even where subpoenaed witnesses and documents may be arguably relevant, moreover, "[c]ourts are required to balance the need for discovery against the burden imposed on the person ordered to produce documents, and the status of a person as a non-party is a factor that weights against disclosure." *Id.*

Here, Defendant seeks, among other things, (a) all documents relating to any material of any type deposited in a general area of Tiverton, Rhode Island without regard to whether the material or the area are relevant to the subject matter of the action; (b) all documents relating to a general area of Tiverton, Rhode Island without regard to whether the documents contain any information relevant to the subject matter of the action; (c) all documents relating to Defendant's predecessor, Fall River Gas Company, without regard to whether the documents contain any information relevant to the subject matter of the action; (d) all documents relating to John Simpson Jr., John K. Simpson, Alvin Simpson or John Simpson, Inc., or any other business owned or operated by any such individuals or entities, their predecessors, affiliates or successors without regard to whether the documents contain any information relevant to the subject matter of the action; and (e) all documents relating to residential settlements, developments, grading, construction, and paving of private or public roadways in and bordering a general area of Tiverton, Rhode Island without regard to whether the settlements, developments, grading, construction, or paving have any relation to the subject matter of the action. Such broad requests necessarily encompass documents that are not relevant to the subject matter nor reasonably calculated to lead to admissible evidence, and the subpoena should be quashed to the extent it seeks irrelevant materials.

The subpoena also contains no time limit, and thus could, if read literally, require the production of documents going back 75 years or longer. In addition, the subpoena purports to require RIDEM to determine if any current or former representatives, associates, consultants, attorneys, advisors, accountants, investigators, agents, employees, and "all persons and entities acting or purporting to act on its behalf" have responsive documents (and thereby purports to require RIDEM to search for and produce documents that are not within RIDEM's possession, custody, or control). The subpoena also purports to impose upon RIDEM the burden of searching all of its offices, including regional offices, as well as all storage facilities maintained by RIDEM or the state of Rhode Island, and all employees' work files to determine if responsive documents are located at these locations. This extraordinary burden is impossible to accomplish in the 5 business day window provided by the subpoena and would impose an undue burden on RIDEM even during a longer period of time. Consequently, the subpoena should be quashed or modified to limit the period of time from which documents are sought, to reduce the scope of the requests to make them more manageable, and to reduce the burden on RIDEM. *Heidelberg Americas, Inc. v. Tokyo Kikai Seisakusho, Ltd.*, 333 F.3d 38, 41-42 (1st Cir. 2003) (affirming order quashing subpoena where a decade's worth of materials and broad categories of documents were sought from a non-party).

**CONCLUSION**

For the reasons set forth herein and in RIDEM's objections to the subpoena, RIDEM respectfully requests that the Court quash or modify the subpoena served upon it by Defendant.

Respectfully submitted, this 6th day of October, 2006.

Brian A. Wagner R.I. Bar No. 4033
Rhode Island Department of Environmental Management
235 Promenade Street
Providence, RI 02908
(401) 222-6607 (401) 222-3378

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served a copy of the within and foregoing by United States mail, first class postage prepaid, addressed as follows:

Robert J. McConnell
Michael G. Rousseau
Jonathan D. Orent
MOTLEY RICE LLC
321 South Main Street
Providence, RI 02940

David C. Strouss
Brad J. Mitchell
THORNTON & NAUMES LLP
100 Summer Street, 30th Floor
Boston, MA 02110

Mark W. Roberts
MCROBERTS, ROBERTS & RAINER
53 State Street
Boston, MA 02109

John A. Tarantino
Patricia K. Rocha
David A. Wollin
Kristen W. Sherman
ADLER, POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345

Eric D. Herschmann
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
1633 Broadway
New York, NY 10019

Christina Dodds
WATSON, BISHOP, LONDON & BROPHY
The Littlefield Building
106 E. 6th Street, Suite 700
Austin, TX 78701

This 6th day of October, 2006.

Attorney for Rhode Island Department of Environmental Management