RHODE ISLAND
DEPARTMENT OF ENVIRONMENTAL MANAGEMENT
235 Promenade Street, Providence, RI 02908-5767 TDD 401-222-4462

OFFICE OF LEGAL SERVICES
*Patty Allison Fairweather, Executive Counsel*
Tel. (401) 222-6607
Fax (401) 222-3378
*patty.fairweather@dem.ri.gov*

October 6, 2006

**VIA FACSIMILE AND U.S. MAIL – RETURN RECEIPT REQUESTED**

Mr. David A. Wollin
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, Rhode Island 02903

Re: *Corvello et al. v. New England Gas Company, Inc.*,
Civil Action No. 05-0221T (D.R.I.)

Dear David:

On the afternoon of Friday, September 29, 2006, you served a subpoena *duces tecum* issued out of the United States District Court for the District of Rhode Island, directed to the Rhode Island Department of Environmental Management ("RIDEM"), with respect to the above-captioned matter. This subpoena has been referred to my attention, and this letter constitutes the objections of RIDEM to the subpoena pursuant to Federal Rule of Civil Procedure 45.

RIDEM's objections to the subpoena are as follows:

1. As noted, the subpoena was delivered to RIDEM on the afternoon of Friday, September 29, 2006, and purports to require the production of potentially voluminous documents on Tuesday, October 10, 2006, at 10:00 a.m., a period of approximately ten calendar days. Five of the days in this period are weekend days or state holidays, leaving only five business days for RIDEM to comply with the subpoena. Accordingly, RIDEM objects to the subpoena on the grounds that it fails to afford RIDEM a sufficient or reasonable time in which to respond to the subpoena.

2. RIDEM also objects to the subpoena to the extent it has the effect of circumventing applicable public information acts or freedom of information acts of the State of Rhode Island, which acts set forth reasonable time limits and procedures to reduce the expense and burden imposed on government agencies such as RIDEM by requests for documents and information.

3. RIDEM further objects that the subpoena is overly broad and unduly burdensome because it seeks documents, including but not limited to documents regarding New England Gas Company and Fall River Gas Company, that in the first instance should be sought and obtained from your client and the other parties to this litigation.

4. RIDEM objects to the subpoena, and in particular to Definition No. 1 and Instruction No. 1, as overly broad, unduly burdensome, and vague and ambiguous in that the subpoena purports to require RIDEM to determine if any current or former representatives, associates, consultants, attorneys, advisors, accountants, investigators, agents, employees, and "all persons and

30% post-consumer fiber

attorneys, advisors, accountants, investigators, agents, employees, and "all persons and entities acting or purporting to act on its behalf" have responsive documents (and thereby purports to require RIDEM to search for and produce documents that are not within RIDEM's possession, custody, or control).

5. RIDEM objects to the subpoena as overly broad, unduly burdensome, and vague and ambiguous in that, among other things, the subpoena (a) does not specify the time frame as to which the requests pertain and, if read literally, seeks documents going back over 75 years; (b) seeks "all documents regarding the alleged contamination of soil in the Bay Street Area" and "the source(s) or possible source(s) of the alleged contamination in the Bay Street Area" without reference to subject matter or date covered by those documents; (c) seeks "all files regarding the Bay Street Area" without reference to subject matter or date covered by those files; (d) seeks "all documents regarding FRGC" without reference to subject matter or date covered by those documents; (e) seeks "all documents regarding John Simpson Jr., John K. Simpson, Alvin Simpson or John Simpson, Inc., or any other business owned or operated by any such individuals or entities, their predecessors, affiliates or successors" without reference to subject matter or date covered by those documents; (f) seeks "all documents regarding the deposit of any waste, debris, fill or other material in the Bay Street Area" without reference to subject matter or date covered by those documents and without reference to whether the waste, debris, fill, or materials, or their location of disposal has any relevance to this litigation; (g) seeks "all documents regarding dumping, dumps, dumping grounds and landfills located in Triverton and Fall River" without reference to subject matter or date covered by those documents; (h) seeks "all documents regarding the residential settlement, development and grading of the Bay Street Area, or the construction, maintenance, covering or paving of private or public roadways in and bordering the Bay Street Area" without reference to subject matter or date covered by those documents; (i) seeks "all documents regarding RIDEM's review, analysis and approval of any construction and/or development of any part of the Bay Street Area" without reference to subject matter or date covered by those documents; (j) seeks "all documents allegedly demonstrating that FRGC is responsible for any contamination in the Bay Street Area" without reference to subject matter or date covered by those documents; (k) seeks "all documents regarding the Bay Street Area reflecting communications between RIDEM and any of the following: EA Engineering; Woodward & Curran; plaintiffs in any lawsuits against Southern Union Company or New England Gas Company; residents of the Bay Street Area; ENACT; RIDOH; Triverton; the City of Fall River; federal, state or local governmental employees outside of RIDEM; or any attorneys, representatives, agents or consultants of any of the foregoing" without reference to subject matter or date covered by those documents; (l) seeks "all witness statements and affidavits regarding" the information sought by the document requests described above, without reference to subject matter or date covered by those statements or affidavits; and (m) seeks "all maps, plans, photographs, drawings or other depictions of, or including, the Bay Area" without reference to subject matter or date covered by those maps, plans, photographs, drawings or depictions.

6. RIDEM objects to the definitions contained in the subpoena, including the definitions contained in paragraphs 1, 2, 3, 9, 10, 11, 12, 13, 14, and 15, on the grounds that they render the subpoena overly broad, unduly burdensome, vague, ambiguous, and incapable of reasonable limitation. RIDEM also objects to the definitions to the extent that they are inconsistent with the terms' commonly understood meaning and their common usage.

7. RIDEM objects to the instructions contained in the subpoena as overly broad, unduly burdensome, and beyond the requirements of the Federal Rules of Civil Procedure.

8. For the same reasons stated in paragraphs 5, 6, and 7 above, RIDEM objects that the subpoena seeks documents that are not relevant and are not likely to lead to the discovery of admissible evidence.

9. RIDEM further objects to the subpoena as overly broad and unduly burdensome to the extent that it purports to impose upon RIDEM the burden of searching all of its offices, including regional offices, as well as all storage facilities maintained by RIDEM or the state of Rhode Island, and all employees' work files to determine if responsive documents are located at these locations.

10. RIDEM also objects to the subpoena to the extent that it seeks documents that are protected by any executive or other state privilege, attorney-client privilege, accountant-client privilege, the work product doctrine, any doctrines or privileges that protect privacy rights or self-critical analyses, or any other applicable privileges or protections from disclosure.

11. RIDEM objects that the subpoena purports to require RIDEM to produce proprietary and confidential documents, including documents subject to any existing confidentiality orders or agreements and documents consisting of or containing trade secrets and confidential commercial information of individuals or entities not parties to this action. None of these documents appears to be relevant to the subject matter of this action or reasonably calculated to lead to the discovery of admissible evidence; rather, their designation is simply a result of the overly broad nature of the subpoena. Accordingly, the subpoena is unreasonably and oppressively burdensome and intrusive into the privacy of individuals or entities not parties to this action.

12. RIDEM further objects to the production of any documents prior to entry of an order that is acceptable to it and that protects the confidentiality of any documents that RIDEM may produce. In this regard, please send me a copy of any confidentiality order that might already have been entered in this action.

13. By virtue of these failures, determining the documents that may be called for under the subpoena and reviewing and assembling these documents would impose an unreasonably burdensome expenditure of time, effort, and monies on non-party RIDEM.

RIDEM reserves the right to amend these objections as necessary and as more information becomes available.

Subject to the above-stated objections and without waiving same, we will produce, pursuant to confidentiality agreement or order, any documents we believe to be responsive to your request and not subject to any applicable privilege or protection within a reasonable time. RIDEM has no stake in this litigation and is more than willing to cooperate with the parties to resolve these issues. If you nevertheless intend to file a motion to compel, RIDEM requests timely notice and an opportunity to be heard. Please direct all further communications on this issue to me.

If you would like to discuss the subpoena or this response, please call me at your convenience.

Sincerely,

Patty Allison Fairweather
Executive Legal Counsel

PAF:il