AO 88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

for the District of Rhode Island

**GAIL, JOHN D. AND JOHN F. CORVELLO, et al.**

v.

**NEW ENGLAND GAS COMPANY, INC.**

**SUBPOENA DUCES TECUM**
**IN A CIVIL CASE**
**C.A. No. 05-0221T**

**TO: RECORDS KEEPER**
**RHODE ISLAND DEPARTMENT OF ENVIRONMENTAL MANAGEMENT**
**235 PROMENADE STREET, PROVIDENCE, RI 02908**

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit for inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **SEE EXHIBIT A attached**

| PLACE | DATE AND TIME |
|---|---|
| **Adler Pollock & Sheehan P.C.**<br>**One Citizens Plaza, 8th Floor, Providence, Rhode Island 02903** | **Tuesday, October 10, 2006 at 10:00 a.m.** |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] 4450 | 9/29/06 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
**David A. Wollin, Esq., Adler Pollock & Sheehan P.C., One Citizens Plaza, 8th Floor, Providence, RI 02903**
**401-274-7200**
**Attorney for Defendant New England Gas Company, Inc.**

C/ true copy attest
[signature] #6005
Georgh Clerk Court 606
29 Sept. 06

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| SERVED BY (PRINT NAME) | TITLE |

DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ____________________
Date

____________________
SIGNATURE OF SERVER

____________________
ADDRESS OF SERVER

____________________

Rule 45, Federal Rules of Civil Procedure, Parts C&D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden

(B) if a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be

service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expenses resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is

made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

*395030_1.doc*

**EXHIBIT A**

**Definitions and Instructions**

The following Definitions and Instructions apply to this Subpoena.

Definitions:

1. "RIDEM," "You" and "Yours" means the Rhode Island Department of Environmental Management, its representatives, associates, consultants, attorneys, advisors, accountants and all persons and entities acting or purporting to act on its behalf.

2 "NEGC" means New England Gas Company, and includes all subsidiaries, divisions, predecessors, including Fall River Gas Company ("FRGC"), and its respective employees, agents, officers, directors, and attorneys, and all persons who acted or purported to act on behalf of New England Gas Company.

3. The "Bay Street Area" means the Bay Street Neighborhood Study Area located in Tiverton, Rhode Island, including all land within one-quarter mile of the Bay Street Neighborhood Study Area.

4. "ENACT" means the Environmental Neighborhood Awareness Committee of Tiverton.

5. "Tiverton" means the Town of Tiverton, Rhode Island.

6. "Fall River" means the City of Fall River, Massachusetts.

7. "RIDOH" means the Rhode Island Department of Health.

8. "EA Engineering" means EA Engineering, Science and Technology, Inc.

9. "Communication" shall be interpreted in its broadest sense and means any transmission or exchange of thoughts, ideas, data, messages, inquiries or information of any kind, whether or not intended for exchange with any person, whether such transmissions or exchanges are

generated, transcribed or recorded orally, in writing, in meetings, personally, electronically or otherwise.

10. "Regarding" means concerning, referring, reflecting, describing, illustrating, constituting, compromising, identifying, dealing with, containing, embodying, evidencing, stating, commenting on, responding to, analyzing, or pertaining to in anyway.

11. "Document" means any and all written, printed, typed, or graphic material of any kind or nature as well as all mechanical, computer, electronic, sound, or video recording. It shall also mean all drafts and non-identical copies differing only as to the marginalia of documents, by whatever means made.

12. The words "and" and "or" shall be construed either conjunctively or disjunctively so as to bring within the scope of this subpoena any information or documents that might otherwise be considered beyond its scope.

13. The singular form of a word shall be construed to include the plural, and the plural form of a word shall include the singular, so as to bring within the scope of this subpoena any information or documents that might otherwise be considered to be beyond its scope.

14. The word "all" shall be construed as "any and all," the word "any" shall be construed as "any and all," and the word "each" shall be construed as "all and each," so as to bring within the scope of this subpoena any information or documents that might otherwise be considered to be beyond its scope.

15. All phrases following the terms "including," "including, but not limited to" and "including without limitation" are intended to illustrate the kinds of matters that are responsive to

this subpoena. Such examples are not intended to be exhaustive of the materials sought and shall not in any way be read to limit the scope of the request.

Instructions:

1. Furnish all documents within your possession, custody or control, or the possession, custody or control of your attorneys, investigators, agents, employees, and all other persons acting or purporting to act on your behalf.

2. Respond to each request for production of documents in full. As to any request that cannot be responded to completely after reasonable efforts are made to secure the requested documents, so state, give the reason why a complete response cannot be made at this time, and provide as many documents responsive to the request as is possible.

3. This subpoena and accompanying document request is continuing in nature and, to the extent that your responses may be enlarged or otherwise modified by information acquired subsequent to the production of your initial responses hereto, you are required to promptly produce supplemental responses reflecting such changes.

4. Any document requested herein shall be produced as it is kept in the normal course. The name of the file from which it was produced, the identity of the person from whose file it was produced and the identity of the present custodian of that file shall each be set forth.

5. Any document that is attached by staple, clip or otherwise to a document requested herein shall also be produced (attached in the same manner as the original), regardless of whether the production of that document is otherwise requested herein.

6. As to any requested documents as to which any claim of privilege is made identify the privilege upon which you rely and set forth the facts upon which such claim

is based in sufficient detail to enable a judgment to be formed as to the basis and validity of the claimed privilege, including the dates, document type, author(s), all recipient(s), subject matter of the document and privilege(s) claimed with respect thereto.

**Documents Subpoenaed For Production**

1. All documents regarding the alleged contamination of soil in the Bay Street Area, including without limitation, any analysis, tests, reports and correspondence.

2. All documents regarding the source(s) or possible source(s) of the alleged contamination in the Bay Street Area, including all documents regarding parties potentially responsible for the alleged contamination.

3. All files (personal, "working" or otherwise) regarding the Bay Street Area maintained by RIDEM employees (regardless of whether such files are or are not maintained as part of RIDEM's "case file"), including the files of Jeffrey Crawford, Richard Enander, Thomas Getz, Terrence Gray, Leo Hellested, John Langlois, Kelly Owens, Angela Schulman, Michael Sullivan, Stephen Tyrrell and Brian Wagner.

4. All documents regarding FRGC, including, without limitation, FRGC's waste haulers or its contractors.

5. All documents regarding John Simpson Jr., John K. Simpson, Alvin Simpson or John Simpson, Inc., or any other business owned or operated by any such individuals or entities, their predecessors, affiliates or successors.

6. All documents regarding the deposit of any waste, debris, fill or other material in the Bay Street Area.

7. All document regarding dumping, dumps, dumping grounds and landfills located in Tiverton and Fall River.

8. All documents regarding the residential settlement, development and grading of the Bay Street Area, or the construction, maintenance, covering or paving of private or public roadways in and bordering the Bay Street Area.

9. All documents regarding RIDEM's review, analysis and approval of any construction and/or development of any part of the Bay Street Area.

10. All documents allegedly demonstrating that FRGC is responsible for any contamination in the Bay Street Area.

11. All documents regarding the Bay Street Area reflecting communications between RIDEM and any of the following: EA Engineering; Woodward & Curran; plaintiffs in any lawsuits against Southern Union Company or New England Gas Company; residents of the Bay Street Area; ENACT; RIDOH; Tiverton, the City of Fall River; federal, state or local governmental employees outside of RIDEM; or any attorneys, representatives, agents or consultants of any of the foregoing.

12. All witness statements and affidavits regarding the subject matter of document requests 1, 2, and 4 through 10 above.

13. All maps, plans, photographs, drawings or other depictions of, or including, the Bay Area.

GEORGE R. CLARK
84 WEAVER RD.
JOHNSTON, RI 02919

5-7515/110
45100045819

4849

DATE 10 October 2006

PAY TO THE ORDER OF Recordkeeper, RI DEM $ 45.00

Forty five dollars and 00/100 DOLLARS

Sovereign Bank
sovereignbank.com

MEMO Corvello v. NE Gas

George R. Clark

⑆011075150⑆ 45100045819⑈ 4849

GRAYSTONE