# UNITED STATES DISTRICT COURT

FOR THE

## DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **GAIL, JOHN D. and JOHN F. CORVELLO, et al.** | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | **C.A. No. 05-0221T** |
| **vs.** | ) | |
| | ) | |
| **NEW ENGLAND GAS COMPANY, INC.,** | ) | |
| | ) | |
| *Defendant* | ) | |

**<u>AFFIDAVIT OF BRIAN WAGNER, Esq.</u>**

1. My name is Brian A. Wagner. I am over eighteen (18) years old, competent to make this affidavit, and all statements herein are true, correct and within my personal knowledge.

2. I am Deputy Chief Legal Counsel with the Rhode Island Department of Environmental Management ("RIDEM"). I have been employed by RIDEM since June 1991. I am admitted to and a member in good standing of the State and Federal Bars of Rhode Island.

3. On or about September 29, 2006, RIDEM received a document subpoena from New England Gas Company (the "Subpoena").

4. In response to the Subpoena, I reviewed potentially relevant and responsive documents gathered from various offices and programs within RIDEM. I identified approximately 6,300 pages of documents for copying and Bates numbering, of which approximately 400 pages were labeled to be withheld from production under the assertion of one or more of the work product doctrine, attorney-client privilege or deliberative process privilege.

5. Following my review of the documents and my labeling of the privileged materials, I instructed a contractor to electronically scan and Bates number all of the documents (privileged

and non-privileged) and to record the unmarked (non-privileged) documents onto one or more CDs that I could copy and produce in response to the subpoena, and to record the marked (privileged) documents onto one or more CDs to be withheld from production.

6. I received back from the vendor copies of numerous CDs containing digital photographs and three document CDs: one disc that the vendor marked "Privileged," which only contains electronic copies of the documents that I labeled as privileged; one disc that the vendor marked "Bay St. / Tiverton," which I understood to contain all of the remaining, non-privileged documents for production; and one disc that the vendor labeled with a Bates number that was a copy of a CD contained in RIDEM's files that was reviewed and found to contain non-privleged materials to be produced.

7. On or about October 25, 2006, I advised New England Gas Company's counsel that the electronic copies of the documents produced by RIDEM (the photo CD's, the CD marked "Bay St. / Tiverton" and the Bates numbered, non-privileged CD) had been returned by the vendor and were available to be picked up at RIDEM's offices. New England Gas Company's counsel was not provided with a copy of the CD marked "Privileged." By withholding the CD marked "Privileged," it was my intent to produce to New England Gas Company only RIDEM's non-privileged documents.

8. On November 2, 2006, I received a letter from New England Gas Company's counsel stating that certain unspecified internal communications among RIDEM counsel that appeared to be privileged were included among the documents produced by RIDEM. The letter did not describe or identify the documents by number, but merely stated that New England Gas Company's counsel had discovered the documents while reviewing them in the order that they were numbered and had discontinued the review when the documents in question were

discovered. The letter asked RIDEM to confirm whether the production of these vaguely described documents was intentional. A copy of New England Gas Company's November 2, 2006 letter is attached hereto as Exhibit 1.

9. Immediately upon receipt of New England Gas Company's November 2, 2006 letter I started to review the documents on the CD titled "Bay St. / Tiverton" in the order that they were numbered, just as counsel for New England Gas Company had indicated that he had done. After reviewing several hundred pages, I discovered several documents (Bates Nos. BAYST/TIV 000201, 202 and 249, attached hereto as Exhibit 2) that were written by RIDEM counsel over which privilege could have been asserted.

10. On November 3, 2006, I called New England Gas Company's counsel, described the documents that I had found and informed counsel that if those documents, see Exhibit 2, were the types of documents that Defendant's counsel had referred to in its November 2, 2006 letter, then RIDEM was not asserting privilege over these documents since they amounted to little more than transmittals of the New England Gas Company document subpoena to others within RIDEM requesting the production of documents.

11. New England Gas Company's counsel never responded to my call, leading me to believe that I had correctly identified the documents only vaguely described in his November 2, 2006 letter, and to believe that the type of privileged documents that counsel had discovered were limited to similar transmittal memos.

12. On November 17, 2006, I e-mailed to New England Gas Company's counsel a privilege log of the documents that had been recorded onto the separate "privileged" CD that I and that RIDEM intended to withhold from production. A copy of RIDEM's privilege log is attached hereto as Exhibit 3.

13. On November 20, 2006, I received a letter from New England Gas counsel advising me that all of the documents identified on RIDEM's November 17, 2006 privilege log had been produced to New England Gas Company on November 2, 2006. A copy of New England Gas Company's November 20, 2006 letter is attached hereto as Exhibit 4. It was only then that I discovered for the first time that the CD marked "Bay St. / Tiverton" that was sent to New England Gas contained all of the documents that the vendor had scanned and numbered, including all of the documents that I had labeled as privileged, and not just the non-privileged documents that I had intended to produce in response to the subpoena.

14. By letter dated November 22, 2006, I advised counsel for New England Gas Company that the production of the documents identified on RIDEM's privilege log was inadvertent and a result of contractor error and requested that those documents be returned. A copy of my November 22, 2006 letter is attached hereto as Exhibit 5.

15. By letter dated November 28, 2006, New England Gas Company asserted that RIDEM has waived any privilege over the inadvertently produced documents and refused to return them. A copy of New England Gas Company's November 28, 2006 letter is attached hereto as Exhibit 6. On December 4, 2006, I responded to New England Gas Company's letter. A copy of my December 4, 2006 letter is attached hereto as Exhibit 7.

Brian A. Wagner

STATE OF RHODE ISLAND
COUNTY OF PROVIDENCE

Subscribed and sworn to before me this 7th day of December 2006.

NOTARY PUBLIC
My commission expires: 08-28-2009

Respectfully submitted,

STATE OF RHODE ISLAND
DEPARTMENT OF ENVIRONMENTAL
MANAGEMENT
By its attorney,

/s/ *Brian A. Wagner*
Brian Wagner, Esq. (R.I. Bar No. 4033)
Deputy Chief Legal Counsel
RIDEM – Office of Legal Services
235 Promenade Street, 4th Floor
Providence, RI 02908
Tel. – (401) 222-6607
Fax - (401) 222-3378

**Certificate of Service**

This document has been filed electronically pursuant to "AP for Electronic Filing in the United States District Court for the District of Rhode Island," Admin. Order 2006-01. This document is available for viewing and downloading via the court's Electronic Case Filing System at *https://ecf.rid.uscourts.gov/*.

Service upon the following parties was completed electronically via the ECF system on October 18, 2006, pursuant to Fed.R.Civ.P. 5(b)(2)(D) and §10(b) of Admin. Order 2006-01.

John J. McConnell, Jr.
Robert J. McConnell
MOTLEY RICE, LLC
321 South Main Street
Providence, RI 02940

David A. Wollin
ADLER POLLOCK & SHEEHAN
One Citizen's Plaza, 8th Flr.
Providence, RI 02903

Christina C. Dodds
WATSON, BISHOP, LONDON & BROPHY
The Littlefield Building
106 E. 6th Stree, Suite 700
Austin, TX 78701

Eric D. Herschmann
KASOWITZ, BENSON, TORRES &
FRIEDMAN, LLP
1633 Broadway
New York, NY 10019

/s/ Brian A. Wagner

Service upon the following parties has been made by regular mail, postage prepaid.

Neil T. Leifer
THORNTON & NAUMES
100 Summer Street
Boston, MA 02110

Mark W. Roberts
McROBERTS, ROBERTS & PALMER, LLP
Exchange Place
53 State Street
Boston, MA 02109

________________________
Irene Lennox

ADLER POLLOCK & SHEEHAN P.C.

One Citizens Plaza, 8th floor
Providence, RI 02903-1345
Telephone 401-274-7200
Fax 401-751-0604 / 351-4607

175 Federal Street
Boston, MA 02110-2247
Telephone 617-482-0600
Fax 617-482-0604

www.apslaw.com

November 2, 2006

**VIA E-MAIL AND FACSIMILE**

Brian A. Wagner, Esq.
Rhode Island Department of
Environmental Management
235 Promenade Street
Providence, Rhode Island 02908-5767

Re: Subpoena to RIDEM in Corvello, et al v. New England Gas Company

Dear Brian:

As you know, in connection with court-ordered discovery in the above-referenced matter, on September 29 New England Gas Company served a document subpoena on RIDEM, and RIDEM thereafter moved to quash the subpoena. We then conferred with you to address RIDEM's objections and concerns, and reached agreement resulting in RIDEM's withdrawal of the motion. You advised that prior to any production, RIDEM intended to withhold privileged documents, including attorney-client and work product communications and documents purportedly covered by a deliberative process privilege. You also advised that RIDEM needed time to conduct such privilege review and would provide us with a privilege log. We agreed to provide RIDEM with sufficient time to gather its responsive documents and conduct its privilege review. Thereafter, we again spoke and you advised that you were personally conducting the privilege review, and that at that time you had reviewed approximately half of the responsive documents. Following your review process which lasted several weeks, RIDEM began producing documents to us on October 25. Yesterday, you advised that RIDEM will be producing additional documents as well as the promised privilege log.

We have just begun reviewing RIDEM's production (from the first Bates numbered document), and noticed that it includes internal communications with counsel (which may not be privileged for various reasons). Given your extended privilege review, we presume such production was intentional. Out of caution, we are notifying you of the foregoing and have temporarily ceased further review. We request that RIDEM immediately confirm that such production was

DEM Affidavit Exh. 1

ADLER POLLOCK & SHEEHAN P.C.



intentional. As you know, time is of the essence in our preparing for the expedited deposition of Jose Souza. Unless we hear from you by 5:00 p.m. tomorrow, Friday November 3, 2006, we will understand that the production was intentional and will proceed with our review.

Very truly yours,

DAVID A. WOLLIN

cc: David Ross, Esq.
Seth Davis, Esq.

*398490_1.doc*

# Memorandum

**RIDEM – Office of Legal Services**

RECEIVED
OCT 11 2006
RIDEM OFFICE OF LEGAL SERVICES

Date: October 3, 2006

To: Director, Associate Directors
Division Chiefs

From: Patty Allison Fairweather
Executive Counsel

Subject: Records Requests
Soil Contamination Bay Street Neighborhood Study Area

We have received a subpoena for the production of **all** documents, including non-identical copies, whether written, printed, typed graphic material, mechanical, computer, electronic, sound or video recording relating to the contamination of the Bay Street Neighborhood Study Area located in Tiverton, Rhode Island, as well as all land within one-quarter mile of the Bay Street Neighborhood Study Area.

Please forward all such documents to the legal department attention Irene Lennox or Kathleen Zaroogian no later than the **12:00 noontime on October 10, 2006** and organize the documents as follows:

Sort documents according to type: email/attachments, paper files, and electronic files
Chronological date order most recent first
Attach cover sheet with your name, title/division, phone and extension number to each group-type forwarded, i.e.:

| Name/Title | Division/Phone | Email |
|---|---|---|

If you do not have any documents relating to the Bay Street Neighborhood Study Area, please respond by affirmatively indicating in writing that you have no such documents.

Thank you for your cooperation.

DEM Affidavit Exh. 2

**Privileged Legal Document – Not a Public Record**

Date: October 4, 2006

To: Director, Associate Directors
Division Chiefs

From: Patty Allison Fairweather
Executive Counsel

Subject: Records Requests
Soil Contamination Bay Street Neighborhood Study Area

We have received a subpoena for the production of **all** documents, including non-identical copies, whether written, printed, typed graphic material, mechanical, computer, electronic, sound or video recording relating to the contamination of the Bay Street Neighborhood Study Area located in Tiverton Rhode Island, as well as all land within one-quarter mile of the Bay Street Neighborhood Study Area.

Please forward all such documents to the legal department attention Irene Lennox or Kathleen Zaroogian no later than the **12:00 noontime on October 10, 2006** and organize the documents as follows:

Sort documents according to type: email/attachments, paper files, and electronic files
Chronological date order most recent first
Attach cover sheet with your name, title/division, phone and extension number to each group-type forwarded, i.e.:

| **Name/Title** | **Division/Phone** | **Email** |
|---|---|---|

If you do not have any documents relating to the Bay Street Neighborhood Study Area, please respond by affirmatively indicating in writing that you have no such documents.

Thank you for your cooperation.

**State of Rhode Island**
**Department of Environmental Management**
**Office of Air Resources**

**Inter Office Memorandum**

DATE: 10 October 2006

TO: Patty Allison Fairweather
Executive Counsel
Environmental Management

FROM: Stephen Majkut, Chief
Air Resources
Environmental Management

SUBJECT: Records Requests
Soil Contamination Bay Street Neighborhood Study Area

Enclosed pleased find the requested documents in the possession of the Office of Air Resources. Please contact Barbara Morin of this office at x7012 with any questions.

RECEIVED
OCT 10 2006
RIDEM OFFICE OF LEGAL SERVICES

DEM
Affidavit Exh. 3

| Date | Title | Prepared By | Prepared For | Description | Bates No. | Privilege |
|---|---|---|---|---|---|---|
| 03-Oct-06 | Soil Contamination Bay Street Neighborhood Study Area | Patty A. Fairweather, Executive Counsel | Associate Directors Division Chiefs | Memorandum - Records Requests - | 201 | Attorney-Client |
| 04-Oct-06 | Soil Contamination Bay Street Neighborhood Study Area | Patty A. Fairweather, Executive Counsel | Associate Directors Division Chiefs | Memorandum - Records Requests - | 202 | Attorney-Client |
| 10-Oct-06 | Soil Contamination Bay Street Neighborhood Study Area | Stephen Majkut, Chief of Air Resources | Patty A. Fairweather, Executive Counsel | Memorandum - Records Requests - | 249 | Attorney-Client |
| 10-Oct-06 | Dean H. Albro, Chief, OC&I Soil Contamination Bay Street Neighborhood Study Area | Lynne T. DeBritto, Implementation Aide | Patty A. Fairweather, Executive Counsel | Records Requests | 451 | Attorney-Client |
| | SOUTHERN UNION COMPANY d/b/a New England Gas Company and the TOWN OF TIVERTON, R.I. | | | Draft NOV - Bay Street Neighborhood Study Area Tiverton, Rhode Island (OWM SR 2005-09; Case #2002-065 (a)) | 452 - 462 | Attorney-Client; Deliberative Process; Executive |
| 25-Aug-06 | Southern Union Co. | | | Meeting Notes re: review of draft NOV | 463 | Attorney-Client; Deliberative Process; Executive |
| 24-Aug-06 | Charles Flickinger 202-383-0405 Southernland, Asbill & Brennan | | | Meeting Notes: Conf. Call - Crawford, Carney, Albro and Wagner | 464 - 465 | Attorney-Client; Deliberative Process; Executive |
| 17-Aug-06 | Memo & Attachment | Sean Carney | Dean Albro | Draft NOV with cover memo - | 466 - 478 | Deliberative Process; Executive |
| 1/17/06 - 8/17/06 | Development of formal enforcement action | Dean Albro | | Notes re: Tiverton NOV | 479 - 480 | Deliberative Process; Executive |
| 17-Aug-06 | Note | Sean Carney | Dean Albro | Notes re: NOV preparation | 481 | Deliberative Process; Executive |
| 11-Aug-06 | Draft NOV | Sean Carney | Dean Albro | Draft NOV - with cover memo and routing sheet | 482 - 495 | Deliberative Process; Executive |
| 10-Oct-06 | | Lynne T. DeBritto, Implementation Aide | Patty A. Fairweather, Executive Counsel | Records Request OC&I | 508 | Attorney-Client |
| 05-Oct-06 | | Chris John, OC&I | Patty A. Fairweather, Executive Counsel | Response to Records Request | 509 | Attorney-Client |
| 10-Oct-06 | | Lynne T. DeBritto, Implementation Aide | Patty A. Fairweather, Executive Counsel | Memo - Records Request | 647 | Attorney-Client |
| | | | | NOV Routing Sheet | 648 | Attorney-Client; Deliberative Process; Executive |
| 08-Sep-06 | SUC Bay St | Dean Albro | Gray, Terrence | Email - re: final draft of NOV | 649 | Deliberative Process; Executive |
| 08-Sep-06 | Final Draft NOV - SUC Bay St. | Sean Carney | Brian Wagner | Email - Clean copy of the final draft NOV for the SUC Bay St. Case | 650 | Attorney-Client |
| 08-Sep-06 | FW: SUC Bay St. Case | Brian Wagner | Dean Albro; Jeffrey Crawford | Email - Changes | 651 | Attorney-Client |
| 08-Sep-06 | SUC Bay St. draft NOV | Sean Carney | Brian Wagner | Email - Misunderstood comment regarding a suggestion that additional language be included in the penalty section on the draft NOV. | 652 - 653 | Attorney-Client |

| Date | Title | Prepared By | Prepared For | Description | Bates No. | Privilege |
|---|---|---|---|---|---|---|
| 07-Sep-06 | SUC Bay St. draft NOV | Dean Albro | Brian Wagner; Jeffrey Crawford | Email - | 654 - 661 | Attorney-Client |
| 06-Sep-06 | SUC Bay St. Case | Brian Wagner | Sean Carney; Jeffrey Crawford | Email - Couple of modifications | 662 - 663 | Attorney-Client |
| 05-Sep-06 | SUC Bay St. Case | Jeffrey Crawford | Sean Carney, Brian Wagner | Email - | 664 - 669 | Attorney-Client; Deliberative Process; Executive |
| 01-Sep-06 | SUC Bay St. Case | Brian Wagner | Sean Carney; Jeffrey Crawford | Email - | 670 - 676 | Attorney-Client; Deliberative Process; Executive |
| 30-Aug-06 | Tiverton NOV | Brian Wagner | Dean Albro; Sean Carney; Jeffrey Crawford | Email - Additional Comments | 677 | Attorney-Client |
| 25-Aug-06 | Bay Street | Jeffrey Crawford | Terry Gray; Brian Wagner; Sean Carney; John Langlois | Email | 678 - 679 | Attorney-Client; Deliberative Process; Executive |
| 24-Aug-06 | Southern Union / Town of Tiverton NOV | Brian Wagner | Dean Albro; Jeffrey Crawford; Fairweather P. | Email - Proposed revisions | 680 | Attorney-Client; Deliberative Process; Executive |
| 22-Aug-06 | Bay Street | Dean Albro | Sean Carney; Tracey Tyrell | Email | 681 | Deliberative Process; Executive |
| 22-Aug-06 | Bay Street | Sean Carney | Jeffrey Crawford | Email - Revision of the NOV | 682 - 683 | Attorney-Client; Deliberative Process; Executive |
| 21-Aug-06 | NEGC - Bay St. investigation | Sean Carney | Jeffrey Crawford | Email | 684 | Deliberative Process; Executive |
| 17-Aug-06 | SUC Bay St. NOV | Sean Carney | Dean Albro | Email - Draft NOV for the Southern Union Co. Bay St. case | 685 - 686 | Deliberative Process; Executive |
| 15-Aug-06 | Request for review of FW complaint db | Sean Carney | Bruce Ahern | Email | 687 | Deliberative Process; Executive |
| 03-Oct-06 | Soil Contamination Bay Street Neighborhood Study Area | Patty A. Fairweather | Associate Directors Division Chiefs | Memorandum - Records Requests | 757 | Attorney-Client |
| 07-Jun-06 | Memorandum | Terrence Gray, P.E. | W. Michael Sullivan, Ph.D Director | Inter-Office Memo re: DEM financial support for ENACT | 758 - 759 | Deliberative Process; Executive |
| 29-Oct-04 | Contamination in the Bay Street Community - Final-9-28-04 | Terrence Gray, P.E. | Fred Vincent | Email - with attached memo | 760 - 765 | Deliberative Process; Executive |
| 29-Oct-04 | FW: Follow up on Issues related to Governor's meeting with ENACT | Terry Gray | Fred Vincent & Mark Adelman, Gov's Office | Email | 766 - 767 | Deliberative Process; Executive |
| 29-Oct-03 | Tiverton | Terrence Gray, P.E. | Jan Reitsma | Email | 768 | Deliberative Process; Executive |
| 22-Oct-03 | Tiverton ENACTRI meeting | Thomas Getz | Jan Reitsma; Terry Gray; Hellested Leo | Email - BAYST/ TIV 000769 -000772 | 769 - 770 | Deliberative Process; Executive |
| | Notes | | | | 771-772 | Deliberative Process; Executive |

| Date | Title | Prepared By | Prepared For | Description | Bates No. | Privilege |
|---|---|---|---|---|---|---|
| 15-Sep-03 | Town of Tiverton, Rhode Island | James F. Towers Town Administrator | Jan H. Reitsma | Letter - Contamination of soil problem in the Northwest quadrant of Tiverton caused by the New England Gas Company. | 773 - 774 | |
| 29-Sep-06 | RE: Gail Carvelho | Patty Fairweather | Terry Gray; Michael Sullivan, Brian Wagner | Email | 775 - 777 | Attorney-Client; Deliberative Process; Executive |
| 24-Aug-06 | Fwd: Draft Southern Union Press Release | Andrew Hodgkin | Michael Sullivan; Patty Fairweather | Email - With attached draft press release | 778 - 780 | Attorney-Client; Deliberative Process; Executive |
| 23-Aug-06 | RE: Settlement Agreement | Gerald Coyne | Michael Sullivan; Patty Fairweather; Andrew Hodkin et al. | Email - Re: settlement discussions with SU | 781 - 789 | Attorney-Client; Deliberative Process; Executive; Joint Prosecution |
| 31-Jul-06 | Grid/ Southern Union | Andrew Hodgkin | Michael Sullivan | Email - Tiverton Matter | 790 | Attorney-Client; Deliberative Process; Executive |
| 10-May-06 | RE: Southern Union NOV-Pawtucket | Terry Gray | Dean Albro; Brian Wagner; Michael Mulhare | Email | 791-792 | Attorney-Client; Deliberative Process; Executive |
| 26-Apr-06 | ENACT meeting | Leo Hellested | Michael Sullivan | Emai | 793 | Deliberative Process; Executive |
| 06-Apr-06 | RE: Draft Tiverton Rel | Michael Sullivan | Jeffrey Neal' | Email - with attached draft press release | 794-797 | Attorney-Client; Deliberative Process; Executive |
| 05-Apr-06 | Tiverton | Terry Gray | Michael Sullivan | Email | 798 - 799 | Deliberative Process; Executive |
| 15-Mar-06 | FW: action/ input needed | Michael Sullivan | Terry Gray; Brian Wagner | Email | 800 - 801 | Attorney-Client; Deliberative Process; Executive |
| 13-Mar-06 | RE: Tiverton | Terry Gray | Michael Sullivan | Email | 802 - 805 | Deliberative Process; Executive |
| 10-Mar-06 | Tiverton | Mark Adelman | Michael Sullivan; Terry Gray | Email - proposal BAYST/ TIV 000806 - 000810 | 806 - 810 | Deliberative Process; Executive |
| 10-Mar-06 | Tiverton | Mark Adelman | Michael Sullivan; Terry Gray | Email - BAYST/ TIV 000811 | 811 | Deliberative Process; Executive |
| 22-Feb-06 | FW: Bay Street update for Gov's Office | Michael Sullivan; Terry Gray | Andrew Hodgkin' | Email - with 3 attachments - Simmary, Memo & Chronology re BSNSA | 812-820 | Deliberative Process; Executive |
| 20-Feb-06 | Tiverton | Terry Gray | Mark Adelman | Email | 821 | Deliberative Process; Executive |
| 16-Feb-06 | FW: Bay Street | Leo Hellested | Michael Sullivan | Email - with attached chronology | 822-25 | Deliberative Process; Executive |
| 15-Feb-06 | NE Gas and Tiverton | Kenneth McKay | Andrew Hodgkin; Mike Sullivan | Email - communication between DEM and the Gas co. | 826 | Deliberative Process; Executive |
| 17-Jan-06 | RE: PUC interest in NE Gas cleanup in tiverton | Terry Gray | Michael Sullivan; Gail Mastrati; Leo Hellested | Email | 827 | Deliberative Process; Executive |

| Date | Title | Prepared By | Prepared For | Description | Bates No. | Privilege |
|---|---|---|---|---|---|---|
| 07-Nov-05 | RE: Statement on Tiverton | Michael Sullivan | Terry Gray | Email | 828 - 829 | Deliberative Process; Executive |
| 31-Oct-05 | RE: Tiverton Bay St. | Michael Sullivan | Leo Hellested | Email | 830 | Deliberative Process; Executive |
| 13-Oct-05 | RE: News - Tiverton Toxics (Gov a no-show) | Jeffrey Grybowski | Michael Sullivan; Jeffrey Neal; Mark Adelman; Steve Kass; Tim Costa | Email | 831 | Attorney-Client; Deliberative Process; Executive |
| 12-Oct-05 | RE: News - Tiverton Toxics (Gov a no-show) | Michael Sullivan | Mark Adelima'; Jeffrey Grybowski; Jeffrey Neal; Steve Kass; Tim Costa | Email | 832 - 836 | Deliberative Process; Executive |
| 11-Oct-05 | Tiverton ENACT | Mark Adelman | Michael Sullivan; Jeffrey Grybowski; Maura Sedlock | Email | 837 | Deliberative Process; Executive |
| 07-Oct-05 | Presentation to Community | Gail Corvello | madelman@gov.state.ri.us | Email - BAYST TIV 000838 | 838 | |
| 01-Sep-05 | Tiverton | Mark Adelman | Terry Gray; Michael Sullivan | Email - send update as to where the Tiverton/ Enact issue is | 839 | Deliberative Process; Executive |
| 18-Jul-05 | RE: Commercial waste tip fee | Terry Gray | Leo Hellested; Michael Sullivan | Email | 840 - 841 | Deliberative Process; Executive |
| 16-Jun-05 | Tiverton | Terry Gray | Mark Adeliman; Michael Sullivan; Leo Hellested; Gail Mastrati; Jeffrey Crawford; Robert Ballou | Email - BAYST/ TIV 000842 | 842 | Deliberative Process; Executive |
| 18-Aug-06 | RE: second media request re Tiverton; deadline today | Stephanie Powell | Michael Sullivan | Email - re: media request | 880-881 | Deliberative Process; Executive |
| 16-Aug-06 | Re: Carcieri Orders DEM Action on Tiverton Contamination/ MEDIA Calls | Michael Sullivan | Stephanie Powell | Email | 882 - 885 | Deliberative Process; Executive |
| 11-Aug-06 | RE: Bay Street Neighborhood | Gail Mastrati | Michael Sullivan | Email | 886 - 887 | Deliberative Process; Executive |
| 11-Aug-06 | RE: Sakonnet Times Inquiry Re Tiverton Contamination | Jeffrey Neal | Gail Mastrati; Stephanie Powell; Barbara Trainor; Mike Manynard | Email | 888 - 889 | Deliberative Process; Executive |
| 04-Oct-06 | Document request | Patty Fairweather | Chiefs & Senior Staff | Email - Sudoc request | 890-891 | Attorney-Client; Deliberative Process; Executive |
| 15-Sep-06 | DRAFT RELEASE | Mike Maynard; Jeffrey Grybowski; Jeffrey Neal | Gail Mastrati; Brian Wagner; Dean Albro; Patty Fairweather | Email - re: draft press release regarding issuance of NOV | 892-930 | Attorney-Client; Deliberative Process; Executive |
| 15-Sep-06 | RE: southern Union NOV (Out of Office) | Jeffery Neal | Gail Mastrati | Email - request for NOV | 931-934 | Deliberative Process; Executive |

| Date | Title | Prepared By | Prepared For | Description | Bates No. | Privilege |
|---|---|---|---|---|---|---|
| 14-Sep-06 | southern union NOV | Gail Mastrati | jneal@gov.state.ri.us' ; 'mmaynard@gov.sfate.ri.us' | Email - draft press release | 935-936 | Deliberative Process; Executive |
| 14-Sep-06 | Southern Union NOV | Gail Mastrati | jneal@gov.state.ri.us | Email re: issuance of NOV and draft press release | 937-945 | Deliberative Process; Executive |
| 11-Aug-06 | RE: Sakonnet Times Inquiry Re Tiverton Contamination | Jeffrey Neal | Gail Mastrati | Email re: response to press inquiry from Sakonnet Times | 946-952 | Deliberative Process; Executive |
| 4-May-06 | RE: PUC Order on DEM Tiverton Intervention | Jeffrey Neal | Michael Sullivan | Email - re: press inquiry on PUC decision allowing DEM intervention | 953-954 | Deliberative Process; Executive |
| 25-Apr-06 | Tiverton meeting | Jeffrey Crawford | Rayna Santoro; Kelly Owens; Terry Gray | Email re: setting up meeting in Tiverton between residents and DEM staff | 955-968 | Deliberative Process; Executive |
| 10-Apr-06 | FW: tiverton meeting | Terry Gray; Gail Mastrati | Kelly Owens; Jeffrey Crawford | Email - re: press inquiry | 969-975 | Deliberative Process; Executive |
| 28-Oct-05 | RE: Tiverton- Bay Street Contamination | Terry Gray | Gail Mastrati; Robert Ballou | Email - re: sakonnet times press inquiry | 976-979 | Deliberative Process; Executive |
| 5-Oct-05 | FW: ne gas website | Gail Mastrati | gmacris @projo.com | Email - re: projo press inquiry | 980 | Deliberative Process; Executive |
| 5-Oct-05 | FW: projo.com article from Jeff Crawford | Jeffrey Crawford | Terry Gray; Leo Hellested; Kelly Owens; Richard Enander; Gail Mastrati | Email - BAYST/ TIV 000981- 000982 | 982 | |
| 16-Jun-05 | Tiverton | Terry Gray | Mark Adelman; Michael Sullivan | Email - re: planned ENACT press event | 983 | Deliberative Process; Executive |
| 3-Oct-06 | Memo to Chiefs | Patty Fairweather | Associate Directors Division Chiefs | Memorandum | 1139 | Attorney Client |
| 3-Oct-06 | Tiverton MGP - Soil Contamination Bay Street Neighborhood Study Area | Terry Gray | | Personal meeting notes | 1140-1146 | Attorney-Client; Deliberative Process; Executive |
| 2-Jun-06 | TIVERTON MGP - EMAIL RECORDS - Soil Contamination Bay Street Neighborhood Study Area | Patty Fairweather | Sutherland Asbill | Draft letter and engagement document | 1147-1150 | Attorney-Client; Deliberative Process; Executive |
| 7-Jun-06 | Memo | Michael Sullivan | Terry Gray | Memorandum - DEM financial support for ENACT investigation | 1151-1152 | Deliberative Process; Executive |
| 2-Jun-06 | | Terry Gray | R Guzman | E-mail with Gov Office re: PUC intervention | 1153-1154 | Deliberative Process; Executive |

| Date | Title | Prepared By | Prepared For | Description | Bates No. | Privilege |
|---|---|---|---|---|---|---|
| 13-Apr-06 | | Gov. Office | Robert Ballou | Referal with notes | 1155 | Deliberative Process; Executive |
| 6-Apr-06 | Letter from Gail Corvello | Gail Corvello | Gov. Carcieri | Letter with petition | 1156-57 | |
| 23-Dec-05 | E-mail | Leo Hellested | Terry Gray | E-mail re:letter from Town of Tiverton | 1158-1159 | Deliberative Process; Executive |
| | | | | Draft limited settlement agreement | 1160-1169 | Attorney-Client; Deliberative Process; Executive |
| | | | | Draft ATSDR Health Consultation | 1170-1186 | Deliberative Process; Executive; Joint Agency Investigation |
| 12-Oct-06 | Memo | Patty Fairweather | Thomas Getz | Memo | 1393 | Attorney-Client |
| 17-Feb-06 | Bay Street Tiverton Study Area | Jeff Crawford | Leo Hellested, Kelly Owens; Terry Gray | E-mail re: call from Gail Corvello | 1394 | Deliberative Process; Executive |
| | Health Consultation - Bay Street Study Area Site Tiverton, County, Rhode Island | Department of Health and Human Services ATSDR | | Draft ATSDR Health Consultation | 2136-2217 | Deliberative Process; Executive; Joint Agency Investigation |
| 30-Nov-04 | | Leo Hellested | Kelly Owens | E-mail re: Fuss & O'Neil work for ENACT | 2218 | Deliberative Process; Executive |
| | Notated draft comment document | | | Draft comments and response to SIR | 2219-2231 | Deliberative Process; Executive |
| 23-Dec-03 | Internal Memorandum | Rich Enander | Jeff Crawford; Kelly Ower | Internal comments on hazard identification re: NEGas Human Health Risk Assessment | 2232-2238 | Deliberative Process; Executive |
| 12-Oct-05 | RE: News - Tiverton Toxics (Gov a no-show) | Terry Gray | Michael Sullivan | Email discussing Newport Daily News article | 2239-2242 | Deliberative Process; Executive |
| | | | | Notes re: DEM strategies for responding to concerns of Tiverton residents | 2243 | Deliberative Process; Executive |
| 14-Apr-05 | Richard Enander Comments on ENVIRON | Rich Enander | Jeffrey Crawford | Comments on Enander submittals | 2244 | Deliberative Process; Executive |
| 25-Apr-05 | Lead IEUBK Model | Cyndee Fuller | Bob Vanderslice, HEALTH Jeff Crawford RIDEM Rich Enander, RIDEM | E-mail from EPA re: modeling results | 2245-2246 | Deliberative Process; Executive |
| 12-Apr-05 | Review of Proposed Soil Screening Levels For Benzo(a)pyrene and Lead | Cyndee Fuller | Bob Vanderslice | E-mail re: soil screening levels | 2247-2248 | Joint Agency Investigation |

ADLER POLLOCK & SHEEHAN P.C.

One Citizens Plaza, 8th floor
Providence, RI 02903-1345
Telephone 401-274-7200
Fax 401-751-0604 / 351-4607

175 Federal Street
Boston, MA 02110-2247
Telephone 617-482-0600
Fax 617-482-0604

www.apslaw.com

November 20, 2006

**VIA E-MAIL AND FACSIMILE**

Brian A. Wagner, Esq.
Rhode Island Department of
Environmental Management
235 Promenade Street
Providence, Rhode Island 02908-5767

Re: Subpoena to RIDEM in Corvello, et al v. New England Gas Company

Dear Brian:

Last Friday, November 17, we received your e-mail enclosing RIDEM's log of allegedly privileged documents (the "Log") responsive to Southern Union's September 29 subpoena to RIDEM. Based on our preliminary review of the Log, it appears that all or nearly all documents on the Log were produced by RIDEM to Southern Union nearly a month ago, on October 25. When we first began to review that production we came across what we believed were attorney-client communications and immediately halted our review and informed you of our finding. On November 2 we alerted you of our concern in writing and asked whether you intended to produce these documents. You subsequently informed us that, after you received our notice, you re-reviewed some portion of the production and did not believe the documents you saw were privileged. You did not object to our continued review of the production and, on that basis, we continued and nearly completed our review when we received your Log last Friday.

We believe RIDEM has waived any claim of privilege with respect to its documents in two ways: first by producing the documents to Southern Union, and second by not conducting a thorough review of its production for privilege after we alerted you to our concerns. You may call David Ross or me if you want to discuss this matter.

Very truly yours,

[signature]

DAVID A. WOLLIN
DAW/cv

cc: John A. Tarantino, Esq.
David Ross, Esq.
Seth Davis, Esq.

400172_1.doc

DEM Affidavit Exh. 4

STATE CAPITAL
GLOBAL LAW FIRM GROUP

Member firms of the State Capital Global Law Firm Group practice independently and not in a relationship for the joint practice of law.

OFFICE OF LEGAL SERVICES
*Brian A. Wagner, Deputy Chief Legal Counsel*
**Tel.** (401) 222-6607
**Fax** (401) 222-3378
*brian.wagner@dem.ri.gov*

November 22, 2006

**By E-Mail**

David Wollin, Esq.
ADLER POLLOCK & SHEEHAN
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345

*Re:* *Corvello et al. v. New England Gas Co.*
*Subpoena to RIDEM*

Dear David:

Thank you for your letter of November 20, 2006. Please be advised that DEM's production of any privileged documents identified in the privilege log was wholly unintentional and was the result of error by the contractor that performed the bates numbering and scanning services. Accordingly, I am formally requesting the return of the CDs and any copies (paper or electronic) that have been made of those discs.

I acknowledged that you did in fact contact me on November 2, 2006 with concerns about the production of documents. I reviewed the documents that you referenced and found that they were technically privileged but harmless memos that merely referred your subpoena to other offices in DEM with a request that relevant documents be forwarded to the Office of Legal Services. Contrary to your letter, I never stated that the documents were not privileged. In response to your letter, I identified the kind of documents that I had reviewed and commented that if the documents that you had found were similar, that I would not assert privilege. Obviously, the privileged documents that you ultimately found on the CDs were far more extensive than you indicated in your November 2, 2006 letter and went far beyond the limited type of document that I indicated were not an issue for the Department.

Accordingly, since the documents were clearly produced in error, I am requesting that they be returned to DEM for appropriate segregation.

Very truly yours,

Brian A. Wagner

Cc: Patty Fairweather, Esq.

DEM Affidavit Exh. 5

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

1633 BROADWAY

NEW YORK, NEW YORK 10019-6799

212-506-1700

FACSIMILE: 212-506-1800

DAVID E. ROSS
212-506-1748

ATLANTA
HOUSTON
NEWARK

November 28, 2006

**BY E-MAIL**

Brian A. Wagner, Esq.
Deputy Chief Legal Counsel
Rhode Island Department of
Environmental Management
235 Promenade Street
Providence, Rhode Island 02908-5767

Re: Subpoena to RIDEM in
Corvello, et al. v. New England Gas Company

Dear Brian:

This will respond to your letter of November 22. Your letter states that RIDEM's production to us one month ago of hundreds of pages of privileged documents was the result of an error by RIDEM's contractor. Your letter also states that our November 2 letter to you -- alerting you to the fact that we located privileged documents in the production, and that we had sufficient concern that we halted our review pending your confirmation that the production was intentional -- merely "referenced" specific documents for your review. Your letter is wrong in both respects.

Last Monday, November 20, Jerry Petros and I advised you that it appeared that all of the documents on RIDEM's privilege log (produced the prior business day) had been produced to us on October 25. At that time you explained that you had delivered RIDEM's production to your scanning and copying contractor with instructions to Bates stamp all of the documents and then segregate the privileged documents so that there were two sets of scanned documents (and corresponding disks) -- one with privileged documents only and one with no privileged documents. Based on your directions to the contractor, you indicated that we should not have received any disk with any privileged documents.

In our November 2 letter to you, we did not reference any particular documents but indicated that we had come across apparently privileged communications, and sought

DEM Affidavit Exh. 6

RHODE ISLAND
DEPARTMENT OF ENVIRONMENTAL MANAGEMENT
235 Promenade Street, Providence, RI 02908-5767 TDD 401-222-4462

OFFICE OF LEGAL SERVICES
*Brian A. Wagner, Deputy Chief Legal Counsel*
**Tel.** (401) 222-6607
**Fax** (401) 222-3378
*brian.wagner@dem.ri.gov*

December 4, 2006

**By E-Mail**

David E. Ross, Esq.
1633 Broadway
New York, NY 10019-6799

*Re:* *Corvello et al. v. New England Gas Co.*
*Subpoena to RIDEM*

Dear David:

I am exceptionally offended by the seriously misleading statements contained in your letter of December 1, 2006, regarding the privileged documents that were inadvertently delivered to Attorney Wollin. Your letter improperly creates the impression that I have been unresponsive on this issue when in fact I fully responded to this issue on by letter dated November 22, 2006. The mere fact that you sent a reply on November 28, 2006, does not alter the fact that the privileged documents were inadvertently provided to you as a result of contractor error.

I note that your letter does not deny that my oral response to Attorney Wollin's letter of November 20, 2006, indicated that it was only a specific type of privileged document that I seen that I was unconcerned about, namely a one sentence memo from counsel to various DEM managers asking them to provide documents responsive to your subpoena. My oral message went on to state that **if** this was the type of privileged document that you were referencing in your November 2, 2006 letter, **then** I was not concerned. Since I did not hear back from either Attorney Wollin or yourself regarding the existence of other types of privileged documents, I assumed that this was the only type of privileged document that you had come across. At this point it is patently obvious that you came across far more than a couple of trivial cover memos and ultimately made a conscious decision not to correct my understanding of the full extent of the error that had been made.

DEM Affidavit Exh. 7

30% post-consumer fiber

I am disappointed that you find yourselves unable to resolve this matter in an honorable fashion. My motion will be filed tomorrow.

Very truly yours,

Brian A. Wagner

Cc: Patty Fairweather, Esq.
Greg Schultz, Esq.
David Wollin, Esq.