UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

----------------------------------------------------------------X

| | |
|---|---|
| GAIL, JOHN D. AND JOHN F. CORVELLO; LINDA M. AND ROBERT M. FERREIRA; GARY P. ROSE; VICTOR ROSE III; LORRAINE AND FRANK J. AGUIAR, JR.; CATHLEEN AND MICHAEL A. ALVARNAS; MARY LOU AND CARLOS AMARAL; FATIMA AMARAL; LIRIA AMARAL; BAY VIEW HOLY GHOST CITIZENS CLUB; DEBRA BEAUSOLEIL; ELLEN G. AND JOHN CABRAL; SUSAN CORREIA; MARIA I. AND PEDRO M. AMARAL; HENRY M. BEIROLA, JR.; STEPHEN BIGOS; NANCY ANN AND ROBERT BORDEN; JANE AND RICHARD A. BORGES; MARK BOUCHARD; SARA CABRAL; WILLIAM G. CAMARA; JUNYA. AND JOHN CAMBRA; JANICE M. AND BARRY C. CARROLL; KAREN A. AND CLAYWELL M. CHAFTON III; KATHLEEN AND JOHN CHRISTO; CAROLYN COLLINS; NORMENIA AND JOSE P. CORDEIRO; SHIRLEY M. CORDEIRO; PATRICIA AGUIAR; ISABEL M. AND FRANCIS R. CORREIA; COLLEEN FERNANDES AND MANUEL CHRISTO; DORIS AND DENNIS DUARTE; JOHN F. DUARTE; ESTATE OF CHRISTINA FARIAS; LINDA AND BARRY HAIR; MARY AND LARRY A. HELD; PAMELA A. AND EDWARD J. KLUS; RAYMOND AND JUDITH LEPAGE; VICTORIA AND MICHAEL MACOMBER; HILDA R., MYRON J., AND RICHARD M. MARTIN; JEAN AND THOMAS J. MEDEIROS; LINDA MELLO-FOURNIER; ELEANOR AND MICHAEL MONAST; EVELEYN MORRIS; ANTONE CUSTODIO; LUCIA AND DIMAS PAVAO; MANUEL AND ODELIA PAVAO; CYNTHIA A. REAGAN. DEBRA A. DEPAOLA, AND THE ESTATE OF GEORGE OLIVEIRA; LOIS AND STEPHEN J. SCANLON; MICHELLE AND DAVID SILVA; ANGELINA SILVIA; LOREE A. AND DANA SILVIA; | C.A. No. 05-0221T<br>(Related Cases: 05-274T; 05-370T 05-522T) |

DANA AND JOHN SILVIA; BARBARA A. AND TOBIAS SILVIA, JR.; GEORGIANNA AND ALVIN B. SIMPSON; ALVIN B. SIMPSON REVOCABLE TRUST; GEORGIANNA SIMPSON REVOCABLE TRUST; MARSHA AND CLINTON SKARKA; MARY SOUZA, MARY P. FARIA, VIRGINIA BORGES, HILDA MARTIN AND DELORES BOYLE; DANIEL J. TERCEIRO; THERESA FARIAS; MARGARET MEDEIROS; PAUL F. TERCEIRO; BRUCE THOMPSON; CAROLYN AND DENNIS VALOIS; HEATHER AND ANTONIO VIEIRA; BETSEY D. WARREN; LYNNE V. AND TIMOTHY WATERS; LISA AND ROBERT WILT, JR.; STEPHEN AND ROCHELLE FERRY; JOSE A. AND GINA ADORNO; EVELYN ROGERS; ADAM BRAGA; JENNIFER BRAGA; DONNA BRAGA; DAVID A. TAVARES; PAULINE CARVALHO; ERNEST AND NORMA SIMPSON; MARION BRADSHAW TRUST

*Plaintiffs*,

vs.

NEW ENGLAND GAS COMPANY, INC.,

*Defendant*.

-----------------------------------------------------------------X

**DEFENDANT NEW ENGLAND GAS COMPANY'S ANSWER**
**<u>TO THE SECOND AMENDED COMPLAINT</u>**

Defendant New England Gas Company, Inc. ("NEGasCo"), by its undersigned counsel, answers Plaintiffs' Second Amended Complaint ("Complaint"), as limited by the Court's Memorandum and Order dated November 3, 2006 (the "Court's Order"), as follows:

1. NEGasCo denies the allegations set forth in paragraph 1 of the Complaint except NEGasCo is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding plaintiffs' alleged ownership of property and/or residences in Tiverton.

2. NEGasCo is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Complaint. [2]

3. NEGasCo denies the allegations set forth in paragraph 3 of the Complaint.

4. NEGasCo is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 through 6 of the Complaint.

5. NEGasCo is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint, except denies that "the stockpiled soils . . . had a blue color associated with it, indicative of historic coal gasification waste material."

6. NEGasCo is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint.

7. NEGasCo denies the allegations set forth in paragraph 9 of the Complaint.

8. NEGasCo admits the allegations set forth in paragraph 10 of the Complaint.

---

[2] On December 1, 2005, the Court denied plaintiffs' motion to amend their complaint, while granting plaintiffs' leave to add Lisa M. Mendozo as a plaintiff. Although plaintiffs have failed to amend their Complaint to add Ms. Mendoza, NEGasCo's answer applies with equal force to Ms. Mendoza's claims.

9. NEGasCo is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint.

10. NEGasCo denies the allegations set forth in paragraph 12 through 17 of the Complaint.

11. NEGasCo denies the allegations set forth in paragraph 18 of the Complaint, except admits that it received a letter from RIDEM dated March 17, 2003, and respectfully refers the Court to the letter for its contents.

12. NEGasCo denies the allegations set forth in paragraph 19 of the Complaint.

13. NEGasCo denies the allegations set forth in paragraph 20 of the Complaint, except admits that long ago Fall River Gas Company maintained coal gasification facilities in Fall River, Massachusetts.

14. NEGasCo denies the allegations set forth in paragraphs 21 and 22 of the Complaint.

15. NEGasCo is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the Complaint.

16. NEGasCo is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint except admits that at a point in time the Town of Tiverton, Rhode Island instituted a “moratorium,” and refers to such provision for its terms and conditions.

17. NEGasCo denies the allegations set forth in paragraph 25 and 26 of the Complaint.

**COUNT ONE**

**Negligence**

18. In response to paragraph 27 of the Complaint, NEGasCo repeats and realleges its responses to paragraphs 1 through 26 of the Complaint as if such responses were fully set forth herein.

19. NEGasCo denies the allegations set forth in paragraphs 28 through 34 of the Complaint.

**COUNT TWO**

**Gross Negligence**

20. In accordance with the Court's Order dismissing Count Two of Plaintiffs' Complaint, no substantive response is required to paragraphs 35 through 41 of the Complaint.

**COUNT THREE**

**Strict Liability**

21. In response to paragraph 42 of the Complaint, NEGasCo repeats and realleges its responses to paragraphs 1 through 41 of the Complaint as if such responses were fully set forth herein.

22. NEGasCo denies the allegations set forth in paragraphs 43 through 46 of the Complaint.

**COUNT FOUR**

**Private Nuisance**

23. In accordance with the Court's Order dismissing Count Four of Plaintiffs' Complaint, no substantive response is required to paragraphs 47 through 50 of the Complaint.

**COUNT FIVE**

**Public Nuisance**

24. In response to paragraph 51 of the Complaint, NEGasCo repeats and realleges its response to paragraphs 1 through 50 of the Complaint as if such responses were fully set forth herein.

25. NEGasCo denies the allegations set forth in paragraphs 52 through 55 of the Complaint.

**COUNT SIX**

**Infliction of Emotional Distress**

26. In accordance with the Court's Order dismissing Count Six of Plaintiffs' Complaint, no substantive response is required to paragraphs 56 through 59 of the Complaint.

**COUNT SEVEN**

**Unauthorized Disposal of Hazardous Waste**

27. In accordance with the Court's Order dismissing Count Six of Plaintiffs' Complaint, no substantive response is required to paragraphs 60 through 62 of the Complaint.

**FIRST DEFENSE**

The Complaint, and each count alleged therein, fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Plaintiffs' claims are barred by the applicable statute of limitations.

**THIRD DEFENSE**

Plaintiffs' claims are barred by the doctrine of laches.

**FOURTH DEFENSE**

Plaintiffs lack standing to bring the claims asserted in the Complaint, and alternatively, plaintiffs failed to file suit in the correct legal capacity and/or with the required authorization and procedure.

**FIFTH DEFENSE**

Plaintiffs' claims are barred in whole or in part by the doctrines of waiver, estoppel, and/or unclean hands.

**SIXTH DEFENSE**

To the extent plaintiffs seek remediation (or its equivalent, whether styled as abatement of a nuisance, or otherwise), the Court lacks jurisdiction to order same, and plaintiffs can not obtain such remedy in this action, as such remedy falls exclusively within the jurisdiction of the Rhode Island Department of Environmental Management.

**SEVENTH DEFENSE**

Plaintiffs' claims are barred in whole or in part by plaintiffs' assumption of risk, including without limitation, because plaintiffs, or their predecessors in interest or their agents, had knowledge of and accepted and assumed the hazards and risks which caused, contributed to or resulted in their alleged damages.

**EIGHTH DEFENSE**

Plaintiffs have failed, refused and/or neglected to mitigate their damages alleged in the Complaint, and alternatively, plaintiffs have by their own acts and omissions increased their claimed damages.

**NINTH DEFENSE**

If the plaintiffs suffered any damage or loss, which NEGasCo denies, such damage or loss was not caused by, or legally attributable to, NEGasCo.

**TENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because none of the alleged acts or omissions by NEGasCo were the proximate cause or the actual cause of the injuries or damages allegedly sustained by plaintiffs, and, alternatively, because any injuries or damages allegedly sustained by plaintiffs were the result of intervening or superseding events, factors, occurrences or conditions not proximately caused by NEGasCo and for which NEGasCo is not liable.

**ELEVENTH DEFENSE**

Plaintiffs' alleged injuries are the fault of persons or entities other than NEGasCo, and for whose conduct NEGasCo is not responsible, and such claims are therefore barred against NEGasCo, or, in the alternative, such fault of persons or entities other than NEGasCo reduces plaintiffs' right of recovery by that amount which said fault of other persons or entities contributed to plaintiffs' alleged damages.

**TWELFTH DEFENSE**

Plaintiffs' claims premised on theories of agency are barred against NEGasCo because no employee, "servant" or agent of NEGasCo was authorized by NEGasCo to commit the relevant acts alleged in the Complaint.

**THIRTEENTH DEFENSE**

Plaintiffs' claims against NEGasCo are barred because, even assuming the occurrence complained of involved any NEGasCo by-products, the by-products were handled and disposed of in compliance with then applicable: (a) customs, codes,

practices, “state of the art” and/or technology of the trade and industry; and, alternatively, (b) laws and regulations.

**FOURTEENTH DEFENSE**

Plaintiffs’ claims are barred against NEGasCo because, even assuming the occurrence complained of involved any NEGasCo by-products, the by-products were supplied to a party that was knowledgeable, experienced and/or sophisticated with regard to the properties, potential hazards and manner of safe handling of such products.

**FIFTEENTH DEFENSE**

At all times relevant hereto, NEGasCo complied with all then applicable laws and regulations, and the claims asserted by the plaintiffs are, therefore, barred and/or preempted under state or federal law, or both.

**SIXTEENTH DEFENSE**

At all relevant times, defendants acted with due care, complied with all applicable laws and regulations, and otherwise conducted themselves reasonably under the circumstances.

**SEVENTEENTH DEFENSE**

Plaintiffs are not entitled to recover the types of damages, or the declaratory and injunctive relief, sought in the Complaint.

**EIGHTEENTH DEFENSE**

Plaintiffs’ claims for nuisance are barred in whole or in part by the doctrine of prescription.

**NINETEENTH DEFENSE**

Plaintiffs' claims are barred by their failure to join one or more necessary and/or indispensable parties.

**TWENTIETH DEFENSE**

Plaintiffs' claims are barred in whole or in part on the basis that the acts complained of were performed gratuitously, for public benefit and/or as a "Good Samaritan."

**TWENTY-FIRST DEFENSE**

Plaintiffs' punitive damages claim is barred as a matter of law and public policy.

**TWENTY-SECOND DEFENSE**

Plaintiffs' punitive damages claim cannot be sustained because an award of punitive damages would violate NEGasCo's due process, equal protection, and other rights guaranteed by law, and by the Constitution of the State of Rhode Island and the United States Constitution.

**TWENTY-THIRD DEFENSE**

The Complaint, and each cause of action therein, fails to set forth facts sufficient to entitle plaintiffs to an award of punitive damages.

**TWENTY-FOURTH DEFENSE**

The Complaint, and each cause of action therein, is barred on the basis that one or more governmental entities contracted for and/or sought the deposit of the materials which are alleged to have caused plaintiffs' injuries and damages.

**TWENTY-FIFTH DEFENSE**

The Complaint, and each cause of action therein, is barred on the basis that, as a matter of contract and/or operation of law, plaintiffs waived or otherwise relinquished their claims in connection with their purchase of their properties.

**TWENTY-SIXTH DEFENSE**

To the extent plaintiffs suffered any damage, such damage was caused by the "moratorium" imposed by the Town of Tiverton, and therefore, plaintiffs have no claim and can recover no damages from NEGasCo by reason of such governmental action.

**TWENTY-SEVENTH DEFENSE**

Plaintiffs' claims are barred by their failure to join all of their claims related to this matter in a single lawsuit against all allegedly responsible parties.

**TWENTY-EIGHTH DEFENSE**

Plaintiffs' claims are barred because any alleged dangers claimed were open and obvious at all relevant times.

**TWENTY-NINTH DEFENSE**

Plaintiffs' claims are barred in whole or in part by R.I. Gen. Laws § 9-1-29.

**THIRTIETH DEFENSE**

Plaintiffs' claims are barred in whole or in part because one or more governmental entities, including without limitation, the Rhode Island Department of Environmental Management and the Town of Tiverton, approved the development of plaintiffs' properties for residential improvement and development with actual or constructive knowledge of the conditions of which plaintiffs now complain.

**THIRTY-FIRST DEFENSE**

NEGasCo reserves the right to amend this answer, including to assert additional defenses based upon the discovery of additional facts.

**PRAYER FOR RELIEF**

WHEREFORE, NEGasCo requests that this Court enter judgment in its favor and against plaintiffs, dismissing the Complaint, and all claims therein, with prejudice, and awarding NEGasCo its costs, attorneys' and experts' fees and expenses, and granting NEGasCo such other and further relief as the Court deems just and proper.

**JURY DEMAND**

NEGasCo requests a trial by jury.

Dated: January 8, 2007

**ADLER POLLOCK & SHEEHAN P.C.**

/s/ *David A. Wollin*
John A. Tarantino (#2586)
David A. Wollin (#4950)
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
(401) 274-7200
Fax: (401) 351-4607

**KASOWITZ, BENSON, TORRES & FRIEDMAN LLP**
Eric D. Herschmann
David E. Ross
1633 Broadway
New York, New York 10019
(212) 506-1700

**BISHOP LONDON BROPHY DODDS**
Christina Dodds
3701 Bee Cave Road
Austin, Texas 78746
(512) 479-5900

*Attorneys for Defendant*
*New England Gas Company,*
*a division of Southern Union Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of January, 2007, I did send a true copy of the within document by electronic means (ECF) or email to the following:

| | |
|---|---|
| Robert J. McConnell, Esq.<br>Michael G. Rousseau, Esq.<br>Jonathan D. Orent, Esq.<br>Motley Rice LLC<br>321 South Main Street<br>Providence, RI 02940 | Neil T. Leifer<br>Thornton & Naumes, LLP<br>100 Summer Street, 30th Floor<br>Boston, MA 02110 |
| Mark W. Roberts<br>McRoberts, Roberts & Rainer, LLP<br>53 State Street<br>Boston, MA 02109 | |

/s/ *David A. Wollin*

*404320_1.doc*