# EXHIBIT 5

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
1633 BROADWAY
NEW YORK, NEW YORK 10019-6799
212-506-1700
FACSIMILE: 212-506-1800

DAVID E. ROSS
212-506-1748

ATLANTA
HOUSTON
NEWARK

November 28, 2006

**BY E-MAIL**

Brian A. Wagner, Esq.
Deputy Chief Legal Counsel
Rhode Island Department of
Environmental Management
235 Promenade Street
Providence, Rhode Island 02908-5767

Re: Subpoena to RIDEM in
Corvello, et al. v. New England Gas Company

Dear Brian:

This will respond to your letter of November 22. Your letter states that RIDEM's production to us one month ago of hundreds of pages of privileged documents was the result of an error by RIDEM's contractor. Your letter also states that our November 2 letter to you -- alerting you to the fact that we located privileged documents in the production, and that we had sufficient concern that we halted our review pending your confirmation that the production was intentional -- merely "referenced" specific documents for your review. Your letter is wrong in both respects.

Last Monday, November 20, Jerry Petros and I advised you that it appeared that all of the documents on RIDEM's privilege log (produced the prior business day) had been produced to us on October 25. At that time you explained that you had delivered RIDEM's production to your scanning and copying contractor with instructions to Bates stamp all of the documents and then segregate the privileged documents so that there were two sets of scanned documents (and corresponding disks) -- one with privileged documents only and one with no privileged documents. Based on your directions to the contractor, you indicated that we should not have received any disk with any privileged documents.

In our November 2 letter to you, we did not reference any particular documents but indicated that we had come across apparently privileged communications, and sought

your confirmation that their production was intentional. In your oral response, you stated that you had begun reviewing the production and specifically identified three documents by Bates number acknowledging that they were in fact privileged (and produced) but stating that you were not concerned regarding their production. We note that you later included these same three documents in RIDEM's privilege log.

By your own account of how the scanning and reproduction process was supposed to occur, we should not have received any privileged documents, including the three you specifically identified. Further, when we told RIDEM in writing on November 2, and you confirmed on November 3, that the production in fact included privileged documents, including the three you specifically identified, RIDEM should have known that for whatever reason we had received privileged documents. Yet, despite this unmistakable "red flag," RIDEM did not review the entire production to determine what additional privileged documents RIDEM produced, did not tell us to halt our review (and, indeed, confirmed that it was okay to continue our review) or ask us for return of the production, and did not conduct any further inquiry of its own. We then reviewed the remainder of the production including the approximately 400 pages of privileged documents in the 4,000 page production.

Against this background, it is clear that whether or not RIDEM's initial production of the documents was "inadvertent" within the meaning of the applicable cases (which we do not think is the case), RIDEM's conduct thereafter constituted a waiver of the privilege. Accordingly, Southern Union has no obligation to and will not return the documents.

If we have misapprehended any facts relevant to the process or procedure followed, please advise us immediately.

Sincerely,

David E. Ross /SB

David E. Ross

cc: John A. Tarantino, Esq.
David Wollin, Esq.