**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| GAIL, JOHN D.<br>AND JOHN F. CORVELLO, et al.<br><br>*Plaintiffs,*<br>v.<br><br><br>NEW ENGLAND GAS COMPANY, INC.;<br>*Defendant.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 05-221T |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF NON-PARTY RIDEM'S MOTION FOR PROTECTIVE ORDER REQUIRING THE RETURN OF INADVERTANTLY PRODUCED PRIVLIGED DOCUMENTS**

The issues raised by RIDEM's Motion for a Protective Order are far reaching and go well beyond those typically implicated in a motion of this type. The case law cited by the non-party Movant, RIDEM, and the Defendant all involve cases where a party to the action inadvertently discloses privileged materials, unlike the present situation involving a subpoena to a third-party. The complexity of the issues here stem from the fact that RIDEM is a non-party to this suit and is conducting an independent, concurrent investigation into the same set of operative facts involved in this lawsuit. Importantly, the RIDEM investigation is being conducted for the purposes of an altogether separate legal action.[1] The release of RIDEM's privileged material here would invariably prejudice the Plaintiffs in this case. The interests of justice, therefore, weigh heavily in favor of the granting of a protective order in this case.

---

[1] In fact, during the initial scheduling conference, this Court recognized the fact that the Plaintiffs to this suit would not be required to adopt the same position as RIDEM on the environmental abatement of the subject properties.

# ARGUMENT

Courts in the First Circuit have adopted a totality of the circumstances test to determine whether a production of privileged documents by a party to an action was inadvertent and whether such inadvertence should result in a waiver of any privilege that could be asserted over such documents. See Hernandez v. Esso Standard Oil Company, 2006 WL 1967364, *3 (D.P.R. 2006), Amgen, Inc. v. Hoechst Marion Roussel, Inc. 190 F.R.D. 287, 292-93 (D. Mass. 2000). Under this test, the Court should look to five factors in considering "'the circumstances relating to the inadvertent production, including (1) the reasonableness of the precautions taken to prevent inadvertent disclosure, (2) the amount of time it took the producing party to recognize its error, (3) the scope of the production, (4) the extent of the inadvertent disclosure, and (5) the overriding interest of fairness and justice.' *Amgen*, 190 F.R.D. at 291. '[D]epending on the totality of these factors, the court may rule either that the inadvertent disclosure has effected a waiver of the privilege or that the privilege remains intact.'" Hernandez v. Esso Standard Oil Company, 2006 WL 1967364, *3 (D.P.R. 2006). Though the issue of non-party disclosure of privileged material has not yet been examined, it seems to reason that the fifth and final factor relative to the overriding interest of fairness and justice must take precedence.

RIDEM is a non-party to this current action. The Court therefore, should focus on the overriding interests of fairness and justice relative to the parties in this case. It would be patently unfair to the Plaintiffs in this case to allow the disclosure of RIDEM's

privileged material. The prejudice that would result from any such disclosure would far outweigh any potential probative value that such material might offer.

## A. The Plaintiffs in this Action will Necessarily be Prejudiced by the Release of RIDEM's Privileged Material.

As this Court is aware, limited discovery rights were granted to the Defendant, during the fall of 2006, for the purposes of preparation for the emergency deposition of Mr. Jose Souza. To that end, the Defendant served non-party RIDEM with a subpoena for documents. RIDEM, acting in these exigent circumstances responded quickly by producing over six thousand pages of documents. The release of the documents in question was in-fact pursuant to this subpoena and not related to the initial disclosures of the parties to this case.

The inadvertent release of privileged material by RIDEM was outside the control of the Plaintiffs to this action, and any penalty for this inadvertent and innocent disclosure should not be borne by them. Though the Plaintiffs do not know precisely what documents were inadvertently released to the Defendant, the similar position of RIDEM and the Plaintiffs exposes the Plaintiffs to the likely possibility that this information would be used against the Plaintiffs in this proceeding.

Because of the similarity of position that RIDEM and the Plaintiffs find themselves in, the internal thoughts and discussions of RIDEM could be used by the Defendant as a gateway into the legal theories or impressions of the Plaintiffs' Counsel. The discussions over the use of particular experts and other closely guarded information could only be used to the detriment of the Plaintiffs. In order for fairness and justice to prevail clear boundaries must be drawn between the inner workings of the RIDEM and

those of Plaintiffs. Therefore, this Court must grant RIDEM's motion for a protective order.

**B. <u>The Defendant's Will Suffer No Prejudice By the Issuance of a Protective Order.</u>**

In their motion, the Defendant contends that

> At every turn, RIDEM failed to employ the vigilance necessary to protect its allegedly privileged documents from disclosure. "[I]t would be unjust to reward such gross negligence by providing relief from waiver." <u>Amgen v. Hoechst</u>, 190 F.R.D. at 293. In addition, it would be unjust to NEGasCo to deprive it of the use of highly relevant documents that RIDEM permitted NEGasCo to review and analyze for almost a month. Finally, the interest of justice should not reward RIDEM for blaming an innocent third party contractor for RIDEM's negligence.

Defendant's Motion Papers at 16. In light of the detrimental impact that this release would have on the innocent Plaintiffs in this case, this argument hardly seems persuasive. By adopting the totality of the circumstances test, courts in the First Circuit have recognized that the purpose of adopting such an approach was because

> each of the two rigid alternatives fails to take highly relevant issues into account. The "never waived" approach, for example, creates little incentive for attorneys to guard privileged material closely and fails fully to recognize that even an inadvertent disclosure undermines the confidentiality which undergirds the privileges. Likewise, while the strict accountability rule certainly holds attorneys and clients accountable for their lack of care, it nonetheless diminishes the attorney-client relationship because, in rendering all inadvertent disclosures--no matter how slight or justifiable--waivers of the privileges, the rule further undermines the confidentiality of communications.<u>Amgen, Inc. v. Hoechst Marion Roussel, Inc</u>. 190 F.R.D. 287, 292-93 (D. Mass. 2000).

Therefore, as Chief Judge Young reasoned in Amgen that “[p]roviding a measure of flexibility, the "middle test" best incorporates each of these concerns and accounts for the errors that inevitably occur in modern, document-intensive litigation.” Id. Denying a protective order here would not serve the underlying policies behind any of the approaches to inadvertent disclosure. Rather, in the current case, it would only serve to penalize the Plaintiffs. In reality, the Defendant has gained access to material that they never should have seen. They have had very limited access to this material over a short period of time. Finally, the mere possibility that almost 100 citizens engaged in a lawsuit of this magnitude could be severely prejudiced by the release of this information must outweigh any other concerns recognized under the totality of the current circumstances.

## CONCLUSION

For these reasons the Court must look to the interests of fairness and justice and conclude that a protective order is essential to prevent the Plaintiffs from prejudice.

*Dated*: January 18, 2007

Respectfully submitted,

PLAINTIFFS,
By and through their attorneys,

/s/ Robert J. McConnell
Robert J. McConnell (#3888)
Jonathan D. Orent (#7408)
**MOTLEY RICE LLC**
321 South Main Street
Providence, RI 02940
(401) 457-7700

David C. Strouss
Neil T. Leifer
Brad J. Mitchell
**THORNTON & NAUMES LLP**
100 Summer Street, 30th Floor
Boston, MA 02110
(617) 720-1333

Mark W. Roberts
**MCROBERTS, ROBERTS & RAINER**
53 State Street
Boston, MA 02109
(617) 722-8222

**CERTIFICATION**

I hereby certify that a copy of the foregoing memorandum was mailed, first-class and postage pre-paid, to all counsel of record per the attached service list on this 18th day of January, 2007.

/s/ Robert J. McConnell