UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

GAIL, JOHN D. AND JOHN F. CORVELLO, et al.

*Plaintiffs,*

vs.

NEW ENGLAND GAS COMPANY, INC.,

*Defendant.*

C.A. No. 05-0221T
(Related Cases: 05-274T; 05-370T; 05-522T)

**DEFENDANT NEW ENGLAND GAS COMPANY'S MOTION FOR PROTECTIVE ORDER**

Defendant New England Gas Company ("NEGasCo") respectfully moves, pursuant to Fed. R. Civ. P. 26(c), for a protective order providing that: (a) NEGasCo's discovery deposition of Joseph "Jose" Souza be adjourned to on or after March 5, 2007; (b) the discovery and trial depositions of Mr. Souza be held at a law office or other neutral location unaffiliated with the parties or the witness in Tiverton, Rhode Island or Fall River, Massachusetts; (c) such depositions be conducted from day-to-day until completed (with appropriate hourly breaks); and (d) such depositions be attended only by party representatives and their counsel.

Dated: February 14, 2007

**ADLER POLLOCK & SHEEHAN P.C.**

/s/ *David A. Wollin*
John A. Tarantino (#2586)
David A. Wollin (#4950)
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
(401) 274-7200
Fax: (401) 351-4607

**KASOWITZ, BENSON, TORRES & FRIEDMAN LLP**
Eric D. Herschmann
David E. Ross
Seth Davis
1633 Broadway
New York, New York 10019
(212) 506-1700

**BISHOP LONDON BROPHY DODDS**
Christina Dodds
3701 Bee Cave Road
Austin, Texas 78746
(512) 479-5900

*Attorneys for Defendant*
*New England Gas Company,*
*a division of Southern Union Company*

**CERTIFICATION**

Movant hereby certifies that it has in good faith conferred with Plaintiffs' counsel in an effort to resolve the dispute without court action and was unable to resolve the dispute.

/s/ *David A. Wollin*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of February, 2007, I did send a true copy of the within document by electronic means (ECF) or email to the following:

| | |
|---|---|
| Robert J. McConnell, Esq.<br>Michael G. Rousseau, Esq.<br>Jonathan D. Orent, Esq.<br>Motley Rice LLC<br>321 South Main Street<br>Providence, RI 02940 | Neil T. Leifer<br>Thornton & Naumes, LLP<br>100 Summer Street, 30th Floor<br>Boston, MA 02110 |
| Mark W. Roberts<br>McRoberts, Roberts & Rainer, LLP<br>53 State Street<br>Boston, MA 02109 | Paul Revere, III, Esq.<br>Law Offices of Paul Revere, III<br>226 River View Lane<br>Centerville, MA 02632 |
| Russell X. Pollock, Esq.<br>Campbell, Campbell, Edwards & Conroy, PC<br>One Constitution Plaza<br>Boston, MA 02129 | Brian R. Cunha, Esq.<br>Brian Cunha & Associates, P.C.<br>904 Broadway<br>East Providence, RI 02914 |

/s/ *David A. Wollin*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| GAIL, JOHN D. AND JOHN F. CORVELLO, et al.<br><br>*Plaintiffs*,<br><br>vs.<br><br>NEW ENGLAND GAS COMPANY, INC.,<br><br>*Defendant*. | C.A. No. 05-0221T<br>(Related Cases: 05-274T; 05-370T; 05-522T) |

**NEW ENGLAND GAS COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PROTECTIVE ORDER**

New England Gas Company ("NEGasCo") submits this memorandum of law in support of its Motion for Protective Order pursuant to Federal Rule of Civil Procedure 26(c), seeking an order adjourning to March 5, 2007 or thereafter the discovery deposition of Joe "Jose" Souza, noticed by plaintiffs for February 15, 2007, and seeking appropriate controls on the place, time and manner of such deposition and the ensuing "trial deposition" of Mr. Souza to be held thirty days after the conclusion of the discovery deposition.[1]

**The Facts**

In September 2006, plaintiffs twice came before Magistrate Judge Martin seeking, prior to the commencement of discovery, the expedited deposition of Joe "Jose" Souza

[1] Defense counsel met and conferred telephonically on three occasions with plaintiffs' counsel in an effort to resolve the adjournment and related issues that are the subject of this motion. While plaintiffs were prepared to adjourn the deposition to a date on or after March 5, 2007, and to agree that the deposition be held at a neutral location, plaintiffs would agree to same only on condition that defendant unreasonably truncate its examination of this allegedly key witness, thereby requiring NEGasCo to make this motion.

("Souza") on the basis that given Souza's advanced age it was necessary for plaintiffs to preserve his purportedly unique testimony. Plaintiffs' application stated that Souza had "recently agreed to testify" for plaintiffs, who are his lifelong neighbors in Tiverton. Plaintiffs' counsel represented that Souza is the only witness alive who will testify that manufactured gas plant materials from a Fall River Gas Company plant (NEGasCo's predecessor), were supposedly brought to and deposited in plaintiffs' neighborhood in Tiverton; indeed, counsel represented that Souza will testify that some 70 years ago, when he was 16, Souza rode aboard a truck and participated in hauling manufactured gas plant materials from a Fall River Gas Company plant to, and depositing it in, plaintiffs' neighborhood. At the Court's direction, plaintiffs' counsel thereafter made a written proffer of Souza's anticipated testimony. (See Disclosure of Expected Testimony of Joseph "Jose" Souza ("Souza Proffer"), attached as Exhibit 1.) Coincident with plaintiffs' submission of the proffer, Souza was hospitalized for gall bladder surgery.

Thereafter, Judge Martin entered an Order that once Souza recuperated and was available, defendant would first be permitted to conduct a "discovery deposition" of Souza, and would then have 30 days to follow up on Souza's testimony, after which plaintiffs could preserve Souza's testimony through a videotaped "trial deposition" which would include defendant's cross-examination. (See September 22, 2006 Order, Dkt. No. 53.)

In the last quarter of the year, defense counsel contacted Souza's grown son, Joe R. Souza, Jr. ("Souza Jr."), to check on Souza's recuperation and his availability for deposition. On December 15, 2006, Souza Jr. advised defense counsel, by e-mail, that Souza "has decided not to continue in this venture [i.e., the deposition process]" and that

the parties "should consider my father unavailable." Souza Jr. advised that he sent the same message to plaintiffs' counsel and expected them to respect it as well. (E-Mail from Souza Jr. to Robert McConnell, dated December 15, 2006, attached as Exhibit 2.) Defense counsel honored the Souza family's wishes, and did not attempt to contact or to interview Souza or Souza Jr.

Unbeknownst to defense counsel, plaintiffs and their counsel did not honor the Souza family's request. Instead, it is now apparent that plaintiffs and their counsel embarked on, and continued, a campaign to pressure Souza to testify to a particular set of facts, and to pressure Souza Jr. to that end as well. Defense counsel were unaware that individual plaintiffs and their counsel were using various "carrots and sticks" to prod the 87 year old Souza to "help his neighbors" by testifying to a particular set of facts. Defense counsel were also unaware that plaintiffs' counsel were secretly setting dates for Souza's testimony; meeting with Souza and Souza Jr.; exchanging more than 20 e-mails with Souza Jr. who was acting on Souza's behalf; orchestrating meetings between Souza and RIDEM officials; and providing legal opinions to Souza and Souza Jr. that Souza has no liability for knowingly depositing allegedly hazardous waste in his neighborhood. Defense counsel were also unaware that for weeks Souza was available to testify but plaintiffs and their counsel did not make him available for deposition because he had repeatedly advised them that the Souza Proffer was false.

Out of the blue, on February 5, 2007, plaintiffs served a deposition notice seeking to compel defendant to conduct their discovery deposition of Souza eight days later at the home of Janice Carroll, a plaintiff who has met with Souza repeatedly over a period of

months to pressure him to testify.[2] Plaintiffs then served amended disclosure responses which reveal the shocking lengths to which they and their counsel have gone to pressure Souza to testify to what appears to be a patently false "story," including details which are simply not possible. The e-mails produced by plaintiffs reveal that:

- On December 8, 2006, Souza Jr. e-mailed plaintiffs' counsel to say: "I have some concerns about this process…. [Defense counsel] told me that he was told by your side that my father would be testifying that he was involved in trucking and spreading waste in the area. I spoke to my father and he told me he was 'never' involved with or in a truck that was involved in any of this so I will be concerned if he testif[ies] to anything [to the] contrary." (See E-Mail from Souza Jr. to Robert McConnell, dated December 8, 2006 ("Dec. 8, 2006 E-Mail"), attached as Exhibit 3) (emphasis added). After plaintiffs were told that the proffer submitted to the Court was false, no effort was made to advise the Court or modify the proffer that was used.
- Then, on December 22, 2006, Souza Jr. told plaintiffs' counsel that "in reviewing the [Souza Proffer plaintiffs' submitted to Judge Martin], I find that [the] information my Dad is giving me to be almost [the] opposite of what is written." (See E-Mail from Souza Jr. to Robert McConnell, dated December 22, 2006 ("Dec. 22, 2006 E-Mail"), attached as Exhibit 2) (emphasis added). Once again, no effort was

[2] Plaintiffs originally noticed the deposition for February 13. Plaintiffs adjourned the deposition notice to February 15, while counsel attempted to resolve the scheduling and related disputes.

made to advise this Court that the Souza Proffer (then outstanding for more than 3 months) was false.

- Over the ensuing weeks, plaintiffs and their counsel bombarded Souza Jr. with e-mails and phone calls, and plaintiff Janice Carroll apparently made unscheduled visits to Souza's home to pressure him to testify.
- Plaintiffs did not then seek to schedule Souza's deposition, nor advise defense counsel that Souza was then healthy enough and available to be deposed. Why? Because as Souza Jr. advised, Souza's testimony was going to be that he had nothing to do with trucking waste from FRGC to Tiverton, and because the facts were "opposite" of the Souza Proffer filed by plaintiffs' counsel. Plaintiffs did not want the deposition to be conducted if that was to be Souza's sworn testimony. (See Dec. 8, 2006 E-Mail; Dec. 22, 2006 E-Mail.)
- Thereafter, plaintiffs' counsel procured a meeting between Souza Jr. and officials from RIDEM (which is suing Southern Union in a parallel administrative proceeding) the purpose of which was for RIDEM to promise that it would not sue Souza as a responsible party if he testified to the facts in the proffer.
- In discussing the logistics of that meeting, Souza Jr. advised plaintiffs' counsel on January 11, "...once again my farther [sic] has reiterated to me a very limited involvement in this situation contrary to your initial meeting notes [i.e., the Souza Proffer]." (E-Mail from Souza Jr. to Robert McConnell, dated January 11, 2007, attached as Exhibit 4.)

- RIDEM apparently met with Souza Jr. on January 12, and followed that meeting with a January 13 letter in which RIDEM's Director, W. Michael Sullivan and its Executive Legal Counsel, Patty Fairweather, Esq., represented to Souza that "If you testify, [RIDEM] will not bring any action against you or your family for liability or to recover costs regarding contamination issues in the Bay Street Area of Tiverton, Rhode Island." (RIDEM Letter to Souza Jr., dated January 13, 2007, attached as Exhibit 5.) The clear implication was that if Souza did not testify, RIDEM could well pursue him as a responsible party.
- Yet, plaintiffs' counsel did not stop there in prodding Souza Jr. to have Souza testify to a state of facts that Souza Jr. had then <u>three times</u> advised plaintiffs' counsel was <u>not true</u>. Indeed, notwithstanding the patent conflict of interest in so doing, on January 22, plaintiffs' counsel wrote Souza Jr. confirming the legal advice previously provided that, "we do not believe that your Dad or your family face any legitimate liability resulting from this matter. Our legal opinion is based on our review of the pertinent laws dealing with corporations, employees and hazardous waste clean-up." (Motley Rice Letter to Souza Jr., dated January 22, 2007 ("Motley Rice Letter"), attached as Exhibit 6.)
- As a further inducement, plaintiff's counsel advised Souza Jr. in that January 22 letter that if Souza or his family was sued in connection with this matter, plaintiffs would find counsel to represent the Souzas

and would ensure that such counsel served at no cost to the Souza family. (See Motley Rice Letter.)

- While Souza Jr. then apparently decided to let his father testify, plaintiffs did not then advise NEGasCo that Souza was available. Instead, plaintiffs' counsel met with Souza on January 29, apparently bringing along with them an affidavit for the 87 year old to sign which would lock him into "a story" despite the fact that Souza Jr. had repeatedly advised that Souza could not and would not testify to such false statements.
- With all the pressure, promises and inducements referenced above, on January 29 Souza apparently signed a declaration that not only included every statement Souza Jr. said his father told him was contrary to fact, but which includes new details including ones not conceivably possible. (See Declaration of Joseph "Jose" Souza, dated January 29, 2007, attached as Exhibit 7.)

## Argument

A. The Discovery Deposition of Jose Souza Should Be Adjourned To On Or After March 5, 2007, To Permit Defendant Time To Conduct Limited, Expedited Discovery Including The Deposition of Souza Jr. And Three Plaintiffs Who Have Met With And Pressured Souza To Testify.

It is against this background that NEGasCo seeks a brief adjournment of Souza's deposition noticed out of the blue by plaintiffs on only eight days' notice.[3] NEGasCo seeks this adjournment to conduct limited expedited discovery of Souza Jr. and others

[3] Defense counsel also advised plaintiffs' counsel that they were not available on February 15 or 27, two alternate dates proposed by plaintiffs.

who have first hand knowledge of the pressure brought to bear to procure Souza's affidavit and his testimony, so that NEGasCo can have the full story in that regard before conducting what plaintiffs assert is the deposition of the only percipient fact witness in this case. Of course, NEGasCo should also have the opportunity to question Souza Jr. under oath as to the bases for his three statements to plaintiffs' counsel made over a span of many weeks that the proffer made to the Court was false and that the facts are indeed to the contrary. To that end, NEGasCo is in the process of serving and noticing the limited depositions of plaintiffs Janice Carroll, Gail Corvello and Robert Ferreira, and the deposition of Jose Souza Jr.[4]

Defendant submits that such adjournment is reasonable and appropriate because (a) plaintiffs delayed in noticing Souza's deposition until well after he recuperated and plaintiffs had orchestrated Souza's testimony as suited them; (b) there is no issue as to Souza's health at this time; and (c) in fairness defendant should have the opportunity to question Souza at their discovery deposition regarding the pressure, promises and inducements made to secure his testimony, and regarding his conversations with these witnesses including as to his knowledge or lack thereof regarding the events at issue.

Plaintiffs' counsel have also represented that Souza is available on or after March 5, 2007, and were willing to consent to such extension but for the inability to reach agreement on the time, place and manner of the deposition, as discussed below.

Accordingly, defendant's discovery deposition of Souza should be adjourned until

[4] In accordance with NEGasCo's representation to Judge Martin on September 21, 2006, NEGasCo is now in the process of serving Souza with a document subpoena to obtain historical and other records he may have pertinent to his purported testimony. Plaintiffs' counsel acknowledged the propriety of such a subpoena at that September motion hearing.

on or after March 5, 2007, with plaintiffs' videotaped deposition to be held 30 days after the conclusion of Souza's discovery deposition.[5]

B. The Court Should Set Appropriate Conditions on the Place, Time and Manner of the Discovery and Trial Depositions of Souza.

While NEGasCo is cognizant of its duty to reasonably accommodate Souza during his discovery and trial depositions, the conditions proposed by plaintiffs on the place, time and manner of the Souza depositions are unreasonable.

First, plaintiffs have noticed Souza's deposition to take place at 145 Judson Street, the home of Souza's neighbor, Janice Carroll, who is a plaintiff in this case, and who has apparently met with Souza on multiple occasions to pressure him to testify. As an initial matter, in accordance with Judge Martin's Order, this is NEGasCo's deposition and it is improper for plaintiffs to dictate the location of the deposition.[6] In any event, it is obviously inappropriate to hold the deposition at the home of one of the plaintiffs.

In an effort to resolve this issue, NEGasCo proposed to plaintiffs that both the discovery and trial depositions take place at a neutral location in Tiverton or Fall River, Massachusetts, such as a law office or conference room. This will ensure that Souza does not have to travel far for his deposition, while at the same time ensuring that there is nothing inherently prejudicial or coercive as regards the location. Further, NEGasCo offered to and is prepared to bear the rental expense, if any, associated with the use of a neutral location for Souza's depositions.

---

[5] In an effort to reach a compromise with plaintiffs to avoid this motion, NEGasCo was willing to shorten to 21 days the period between Souza's discovery and trial depositions. As no agreement was reached, the 30 day period provided in Judge Martin's September 22, 2006 Order controls on that issue.

[6] Plaintiffs have also insisted that Souza's discovery deposition be videotaped. Again, as plaintiffs well know, as provided by Magistrate Martin's Order, the discovery is intended for NEGasCo's benefit and the decision whether or not to videotape this deposition should be left to NEGasCo. Plaintiffs' will have an opportunity to preserve Souza's testimony by videotape when they take his "trial deposition."

Second, plaintiffs have demanded that NEGasCo 's discovery deposition be limited to two, two hour sessions to be held on different dates. Plaintiffs provide no justification whatever for any such limitation on NEGasCo 's examination of a witness plaintiffs bill as the only percipient fact witness in this case. NEGasCo submits that Souza's deposition should be conducted in accordance with the Federal Rules of Civil Procedure, such that each deposition should continue from day- to-day until completed. Of course, given Souza's age, NEGasCo recognizes that he may need to take breaks more often than a younger witness. Consequently, NEGasCo has no objection to scheduling breaks every hour that Souza is deposed.

Third, plaintiffs have advised that Souza's son, Souza Jr., intends to attend Souza's depositions. This is inappropriate. Souza Jr. is not a party to this matter, nor is he legal counsel to the witness. He thus has no standing to attend Souza's deposition. In addition, for the reasons set forth above, Souza Jr. is himself a witness and should not be in a position to influence his father's testimony, particularly during the depositions. Therefore, Souza Jr. should not be permitted to attend Souza's depositions in this matter.[7]

## Conclusion

For the reasons set forth above, NEGasCo respectfully requests that the Court grant its Motion for Protective Order providing that (a) NEGasCo 's discovery deposition of Jose Souza be adjourned to on or after March 5, 2007; (b) the discovery and trial depositions be held at a law office or other neutral location unaffiliated with the parties or the witness; (c) such depositions be conducted from day-to-day until completed (with

[7] To the extent that Souza Jr. desires to attend his father's deposition out of concern for his father's health, Souza Jr. can remain outside the deposition room.

appropriate hourly breaks); and (d) such depositions be attended only by party representatives and their counsel.

Dated: February 14, 2007

**ADLER POLLOCK & SHEEHAN P.C.**

/s/ *David A. Wollin*
John A. Tarantino (#2586)
David A. Wollin (#4950)
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
(401) 274-7200
Fax: (401) 351-4607

**KASOWITZ, BENSON, TORRES & FRIEDMAN LLP**
Eric D. Herschmann
David E. Ross
1633 Broadway
New York, New York 10019
(212) 506-1700

**BISHOP LONDON BROPHY DODDS**
Christina Dodds
3701 Bee Cave Road
Austin, Texas 78746
(512) 479-5900

*Attorneys for Defendant*
*New England Gas Company,*
*a division of Southern Union Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of February, 2007, I did send a true copy of the within document by electronic means (ECF) or email to the following:

| | |
|---|---|
| Robert J. McConnell, Esq.<br>Michael G. Rousseau, Esq.<br>Jonathan D. Orent, Esq.<br>Motley Rice LLC<br>321 South Main Street<br>Providence, RI 02940 | Neil T. Leifer<br>Thornton & Naumes, LLP<br>100 Summer Street, 30th Floor<br>Boston, MA 02110 |
| Mark W. Roberts<br>McRoberts, Roberts & Rainer, LLP<br>53 State Street<br>Boston, MA 02109 | Paul Revere, III, Esq.<br>Law Offices of Paul Revere, III<br>297 North Street, Suite 337<br>Hyannis, MA 02601 |
| Russell X. Pollock, Esq.<br>Campbell, Campbell, Edwards<br>& Conroy, PC<br>One Constitution Plaza<br>Boston, MA 02129 | Brian R. Cunha, Esq.<br>Brian Cunha & Associates, P.C.<br>904 Broadway<br>East Providence, RI 02914 |

/s/ *David A. Wollin*

*408631_1.doc*