# Exhibit A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

* * * * * * * * * * * * * * * * C.A. NO. 05-221T

GAIL CORVELLO, et al

VS.

NEW ENGLAND GAS CO., INC.,

* * * * * * * * * * * * * * * *

DECEMBER 20, 2006
9:30 A.M.

PROVIDENCE, RI

BEFORE THE HONORABLE ERNEST C. TORRES,

SENIOR JUDGE

(Motion for Extension of Time)

FOR THE PLAINTIFFS:

ROBERT J. McCONNELL, ESQ.
Motley Rice, LLC
321 South Main Street
Suite 402
P.O. Box 6067
Providence, RI 02940-6067

FOR THE DEFENDANT:

DAVID E. ROSS, ESQ.
Kasowitz, Benson, Torres & Friedman, LLP
1633 Broadway
New York, NY 10019

-and-

DAVID A. WOLLIN, ESQ.
Adler, Pollock & Sheehan, P.C.
One Citizens Plaza
8th Floor
Providence, RI 02903

new law right now on new Federal Rule 26(b)5, but it seems to me that the commentary suggests that it is okay to sequester the documents in the law office of the party that inadvertently-- it's alleged to have inadvertently received them, as long as they are properly sequestered and not being reviewed, which I represent to the Court and my adversary that that is the case.

THE COURT: All right. First of all, I think we have to-- in determining-- there doesn't seem to be any real dispute here.

We have the disc that Mr. Ross has brought, and I think certainly the disc should be deposited with the Court, as I said earlier, and its ultimate fate will be determined by what the outcome of the motion to require its return is.

If New England Gas succeeds in its objection, then the disc will be returned to Mr. Ross to use in whatever manner he sees fit.

Alternatively, if RIDEM ultimately succeeds, then the disc will be given back to RIDEM. So that takes care of the disc.

Now we get to the hard copies that are printed out, and essentially what that boils down to is: Do we leave the hard copies with Mr. Ross' firm, with the assurance that they will not be reviewed by anyone, they'll be kept in a hermetically sealed container of some sort, or do we require

the documents to be deposited with the Court or returned to RIDEM?

Now, I can understand the concern that RIDEM has here, Mr. Shultz, but I think you would have to keep in mind that the way this came to light, apparently, was Mr. Ross and/or Mr. Wollin had the ethical sense to let you know that you had produced some things that they thought might be privileged. Is that--

MR. SCHULTZ: Well, Your Honor, I would say Rule 26-- I mean, I appreciate certainly--

THE COURT: Am I correct on that? Is that how this came to be?

MR. SCHULTZ: No. I would say Rule 26 is-- there may be an ethical issue here. Rule 26 is pretty clear, also, on what their duty is, beyond a simple ethical duty, and Your Honor--

THE COURT: Well, am I correct that it was Mr. Ross and/or Mr. Wollin that notified you that, hey, we have some things that you produced that we think may have been a mistake and they may be subject to some privilege claim you're asserting?

MR. SCHULTZ: There was a communication with regards to that issue, and certainly that RIDEM appreciates that, but that doesn't-- with regards to--

THE COURT: All right.

MR. SCHULTZ: Your Honor, just one more point, if I could. There is a privilege--

THE COURT: You want to try to snatch defeat from the jaws of victory?

MR. SCHULTZ: I'm trying my best.

There is a privilege log that details every single privileged document that is at issue today. So there is, again, no chance that, if-- again, I am unaware of the term sequester meaning that the-- a party, with regards to-- where this motion for protective order is issued against gets to sequester.

THE COURT: I've heard enough from you, Mr. Shultz. Sit down, please.

As I was saying, I think we have to remember how this issue came to the fore, and that was because Mr. Ross and Mr. Wollin contacted RIDEM to tell them this. It wasn't a situation where RIDEM discovered it and then had to twist somebody's arm to return it.

So I don't think we have to get into any, as Mr. Ross says, any groundbreaking ruling on this little nuance of Rule 26 as to what is meant by sequestration.

It seems to me that, under the circumstances, it should be sufficient, since Mr. Ross and Mr. Wollin revealed this in the first place, and they are officers of the Court, frankly, I would accept their representation that they will

keep these documents sequestered in their law office.

But in deference to your obvious concern about that, Mr. Shultz, I think-- and in light of Mr. Ross' willingness to do so, he doesn't want to go to the mat on this either, and there's no need to.

I'll treat that in the same way as the disc. You can return the hard copies or deposit the hard copies with the Court, subject to whatever the Court-- ruling the Court makes on the motion to require that they be returned.

And just to illustrate the folly of this, Mr. Shultz, is if there was any basis for your concern that Mr. Ross, or his law firm, were going to make improper use of these documents, they could have done so by now. They could have returned these hard copies now, and they could have copied the discs, they could have copied all of this.

So I really don't think that, you know, your concern is really that well-founded. But in deference to your feeling on it, as I say, that's the Court's ruling.

How long will it take you to return the hard copies, Mr. Ross?

MR. ROSS: Your Honor, we can have them boxed up and shipped to the Court-- what I was going to suggest, if you and Mr. Shultz will accept the representation, we can just destroy them. That's another alternative is just--

THE COURT: It's not necessary.