# UNITED STATES DISTRICT COURT
**FOR THE**
# DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **GAIL, JOHN D. and JOHN F. CORVELLO, et al.** | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | **C.A. No. 05-0221T** |
| **vs.** | ) | |
| | ) | |
| **NEW ENGLAND GAS COMPANY, INC.,** | ) | |
| | ) | |
| *Defendant* | ) | |

## MEMORANDUM IN SUPPORT OF RHODE ISLAND DEPARTMENT OF ENVIRONMENTAL MANAGEMENT'S ASSERTION OF PRIVILEGE OVER DOCUMENTS IDENTIFIED IN NOVEMBER 17, 2006 PRIVILEGE LOG

NOW comes the Rhode Island Department of Environmental Management ("RIDEM"), through its undersigned counsel and pursuant to the Court's March 7, 2007 bench order, and submits this memorandum in support of its properly asserted claims of privilege. In support hereof, RIDEM states as follows:

## I. INTRODUCTION

On March 7, 2007, the Court ordered RIDEM to submit by the close of business on March 8, 2007, a memorandum supporting its assertion that it properly asserted privilege over those documents withheld from production as identified in RIDEM's November 17, 2006 privilege log in response to New England Gas Company's ("NEGC") September 29, 2006 third party subpoena *duces tecum*.

As discussed in greater detail below, RIDEM properly asserted privilege over the documents identified in its privilege log by (1) conducting a detailed review of its relevant and responsive documents to identify those documents that contain privileged and/or confidential information; (2) determining on a document-by-document basis whether those documents are, in fact, protected from disclosure by application of any of the (a) attorney-client, (b) work product,

or (c) deliberative process privileges and, if so; (3) identifying such documents on a privilege log; and (4) providing that log to NEGC. As a result, the burden shifted to NECG to challenge the assertion of privilege or the sufficiency of the privilege log. NEGC failed to challenge RIDEM's assertion of privilege or the sufficiency of its log. Consequently, RIDEM's assertion of privilege is conclusively established for purpose of the Court's analysis of whether RIDEM's inadvertent and accidental production of its privileged documents to NEGC should result is a loss of privilege.

## II. DISCUSSION

### A. Once a Non-Party Meets Its Initial Burden To Assert Valid Privileges Under Rule 45(d)(2), the Burden Shifts to the Party Seeking Discovery To Challenge the Assertion of Privilege.

Rule 45 of the Federal Rules of Civil Procedure governs a non-party's duties in responding to a subpoena *duces tecum*. When responding to a subpoena, privileged documents may be withheld from production. Rule 45 requires the party asserting the privilege to identify with specificity the documents over which privilege is asserted and to describe the nature of the claimed privilege.[1] Specifically, Rule 45(d)(2) provides:

> When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

The producing party's initial burden is met by the production of a privilege log. *See In re Grand Jury Subpoena*, 274 F.3d 563, 575-76 (1st Cir. 2001) (explaining that courts consistently consider privilege logs to be "the universally accepted means" of asserting privilege claims in federal courts (quoting *Avery Dennison Corp. v. Four Pillars*, 190 F.R.D. 1, 1 (D.D.C. 1999)).

---

[1] The standard is the same for parties to a case under Rule 26(b)(5). *See, e.g.*, *In re Keeper of Records*, 348 F.3d 16, 22 (1st Cir. 2003) (explaining that a party asserting privilege bears the initial burden of showing that a privilege applies under Rule 26(b)(5)).

In the First Circuit, an entity preparing the privilege log must do "the best that [it] reasonably can" in describing the materials over which a claim of privilege adheres. *Id*. at 576. Following a page-by-page review of its documents, RIDEM determined that certain of its documents contained privileged attorney-client and/or deliberative process communications. Documents containing those privileged communications are identified in RIDEM's privilege log, specifically noting each document's author, recipient(s), date, subject matter and nature of privilege asserted.

In making its determinations regarding the applicability of privilege, RIDEM was guided by certain black letter law principles. Specifically, when determining whether the attorney-client privilege protects communications from disclosure, RIDEM, like the federal courts, must look to state law for guidance. *See, e.g., Ogden Corp.*, 202 F.3d at 461. The Rhode Island Supreme Court has confirmed the protection of the attorney-client privilege, stating that "[i]t is well established that 'communications by a client to his attorney for the purpose of seeking professional advice, as well as responses made by the attorney to such inquiries, are privileged communications not subject to disclosure.'" *State v. Grayhurst*, 852 A.2d 491, 512 (R.I. 2004) (citation and quotation marks omitted). RIDEM has also asserted deliberative process privilege over certain documents. The deliberative process, or executive privilege, has long been recognized by federal courts in the First Circuit. *See, e.g., Providence Journal Co. v. Dep't. of the Army*, 981 F.2d 552, 557 (1st Cir. 1992) (stating that the deliberative process privilege "is designed to safeguard and promote agency decision making processes") (citations omitted). A party seeking the protection of the privilege must establish that the information is both "predecisional" and "deliberative." *Id*. (citation omitted). RIDEM identified in its privilege log intra-agency communications that are both pre-decisional and deliberative. Disclosure of these communications would subvert the privilege's purpose, which "is to enhance 'the quality of agency decisions,' by protecting open and frank discussion among those who make them within

the Government. . . ." *Dep't of Interior v. Klamath Water Users Protective Assoc.*, 532 U.S. 1, 8-9 (2001) (citations omitted).

RIDEM's presentation of its November 17, 2006 privilege log identifying those of its documents over which it was asserting privilege satisfied its burden under Rule 45 to presumptively establish privilege over the documents identified therein.[2]

**B. RIDEM Met Its Initial Burden Under Rule 45(d)(2), Thus Shifting the Burden to New England Gas Company To Challenge RIDEM's Assertion of Privilege.**

Once the a valid privilege log is presented to the subpoenaing party pursuant to Rule 45(d)(2), the burden shifts to the party seeking discovery to challenge the sufficiency of the privilege log, the non-party's assertion of privilege or to establish an applicable exception to an asserted privileged. *FDIC v. Ogden Corp.*, 202 F.3d 454, 460 (1st Cir. 2000). Therein, the First Circuit noted "[i]f the privilege is established and the question becomes whether an exception to it obtains, the [burden] of persuasion shifts to the proponent of the exception." *Id*. at 460. Other courts agree. *See BG Real Estate Servs. v. Am. Equity Ins. Co.*, 2005 U.S. Dist. LEXIS 10330, at *10-11 (E.D. La. May 18, 2005) (explaining that the burden shifts back to the party seeking discovery once the objecting party establishes a valid privilege); *Perkins v. Gregg County*, 891 F. Supp. 363, 363 (E.D. Tex. 1995) (same).

Once the burden shifts, the party seeking discovery must show how specific entries on the privilege log are improper.[3] *See Daniels v. Am. Power Conversion Corp.*, 2007 WL 539643, at *4 (D.R.I. Feb. 15, 2007) (rejecting a challenge to a privilege log that was "not sufficiently focused and supported"). The party seeking discovery can bring a motion to compel discovery

[2] Pursuant to the Court's March 7, 2007 bench order, RIDEM will present to the court on March 12, 2007 a further explanation and justification for the assertion of privilege over those documents it still intends to assert privilege.

[3] NEGC's general statements in its briefing that RIDEM has failed to establish privilege do not meet the standard.

or it can seek *in camera* review of the documents in question. *See, e.g.*, *Bowling v. Hasbro*, 2006 WL 2345941, at *2 (D.R.I. Aug. 10, 2006).

In the almost four months since RIDEM produced its privilege log, NEGC has failed to challenge the sufficiency of the log or the assertion of privilege over any document identified therein, and therefore, has failed to carry its burden. Because NEGC failed to carry its burden, RIDEM's assertion of privilege over its documents is conclusively established.

**III. CONCLUSION**

By providing a privilege log to NEGC, RIDEM met its burden under Rule 45(d)(2). The burden then shifted NEGC to either challenge the sufficiency of RIDEM's log or its assertion of privilege(s). NEGC has done neither. Until such time as it does, RIDEM's assertion of privilege is presumptively established and the court may assess whether RIDEM's inadvertent and accidental production of its privileged documents to NEGC should result is a loss of privilege over those documents.

Dated: March 8, 2007

Respectfully submitted,
STATE OF RHODE ISLAND DEPARTMENT OF ENVIRONMENTAL MANAGEMENT
By its attorneys,

/s/ Gregory S. Schultz
Gregory Schultz (R.I. Bar No. 5570)
Susan Wilson (R.I. Bar No. 7278)
RIDEM – Office of Legal Services
235 Promenade Street, 4th Floor
Providence, RI 02908
Telephone (401) 222-6607
Facsimile (401) 222-3378

Of Counsel:
Lewis S. Wiener, Esq.
Sutherland Asbill & Brennan LLP
1275 Pennsylvania Avenue, NW
Washington, D.C. 20004-2415
Telephone: (202) 383-0140
Facsimile: (202) 637-3593

**Certificate of Service**

This document has been filed electronically pursuant to "AP for Electronic Filing in the United States District Court for the District of Rhode Island," Admin. Order 2006-01. This document is available for viewing and downloading via the court's Electronic Case Filing System at *https://ecf.rid.uscourts.gov/*.

Service upon the following parties was completed electronically via the ECF system on February 20, 2007, pursuant to Fed.R.Civ.P. 5(b)(2)(D) and §10(b) of Admin. Order 2006-01.

| | |
|---|---|
| John J. McConnell, Jr.<br>Robert J. McConnell<br>Aileen L. Sprague<br>MOTLEY RICE, LLC<br>321 South Main Street<br>Providence, RI 02940 | John A. Tarantino<br>David A. Wollin<br>ADLER POLLOCK & SHEEHAN<br>One Citizen's Plaza, 8th Flr.<br>Providence, RI 02903 |
| Christina C. Dodds<br>WATSON, BISHOP, LONDON & BROPHY<br>The Littlefield Building<br>106 E. 6th Street, Suite 700<br>Austin, TX 78701 | Eric D. Herschmann<br>David E. Ross<br>KASOWITZ, BENSON, TORRES &<br>FRIEDMAN, LLP<br>1633 Broadway<br>New York, NY 10019 |
| Mark W. Roberts<br>McROBERTS, ROBERTS & PALMER, LLP<br>Exchange Place<br>53 State Street<br>Boston, MA 02109 | |

/s/ Susan B. Wilson

Service upon the following parties has been made by regular mail, postage prepaid.

| | |
|---|---|
| Neil T. Leifer<br>Brad J. Mitchell<br>THORNTON & NAUMES<br>100 Summer Street<br>Boston, MA 02110 | Seth Davis<br>Kasowitz, Benson, Torres & Friedman, LLP<br>1633 Broadway<br>New York, NY 10019 |

/s/ Susan B. Wilson