UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| GAIL, JOHN D. AND JOHN F. CORVELLO, et al.<br><br>*Plaintiffs,*<br><br>vs.<br><br>NEW ENGLAND GAS COMPANY, INC.,<br><br>*Defendant.* | C.A. No. 05-0221T<br>(Related Cases: 05-274T; 05-370T; 05-522T) |

**NEW ENGLAND GAS COMPANY'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO RIDEM'S MOTION FOR PROTECTIVE ORDER**

At the Court's request, New England Gas Company ("NEGasCo") submits this supplemental memorandum of law in opposition to Rhode Island Department of Environmental Management's ("RIDEM") "Motion For Protective Order Requiring The Return Of Inadvertently Produced Privileged Documents" (hereafter "RIDEM's Motion").

**Argument**

In this case, when NEGasCo received 400 pages of documents from RIDEM and asserted that RIDEM had waived or lost any purported privilege as to all the documents through RIDEM's carelessness in producing its documents, NEGasCo was not required as well to challenge RIDEM's assertion of privilege as to each and every document on RIDEM's privilege log.

Cases that have addressed whether a producing party has waived or lost a privilege do not place the burden on the *receiving* party to establish that the documents at issue are *not* privileged. On the contrary, the burden is on the *producing* party in the first

instance – in the court proceeding addressing the loss of privilege issue -- to "show[] by a preponderance of the evidence that the communications should retain [their] privileged status." Amgen Inc. v. Hoechst Marion Roussel, Inc., 190 F.R.D. 287, 289 (D. Mass. 2000). The producing party's burden is to establish both that the privilege applies and that it has not been waived. Id. Accord, Marrero Hernandez v. Esso Standard Oil Co., C.A. No. 03-1485, 2006 WL 1967364, at *3 (D. Puerto Rico July 11, 2006) (same). That is, the producing party must establish all the elements of the privilege with an *evidentiary* showing based on competent *evidence*. Employers Reinsurance Corp. v. Mid-Continent Casualty Co., C.A. No. 01-2058-KHV, 2002 WL 1067446, at *2 (D. Kan. Apr. 18, 2002).

It is not sufficient for RIDEM to claim here that it satisfied its burden by producing a privilege log. A privilege log is not evidence and does not satisfy RIDEM's burden of producing competent evidence in support of its burden. See IBJ Whitehall Bank & Trust Co. v. Cory & Associates, Inc., C.A. 97 C 5827, 1999 WL 617842, at *5 (N.D. Ill. Aug. 12, 1999) (privilege log did not meet burden of providing evidence to support claim of privilege); CSX Transportation, Inc. v. Admiral Insurance Co., No. 93-132-CIV-J-10, 1995 WL 855421, at *1 (M.D. Fla. July 20, 1995) (burden of establishing the privilege can only be met through an evidentiary showing based on competent evidence and mere conclusory or *ipse dixit* assertions will not suffice). See also OneBeacon Ins. Co. v. Forman Int'l, Ltd., C.A. No. 04 Civ. 2271 (RWS), 2006 WL 3771010, at *4 (S.D.N.Y. Dec. 15, 2006) ("That burden cannot be met by mere conclusory or ipse dixit assertions in unsworn motion papers authored by attorneys.").

Moreover, RIDEM's privilege log was, as the Court has observed, "sketchy" at best and provided an inadequate basis for NEGasCo to mount a document by document

challenge. See United States v. Construction Prods. Research, Inc., 73 F.3d 464, 473-74 (2d Cir. 1996) (failure to produce a privilege log, in conjunction with evidentiary submissions, that demonstrates fulfillment of *all* the legal requirements for application of the privilege results in rejection of the privilege) (cited in FDIC v. Ogden Corp., 202 F.3d 454, 460 (1st Cir. 2000)); Universal City Dev. Partners, Ltd. v. Ride & Show Engineering, Inc., 230 F.R.D. 688, 695-96 (M.D. Fla. 2005) (privilege waived following inadvertent disclosure where party's privilege log was both untimely and failed to provide sufficient information to evaluate the claim of privilege); In re Universal Service Fund Tel. Billing Practices Lit., 232 F.R.D. 669, 671 (D. Kan. 2005) (failure to produce a privilege log or provision of an inadequate log may result in waiver of the privilege).

This case is unlike the typical one in which waiver is not at issue, and the producing party provides some documents and prepares a privilege log of withheld documents. Certainly, in that situation, it is reasonable to expect the requesting party, if it intends to seek documents on the privilege log, to challenge initially the assertion of privilege on a document by document basis, although the burden always remains with the proponent of the privilege. See In re Keeper of The Records (Grand Jury Subpoena Addressed to XYZ Corp.), 348 F.3d 16, 22 (1st Cir. 2003) (burden lies with the proponent of the privilege). Prior to such a challenge, there is no need for the producing party to meet any burden beyond its duty to provide an adequate privilege log. Here, by contrast, when the requesting party is challenging whether any purported privilege is still extant as to the documents delivered to the requesting party, it is unreasonable to *require* that requesting party to challenge the claimed privilege on a document by document basis too.

In this case in particular, once NEGasCo learned that RIDEM was going to move for a protective order as to *all* its documents and to contest the waiver, neither any case nor any rule shifted the burden to NEGasCo to mount an additional document by document challenge to RIDEM's assertion of privilege based on its anemic privilege log. Rather, the burden remained at all times with RIDEM to establish its invocation of privilege and, in particular, to do so in this "waiver" proceeding in the first instance.

To rule otherwise would require the requesting party *in every case* in which a blanket waiver has been asserted to engage in the time-consuming task of arguing privilege issues on a document by document basis, even though the privilege may well have been lost as to *all* the documents on a blanket basis. Such a holding would appear to be contrary to both law and logic. On the contrary, it is the producing party which has possession of the very documents at issue and has the burden to establish the applicability of privilege by competent evidence.

A contrary ruling in this case would exalt form over substance, particularly given the sketchiness of RIDEM's privilege log. Even though RIDEM was on notice of NEGasCo's "waiver" position, apparently for the want of a letter by NEGasCo stating that RIDEM's privilege log was inadequate (or a document by document challenge based on a sketchy privilege log), RIDEM now argues that all its documents are automatically privileged, absent a blanket waiver. Not only does this fly in the face of the clear law that *RIDEM* has the burden of both providing an adequately detailed privilege log and *proving* that the privileges are properly invoked, but it makes no practical sense when the dispute that has been joined is whether any applicable privilege has been lost. It certainly makes no sense here when so many documents are claimed to be privileged. Further, no

one can reasonably doubt that RIDEM's response to NEGasCo's letter would have been to assert that the log was satisfactory in every respect as asserted at yesterday's hearing. For example, when NEGasCo requested that RIDEM supplement its equally sketchy privilege log of documents concerning its dealings with Warroom, the copying contractor, RIDEM flatly refused, arguing nonsensically that it did not have to either: 1) identify the names of the authors and recipients of the documents claimed to be covered by the attorney/client and work product privileges; or 2) provide a description of the withheld documents other than words "Inadvertent Disclosure." Exhibit 1 attached.

Indeed, the principle of conserving scarce judicial resources counsels in favor of an approach that defers this Court's ruling on a document by document basis in favor of addressing the "loss of privilege" issue first. If the Court concludes RIDEM's carelessness has resulted in a loss of privilege, then there is no need to address each and every document on RIDEM's log. On the other hand, if the Court concludes that RIDEM's documents are not subject to a blanket waiver, then the Court can address the document by document analysis and conduct an *in camera* review, if necessary.

**Conclusion**

For the foregoing reasons, RIDEM's Motion For Protective Order should be denied in its entirety, and NEGasCo should receive the documents in question.

**ADLER POLLOCK & SHEEHAN P.C.**

/s/ *David A. Wollin*
John A. Tarantino (#2586)
David A. Wollin (#4950)
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
(401) 274-7200
Fax: (401) 351-4607
Date: March 8, 2007

**KASOWITZ, BENSON, TORRES & FRIEDMAN LLP**
Eric D. Herschmann
David E. Ross
1633 Broadway
New York, New York 10019
(212) 506-1700

**BISHOP LONDON BROPHY DODDS**
Christina Dodds
3701 Bee Cave Road
Austin, Texas 78746
(512) 479-5900

*Attorneys for Defendant*
*New England Gas Company,*
*a division of Southern Union Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of March, 2007, I did send a true copy of the within document by electronic means (ECF) or email to the following:

| | |
|---|---|
| Robert J. McConnell, Esq.<br>Michael G. Rousseau, Esq.<br>Jonathan D. Orent, Esq.<br>Motley Rice LLC<br>321 South Main Street<br>Providence, RI 02940 | Neil T. Leifer<br>Thornton & Naumes, LLP<br>100 Summer Street, 30th Floor<br>Boston, MA 02110 |
| Mark W. Roberts<br>McRoberts, Roberts & Rainer, LLP<br>53 State Street<br>Boston, MA 02109 | Paul Revere, III, Esq.<br>Law Offices of Paul Revere, III<br>226 River View Lane<br>Centerville, MA 02632 |
| Russell X. Pollock, Esq.<br>Campbell, Campbell, Edwards & Conroy, PC<br>One Constitution Plaza<br>Boston, MA 02129 | Brian R. Cunha, Esq.<br>Brian Cunha & Associates, P.C.<br>904 Broadway<br>East Providence, RI 02914<br><br>Gregory Schultz, Esq.<br>Brian Wagner, Esq.<br>RIDEM - Office of Legal Services<br>235 Promenade St., 4th Floor<br>Providence, RI 02908-5767 |

/s/ *David A. Wollin*

*410984_1.doc*