# UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **GAIL, JOHN D. and JOHN F. CORVELLO, et al.** *Plaintiff,* | ) | |
| **vs.** | ) | **C.A. No. 05-0221T** |
| **NEW ENGLAND GAS COMPANY, INC.,** *Defendant* | ) | |

## MEMORANDUM IN SUPPORT OF RHODE ISLAND DEPARTMENT OF ENVIRONMENTAL MANAGEMENT'S ASSERTION OF PRIVILEGE OVER DOCUMENTS IDENTIFIED IN REVISED PRIVILEGE LOG

NOW comes the Rhode Island Department of Environmental Management ("RIDEM"), through its undersigned counsel and pursuant to the Court's March 7, 2007 bench order and hereby submits this memorandum in further support of its properly asserted claims of privilege over documents identified in its Revised Privilege Log, attached hereto as Exhibit A.[1]

## I. INTRODUCTION

By bench order dated March 7, 2007, this Court ordered RIDEM to submit a memorandum providing further explanation and justification for the assertion of privilege over documents asserted to be privileged in response to New England Gas Company's ("NEGC") September 29, 2006 third party subpoena.[2]

[1] Consistent with the Court's direction at the March 7, 2007 hearing, RIDEM has carefully re-reviewed the documents identified in its original privilege log. As a result of that review, RIDEM has withdrawn its assertion of privilege over a number of its documents and have provided copies of the same to opposing counsel.

[2] Attached to NEGC's March 8, 2007 Supplemental Memorandum in Opposition to RIDEM's Motion for Protective Order is RIDEM's December 28, 2006 Privilege Log of documents withheld from production in response to NEGC's December 13, 2006 subpoena for RIDEM's documents relating to the agency's handling of the inadvertent and accidental disclosure of its privileged documents. The documents identified on the December 28, 2006 Privilege Log were never provided (accidentally or otherwise) to NEGC counsel. Prior to submitting the December

Pursuant to Rule 45(d)(3) of the Federal Rules of Civil Procedure, a party seeking to withhold communications from disclosure based upon a privilege must expressly assert the privilege and provide a description sufficient to enable the party seeking discovery to contest that claim of privilege. Thus, the party asserting a privilege must first conduct a review of all documents to establish whether the elements necessary for protection under the privilege are present.

## II. DISCUSSION

### A. RIDEM has Properly Asserted Privilege Over Those Documents Identified on its Revised Privilege Log as Containing Confidential Attorney-Client Privileged Communications.

Under Rhode Island law, "[i]t is well established that 'communications by a client to his attorney for the purpose of seeking professional advice, as well as responses made by the attorney to such inquiries, are privileged communications not subject to disclosure.'" *State v. Grayhurst*, 852 A.2d 491, 512 (R.I. 2004) (citation and quotation marks omitted). Furthermore, "attorney-client communications are protected only if the privilege has not been explicitly or implicitly waived by the client." *Id*. (citation and quotation marks omitted). Waiver can occur when a third party is present during the communications or when the communications are the subject of the action. *See Pastore v. Samson*, 900 A.2d 1067, 1084 (R.I. 2006) (citation omitted); *Grayhurst*, 852 A.2d at 512 (citation omitted).

The Affidavit of Patty Allison Fairweather, Executive Counsel for RIDEM, attached hereto as Exhibit B, attests that each document withheld under the assertion of the attorney-client

---

28, 2006 Privilege Log as an exhibit to its March 8th filing, NEGC had not formally challenged the sufficiency of the Log or RIDEM's assertion of privilege over the documents identified therein. RIDEM does not believe that NEGC has properly challenged the sufficiency of the December 28th Privilege Log. Nevertheless, the sufficiency of RIDEM's December 28, 2006 Privilege Log is addressed in Section II.D., below.

privilege either was prepared by a client for an attorney for the purpose of seeking professional advice or the responses of an attorney to requests for legal advice.Exhibit B at ¶ 4. The Affidavit further attests that no document for which RIDEM asserts the attorney-client privilege has been provided to any third party, other than counsel for NEGC by inadvertence and mistake. Id.

Based on the foregoing and following its *in camera* review of the documents attached to Ms. Fairweather's Affidavit, the Court should uphold RIDEM's assertion of privilege over the documents identified in its Revised Privilege Log as containing confidential attorney-client communications.

**B. RIDEM has Properly Asserted Privilege Over Those Documents Identified on its Revised Privilege Log as Reflecting Attorney Work Product.**

The work product privilege is recognized both by the federal courts and is codified in Rule 26(b)(3) of the Federal Rules of Civil Procedure. Rule 26(b)(3) states: "the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." Although generally "[t]he work product privilege may be waived through disclosure," if the disclosure is not inconsistent with maintaining the secrecy of the information from opposing counsel, disclosure does not waive the privilege. *In re Raytheon Sec. Litig.*, 218 F.R.D. 354, 359-60 (D. Mass. 2003) (citations omitted). Here, there was no disclosure to any third party, other than the inadvertent disclosure to NEGC's counsel.

Ms. Fairweather's Affidavit attests that each document withheld because of the work product doctrine was not disclosed or shown to third parties (other than the inadvertent disclosure to NEGC's counsel) and consists of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation. *See* Exhibit B at ¶ 5.

Based on the foregoing and following its *in camera* review of the documents attached to Ms. Fairweather's Affidavit, the Court should uphold RIDEM's assertion of privilege over the documents identified in its Revised Privilege Log as containing attorney work-product.

**C. RIDEM has Properly Asserted Deliberative Process or Executive Privilege.**

A party seeking the protection of the deliberative process or executive privilege must establish that the information to be protected from disclosure is both "predecisional" and "deliberative." *See, e.g.*, *Providence Journal Co. v. Dep't. of the Army*, 981 F.2d 552, 557 (1st Cir. 1992) (citing *Dow Jones & Co. v. Dep't. of Justice*, 908 F.2d 1006, 1008-09 (D.C. 1990)). Simply stated, the information "(1) must be prepared to assist the agency decision-maker in arriving at his decision and (2) must be a part of the deliberative process in that it makes recommendations or expresses personal opinions on the matter." *North Dartmouth Props. v. Dep't. of Housing and Urban Dev.*, 984 F. Supp. 65, 67 (D.Mass. 1997) (citations omitted).

The Affidavit of Terrence G. Gray, Acting Director of RIDEM, attached hereto as Exhibit C, attests that each document withheld under the deliberative process privilege was prepared by members of the Rhode Island government to assist a decision maker in arriving at his or her decision regarding the issuance of the NOV at issue in the AAD matter, styled In re: Southern Union Company d/b/a New England Gas Company, Notice of Violation OC&I/SR 06-01, AAD No. 06-001/SRE, pending before the State of Rhode Island and Providence Plantations Department of Environmental Management Administrative Adjudication Division, and that the documents make recommendations or express the personal opinions of the author.[3] Exhibit C at

[3] RIDEM is unaware of any case law in Rhode Island or the First Circuit outlining a standard or providing guidance on the proper procedure for asserting deliberative process/executive privilege. Mr. Gray's Affidavit was prepared in

¶¶ 4-5. Mr. Gray further attests that the disclosure of the information contained in the documents over which RIDEM has asserted deliberative process privilege would threaten the confidential and candid relationship among RIDEM staff, which is essential for the free exchange of information within RIDEM necessary to allow the agency to render decisions within the scope of its authority. Id. at ¶6.

Based on the foregoing and following its *in camera* review of the documents attached to Mr. Gray's Affidavit, the Court should uphold RIDEM's assertion of deliberative process or executive privilege over the documents identified as such in its Revised Privilege Log.

**D. RIDEM Properly Asserted Privilege Over Documents Identified in its December 28, 2006 Supplemental Privilege Log.**

NEGC attached RIDEM's December 28, 2006 Supplemental Privilege Log as Exhibit A to its March 8, 2007 Supplemental Memorandum in Opposition to RIDEM's Motion for Protective Order. NEGC neither asks this Court to opine on the sufficiency of RIDEM's Supplemental Privilege Log nor to rule on RIDEM's assertion of privilege over any of the documents listed therein. NEGC's continuing failure to properly carry its burden to challenge the sufficiency of RIDEM's assertion of privilege notwithstanding and in the interest of efficiency, RIDEM has attached hereto as Exhibit D a Revised Supplemental Privilege Log and submits for *in camera* review the documents identified thereon.

The documents identified on RIDEM's Supplemental Privilege Log, as revised, have never been produced to NECG's counsel, inadvertently or otherwise. Rather, following the submission of RIDEM's December 7, 2006 Motion for Protective Order regarding inadvertently produced

---

accordance with the standard recognized for the assertion of the deliberative process/executive privilege by the Federal government. *See Huntleigh USA Corp. v. U.S.*, 71 Fed. Cl. 726, 728 (2006).

documents, NEGC subpoenaed RIDEM's documents regarding its actions following the inadvertent disclosure, including its dealings with WarRoom, the copying contractor engaged in October 2006 to image RIDEM's documents. RIDEM elected not to contest NEGC's subpoena and produced to NEGC its non-privileged documents, withholding its privileged documents, which are identified on its December 28, 2006 Supplemental Privilege Log. RIDEM did not identify the name of each attorney who authored and received the documents listed on the Log believing that (1) pursuant to FRCP 26(b)(5)(A) NEGC could assess the applicability of the privilege asserted by RIDEM based on the disclosure that an attorney authored each document, and (2) the issue of how RIDEM internally handled the inadvertent disclosure was irrelevant to the issue of whether the disclosure was, in fact, inadvertent and whether such inadvertence triggered a waiver of privilege over these documents. Following an exchange of correspondence regarding this matter, NEGC filed its Opposition to RIDEM's Motion for Protective Order, moved this Court for expedited consideration of the matter and proceeded to oral argument without ever raising questions or concerns regarding RIDEM's Supplemental Privilege Log, until it filed its March 8, 2007 Supplemental Opposition.

RIDEM's Revised Supplemental Privilege Log (Exhibit D) identifies specifically the author and recipient(s) of each document withheld from production. As more fully set forth in Ms. Fairweather's Affidavit ¶¶ 7-9, RIDEM legal staff reviewed each document identified on the Revised Supplemental Privilege Log. Based on application of the legal standard for determining whether privilege applies, discussed in Section II A-C above, it was determined that a valid basis exists for withholding each of the documents listed on the Revised Supplemental Privilege Log. The documents listed on the Revised Supplemental Privilege Log are attached to the Revised Supplemental Privilege Log for the Court's *in camera* review.

## III. CONCLUSION

Through the submission of its Revised Privilege Log and Revised Supplemental Privilege Log, along with the Affidavits of Patty Allison Fairweather and Terrence Gray, and based further on the Court's *in camera* review of the documents submitted herewith, good cause exists to uphold RIDEM's assertion of privilege over these documents.

Dated: March 12, 2007

Respectfully submitted,
STATE OF RHODE ISLAND
DEPARTMENT OF ENVIRONMENTAL MANAGEMENT
By its attorney,

/s/ Lewis S. Wiener
Lewis S. Wiener; admitted *pro hac vice*
Sutherland Asbill & Brennan LLP
1275 Pennsylvania Avenue, NW
Washington, DC 20004-2415
Telephone: (202) 383-0140
Facsimile: (202) 637-3593

/s/ Susan B. Wilson
Gregory S. Schultz; RI Bar No. 5570
Susan B. Wilson; RI Bar No. 7278
RIDEM – Office of Legal Services
235 Promenade Street, 4th Floor
Providence, RI 02908
Tel. – (401) 222-6607
Fax - (401) 222-3378

**Certificate of Service**

This document has been filed electronically pursuant to "AP for Electronic Filing in the United States District Court for the District of Rhode Island," Admin. Order 2006-01. This document is available for viewing and downloading via the court's Electronic Case Filing System at *https://ecf.rid.uscourts.gov/*.

Service upon the following parties was completed electronically via the ECF system on February 20, 2007, pursuant to Fed.R.Civ.P. 5(b)(2)(D) and §10(b) of Admin. Order 2006-01.

| | |
|---|---|
| John J. McConnell, Jr.<br>Robert J. McConnell<br>Aileen L. Sprague<br>MOTLEY RICE, LLC<br>321 South Main Street<br>Providence, RI 02940 | John A. Tarantino<br>David A. Wollin<br>ADLER POLLOCK & SHEEHAN<br>One Citizen's Plaza, 8th Flr.<br>Providence, RI 02903 |
| Christina C. Dodds<br>WATSON, BISHOP, LONDON & BROPHY<br>The Littlefield Building<br>106 E. 6th Street, Suite 700<br>Austin, TX 78701 | Eric D. Herschmann<br>David E. Ross<br>KASOWITZ, BENSON, TORRES & FRIEDMAN, LLP<br>1633 Broadway<br>New York, NY 10019 |
| Mark W. Roberts<br>McROBERTS, ROBERTS & PALMER, LLP<br>Exchange Place<br>53 State Street<br>Boston, MA 02109 | |

/s/ Susan B. Wilson

Service upon the following parties has been made by regular mail, postage prepaid.

| | |
|---|---|
| Neil T. Leifer<br>Brad J. Mitchell<br>THORNTON & NAUMES<br>100 Summer Street<br>Boston, MA 02110 | Seth Davis<br>Kasowitz, Benson, Torres & Friedman, LLP<br>1633 Broadway<br>New York, NY 10019 |

/s/ Susan B. Wilson