# UNITED STATES DISTRICT COURT
FOR THE
# DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **GAIL, JOHN D. and JOHN F. CORVELLO, et al.** | ) | |
| *Plaintiffs,* | ) | **C.A. No. 05-0221T** |
| **vs.** | ) | |
| **NEW ENGLAND GAS COMPANY, INC.,** | ) | |
| *Defendant.* | ) | |

## AFFIDAVIT OF PATTY ALLISON FAIRWEATHER

I, Patty Allison Fairweather, Esq., Executive Legal Counsel for the State of Rhode Island Department of Environmental Management ("RIDEM"), being first duly sworn upon oath, hereby depose and say:

(1) I make this Affidavit in good faith and on the basis of personal knowledge and my personal review of certain internal RIDEM documents relating to the facts of this matter.

(2) I have the authority, by virtue of my position as Executive Legal Counsel for RIDEM, to make decisions regarding legal strategy on behalf of RIDEM.

(3) I have personally reviewed the documents listed below over which attorney-client and/or work product privilege is being asserted:

a) Bates No. 463: Agency member's notes from meeting involving attorney that summarize agency deliberations on RIDEM strategic action alternatives in Tiverton on pending issuance of NOV;

b) Bates No. 464-465: Handwritten notes from Conference Call with attorney C Flickinger, J Crawford, S Carney, D Albro and attorney B Wagner providing summary of proceedings and seeking legal advice;

c) Bates No. 479-480: Handwritten notes by D Albro for agency use in decisionmaking regarding 1) legal advice received from attorney P Fairweather and 2) intra-agency deliberations on issuance of NOV;

d) Bates No. 650: E-mail from S Carney, provided to B Wagner, D Albro and J Crawford, attaching draft NOV for attorney's review and comment;

e) Bates No. 651: E-mail from B Wagner, provided to D Albro, J Crawford, S Carney and P Fairweather, responding to client requests for legal advice regarding Draft NOV;

f) Bates No. 652-653: E-mail from S Carney, provided to B Wagner, D Albro, P Fairweather and J Crawford, responding to attorney's legal advice and seeking further advice on Draft NOV;

g) Bates No. 654-661: E-mail from D Albro, provided to B Wagner, J Crawford, S Carney and P Fairweather, providing opinion on penalty for NOV and seeking legal advice from attorney regarding that penalty;

h) Bates No. 662-663: E-mail from attorney B Wagner attaching draft NOV with attorney's comments and modifications, provided to S Carney, J Crawford, P Fairweather and D Albro;

i) Bates No. 664-669: E-mail from S Carney, provided to B Wagner, J Crawford, P Fairweather, T Tyrrell and T Gray, responding to attorney's revisions of Draft NOV and seeking further attorney's review;

j) Bates No. 670-676: E-mail from B Wagner, provided to S Carney, J Crawford, P Fairweather and D Albro responding to client requests for legal advice regarding Draft NOV;

k) Bates No. 677: E-mail from B Wagner to D Albro, S Carney and J Crawford providing attorney's comments and revisions based on meeting with client, and containing opinion on identification of MGP Wastes;

l) Bates No. 680: E-mail from B Wagner, provided to D Albro, S Carney, J Crawford and P Fairweather, containing proposed revisions for NOV from attorney;

m) Bates No. 775-777: E-mail from P Fairweather to T Gray, M Sullivan, B Wagner responding to client requests for legal advice on settlement agreement;

n) Bates No. 781-789: E-mail from G Coyne, provided to M Sullivan, P Fairweather, A Hodgkin, J Grybowski, P Robert and J Lee, providing opinion on agency's progress in settlement discussion with SU;

o) Bates No. 791-792: E-mail from T Gray, provided to D Albro, B Wagner, M Mulhare, K Schatz and M Sullivan, providing opinion on RIDEM's alternatives in the timing of issuing NOV, and seeking attorney's confirmation;

p) Bates No. 906: E-mail from G Mastrati to P Fairweather seeking legal advice from attorney on revisions to NOV;

q) Bates No. 907: E-mail from P Fairweather to G Mastrati, D Albro and B Wagner,

responding to request for legal advice regarding revisions to NOV;

r) Bates No. 1146: Personal meeting notes of T Gray for use in agency decision making on Tiverton case legal strategy; attorney Wagner present at meeting;

s) Bates No. 1147-1150: Draft letter and engagement document, sent from Sutherland Asbill & Brennan LLP (J Dweck and S Sparling) to P Fairweather;

t) Bates No. 1160-1166: Draft limited settlement agreement with attorney and staff comments & revisions;

u) Bates No. 1167-1169: Draft limited settlement agreement with attorney and staff comments & revisions;

v) Bates No. 2245-2246: E-mail from C Fuller, provided to B Vnderslice, J Crawford and R Enander, containing results of investigation prepared in anticipation of litigation by hired consultant;

w) Bates No. 2247-2248: E-mail from C Fuller to B Vanderslice containing results of investigation prepared in anticipation of litigation by hired consultant.

(4) Each of the documents listed above over which RIDEM asserts attorney-client privilege constitutes an internal communication to or from a RIDEM attorney, is to or from a client, relates to ongoing litigation or legal representation or advice, and has not been disclosed to third parties, other than the inadvertent disclosure of these documents to counsel for NEGC.

(5) Each of the documents over which RIDEM asserts work product privilege constitutes an internal document which was prepared by or at the direction of an attorney with respect to or in anticipation of litigation, and has not been disclosed to third parties, other than the inadvertent disclosure of these documents to counsel for NEGC.

(6) Based on the foregoing, I have determined that attorney-client and/or work product privilege should be asserted and maintained over each of the documents listed above and on the attached privilege log.

(7) I have also reviewed each of the documents listed in RIDEM's Revised Supplemental Privilege Log, which is attached as Exhibit D to RIDEM's Memorandum Supporting its Assertion of Privilege dated and filed March 12, 2007.

(8) Each of the documents listed in RIDEM's Revised Supplemental Privilege Log and that are attached thereto and over which RIDEM asserts attorney-client privilege constitutes an internal communication to or from an attorney and to or from a client, relates to ongoing litigation or legal representation or advice, and has not been disclosed to any third party.

(9) Each of the documents listed in RIDEM's Revised Supplemental Privilege Log and that are attached thereto over which RIDEM asserts work product privilege constitutes an

internal document which was prepared by or at the direction of an attorney with respect to or in anticipation of litigation, and has not been disclosed to any third party.

Dated: March 12, 2007

PATTY ALLISON FAIRWEATHER, ESQ.
Executive Legal Counsel

STATE OF RHODE ISLAND
COUNTY OF PROVIDENCE

On this 12th day of March, 2007 before me personally appeared Patty Allison Fairweather, known to me to be the person described herein and who executed the foregoing instrument and he acknowledged that he voluntarily executed the same.

NOTARY PUBLIC
My commission expires:
August 28, 2009

NOTE: RIDEM's privileged documents, referenced herein, have been filed with the Court pursuant to RIDEM's Motion to Seal Documents That it Claims as Privileged on its Privilege Logs.