# UNITED STATES DISTRICT COURT
FOR THE
# DISTRICT OF RHODE ISLAND

| | |
|---|---|
| **GAIL, JOHN D. and JOHN F. CORVELLO, et al.**<br>*Plaintiffs,*<br>vs.<br>**NEW ENGLAND GAS COMPANY, INC.,**<br>*Defendant.* | **C.A. No. 05-0221T** |

## AFFIDAVIT OF TERRENCE GRAY

I, Terrence Gray, Assistant Director for Air, Waste, and Compliance for the State of Rhode Island Department of Environmental Management ("RIDEM"), being first duly sworn upon oath, hereby depose and say:

(1) I have been appointed by W. Michael Sullivan, PhD, Director of RIDEM, to serve as RIDEM's Director during his temporary absence.

(2) I make this Affidavit in good faith and on the basis of personal knowledge and my personal review of certain internal RIDEM documents more specifically identified herein.

(3) I have personally reviewed all of the internal RIDEM documents identified below over which RIDEM asserts deliberative process privilege:

a) Bates No. 452-462: Draft NOV - Bay Street Neighborhood Study Area Tiverton, Rhode Island with agency's handwritten and electronic comments and revisions;

b) Bates No. 463: Agency member's notes from meeting involving attorney that summarize agency deliberations on RIDEM strategic action alternatives in Tiverton on pending issuance of NOV;

c) Bates No. 464-465: Handwritten notes from Conference Call with attorney C Flickinger, J Crawford, S Carney, D Albro and attorney B Wagner providing summary of proceedings and seeking legal advice;

d) Bates No. 466-478: E-mail from S Carney to D Albro attaching draft NOV including comments and potential revisions;

e) Bates No. 479-480: Handwritten notes by D Albro for agency use in decisionmaking regarding 1) legal advice received from attorney P Fairweather and 2) intra-agency deliberations on issuance of NOV;

f) Bates No. 481: Handwritten note to D Albro providing S Carney's opinion regarding agency priorities in preparing the case;

g) Bates No. 482-495: Draft NOV including opinion of D Albro regarding supporting evidence for NOV, sent to S Carney;

h) Bates No. 648: Intra-agency document providing list of RIDEM members and RIDEM attorneys setting forth the dates in which each approved NOV action against Southern Union;

i) Bates No. 649: E-mail from D Albro to T Gray attaching draft NOV including comments and potential revisions; e-mail also provides description of RIDEM attorney's opinion on NOV;

j) Bates No. 650: E-mail from S Carney provided to B Wagner, D Albro and J Crawford attaching draft NOV for attorney's review and comment;

k) Bates No. 664-669: E-mail from S Carney, provided to B Wagner, J Crawford, P Fairweather, T Tyrrell, and T Gray responding to attorney's revisions of Draft NOV and seeking further attorney's review;

l) Bates No. 680: E-mail from B Wagner to D Albro, S Carney, J Crawford, and P Fairweather containing proposed revisions for NOV from attorney;

m) Bates No. 681: E-mail from S Carney provided to S Carney and T Tyrrell seeking other agency member's opinion on potential revisions to Draft NOV and expressing opinion on further required action on NOV;

n) Bates No. 687: Intra-agency e-mail from S Carney to B Ahern providing opinion on possible source of MGP residuals;

o) Bates No. 758-759: Intra-agency memo from T Gray to M Sullivan providing current agency positions on relationship with ENACT;

p) Bates No. 766-767: E-mail from T Gray to M Adelman providing agency opinion on pending enforcement action and source of MGP wastes;

q) Bates No. 781-789: E-mail from G Coyne provided to M Sullivan, P Fairweather, A Hodgkin, J Grybowski, P Robert, and J Lee providing opinion on agency's progress in settlement discussion with SU;

r) Bates No. 790: E-mail from A Hodgkin, provided to M Sullivan, J Grybowski, R Gribbin discussing need for meeting with Attorney General regarding enforcement action vs. SU;

s) Bates No. 791-792: E-mail from T Gray, provided to D Albro, B Wagner, M Mulhare, K Schatz, M Sullivan, providing opinion on RIDEM's alternatives in the timing of issuing NOV, and seeking attorney's confirmation;

t) Bates No. 798: E-mail from T Gray to M Sullivan providing opinion on agency's options in meeting with SU to discuss Tiverton matter;

u) Bates No. 800-801: E-mail from J Grybowski provided to M Sullivan, A Hodgkin, K McKay describing meeting with SU lawyers and seeking opinion on settlement agreement;

v) Bates No. 805: E-mail from T Gray to M Sullivan and L Hellested providing opinion on impact of communication with SU on enforcement action;

w) Bates No. 809-810: E-mail from M Adelman provided to M Sullivan, T Gray, R Santoro, L Krajewski, seeking opinion on settlement proposed by Southern Union;

x) Bates No. 812-820: E-mail from M Sullivan to A Hodgkin providing information (including opinions of agency members) for purposes of determining how to proceed with case;

y) Bates No. 821: E-mail from T Gray, provided to M Adelman, L Hellested, M Sullivan, discussing communications with attorney for Southern Union and providing opinion on RIDEM's action on non-compliance with NOI;

z) Bates No. 826: E-mail from K McKay to A Hodgkin, M Sullivan and J Grybowski, providing opinion on status of settlement with Southern Union and considering options regarding future legal action;

aa) Bates No. 831: E-mail from J Grybowski, provided to M Sullivan, J Neal, M Adelman, S Kass, T Costa, and C Richards, providing opinion on how agency should pursue action in Tiverton;

bb) Bates No. 832-833: E-mail from M Sullivan, provided to M Adelman, J Grybowski, J Neal, S Kass, T Costa and C Richards, providing opinion on how agency should pursue action in Tiverton;

cc) Bates No. 904: E-mail from G Mastrati to M Maynard providing information regarding Southern Union guarantees for Tiverton cleanup;

dd) Bates No. 1140-1145: Personal meeting notes of T Gray for use in agency decision making on Tiverton case strategy; for examples, sections of notes include topics such

as "proposed conclusions" and "next steps";

ee) Bates No. 1146: Personal meeting notes of T Gray for use in agency decision making on Tiverton case legal strategy; attorney Wagner present at meeting;

ff) Bates No. 1151-1152: Intra-agency memo from T Gray to M Sullivan providing current agency positions on relationship with ENACT;

gg) Bates No. 1158-1159: E-mail from L Hellested to T Gray and T Pena providing opinion on necessary formal response by RIDEM Director to Southern Union;

hh) Bates No. 1160-1166: Draft limited settlement agreement with attorney and staff comments & revisions;

ii) Bates No. 1167-1169: Draft limited settlement agreement with attorney and staff comments & revisions;

jj) Bates No. 1170-1186: Draft ATSDR Health Consultation with attorney and staff comments & revisions;

kk) Bates No. 2136-2217: Draft ATSDR Health Consultation with attorney and staff comments & revisions;

ll) Bates No. 2218: E-mail from L Hellested to K Owens re: Fuss & O'Neil work for ENACT;

mm) Bates No. 2219-2231: Draft comments and response to SIR with comments and revisions by L Hellested;

nn) Bates No. 2232-2238: Internal comments of R Enander to J Crawford and K Owens on hazard identification re: NEGas Human Health Risk Assessment;

oo) Bates No. 2239: E-mail from T Gray to M Sullivan and L Hellested providing opinion on Southern Union submissions and considering options for negotiations with Southern Union;

pp) Bates No. 2244: E-mail from R Enander to J Crawford providing opinion on ENVIRON submittals as related to enforcement action;

qq) Bates No. 2245-2246: E-mail from C Fuller, Provided to B Vanderslice, J Crawford, R Enander, containing results of investigation prepared in anticipation of litigation by hired consultant;

rr) Bates No. 2247-2248: E-mail from C Fuller to B Vanderslice containing results of investigation prepared in anticipation of litigation by hired consultant.

(4) Each of the documents listed above over which RIDEM asserts deliberative process privilege constitutes or contains an opinion, draft, discussion, recommendation, deliberation, or evaluation, for the purpose of allowing RIDEM to make a determination regarding the issuance and scope of the NOV at issue in the matter styled In re: Southern Union Company d/b/a New England Gas Company, Notice of Violation OC&I/SR 06-01, AAD No. 06-001/SRE, pending before the State of Rhode Island and Providence Plantations Department of Environmental Management Administrative Adjudication Division.

(5) Each of the documents over which RIDEM asserts deliberative process privilege constitutes an integral part of RIDEM's reasoning, thought process or legal analysis leading up to the adoption of RIDEM's decisions to issue the Notice of Violation and impose penalties against Southern Union Company, including without limitation, the bases for the violations alleged in the NOV and the nature and scope of the penalties sought to be imposed against Southern Union Company.

(6) Disclosure of the documents over which RIDEM asserts deliberative process privilege would threaten the confidential and candid relationship among RIDEM staff, which is essential for the free exchange of information necessary to allow RIDEM to made decisions within the scope of its authority.

Dated: March 12, 2007

Terrence Gray

TERRENCE GRAY
Acting Director and Assistant Director for Air, Waste, and Compliance

STATE OF RHODE ISLAND
COUNTY OF PROVIDENCE

On this 12th day of March, 2007 before me personally appeared Terrence Gray, known to me to be the person described herein and who executed the foregoing instrument and he acknowledged that he voluntarily executed the same.

NOTARY PUBLIC
My commission expires: 3/20/11

NOTE: RIDEM's privileged documents, referenced herein, have been filed with the Court pursuant to RIDEM's Motion to Seal Documents That it Claims as Privileged on its Privilege Logs.