# UNITED STATES DISTRICT COURT
**FOR THE**
## DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **GAIL, JOHN D. and JOHN F. CORVELLO, et al.** | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | **C.A. No. 05-0221T** |
| **vs.** | ) | |
| | ) | |
| **NEW ENGLAND GAS COMPANY, INC.,** | ) | |
| | ) | |
| *Defendant* | ) | |

**RIDEM'S AMENDED MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO EXCEED PAGE LIMIT ON MEMORANDUM EXPLAINING RIDEM'S BASIS FOR ASSERTING PRIVILEGE ON ITS PRIVILEGE LOG**

NOW comes the Rhode Island Department of Environmental Management ("RIDEM"), through its undersigned counsel and hereby submits this amended memorandum of law in support of its motion seeking an order extending the page limit for exhibits to RIDEM's memorandum, due by the close of business on Monday, March 12, 2007, which will explain the basis on which it asserts privilege with respect to the documents on its privilege log (the "Privilege Memorandum").

This amended memorandum revises the anticipated number of pages for which RIDEM requests an order extending the page limits to the exhibits to the Privilege Memorandum to allow full submission of the affidavits of Patty Allison Fairweather and Terrence Gray, a RIDEM

Revised Privilege Log and a RIDEM Revised Supplemental Privilege Log. These documents support RIDEM's claim of privilege as stated in the Privilege Memorandum.

## ARGUMENT

The extension to the page limit for exhibits to RIDEMs memorandum, described above, is necessary to allow for the full submission of RIDEM's revised privilege logs for this matter and two affidavits supporting the privilege logs. RIDEM asserts that there is good cause for this extension for the following reasons.

First, RIDEM asserts that the privilege logs for this matter and the two affidavits RIDEM intends to submit in support of the basis on which it asserts privilege with respect to the documents on its privilege log are necessary to support RIDEM's assertion of privilege.

Second, RIDEM believes in good faith that the requested extension to RIDEM's exhibit limit is the minimum number of pages necessary to adequately explain the basis on which it asserts privilege with respect to the documents on its privilege log.

Third, this is RIDEM's first request for an extension of the page limit requirements of this Court.

Lastly, Defendant, New England Gas Company, will not be prejudiced by this extension of the page limit. However, RIDEM will suffer prejudice if it has inadequate space to submit its privilege logs and affidavits in support the basis on which it asserts privilege with respect to the documents on its privilege log.

## CONCLUSION

For the foregoing reasons, RIDEM respectfully requests an order extending the page limit for exhibits to RIDEM's memorandum, allowing for the full submission of RIDEM's privilege

logs for this matter and two affidavits supporting the privilege logs, which will explain the basis on which RIDEM asserts privilege with respect to the documents on its privilege logs.

Dated: March 12, 2007

Respectfully submitted,

STATE OF RHODE ISLAND DEPARTMENT
OF ENVIRONMENTAL MANAGEMENT
By its attorneys,

/s/ Gregory S. Schultz

Gregory Schultz (R.I. Bar No. 5570)
Susan Wilson (R.I. Bar No. 7278)
RIDEM – Office of Legal Services
235 Promenade Street, 4th Floor
Providence, RI 02908
Telephone (401) 222-6607
Facsimile (401) 222-3378

Of Counsel:
Lewis S. Wiener, Esq.
Sutherland Asbill & Brennan LLP
1275 Pennsylvania Avenue, NW
Washington, D.C. 20004-2415
Telephone: (202) 383-0140
Facsimile: (202) 637-3593

**Certificate of Service**

This document has been filed electronically pursuant to "AP for Electronic Filing in the United States District Court for the District of Rhode Island," Admin. Order 2006-01. This document is available for viewing and downloading via the court's Electronic Case Filing System at *https://ecf.rid.uscourts.gov/*.

Service upon the following parties was completed electronically via the ECF system on February 20, 2007, pursuant to Fed.R.Civ.P. 5(b)(2)(D) and §10(b) of Admin. Order 2006-01.

| | |
|---|---|
| John J. McConnell, Jr.<br>Robert J. McConnell<br>Aileen L. Sprague<br>MOTLEY RICE, LLC<br>321 South Main Street<br>Providence, RI 02940 | John A. Tarantino<br>David A. Wollin<br>ADLER POLLOCK & SHEEHAN<br>One Citizen's Plaza, 8th Flr.<br>Providence, RI 02903 |
| Christina C. Dodds<br>WATSON, BISHOP, LONDON & BROPHY<br>The Littlefield Building<br>106 E. 6th Street, Suite 700<br>Austin, TX 78701 | Eric D. Herschmann<br>David E. Ross<br>KASOWITZ, BENSON, TORRES &<br>FRIEDMAN, LLP<br>1633 Broadway<br>New York, NY 10019 |
| Mark W. Roberts<br>McROBERTS, ROBERTS & PALMER, LLP<br>Exchange Place<br>53 State Street<br>Boston, MA 02109 | |

/s/ Gregory S. Schultz

Service upon the following parties has been made by regular mail, postage prepaid.

| | |
|---|---|
| Neil T. Leifer<br>Brad J. Mitchell<br>THORNTON & NAUMES<br>100 Summer Street<br>Boston, MA 02110 | Seth Davis<br>Kasowitz, Benson, Torres & Friedman, LLP<br>1633 Broadway<br>New York, NY 10019 |

/s/ Gregory S. Schultz