UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| GAIL, JOHN D. AND JOHN F. CORVELLO, et al.<br><br>*Plaintiffs,*<br><br>vs.<br><br>NEW ENGLAND GAS COMPANY, INC.,<br><br>*Defendant*. | C.A. No. 05-0221T<br>(Related Cases: 05-274T; 05-370T; 05-522T) |

**NEW ENGLAND GAS COMPANY'S MEMORANDUM OF LAW**
**IN OPPOSITION TO RIDEM'S ASSERTION OF PRIVILEGE**

In accordance with this Court's March 7 directive, New England Gas Company ("NEGasCo") submits this memorandum of law in opposition to the Rhode Island Department of Environmental Management's ("RIDEM") assertion of privilege as to those documents now listed on RIDEM's revised privilege log.

## PRELIMINARY STATEMENT

This Court has already acknowledged that RIDEM's original privilege log was "sketchy" and failed to provide sufficient detail for NEGasCo to challenge the privileges invoked therein. (Tr. at 70:15.) As a matter of law, RIDEM lost its privilege when it first failed to provide a log of documents withheld that satisfies the requirements of Rule 26. Tellingly, when confronted with the prospect of in camera review, RIDEM has now revoked its privilege for over half of the documents from its original log -- which were never privileged to begin with -- and changed virtually every description on the revised log.

RIDEM's revised privilege log demonstrates the complete lack of care with which RIDEM produced the original log. Virtually every identifying factor has changed: the

description, nature of privilege claimed, and even the most basic identifying information such as recipient and addressees. It is also evident from the 200 pages of documents RIDEM has now "declassified" and produced that RIDEM continues to assert privilege without regard to whether the documents are in fact privileged. RIDEM has not met its burden to show that the documents on the original log are in fact privileged. In addition, RIDEM's utterly unfounded assertion of privilege as to more than half of the documents coupled with its complete reworking of its log as to the rest demonstrates the absence of the requisite good faith in the assertion of privilege. This Court should thus find that RIDEM has lost any privilege that may have existed.

Moreover, RIDEM has still not met its burden to establish that the documents on its revised log are protected from disclosure. The blanket assertion of deliberative process privilege, including the executive and joint agency characterizations -- RIDEM's primary basis for withholding documents -- is inadequately explained and does not support this qualified privilege. In addition, RIDEM has not even attempted to redact a single document withheld to produce those portions which contain non-privileged statements of fact. Further, RIDEM has not shown why either the work product doctrine or the attorney-client privilege is applicable to documents which were disclosed to parties outside of RIDEM. Even if these exemptions from disclosure were available in this case (which they are not), the insufficiency and inaccuracy of the descriptions do not justify protection.

## ARGUMENT

### I. RIDEM LOST ANY PRIVILEGE IT MAY HAVE HAD DUE TO THE INSUFFICIENCY OF ITS NOVEMBER 17, 2006 PRIVILEGE LOG

In addition to RIDEM's loss of privilege by its indisputably careless production of all of its purportedly privileged documents, RIDEM also lost any privilege it may have had by producing what this Court has already acknowledged was a "sketchy" and "very sparse" log that

was not at all sufficient to permit NEGasCo to assess or challenge the privileges asserted. (Tr. at 70:15, 22:3.)

Pursuant to Rule 26 of the Federal Rules, a party seeking to withhold documents on the basis of privilege must:

> make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

Fed. R. Civ. P. 26(b)(5)(A). Accordingly, RIDEM should not now be permitted belatedly to assert privilege over these documents.

A. RIDEM's Log Was So Inadequate That RIDEM Lost Any Applicable Privilege

RIDEM lost any applicable privilege by serving a privilege log that could not be meaningfully challenged. RIDEM's original log contained only the barest descriptions, lacked addressees, recipients and even a stated privilege in some cases. The Court itself has recognized the inadequacies of that log. (Tr. at 22:3, 70:15.) Such failings alone result in a loss of privilege. See NEGasCo's Supp. Mem. in Opp. to RIDEM's Motion for Protective Order, filed on March 8, 2007, at 2-3; U.S. v. Constr. Prods. Research, Inc., 73 F.3d 464, 473-74 (2d Cir. 1996).

B. RIDEM's Revised Log Evidences A Lack Of The Requisite Good Faith And A Lack Of Care In The Assertion Of Privilege

RIDEM's revised log is itself indisputable evidence that RIDEM's original log was insufficient to support any privilege. In fact, RIDEM has now removed 59 out of 104 documents previously listed on its log -- a concession that more than 60% of the documents were improperly withheld from NEGasCo's review.[1] It appears that RIDEM made the determination to withhold these documents for as long as it could, and certainly until RIDEM was confronted with the

[1] A chart identifying the now "declassified" documents RIDEM previously withheld as privileged is attached hereto as Exhibit 1. Specific examples of such documents are attached hereto as Exhibit 2.

prospect of this Court's in camera review. Such documents that RIDEM concealed for the past five months include RIDEM's communications with plaintiffs in this suit, RIDEM's public relations campaign coordinated with the Governor's office to discredit NEGasCo, and RIDEM's and others' admissions that NEGasCo is not responsible for certain contamination at issue, as well as news reports and perfunctory transmittal and vacation memos which no reasonable person could ever have considered privileged.

Moreover, RIDEM's revised log alters virtually every description, privilege, preparer and recipient, and is replete with inconsistencies between the original and revised logs, and within the revised log itself.[2] An example of the gross inconsistency and unreliability of the revised log is reflected in Bates Nos. 479-80. The descriptions on both logs state that the document consists of the handwritten notes of Dean Albro, yet the revised log indicates that it was prepared by someone else, Sean Carney. The original log notes that the privilege was "Deliberative Process," while the revised log also invokes "Attorney-Client" privilege. Moreover, while NEGasCo's counsel did not make detailed notes as to the contents of this or any other of the logged documents, counsel does recall enough to know that the description now proffered by RIDEM is inaccurate, and that there are clearly material statements of fact in that document which are not protected by any privilege. NEGasCo requests that the Court give particularly close attention to that document.[3]

Indeed, there is no discernible rhyme or reason for the privileges RIDEM does assert. For instance, RIDEM asserts deliberative process and the "Joint Agency Investigation" privilege

---

[2] Attached hereto as Exhibit 3 is a chart which sets forth the original description on the original log followed by the revised description (with the changes reflected in shaded text) of the still withheld document as it appears on the revised log.

[3] NEGasCo also requests that the Court consider whether privilege applies to factual admissions contained in that document regarding the propriety of filing the administrative suit against Southern Union. Cf. In re Sealed Case, 754 F.2d 395, 399 (D.C. Cir. 1985) (noting exception for "crime, fraud or other misconduct"); Tri-State Hosp. Supply Corp. v. U.S., No. Civ. A. 00-1463, 2005 U.S. Dist. LEXIS 33156, at *15 (D.D.C. Dec. 16, 2005) (noting that privilege may not be available where evidence that litigation process is abused or malicious prosecution).

over two documents involving the Department of Health. Bates Nos. 1170-86, 2136-2217. Yet, RIDEM asserts only the attorney-client privilege over two documents that also appear to involve the Department of Health. Bates Nos. 1160-66, 1167-69. Moreover, certain of RIDEM's descriptions do not support the invocation of any privilege. For example, one document withheld contains a list of RIDEM members and how they voted on the issuance of a Notice of Violation ("NOV") to Southern Union. Bates No. 648. Such information is clearly not protected from disclosure.

Further, RIDEM did not identify addressees or recipients on its original log, and this defect remains in the revised log. See Bates Nos. 452-62, 463, 482-95, 1158-59, 1160-66, 2218, 2247-48. Moreover, RIDEM even attempts, without explanation, to assert privilege over documents sent to and received from individuals that are not employees of RIDEM. See, e.g., Bates Nos. 775-77, 781-89, 798, 805, 812-20, 821, 826, 831, 1167-69, 1170-86, 2244, 2245-46. RIDEM's actions, particularly in light of its implicit admission that over half of its logged documents never were privileged, demonstrate that such log was not prepared with the requisite good faith or care, and warrants a finding that any arguably applicable privilege was lost. See Gen. Elec. Co. v. Johnson, Civ. Action No. 00-2855, 2007 U.S. Dist. LEXIS 8275, at *20 (D.D.C. Feb. 5, 2007) (finding waiver where party's actions "tend toward the kind of 'gamesmanship' that courts seek to discourage in the discovery context").

## II. RIDEM'S REVISED LOG DOES NOT SUPPORT A FINDING THAT THE DOCUMENTS ARE PRIVILEGED

RIDEM's revised log and its accompanying submissions also fail to justify RIDEM's re-tooled claims of privilege. In virtually every case, RIDEM has not established a basis for

invoking the deliberative process privilege, the work product doctrine or the attorney-client privilege. In fact, only a handful of documents appear to qualify for any privilege.[4]

A. RIDEM Has Not Met Its Burden To Show The Applicability Of The Deliberative Process Privilege

RIDEM previously asserted the deliberative process privilege over 83 of its 104 documents.[5] While RIDEM has declassified and produced almost half of those documents, RIDEM now asserts this privilege over 46 of the remaining 55 logged documents. Although the deliberative process privilege should be construed narrowly, RIDEM uses it wholesale to exclude all apparently harmful documents from disclosure. Providence Journal, 981 F.2d at 557.

Deliberative process applies only

> if it is both 'predecisional' and 'deliberative.'... A document is will be considered "predecisional" if the agency can (i) pinpoint the specific agency decisions to which the document correlates, (ii) establish that its author prepared the document for the purpose of assisting the agency official charged with making the agency decision, and (iii) verify that the document "precedes, in temporal sequence, the 'decision' to which it relates."

Id. (internal citations and quotations omitted). As this Court recognized during the March 7 hearing, there must be a policy decision at issue in order for RIDEM to assert this privilege. (Tr. at 16:25-17:3.) Yet, nowhere has RIDEM identified any such policy decision to which these documents purportedly relate.

In addition, unless the document reflects the "'give-and-take of the consultative process,'" it will not be protected under the deliberative process privilege. Id. at 559 (quotation omitted). Specifically, the document will be privileged only if it:

---

[4] To the extent the Court finds that RIDEM has not waived its right to assert privilege either by disclosing all of the privileged documents or providing a patently insufficient log in the first instance, NEGasCo does not challenge RIDEM's assertion of privilege over the following documents, subject to the Court's in camera review to determine whether non-privileged statements of fact are contained in such documents: Bates Nos. 649, 650, 651, 652-53, 662-63, 670-76, and 1146.

[5] The deliberative process privilege is also known as the executive privilege. Providence Journal Co. v. U.S. Dep't of the Army, 981 F.2d 552, 557 (1st Cir. 1992).

> (i) formed an essential link in a specified consultative process, (ii) " reflects the personal opinions of the writer rather than the policy of the agency," and (iii) if released, would "inaccurately reflect or prematurely disclose the views of the agency."

Id. (internal citations and quotations omitted). "Even where expressions of personal opinion generally render a document 'deliberative,' however, segregable factual portions of the document might still be subject to compelled disclosure." Id. (citing EPA v. Mink, 410 U.S. 73, 92 (1973)). Neither "'purely factual' material" nor documents that are "'merely peripheral to actual policy formulation'" are protected. Grand Cent. P'ship v. Cuomo, 166 F.3d 473, 482 (2d Cir. 1999) (quotation omitted).

To invoke this privilege, courts have required (i) a high-ranking official in the agency must assert the privilege, (ii) the documents must be adequately identified, and (iii) the agency must provide sufficient reason for asserting confidentiality. See, e.g., Reino de Espana v. Am. Bureau of Shipping, No. 03 Civ. 3573, 2005 U.S. Dist. LEXIS 15685, at *36-37 (S.D.N.Y. Aug. 1, 2005). RIDEM has satisfied none of these requirements.

In Reino, the court found that non-specific descriptions similar to those proffered here were insufficient to invoke the privilege. Id. at *40-41 (finding that the evidence "fails to give precise and certain reasons for asserting confidentiality over the disclosure of the documents"). See also Gen. Elec. Co, 2007 U.S. Dist. LEXIS 8275, at *34 (finding no privilege where the declaration did not explain how the documents contributed to a particular decision-making process). The court there reviewed the documents in camera and found that instead of being deliberative or predecisional in nature, many of the documents were factual and reflected the results of an investigation. Id. at *41. In fact, the documents concerned the "'development of a strategy,' which is not a policy matter." Id. (emphasis added). The court required such documents to be produced.

Other than the scant information in the revised log, RIDEM submits an affidavit from Terrence Gray to support its claims of deliberative process privilege. However, that affidavit simply reiterates the information contained on the log and conclusorily asserts that every document withheld involves RIDEM's determination, thought processes or analyses leading up to its decision to issue the NOV. (Affidavit of Terrence Gray ¶¶ 3-5.) As in Reino and Gen. Elec., the Gray affidavit is insufficient.

In addition to RIDEM's failure to demonstrate adequately the basis for this privilege, the descriptions of the documents reveal that the privilege has not been properly invoked. RIDEM made its decision to sue Southern Union in early 2006. See, e.g., Bates No. 804 (a March 2006 document stating RIDEM is about to sue Southern Union). Nearly all of the documents post-date this decision and do not relate to the decision to issue the NOV. For example, Bates No. 687 involves an "opinion on possible source of MGP residuals." The subsequent document pertains to "current agency positions on relationship with ENACT." Bates Nos. 758-59. RIDEM also asserts privilege over what appears to be a press release. Bates No. 904. There is no explanation of how the now final decision to issue the NOV or any non-final policy is involved with any of these documents, let alone how candor in the agency supports withholding these documents. Moreover, once a decision becomes final, predecisional documents may be subject to disclosure. See NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 161 (1975).

RIDEM also claims deliberative process privilege for fourteen documents between RIDEM and third parties, including press aides from the Governor's office, the Department of Health and such parties' consultants. Bates Nos. 758-59, 775-77, 781-89, 798, 805, 809-10, 812-20, 821, 826, 831, 1167-69, 1170-86, 2244, 2245-46. RIDEM's conclusory assertion that these

documents are subject to the deliberative process privilege is inherently suspect since the communications are not within the agency that is purportedly deliberating.

Moreover, RIDEM continues to maintain the deliberative process privilege over certain documents concerning a purported "policy decision" despite having conceded that no such privilege applies to similar documents which RIDEM previously withheld as privileged. (Compare Exs. 1 and 2 with Ex. 3.) RIDEM should not be permitted to pick and choose when it wants to assert privilege over certain communications while producing related communications it concedes are not privileged.

B. RIDEM Does Not Justify Its Invocation Of The Work Product Doctrine

The work product doctrine shields from production those documents that "were prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative." Fed. R. Civ. P. 26(b)(3). The purpose of the doctrine is to protect "the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case." U.S. v. Nobles, 422 U.S. 225, 238 (1975).

Here, RIDEM asserts the work product doctrine for two documents bearing Bates Nos. 2245-2246 and 2247-2248, which apparently concern the results of a soil investigation by a consultant.[6] Such factual investigation does not fall within the work product doctrine unless RIDEM can show that the consultant was performing legal work at the behest of RIDEM and that RIDEM could not have conducted such activities without the assistance of the consultant, akin to a translator. See U.S. v. Kovel, 296 F.2d 918, 921 (2d Cir. 1961). RIDEM has not even attempted to make that showing. Furthermore, testing of the soil screening levels is purely factual, does not involve the mental processes of counsel, and is not protected by the work

[6] RIDEM's alternative claim of privilege over these documents is deliberative process, a privilege which, as noted above, clearly does not cover factual statements such as the results of an investigation.

product doctrine. Moreover, no addressee or recipient is even listed for the second document. Accordingly, RIDEM has failed to establish the applicability of the work product privilege.

C. RIDEM Cannot Invoke The Attorney-Client Privilege Where It Has Disclosed The Document To A Third Party

As RIDEM acknowledges, disclosure of information otherwise protected by the attorney-client privilege to a third party results in the waiver of that privilege. (RIDEM Mem. at 2) Here, of the 21 documents for which RIDEM seeks to invoke the attorney-client privilege, four contain incomplete information concerning who prepared and/or received the document (Bates Nos. 463, 907, 1160-66, 1167-69), two were received or prepared by parties outside of RIDEM (Bates Nos. 781-89, 1167-69), and one concerns media communications for which RIDEM has not attempted to establish any privilege (Bates No. 906). In addition, three documents are described as drafts of agreements without any suggestion that any legal advice was sought in connection therewith. Bates Nos. 1147-50, 1160-66, 1167-69. Thus, RIDEM's revised privilege log and its accompanying submissions do not establish that these documents qualify for protection under the attorney-client privilege. RIDEM's incantation of legal "buzzwords" and conclusory statements about "legal advice" are insufficient to carry its burden of proving the applicability of privilege to these documents. Gen. Elec., 2007 U.S. Dist. LEXIS 8275, at *28. At a minimum, the deficiencies in the log require an in camera review to determine whether the remaining documents are legitimately protected under such privilege.

## CONCLUSION

For the reasons set forth above and those previously asserted by NEGasCo, RIDEM has lost any privilege applicable to the documents in question, and alternatively, has failed to demonstrate, as it must, that the documents are privileged.

Dated: March 16, 2007

**ADLER POLLOCK & SHEEHAN P.C.**

/s/ *David A. Wollin*
John A. Tarantino (#2586)
David A. Wollin (#4950)
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
(401) 274-7200
Fax: (401) 351-4607

**KASOWITZ, BENSON, TORRES & FRIEDMAN LLP**
Eric D. Herschmann
David E. Ross
1633 Broadway
New York, New York 10019
(212) 506-1700

**BISHOP LONDON BROPHY DODDS**
Christina Dodds
3701 Bee Cave Road
Austin, Texas 78746
(512) 479-5900

*Attorneys for Defendant*
*New England Gas Company,*
*a division of Southern Union Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of March, 2007, I did send a true copy of the within document by electronic means (ECF) or email to the following:

| | |
|---|---|
| Robert J. McConnell, Esq.<br>Michael G. Rousseau, Esq.<br>Jonathan D. Orent, Esq.<br>Motley Rice LLC<br>321 South Main Street<br>Providence, RI 02940 | Neil T. Leifer<br>Thornton & Naumes, LLP<br>100 Summer Street, 30th Floor<br>Boston, MA 02110 |
| Mark W. Roberts<br>McRoberts, Roberts & Rainer, LLP<br>53 State Street<br>Boston, MA 02109 | Paul Revere, III, Esq.<br>Law Offices of Paul Revere, III<br>226 River View Lane<br>Centerville, MA 02632 |
| Russell X. Pollock, Esq.<br>Campbell, Campbell, Edwards & Conroy, PC<br>One Constitution Plaza<br>Boston, MA 02129 | Brian R. Cunha, Esq.<br>Brian Cunha & Associates, P.C.<br>904 Broadway<br>East Providence, RI 02914<br><br>Gregory Schultz, Esq.<br>Brian Wagner, Esq.<br>RIDEM - Office of Legal Services<br>235 Promenade St., 4th Floor<br>Providence, RI 02908-5767 |

/s/ *David A. Wollin*

*412107_1.doc*