# UNITED STATES DISTRICT COURT
**FOR THE**
## DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **GAIL, JOHN D. and JOHN F. CORVELLO, et al.** | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | **C.A. No. 05-0221T** |
| **vs.** | ) | |
| | ) | |
| **NEW ENGLAND GAS COMPANY, INC.,** | ) | |
| | ) | |
| *Defendant* | ) | |

**RIDEM'S MOTION TO STRIKE OR, IN THE ALTERNATIVE, SUPPLEMENTAL RESPONSE IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER**

NOW comes the Rhode Island Department of Environmental Management ("RIDEM"), through its undersigned counsel, moves the Court to strike a letter from David A. Wollin, attorney for New England Gas Company, dated March 20, 2007 (the "Wollin Letter"). In the alternative, RIDEM submits a Supplemental Response in Support of its Motion for Protective Order, responding to the Wollin Letter. In support of this Motion/Supplemental Response RIDEM submits the accompanying memorandum of law.

WHEREFORE, RIDEM moves the Court to strike the Wollin Letter, or in the alternative, submits a Supplemental Response in Support of its Motion for Protective Order, responding to the Wollin Letter.

Dated: March 21, 2007

Respectfully submitted,
STATE OF RHODE ISLAND DEPARTMENT
OF ENVIRONMENTAL MANAGEMENT
By its attorneys,

/s/ Gregory S. Schultz

Gregory Schultz (R.I. Bar No. 5570)
Susan Wilson (R.I. Bar No. 7278)
RIDEM – Office of Legal Services
235 Promenade Street, 4th Floor
Providence, RI 02908
Telephone (401) 222-6607
Facsimile (401) 222-3378

Of Counsel:
Lewis S. Wiener, Esq.
Sutherland Asbill & Brennan LLP
1275 Pennsylvania Avenue, NW
Washington, D.C. 20004-2415
Telephone: (202) 383-0140
Facsimile: (202) 637-3593

# UNITED STATES DISTRICT COURT
**FOR THE**
## DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **GAIL, JOHN D. and JOHN F. CORVELLO, et al.**<br>*Plaintiff,*<br>**vs.**<br>**NEW ENGLAND GAS COMPANY, INC.,**<br>*Defendant* | ) | **C.A. No. 05-0221T** |

**MEMORANDUM IN SUPPORT OF RIDEM'S MOTION TO STRIKE**
**OR, IN THE ALTERNATIVE,**
**RIDEM'S RESPONSE IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER**

NOW comes the Rhode Island Department of Environmental Management, through its undersigned counsel and in response to a letter to the Court from David A. Wollin, attorney for New England Gas Company ("NEGC"), dated March 20, 2007, submits this Memorandum in Support of its Motion to Strike or, in the Alternative, Response in Support of its Motion for Protective Order.

**I. ARGUMENT**

Pursuant to the Federal Rules of Civil Procedure 12(f), the Rhode Island Department of Environmental Management ("RIDEM") moves the Court to strike Mr. Wollin's letter. Pursuant to Rule 7(a) of the Federal Rules of Civil Procedure parties may only seek relief from the Court in a motion. Federal Rule of Procedure 7(b)(2) states that the "rules applicable to captions and other matters of form of pleadings apply to all motions and other papers provided by the these rules." Mr. Wollin's letter does not comply with the Federal Rules of Procedure's form of pleadings and should, therefore, be stricken.

Additionally, Mr. Wollin's letter is a supplement to NEGC's March 16, 2007 Reply to RIDEM's Motion for Protective Order. NEGC has already had the opportunity to reply to RIDEM"s Motion. Had it wished to submit a Supplement to that Reply, it could have sought leave of court. It did not. Having failed to do so, NEGC should not be permitted to correspond with and seek relief from the Court outside of the measures provided in the Federal Rules of Civil Procedure. Moreover, all of the facts set forth in Mr. Wollin's letter took place prior to March 16, 2007 and could have been discussed in its Reply. NEGC has failed to show good cause why it did not and could not have included in its Reply the facts set forth in Mr. Wollin's letter.

RIDEM objects further to Mr. Wollin's letter to the extent it discloses what RIDEM believed were confidential settlement discussions regarding the possible resolution of the inadvertent production issue. Should the Court accept Mr. Wollin's letter, RIDEM is compelled to disclose the full context of the discussions between the parties so the Court has a complete understanding of the issues regarding the resolution of the inadvertently produced documents. In that regard, NEGC has mischaracterized RIDEM's position by quoting only a portion of the March 7, 2007 hearing transcript to make it appear that counsel for RIDEM agreed that NEGC could retain RIDEM's inadvertently produced documents. As reflected on pages 47 and 49 of the March 7th hearing transcript, a copy of which is attached hereto as Exhibit A, RIDEM's position is and has always been that NEGC should return or be required to return RIDEM's inadvertently produced documents. The email sent by RIDEM's counsel dated March 15, 2007, a copy of which is attached hereto as Exhibit B, details RIDEM's proposal to resolve this matter. Specifically, RIDEM proposed:

1. NEGC return (or stipulate that the Court return) to RIDEM all inadvertently produced documents identified on its Amended Privilege Log, attached as Exhibit A to the materials submitted to the Court on March 12;

2. NEGC's counsel may use the information it has already gleaned from RIDEM's inadvertently produced documents only in the pending Federal District Court action but not in the AAD action, subject to and without waiver of RIDEM's assertion of privilege over such documents and the information contained therein; and

3. In the event NEGC has a good faith belief that a witness is lying under oath or otherwise testifying in misleading manner and NEGC believes that information in a document identified on the aforementioned Exhibit A would impeach the witness, NEGC may petition the Court to compel RIDEM to disgorge that document. Alternatively, we would agree that the Court may retain possession of the documents in question. Regardless of whether RIDEM or the Court has possession of the documents, the burden would be on NEGC to demonstrate (a) the basis for its belief that the witness is lying or otherwise testifying in a misleading manner, and (b) without the document in question, NEGC will be unable to effectively cross-examine the witness.

NEGC did not respond to RIDEM’s proposal.

## II. CONCLUSION

WHEREFORE, for the reasons stated above, RIDEM moves the Court to strike the Wollin Letter, or in the alternative, submits a Supplemental Response in Support of its Motion for Protective Order, responding to the Wollin Letter.

Dated: March 21, 2007

Respectfully submitted,
STATE OF RHODE ISLAND DEPARTMENT
OF ENVIRONMENTAL MANAGEMENT
By its attorneys,

/s/ Gregory S. Schultz
Gregory Schultz (R.I. Bar No. 5570)
Susan Wilson (R.I. Bar No. 7278)
RIDEM – Office of Legal Services
235 Promenade Street, 4th Floor
Providence, RI 02908
Telephone (401) 222-6607
Facsimile (401) 222-3378

Of Counsel:
Lewis S. Wiener, Esq.
Sutherland Asbill & Brennan LLP
1275 Pennsylvania Avenue, NW
Washington, D.C. 20004-2415
Telephone: (202) 383-0140
Facsimile: (202) 637-3593

**Certificate of Service**

This document has been filed electronically pursuant to "AP for Electronic Filing in the United States District Court for the District of Rhode Island," Admin. Order 2006-01. This document is available for viewing and downloading via the court's Electronic Case Filing System at *https://ecf.rid.uscourts.gov/*.

Service upon the following parties was completed electronically via the ECF system on March 21, 2007, pursuant to Fed.R.Civ.P. 5(b)(2)(D) and §10(b) of Admin. Order 2006-01.

| | |
|---|---|
| John J. McConnell, Jr.<br>Robert J. McConnell<br>Aileen L. Sprague<br>MOTLEY RICE, LLC<br>321 South Main Street<br>Providence, RI 02940 | John A. Tarantino<br>David A. Wollin<br>ADLER POLLOCK & SHEEHAN<br>One Citizen's Plaza, 8th Flr.<br>Providence, RI 02903 |
| Christina C. Dodds<br>WATSON, BISHOP, LONDON & BROPHY<br>The Littlefield Building<br>106 E. 6th Street, Suite 700<br>Austin, TX 78701 | Eric D. Herschmann<br>David E. Ross<br>KASOWITZ, BENSON, TORRES &<br>FRIEDMAN, LLP<br>1633 Broadway<br>New York, NY 10019 |
| Mark W. Roberts<br>McROBERTS, ROBERTS & PALMER, LLP<br>Exchange Place<br>53 State Street<br>Boston, MA 02109 | |

/s/ Gregory S. Schultz

Service upon the following parties has been made by regular mail, postage prepaid.

| | |
|---|---|
| Neil T. Leifer<br>Brad J. Mitchell<br>THORNTON & NAUMES<br>100 Summer Street<br>Boston, MA 02110 | Seth Davis<br>Kasowitz, Benson, Torres & Friedman, LLP<br>1633 Broadway<br>New York, NY 10019 |

/s/ Gregory S. Schultz