IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * | * | C.A. NO. 05-221T |
| GAIL CORVELLO, et al | * | MARCH 7, 2007 10:12 A.M. |
| VS. | * | |
| NEW ENGLAND GAS CO., INC. | * | |
| * * * * * * * * * * * * * * * * | * | PROVIDENCE, RI |

BEFORE THE HONORABLE ERNEST C. TORRES,

SENIOR JUDGE

(RIDEM's Motion for Protective Order Requiring the Return of Inadvertently Produced Privileged Documents and RIDEM's Motion for Attorney Withdrawal)

FOR THE PLAINTIFF:

JOHN J. McCONNELL, JR., ESQ.
Motley Rice LLC
321 South Main Street
2nd Floor
Providence, RI 02903

FOR THE DEFENDANT:

DAVID E. ROSS, ESQ.
Kasowitz, Benson, Torres & Friedman, LLP
1633 Broadway
New York, NY 10019

DAVID A. WOLLIN, ESQ.
Adler, Pollock & Sheehan, P.C.
One Citizens Plaza
8th Floor
Providence, RI 02903

benefit of this information, the Court can say, return their documents, and it is impermissible for New England Gas Company counsel, or their colleagues in the other matter, to use these privileged documents as evidence.

Again, as Mr. Ross and his colleagues said, we can't put the genie back in the bottle, but we can limit the impact of this mistake-- and that's what it is, a mistake was made-- to the damage that has already been done. Again, the agency has felt acutely the damage that has been done. An enormous amount of resources have already been devoted to trying to get our documents back and to limit the exposure.

The attorney who should, admittedly, have done a more thorough job of reviewing these documents has been disciplined and removed from this case. There has been impact to this.

But what we believe is appropriate is that the impact not be felt far and wide. Our acute-- most acute interest, Your Honor, is in the deliberative process privilege.

THE COURT: Suppose these documents contain factual information. Would it be your contention that the Defendants would be precluded from using them to that extent, to establish-- to prove or disprove relevant facts in the case?

MR. WIENER: No, Your Honor. Again, facts, the

mere assertion of facts-- first, I assume that, if they are, it is just strictly factual information, that factual information can be derived from any number of sources that, again, many of which will have been produced, properly produced in the ordinary course of business in this case, but straight facts.

What we're concerned about are the opinions, the impressions of counsel and, most importantly, the deliberative process, Your Honor.

THE COURT: All right. Well, help me to understand how that material would be admissible anyway.

MR. WIENER: Your Honor, again, it is-- it gets to the question of, once they have a document, it can be used in a deposition. We're trying to limit the ability to use these documents to the extent they invade the province of deliberative process privilege, to the extent they invade the province of attorney-client, to be used for purposes of further discovery using those specific documents.

Again, I can't go over and erase what Mr. Ross may know in his mind, but I can and I ask the Court to limit the use of these documents so that there is no collateral waiver or broader subject matter waiver that would allow them to use these documents as a vehicle to probe into the deliberative processes of the agency, to further explore attorney-client information, to further explore, through

witnesses, attorney work product that may reflect notes that the attorney took of discussions among different people at the agency regarding strategy.

I believe that the Court has within its discretion, and I think that the amalgam of these cases results in a clear indication that this Court has pretty much unfettered discretion on how to deal with this.

On the timing issue, Your Honor, you noted about two weeks went by from the time of the notice to the time of the privilege log. And it was only at that point that Mr. Wagner was advised, hey, all of these documents have already been turned over.

Your Honor, there are some cases where they say a two-week delay is okay, that that didn't constitute a waiver. There are other cases that say 16 days are okay. There are other cases that say two days is not okay.

Again, in the context of the fact that you have a nonparty here who was trying to cooperate in discovery, produce its documents, keep the flow of information going when you had a hotly contested issue involved Jose Sousa, I think the Court should consider this in its totality.

Did the agency stub its toe? Absolutely. But Your Honor, again, just in closing, our request is that the Court order New England Gas counsel to return the documents to RIDEM.

We can't do anything about the information they may already have, but the Court has within its discretion to limit the impact to just this crater hole and not see the reverberations extend. If the Court is not inclined to do that, then we would request that, again, those documents be allowed to be used only in this case and not be allowed to be used in the administrative action, where there is no evidence of waiver.

But again, in the final analysis, we hope that the Court will understand and appreciate the exigencies of this situation, the earnest efforts that the agency made to protect its documents, the agency's intent to protect the documents, as evidenced by the fact that it continued to produce a privilege log and didn't discover the full extent of its mistake until it was brought to their attention once Mr. Wagner turned over the privilege log to New England Gas Company.

THE COURT: All right. Let me hear what Mr. Ross has to say.

MR. WIENER: Thank you, Your Honor.

MR. ROSS: Your Honor, I'll try to be brief and then address some of the specific issues that you went over with counsel.

THE COURT: Use the podium, please. I should have asked Mr. Wiener, too.