## Gregory Schultz

**From:** Wiener, Lewis [Lewis.Wiener@sablaw.com]

**Sent:** Thursday, March 15, 2007 2:22 PM

**To:** David Ross

**Cc:** Eric D. Herschmann; Petros, Gerald J.; Wollin, David; Cdodds@bishoplondon.com; Patty Fairweather; Pels, Gerry; Susan Wilson; Gregory Schultz

**Subject:** RE: Corvello v NEGC: Stipulation Resolving RIDEM Protective Order Motion

David: thank you very much for your e-mail and beginning the dialogue regarding resolution of the inadvertent production issue. We are always pleased to discuss the resolution of matters without the need for judicial intervention. That covers all issues in dispute, not just discovery related issues.

RIDEM does not accept your offer of compromise reflected in your client's proposed stipulation. RIDEM's position is and has always been that your client should return RIDEM's inadvertently produced documents. That position is reflected in the March 7th hearing transcript on pages 47 and 49.

RIDEM proposes the following resolution:

1. NEGC return (or stipulate that the Court return) to RIDEM all inadvertently produced documents identified on its Amended Privilege Log, attached as Exhibit A to the materials submitted to the Court on March 12;

2. NEGC's counsel may use the information it has already gleaned from RIDEM's inadvertently produced documents only in the pending Federal District Court action but not in the AAD action, subject to and without waiver of RIDEM's assertion of privilege over such documents and the information contained therein;

3. In the event NEGC has a good faith belief that a witness is lying under oath or otherwise testifying in misleading manner and NEGC believes that information in a document identified on the aforementioned Exhibit A would impeach the witness, NEGC may petition the Court to compel RIDEM to disgorge that document. Alternatively, we would agree that the Court may retain possession of the documents in question. Regardless of whether RIDEM or the Court has possession of the documents, the burden would be on NEGC to demonstrate (a) the basis for its belief that the witness is lying or otherwise testifying in a misleading manner, and (b) without the document in question, NEGC will be unable to effectively cross-examine the witness.

Please advise whether these conditions are acceptable so that we may advise the court

Best regards,

Lew Wiener

-----Original Message-----
**From:** David Ross [mailto:DRoss@kasowitz.com]
**Sent:** Thursday, March 15, 2007 2:01 PM
**To:** Wiener, Lewis
**Cc:** Eric D. Herschmann; Petros, Gerald J.; Wollin, David; Cdodds@bishoplondon.com; David Ross
**Subject:** Corvello v NEGC: Stipulation Resolving RIDEM Protective Order Motion

Lew: Will RIDEM advise today as to their position on our proposed stipulation? David

This e-mail and any files transmitted with it are confidential and may be subject to the attorney-client privilege. Use or disclosure of this e-mail or any such files by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please notify the sender by e-mail and delete this e-mail without making a copy.