# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

GAIL, JOHN D. AND JOHN F. CORVELLO, et al.

*Plaintiffs,*

vs.

NEW ENGLAND GAS COMPANY, INC.,

*Defendant.*

C.A. No. 05-0221T
(Related Cases: 05-274T; 05-370T; 05-522T)

**DEFENDANT NEW ENGLAND GAS COMPANY'S SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION TO RIDEM'S ASSERTION OF PRIVILEGE**

New England Gas Company ("NEGasCo") submits this supplemental memorandum of law in further support of its "Memorandum of Law In Opposition to RIDEM's Assertion of Privilege," which was filed March 16, 2007 (Dkt. Entry 171-1.) NEGasCo makes this submission to bring to the Court's attention relevant facts not available at the time of that submission.

On March 7, 2007, the Court heard oral argument on RIDEM's protective order motion seeking the return of purportedly privileged documents RIDEM produced to NEGasCo as a result of RIDEM's failure to conduct any quality control checks prior to the production, or to check the production even after NEGasCo's counsel alerted RIDEM to the inclusion of those documents. During oral argument, the Court noted the inadequacy of RIDEM's original privilege log (Tr. at 22:3, 70:15), and in anticipation of conducting an *in camera* review, directed RIDEM to supplement its log and to

demonstrate the applicability of the claimed privileges to the logged documents. On March 16, NEGasCo filed its memorandum in "Opposition to RIDEM's Assertion of Privilege" ("NEGasCo's Opposition Brief") demonstrating that RIDEM lost the privilege not only by reason of its grossly negligent production to NEGasCo but also by its inadequate original and supplemental privilege logs.

NEGasCo's Opposition Brief (at p. 4) called particular attention to the inadequacy of RIDEM's original and supplemental logs as regards two pages of handwritten notes, Bates numbered 479-80 (the "Handwritten Notes"), authored by Dean Albro, the Chief of RIDEM's Office of Compliance and Inspection. NEGasCo noted the inconsistency and unreliability of the privilege logs as regards the Handwritten Notes, and the fact that for various reasons such document is not, and could not be, privileged. (*Id.* at p. 4; Note 3.)

On March 16, coincident with NEGasCo's filing of its Opposition Brief in this case, NEGasCo began the deposition of Mr. Albro in the pending administrative suit brought by RIDEM against NEGasCo concerning the Bay Street Area. RIDEM designated Mr. Albro as one of its Rule 30(b)(6) witnesses on numerous subjects including generally as to the Notice of Violation issued by RIDEM to NEGasCo which forms the basis of RIDEM's suit. During Mr. Albro's deposition, he testified that three or four days in advance of the deposition, he reviewed the Handwritten Notes specifically to prepare for the deposition including to refresh his recollection as to the events reflected in those notes:

Q. When is the last time you reviewed that document?

A. Probably three or four days ago.

Q. Okay. Why did you review it three or four days ago?

A. In preparation of this deposition.

* * *

Q. Apart from these notes, did you review any other notes that you prepared in preparation for this deposition?

A. No.

Q. Okay. Is there a reason why you went back to review these notes in particular?

A. To understand -- just so that I would have a better understanding of the timeline that everything happened.

(Albro Deposition at pp. 177, 180-81; annexed hereto as Exhibit A.) Indeed, Mr. Albro testified as to numerous details reflected in the Handwritten Notes including who he spoke to, in what order, what they told him, and other facts refreshed by his review of the Handwritten Notes.

Yesterday, April 17, NEGasCo continued Mr. Albro's 30(b)(6) deposition in the administrative suit. When Mr. Albro was asked what documents, if any, he reviewed since the last session of his deposition for purposes of testifying, Mr. Albro testified that yesterday morning he once again reviewed the Handwritten Notes to prepare to testify at the deposition.

It is settled in Rhode Island, as it is under the Federal Rules of Evidence, that "if a witness uses a writing to refresh memory for the purposes of testifying," then "an adverse party is entitled to have the writing produced at the hearing, to inspect it, to cross-examine the witness thereon, and to introduce in evidence those portions which relate to the testimony of the witness." Rhode Island Rule of Evidence 612. *See White v.*

*Puerini*, C.A. No. PC 93-1281, 1996 WL 936967, at *2-3 (R.I. Super. Aug. 13, 1996).[1] Such provision applies equally to deposition testimony as to trial testimony. *See* R.I. R. Civ. P. 30(c).

Moreover, where a witness reviews an allegedly privileged document in preparation for deposition or trial testimony, any applicable privilege is lost and the document must in fairness be produced to the adverse party. *White*, 1996 WL 936967, at *2-3.

Here, notwithstanding the intense spotlight over the past 6 months on RIDEM's production of all of its purportedly privileged documents, RIDEM nevertheless *twice* prepared its 30(b)(6) witness for his deposition by having him review the Handwritten Notes to refresh his recollection of the eight months of events reflected in those Notes. RIDEM cannot credibly claim that this too was inadvertent error, nor can they again try lay the blame at the feet of their copy contractor or other third parties. For the reasons set forth above, RIDEM's conduct resulted in a loss of any conceivable privilege remaining as to the Handwritten Notes.

Dated: April 18, 2007

**ADLER POLLOCK & SHEEHAN P.C.**

/s/ *David A. Wollin*
John A. Tarantino (#2586)
David A. Wollin (#4950)
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
(401) 274-7200
Fax: (401) 351-4607

---

1 *See also* Fed R. Evid. 612 (which is analagous, but imposes a higher standard providing in (2) ..."if the Court in its discretion determines it is necessary in the interests of justice,....")

**KASOWITZ, BENSON, TORRES & FRIEDMAN LLP**
Eric D. Herschmann
David E. Ross
1633 Broadway
New York, New York 10019
(212) 506-1700

**BISHOP LONDON BROPHY DODDS**
Christina Dodds
3701 Bee Cave Road
Austin, Texas 78746
(512) 479-5900

*Attorneys for Defendant*
*New England Gas Company,*
*a division of Southern Union Company*

# CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of April, 2007, I did send a true copy of the within document by electronic means (ECF) or email to the following:

| | |
|---|---|
| Robert J. McConnell, Esq.<br>Michael G. Rousseau, Esq.<br>Jonathan D. Orent, Esq.<br>Motley Rice LLC<br>321 South Main Street<br>Providence, RI 02940 | Neil T. Leifer<br>Thornton & Naumes, LLP<br>100 Summer Street, 30th Floor<br>Boston, MA 02110 |
| Mark W. Roberts<br>McRoberts, Roberts & Rainer, LLP<br>53 State Street<br>Boston, MA 02109 | Paul Revere, III, Esq.<br>Law Offices of Paul Revere, III<br>226 River View Lane<br>Centerville, MA 02632 |
| Russell X. Pollock, Esq.<br>Campbell, Campbell, Edwards & Conroy, PC<br>One Constitution Plaza<br>Boston, MA 02129 | Brian R. Cunha, Esq.<br>Brian Cunha & Associates, P.C.<br>904 Broadway<br>East Providence, RI 02914<br><br>Gregory Schultz, Esq.<br>Brian Wagner, Esq.<br>RIDEM - Office of Legal Services<br>235 Promenade St., 4th Floor<br>Providence, RI 02908-5767 |

/s/ *David A. Wollin*

*414979_1.doc*

# EXHIBIT A

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS
DEPARTMENT OF ENVIRONMENTAL MANAGEMENT
ADMINISTRATIVE ADJUDICATION DIVISION

IN RE: AAD NO. 06-011/SRE

SOUTHERN UNION COMPANY
d/b/a NEW ENGLAND GAS COMPANY
NOTICE OF VIOLATION OC&I/SR 06-01

**VOLUME I**

Videotaped deposition of **DEAN H. ALBRO**, a Witness herein, taken on behalf of the Respondent, on FRIDAY, MARCH 16, 2007, 9:39 A.M., at the offices of HINCKLEY, ALLEN & SNYDER LLP, 50 Kennedy Plaza, Suite 1500, Providence, Rhode Island, before Vivian S. Dafoulas, Registered Merit Reporter/Certified Realtime Reporter.

ORIGINAL

Vivian S. Dafoulas, RMR-CRR
50 Fieldstone Drive
East Greenwich, RI 02818-2064
(401) 885-0992

**APPEARANCES**:

**FOR THE PETITIONER**:

SUTHERLAND, ASBILL & BRENNAN LLP
BY: LEWIS S. WIENER, ESQUIRE
1275 PENNSYLVANIA AVENUE, NW
WASHINGTON, DC 20004-2415

PATTY ALLISON FAIRWEATHER, ESQUIRE
OFFICE OF LEGAL SERVICES
235 PROMENADE STREET
PROVIDENCE, RI 02908-5767

**FOR THE RESPONDENT**:

HINCKLEY, ALLEN & SNYDER LLP
BY: GERALD J. PETROS, ESQUIRE
ROBIN L. MAIN, ESQUIRE
ALEXANDRA K. CALLAM, ESQUIRE
50 KENNEDY PLAZA, SUITE 1500
PROVIDENCE, RI 02903

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
BY: DAVID E. ROSS, ESQUIRE
SETH DAVIS, ESQUIRE
1633 BROADWAY
NEW YORK, NY 10019-6799

ALSO PRESENT: THOMAS SHAHOOD, VIDEOGRAPHER

Complaint in Superior Court, how that could be the rendering of legal advice.

MR. WIENER: I believe it implicates work product as well as attorney-client and I'm instructing the witness not to answer further questions regarding that topic.

MR. PETROS: Okay. Well, subject to you having the document available to review at the next deposition, I guess I'll move on to some different areas.

**BY MR. PETROS:**

Q. When is the last time you reviewed that document?

A. Probably three or four days ago.

Q. Okay. Why did you review it three or four days ago?

A. In preparation of this deposition.

Q. If you reviewed that document to prepare for this deposition --

A. Yes.

Q. -- I'm going to make a demand for the production of that document under Rule, I think it's 612. I forget the exact rule. We're entitled to see any document the witness used in preparation for his deposition.

Q. And do you know how many pages they are?
MR. PETROS: Is that -- is it listed on your log, Lew?
MR. WIENER: Uh-hum.
MR. PETROS: All right.
Q. Now, apart from these notes, were all the notes --
MR. PETROS: Lew, can I ask you, were all the notes -- were some of the notes produced or all these notes withheld that he is describing, do you know?
MR. WIENER: I don't know offhand.
MR. PETROS: All right. We'll check the log.

**BY MR. PETROS:**

Q. Apart from these notes, did you review any other notes that you prepared in preparation for this deposition?
A. No.
Q. Okay. Is there a reason why you went back to review these notes in particular?
A. To understand -- just so that I would have a better understanding of the timeline that everything happened.
Q. Including the preparation of the NOV?

A. Yes.

Q. Okay. Do you have any other notes that talk about the Complaint that DEM considered filing against Southern Union Company in Superior Court?

A. No.

Q. Do you have any other notes that discuss the Notice of Violation, either the original Notice or the Amended Notice of Violation, which was in fact filed in the administrative proceeding that we are here on today?

A. Not unless it's in my e-mails. I don't have anything handwritten --

Q. Okay.

A. -- or any notes.

Q. And all those e-mails you've provided to counsel in response to a request to produce documents?

A. That's correct.

Q. Okay. Now, what steps did you take in response to, or following your discussion with Miss Fairweather on August 9th, 2006?

A. I'm not sure I understand your --

Q. What actions did you take as a result of your discussion with Miss Fairweather on August 9, 2006?