# UNITED STATES DISTRICT COURT
**FOR THE**
# DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **GAIL, JOHN D. and JOHN F. CORVELLO, et al.** | ) | |
| | ) | |
| *Plaintiffs,* | ) | |
| | ) | |
| | ) | **C.A. No. 05-0221T** |
| **vs.** | ) | |
| | ) | |
| | ) | |
| **NEW ENGLAND GAS COMPANY, INC.,** | ) | |
| | ) | |
| *Defendant.* | ) | |

## NON-PARTY RIDEM'S RESPONSE IN OPPOSITION TO NEW ENGLAND GAS COMPANY'S SUPPLEMENTAL OPPOSITION TO RIDEM'S ASSERTION OF PRIVILEGE

Now comes the Rhode Island Department of Environmental Management ("RIDEM") and hereby respectfully submits this Response in Opposition to New England Gas Company's ("NEGC") Supplemental Memorandum of Law (docket entry 197) in further support of its Memorandum of Law in Opposition to RIDEM's Assertion of Privilege, which was filed on March 16, 2007 (docket entry 171-1).

For the reasons set forth in the attached Memorandum of Law, RIDEM respectfully requests that NEGC's Motion be denied.

Dated: April 30, 2007

Respectfully submitted,
STATE OF RHODE ISLAND
DEPARTMENT OF ENVIRONMENTAL MANAGEMENT
By its attorney,

/s/ Susan B. Wilson
Gregory S. Schultz; RI Bar No. 5570
Susan B. Wilson; RI Bar No. 7278
RIDEM – Office of Legal Services
235 Promenade Street, 4th Floor
Providence, RI 02908
Telephone: (401) 222-6607
Facsimile: (401) 222-3378

Of Counsel:
Lewis S. Wiener, Esq.
Admitted *pro hac vice*
Sutherland Asbill & Brennan LLP
1275 Pennsylvania Avenue, NW
Washington, DC 20004-2415
Telephone: (202) 383-0140
Facsimile: (202) 637-3593

**Certificate of Service**

This document has been filed electronically pursuant to "AP for Electronic Filing in the United States District Court for the District of Rhode Island," Admin. Order 2006-01. This document is available for viewing and downloading via the court's Electronic Case Filing System at *https://ecf.rid.uscourts.gov/*.

Service upon the following parties was completed electronically via the ECF system on April 30, 2007, pursuant to Fed.R.Civ.P. 5(b)(2)(D) and §10(b) of Admin. Order 2006-01.

| | |
|---|---|
| John J. McConnell, Jr.<br>Robert J. McConnell<br>Aileen L. Sprague<br>MOTLEY RICE, LLC<br>321 South Main Street<br>Providence, RI 02940 | John A. Tarantino<br>David A. Wollin<br>ADLER POLLOCK & SHEEHAN<br>One Citizen's Plaza, 8th Flr.<br>Providence, RI 02903 |
| Christina C. Dodds<br>WATSON, BISHOP, LONDON & BROPHY<br>The Littlefield Building<br>106 E. 6th Street, Suite 700<br>Austin, TX 78701 | Eric D. Herschmann<br>David E. Ross<br>KASOWITZ, BENSON, TORRES &<br>FRIEDMAN, LLP<br>1633 Broadway<br>New York, NY 10019 |
| Mark W. Roberts<br>McROBERTS, ROBERTS & PALMER, LLP<br>Exchange Place<br>53 State Street<br>Boston, MA 02109 | |

/s/ Susan B. Wilson

Service upon the following parties has been made by regular mail, postage prepaid.

| | |
|---|---|
| Neil T. Leifer<br>Brad J. Mitchell<br>THORNTON & NAUMES<br>100 Summer Street<br>Boston, MA 02110 | Seth Davis<br>Kasowitz, Benson, Torres & Friedman, LLP<br>1633 Broadway<br>New York, NY 10019 |

/s/ Susan B. Wilson

**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **GAIL, JOHN D. and JOHN F. CORVELLO, et al.** | ) | |
| | ) | |
| *Plaintiffs,* | ) | |
| | ) | **C.A. No. 05-0221T** |
| **vs.** | ) | |
| | ) | |
| **NEW ENGLAND GAS COMPANY, INC.,** | ) | |
| | ) | |
| *Defendant.* | ) | |

**NON-PARTY RIDEM'S MEMORANDUM OF LAW IN SUPPORT IF ITS RESPONSE IN OPPOSITION TO NEW ENGLAND GAS COMPANY'S SUPPLEMENTAL OPPOSITION TO RIDEM'S ASSERTION OF PRIVILEGE**

Now comes the Rhode Island Department of Environmental Management ("RIDEM"), by and through its undersigned counsel, and respectfully submits this Memorandum of Law in Support of its Response in Opposition to New England Gas Company's ("NEGC") Supplemental Opposition to RIDEM's Assertion of Privilege (docket entry 197).

## I. INTRODUCTION

This matter came for hearing before this Court on March 7, 2007, wherein RIDEM was directed to submit a Memorandum providing further explanation and justification for the assertion of privilege over certain documents that were produced inadvertently but that were intended to be withheld from production in response to NEGC's September 29, 2006 third party subpoena. RIDEM filed its Memorandum on March 12, 2007 (docket entry 160). NEGC's Response and Memorandum in Opposition was filed on March 16, 2007 (docket entry 171).

Subsequent to the filing of the parties' respective Memoranda, Southern Union Company ("Southern Union") commenced RIDEM's 30(b)(6) deposition in a parallel case pending before

RIDEM's Administrative Adjudication Division, styled In Re: Southern Union Company d/b/a New England Gas Company, Notice of Violation OC&I/SR 06-01, AAD No. 06-011/SRE. The portion of the 30(b)(6) deposition currently at issue before the Court involves the testimony of Dean H. Albro, one of RIDEM's 30(b)(6) designees. RIDEM's 30(b)(6) deposition commenced on March 16, 2007, was continued on April 17, 2007 and has not yet closed.[1] Mr. Albro as RIDEM's 30(b)(6) designee was questioned during the first two days of his testimony regarding two pages of handwritten notes which are identified on RIDEM' privilege log as TIV 479-480 (the "notes" or the "Albro Notes"). As discussed in greater detail below, NEGC asserts in its supplemental memorandum that because Mr. Albro looked at his notes prior to his testimony, privilege has been waived and the Albro Notes should be turned over to NEGC.

NEGC is wrong. RIDEM has not waived privilege with respect to the Albro Notes. Mr. Albro's mere reference to his notes prior to his deposition for the sole purpose of refreshing his recollection regarding timelines and not with respect to the privileged and confidential information contained therein did not trigger a waiver of privilege with respect to his notes. RIDEM's position is supported by the Rhode Island Rules of Evidence ("RIRE") 612 and Rule 612 of the Federal Rules of Evidence ("FRE") from which it is derived. Both RIRE 612 and FRE 612 provide that a witness's review of a document prior to testifying alone does not destroy a properly asserted privilege, and that a witness need only provide those portions of a privileged document upon which the witness actually relied in giving testimony.

For these reasons, as discussed in greater detail below, the Court should conclude that RIDEM has not waived privilege over the Albro Notes and NEGC's Supplemental Motion should be denied.

## **II. DISCUSSION**

[1] As of the filing of this Response, the parties had not set a date for the conclusion of Mr. Albro's deposition.

## A. RIDEM Has Not Waived Privilege Regarding the Albro Notes.

### 1. Legal Standard

Both RIRE and FRE Rule 612 provide that an adverse party has a right to writings used by a witness to refresh his or her recollection during or before testifying. As one court has stated, "[t]he purposes of disclosure under [Federal] Rule 612 are to test the credibility of a witness's claim that memory has been revived and to expose any discrepancies between the writing and the testimony." S&A Painting Co., Inc. v. O.W.B. Corp., 103 F.R.D. 407, 410 (W.D. Pa. 1984) (citation omitted). The legislative history of Rule 612 indicates, however, that the disclosure of a document relied upon by a testifying witness is not mandatory in all cases. The Advisory Committee's Note to RIRE 612 states:

> [T]he Report of the House Committee on the Judiciary notes its intent "that nothing in the Rule be construed as barring the assertion of the privilege with respect to writings used by a witness to refresh memory." With the exception of cases involving failures to comply with discovery rules in criminal proceedings, there is no Rhode Island law directly addressing any of these points. The federal rule appears sound on these issues and should be adopted.

R.I. R. EVID. 612 advisory committee's note. See also EEOC. v. Continental Airlines, Inc., 395 F.Supp. 2d 738, 744 (N.D. Ill. 2005) (citing FED. R. EVID 612 advisory committee's note). The legislative intent of Rule 612 provides courts the discretion to "balance the tension between the disclosure needed for effective cross-examination and the protection against disclosure afforded by any relevant privilege. Suss v. MSX Int'l Eng'g Servs., Inc., 212 F.R.D. 159, 163 (S.D.N.Y. 2002).

Both the legislative history and the courts have recognized that a different standard exists depending on whether RIRE Rule 612(1) or 612(2) is implicated. The standard for evaluating whether a privilege has been waived due to a witness's use of a document to refresh his or her recollection under Rule 612 varies depending on whether the witness used the privileged

document to refresh his or her recollection *while* testifying or *before* testifying. When the document was reviewed at some point prior to testifying, as is the case here, both the advisory committee notes to and courts' interpretations of Rule 612 state that a court has discretion in deciding whether or not the document needs to be produced. See EEOC, 395 F.Supp. 2d at 744; Suss, 212 F.R.D. at 163; Derderian v. Polaroid Corp., 121 F.R.D. 13, 15-16 (D. Mass. 1988) (referring to the Congressional Committee on the Judiciary's consideration that "permitting an adverse party to require the production of writings used [to refresh recollection] before testifying could result in fishing expeditions among a multitude of papers which a witness may have used in preparing"); S&A Painting, 103 F.R.D. at 409 (stating that "permitting the discovery of the bulk of the [privileged] notes converts Rule 612 into a discovery device").

In making its determination, the court must consider whether a document used to refresh a witness' recollection prior to testifying was actually "relied" on by the witness in providing that testimony. In this context, "'[R]elied upon' means more than simply review[ed]." Suss, 212 F.R.D. at 165. The Advisory Committee on the Federal Rules of Evidence addressed this issue in its notes, stating that the purpose for the "relied upon" requirement is "to safeguard against wholesale exploration of an opposing party's files and to insure that access is limited only to those writings which may fairly be said in fact to have an impact upon the testimony of the witness." FED. R. EVID 612 advisory committee's note. Therefore, "[u]nless there is some demonstrated impact on the witness testimony, the witness cannot be deemed to have relied on the document." Suss, 212 F.R.D. at 165. See also S&A Painting, 103 F.R.D. at 409. The fact that certain information in the witness's testimony may be similar to or the same as certain information in the privileged document alone cannot result in a waiver of privilege. It is the witness's inability to testify regarding that information if not for the use of the document to

refresh his or her recollection – the *reliance* – that leads to the implied waiver of a privilege that may have been properly asserted over the document. If the witness did not rely on the document (or some part thereof), then the privilege asserted over that document (or those portions not relied upon) has not been waived. See EEOC, 395 F.Supp.2d at 745; Suss, 212 F.R.D. at 165; S&A Painting, 103 F.R.D. at 409-10.

2. **RIDEM Properly Asserted Attorney-Client and Deliberative Process Privilege over the Albro Notes.**

RIDEM asserted both the attorney-client privilege and the deliberative process privilege over the Albro Notes. The court in Suss found that because "[t]he Advisory Committee notes state that the rule does not bar the assertion of a privilege . . . any discretion used by the court should take into account the particular privilege being asserted." Suss, 212 F.R.D. at 164. The court also discussed the legislative history of the rule. Id. The initial inquiry regarding the FRE Rule 612 waiver of any assertion of privilege is whether the privilege was properly asserted in the first instance, followed by whether any action or event has occurred to waive the privilege. Privilege has been asserted over the Albro Notes from the inception of RIDEM's involvement in this matter, to which it is not a party, and that privilege has been maintained throughout the entirety of Mr. Albro's deposition as RIDEM's 30(b)(6) designee.

"The relevant inquiry [when assessing attorney-client privilege under FRE Rule 612] is whether the documents were used in a manner which waived the attorney-client privilege." Suss, 212 F.R.D. at 164. "It is well settled that, once properly invoked, the attorney-client privilege is not vitiated in the absence of an actual or implied waiver." Id. at 164-65. In Suss, the court found that because "there [was] no evidence that any privilege[d] matter was disclosed during the deposition" and "the evidence is ambiguous, at best, concerning the impact of the documents on the testimony, [and] given the *special protection afforded the attorney-client privilege*,"

opposing counsel was not entitled to the privileged portions of the documents. Id. at 165 (emphasis added). Similarly, the analysis undertaken by a court in assessing whether the deliberative process privilege has been waived due to a witness' review of a privileged document prior to providing deposition testimony involves the weighing of whether the party seeking access to the document has demonstrated a substantial need against the protections from disclosure afforded by the privilege. Id. at 163; see also EEOC, 395 F.Supp. 2d at 744-745.

In this matter, like Suss, Mr. Albro never disclosed or discussed his notes with anyone other than legal counsel. See Albro Dep., pp. 191-92. Further, the deposition reflects RIDEM's attorney's consistent assertion of objections to Southern Union's questions regarding privileged information in the Albro Notes. Mr. Albro repeatedly stated that he was not able to answer certain questions without waiving privilege and declined to answer certain questions posed by Southern Union's counsel. As in Suss, "rather than indicating waiver, this testimony shows that the privileged documents were restricted to individuals covered by the privilege" and "there is no evidence that any privilege matter was disclosed during the deposition." Suss, 212 F.R.D. at 165. Analogizing to the holding in EEOC, "there is no evidence that [Mr. Albro or RIDEM] attempted to gain an unfair advantage by having [Mr. Albro] consult the [Document] and the refuse to disclose it." EEOC, 395 F.Supp. 2d at 745.

**3. Mr. Albro Did Not Rely on or Consider the Privileged and Confidential Information in his Notes in Preparing for Deposition.**

Besides failing to establish waiver of the attorney-client privilege, NEGC has not carried its burden of demonstrating that Mr. Albro relied on the confidential and privileged information in his notes in preparing for or giving testimony as RIDEM's 30(b)(6) designee. While Mr. Albro reviewed his notes to prepare for the deposition, he stated repeatedly and consistently

during his testimony that he looked at the his notes only to refresh his recollection regarding the timeline of events surrounding the preparation of the September 2006 Notice of Violation:

> Q: Okay. Is there a reason why you went back to review these notes in particular?
> A: To understand – just so I would have a better understanding of the timeline that everything happened.
> Albro deposition, p. 180.
>
> Q: All right. Tell us what -- tell us what is on those notes apart from the summaries of the conversations with Miss Fairweather and Mr. Gray.
> * * *
> A: I can't recall in detail without actually looking at the document. My whole purpose for looking at the document was to look at the timelines and not so – so much the content of the whole document, so that's why it's difficult for me to recall it without actually looking at it.
> Q: But you looked at the document three or four days ago, right?
> A: Right. But that was to get the timelines when we were notified to proceed, and then when we actually got it to legal counsel for their review and evaluation.
> Albro deposition, pp. 192-93.
>
> Q: Okay. Why did you review it?
> A: For a timeline.
> Q: When you say a timeline, what do you mean?
> A: Making sure that the dates that things occurred, I had an understanding of when those dates were.
> Albro deposition, p. 272.

Additionally, on numerous occasions during both days of the deposition, Mr. Albro testified to the fact that he could not recall certain portions of the content and substance of his notes, further demonstrating that he reviewed the notes only to refresh his recollection with regard to the timeline, and not the substance of the confidential and privileged information. Specifically, Mr. Albro testified:

> Q: . . . Is there any other portion of the conversation that you are not disclosing to us based on some other privilege?
> A: Not unless I, you know, went back over the notes and sort of segregated the pieces of it and – and made it absolutely clear in my mind, I – I would hesitate to answer.
> Albro deposition, pp. 171-72.
>
> Q: Okay. On the notes that you made concerning the discussion with Terry Gray, do they summarize the entire discussion or just a portion of it?

A: It's probably just a summary of a -- well, I would have to actually review it all over again to actually let you know.
Albro deposition, p. 191.

Q: The remaining portions of the notes, do they summarize additional conversations that you had with others?
* * *
A: I don't recall.
Q: All right. Tell us what – tell us what is on these notes apart from the summaries of the conversations with Mr. Gray.
* * *
A: I can't recall without actually looking at the document . . .
Albro deposition, pp. 192-93.

Q: Okay. Are any other conversations discussed in that document?
A: Not – I don't believe there are other conversations.
Q: Are there additional notes regarding the timeline?
A: Yes.
Albro deposition, pp. 273-74.

It is clear from the record testimony that Mr. Albro's testimony was based largely on memory, and not in reliance on his review of his notes. The mere fact that some information to which Mr. Albro testified may have been included in a document that also contained privileged and confidential information does not result in a waiver of the privileges asserted and diligently maintained over the Document. NEGC has failed to carry its burden of demonstrating that there has been any waiver of the privileges asserted over the Albro Notes. NEGC has also failed to demonstrate that Mr. Albro's testimony was reliant on his review of the his notes and not based on his independent recollection of the conversation and events as they occurred, nor has it demonstrated any increased need for the document at this time.

B. **This Court May Excise those Portions of the Document Over Which Privilege has <u>been Properly Asserted and has not Been Waived.</u>**

RIRE 612, like its Federal counterpart, requires that the court review and excise portions of a document which remain privileged despite a possible waiver of privilege over other portions:

> If it is claimed that the writing contains matters not related to the subject matter of the testimony the court shall examine the writing *in camera*, excise any portions not so related, and order delivery of the remainder to the party entitled thereto.

R.I. R. EVID 612(2). Therefore, if a portion of the Albro Notes is found to have been relied upon in providing testimony, but contains further information not similarly relied upon, the Court has the discretion to determine that privilege has been waived over only a portion of the Albro Notes. Only those portions that may have been relied upon are subject to production. This concept has also been applied by the Federal Courts when applying even the mandatory disclosure requirement of FRE Rule 612(1), to limit disclosure to those portions of the document which were relied upon by the witness. In S&A Painting, the court required disclosure of only portions of a document over which privilege had been asserted, stating: "[c]ase law supports disclosure of only those portions of material that were actually used to refresh recollection . . . In the case at bar, defendants have failed to show actual use by [the witness] of any of the notes except for several references to dates and one portion read aloud during the deposition." 103 F.R.D. at 109-10.

NEGC cites only one case in its proposed Supplemental Memorandum, White v. Puerini, C.A. No. PC 93-1281, 1996 WL 936967 (R.I. Super. Aug. 13, 1996), for the proposition that "where a witness reviews an allegedly privileged document in preparation for deposition or trial testimony, any applicable privilege is lost and the document must in fairness be produced to the adverse party." NEGC Mem. at 4. This is a mischaracterization of the court's holding. NEGC fails in its Memorandum to further explain that the White court concluded that privilege had been waived only as to those portions of the document that opposing counsel had proven the witness relied upon in testifying, and that the witness was permitted to "redact [portions of the document] as privileged and representing mental impressions." White, 1996 WL 936967 at *2-3.

In the present case, Mr. Albro testified multiple times that he reviewed the document only to refresh his recollection as to the timeline of events in preparation of the September 2006 Notice of Violation. Therefore, there is no basis to conclude that there has been a waiver with respect to the substance of the privileged and confidential parts of the Albro Notes, about which Mr. Albro did not testify. Nevertheless, should the Court deem production necessary, the Albro Notes should be reviewed *in camera* for redaction of those privileged portions prior to production to NEGC.

**C. NEGC's Motion is Premature and Untimely.**

Based on the foregoing, the Court should conclude that neither RIDEM nor Mr. Albro waived any privilege applicable to the Albro Notes. Regardless of the above discussion, Mr. Albro's deposition has not been concluded and RIDEM has not had an opportunity to ask Mr. Albro questions to clarify the scope of his review of the Albro Notes. For this reason, NEGC's Motion is premature and is based on an incomplete record.

## III. CONCLUSION

For the reasons set forth herein, NEGC's Motion to File Supplemental Memorandum of Law should be denied.

Dated: April 30, 2007

Respectfully submitted,
STATE OF RHODE ISLAND
DEPARTMENT OF ENVIRONMENTAL MANAGEMENT
By its attorney,

/s/ Susan B. Wilson
Gregory S. Schultz; RI Bar No. 5570
Susan B. Wilson; RI Bar No. 7278
RIDEM – Office of Legal Services
235 Promenade Street, 4th Floor
Providence, RI 02908
Telephone: (401) 222-6607
Facsimile: (401) 222-3378

Of Counsel:
Lewis S. Wiener, Esq.
Admitted *pro hac vice*
Sutherland Asbill & Brennan LLP
1275 Pennsylvania Avenue, NW
Washington, DC 20004-2415
Telephone: (202) 383-0140
Facsimile: (202) 637-3593

**Certificate of Service**

This document has been filed electronically pursuant to "AP for Electronic Filing in the United States District Court for the District of Rhode Island," Admin. Order 2006-01. This document is available for viewing and downloading via the court's Electronic Case Filing System at *https://ecf.rid.uscourts.gov/*.

Service upon the following parties was completed electronically via the ECF system on April 30, 2007, pursuant to Fed.R.Civ.P. 5(b)(2)(D) and §10(b) of Admin. Order 2006-01.

| | |
|---|---|
| John J. McConnell, Jr.<br>Robert J. McConnell<br>Aileen L. Sprague<br>MOTLEY RICE, LLC<br>321 South Main Street<br>Providence, RI 02940 | John A. Tarantino<br>David A. Wollin<br>ADLER POLLOCK & SHEEHAN<br>One Citizen's Plaza, 8th Flr.<br>Providence, RI 02903 |
| Christina C. Dodds<br>WATSON, BISHOP, LONDON & BROPHY<br>The Littlefield Building<br>106 E. 6th Street, Suite 700<br>Austin, TX 78701 | Eric D. Herschmann<br>David E. Ross<br>KASOWITZ, BENSON, TORRES &<br>FRIEDMAN, LLP<br>1633 Broadway<br>New York, NY 10019 |
| Mark W. Roberts<br>McROBERTS, ROBERTS & PALMER, LLP<br>Exchange Place<br>53 State Street<br>Boston, MA 02109 | |

/s/ Susan B. Wilson

Service upon the following parties has been made by regular mail, postage prepaid.

| | |
|---|---|
| Neil T. Leifer<br>Brad J. Mitchell<br>THORNTON & NAUMES<br>100 Summer Street<br>Boston, MA 02110 | Seth Davis<br>Kasowitz, Benson, Torres & Friedman, LLP<br>1633 Broadway<br>New York, NY 10019 |

/s/ Susan B. Wilson