# UNITED STATES DISTRICT COURT

**FOR THE**

## DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **GAIL, JOHN D. and JOHN F. CORVELLO, et al.** | ) | |
| | ) | |
| *Plaintiffs,* | ) | |
| | ) | **C.A. No. 05-0221T** |
| **vs.** | ) | |
| | ) | |
| **NEW ENGLAND GAS COMPANY, INC.,** | ) | |
| | ) | |
| *Defendant.* | ) | |

**CONSOLIDATED MOTION FOR LEAVE TO FILE CORRECTED PRIVILEGE LOG TO FIX CLERICAL ERROR AND SUPPLEMENT ENTRIES, AND MOTION FOR RECONSIDERATION**

The Rhode Island Department of Environmental Management ("RIDEM"), through its undersigned counsel, files this Consolidated Motion For Leave To File Corrected Privilege Log To Correct Clerical Error and Supplement Entries, and Motion for Reconsideration in response to the Court's June 28, 2007 *Memorandum and Order*. Specifically, RIDEM asks the Court to permit the filing of a corrected privilege log to address a clerical or computer program error, which cures deficiencies the Court identified. At the same time, RIDEM would amend the descriptions of the other documents referenced in the Court's June 28 Order to comply with the Court's guidance. The corrected privilege log makes clear that RIDEM's assertion of privilege is proper and that the Court should reconsider its June 28 ruling.

As grounds for its Consolidated Motion, RIDEM submits the attached Memorandum of Law.

Dated: July 2, 2007

Respectfully submitted,
STATE OF RHODE ISLAND
DEPARTMENT OF ENVIRONMENTAL MANAGEMENT
By its attorney,

/s/ Susan B. Wilson

Gregory S. Schultz; RI Bar No. 5570
Susan B. Wilson; RI Bar No. 7278
RIDEM – Office of Legal Services
235 Promenade Street, 4th Floor
Providence, RI 02908
Tel. – (401) 222-6607
Fax - (401) 222-3378

Lewis S. Wiener, Esq.
Admitted *pro hac vice*
Sutherland Asbill & Brennan LLP
1275 Pennsylvania Avenue, NW
Washington, DC 20004-2415
Telephone: (202) 383-0140
Facsimile: (202) 637-3593

**Certificate of Service**

This document has been filed electronically pursuant to "AP for Electronic Filing in the United States District Court for the District of Rhode Island," Admin. Order 2006-01. This document is available for viewing and downloading via the court's Electronic Case Filing System at *https://ecf.rid.uscourts.gov/*.

Service upon the following parties was completed electronically via the ECF system on July 2, 2007, pursuant to Fed.R.Civ.P. 5(b)(2)(D) and §10(b) of Admin. Order 2006-01.

| | |
|---|---|
| John J. McConnell, Jr.<br>Robert J. McConnell<br>Aileen L. Sprague<br>MOTLEY RICE, LLC<br>321 South Main Street<br>Providence, RI 02940 | John A. Tarantino<br>David A. Wollin<br>ADLER POLLOCK & SHEEHAN<br>One Citizen's Plaza, 8th Flr.<br>Providence, RI 02903 |
| Christina C. Dodds<br>WATSON, BISHOP, LONDON & BROPHY<br>The Littlefield Building<br>106 E. 6th Street, Suite 700<br>Austin, TX 78701 | Eric D. Herschmann<br>David E. Ross<br>KASOWITZ, BENSON, TORRES &<br>FRIEDMAN, LLP<br>1633 Broadway<br>New York, NY 10019 |
| Mark W. Roberts<br>McROBERTS, ROBERTS & PALMER, LLP<br>Exchange Place<br>53 State Street<br>Boston, MA 02109 | |

/s/ Susan B. Wilson

Service upon the following parties has been made by regular mail, postage prepaid.

| | |
|---|---|
| Neil T. Leifer<br>Brad J. Mitchell<br>THORNTON & NAUMES<br>100 Summer Street<br>Boston, MA 02110 | Seth Davis<br>Kasowitz, Benson, Torres & Friedman, LLP<br>1633 Broadway<br>New York, NY 10019 |

/s/ Susan B. Wilson

# UNITED STATES DISTRICT COURT

**FOR THE**

## DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **GAIL, JOHN D. and JOHN F. CORVELLO, et al.** | ) | |
| | ) | |
| *Plaintiffs,* | ) | |
| | ) | **C.A. No. 05-0221T** |
| **vs.** | ) | |
| | ) | |
| **NEW ENGLAND GAS COMPANY, INC.,** | ) | |
| | ) | |
| *Defendant.* | ) | |

**RIDEM'S MEMORANDUM OF LAW IN SUPPORT OF ITS CONSOLIDATED MOTION FOR LEAVE TO FILE CORRECTED PRIVILEGE LOG TO FIX CLERICAL ERROR AND SUPPLEMENT ENTRIES, AND MOTION FOR RECONSIDERATION**

The Rhode Island Department of Environmental Management ("RIDEM"), through its undersigned counsel, files this Consolidated Motion For Leave To File Corrected Privilege Log To Correct Clerical Error and Supplement Entries, and Motion for Reconsideration in response to the Court's June 28, 2007 *Memorandum and Order*. Specifically, RIDEM asks the Court to permit the filing of a corrected privilege log to address a clerical or computer program error, which cures deficiencies the Court identified. At the same time, RIDEM would amend the descriptions of the other documents referenced in the Court's June 28 Order to comply with the Court's guidance. The corrected privilege log makes clear that RIDEM's assertion of privilege is proper and that the Court should reconsider its June 28 ruling.

## I. Filing a Corrected Privilege Log Would Address a Clerical Error and the Court's Concerns with RIDEM's Privilege Logs.

The "Amended RIDEM Revised Privilege Log" submitted to New England Gas Company on March 13, 2007, contains a clerical error that the undersigned did not discover until reviewing the Court's June 28 Order. As explained in detail below, this clerical error involved the accidental deletion of two fields of data in an Excel spreadsheet that resulted in nearly every entry in the "Prepared By" and "Sent To" columns not matching the document described in another column. Fixing this error by filing a corrected privilege log will cure many of the areas of concern raised in the Court's June 28 Order.

### A. The Clerical Error Explained

On March 9, 2007, RIDEM's counsel, Sutherland Asbill & Brennan LLP, provided a draft of the "RIDEM Revised Privilege Log" to RIDEM's in-house counsel. This draft is attached as Exhibit A. Following some minor revisions, RIDEM submitted the "Amended RIDEM Revised Privilege Log" to New England Gas on March 13, 2007. This version of the privilege log, which the Court has reviewed, is attached as Exhibit B.

When RIDEM's in-house counsel was preparing the privilege log for submission, one data cell in the "Prepared By" column and one data cell in the "Sent To" column for the third entry on the privilege log were mistakenly, and inexplicably, deleted. RIDEM is not aware of the cause of deletion of the cells. Because the privilege log was prepared as a Microsoft Excel Spreadsheet, when these data cells were deleted, the rest of the cells in those two columns automatically were moved up one row on the spreadsheet. As a result, on the version of the privilege log submitted to New England Gas (and reviewed by the Court), the information in the "Prepared By" and "Sent To" columns is not on the same row with the document it describes. Instead, the information in these two columns is positioned one row above the row in which it

should be located. For example, the information appearing in the "Prepared By" and "Sent To" fields for the third entry actually corresponds to the fourth entry, which is evident by comparing the submitted privilege log (Exhibit B) to the draft sent to RIDEM by its outside counsel (Exhibit A). This error persists throughout the entire privilege log.

**B. The Clerical Error Caused the Concerns Raised by the Court**

This clerical error explains many of the Court's issues with RIDEM's privilege logs. For example, on page 18 of the Court's June 28 Order, the Court pinpoints the many discrepancies between RIDEM's privilege logs. The Court stated, "Also, there are many discrepancies between the document descriptions contained in the first log and the amended log. Thus, 45 of the 49 documents identified on the amended log are listed as having been prepared by different persons than those listed as preparers in the first log." *June 28 Memorandum and Order* at 18. The clerical error explained above is the sole cause of these noted discrepancies.

In addition, the Court raised concern with the consistency between the Amended Privilege Log and the supporting affidavits of Patty Allison Fairweather and Terrence Gray:

> Further discrepancies exist between the descriptions contained in the amended log and the affidavits accompanying it. For example, the amended log describes the document bearing Bates Number 790 as an internal RIDEM document prepared by one of RIDEM's assistant directors, but the accompanying affidavit describes it as an E-mail generated by the Governor's executive counsel; the amended log identifies the document bearing Bates Number 781-789 as an e-mail from Andrew Hodgkin, the Governor's executive counsel, to Michael Sullivan, the Director of RIDEM, regarding "progress in settlement discussion with SU," but the supplemental affidavits describe it as an "E-mail from G Coyne," an Assistant Attorney General, to Director Sullivan and others; the document bearing Bates Number 1146 is described in the amended log as prepared by the law firm of Sutherland Asbill & Brennan LLP, but the affidavits describe it as meeting notes taken by Terrence Gray; and the documents bearing Bates Numbers 1147-1150 are described on the amended log as a "draft letter and engagement document" prepared by Terrence Gray and sent to Michael

> Sullivan, but the affidavits describe them as communications by Sutherland Asbill & Brennan to Patricia [sic] Fairweather, RIDEM's chief counsel.

*Id.* at 18-19. Again, these noted discrepancies are attributable to the deleted cell in the Excel spreadsheet. The information contained on the supporting affidavits is correct; though that same information does appear on the privilege log, it does so inadvertently one row above where it should.

### C. Fixing the Clerical Error Makes the Privilege Log Reliable By Eliminating the Court's Noted Discrepancies

The Court focused on these discrepancies to decide that RIDEM's "privilege logs fail to establish any reliable basis" for reaching the conclusion that RIDEM did not meet its initial burden of proving that the documents on the privilege log should be privileged. *Id.* at 19. Correcting the clerical error, however, would make the privilege logs consistent with each other and with the supporting affidavits, thus addressing the Court's concerns with reliability. Because a corrected privilege log can establish a reliable basis for RIDEM's assertion of privilege, the Court could then determine whether RIDEM's assertion of privilege over individual documents is proper.

## II. Filing a Corrected Privilege Log Would Give RIDEM an Opportunity To Make the Assertion of Privilege Clearer.

In the corrected privilege log, RIDEM could enhance the descriptions of the documents on the privilege log to make its assertion of privilege clearer. For example, the Court noted that the amended privilege log "fails to identify some of the individuals by and for whom various documents were prepared" and some documents "are described simply as being prepared either by the Department of Health and Human Services … or one of its consultants … without any explanation of their content." *Id.* at 17-18. In the corrected privilege log, RIDEM could include

the preparer of each document, even those documents that are not in e-mail form, and further explain why certain documents involving personnel from other Rhode Island agencies are privileged. Supplementing the privilege log with this information also would assist the Court in determining whether RIDEM's assertion of privilege over individual documents is proper. RIDEM sought to address this issue through inclusion of a personnel list in its prior filing, which identified individuals and job titles.

## III. The Court Should Reconsider Its Ruling and Uphold RIDEM's Assertion of Privilege.

Allowing RIDEM to file a corrected privilege log will show the Court that RIDEM's assertion of privilege is proper and that the Court should reconsider its June 28 ruling. If the Court decides not to allow RIDEM to correct its privilege log, then the Court should apply the June 28 ruling only to the individual documents over which RIDEM failed to meet its initial burden of establishing its assertion of privilege—and not to all of the documents listed on RIDEM's privilege log.[1]

### A. The Standard for a Motion for Reconsideration

When a party seeks reconsideration of an order relating to discovery, such reconsideration is within the district court's discretion. *See, e.g.*, *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983) ("[E]very order short of a final decree is subject to reopening at the discretion of the district judge."). Unlike orders dismissing a cause of action or

[1] If the Court decides not to allow RIDEM to correct the deficient descriptions specifically noted in the Court's June 28 ruling, then RIDEM asks the Court to make clear that the ruling only applies to those specific documents. That is, the Court should only find that RIDEM failed to carry its initial burden in establishing the assertion of privilege over these specific documents, but not as to every document contained on the privilege log. Waiver of privilege over specific documents contained in a privilege log does not operate as a waiver of privilege over the other documents in the privilege log. *See, e.g., In re Lernout & Hauspie Sec. Litig.*, 222 F.R.D. 29, 37-38 (D. Mass. 2004) (limiting disclosure of privileged documents listed in privilege log to only those where the privilege had been waived).

granting summary judgment, discovery orders and other interlocutory orders are "not subject to the strict standards applicable to motions for reconsideration of a final judgment." *See, e.g.*, *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003) (holding that Rules of Civil Procedure 59(e) and 60(b) do not govern reconsideration of interlocutory orders) (citing 12 MOORE'S FEDERAL PRACTICE § 60.23). Thus, the standards applied to reconsideration of a final judgment act only as guidance. *Id.* at 515. Under First Circuit law, when reconsidering a final judgment, "a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Platten v. HG Bermuda Exempted Lmtd.*, 437 F.3d 118, 137 (1st Cir. 2006) (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).

### B. The Court Should Use Its Discretion and Reconsider RIDEM's Assertion of Privilege with the Help of a Corrected Privilege Log

The Court's concerns with RIDEM's privilege logs appear to stem from the discrepancies between the two privilege logs and the supporting affidavits that were caused by RIDEM's clerical/computer program error on the Amended Privilege Log. The Court's concerns were understandable given that the deletion on the Excel spreadsheet cell caused nearly all of the documents listed on the privilege log to contain non-matching descriptions in the "Prepared By" and "Sent To" fields. This led to the Court misapprehending the facts because none of the descriptions appeared accurate; though the information was contained on the privilege log, it was not contained on the correct row, which naturally led to the Court's concerns.

These concerns, however, can be alleviated by allowing RIDEM to supply the Court with a privilege log addressing the deleted Excel spreadsheet cell. The corrected privilege log will address the cell deletion that caused unnecessary confusion and will enhance the descriptions of

the documents that the Court specifically noted were deficient. This corrected privilege log will provide the Court with the means to use its discretion and reconsider the June 28 ruling.

**IV. Conclusion**

RIDEM seeks leave of the Court to file a privilege log that corrects RIDEM's inexplicable clerical error and enhances the descriptions of the documents that the Court specifically noted were deficient. RIDEM asks the Court then to review the corrected privilege log, reconsider its June 28 ruling, and uphold RIDEM's assertion of privilege. Accordingly, RIDEM asks the Court to grant its Consolidated Motion For Leave To File Corrected Privilege Log To Correct Clerical Error and Supplement Descriptions, and Motion for Reconsideration.

Dated: July 2, 2007

Respectfully submitted,
STATE OF RHODE ISLAND
DEPARTMENT OF ENVIRONMENTAL MANAGEMENT
By its attorney,

/s/ Susan B. Wilson
Gregory S. Schultz; RI Bar No. 5570
Susan B. Wilson; RI Bar No. 7278
RIDEM – Office of Legal Services
235 Promenade Street, 4th Floor
Providence, RI 02908
Tel. – (401) 222-6607
Fax - (401) 222-3378

Lewis S. Wiener, Esq.
Admitted *pro hac vice*
Sutherland Asbill & Brennan LLP
1275 Pennsylvania Avenue, NW
Washington, DC 20004-2415
Telephone: (202) 383-0140
Facsimile: (202) 637-3593

**Certificate of Service**

This document has been filed electronically pursuant to "AP for Electronic Filing in the United States District Court for the District of Rhode Island," Admin. Order 2006-01. This document is available for viewing and downloading via the court's Electronic Case Filing System at *https://ecf.rid.uscourts.gov/*.

Service upon the following parties was completed electronically via the ECF system on July 2, 2007, pursuant to Fed.R.Civ.P. 5(b)(2)(D) and §10(b) of Admin. Order 2006-01.

| | |
|---|---|
| John J. McConnell, Jr.<br>Robert J. McConnell<br>Aileen L. Sprague<br>MOTLEY RICE, LLC<br>321 South Main Street<br>Providence, RI 02940 | John A. Tarantino<br>David A. Wollin<br>ADLER POLLOCK & SHEEHAN<br>One Citizen's Plaza, 8th Flr.<br>Providence, RI 02903 |
| Christina C. Dodds<br>WATSON, BISHOP, LONDON & BROPHY<br>The Littlefield Building<br>106 E. 6th Street, Suite 700<br>Austin, TX 78701 | Eric D. Herschmann<br>David E. Ross<br>KASOWITZ, BENSON, TORRES &<br>FRIEDMAN, LLP<br>1633 Broadway<br>New York, NY 10019 |
| Mark W. Roberts<br>McROBERTS, ROBERTS & PALMER, LLP<br>Exchange Place<br>53 State Street<br>Boston, MA 02109 | |

/s/ Susan B. Wilson

Service upon the following parties has been made by regular mail, postage prepaid.

| | |
|---|---|
| Neil T. Leifer<br>Brad J. Mitchell<br>THORNTON & NAUMES<br>100 Summer Street<br>Boston, MA 02110 | Seth Davis<br>Kasowitz, Benson, Torres & Friedman, LLP<br>1633 Broadway<br>New York, NY 10019 |

/s/ Susan B. Wilson