UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

GAIL, JOHN D. AND JOHN F. CORVELLO, et al.

*Plaintiffs,*

vs.

NEW ENGLAND GAS COMPANY, INC.,

*Defendant.*

C.A. No. 05-0221T
(Related Cases: 05-274T; 05-370T; 05-522T)

**NEW ENGLAND GAS COMPANY'S OBJECTION TO NON-PARTY RIDEM'S MOTION FOR STAY OF EXECUTION OF ORDER**

Defendant New England Gas Company ("NEGasCo") hereby objects to Rhode Island Department of Environmental Management's ("RIDEM") "Motion for Stay of Execution of Order." The grounds for this objection are set forth in the accompanying memorandum of law.

Dated: July 3, 2007

**ADLER POLLOCK & SHEEHAN P.C.**

/s/ *David A. Wollin*
John A. Tarantino (#2586)
David A. Wollin (#4950)
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
(401) 274-7200
Fax: (401) 351-4607

**KASOWITZ, BENSON, TORRES & FRIEDMAN LLP**
Eric D. Herschmann
David E. Ross
1633 Broadway
New York, New York 10019
(212) 506-1700

**BISHOP LONDON BROPHY DODDS**
Christina Dodds
3701 Bee Cave Road
Austin, Texas 78746
(512) 479-5900

*Attorneys for Defendant*
*New England Gas Company,*
*a division of Southern Union Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3d day of July, 2007, I did send a true copy of the within document by electronic means (ECF) or email to the following:

| | |
|---|---|
| Robert J. McConnell, Esq.<br>Michael G. Rousseau, Esq.<br>Jonathan D. Orent, Esq.<br>Motley Rice LLC<br>321 South Main Street<br>Providence, RI 02940 | Neil T. Leifer<br>Thornton & Naumes, LLP<br>100 Summer Street, 30th Floor<br>Boston, MA 02110 |
| Mark W. Roberts<br>McRoberts, Roberts & Rainer, LLP<br>53 State Street<br>Boston, MA 02109 | Paul Revere, III, Esq.<br>Law Offices of Paul Revere, III<br>226 River View Lane<br>Centerville, MA 02632 |
| Russell X. Pollock, Esq.<br>Campbell, Campbell, Edwards & Conroy, PC<br>One Constitution Plaza<br>Boston, MA 02129 | Brian R. Cunha, Esq.<br>Brian Cunha & Associates, P.C.<br>904 Broadway<br>East Providence, RI 02914<br><br>Gregory Schultz, Esq.<br>Brian Wagner, Esq.<br>RIDEM - Office of Legal Services<br>235 Promenade St., 4th Floor<br>Providence, RI 02908-5767 |

/s/ *David A. Wollin*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| GAIL, JOHN D. AND JOHN F. CORVELLO, et al.<br><br>*Plaintiffs,*<br><br>vs.<br><br>NEW ENGLAND GAS COMPANY, INC.,<br><br>*Defendant.* | C.A. No. 05-0221T<br>(Related Cases: 05-274T; 05-370T; 05-522T) |

**NEW ENGLAND GAS COMPANY'S MEMORANDUM OF LAW IN OPPOSITION TO RIDEM'S MOTION "FOR A STAY OF EXECUTION" OF THIS COURT'S ORDER DENYING RIDEM'S MOTION FOR PROTECTIVE ORDER**

New England Gas Company ("NEGasCo") submits this memorandum of law in opposition to the Rhode Island Department of Environmental Management's ("RIDEM's") motion "For a Stay of Execution" of this Court's June 28, 2007 Memorandum and Order ("Order") denying RIDEM's motion for protective order.

**Background**

On June 28, 2007, this Court denied a motion for protective order filed by RIDEM which sought the return of purportedly privileged documents that RIDEM had produced to NEGasCo pursuant to a subpoena. In its Order, this Court held that the documents were not privileged because (1) RIDEM failed to meet its burden, after receiving two opportunities to do so, to produce an adequate privilege log to support its claim of privilege, and (2) RIDEM's "failure to take reasonable precautions in order to prevent the disclosure of" purportedly privileged documents, "coupled with [RIDEM's]

failure to take prompt corrective action after learning of the error" resulted in a waiver or loss of any privilege that RIDEM may have had in the documents. (Order at pg. 20.)

Following issuance of the Order, NEGasCo wrote the Court, with a copy to RIDEM, asking that its copy of the documents -- which had been forwarded to the Court during the pendency of RIDEM's protective order motion -- be returned to NEGasCo. The next day, June 29, the Court released the documents to NEGasCo's counsel. Over twenty-four hours after receiving notice that NEGasCo sought release of the documents at issue, after NEGasCo's counsel had already received the documents from the Court, and after the close of business on a Friday night, RIDEM filed its motion for a "Stay of Execution" of this Court's Order (the "Motion"), asking that this Court "not" return the documents to NEGasCo, and that NEGasCo be forced to stand by while RIDEM considers how to challenge the Order.[1]

## Argument

RIDEM's stay Motion was filed after the Court had already released the documents at issue to NEGasCo; the Motion is thus moot. In addition, RIDEM's Motion is erroneously premised upon Rules 59(e) and 60(b), and is otherwise without merit and should be denied.

RIDEM's Motion acknowledges that upon release of the documents at issue to NEGasCo, RIDEM's motion becomes moot. (See RIDEM's Motion for Stay of

---

[1] Just one week prior to filing the Motion, in opposing Southern Union's motion in the RIDEM administrative case seeking to compel production of one of the allegedly privileged documents, RIDEM advised the Hearing Officer in writing that she should hold off on ruling on the issue because the privilege issue was before this Court and that "if the Federal District Court requires [ ] production, RIDEM will abide by that ruling." (Relevant excerpts from RIDEM's Opposition to Southern Union Company's Motion to Compel Production of Documents Used to Refresh Deponent's Memory are attached as Exhibit 1.) Despite that representation, it appears RIDEM has no intention of abiding by the ruling.

Execution at pg. 4.) As set forth above, this Court released the documents to NEGasCo's counsel before RIDEM filed the Motion. The return of the documents to NEGasCo mooted the Motion. Accordingly, the Motion should be denied on that basis alone.

Moreover, RIDEM's Motion -- which essentially seeks a unilateral "time out" so RIDEM can mount a challenge to the Order -- is neither supported by the Rules of Civil Procedure nor case law. In that regard, RIDEM's reliance on Rules 59(e) and 60(b) is misplaced. Rule 59(e) concerns the procedure and time for a party to move to alter or amend a judgment after trial -- a circumstance clearly inapplicable here. Further, while Rule 60(b) may provide relief for "any other reason justifying relief from the operation of a judgment," it specifically provides that the filing of such a motion "*does not affect the finality of a judgment or suspend its operation*" (emphasis added). As suspension of the Court's Order is precisely what RIDEM seeks here, Rule 60(b) provides no basis for relief.

In any event, even if RIDEM's stay Motion could be construed as a motion for stay pending appeal, RIDEM does nothing to demonstrate why it would be entitled to such a stay. Indeed, RIDEM does not -- and could not -- satisfy even the first prong of the extremely high standard that must be met in order to stay the execution of an order pending appeal -- a "strong likelihood of success on the merits" of its appeal. See In re Power Recovery Sys., Inc., 950 F.2d 798, 804 n.31 (1st Cir. 1991) (setting forth the four part standard for a stay pending appeal and noting that the "failure to meet even one of the criteria justifies denial").

Here, as demonstrated above, the Court found two independent bases for denying RIDEM's protective order motion. First, RIDEM failed in its two efforts to meet its

initial burden of asserting privilege over the documents because the privilege logs provided to the Court and NEGasCo were wholly insufficient. Second, the negligent manner in which RIDEM handled the production of its documents coupled with its failure to take prompt corrective action when notified that it had produced potentially privileged documents, resulted in the loss of any privilege that may have existed. As there are two independent and equally persuasive reasons why RIDEM's protective order motion was denied, RIDEM cannot demonstrate a "strong likelihood of success on the merits of its appeal." Therefore, even if RIDEM's motion for a stay of execution could be construed as a motion for a stay pending appeal, it must still be denied.[2]

## Conclusion

For the foregoing reasons, RIDEM's motion for a stay of execution of this Court's June 28 Order denying RIDEM's motion for protective order should be denied.

Dated: July 3, 2007

**ADLER POLLOCK & SHEEHAN P.C.**

/s/ *David A. Wollin*
John A. Tarantino (#2586)
David A. Wollin (#4950)
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
(401) 274-7200
Fax: (401) 351-4607

[2] But one example of RIDEM's improper claim of privilege are the notes of RIDEM's Chief of Compliance and Inspection -- its lead enforcement officer -- which notes reflect his "concern" that RIDEM should not bring a claim because "the evidence is not present to support allegations of a violation against" Southern Union/NEGasCo, but despite such lack of evidence, RIDEM brought suit against Southern Union/NEGasCo due to "pressure" from the Governor.

**KASOWITZ, BENSON, TORRES & FRIEDMAN LLP**
Eric D. Herschmann
David E. Ross
1633 Broadway
New York, New York 10019
(212) 506-1700

**BISHOP LONDON BROPHY DODDS**
Christina Dodds
3701 Bee Cave Road
Austin, Texas 78746
(512) 479-5900

*Attorneys for Defendant*
*New England Gas Company,*
*a division of Southern Union Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3d day of July, 2007, I did send a true copy of the within document by electronic means (ECF) or email to the following:

| | |
|---|---|
| Robert J. McConnell, Esq.<br>Michael G. Rousseau, Esq.<br>Jonathan D. Orent, Esq.<br>Motley Rice LLC<br>321 South Main Street<br>Providence, RI 02940 | Neil T. Leifer<br>Thornton & Naumes, LLP<br>100 Summer Street, 30th Floor<br>Boston, MA 02110 |
| Mark W. Roberts<br>McRoberts, Roberts & Rainer, LLP<br>53 State Street<br>Boston, MA 02109 | Paul Revere, III, Esq.<br>Law Offices of Paul Revere, III<br>226 River View Lane<br>Centerville, MA 02632 |
| Russell X. Pollock, Esq.<br>Campbell, Campbell, Edwards & Conroy, PC<br>One Constitution Plaza<br>Boston, MA 02129 | Brian R. Cunha, Esq.<br>Brian Cunha & Associates, P.C.<br>904 Broadway<br>East Providence, RI 02914<br><br>Gregory Schultz, Esq.<br>Brian Wagner, Esq.<br>RIDEM - Office of Legal Services<br>235 Promenade St., 4th Floor<br>Providence, RI 02908-5767 |

/s/ *David A. Wollin*

422287_1.doc