# EXHIBIT 1

**STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS**
**DEPARTMENT OF ENVIRONMENTAL MANAGEMENT**
**ADMINISTRATIVE ADJUDICATION DIVISION**

IN RE: SOUTHERN UNION COMPANY
d/b/a New England Gas Company
Notice of Violation OC&I/SR 06-01

AAD No. 06-011/SRE

**RIDEM'S MEMORANDUM OF LAW IN SUPPORT OF ITS OPPOSITION TO SOUTHERN UNION COMPANY'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS USED TO REFRESH DEPONENT'S MEMORY**

Now comes the Rhode Island Department of Environmental Management, Office of Compliance and Inspection ("RIDEM"), by and through its undersigned counsel, and respectfully submits this Memorandum of Law in Support of its Opposition to Southern Union Company's ("Southern Union") Motion to Compel Production of Document Used to Refresh Deponent's Memory.

## I. INTRODUCTION

Southern Union commenced the deposition of Dean H. Albro, one of RIDEM's 30(b)(6) designees, on March 16, 2007 and continued the deposition on April 17, 2007.[1] During these first two days of his deposition, Albro was questioned repeatedly regarding two pages of handwritten notes (the "notes" or "Albro Notes"). These notes, TIV 479-80, are identified on RIDEM's privilege log as protected from disclosure under the attorney-client and deliberative process privileges.

On April 18, 2007, in its continuing effort to use RIDEM's privileged documents, Southern Union filed in the Federal District Court for the District of Rhode Island a Motion to File Supplemental Memorandum of Law. That Motion requested from the Federal District Court

[1] Despite Mr. Albro's availability for deposition over two days, Southern Union has yet to conclude the deposition. In fact, Southern Union has not closed any witness' deposition.



WO 749792.1

the identical relief requested in its current Motion, namely an order compelling RIDEM to produce the Albro Notes referenced during the 30(b)(6) deposition. In both the Motion filed in federal district court and with AAD, Southern Union argues that because Albro reviewed the notes prior to his deposition, Southern Union is entitled to production of the notes under Rhode Island Rule of Evidence 612 ("RIRE 612"). Southern Union argues further that any applicable privilege(s) that RIDEM has asserted over the notes was waived because of Albro's pre-deposition review. *See* Exhibit A, Southern Union's Federal Memorandum ("Fed. Mem.") at 3-4. On May 22, 2007, the Federal District Court summarily rejected Southern Union's Motion to File Supplemental Memorandum of Law. *See* Exhibit B, District Court Order.

In the current Motion Southern Union offers the same rationale to support its argument as in the earlier filed Motion in federal court. Although Southern Union appears to have supplemented its legal analysis with more citations to authority, the basic premise of its argument remains the same—that because Albro reviewed the notes before his depositions any privilege is waived and the notes must be produced. *See* Fed. Mem. at 3-4. This argument has already been rejected by the federal court, and thus the Motion currently before this court is an attempt by Southern Union to take a second bite at the apple.

This Court should not permit Southern Union to engage in forum shopping and so should not consider the Motion currently before it, particularly in light of Southern Union's failure to prevail on the exact same question in the federal court. At the very least, this Court should stay consideration of this Motion because the federal court has not yet resolved the overarching issue of inadvertent disclosure of RIDEM's privileged documents. The Albro Notes are within those documents inadvertently produced, and if the Federal District Court requires their production, RIDEM will abide by that ruling. If this Court were to rule on Southern Union's current Motion,

there is a strong possibility of inconsistent rulings on the same issue. This Court should therefore reject outright Southern Union's attempts at impermissible forum shopping, or at the very least stay consideration of the Motion pending resolution by the federal court.

If this Court proceeds to consider the Motion to Compel however, Southern Union has still failed to establish that RIRE 612 requires the production of the Albro Notes, or if RIRE 612 applies, that the Albro Notes are not protected by valid privileges. Southern Union has failed to demonstrate that the Albro Notes impacted in any way Albro's deposition testimony. Without a showing that Albro actually relied upon the notes to provide testimony, RIRE 612 simply does not apply. Even if RIRE 612 does apply, Albro has not waived the privileges protecting the notes from disclosure. Both RIRE 612 and the Federal Rule of Evidence ("FRE") upon which the Rhode Island rule is based provide that a witness's review of a document prior to testifying alone does not destroy a properly asserted privilege. Finally, both rules permit a court to review and produce only those portions of a privileged document upon which the witness actually relied in giving testimony.

For these reasons, as discussed in greater detail below, the Court should conclude that RIDEM has not waived privilege over the Albro Notes and Southern Union's Motion should be denied.

## II. DISCUSSION

### A. Southern Union is Not Entitled to the Albro Notes Under Rhode Island Rule of Evidence 612

#### 1. Legal Standard

Both RIRE and FRE Rule 612 provide that an adverse party has a right to writings used by a witness to refresh his or her recollection during or before testifying. As one court has stated, "[t]he purposes of disclosure under [Federal] Rule 612 are to test the credibility of a