STATE OF RHODE ISLAND
NEWPORT COUNTY

SUPERIOR COURT DEPARTMENT
C.A. No.: NC-05-0332

SUPERIOR COURT
FILED
CHARLES H. HOLLIS, CLERK
05 JUL 25 PM 12:21

COLLEEN BIGELOW, DONNA BRAGA, RACHEL CARVALHO, ppa LORI A. CARVALHO, Mother and Next Friend of Rachel Carvalho, a Minor, THOMAS PATERSON, and THERESA PICARD
Plaintiff

VS.

NEW ENGLAND GAS COMPANY, formerly known as FALL RIVER GAS COMPANY, an unincorporated division of SOUTHERN UNION COMPANY
Defendant

## COMPLAINT AND JURY CLAIM

Plaintiffs, COLLEEN BIGELOW, DONNA BRAGA, RACHEL CARVALHO, ppa LORI A. CARVALHO, Mother and Next Friend of Rachel Carvalho, a Minor, THOMAS PATERSON, and THERESA PICARD(hereinafter referred to as the "PLAINTIFFS") by their attorneys, BRIAN CUNHA & ASSOCIATES, P.C., for their complaint against NEW ENGLAND GAS COMPANY formerly known as FALL RIVER GAS COMPANY an unincorporated division of SOUTHERN UNION COMPANY, (hereinafter referred to as the "DEFENDANT")

## I. PARTIES

1. PLAINTIFFS are property owners and residents of the State of Rhode Island, and currently reside in the Town of Tiverton, Rhode Island. Their properties have been threatened with and/or contaminated with petroleum byproducts, including but not limited to, cyanide, arsenic, lead, mercury and napthalene, among other things.

True Copy Attest
Charles H. Hollis
Office of Clerk of Superior Court
Newport County

A. PLAINTIFF, Colleen Bigelow, is a resident of the State of Rhode Island, and currently resides at 290 Judson Street, Tiverton, Rhode Island 02878.

B. PLAINTIFF, Donna Braga, is a resident of the State of Rhode Island, and currently resides at 40 Bottom Street, Tiverton, Rhode Island 02878

C. PLAINTIFF, Thomas Paterson, is a resident of the State of Rhode Island, and currently resides at 191 Hilton Street, Tiverton, Rhode Island 02878

D. PLAINTIFF, Theresa R. Picard, is a resident of the State of Rhode Island, and currently resides at 157 Lepes Road, Tiverton, Rhode Island 02878

E. PLAINTIFF, Rachel Carvalho, ppa Lori A. Carvalho, Mother and Next Friend of Rachel Carvalho, a Minor, was a resident of Tiverton in the State of Rhode Island, previously residing at 51 State Avenue and currently resides at 2299 Alton Road, Port Charlotte, Florida 33952.

2. PLAINTIFFS were tenants and residents of the State of Rhode Island, and currently reside in the Town of Tiverton, Rhode Island, and Fall River, Massachusetts. Their properties were threatened with and/or contaminated with petroleum byproducts, including but not limited to, cyanide, arsenic, lead, mercury and napthalene, among other things and as a result of the contamination suffered personal injury.

3. DEFENDANT, New England Gas, formerly known as Fall River Gas Company an unincorporated division of Southern Union Company and, was and is a duly organized corporation authorized to do business in the State of Rhode Island.

4. DEFENDANT, New England Gas Company, formerly known as Fall River Gas Company an unincorporated division of Southern Union Company, was and is a duly organized domestic corporation authorized to do business in the State of Rhode Island.

True Copy Attest
Charles H. Hollis
Office of Clerk of Superior Court
Newport County
Newport, Rhode Island

5. When, in this complaint, reference is made to any act of the DEFENDANT, such reference shall be deemed to include the officers, directors, agents, employees, or representatives of the DEFENDANT who committed or authorized such acts, or failed to and omitted to adequately supervise or to properly control or direct their employees while engaged in the management, direction, operation, or control of the affairs of the DEFENDANT.

## II. NEGLIGENCE

6. PLAINTIFFS repeat and incorporate by reference as if fully set forth herein the allegations contained in Paragraphs 1 through 5 inclusive.

7. DEFENDANT, New England Gas Company, formerly known as Fall River Gas Company, an unincorporated division of Southern Union Company manufactured and/or stored natural gas.

8. DEFENDANT, New England Gas Company, formerly known as Fall River Gas Company, an unincorporated division of Southern Union Company, used coal during the manufacturing process of the natural gas. The byproducts of the manufacturing process included, but was not limited to the following chemicals: cyanide, arsenic, lead, mercury, and napthalene.

9. The byproducts of coal's propensity to contaminate soil is so menacing that the defendant knew or should have known that by placing said byproducts into the soil without using proper storage containers, would pose a significant threat to plaintiff's property.

10. Despite DEFENDANT'S past and current knowledge of coal byproducts' harmful characteristics, DEFENDANT placed, said contaminants into the soil of the residents of The Town of Tiverton, Rhode Island.

True Copy Attest
Charles H. Hollis
Office of Clerk of Superior Court
Newport County
Newport, Rhode Island

11. The byproducts of coal should not have been distributed and/or stored on said private properties without proper education and without warning of the byproducts' propensity to contaminate the soil. Moreover, DEFENDANT should have properly educated and warned the governmental agencies, and private property owners and the public (including PLAINTIFFS) of coal byproducts' negative environmental characteristics.

12. Prior to storing and distributing the coal byproducts into the soil, DEFENDANT knew or should have known that in the event that said byproducts were released into soil, it would not be biodegradable or bioremediated.

13. DEFENDANT owed PLAINTIFFS a duty of due care which could be satisfied by safe and proper use, management, storage, and sale of its petroleum related products. DEFENDANT had a specific duty to prevent the discharge or release of such substances which might harm the persons, property or economic interests of PLAINTIFFS. DEFENDANT also had a specific duty to warn or notify PLAINTIFFS of the potential hazards of exposure to toxic and hazardous substances and to warn or notify PLAINTIFFS that discharges or releases of these substances had occurred, were likely to occur in the future and threatened PLAINTIFFS.

14. DEFENDANT breached these duties by their negligent, and reckless management, storage, and use of its coal byproducts. DEFENDANT'S reckless, negligent, and illegal conduct resulted in the actual dangerous releases of hazardous and toxic substances into the PLAINTIFFS' properties. These actual and continued releases and discharges have subjected PLAINTIFFS to unreasonable risk of harm, threat of future harm, and to actual injuries to their properties, economic interests and persons. DEFENDANT also failed to warn PLAINTIFFS of the actual and threatened releases of such substances and of the

True Copy Attest
Charles H. Hollis
Office of Clerk of Superior Court
Newport County
Newport, Rhode Island

reasonably foreseeable effects of such releases, an omission that was reckless, grossly negligent, and/or negligent. Finally, DEFENDANT failed to and continues to fail to act to prevent its release from harming PLAINTIFFS.

15. DEFENDANT'S negligence was a direct and proximate cause of injuries to PLAINTIFFS causing both actual present harm to PLAINTIFFS' properties and economic interests and creating an increased risk of personal harm to PLAINTIFFS, as well as inconvenience and interference with the use and enjoyment of their properties. PLAINTIFFS are entitled to recover damages for such injuries and anticipated additional costs for their damages.

16. All injuries and damages to PLAINTIFFS are substantial. Many of PLAINTIFFS' injuries, however, are as yet undeterminable in magnitude. The amount of damage for the injuries will be established at trial.

<u>NEGLIGENCE</u>
DUTY TO PREVENT AND TO WARN

III. <u>DUTY TO PREVENT</u>

17. PLAINTIFFS repeat and incorporate by reference as if fully set forth herein the allegations contained in Paragraphs 1 through 16 inclusive.

18. DEFENDANT breached its duty to make its product safe before disposing of it onto plaintiffs' properties. Specifically, DEFENDANT failed to take appropriate precautions to protect PLAINTIFFS' soil, from being threatened and/or contaminated with coal byproducts. In failing to take adequate steps to prevent soil contamination, DEFENDANT also breached its duty to protect PLAINTIFFS' exposure to contaminated soil.

19. DEFENDANT further negligently breached its duty to prevent coal byproducts from being discharged and released from storage tanks, barrels, and pipe lines into the soil

True Copy Attest
Office of Clerk of Superior Court
Newport County
Newport, Rhode Island

20. DEFENDANT, after a substantial amount of coal byproducts were placed into the soil, failed to prevent the threat of continued migration of said byproducts into the soil, which continues to threaten PLAINTIFFS' properties. DEFENDANT knew, or should have known, that the coal byproducts contaminated soil that may poison PLAINTIFFS' infrastructure and water supply for many years. DEFENDANT was in a position to stop this threat and/or contamination from spreading and yet did nothing.

## IV. DUTY TO WARN

21. PLAINTIFFS repeat and incorporate by reference as if fully set forth herein the allegations contained in Paragraphs 1 through 20 inclusive.

22. DEFENDANT failed in its duty to warn public agencies and private property owners of coal byproducts' propensity to contaminate PLAINTIFFS' properties. Moreover, DEFENDANT failed to warn PLAINTIFFS and the Town of Tiverton that, as a result of having coal byproducts placed into the soil, their property was in danger of being contaminated.

23. PLAINTIFFS' injuries were a foreseeable result of DEFENDANT'S placement of coal byproducts into the soil.

24. As a direct and proximate result of DEFENDANT'S negligent breach of its duties, as outlined above, PLAINTIFFS has suffered extensive damages in an amount to be proven at the time of trial.

## V. DUTY TO REMEDIATE

25. PLAINTIFFS repeat and incorporate by reference as if fully set forth herein the allegations contained in Paragraphs 1 through 24 inclusive.

True Copy Attest
Charles H. Hollis
Office of Clerk of Superior Court
Newport County
Newport, Rhode Island

26. DEFENDANT placed coal byproducts containing cyanide, arsenic, lead, mercury, and napthalene into the soil without warning governmental authorities, private properties owners, or PLAINTIFFS, of the coal byproducts' dangers and defects. DEFENDANT'S coal byproducts were placed into the soil thereby causing PLAINTIFFS' soil to be threatened and/or contaminated.

27. Once DEFENDANT knew that contamination was being discharged into the soil in the Town of Tiverton, they did nothing to prevent the contamination from spreading into PLAINTIFFS' properties.

28. Moreover, DEFENDANT knew or should have known that PLAINTIFFS was defenseless to protect themselves because they did not have knowledge of coal byproducts negative impact on soil.

29. Also, once it became known that PLAINTIFFS' soil was contaminated, DEFENDANT should have warned PLAINTIFFS of the problem and immediately remediated the contamination that its business activities have caused.

30. Once the contamination became known, DEFENDANT failed to control the contamination from expanding into PLAINTIFFS' and the surrounding community's soil.

31. Once the contamination became known, DEFENDANT failed to remediate the contamination. DEFENDANT has left PLAINTIFFS and the community to remediate the contamination knowing that PLAINTIFFS did not have the expertise or the resources to properly remediate the contamination that DEFENDANT created.

32. As a direct and proximate result of DEFENDANT'S breach of its duties, as outlined above, PLAINTIFFS have suffered extensive damages in an amount to be proven at trial.

True Copy Attest
Charles H. Hollis
Office of Clerk of Superior Court
Newport County
Newport, Rhode Island

33. Moreover, DEFENDANT willfully and intentionally breached its duty of care and acted with conscious disregard of PLAINTIFFS' safety.

34. PLAINTIFFS have suffered great harm from DEFENDANT'S conduct and is entitled to recover punitive or exemplary damages.

## VI. ABNORMALLY DANGEROUS ACTIVITY ABSOLUTE OR STRICT LIABILITY

35. PLAINTIFF realleges and incorporates by reference as if fully set forth herein Paragraphs 1 through 34, inclusive.

36. The coal byproducts released by DEFENDANT is toxic and hazardous and capable of causing severe personal injuries to persons coming into contact with it and, as such, is an ultra-hazardous material and abnormally dangerous.

37. The use and storage of coal byproducts was an ultra-hazardous and abnormally dangerous activity, subjecting persons coming into contact with coal byproducts a severe risk of harm, regardless of the degree of caution which DEFENDANT might have exercised. The risk of such an activity was not and is not outweighed by any value associated with its use to the community.

38. In addition, with full knowledge of the environmental and health hazards associated with the disposal and release of coal byproducts, DEFENDANT disposed said toxic byproducts in the vicinity and on the PLAINTIFFS' property. Although PLAINTIFFS maintain that DEFENDANT'S activities were abnormally dangerous per se, the location of such activities in a well-populated area such as a residential area in the Town of Tiverton would independently have rendered them abnormally dangerous.

True Copy Attest
Charles H. Hollis
Office of Clerk of Superior Court
Newport County
Newport, Rhode Island

39. As a direct and proximate result of DEFENDANT'S use, sale and storage of natural gas containing coal byproducts, contaminants were released into the environment, thereby injuring PLAINTIFFS, which include actual present harm to their property and economic interests, and potential future harm to PLAINTIFFS due to the threat of future contamination, as well as inconvenience and interference with the use and enjoyment of their property. These injuries constitute the type and harm which made the activities abnormally dangerous.

40. By reason of the foregoing, DEFENDANT is strictly liable in tort for the damages sustained by PLAINTIFFS.

41. All injuries and damages to PLAINTIFFS are substantial; however, many of the injuries to PLAINTIFFS are as yet undetermined in magnitude. The amount of damage for some of PLAINTIFFS' injuries will be established at trial.

## VII. PRIVATE NUISANCE

42. PLAINTIFFS realleges and incorporates by reference as if fully set forth herein Paragraphs 1 through 41, inclusive.

43. At all times material hereto, PLAINTIFFS was in lawful possession of their land. DEFENDANT'S use, manufacturing and sale of natural gas has resulted in an intrusion and the continued intrusion upon PLAINTIFFS' properties, significantly and negatively impacting upon PLAINTIFFS' right to use and enjoy their property.

44. Specifically, DEFENDANT'S unreasonable emission, disposal and release of toxic and hazardous substances into PLAINTIFFS' soil, was substantially offensive, discomforting and annoying to persons of ordinary sensibilities, tastes, and habits.

True Copy Attest
Charles H. Hollis
Office of Clerk of Superior Court
Newport County
Newport, Rhode Island

45. DEFENDANT'S interference with PLAINTIFFS' rights were so unusual and excessive that it necessarily caused injury, damage, harm and inconvenience to PLAINTIFFS, and it substantially, materially and unusually interfered with their comfort, and with the proper use and enjoyment of their properties. PLAINTIFFS' specific damages include, but are not limited to, remediation costs attributable to the presence of contaminants on her property. Such invasion of PLAINTIFFS' rights were unreasonable.

46. DEFENDANT'S use, manufacturing and sale of natural gas has resulted in an entry and intrusion, and the continued entry and intrusion onto the property of PLAINTIFFS without privilege, permission, invitation or justification. DEFENDANT'S conduct directly and proximately caused PLAINTIFFS' injuries, including actual or increased harm to their property and economic interests and injuries to their persons, as well as inconvenience and interference with the use and enjoyment of their properties. PLAINTIFFS are entitled to recover damages for such injuries.

47. All injuries and damages to PLAINTIFFS are substantial. Many of PLAINTIFFS' injuries, however, are as yet undetermined in magnitude. The amount of damages for some of the injuries will be established at trial.

## VIII. TRESPASS

48. PLAINTIFFS realleges and incorporates by reference as if fully set forth herein Paragraphs 1 through 47, inclusive.

49. PLAINTIFFS were at all relevant times in possession of land they owned and/or occupied.

50. Upon information and belief, DEFENDANT knew its intentional discharge or contaminants had migrated into PLAINTIFFS' properties.

True Copy Attest
Charles H. Hollis
Office of Clerk of Superior Court
Newport County
Newport, Rhode Island

51. Upon information and belief, despite DEFENDANT'S knowledge of the harm caused by the placement of coal byproducts in the soil, DEFENDANT intentionally persisted in its conduct and continued to discharge said contaminants.

52. Upon information and belief, the discharge which DEFENDANT knew or should have known was placed into PLAINTIFFS' soil and property, constitutes a trespass.

53. Upon information and belief, PLAINTIFFS' real property, continues to be threatened, exposed to and/or contaminated by hazardous chemicals and materials originating at DEFENDANT'S plant.

54. DEFENDANT'S manufacturing of natural gas has resulted in an entry and intrusion onto PLAINTIFFS' property without privilege, permission, invitation or justification.

55. DEFENDANT'S conduct directly and proximately caused PLAINTIFFS' injuries, including actual physical harm to property and economic interests and an increased risk of future harm to her person, as well as inconvenience and interference with the use and enjoyment of her property. PLAINTIFFS are entitled to recover damages for such injuries.

56. All injuries and damages to PLAINTIFFS are substantial. Many of PLAINTIFFS' injuries, however, are as yet undetermined in magnitude. The amount of damages for such injuries will be established at trial.

## IX. PUBLIC NUISANCE

57. PLAINTIFFS reallege and incorporates by reference as if fully set forth herein Paragraphs 1 through 56, inclusive.

58. DEFENDANT has manufactured and disposed of its product in a manner that has unreasonably endangered or injured the property, health, safety and comfort of PLAINTIFFS and other town residents, causing inconvenience and annoyance.

True Copy Attest
Charles H. Hollis
Office of Clerk of Superior Court
Newport County
Newport, Rhode Island

59. Actual coal byproduct contamination caused by DEFENDANT'S conduct has caused injury to PLAINTIFFS in the form of present serious interference with the use, benefit and/or enjoyment of her property, in a way that an ordinary reasonable person would define as substantial inconvenience, annoyance, and injury.

60. DEFENDANT has violated and/or threatened to violate PLAINTIFFS' right to contaminate free soil.

61. As a direct and proximate result of DEFENDANT'S acts and omissions creating the above-described nuisance, PLAINTIFFS have suffered special injuries to their properties, including but not limited to, the threat and/or actual contamination by coal byproducts, reduction of their property values and the costs associated with removing said contamination.

## X. PRAYER FOR RELIEF

WHEREFORE, PLAINTIFFS demand judgment in their favor against DEFENDANT:

a. A declaration by the Court that DEFENDANT has been and continues to be in violation of the above legal duties;

b. Awarding PLAINTIFFS compensatory damages in an amount in excess of this Court's minimal jurisdictional limits;

c. Awarding PLAINTIFFS punitive damages in an amount to be determined by a trier of fact;

d. Awarding PLAINTIFFS the costs of this lawsuit, including but not limited to, attorneys' fees and expert costs as authorized by statute and the applicable rules of this Court;

e. Enjoining DEFENDANT from allowing the continued placement and

True Copy Attest
Charles H. Hollis
Office of Clerk of Superior Court
Newport County
Newport, Rhode Island

migration of coal byproducts onto PLAINTIFFS' soil and property;

f. Awarding PLAINTIFFS the diminution in their property values;

g. Requiring DEFENDANT to pay all future costs incurred by PLAINTIFFS for the costs associated with obtaining alternative housing;

h. Requiring DEFENDANT to pay all of PLAINTIFFS' costs associated with the diminished property values as a result of the contamination;

i. Preliminary and permanent injunctions to pay money into a fund sufficient to clean and remediate the contamination that DEFENDANT caused to be discharged into PLAINTIFFS' soil;

j. An Order mandating that DEFENDANT and its successors and assigns, to take every action necessary to assure that all relief requested herein is obtained and fully funded;

k. Awarding PLAINTIFFS sufficient sums to compensate her for past, present and future pain and suffering, lost wages and reasonable medical expenses, including but not limited to, medical monitoring;

l. Awarding PLAINTIFFS such other, further, and different relief as the Court may deem appropriate and just; and

m. Trial by Jury.

True Copy Attest
Charles H. Hollis
Office of Clerk of Superior Court
Newport County
Newport, Rhode Island

Plaintiffs
By their Attorneys,
BRIAN CUNHA & ASSOCIATES, P.C.

Brian R. Cunha, Esquire #4074
904 Broadway
East Providence, RI 02914
Telephone: (401) 431-5300
Fax: (401) 431-1958

True Copy Attest
Charles H. Hollis
Office of Clerk of Superior Court
Newport County
Newport, Rhode Island

STATE OF RHODE ISLAND
SUPERIOR COURT

CIVIL
CASE COVER SHEET

Case * (Filled in by Clerk's Office)
NC-05-0332

This form must be filed with each original document that comences a civil proceeding in the Clerk's Office. If the case is a District Court appeal, the form must be filed with the appeal in the District Court and will then be transferred with other documents to the Superior Court.

| PLAINTIFFS: | DEFENDANTS: |
|---|---|
| COLLEEN BIGELOW, DONNA BRAGA et. al | NEW ENGLAND GAS COMPANY, formerly known as FALL RIVER GAS COMPANY |

SUPERIOR COURT FILED CHARLES H. HOLLIS, CLERK 05 JUL 25 PM 12:22

NATURE OF PROCEEDING — Check the applicable case type under main categories listed below. (check one only)

**District Court Appeal** ☐ Yes (check type below)

| | | |
|---|---|---|
| ☐ AGA Agency appeal | ☐ DTP Deceptive trade practice | ☐ PRN Promissory note |
| ☐ ANT Anti-trust | ☐ EXT Excessive tax | ☐ PRT Partition |
| ☐ ASB Assault and battery | ☐ FOR Forfeiture | ☐ RIC Reinstate charter |
| ☐ BKA Book account | ☐ FRJ Foreign Judgment | ☐ RLP Real property |
| ☐ CIC Criminal inj. compensation | ☐ IDV Personal inj./property dam-vehicle | ☐ ROF Recovery of funds |
| ☐ CLA Common law assignment | ☐ INR Injunctive relief | ☐ SAB Sexual abuse |
| ☐ CLL Common law lien | ☐ IPL Interpleader | ☐ SPP Specific performance |
| ☐ CON Contract | ☐ LIB Libel/slander | ☐ SXH Sexual harassment |
| ☐ CNV Conversion | ☐ MLE Malpractice/legal | ☐ TAE Trespass and ejectment |
| ☐ CRC Criminal conversation | ☐ MME Malpractice/medical | ☐ TCO Title clearing (other than tax title) |
| ☐ CRJ Civil Rights Job Discrimination | ☐ MOT Malpractice/other | ☐ TCT Trustee/appt convey title |
| ☐ DEJ Declaratory judgment | ☐ PDM Property damage | ☐ TRA Trustee/accounting |
| ☐ DIN Recovery of damages/insurance | ☐ PDV Property damage / vehicle | ☐ UNM Uninsured motorist |
| ☐ DOJ Debt on judgment | ☐ PER Personal injury | ☐ WOM Mandamus. Writ of |
| ☐ DPC Denial of probate claim | ☐ PIV Personal injury-vehicle | ☐ WOR Replevin, Writ of |
| ☐ Other than above (specify type): | ☑ PRL Product liabilty | ☐ WRD Wrongful death |

MISCELLANEOUS PETITIONS

| | | |
|---|---|---|
| ☐ AOD Assessment of damages | ☐ EDP End partnership | ☐ PFR Petition for review |
| ☐ AOS Trustee successor | ☐ FOC Forfeiture of charter | ☐ PFS Perform surgery |
| ☐ AOT Trustee / appointment of | ☐ FRR Forclosure of right redemption | ☐ PIN Pet for inventory (wire tap) |
| ☐ ARA Arbitration award | ☐ GJI Grand jury investigation | ☐ PTD Pet to take deposition |
| ☐ CAR Arbitration /confirm | ☐ HAC Habeas corpus | ☐ PTE Petition to expunge |
| ☐ CFC Confirm compromise | ☐ LCN Level of community notification | ☐ R5A Rule 5A petition |
| ☐ CND Condemnation | ☐ MAW Material witness | ☐ REC Receivership |
| ☐ CNT Contempt | ☐ MEL Mechanics lien | ☐ RTA Arbitration referral |
| ☐ DOC Dissolution of corp. | ☐ OSW Out of state witness | ☐ SVP Sexually violent predator petition |
| ☐ DOT Trustee / declination of | ☐ PCR Post conviction relief | ☐ TCL Title clearing (tax title) |
| ☐ DSC Disclaimer | ☐ PFC Petition for constable | ☐ TLF Foreclosure / tax lien |
| ☐ Other than above (specify type): | ☐ PFI Petition for immunity | ☐ VAR Arbitration / vacate |

PROBATE APPEALS

☐ WIL Will ☐ TRS Trust ☐ GRD Guardianship ☐ NAC Name change
☐ Other than above (specify type):

Is this a case that may require a trial for resolution? ☒ Yes ☐ No If Yes: ☒ Jury or ☐ Non-jury

( Attorney name and Registration # Brian R. Cunha # 4074 07/21/05 (Date)

Pro se/Name

SC-223 (Rev. 11/00)

True Copy Attest
Charles H. Hollis
Office of Clerk of Superior Court
Newport County
Newport, Rhode Island