**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

SHEILA REIS, DENNIS REIS and ASHLEY REIS, et al.,

Plaintiffs,

vs.

SOUTHERN UNION COMPANY dba FALL RIVER GAS COMPANY, and NEW ENGLAND GAS COMPANY,

Defendants.

---

NEW ENGLAND GAS COMPANY,

Third-Party Plaintiff,

vs.

BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC; BRIDGESTONE AMERICAS HOLDINGS, INC.; HONEYWELL INTERNATIONAL, INC.; TOWN OF TIVERTON; GULF OIL CORPORATION; INLAND FUEL TERMINALS, INC.; DOMINION RESOURCES, INC., and DOMINION ENERGY BRAYTON POINT LLC,

Third-Party Defendants.

C.A. No. 05-522T
(Related Cases: 05-274T; 05-370T; 05-0221T)

**THIRD-PARTY COMPLAINT**

Third-Party Plaintiff, New England Gas Company, by and through its attorneys, Adler, Pollock & Sheehan, P.C., Kasowitz, Benson, Torres & Friedman LLP and Hinckley, Allen & Snyder LLP, as and for its third-party complaint against defendants Bridgestone Firestone North American Tire, LLC; Bridgestone Americas Holdings, Inc.; Honeywell International, Inc.; the Town of Tiverton; Gulf Oil Corporation; Inland Fuel

Terminals, Inc.; Dominion Resources, Inc., and Dominion Energy Brayton Point LLC alleges as follows:

## PARTIES

1. Third-party plaintiff, New England Gas Company ("NEGasCo"), is an unincorporated division of Southern Union Company ("Southern Union"). Southern Union is a Delaware corporation with its principal place of business in Houston, Texas.

2. Upon information and belief, third-party defendants Bridgestone Firestone North American Tire, LLC and Bridgestone Americas Holdings, Inc. (collectively, "Firestone") are companies duly organized and existing under the laws of the State of Nevada with their principal place of business in Nashville, Tennessee.

3. Upon information and belief, third-party defendant Honeywell International, Inc. ("Honeywell") is a corporation duly organized and existing under the laws of the State of Delaware with its principal place of business in Morris Township, New Jersey. Upon information and belief, Honeywell acquired the assets of and/or is the successor to the Barrett Company (f/k/a the Barrett Manufacturing Company ("Barrett")).

4. Third-party defendant Town of Tiverton ("Tiverton") is a municipal corporation and a public subdivision of the State of Rhode Island.

5. Upon information and belief, third-party defendant Gulf Oil Corporation ("Gulf") is a corporation duly organized and existing under the laws of the State of Delaware with its principal place of business in San Ramon, California.

6. Upon information and belief, third-party defendant Inland Fuel Terminals, Inc. ("Inland Fuel") is a corporation duly organized and existing under the laws of the State of Connecticut with its principal place of business in Bridgeport, Connecticut.

7. Upon information and belief, third-party defendant Dominion Resources, Inc. ("Dominion Resources") is a corporation duly organized and existing under the laws of the State of Virginia with its principal place of business in Richmond, Virginia.

8. Upon information and belief, third-party defendant Dominion Energy Brayton Point LLC ("Dominion Energy") is a limited liability company duly organized and existing under the laws of the State of Virginia and is a wholly-owned subsidiary of Dominion Resources. Upon information and belief, Dominion Resources and its subsidiary, Dominion Energy, are alter egos of one another and own and/or operate the Brayton Point Power Plant in Somerset, Massachusetts.

**JURISDICTION AND VENUE**

9. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332 and 1367. Each of the third-party defendants is present in or otherwise subject to jurisdiction in Rhode Island including without limitation based on their minimum contacts with the forum.

10. Venue is properly founded in this District pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events giving rise to the claims occurred in this District.

**FACTUAL ALLEGATIONS**

11. Plaintiffs own property and/or reside in Tiverton, Rhode Island. Plaintiffs allege that their properties are contaminated by material allegedly generated by one or more manufactured gas plant facilities owned and operated by the Fall River Gas Company prior to its acquisition by NEGasCo. A true and accurate copy of plaintiffs' Complaint is annexed hereto as Exhibit A.

12. NEGasCo denies that any of the alleged contamination of plaintiffs' properties came from the Fall River Gas Company. NEGasCo further denies any liability for the injuries and damages alleged by the plaintiffs and asserts that the third-party defendants are responsible for all or part of the alleged contamination.

13. NEGasCo brings this third-party complaint for contribution and/or indemnification against each of the third-party defendants if, and to the extent, it is liable to plaintiffs in this action. Each and every claim herein for contribution and/or indemnification is brought separately with respect to the claim of each plaintiff, and is combined herein solely for practical convenience as each is a separate, independent claim herein.

Factual Allegations As Against Third-Party Defendant Firestone

14. Upon information and belief, from 1937 until about 1971, third-party defendant Firestone operated a manufacturing plant in Fall River, Massachusetts (the "Fall River Facility") less than three miles from the area where plaintiffs' property is located (the "Bay Street Area").

15. Upon information and belief, Firestone had a business relationship with John Simpson, Jr. and his sons, John K. Simpson and Alvin Simpson (collectively, the "Simpsons"), the owners and operators of one of the largest contracting, excavating and hauling businesses in the Tiverton/Fall River area during the relevant period.

16. Upon information and belief, waste from the manufacturing processes at Firestone's Fall River Facility were deposited and/or distributed in the Bay Street Area by Firestone and/or the Simpsons, on Firestone's behalf.

17. In the unlikely event that plaintiffs recover any judgment against NEGasCo, NEGasCo is entitled to contribution and/or indemnification from Firestone for any and all sums that it is required to pay as a result of this action, including attorneys' fees, costs and disbursements incurred by NEGasCo in the defense of plaintiffs' lawsuit.

Factual Allegations As Against Third-Party Defendant Honeywell

18. Upon information and belief, Barrett, whose assets were acquired by third-party defendant Honeywell, manufactured a product called Tarvia.

19. Upon information and belief, Tarvia was made from coal tar and used to pave and maintain roadways at the turn of the 20th century and thereafter.

20. Upon information and belief, beginning in the 1930s, Tarvia was applied to one or more of the streets in the Bay Street Area, and thereafter leached, washed or was carried onto plaintiffs' properties.

21. In the unlikely event that plaintiffs recover any judgment against NEGasCo, NEGasCo is entitled to contribution and/or indemnification from Honeywell for any and all sums that it is required to pay as a result of this action, including attorneys' fees, costs and disbursements incurred by NEGasCo in the defense of plaintiffs' lawsuit.

Factual Allegations As Against Third-Party Defendant Town Of Tiverton

22. Upon information and belief, third-party defendant Tiverton is responsible for the alleged contamination in the Bay Street Area. In a Letter of Responsibility issued to Tiverton on October 2, 2002, the Rhode Island Department of Environmental Management ("RIDEM") concluded, in relevant part, that Tiverton is responsible for "concentrations of hazardous substances [including] Total Petroleum Hydrocarbons

(TPH) and Semi-Volatile Organic Compounds (SVOCs)" in the Bay Street Area. RIDEM subsequently named Tiverton as a respondent in a September 2006 Notice of Violation relating to the Bay Street Area.

23. Upon information and belief, the contaminants referenced in the October 2, 2002 Letter of Responsibility were caused by, among other things, the application of Tarvia by the Town of Tiverton on the roads in the Bay Street Area.

24. Upon information and belief, throughout most of the 20th Century, Tiverton operated, permitted and/or failed to prevent, the use of portions of the Bay Street Area, including the corner of Judson and Bay Streets, as a dump for waste from multiple industrial, commercial and/or other sources, which waste has caused or contributed to the alleged contamination in the Bay Street Area.

25. Tiverton was acting in a proprietary capacity at the time that the conduct complained of was committed.

26. Tiverton breached a special duty it owed to plaintiffs and engaged in egregious activities at the time that the conduct complained of was committed.

27. By letter dated March 23, 2007, NEGasCo sent a notice and demand to Tiverton pursuant to R.I. Gen. Laws §45-15-5.

28. In the unlikely event that plaintiffs recover any judgment against NEGasCo, NEGasCo is entitled to contribution and/or indemnification from Tiverton as to the claim of each separate plaintiff for any and all sums that it is required to pay as a result of this action, including attorneys' fees, costs and disbursements incurred by NEGasCo in the defense of plaintiffs' lawsuit.

Factual Allegations As Against Third-Party Defendant Gulf

29. Since about 1928, a tank farm has been located at 25 State Avenue in Tiverton, Rhode Island, which is at the westernmost portion of the Bay Street Area (the "Tank Farm").

30. Upon information and belief, the Tank Farm suffered a devastating fire in 1933 (the "1933 Fire") and sustained considerable damage in 1938 and 1954 as a result of two of the largest hurricanes in the history of New England (the "Hurricanes").

31. Upon information and belief, third-party defendant Gulf owned and operated the Tank Farm from 1940 until approximately 1981, and also owned land immediately north of the Tank Farm in Fall River, which Gulf used as part of its operation of the Tank Farm.

32. Upon information and belief, over the course of Gulf's ownership of the Tank Farm, it engaged in significant excavation and construction at the Tank Farm in conjunction with the expansion of the Tank Farm.

33. Upon information and belief, the 1933 Fire, the Hurricanes, and the above-referenced excavation and construction, as well as the day-to-day operations of the Tank Farm caused or contributed to the contamination in the Bay Street Area as alleged by plaintiffs.

34. Upon information and belief, Gulf also owned and operated a lot located at 52 State Avenue in Fall River, Massachusetts that was formerly owned and occupied by the State Coal Company (the "State Coal Company Lot").

35. Upon information and belief, contaminants from the State Coal Company Lot were deposited in, or caused or contributed to the contamination in the Bay Street Area as alleged by plaintiffs.

36. In the unlikely event that plaintiffs recover any judgment against NEGasCo, NEGasCo is entitled to contribution and/or indemnification from Gulf for any and all sums that it is required to pay as a result of this action, including attorneys' fees, costs and disbursements incurred by NEGasCo in the defense of plaintiffs' lawsuit.

Factual Allegations As Against Third-Party Defendant Inland Fuel

37. Upon information and belief, third-party defendant Inland Fuel acquired ownership of the Tank Farm in 1995.

38. Upon information and belief, tanks or trucks operated by or for the benefit of Inland Fuel have spilled petroleum in the Bay Street Area, causing or contributing to the alleged contamination.

39. Upon information and belief, one example of this occurred in November of 2005 when a petroleum based substance leaked from a truck exiting the Tank Farm (the "November 2005 Spill"). At the time of the November 2005 Spill, Tiverton was in the process of flushing hydrants east of the Bay Street Area causing the petroleum based substance to cascade down Judson Street and to collect at the corner of Judson and Bay Streets, in the Bay Street Area.

40. In the unlikely event that plaintiffs recover any judgment against NEGasCo, NEGasCo is entitled to contribution and/or indemnification from Inland Fuel for any and all sums that it is required to pay as a result of this action, including

attorneys' fees, costs and disbursements incurred by NEGasCo in the defense of plaintiffs' lawsuit.

Factual Allegations As Against Third-Party Defendants Dominion

41. Upon information and belief, third-party defendants Dominion Resources and Dominion Energy (collectively, "Dominion") are the owners and/or operators of the Brayton Point Power Plant ("Brayton Point").

42. Brayton Point is the largest single source of air pollution in Rhode Island, which pollution includes polycyclic aromatic hydrocarbon emissions ("PAHs").

43. Brayton Point caused or contributed to the alleged contamination in the Bay Street Area.

44. In the unlikely event that plaintiffs recover any judgment against NEGasCo, NEGasCo is entitled to contribution and/or indemnification from Dominion for any and all sums that it is required to pay as a result of this action, including attorneys' fees, costs and disbursements incurred by NEGasCo in the defense of plaintiffs' lawsuit.

**FIRST CAUSE OF ACTION**

(Contribution As Against The Third-Party Defendants)

45. NEGasCo repeats and realleges Paragraphs 1 through 44 as if fully set forth herein.

46. To the extent that plaintiffs recover a judgment against NEGasCo, NEGasCo will be damaged and the third-party defendants will therefore be liable to NEGasCo for all or part of the monies paid by NEGasCo, or for such proportionate part thereof that is attributable to the negligence or wrongful conduct of each third-party

defendant respectively, together with the costs and disbursements incurred by NEGasCo in the defense of plaintiffs' lawsuit.

## SECOND CAUSE OF ACTION

(Indemnification As Against The Third-Party Defendants)

47. NEGasCo repeats and realleges Paragraphs 1 through 46 as if fully set forth herein.

48. In the event that plaintiffs recover a judgment against NEGasCo, any such liability on the part of NEGasCo, by operation of law or otherwise, will have been caused and brought about by the negligence, carelessness and/or wrongful conduct of the third-party defendants, their agents, servants and employees, and not by any negligence, carelessness and/or wrongful conduct on the part of NEGasCo, its agents, servants or employees.

49. By reason of the foregoing, the third-party defendants are primarily liable for any injuries or damages that were sustained by plaintiffs, and therefore the third-party defendants are required to indemnify and hold harmless NEGasCo for any damages it may sustain by reason of being found liable to plaintiffs.

## JURY TRIAL REQUEST

NEGasCo hereby requests a trial by jury of all issues triable to a jury.

**PRAYER FOR RELIEF**

**WHEREFORE**, NEGasCo demands judgment against each of the third-party defendants for contribution and/or indemnification, in whole or in part, for any and all moneys that may be paid by NEGasCo arising from plaintiffs' lawsuit, together with the costs and disbursements of this action, and such further relief as this Court believes to be just and proper.

Dated: _______________

**ADLER, POLLOCK & SHEEHAN P.C.**[1]

By: /s/_________________

John A. Tarantino (#2586)
David A. Wollin (#4950)
Kristen W. Sherman (#5595)
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
(401) 274-7200

**KASOWITZ, BENSON, TORRES & FRIEDMAN LLP**
Eric D. Herschmann
David E. Ross
1633 Broadway
New York, New York 10019
(212) 506-1700

- and -

**BISHOP, LONDON, BROPHY, & DODDS**
Christina Dodds
3701 Bee Cave Road, Suite 200
Austin, Texas 78746
(512) 479-5000

[1] Adler, Pollock Sheehan P.C. does not represent NEGasCo with respect to its claims against Third-Party Defendants Dominion Resources, Inc., and Dominion Energy Brayton Point LLC.

*Attorneys for Defendant*
*New England Gas Company,*
*an unincorporated division of*
*Southern Union Company*

-and-

**HINCKLEY, ALLEN & SNYDER**
Gerald Petros (# 2931)
50 Kennedy Plaza
Providence, RI
(401) 274-2000

*Attorneys for Defendant*
*New England Gas Company,*
*an unincorporated division of*
*Southern Union Company, as to*
*Third-Party Defendants*
*Dominion Resources, Inc. and*
*Dominion Energy Brayton Point LLC.*

*422744_1.doc*