UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| GAIL, JOHN D. AND JOHN F. CORVELLO, et al.<br><br>*Plaintiffs,*<br><br>vs.<br><br>NEW ENGLAND GAS COMPANY, INC.,<br><br>*Defendant.* | C.A. No. 05-0221T<br>(Related Cases: 05-274T; 05-370T; 05-522T) |

**NEW ENGLAND GAS COMPANY'S MEMORANDUM OF LAW IN OPPOSITION TO RIDEM'S MOTION TO FILE CORRECTED PRIVILEGE LOG AND FOR RECONSIDERATION**

New England Gas Company ("NEGasCo") submits this memorandum of law in opposition to the Rhode Island Department of Environmental Management's ("RIDEM's") motion for leave to file a corrected and supplemental privilege log and reconsideration of the Court's June 28, 2007 Memorandum and Order (the "Order") denying RIDEM's motion for a protective order concerning certain allegedly privileged documents ("RIDEM's Motion").

## BACKGROUND

On June 28, 2007, this Court denied RIDEM's motion for protective order seeking return of allegedly privileged documents RIDEM produced to NEGasCo last October pursuant to a subpoena. In its Order, this Court held that the documents were not privileged because (1) RIDEM failed to meet its burden, after receiving no less than two opportunities to do so, to produce an adequate log to support its claim of privilege; and (2) that RIDEM's "failure to take reasonable precautions in order to prevent the disclosure of" the purportedly privileged

documents, "coupled with [RIDEM's] failure to take prompt corrective action after learning of the error" independently effected a waiver or loss of any arguable privilege RIDEM may have with respect to the documents. (Order at 20.)

RIDEM refuses to accept this Court's Order and instead asks for yet another opportunity to submit a third privilege log which RIDEM contends will both correct a clerical error to its second privilege log, and will include completely new, substantive modifications to the amended privilege log found lacking by the Court in its Order. (RIDEM's Motion at 4.) RIDEM further asks that should the Court permit it to submit its third attempt at a privilege log, that the Court then reconsider its Order in light of that privilege log. (Id. at 8.) RIDEM's request for a "do over" is without merit and should be denied. RIDEM's Motion is, proverbially, "too little, too late."

First, the clerical error in the amended privilege log -- which RIDEM asserts led the Court to find the log inadequate -- was only one of many fundamental deficiencies in the log identified by the Court. Correction of the clerical error would not cure the amended log's basic failure to explain and support the allegedly privileged nature of the listed documents. Furthermore, a reconsideration motion cannot be used to make new, substantive submissions of facts previously available to a party. RIDEM cannot and does not claim it has newly discovered facts; it asks instead for a third try, after the Court has ruled against it, to carry its burden of establishing privilege. RIDEM's Motion is incompetent on that basis alone.

Second, RIDEM's failure for over three months -- until June 28 when the Court ruled -- to recognize the purported clerical error in the amended privilege log is not a valid basis for reconsideration. Here, there was no misapprehension of facts by the Court, but a party's failure to present facts. Furthermore, RIDEM's sloppiness in presenting yet another defective log and

then failing to catch its mistake for three months hardly supports a request for further submissions and then for reconsideration. Indeed, RIDEM's continued negligence lends further support to this Court's Order finding that RIDEM lost or waived its privilege by its multiple acts of carelessness. (See Order at 20.)

Third, even if this Court were to permit RIDEM to file yet another privilege log, and even if the Court was then persuaded by some or all of the entries in the third log to reconsider that part of its Order, RIDEM's Motion must still be denied. That is because the Motion utterly fails to address the independent basis in the Order for denial of RIDEM's protective order motion, namely: RIDEM's negligence in producing its documents coupled with RIDEM's failure to take prompt corrective action when notified that it had produced potentially privileged documents, resulted in the loss of any alleged privilege that may have existed. Thus, granting RIDEM's reconsideration motion would be futile in any event, needlessly delay this matter and compound the multitude of filings in connection with RIDEM's protective order motion.[1]

As RIDEM's Motion and its request for further submissions are completely unwarranted as a matter of fact and of law, and in any event futile, the Motion should be denied in its entirety.

## ARGUMENT

A. RIDEM's Motion To Submit A Third Privilege Log Should Be Denied.

RIDEM should not be permitted, after this Court has ruled, to submit yet a third privilege log in an effort to cure fundamental errors in its first two logs. In its Order, the Court noted that it had given RIDEM the opportunity to amend its original log. (Order at 6.) RIDEM took advantage of that opportunity and submitted a substantially revised "amended" privilege log,

[1] As this Court has already returned the documents at issue to NEGasCo and its counsel, and has denied RIDEM's motion to stay the execution of this Order, RIDEM's motion for reconsideration is moot.

which the Court used in evaluating RIDEM's assertion of privilege as set forth in the Court's Order. RIDEM now claims that the amended privilege log contained a clerical error which explains why the amended privilege log failed to address and cure the "serious questions" that the Court had raised regarding the original privilege log. Had this error not existed, RIDEM argues, the Court would have granted its protective order motion. (Order at 6; RIDEM's Motion at 5-8.) RIDEM therefore asks the Court for a third chance to submit a privilege log that will not only correct this clerical error, but will add new, substantive amendments to cure deficiencies identified by the Court in its Order. (RIDEM's Motion at 7-8.) RIDEM's Motion should be denied.

First, while RIDEM suggests that a purported clerical error "explains many of the Court's issues with RIDEM's privilege logs," such error does not explain the vast majority of the problems with RIDEM's amended privilege log. (RIDEM's Motion at 6.) This Court's Order identifies a multitude of defects in the privilege log only one of which is explained by the so-called "clerical" error. For example, RIDEM's purported clerical error does not explain why, as the Court observed, the amended privilege log "fails to identify some of the individuals by and for whom various documents were prepared." (Order at 17.) Nor does the purported clerical error explain why documents "distributed to parties outside of RIDEM" qualify for privilege. (Id.) Indeed, correction of the claimed clerical error will not cure the fundamental failure of the amended log to explain or support why the vast majority of the documents listed thereon are privileged at all.

Further, that RIDEM now asks for the opportunity to submit another privilege log so that it can "enhance the descriptions of the documents on the privilege log to make its assertion of privilege clearer" confirms that the deficiencies in RIDEM's amended log are not limited to a

clerical error. (See RIDEM's Motion at 7.) Instead, RIDEM asks for a "do-over" so it can submit new proof – which was available all along – to attempt for a third time to carry its burden of establishing that the documents were once privileged. As a reconsideration motion may not be used to cure a deficient submission, RIDEM's Motion should be denied for this reason alone.

B. RIDEM's Failure For Three Months To Notice And Cure The "Clerical Error" Provides No Basis For Reconsideration.

As noted above, RIDEM's claim that it did not realize that the amended privilege log contained a clerical error until the Court rendered its Order on June 28 is not a valid basis for reconsideration. (RIDEM's Motion at 5.) Rather, RIDEM's failure to notice this error is yet another example of RIDEM's utter lack of diligence in how it handled its production of purportedly privileged documents, and is entirely consistent with RIDEM's pattern of carelessness at every turn. RIDEM's latest attempt to have this Court save it from its latest act of carelessness should be rejected.[2]

C. RIDEM's Motion Is Futile Given This Court's Separate And Independent Holding That RIDEM Lost Any Claimed Privilege Applicable To The Documents.

As noted above, RIDEM's "failure to take reasonable precautions in order to prevent disclosure of the documents at issue coupled with the failure to take prompt corrective action after learning of the error resulted in a waiver or loss of any privilege that RIDEM may have had" over the documents identified on its privilege log. (Order at 20.) RIDEM's Motion fails to address this independent basis for denial of its protective order motion which renders RIDEM's Motion futile.

D. RIDEM's Motion For Reconsideration Should Be Denied.

Finally, to the extent that RIDEM's Motion is one for reconsideration it must be denied.

[2] It is noteworth that RIDEM claims it failed to discover the clerical error even after NEGasCo's opposition brief pointed out numerous errors and given that RIDEM must have reviewed the amended log in connection with its failed effort to supplement that log. (See Dkt No. 162.)

RIDEM has not -- and cannot -- satisfy any of the grounds that would lead a Court to reconsider an Order. As the First Circuit has held, a motion for reconsideration "is not appropriate as a 'vehicle[] to reargue an issue previously addressed by the court.'" Platten v. HG Bermuda Exempted Ltd., 437 F.3d 118, 139 (1st Cir. 2006) (citation omitted). Rather, a motion for reconsideration is only appropriate "'where the court has misapprehended the facts, a party's position, or the controlling law.'" Id. (citation omitted).[3]

Here, RIDEM contends that since the Court issued its Order based on a faulty privilege log, the Court misapprehended the facts. (RIDEM's Motion at 9.) RIDEM therefore claims that if permitted to submit a third privilege log, the Court will have the opportunity to reconsider its assertion of privilege the way RIDEM had always intended. This argument is without merit.

Contrary to RIDEM's contention, the Court did not misapprehend the facts, but rather considered the facts presented to it. RIDEM's failure to properly present the facts is not the same as the Court's misapprehending them. Here, the Court applied the facts presented by RIDEM to the law, and found RIDEM's submission inadequate on numerous grounds. Furthermore, if permitted to submit another privilege log RIDEM would not only correct the purported clerical error, but would submit new, additional facts to shore up RIDEM's inadequate showing. (RIDEM's Motion at 7-8.) But, it is too late to add new facts which indisputably were available at the time of the submissions on the underlying motion. RIDEM is simply trying to cure deficiencies in its prior two submissions which it cannot properly do on or through this Motion.[4]

---

[3] RIDEM attempts to downplay the standard for reconsideration of interlocutory orders. However, the authority RIDEM relies on is either not controlling in the First Circuit or is not on point. See, e.g., Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 12 & n. 14 (1983) (noting that under Rule 54(b) judges have discretion to reopen judgments that do not decide all claims or all parties).

[4] RIDEM's footnote 1, alternatively asks the Court to make new findings that RIDEM did sustain its burden of establishing privilege as to specific documents on its amended privilege log. This makes no sense, as the Court has

**CONCLUSION**

For all the foregoing reasons, RIDEM's motion to file a corrected privilege log and for reconsideration should be denied.

Dated: July 16, 2007

**ADLER POLLOCK & SHEEHAN P.C.**

/s/ *Kristen W. Sherman*
John A. Tarantino (#2586)
David A. Wollin (#4950)
Kristen W. Sherman (#5595)
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
(401) 274-7200
Fax: (401) 351-4607

**KASOWITZ, BENSON, TORRES & FRIEDMAN LLP**
Eric D. Herschmann
David E. Ross
1633 Broadway
New York, New York 10019
(212) 506-1700

**BISHOP LONDON BROPHY DODDS**
Christina Dodds
3701 Bee Cave Road
Austin, Texas 78746
(512) 479-5900

*Attorneys for Defendant*
*New England Gas Company,*
*a division of Southern Union Company*

found on numerous grounds that the amended privilege log was inadequate to establish that any of the documents were privileged. (See Order at 16-19.)

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of July, 2007, I did send a true copy of the within document by electronic means (ECF) or email to the following:

Robert J. McConnell, Esq.
Michael G. Rousseau, Esq.
Jonathan D. Orent, Esq.
Motley Rice LLC
321 South Main Street
Providence, RI 02940

Neil T. Leifer
Thornton & Naumes, LLP
100 Summer Street, 30th Floor
Boston, MA 02110

Mark W. Roberts
McRoberts, Roberts & Rainer, LLP
53 State Street
Boston, MA 02109

Paul Revere, III, Esq.
Law Offices of Paul Revere, III
226 River View Lane
Centerville, MA 02632

Russell X. Pollock, Esq.
Campbell, Campbell, Edwards & Conroy, PC
One Constitution Plaza
Boston, MA 02129

Brian R. Cunha, Esq.
Brian Cunha & Associates, P.C.
904 Broadway
East Providence, RI 02914

Gregory Schultz, Esq.
Brian Wagner, Esq.
RIDEM - Office of Legal Services
235 Promenade St., 4th Floor
Providence, RI 02908-5767

/s/ *Kristen W. Sherman*

423339_1.DOC