**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

GAIL, JOHN D. and John F. CORVELLO, et al,

Plaintiffs,

v. C.A. No. 05-221T

NEW ENGLAND GAS COMPANY, INC.,

Defendant;

KEVIN BURNS, et al.

Plaintiffs,

v. C.A. No. 05-274T

SOUTHERN UNION COMPANY dba
FALL RIVER GAS AND NEW ENGLAND GAS

Defendants;

COLLEEN BIGELOW, et al.

Plaintiffs,

v. C.A. No. 05-370T

NEW ENGLAND GAS COMPANY, formerly known as
FALL RIVER GAS COMPANY, an
unincorporated division of
SOUTHERN UNION COMPANY,

Defendants;

SHEILA REIS, et al.

Plaintiffs,

v. C.A. No. 05-522T

SOUTHERN UNION COMPANY dba
FALL RIVER GAS AND NEW ENGLAND GAS
Defendants.

**AMENDMENT TO MEMORANDUM AND ORDER DATED JUNE 27, 2007**

On June 27, 2007, this Court issued a Memorandum and Order denying DEM's motion for a protective order. After conferring with counsel regarding their concerns about how, in the future, that Memorandum and Order might be construed in the pending DEM enforcement proceeding, or in any other litigation between the parties, the aforesaid Memorandum and Order is hereby amended to include the following clarifications:

1. While it is doubtful that the inadvertent disclosure of the documents that were the subject of DEM's motion for a protective order constitutes a blanket waiver of any privilege that might apply to other documents on the same subject, this Court makes no determination as to whether such a blanket waiver has been made. Any issue with respect to blanket waiver that might arise in the future is left to be determined at that time based on the relevant facts.

2. Nothing in the June 27 Memorandum and Order should be construed as either authorizing or precluding any attempt by NE Gas to use the aforesaid documents in the DEM enforcement proceeding or in any other litigation between the parties. That determination is one that can be made only by the hearing officer or judge presiding over that

proceeding.

3. This Court makes no determination as to whether a submission of a sufficient privilege log would have satisfied DEM's initial burden of establishing that the documents inadvertently produced were covered by some recognized privilege.

IT IS SO ORDERED,

Ernest C. Torres

Ernest C. Torres
Sr. U.S. District Judge
Date: 7/18/07