**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| GAIL, JOHN D.<br>AND JOHN F. CORVELLO, et al.<br>*Plaintiffs,*<br><br>v.<br><br>NEW ENGLAND GAS COMPANY, INC.;<br>*Defendant.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 05-221T<br>(Related Case No. 05-274T) |

**MEMORANDUM OF LAW IN SUPPORT OF THE PLAINTIFFS' MOTION TO MODIFY DISCOVERY ORDER**

The Plaintiffs request this Court to modify its September 22, 2006 Order granting Plaintiffs' Emergency Motion for Leave of Court to Take the Videotaped Deposition of Mr. Jose Souza, a non-party fact witness as set forth below. Plaintiffs request that the Court permit Plaintiffs to schedule forthwith the testimonial deposition of Mr. Souza.

As this Court is aware, Mr. Souza is an 88-year-old non-party fact witness whose testimony is important in both the Rhode Island Department of Environmental Management ("RIDEM") enforcement action and the case at bar as he has personal knowledge of waste being transported from the Fall River Gas facility to the Bay Street Area of Tiverton. An affidavit of his testimony has previously been submitted to the Court and is affixed hereto as Exhibit A.

Mr. Souza has not been deposed yet in the present case. He has, however, testified for approximately four hours in the enforcement action brought against Southern Union by RIDEM arising out of the same set of facts. Mr. Souza's testimony in the enforcement action is not yet completed. Defendants have appealed, to the Superior Court in Rhode Island, an order of the

Chief Hearing Officer in the enforcement action pertaining to Mr. Souza's deposition. Plaintiffs now ask this Court to modify its September 22, 2006 order to permit Plaintiffs to take Mr. Souza's testimonial deposition immediately or, in the alternative, to permit the testimonial deposition to go forward within seven days of a discovery deposition by Defendants that shall be limited to no longer than two hours in duration.

**Factual Background**

On August 17, 2006, Plaintiffs petitioned this Court for leave to depose Mr. Souza, due to advanced age and health concerns to preserve his testimony for trial as the discovery period in this matter had not yet begun. It is now almost a year later and the deposition of Mr. Souza in this matter has yet to be taken. On September 22, 2006, after oral argument this Court issued an Order granting Plaintiffs' Emergency Motion to take Joseph Souza Deposition, subject to certain conditions, all of which Plaintiffs have satisfied. The Court subsequently entered a decision on Defendant's Motion to Dismiss on November 3, 2006, and the discovery period commenced thereafter.

On February 7, 2007, the day prior to the scheduled discovery deposition of Mr. Souza in this case, RIDEM subpoenaed Mr. Souza for a deposition in its parallel enforcement action against the Defendant. Given Mr. Souza's advanced age, Plaintiffs reluctantly agreed that Defendant's discovery deposition of Mr. Souza would proceed 21 days after completion of the deposition of Mr. Souza in the RIDEM enforcement action, with Mr. Souza's trial deposition taking place no more than 30 days after completion of Defendant's discovery deposition. However, the completion of Mr. Souza's deposition in the RIDEM action has been tied up for months and presently is on appeal to the Rhode Island Superior Court.

Mr. Souza was initially deposed by RIDEM on February 15, 2007. RIDEM's direct examination of Mr. Souza lasted approximately one hour followed by a cross-examination of approximately forty minutes. Due to Mr. Souza's advanced age the parties agreed that the deposition would be recessed to allow defense counsel to conclude cross-examination. The deposition was reconvened on March 8, 2007 for an additional two hours and fifteen minutes of cross examination but, during the second cross examination of Mr. Souza, the deposition became increasingly combative resulting in a suspension of the deposition and the issuance of a protective order by the AAD. In issuing the order, granting in part and denying in part RIDEM's motion for a protective order, the Chief Hearing Officer of the ADD found that Southern Union's deposition of Mr. Souza "was conducted in a manner so as to unreasonably embarrass and annoy a party and to oppress the witness." (Ex. D, p. 6) The Chief Hearing Officer ordered, among other things, that any further cross-examination of Mr. Souza be limited to 90 minutes and that Defendant's local counsel was to conduct the remainder of the cross-examination (Ex. D, p. 7). Defendants have appealed this decision to the Rhode Island Superior Court. Copies of the two deposition transcripts and the protective order are attached hereto as Exhibits B, C and D.

Given the advanced age of Mr. Souza and the strain a deposition takes on any witness, along with the fact that Mr. Souza's factual testimony is the same in both proceedings, Plaintiffs proposed to Southern Union that the parties agree to treat the RIDEM deposition as if taken in this action. A copy of this May 31st correspondence from Plaintiffs' counsel with this proposal to Defense counsel is attached hereto as Exhibit E. Southern Union rejected this offer. Under these circumstances, and in light of the amount of discovery that Southern Union presently has relating to Mr. Souza, Plaintiffs have no other choice but to request that the Court modify the

September 22, 2006 Order and permit the Plaintiffs to take the testimonial deposition of Jose Souza immediately.

## ARGUMENT

The Federal Rules of Civil Procedure provide sound discretion to the court in limiting or terminating the taking of a deposition. United States ex rel. Edelstein v. Brussell Sewing Mach. Co., D.C.S.D.N.Y. 1943, 3 F.R.D. 87; Walsh v. Pullman Co., D.C.S.D.N.Y. 1948, 10 F.R.D. 77; 2 Moore, Federal Practice & Procedure 2575. The exercise of this discretion is akin to the trial court's discretion in limiting the right to cross-examination at trial, the exercise of this discretion being ground for reversal only when the trial judge has abused the discretion allowed him. See Rea v. Missouri, 1873, 17 Wall. 532, 84 U.S. 532, 21 L.Ed. 707; Kight v. Metropolitan Railroad Co., 1903, 21 App. D.C. 494; Twachtman v. Connelly, 6 Cir., 1939, 106 F.2d 501.

Mr. Souza is a non-party fact witness, who agreed to testify as to key facts involved in both this action and the RIDEM Enforcement Action. Plaintiffs proposed to Southern Union that the RIDEM deposition be deemed taken in this case. Since Southern Union has rejected that compromise, Plaintiffs request that the preservation of Mr. Souza's testimony in this matter commence immediately.[1]

As described in detail by Plaintiffs' September 8, 2006 Memorandum supporting their motion to take Mr. Souza's deposition as well as Mr. Souza's Declaration attached to said Memorandum, Mr. Souza's factual testimony is based upon his occupational history working for individuals who were transporting coal gasification waste from the Fall River Gas Plant to Tiverton. (See Docket Entry 48, Exhibit A) Mr. Souza cleaned out the Fall River Gas plant,

---

[1] Nothing in this motion should be construed as any waiver of Plaintiffs' right to seek to offer the RIDEM deposition testimony pursuant to Fed.R.Civ.P. 32.

loaded the waste in trucks and deposited the waste on the streets and lands in the Bay Street area of Tiverton. Mr. Souza's relationship and history with Fall River Gas Company was fully explored in both the February 15th and March 8, 2007 deposition in the RIDEM enforcement action.

Mr. Souza's testimony would in no way differ, nor are the deposing parties' interests different, in either action. With almost four hours of testimony, Mr. Sousa's experiences with Fall River Gas Company have been well documented and preserved for future use in this litigation. Due to the parallel nature of the RIDEM enforcement action and Plaintiffs' civil action against the Defendant and as the allegations/charges are in such a degree connected, this Court should not be blind to Defendant's actions with regard to this fact witness. In evaluating both records it is clear the Defendants as examining parties have had fair and ample opportunity to evaluate the questions in controversy and that further cross-examination of Mr. Souza, if not limited and controlled, will be oppressive.

Therefore, Plaintiffs respectfully request that the Court amend its September 22, 2006 Order and permit Plaintiffs to take the testimonial deposition of Jose Souza immediately or, in the alternative, within seven days after the completion of a discovery deposition by Defendants which should be limited to no longer than two hours.

## CONCLUSION

For the reasons set forth herein, even though Plaintiffs are willing to forgo their right to depose Mr. Souza and accept the deposition of Mr. Souza conducted in the RIDEM Enforcement Action, given Southern Union's rejection of this proposal, Plaintiffs respectfully request that the Court modify its original September 22nd Order and permit the testimonial deposition of Mr.

Souza commence immediately or, in the alternative, within seven days after the completion of a discovery deposition that should be limited to no longer than two hours.

*Dated*: July 30, 2007

Respectfully submitted,

PLAINTIFFS,
By and through their attorneys,

/ s/ Robert McConnell
Robert J. McConnell (#3888)
Jonathan D. Orent (#7408)
**MOTLEY RICE LLC**
321 South Main Street
Providence, RI 02940
(401) 457-7700

David C. Strouss
Neil T. Leifer
Brad J. Mitchell
**THORNTON & NAUMES LLP**
100 Summer Street, 30th Floor
Boston, MA 02110
(617) 720-1333

Mark W. Roberts
**MCROBERTS, ROBERTS &RAINER, LLP**
53 State Street
Boston, MA 02109
(617) 722-8222

**CERTIFICATION**

I hereby certify that a copy of the foregoing memorandum was mailed, first-class and postage pre-paid, to all counsel of record per the attached service list on this 30th day of July, 2007.

/ s/ Robert McConnell
Robert J. McConnell (#3888)
Jonathan D. Orent (#7408)
**MOTLEY RICE LLC**
321 South Main Street
Providence, RI 02940
(401) 457-7700

SERVICE LIST

Corvello et al v. New England Gas Company, Inc.
C.A. No. 05-221T

John A. Tarantino, Esq.
Patricia Rocha, Esq.
David A. Wollin, Esq.
ADLER, POLLOCK & SHEEHAN
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345

Eric D. Herschmann, Esq.
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
1633 Broadway
New York, NY 10019

Christina Dodds, Esq.
BISHOP LONDON BROPHY & DODDS, P.C.
3701 Bee Cave Road, Suite 200
Austin, TX 78746

David C. Strouss
Brad J. Mitchell
THORNTON & NAUMES, LLP
100 Summer Street, 30th Floor
Boston, MA 02110

Mark W. Roberts
MCROBERTS, ROBERTS & RAINER
53 State Street
Boston, MA 02109