# EXHIBIT D

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS
DEPARTMENT OF ENVIRONMENTAL MANAGEMENT
ADMINISTRATIVE ADJUDICATION DIVISION

RE: SOUTHERN UNION COMPANY D/B/A NEW ENGLAND GAS COMPANY NOTICE OF VIOLATION OC&I/SR 06-01 — 06-001/SRE

**ORDER GRANTING IN PART AND DENYING IN PART OC&I'S MOTION FOR PROTECTIVE ORDER CONCERNING THE DEPOSITION OF JOSEPH SOUZA**

This matter is before the Administrative Adjudication Division for Environmental Matters ("AAD") on RIDEM's Motion for Protective Order Requesting the Termination of the Cross-Examination of Joseph Souza or Requiring the Presence of the Hearing Officer at His Continued Cross-Examination ("Motion") filed by the Office of Compliance and Inspection ("OC&I") in the above-entitled matter. Neither party requested oral argument and this matter will be decided on the submissions of counsel.

Mr. Joseph "Jose" Souza is an eighty seven (87) year old non-party witness who is not represented by counsel. This appears to be Mr. Souza's first exposure to the adversarial legal process and the first time he has been a witness. He was initially deposed by the Office of Compliance and Inspection (OC&I) on February 15, 2007 after Respondent's Motion for a Protective Order to continue the deposition was denied by this hearing officer after oral argument. OC&I's direct examination of Mr. Souza, conducted by Attorney Weiner (admitted *pro hac vice*) was approximately one hour in duration followed by a cross-examination of approximately forty minutes, conducted by Attorney Petros. Counsel for Southern Union wished to question Mr. Souza further, but because of Mr. Souza's advanced age, the parties agreed that the deposition would be recessed to allow Respondent to conclude its cross-examination.

The deposition was reconvened on March 8, 2007 for an additional two hours of cross examination. The continued cross examination was now conducted by Attorney Herschmann (admitted *pro hac vice* after the date of the initial deposition). Nineteen minutes into the deposition there was a lengthy exchange between Attorney Herschmann and Attorney Weiner centering upon the relevancy of questions and the alleged repetition of questions. (Tr. Pp.19-38; Videotape, minute 19:00 through 25:15). This quarrel continued for approximately six

minutes and is generously characterized as intemperate and unprofessional. Numerous times during the exchange, but to no avail, Attorney Weiner asked Mr. Herschmann to suspend the deposition to seek a ruling from the hearing officer. The requests were met with varying negative responses. [1]

---

1 MR. HERSCHMANN: You can do whatever you want.. You got an attorney. Go do whatever you want. I'm continuing the deposition.

MR. WEINER: I'm going to call the hearing officer.

MR. HERSCHMANN: Have a good time.
(Tr. At 28)

And later in the exchange:

MR. WEINER: Mr. Herschmann, are you refusing to go off the record so that we can contact the hearing officer?

MR. HERSCHMANN: I'm continuing with the inquiry now.

MR. WEINER: Are you refusing –

MR. HERSCHMANN: You can take a recess.

MR. WEINER: Are you refusing my request - -

MR. HERSCHMANN: I'm not answering your questions.

MR. WEINER: --to contact the hearing officer?

MR. HERSCHMANN: We're done with this.

MR. WEINER: Are you refusing my request to contact the hearing officer?

MR. HERSCHMANN: Mr. Souza, let me continue to ask questions of you because Mr. Weiner obviously doesn't want to act professionally.

MR. WEINER: Are you refusing my request to contact the hearing officer?

THE WITNESS: Hope you guys didn't bring any guns.

MR. HERSCHMANN: Exactly. Good point.
(Tr. P.32).

And yet again:

MR. WEINER: Are you refusing –

MR. HERSCHMANN: I am continuing –

MR. WEINER: -- my request to contact the hearing officer?

MR. HERSCHMANN: You can contact anybody you want. I'm not taking a recess when a question is pending after you made your long speaking objection.

After a return to civility, Southern Union's cross-examination continued for another hour or so until a recess was taken and the witness indicated to counsel that he was tired and wished to go home. The deposition was recessed and Mr. Herschmann indicated that an hour or two more of questioning this witness would be required to complete cross-examination.

In its Motion, the OC&I requests that the hearing officer either terminate the deposition of Mr. Joseph Souza, or be present for the remainder of the deposition to ensure that this non-party witness is not unreasonably annoyed, oppressed or harassed by Respondent's counsel. In support of its request, OC&I argues that at the most recent deposition of Mr. Souza, conducted on March 8, 2007 counsel for Respondent conducted questioning in a manner calculated to confuse and embarrass the witness and asked questions with no likelihood of leading to the discovery of admissible evidence. OC&I also maintains that counsel for Southern Union engaged in personal attacks on opposing counsel. The deposition transcript of March 8, 2007 was filed in support of the Motion as well as a copy of the videotaped deposition of the same date.

On April 24, 2007, Southern Union filed its objection to the Motion. The objection included the videotaped deposition testimony of Mr. Souza from each of the preceding depositions (February 15, 2007 and March 8, 2007) as well as a number of other documents. OC&I filed a reply on May 7, 2007.

**Standard**

The Superior Court Rules of Civil Procedure ("Rules") govern the conduct of discovery before the AAD. Rule 30(d) of the Superior Court Rules of Civil Procedure provides in pertinent part:

---

MR. WEINER: So – so after he answers the question --

MR. HERSCHMANN: No, I will –

MR. WEINER: -- will you agree to contact the hearing officer?

MR. HERSCHMANN: I am going to finish a series of questions whether you like the answers or not. You want to object? Preserve it.
(Tr. Pp. 33 - 34)

**(d) Schedule and Duration; Motion to Terminate or Limit Examination.**

(1) . . .

(2) By order, the court may limit the time permitted for the conduct of a deposition, but shall allow additional time consistent with Rule 26(b)(1) if needed for a fair examination of the deponent or if the deponent or another party impedes or delays the examination. If the court finds such an impediment, delay, or other conduct that has frustrated the fair examination of the deponent, it may impose upon the persons responsible an appropriate sanction, including the reasonable costs and attorney's fees incurred by any parties as a result thereof.

(3) At any time during a deposition, on motion of a party or of the deponent and upon a showing that the examination is being conducted in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the deponent or party, the court in which the action is pending or the court in the county where the deposition is being taken may order the officer or examining attorney conducting the examination to cease forthwith from taking the deposition or may limit the scope and manner of the taking of the deposition as provided in Rule 26(c). . . If the order made terminates the examination, it shall be resumed thereafter only upon the order of the court in which the action is pending. Upon demand of the objecting party or deponent, the taking of the deposition shall be suspended for the time necessary to make a motion for an order or to obtain a ruling by telephone. The provisions of Rule 37(a)(4) apply to the award of expenses incurred in relation to the motion.

**Analysis**

The cold transcript of the March 8, 2007 deposition reflects behavior which would not be condoned in the presence of this administrative tribunal and accordingly, should not have occurred at this, or any, deposition. The videotape accurately captures the tenor of the exchange and removes all doubt that Mr. Herschmann acted in a manner that was both unprofessional and discourteous not only to opposing counsel[2] but to his brothers and sisters of the bar that were

[2] MR. HERSCHMANN: Please stop it. Grow up. Will you stop it? Are you serious? Let's go. (Tr. p. 27)

MR. HERSCHMANN: Mr. Souza, he is trying to make sure you don't testify truthfully. (Tr. p. 24)

MR. HERSCHMANN: Mr. Souza, let me continue to ask questions of you because Mr. Weiner obviously doesn't want to act professionally. (Tr. p. 32)

Videotape of March 8, 2007 Deposition of Joseph Souza, minute 19:00 through 25:15.

present for this most unfortunate altercation and to this non-party witness who attempted to sit stoically in the crossfire until the tone of the exchange caused him to remark "Hope you guys didn't bring any guns". (Tr. p.32; Videotape, minute 22:27).

Southern Union's memorandum argues that Mr. Weiner never asked for a recess or a break to contact the hearing officer. Upon a reading/viewing of the deposition it is inescapable that Mr. Weiner was asking that the deposition be suspended to allow counsel to contact the hearing officer for a ruling. No magic words are necessary when the request is so very plain. During their disagreement Mr. Weiner asked opposing counsel more than *ten* times to accede to contacting the hearing officer for a ruling. Incredulously, after eleven consecutive pages of bickering over whether the hearing officer would be contacted, Southern Union's counsel insisted that "We're not at an impasse. We're not at an impasse." (Tr. p. 34; Videotape, minute 23:10)

I have carefully reviewed all the materials offered by the parties regarding this Motion. I have reviewed and considered the transcripts and videotapes of both the February 15, 2007 and the March 8, 2007 depositions of Mr. Souza and find that the tone and manner of cross-examination differed strikingly from the earlier deposition to the deposition that generated this Motion. It is the manner in which the March 8th deposition was conducted that is of imminent concern.

Rule 26 (c) of the Superior Court Rules of Civil Procedure authorizes any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. In fashioning a remedy, I am cognizant of the fact that Mr. Souza is an important witness in this matter and that Southern Union should be afforded a full and fair opportunity to depose this witness. This tribunal has a concomitant obligation to ensure that the proceedings are conducted in a professional manner befitting members of this bar and to protect persons and parties if the deposition is being conducted in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the deponent or party. Super. R. Civ. P. Rule 30(d)(3).

**Findings**

I find that OC&I has carried its burden and demonstrated that the deposition

was conducted in a manner so as to unreasonably embarrass and annoy a party and to oppress the witness[3]. It bears repeating here that this eighty-seven year old, non-party witness appeared voluntarily and was not represented by counsel. The behavior of Southern Union's counsel was disrespectful and flippant. His remarks to opposing counsel were personal attacks on opposing counsel's character and integrity in the presence of the witness. This is evidenced by a full reading/viewing of the March 8, 2007 proceedings and as examples, the particular comments noted in footnote 2. I incorporate herein by reference, the Videotaped Deposition of Mr. Souza of March 8, 2007. All references in this Order to the videotaped deposition are contained in the disk(s) provided by the parties with their written arguments.

Counsel for the Office of Compliance and Inspection acted in accordance with Super. R. Civ. P. Rule 30(d)(3) and in accordance with the R.I. Supreme Court's admonitions in Kelvey v. Coughlin, 625 A. 2d 775 (R.I. 1993). He did not instruct the witness not to answer nor did he walk out of the deposition. The hearing officer is left with no alternative but to set conditions for further conduct of the deposition to ensure compliance with the Rules. In doing so, I have refrained from imposing the more drastic remedy of ending this deposition forthwith.

Based on the foregoing it is hereby

**ORDERED**

1. OC&I's request to terminate the deposition of Jose Souza is **DENIED**, without prejudice.

2. OC&I's request to have the hearing officer present at the continued cross-examination of Jose Souza is **DENIED**, without prejudice.

3. Southern Union may continue the cross-examination of Mr. Souza at a mutually convenient time and place for the deponent and the parties.

---

[3] MR. WEINER: I'm going to call the hearing officer.
MR. HERSCHMANN: Have a good time.
MR. WEINER: Mr. Souza, would you please leave the room?
MR. HERSCHMANN: Mr. Souza, don't get up. Mr. Souza, listen to me.
MR. WEINER: Mr. Souza - -
THE WITNESS: What am I supposed to –
MR. HERSCHMANN: You are here – you are here to answer questions.
(Court reporter attempts to interrupt counsel who are speaking at the same time)
Transcript Pp. 28-29; Videotape, minute 21:10.

4. A ten to fifteen minute break will be taken each hour.

5. Prior to commencement of the deposition, Mr. Souza will be advised that he should indicate, at any time, if he is not feeling well and that he should advise counsel at the deposition if he needs to take a break.

6. Attorney Petros, who commenced the deposition on February 15, 2007, shall conduct the remainder of the cross-examination.

7. Cross-examination of Mr. Souza is limited to ninety (90) minutes, inclusive of breaks.

8. Redirect examination of Mr. Souza is limited to fifteen minutes.

9. The deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action.

10. Counsel shall refrain from cuing the deponent by objecting in any manner other than stating an objection for the record followed by a word or two describing the legal basis for the objection.

11. Counsel shall refrain from directing the deponent not to answer any questions submitted unless the question calls for privileged information.

12. Counsel shall refrain from dialogue on the record during the course of the deposition.

13. If counsel for any party or person given notice of the deposition believes that these conditions are not being adhered to, that counsel may call for suspension of the deposition, the deposition shall be suspended, and counsel shall then immediately apply to this tribunal for an immediate ruling and remedy.

14. Counsel for Southern Union shall advise AAD in advance of the date and time of the deposition.

Entered as an Administrative Order this 15th day of May, 2007.

Kathleen M. Lanphear
Chief Hearing Officer
Administrative Adjudication Division
235 Promenade Street, Third Floor
Providence, RI 02908
(401) 222-1357

## CERTIFICATION

I hereby certify that I caused a true copy of the within Order to be forwarded by first-class mail, postage prepaid to: Gerald J. Petros, Esquire; Robin L. Main, Esquire; Alexandra K. Callam, Esquire; Hinckley Allen Snyder LLP, 50 Kennedy Plaza, Suite 1500, Providence, RI 02903; Gerald J. Pels, Esq. and Lewis R. Wiener, Esq., Sutherland Asbill & Brennan LLP, 1275 Pennsylvania Avenue, NW, Washington, DC 20004-2415; Janice Carroll, 145 Judson Street, Tiverton, RI 02878; Robert Ferreira, 37 A Connell Street, Tiverton, RI 02878; and via interoffice mail to Patty Allison Fairweather, Executive Counsel, DEM Office of Legal Services; Gregory S. Schultz, Esq., DEM Office of Legal Services; Susan Wilson, Esq., DEM Office of Legal Services, 235 Promenade Street, Providence, RI 02908; Dean H. Albro, Chief, DEM Office of Compliance and Inspection, 235 Promenade Street, Providence, RI 02908 on this 15th day of May, 2007.

Bruce L. Stewart