**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **GAIL, JOHN D. AND JOHN F. CORVELLO, et al., Plaintiffs,** | ) | |
| **v.** | ) | **C.A. No. 05-221T (Related Case No. 05-274T)** |
| **NEW ENGLAND GAS COMPANY, INC., Defendant.** | ) | |

**PLAINTIFFS' OPPOSITION TO DEFENDANT NEW ENGLAND GAS COMPANY'S MOTION FOR PROTECTIVE ORDER WITH RESPECT TO PLAINTIFFS' 30(b)(6) DEPOSITION REQUESTS**

The Plaintiffs hereby submit this Opposition to New England Gas Company's Motion for Protective Order regarding Plaintiffs' Federal Rule of Civil Procedure ("FRCP") Rule 30(b)(6) Notices of Deposition of New England Gas Company ("Defendant"), and request that the Defendant's Motion be denied and that the 30(b)(6) depositions be ordered to be held within 60 days. The Plaintiffs submit the following memorandum in support of their opposition:

**MEMORANDUM**

## I. Introduction

On June 19, 2007, Plaintiffs served six (6) straight forward Rule 30(b)(6) deposition notices on the Defendant. Copies of the Plaintiffs' 30(b)(6) deposition notices are affixed as Attachment A. On August 2, 2007, nearly two months after being properly served with these notices, and less than a day before the first deposition was to begin, Defendant filed a motion for a protective order barring Plaintiffs' FRCP 30(b)(6) depositions. On August 6th Plaintiffs received Defendant's voluminous objections to Plaintiffs' 30(b)(6) deposition notices and attached document requests. These objections were interposed in direct contravention of the Defendant's

affirmative discovery obligations under the Federal Rules of Civil Procedure and the case law of the Federal Courts throughout the United States. A copy of Defendant's Objections to Plaintiffs' 30(b)(6) Deposition Requests are affixed hereto as Attachment B. The Parties have scheduled a conference call for Friday, August 17, 2007 in order to narrow the issues. However, pursuant to the Federal Rules, Plaintiffs Opposition is due today, and in order for the Court to have all information available prior to the hearing on Monday, August 20, 2007, the Plaintiffs hereby file this Opposition. To the extent the Parties are able to narrow the issues; a supplemental submittal will be filed with the Court.

The Defendant is seeking to prevent Plaintiffs from discovering a wealth of information that is both relevant to Plaintiffs' claims in this matter, and will also be or lead to the discovery of admissible evidence at the trial of this case. This material is highly relevant to Plaintiffs' claims in this matter. "A Party seeking to limit discovery must make a 'strong showing' for limitation and a particular and specific need for the protective order." Methode Electronics v. Finisar Corp., 205 F.R.D. 552, 554 (N.D. Cal. 2001). Defendant has not met this high standard and its Motion for Protective Order should be denied. In fact, Defendant's conclusory arguments reveal little more than Defendant's apparent desire to delay discovery and not to provide a witness to testify regarding the relevant topics of this litigation. This defensive strategy is identical to the Defendant's actions in the parallel Rhode Island Department of Environmental Management ("RIDEM") Enforcement Action, [cite] where the Defendant has steadfastly resisted all requests for corporate 30(b)(6) designees for deposition. RIDEM's Motion to Compel Southern Union Company (d/b/a New England Gas Company) to Designate 30(b)(6) Witnesses is affixed hereto as Attachment C. As set forth below, Defendant has not provided adequate support for the protective

order it seeks. To the contrary, the topics on which Plaintiffs seek testimony are highly relevant, and the burden of producing witnesses on these topics is far out weighed by their probative value.

## II. Factual Background

This case involves coal gasification waste which the Plaintiffs allege was generated by the Defendant that was disposed of in the Bay Street Area of Tiverton, Rhode Island onto Plaintiffs' real property and the community designated as the Emergency Moratorium Area. Plaintiffs in the present case have alleged: (1) Defendant's material is hazardous; (2) the Defendant "knew or should have known that the hazardous substances Defendant handled, disposed of and/or released would cause harm to the Plaintiffs"; and (3) that Defendant failed to warn of the dangers associated with this hazardous material. The Plaintiffs have further alleged that the Defendant's hazardous material was used as fill in a residential area of Tiverton; and that the presence of Defendant's hazardous material in their residential area and on their properties has caused them to suffer damages including property damage and loss of use and enjoyment of their properties.

On June 19, 2007, Plaintiffs' noticed depositions of Defendant for six specific topics. The general areas of interest for the depositions are (1) Coal gasification processes utilized by Defendants in their operations in Fall River, MA[1]; (2) Defendant employees, agents and contractors used in connection with Defendant's coal gasification waste handling operations; (3) Defendant's actions with regard to their coal gasification waste and the Town of Tiverton specifically; (4) Stone & Webster Service Corporation's business operations at Defendant's coal gasification facilities, primarily focusing on their waste handling operations; (5) Employees, agents or contractors of Defendant who are drawing retirement benefits who worked for

---

[1] All 30(b)(6) requests are limited to Defendant's coal gasification facilities in Fall River, MA. "Facilities" is defined to mean those properties in Fall River, Massachusetts at which the Defendant engaged in the Coal Gasification Process and includes the properties located at Bay Street, Birch Street, Charles Street and Anawan Street. The defendant objected to this definition which is discussed further on page 6 of this Memorandum.

Defendant at these facilities prior to 1960; and (6) Unions organized at Defendant's facilities during their coal gasification operations. These depositions were scheduled to take place starting August 3rd, and 7th through the 10th of this calendar year. In an email dated August 1, 2007, counsel for the Defendant announced that the Defendant would not be producing any percipient witness designee in response to any of Plaintiffs' 30(b)(6) Requests. On August 2, 2007, Defendant filed its Motion for Protective Order. On August 8th, Plaintiffs requested the opportunity to meet and confer to discuss whether the objections to the 30(b)(6) deposition notices could be overcome. On Tuesday, August 14, 2007 it was finally agreed that the Parties would confer on Friday, August 17, 2007.

At the present time, Defendant has failed to designate a single person to testify on behalf of Defendant in response to Plaintiffs' 30(b)(6) Notices of Deposition. In their motion, the Defendant seeks a protective order to relieve them of their discovery obligations under the Federal Rules of Civil Procedure. The discovery requested by the Plaintiffs is simple, straightforward, and goes to the heart of the matters at issue in this case. Without the ability to conduct this urgently needed discovery, the Plaintiffs will be proceeding with both hands tied behind their backs. This Court should deny the Defendant's motion for a protective order because the discovery sought is both reasonably calculated to lead to the discovery of admissible information and squarely within the confines of Rule 30(b)(6) of the Federal Rules of Civil Procedure.

For the reasons set forth herein Plaintiffs request that this Court to deny Defendant's motion, and order Defendant to designate witnesses in response to Plaintiffs' 30(b)(6) notices and that the depositions be held within 60 days.

## III. Legal Analysis

### A. Plaintiffs' 30(b)(6) Notices are Specific, Relevant and Unambiguous Requests Directly Related to the Legal Allegations at Issue in this Matter.

The depositions and document discovery sought by the Plaintiffs is highly relevant to the issues before this Court and falls within the requirements of Rule 26(b)(1). Pursuant to FRCP 26(b)(1), the test for whether or not information is discoverable is not whether the information is admissible at trial, but whether it appears reasonably calculated to lead to the discovery of admissible evidence. Thus, as long as the information may lead to admissible evidence, it is discoverable. Exxon Chemical Patents, Inc. v. The Lubrizol Corporation, 131 F.R.D. 668 (S.D. Tex. 1990). Relevancy is to be broadly construed at the discovery stage of litigation and a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action. Church of Scientology of Boston v. Internal Revenue Service, 138 F.R.D. 9 (D. Mass. 1990). The information requested in Plaintiffs' 30(b)(6) notices is information relevant to this matter and/or reasonably calculated to lead to the discovery of admissible evidence in this lawsuit, warranting the denial of Defendant 's motion for protective order.

In the present motion before the court, the Defendant is trying to obstruct legitimate discovery by serving boiler plate objections. Defendant objected to every topic in the 30(b)(6) deposition notices primarily asserting the same boiler plate objection:

> New England Gas Company objects to this request because it is overbroad and unduly burdensome, seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence, and is also vague and ambiguous.

These boilerplate objections make no sense substantively when examining the topics of Plaintiffs 30(b)(6) requests for which the boilerplate objection was asserted.

For example, in Topic 1, outlined above as Coal gasification processes utilized by Defendants in their operations in Fall River, MA, Plaintiffs seeks the designation of the person who can testify about the following areas:

1. Coal Gasification Process(s) utilized by the Defendant at each of the Facilities.
2. Policies and procedures regarding Defendant's Coal Gasification Process utilized at each of the Facilities.
3. Waste Material and/or Residuals used or produced by the Coal Gasification Process utilized at each of the Facilities.
4. The storage, removal, transport, disposal and/or handling of any Waste Material and/or Residuals at each of the Facilities.
5. Environmental contamination involving any spill, release, overfill or other incident of any Residual and/or Waste Material at each of the Facilities.

The boilerplate objections by Defendant for this request includes relevancy objections, but what could be more relevant than this topic seeking information specific to the Defendant, specific to its coal gasification operations in Fall River Massachusetts which has been publicly linked as the source of contamination impacting the Plaintiffs and is at the heart of this litigation?

Further, in Topic 3, Plaintiffs narrowed their request to only information regarding Defendant's waste materials and their disposal policies that may relate to Tiverton specifically, including the Emergency Moratorium Area. Again, Defendant object to this request as being overly broad and not relevant in this matter. There could be no issue more relevant to the allegations of the complaint. Plaintiffs brought this suit against Defendant based upon their knowledge that Defendant has generated hazardous waste during their coal gasification process which was subsequently dumped/disposed of in Tiverton and/or within the Emergency Moratorium Area which is the location of the majority of Plaintiffs' properties. It is clear this request is highly relevant and will lead to admissible evidence.

Defendant additionally objected to almost all of Plaintiffs requests because they were not limited to the Charles Street Plant, which Defendant argued was the facility alleged by Plaintiffs to be the source of the alleged contamination at issue in this lawsuit. Plaintiffs' adamantly reject this assertion. Plaintiffs' 30(b)(6) requests were limited to facilities in Fall River MA where Defendant "engaged in the coal gasification process" which is consistent with paragraph 17 from the Third Amended Complaint where Plaintiffs stated in referring to the Rhode Island Department

of Environmental Management ("RIDEM") investigation "..RIDEM concluded that some of the properties in this residential area of Tiverton were filled with contaminated coal gasification waste from Fall River Gas Company prior to the construction of the homes and that undeveloped property to the south of the residential development may also have been filled with contaminated coal gasification waste material from Fall River Gas Company". The Fall River Gas Company conducted coal gasification operations at two locations in Fall River, MA which were subsequently acquired by Defendant and the Plaintiffs seek to find out if waste from one or both of these facilities were disposed of in Tiverton.

Defendant's objections, similar to their responses to Plaintiffs' Interrogatories, include general objections and multiple objections to the definitions that Plaintiffs' supplied to aid Defendant in understanding the scope of the notices. Moreover, Plaintiffs' requests, when applicable, are limited in time, focusing primarily on the dates when the hazardous waste was generated and when the alleged dumping/disposal of said waste took place in Tiverton. For example, three of Plaintiffs' requests were limited in time for operations that took place between 1890 and 1960; Plaintiffs requests for Unions was limited to 1935-1960; and Plaintiffs request for information regarding employees drawing retirement benefits is limited to those who worked for Defendant prior to 1960.

In total, there are one hundred and thirty (130) named Plaintiffs in this action who have brought forth seven (7) claims for losses for which they seek to hold the Defendant liable. The answers to the questions set out in the 30(b)(6) requests are not peripheral matters. Liability in this lawsuit will be decided with regard to facts and circumstances surrounding details of the Defendant's coal gasification operations and the waste generated and disposed of by or on behalf of Defendant from these facilities. The Plaintiffs are entitled to answers made "... directly and

without evasion, in accordance with the information the deposed *party* possesses, after due inquiry." *Mitsui & Co. v. Puerto Rico Water Resources Authority*, 93 F.R.D. 62, 66 (D.P.R.1981) (emphasis added).

**B. Pursuant to the Obligations of FRCP 30(b)(6) the Defendant has an Affirmative Duty to Designate the Individual(s) having Knowledge of the Matters Sought by Plaintiffs and to Prepare those Persons in Order that they can Answer Fully, Completely, and Un-evasively to the Questions Set Out in Plaintiffs' 30(b)(6) Notices**

Defendant asserts that there is no current officer, director, managing agent, or employee of the Defendant who can testify on any of the six matters set forth by Plaintiffs. Instead of honoring its obligations under Rule 30(b)(6), Defendant proposes that the Plaintiffs go through hundreds of boxes of documents, that to date have been randomly produced, to devine the answers to the areas of inquiry set forth in the 30(b)(6) deposition notices and targeted document requests incorporated therein. In making this assertion, the Defendant has failed to satisfy the affirmative duty to make available "such number of persons as will" be able to give "complete, knowledgeable and binding answers" on its behalf. Reilly v. Natwest Markets Group Inc., 181 F.3d 253 (2nd Cir. 1999); Foster-Miller, Inc. v. Babcock & Wilcox Canada, 210 F.3d 1, 54 Fed. R. Evid. Serv. 453 (1st Cir. 2000) (burden may not be shifted to opposing party). The Defendant has an affirmative obligation to abide by the Federal Rules and can not shift this burden onto the Plaintiffs.

FRCP 30(b)(6) provides in pertinent part:

> A party may in the party's notice and in a subpoena name as the deponent a public or private corporation ... and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify... The persons so designated shall testify as to matters known or reasonably available to the organization...

FRCP 30(b)(6) requires that Defendant designate one or more officers or directors or managing agents or other persons to testify on behalf of Defendant, and the person so designated shall testify as to matters known or reasonably available to the organization. Protective National Insurance Company of Omaha v. Commonwealth Insurance Company, 137 F.R.D. 267 (D. Nebraska 1989). Under FRCP 30(b)(6), Defendant must make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by Plaintiffs and to prepare those persons in order that they can answer fully, completely, un-evasively, the questions posed by Plaintiffs as to the relevant subject matters in this case. Mitsui & Co. (U.S.A.), Inc. v. Puerto Rico Water Resources Authority, 93 F.R.D. 62 (D. Puerto Rico 1981).

The law in this area of discovery is clear: "To fully satisfy the [Rule 30(b)(6) request . . . the corporation must sufficiently 'prepare [the designee] so that [the designee] may give complete, knowledgeable and binding answers on behalf of the corporation.'" Cupp v. Edward D. Jones & Co., L.P., 2007 WL 982336, *1 (N.D. Okla. Mar. 29, 2007) (citation omitted); see also Nevada Power Co. v. Monsanto Co., 891 F.Supp. 1406, 1418 (D. Nev. 1995) ("In producing representatives for a Rule 30(b)(6) deposition, a corporation must prepare them to give 'complete, knowledgeable and binding answers'") (citation omitted). As explained in Payless Shoesource Worldwide, Inc. v. Target Corp., 2007 WL 1959194, *1 (D. Kan. June 29, 2007):

> "With regard to choosing a deponent to speak on behalf of the corporation, companies 'have a duty to make a conscientious, good-faith effort to designate knowledgeable persons for Rule 30(b)(6) depositions and to prepare them fully to unevasively answer questions about the designated subject matter.'" This duty does not require personal knowledge of the subject matter, but rather "'implicitly requires persons to review all matters known or reasonably available to [the corporation] in preparation for the 30(b)(6) deposition.'" Thus, "to avoid liability, the noticed party must designate persons knowledgeable in the areas of inquiry listed in the notice."

(Citations omitted.) As one court astutely noted, "the responding party 'must prepare deponents by having them review prior fact witness deposition testimony as well as documents and deposition exhibits.' Any other interpretation of the Rule would allow the responding corporation to 'sandbag' the deposition process" Ice Corp. v. Hamilton Sundstrand Corp., 2007 WL 1732369, *4 (D. Kan. June 11, 2007) (citation omitted); Reed v. Bennett, 193 F.R.D. 689 (D. Kansas 2000)(Rule 30(b)(6) requires only that designated persons testify as to matters "known or personally available to the organization).

In addition to Defendant's duty to make available knowledgeable persons to testify, Defendant has a further obligation to produce responsive documents, as indicated in the text, pursuant to the Rule 30(b)(6) notice. If Defendant believes that documents coming within the purview of the notice are otherwise not discoverable because of a privilege or because of the application of the work product doctrine, it may withhold production of the document and shall then immediately provide a description of the document withheld with as much specificity as is practical without disclosing its contents. Protective National Insurance Company of Omaha v. Commonwealth Insurance Company, 137 F.R.D. 267 (D. Nebraska 1989).

Fed. R. Civ. P. 30(b)(6) was designed as an optional discovery device to supplement the practice whereby the examining party designates the corporate or agency official to be deposed. Cates v. LTV Aerospace Corp., 480 F.2d 620, 17 Fed. R. Serv. 2d 617 (5th Cir. 1973). The provision is designed to curb any temptation a corporation might have to shunt a discovering party from pillar to post by presenting deponents who each disclaims knowledge of facts clearly known to someone or available in the organization. Federal Deposit Ins. Corp. v. Butcher, 116 F.R.D. 196 (E.D. Tenn. 1986), order aff'd, 116 F.R.D. 203 (E.D. Tenn. 1987). See Advisory Committee Notes for 1970 Amendments to Federal Rules of Civil Procedure, Fed. R. Civ. P. 30.

Without having a witness or witnesses who can testify so as to bind the corporation, the Plaintiffs are left at an unfair disadvantage, having no understanding of what Defendant's position is concerning many areas related to Defendant's liability. Defendants should not be permitted to "sandbag" the deposition process by refusing to produce a fully knowledgeable designee. That preparing such a witness is burdensome is of no consequence. See Ice Corp. v. Hamilton Sundstrand Corp., 2007 WL 1732369, *4 (D. Kan. June 11, 2007) ("That such depositions could be onerous to the corporation-party makes little difference"). "[T]he burden upon such a responding entity is justified since a corporation can only act through its employees." Id. This additional burden further results from the privilege of being able to use the corporate form in order to conduct business. Calzaturficio S.C.A.R.P.A. S.P.A. v. Fabiano Shoe Company, Inc., 201 F.R.D. 33 (D. Massachusetts 2001). Indeed, "[f]oremost among the purposes of this Rule is to 'curb the 'bandying' by which officers and managing agents are deposed in turn but each disclaims knowledge of facts that are clearly known to persons in the organization, and thereby it." Starlight International Inc. v. Herlihy, 186 F.R.D. 626, 638 (D. Kan. 1999) (citations omitted); see also Rainey v. American Forest & Paper Association, 26 F.Supp.2d 82, 95 (D.D.C. 1998); United States v. Taylor, 166 F.R.D. 367, (M.D.N.C. 1996).

In summary, Plaintiffs have the right to prepare their case in accordance with the provisions of Federal Rules of Civil Procedure, specifically FRCP 30(b)(6), and to thoroughly question the corporate representatives for Defendant. Bell v. Catalda Fine Arts, Inc., 5 F.R.D. 327 (S.D. NY 1946). A 30(b)(6) witness testifies as a representative of the entity, his answers bind the entity and he is responsible for providing all the relevant information *known or reasonably available to the entity*. Sabre v. First Dominion Capital, LLC, 2002 WL 31556379 (S.D. N.Y. 2002) (emphasis added). As detailed above, at this stage of discovery Plaintiffs' 30(b)(6) requests

are specific and directly relevant to the subject matter of this litigation. Accordingly, pursuant to the principals of discovery as defined by FRCP 30(b)(6), the Defendant should be ordered to produce corporate designee(s) to testify to each and every item contained in Plaintiffs' FRCP 30(b)(6) notices and to the same that the depositions be held within 60 days.

**CONCLUSION**

WHEREFORE, for all of reasons set forth above, Plaintiffs respectfully request that this Honorable Court deny the motion for protective order filed by Defendant New England Gas Company and order that the 30(b)(6) depositions which are the subject of this Motion be held within the next 60 days.

August 15, 2007

Respectfully Submitted,

/s/ Jonathan Orent
Jonathan D. Orent (#7408)
Robert J. McConnell (#3888)
Motley Rice LLC
321 South Main Street
Providence, RI 02940

David C. Strouss
Brad J. Mitchell
Thornton & Naumes, LLP
100 Summer Street, 30th Floor
Boston, MA 02110

Mark W. Roberts
McRoberts, Roberts & Rainer
51 State Street
Boston, MA 02109

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of August, 2007, a copy of the foregoing was sent by electronic means (ECF) or email to the following:

David A. Wollin, Esq.
Adler Pollock & Sheehan, P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
401-274-7200

dwollin@apslaw.com

John Tarantino, Esq.
Adler Pollock & Sheehan, P.C.
175 Federal Street, 10th Floor
Boston, MA 02110
617-482-0600
617-482-0604
jtarantino@apslaw.com

David E. Ross, Esq.
Kasowitz, Benson, Torres & Friedman, LLP
1633 Broadway
New York, NY 10019
212-506-1700
212-506-1800
dross@kasowitz.com

Paul Revere
Law Offices of Paul Revere, III
226 River View Lane
Centerville, MA 02632
revereiii@aol.com

Brian R. Cunha
Law Offices of Brian Cunha & Associates
311 Pine Street
Fall River, MA 02720
brian@briancunha.com

/s/ Jonathan Orent
Jonathan D. Orent (#7408)
Robert J. McConnell (#3888)
Motley Rice LLC
321 South Main Street
Providence, RI 02940