**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **GAIL, JOHN D. AND JOHN F. CORVELLO; et al.,** **Plaintiffs,** | ) | |
| | ) | **C.A. No. 05-221T** |
| v. | ) | **(Related Case No. 05-274T, 05-370T, 05-522T)** |
| **NEW ENGLAND GAS COMPANY, INC.;** **Defendant.** | ) | |

Pursuant to Federal Rules of Civil Procedure Rules 45 and 30(b)(6) the New England Gas Company shall designate one or more representatives who will provide the following requested documentation to Motley Rice, LLC, at the address stated below, on the following topic:

1.) **Union(s) organized and made available to employees, agents, and/or contractors at either or both of the Facilities.**

New England Gas Company is required to produce the documents identified below at the deposition of a designated representative(s), beginning at **12:00 p.m. on August 3, 2007**, before a notary public or other person authorized to administer oaths, at the offices of **Motley Rice, LLC, at 321 South Main Street Providence, RI 02940** or such other place as the parties mutually agrees. If the requested documents are provided prior to the deposition date the representative(s) appearance will not be required.

**GENERAL INSTRUCTIONS**

1.) Pursuant to Rules 45 and 30(b)(6) of the Federal Rules of Civil Procedure, the person(s) designated by New England Gas Company shall furnish all documents within your possession, custody or control, or within the possession, custody or control of your attorneys, investigators, agents, employees, and all other persons acting or purporting to act on your behalf. Respond to each request for production of documents in full without abbreviation,

expurgation or redaction. As to any request that cannot be responded to completely after reasonable efforts are made to secure the requested documents, so state, give the reasons why a complete response cannot be made at this time, and provide as many documents responsive to the request as is possible.

2.) The documents that are subject to these requests shall be produced as they are kept in the ordinary course of business or shall be organized and labeled to correspond to the categories to these requests.

3.) Respond to each request for production of documents in full without abbreviation, expurgation or redaction. As to any request that cannot be responded to completely after reasonable efforts are made to secure the requested documents, so state, give the reasons why a complete response cannot be made at this time, and provide as many documents responsive to the request as is possible.

4.) As used in these Requests, "and" and "or" shall be interpreted to mean "and/or" if to do so would cause more documents to be produced.

5.) Your refusal to produce any documents under color of a privilege, or your objection to any particular Request herein, shall in no way excuse you from timely production of all other documents requested herein.

6.) If, in answering any of these requests, you wish to assert or rely upon a privilege or any rule protecting against disclosure of a document or communication, you may specify such privilege or other protective order rule in lieu of setting forth the substance thereof. However, in that event, you are hereby required to furnish, with respect to each such document, the following: (i) a statement regarding the basis for any claim of privilege, or other form of non-disclosure; (ii) a sufficient description of the documents, including (a) the title of the document and the nature and subject matter of its contents; (b) the date the

document was prepared or any date appearing on the document; (c) the number of the document's pages, attachments and appendices; (d) the names of the persons who authored or prepared the document, and an identification by employment and title of each such person; and (e) the names of each person to whom the document, or a copy thereof, was sent, shown, or made accessible, or to whom it was explained, together with an identification of each person.

7.) Unless otherwise noted, these Requests cover requests information for the period of time Defendant, as defined herein, was operating in Fall River, Massachusetts to the present. To the extent that any answer varies with respect to any part of that period, a separate answer is requested for each such part, with pertinent dates included.

8.) In the event that any document requested herein was formerly in your possession, custody or control and has been lost, destroyed or otherwise disposed of, you are requested to furnish a list identifying each document and stating the following information with respect to each document: (i) the title of the document and the nature and subject matter of its contents; (ii) the identity(ies) of the person(s) to whom the document was sent or was intended to be sent; (iii) the date on which the document was prepared or transmitted; and (iv) the date on which the document was lost, destroyed or otherwise disposed of, the manner and conditions of and reasons for such destruction or other disposition, and the persons(s) requesting and performing the destruction or other disposition.

9.) Each and every non-identical duplicate of a document within the scope of any request, whether different from the original because of stamps, indications of recipient, handwritten notes, marks, comments or attachment to different documents, or for any other reason, is a separate document to be produced in response hereto.

10.) This subpoena and accompanying document request is continuing in nature and, to the extent that your responses may be enlarged or otherwise modified by information acquired subsequent to the production of your initial responses hereto, you are required to promptly produce supplemental responses reflecting such changes.

## DEFINITIONS

1. The term "Coal Gasification Process" shall mean the process which converts a solid or liquid product from coal, petroleum residue, biomass, or other materials which are recovered for their energy or feedstock value into a syngas composed primarily of carbon monoxide and hydrogen for direct use or subsequent chemical or physical conversion.
2. "Defendant," "you," and "yours" shall mean Defendant The New England Gas Company, Fall River Gas Company, Fall River Gas Works Company, Tiverton Gas Company, Southern Union Company, Southern Union Gas Company, Inc., and each of its departments, divisions, bureaus, offices, agents, employees, or other representatives, including without limitation, persons presently or formerly acting for or on its behalf in relation to the ownership and/or operation of the Facilities as defined herein.
3. The term "Facilities" shall mean those properties in Fall River, Massachusetts at which the Defendant engaged in the Coal Gasification Process and includes the properties located at Bay Street, Birch Street, Charles Street and Anawan Street.

## DOCUMENTS TO BE PRODUCED

1. Documents identifying Unions organized at either or both of the Facilities at any time during the period from 1935 to 1960. This document request seeks documents that identify each Union represented at either or both of the Facilities, but specifically does not seek every document related to each Union.

2. Any and all documents identifying the years each Union, identified in the document(s) produced in Response to No. 1 above, was organized at either or both of the Facilities at any time during the period from 1935 to 1960.

Attorneys for the Plaintiffs Gail, John D. and John F. Corvello, et al,
By their Attorneys

/s/ Robert J. McConnell
Robert J. McConnell (#3888)
Jonathan D. Orent (#7408)
**MOTLEY RICE, LLC**
321 South Main Street
Providence, RI 02940
(401) 457-7700

/s/ Neil T. Leifer
David C. Strouss
Neil T. Leifer
Brad J. Mitchell
**THORNTON & NAUMES, LLP**
100 Summer Street, 30th Floor
Boston, MA 02110
(617) 720-1333

/s/ Mark W. Roberts
Mark W. Roberts
**MCROBERTS, ROBERTS & RAINER, LLP**
53 State Street
Boston, MA 02109
(617)-722-8222
(617)-720-2320 Fax

Dated: June 19, 2007

**Certification of Service**

I hereby certify that on this 19th day of June, 2007, a copy of the foregoing was served electronically and by first class U.S. mail, postage prepaid, upon counsel of record.

/s/ Mark W. Roberts
Mark W. Roberts (MA # 554038)