UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| GAIL, JOHN D. and JOHN F. CORVELLO, et al.,<br>Plaintiffs,<br><br>vs.<br><br>NEW ENGLAND GAS COMPANY,<br>Defendant. | C.A. No. 05-0221T<br>(Related Cases: 05-274T; 05-370T; 05-522T) |

RECEIVED
AUG 06 2007

**NEW ENGLAND GAS COMPANY'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' RULE 30(b)(6) NOTICES OF DEPOSITION AND DOCUMENT REQUESTS**

New England Gas Company ("NEGasCo"), by and through its attorneys, Adler, Pollock & Sheehan, P.C., and Kasowitz, Benson, Torres & Friedman LLP, submits the following objections and responses to Plaintiffs' Rule 30(b)(6) Notices and Requests for Documents (collectively, "Plaintiffs' Notices" or "Notices").[1]

Notwithstanding its General and Specific Objections set forth herein, NEGasCo will confer in good faith with Plaintiffs' counsel in an effort to resolve its objections, and then to address the appropriate timing of NEGasCo's Rule 30(b)(6) deposition.[2]

---

[1] NEGasCo's Objections and Responses respond to all <u>six</u> of Plaintiffs' Rule 30(b)(6) Deposition Notices and Document Requests served on or about June 19, 2007, pursuant to which Plaintiffs seek to depose one or more of NEGasCo's Rule 30(b)(6) representatives on five deposition days (August 3, 7, 8, 9 and 10, 2007).

[2] Given the anticipated joinder of eight third-party defendants, counsel will also confer in an effort to coordinate deposition scheduling with an eye towards efficiency and fairness.

## GENERAL OBJECTIONS

1. NEGasCo objects generally to Plaintiffs' Notices as overly broad and burdensome. Plaintiff served six separate Rule 30(b)(6) deposition notices on NEGasCo. Together, these Notices set forth as many as eighteen (18) topics for deposition ("Topics"). The Topics are generally unlimited in scope, time and duration.

2. NEGasCo objects generally to Plaintiffs' Notices because the designated Topics do not provide the requisite detail as to the Topics in order to properly prepare one or more witness(es) to respond to questions concerning operations that occurred between 40 and 120 years ago.

3. NEGasCo objects generally to Plaintiffs' Notices as unduly burdensome. NEGasCo has already made available to Plaintiffs more than 350 boxes of documents. Plaintiffs have reviewed less than 30 of these boxes and have not reviewed any documents since April 19, 2007. Much of the information that Plaintiffs seek is contained in the documents already made available to them.

4. NEGasCo objects generally to Plaintiffs' Notices as unduly burdensome and premature because, among other reasons, NEGasCo's discovery is ongoing, and because Plaintiffs' Notices do not provide NEGasCo sufficient time to prepare one or more witnesses for deposition on the topics listed. In addition, Plaintiffs' Notices are premature because under the circumstances of this case, NEGasCo's 30(b)(6) deposition should be deferred until the close of fact discovery.

5. NEGasCo objects to each Topic within Plaintiffs' Notices insofar as it seeks the disclosure of information that will become known to NEGasCo only after the completion of discovery or is otherwise premature.

6. NEGasCo objects to each Topic within Plaintiffs' Notices insofar as it is based upon an improper or incorrect assumption of fact(s).

7. NEGasCo objects to each Topic within Plaintiffs' Notices insofar as it is duplicative and redundant of other Topics.

8. NEGasCo objects to each Topic within Plaintiffs' Notices insofar as it seeks information not reasonably calculated to lead to the discovery of admissible evidence and/or information which exceeds the scope of discovery permitted by the Federal Rules of Evidence.

9. NEGasCo objects to each Topic within Plaintiffs' Notices insofar as it seeks information or documents protected from discovery by the attorney-client privilege or any other applicable privilege or immunity.

10. NEGasCo objects to each Topic within Plaintiffs' Notices insofar as it seeks work product, mental impressions, conclusions, opinions or legal theories of NEGasCo's counsel, experts and/or consultants developed in connection with or in anticipation of this or other litigation.

11. NEGasCo incorporates its General Objections with regard to each Topic as though fully set forth therein.

**RESPONSES AND OBJECTIONS TO DEFINITIONS**

NEGasCo incorporates the following responses and objections to the "Definitions" into each of its objections to Plaintiffs' Rule 30(b)(6) Topics and Document Requests:

**Defined Term: "Coal Gasification Process":** The term "coal gasification process" shall mean the process which converts a solid or liquid product from coal,

petroleum residue, biomass, or other materials which are recovered for their energy or feedstock value into a synthesis gas composed primarily of carbon monoxide and hydrogen for direct use or subsequent chemical or physical conversion.

**Response to Definition for "Coal Gasification Process":** NEGasCo objects to the definition for Coal Gasification Process (and its incorporation in Plaintiffs' other "Definitions") because it is overly broad, vague and ambiguous and contains undefined terms and processes.

**Defined Terms: "Defendant," "You," and "Yours":** "Defendant," "You," and "Yours" shall mean Defendant The New England Gas Company, Fall River Gas Company, Fall River Gas Works Company, Tiverton Gas Company, Southern Union Company, Southern Union Gas Company, Inc., and each of its [sic] departments, divisions, bureaus, offices, agents, employees, or other representatives, including without limitation, persons presently or formerly acting for or on its behalf in relation to the ownership and/or operation of the Facilities as defined herein.

**Response to Definition for "Defendant," "You," and "Yours":** NEGasCo objects to the definition for "Defendant," "You," and "Yours" because the definition is overly broad, unduly burdensome, seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence, and is also vague and ambiguous. NEGasCo will respond only as to the manufactured gas plant operations of the Fall River Gas Company at its facility at Charles Street, in Fall River, MA (the "Charles Street Plant") as that plant is the facility alleged by Plaintiffs to be the source of the alleged contamination at issue in this lawsuit.

**<u>Defined Term: "Emergency Moratorium Area"</u>:** The term "Emergency Moratorium Area" shall mean all of the properties within the following borders: bordered on the west by the waterfront; bordered on the north by the Rhode Island/Massachusetts state line; bordered on the east by Church Street from end to end and then continued as a drawn line to a point northerly that meets the state line and continued southerly as a drawn line to a point that meets Lepes Road; and bordered on the south by the center of Lepes Road.

**<u>Response to Definition for "Emergency Moratorium Area"</u>:** NEGasCo objects to the definition for "Emergency Moratorium Area" on the grounds that Plaintiffs' definition is vague, ambiguous and not accurate.

**<u>Defined Term: "Facilities"</u>:** The term "Facilities" shall mean those properties in Fall River, Massachusetts at which the Defendant engaged in the coal gasification process and includes the properties located at Bay Street, Birch Street, Charles Street and Anawan Street.

**<u>Response to Definition for "Facilities"</u>:** NEGasCo objects to the definition for "Facilities" because the definition is overly broad and unduly burdensome, seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence, and is also vague and ambiguous. Among the numerous defects in this definition are the fact that it concerns facilities or plants beyond the Charles Street Plant, is completely unbounded in time and would include operations going back to the 1800's and coming forward in time after the Charles Street Plant ceased operations as a manufactured gas plant. NEGasCo will respond only as to the manufactured gas plant operations of the Fall River Gas Company at its facility at the

Charles Street Plant as that plant is the facility alleged by Plaintiffs to be the source of the alleged contamination at issue in this lawsuit.

**Defined Terms: "Oil" and "Hazardous Substance":** The terms "oil" and "hazardous substances" shall include any substance deemed to be "Oil" or a "Hazardous Substance" within the meaning of CERCLA, 42 U.S.C. § 9601, and regulations promulgated there under, 40 C.F.R. Part 261; any substance deemed a "Hazardous Waste" within the meaning of RCRA, 42 U.S.C. § 6903(5) and any substance defined as a "hazardous waste" pursuant to the Rhode Island Hazardous Waste Management Act, R.I. Gen. Laws § 23-19.1-4.

**Response to Definition for "Oil" and "Hazardous Substance":** NEGasCo objections to the definition for "Oil" and "Hazardous Substance" because the definition is overly broad, calls for legal conclusions and also imposes an unreasonable burden on NEGasCo.

**Defined Term: "Residuals":** The term "residuals" shall mean: a. Any liquid or solid substance of the coal gasification process that was sold, traded, or given away by Defendant; or b. Any liquid or solid substance of the coal gasification process that was sent off-site for further use.

**Response to Definition for "Residuals":** NEGasCo objects to the definition for "Residuals" because the definition is overly broad, vague, internally contradictory and ambiguous.

**Defined Term: "Waste Materials":** The term "Waste Materials" shall mean any liquid or solid substance produced as a result of the coal gasification process including

but not limited to ashes, cinders, filter materials, lead, arsenic, cyanide and other hazardous substances that do not qualify as Residuals defined above.

**Response to Definition for "Waste Materials":** NEGasCo objects to the definition for "Waste Materials" because the definition is overly broad, vague, internally contradictory and ambiguous.

## SPECIFIC OBJECTIONS TO TOPICS DESIGNATED FOR DEPOSITION ON AUGUST 3, 7, 8, 9 and 10, 2007

### Topics Designated for Deposition on August 3, 2007

**Topic No. 1:** Employees, agents, and/or contractors who worked at either or both of the Facilities at any time prior to 1960 who are drawing retirement benefits from any pension plan related to the Facilities.

**Objections to Topic No. 1:** NEGasCo objects specifically to Topic 1 on the grounds that it is overbroad, unduly burdensome and seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Topic 1 is not limited to the Charles Street Plant which is the facility alleged by Plaintiffs to be the source of the alleged contamination at issue in this lawsuit. NEGasCo further objects specifically to Topic No. 1 as vague and ambiguous because it does not describe what information it seeks from "employees, agents, and/or contractors . . . who are drawing retirement benefits from any pension plan related to the Facilities." See also NEGasCo's Responses to Plaintiffs' Definition for "Facilities."

**Topic No. 2:** Union(s) organized and made available to employees, agents, and/or contractors at either or both of the Facilities.

**Objections to Topic No. 2:** NEGasCo objects specifically to Topic 2 on the grounds that it is overbroad, unduly burdensome and seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. See also NEGasCo's Responses to Plaintiffs' Definition for "Facilities."

**Topics Designated for Deposition on August 7, 2007**

**Topic No. 1:** Coal Gasification Process(s) utilized by the Defendant at each of the Facilities.

**Objections to Topic No. 1:** NEGasCo objects specifically to Topic 1 on the grounds that it is overbroad, vague, unduly burdensome and seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Topic 1 is not limited to the Charles Street Plant which is the facility alleged by Plaintiffs to be the source of the alleged contamination at issue in this lawsuit. See also NEGasCo's Responses to Plaintiffs' Definitions for the "Coal Gasification Process" and "Facilities." Topic 1 is also objectionable because it does not describe what information it seeks regarding such "processes."

**Topic No. 2:** Policies and procedures regarding Defendant's Coal Gasification Process utilized at each of the Facilities.

**Objections to Topic No. 2:** NEGasCo objects specifically to Topic 2 on the grounds that it is overbroad, vague, unduly burdensome and seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Topic 2 is not limited to the Charles Street Plant which is the facility alleged by Plaintiffs to be the source of the alleged contamination at issue in this lawsuit. See also NEGasCo's Responses to Plaintiffs' Definitions for the "Coal Gasification Process"

and "Facilities." NEGasCo further objects specifically to Topic 2 as vague and ambiguous because the phrase "policies and procedures" could be construed as having multiple meanings, and because Topic 2 does not describe what particular policies or procedures are to be the subject of the examination.

**Topic No. 3:** Waste Materials and/or Residuals used or produced by the Coal Gasification Process utilized at each of the Facilities.

**Objections to Topic No. 3:** NEGasCo objects specifically to Topic 3 on the grounds that it is overbroad, unduly burdensome and seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Topic 3 is not limited to the Charles Street Plant which is the facility alleged by Plaintiffs to be the source of the alleged contamination at issue in this lawsuit. See also NEGasCo's Responses to Plaintiffs' Definitions for the "Coal Gasification Process," "Waste Materials," "Residuals," and "Facilities."

**Topic No. 4:** The storage, removal, transport, disposal and/or handling of any Waste Materials and/or Residuals at each of the Facilities.

**Objections to Topic No. 4:** NEGasCo objects specifically to Topic 4 on the grounds that it is overbroad, unduly burdensome and seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Topic 4 is not limited to the Charles Street Plant which is the facility alleged by Plaintiffs to be the source of the alleged contamination at issue in this lawsuit. Moreover, Topic 4 seeks information pertaining to Waste Materials and/or Residuals which were disposed of at locations other than the Bay Street Area, the location that Plaintiffs allege manufactured gas plant "Waste Materials" and/or "Residuals" have been

deposited, and is thus, neither relevant to this action, nor calculated to lead to the discovery of admissible evidence. See also NEGasCo's Responses to Plaintiffs' Definitions for "Waste Materials," "Residuals," and "Facilities." Topic 4 is further objectionable because it does not provide sufficient detail as to the topics of the examination.

**Topic No. 5:** Environmental contamination involving any spill, release, overfill or other incident of any Residual and/or Waste Materials at each of the Facilities.

**Objections to Topic No. 5:** NEGasCo objects specifically to Topic 5 on the grounds that it is overbroad, vague, unduly burdensome and seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Topic 5 is not limited to the Charles Street Plant which is the facility alleged by Plaintiffs to be the source of the alleged contamination at issue in this lawsuit. See also NEGasCo's Responses to Plaintiffs' Definitions for "Waste Materials," "Residuals," and "Facilities." Furthermore, "environmental contamination" is not defined, and this case has nothing to do with spills at Charles Street or any other "Facility."

**Topics Designated for Deposition on August 8, 2007**

**Topic No. 1:** Employees, agents and contractors who were responsible for the storage, removal, transport, disposal and/or handling of any Residuals and/or Waste Materials from each of the Facilities.

**Objections to Topic No. 1:** NEGasCo objects specifically to Topic 1 on the grounds that it is overbroad, vague, unduly burdensome and seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Topic 1 is not limited to the Charles Street Plant which is the facility alleged

by Plaintiffs to be the source of the alleged contamination at issue in this lawsuit. Moreover, Topic 1 seeks information pertaining to Waste Materials and/or Residuals which were disposed of at locations other than the Bay Street Area, the location that Plaintiffs allege manufactured gas plant "Waste Materials" and/or "Residuals" have been deposited, and is thus, neither relevant to this action, nor calculated to lead to the discovery of admissible evidence. See also NEGasCo's Responses to Plaintiffs' Definitions for "Waste Materials." "Residuals," and "Facilities."

**Topic No. 2:** Policies and procedures for employees, agents and contractors responsible for the storage, removal, transport, disposal and/or handling of any Residuals and/or Waste Materials from each of the Facilities.

**Objections to Topic No. 2:** NEGasCo objects specifically to Topic 2 on the grounds that it is overbroad, vague, unduly burdensome and seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Topic 2 is not limited to the Charles Street Plant which is the facility alleged by Plaintiffs to be the source of the alleged contamination at issue in this lawsuit. Moreover, Topic 2 seeks information pertaining to Waste Materials and/or Residuals which were disposed of at locations other than the Bay Street Area, the location that Plaintiffs allege manufactured gas plant "Waste Materials" and/or "Residuals" have been deposited, and is thus, neither relevant to this action, nor calculated to lead to the discovery of admissible evidence. See also NEGasCo's Responses to Plaintiffs' Definitions for "Waste Materials," "Residuals," and "Facilities." NEGasCo further objects specifically to Topic 2 as vague and ambiguous because the phrase "policies and procedures" could be construed as having multiple meanings, and because Topic 2 does

not describe what particular policies or procedures are to be the subject of the examination.

**Topic No. 3:** Employees and contractors whose actions may have caused or led to a spill, release, overfill or other incident involving Waste Materials and/or Residuals at the Facilities.

**Objections to Topic No. 3:** NEGasCo objects specifically to Topic 3 on the grounds that it is overbroad, vague, unduly burdensome and seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Topic 3 is not limited to the Charles Street Plant which is the facility alleged by Plaintiffs to be the source of the alleged contamination at issue in this lawsuit. See also NEGasCo's Responses to Plaintiffs' Definitions for "Waste Materials," "Residuals," and "Facilities." Topic 3 also vaguely refers to certain persons "whose actions may have caused or led to" other vague terms such as an "incident." See also NEGasCo objections to Topic No. 5 (August 7, 2007) above.

**Topic No. 4:** Liability insurance coverage available and legal actions brought against you in relation to the Waste Materials and Residuals produced at the Facilities.

**Objections to Topic No. 4:** NEGasCo objects specifically to Topic 4 on the grounds that it is overbroad, unduly burdensome and seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. See also NEGasCo's Responses to Plaintiffs' Definition for "Facilities."

**<u>Topics Designated for Deposition on August 9, 2007</u>**

**<u>Topic No. 1:</u>** Residuals and/or Waste Materials sent to the City of Tiverton, Rhode Island ("Tiverton") from each of the Facilities, specifically including, but not limited to, the Emergency Moratorium Area of Tiverton.

**<u>Objections to Topic No. 1:</u>** NEGasCo objects specifically to Topic 1 on the grounds that it is overbroad, vague, ambiguous, unduly burdensome and seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Topic 1 is not limited to the Charles Street Plant which is the facility alleged by Plaintiffs to be the source of the alleged contamination at issue in this lawsuit. Moreover, Topic 1 seeks information pertaining to Waste Materials and/or Residuals which were disposed of at locations other than the Bay Street Area, the location that Plaintiffs allege manufactured gas plant "Waste Materials" and/or "Residuals" have been deposited, and is thus, neither relevant to this action, nor calculated to lead to the discovery of admissible evidence. See also NEGasCo's Responses to Plaintiffs' Definitions for "Waste Materials," "Residuals," "Emergency Moratorium Area," and "Facilities."

**<u>Topic No. 2:</u>** Communications to government agency(ies) regarding any Residuals and/or Waste Materials sent to Tiverton from either or both of the Facilities, specifically including, but not limited to, the Emergency Moratorium Area of Tiverton.

**<u>Objections to Topic No. 2:</u>** NEGasCo objects specifically to Topic 2 on the grounds that it is overbroad, unduly burdensome and seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible

evidence. Topic 2 is not limited to the Charles Street Plant which is the facility alleged by Plaintiffs to be the source of the alleged contamination at issue in this lawsuit. Moreover, Topic 2 seeks information pertaining to Waste Materials and/or Residuals which were disposed of at locations other than the Bay Street Area, the location that Plaintiffs allege manufactured gas plant "Waste Materials" and/or "Residuals" have been deposited, and is thus, neither relevant to this action, nor calculated to lead to the discovery of admissible evidence. See also NEGasCo's Responses to Plaintiffs' Definitions for "Waste Materials," "Residuals," "Emergency Moratorium Area," and "Facilities."

**Topic No. 3:** Disposal and transportation policies and procedures regarding any Residual and/or Waste Materials sent to Tiverton from each of the Facilities, specifically including but not limited to the Emergency Moratorium Area of Tiverton.

**Objections to Topic No. 3:** NEGasCo objects specifically to Topic 3 on the grounds that it is overbroad, unduly burdensome and seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Topic 3 is not limited to the Charles Street Plant which is the facility alleged by Plaintiffs to be the source of the alleged contamination at issue in this lawsuit. Moreover, Topic 3 seeks information pertaining to Waste Materials and/or Residuals which were disposed of at locations other than the Bay Street Area, the location that Plaintiffs allege manufactured gas plant "Waste Materials" and/or "Residuals" have been deposited, and is thus, neither relevant to this action, nor calculated to lead to the discovery of admissible evidence. NEGasCo further objects specifically to Topic 3 as vague and ambiguous because the phrase "policies and procedures" could be construed as

having multiple meanings, and because Topic 3 does not describe what particular policies or procedures are to be the subject of the examination. See also NEGasCo's Responses to Plaintiffs' Definitions for "Waste Materials," "Residuals," "Emergency Moratorium Area," and "Facilities."

**Topics Designated for Deposition on August 10, 2007**

**Topic No. 1:** Stone and Webster Service Corporation's business operations of the Coal Gasification Facilities.

**Objections to Topic No. 1:** NEGasCo objects specifically to Topic 1 on the grounds that it is overbroad, vague, unduly burdensome and seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Topic 1 is not limited to the Charles Street Plant which is the facility alleged by Plaintiffs to be the source of the alleged contamination at issue in this lawsuit. See also NEGasCo's Responses to Plaintiffs' Definitions for the "Coal Gasification Process" and "Facilities."

**Topic No. 2:** Stone and Webster Service Corporation's employees, agents and/or contractors who were responsible for the storage, removal, transport, disposal and/or handling of any Residuals and/or Waste Materials at each of the Facilities.

**Objections to Topic No. 2:** NEGasCo objects specifically to Topic 2 on the grounds that it is overbroad, vague, unduly burdensome and seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Topic 2 is not limited to the Charles Street Plant which is the facility alleged by Plaintiffs to be the source of the alleged contamination at issue in this lawsuit. Moreover, Topic 2 seeks information pertaining to Waste Materials and/or Residuals

which were disposed of at locations other than the Bay Street Area, the location that Plaintiffs allege manufactured gas plant "Waste Materials" and/or "Residuals" have been deposited, and is thus, neither relevant to this action, nor calculated to lead to the discovery of admissible evidence. See also NEGasCo's Responses to Plaintiffs' Definitions for "Waste Materials," "Residuals," and "Facilities."

**Topic No. 3:** Stone and Webster Service Corporation's policies and procedures for the storage, removal, transport, disposal and/or handling of any Residuals and/or Waste Materials at each of the Facilities.

**Objections to Topic No. 3:** NEGasCo objects specifically to Topic 3 on the grounds that it is overbroad, vague, unduly burdensome and seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Topic 3 is not limited to the Charles Street Plant which is the facility alleged by Plaintiffs to be the source of the alleged contamination at issue in this lawsuit. Moreover, Topic 3 seeks information pertaining to Waste Materials and/or Residuals which were disposed of at locations other than the Bay Street Area, the location that Plaintiffs allege manufactured gas plant "Waste Materials" and/or "Residuals" have been deposited, and is thus, neither relevant to this action, nor calculated to lead to the discovery of admissible evidence. NEGasCo further objects specifically to Topic 3 as vague and ambiguous because the phrase "policies and procedures" could be construed as having multiple meanings, and because Topic 3 does not describe what particular policies or procedures are to be the subject of the examination. See also NEGasCo's Responses to Plaintiffs' Definitions for "Waste Materials," "Residuals," and "Facilities."

**Topic No. 4:** Stone and Webster Service Corporation's contracts and business documents regarding their operations at either or both of the Facilities.

**Objections to Topic No. 4:** NEGasCo objects specifically to Topic 4 on the grounds that it is overbroad, unduly burdensome and seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Topic 4 is not limited to the Charles Street Plant which is the facility alleged by Plaintiffs to be the source of the alleged contamination at issue in this lawsuit nor is it limited to the processes that relate to any allegation in the Plaintiffs' Complaint. See also NEGasCo's Response to Plaintiffs' Definition for "Facilities."

**RESPONSE TO REQUESTS FOR PRODUCTION**

Subject to, and incorporating the foregoing, NEGasCo responds and objects as follows to Plaintiffs' Requests for Production:

**Documents Requested to be Produced at the August 3, 2007 Deposition**

**Request No. 1:** Any and all documents identifying all pension plans used by the Defendant at either or both of the Facilities at any time prior to 1960 which any former employee, agent, contractor and/or other qualifying person is still receiving financial or non-financial benefits.

**Response to Request No. 1:** NEGasCo objects to this request because it is overbroad, unduly burdensome and seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Additionally, this request is not limited to the Charles Street Plant which is the facility alleged by Plaintiffs to be the source of the alleged contamination at issue in this lawsuit. See also NEGasCo's Response to Plaintiffs' Definition for "Facilities."

**<u>Request No. 2:</u>** Documents identifying the name, address, social security numbers and/or any other contact information of any former employee, agent, contractor and/or other qualified person currently receiving any financial or non-financial pension distributions from any pension plan identified in Response to Request No. 1 above.

**<u>Response to Request No. 2:</u>** NEGasCo objects to this request because it is overbroad, unduly burdensome and seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence.

**<u>Request No. 3:</u>** Documents identifying Unions organized at either or both of the Facilities at any time during the period from 1935 to 1960. This document request seeks documents that identify each Union represented at either or both of the Facilities, but specifically does not seek every document related to each Union.

**<u>Response to Request No. 3:</u>** NEGasCo objects to this request because it is overbroad, unduly burdensome and seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Additionally, this request is not limited to the Charles Street Plant which is the facility alleged by Plaintiffs to be the source of the alleged contamination at issue in this lawsuit. See also NEGasCo's Response to Plaintiffs' Definition for "Facilities." Subject to and without waiver of the foregoing General Objections and specific objections, NEGasCo responds as follows: To the extent such documents exist, NEGasCo has already produced and will continue to produce non-privileged responsive documents of the Fall River Gas Company.

**Request No. 4:** Any and all documents identifying the years each Union, identified in the document(s) produced in Response to No. [3] above, was organized at either or both of the Facilities at any time during the period from 1935 to 1960.

**Response to Request No. 4:** NEGasCo objects to this request because it is overbroad, unduly burdensome and seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Additionally, this request is not limited to the Charles Street Plant which is the facility alleged by Plaintiffs to be the source of the alleged contamination at issue in this lawsuit. See also NEGasCo's Response to Plaintiffs' Definition for "Facilities." Subject to and without waiver of the foregoing General Objections and specific objections, NEGasCo responds as follows: To the extent such documents exist, NEGasCo has already produced and will continue to produce non-privileged responsive documents of the Fall River Gas Company.

**Documents Requested to be Produced at the August 7, 2007 Deposition**

**Request No. 1:** Documents identifying and/or diagramming each specific type of Coal Gasification Process that was utilized by the Defendant at each of the Facilities at any time during the period from 1890 to 1960. This document request seeks documents that explain and/or diagram the type of Coal Gasification Process that was incorporated at each Facility, but specifically does not seek every document related to that Process.

**Response to Request No. 1:** NEGasCo objects to this request because it is overbroad, unduly burdensome and seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Additionally,

this request is not limited to the Charles Street Plant which is the facility alleged by Plaintiffs to be the source of the alleged contamination at issue in this lawsuit. See also NEGasCo's Response to Plaintiffs' Definition for the Coal Gasification Process. Subject to and without waiver of the foregoing General Objections and specific objections, NEGasCo responds as follows: To the extent such documents exist, NEGasCo has already produced and will continue to produce non-privileged responsive documents of the Fall River Gas Company.

**Request No. 2:** Documents identifying and/or diagramming each substantive step in the Coal Gasification Process and all Waste Materials and/or Residuals produced at either or both of the Facilities at any time during the period from 1890 to 1960. This document request seeks documents that explain and/or diagram each step of the Coal Gasification Process at each Facility, but specifically does not seek every document related to that each step in the Process.

**Response to Request No. 2:** NEGasCo objects to this request because it is overbroad, unduly burdensome and seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Additionally, this request is not limited to the Charles Street Plant which is the facility alleged by Plaintiffs to be the source of the alleged contamination at issue in this lawsuit. NEGasCo further objects to this request as vague and ambiguous because the phrase "substantive step" could be construed as having multiple meanings. See also NEGasCo's Responses to Plaintiffs' Definitions for the "Coal Gasification Process," "Residuals," "Waste Materials," and "Facilities." Subject to and without waiver of the foregoing General Objections and specific objections, NEGasCo responds as follows: To the extent such

documents exist, NEGasCo has already produced and will continue to produce non-privileged responsive documents of the Fall River Gas Company.

**Request No. 3:** Documents identifying and detailing any substantive change in the Coal Gasification Process used at each of the Facilities that changed the nature or amount of Waste Materials and/or Residuals used and/or produced. This document request seeks documents that explain and/or diagram any substantive changes that were made to the utilized Coal Gasification Process that directly changed the Waste Materials and/or Residuals produced, but specifically does not seek every document related to changes to the Process, especially if said change had no impact on the Waste Materials and/or Residuals used and/or produced by the Process.

**Response to Request No. 3:** NEGasCo objects to this request because it is overbroad, unduly burdensome and seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Additionally, this request is not limited to the Charles Street Plant which is the facility alleged by Plaintiffs to be the source of the alleged contamination at issue in this lawsuit. NEGasCo further objects to this request as the phrase "substantive change" and the terms "nature" and "amount" are vague and ambiguous. See also NEGasCo's Responses to Plaintiffs' Definitions for the "Coal Gasification Process," "Residuals," "Waste Materials," and "Facilities." Subject to and without waiver of the foregoing General Objections and specific objections, NEGasCo responds as follows: To the extent such documents exist, NEGasCo has already produced and will continue to produce non-privileged responsive documents of the Fall River Gas Company.

**Request No. 4:** All documents identifying and/or diagramming the schematics of each Facility, including all blue prints, maps, diagrams, designs, construction, plans and engineering of the Coal Gasification Process at each of the Facilities.

**Response to Request No. 4:** NEGasCo objects to this request because it is overbroad, unduly burdensome and seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Additionally, this request is not limited to the Charles Street Plant which is the facility alleged by Plaintiffs to be the source of the alleged contamination at issue in this lawsuit. See also NEGasCo's Responses to Plaintiffs' Definitions for the "Coal Gasification Process" and "Facilities." Subject to and without waiver of the foregoing General Objections and specific objections, NEGasCo responds as follows: To the extent such documents exist, NEGasCo has already produced and will continue to produce non-privileged responsive documents of the Fall River Gas Company.

**Request No. 5:** Any and all documents identifying and/or diagramming areas that were designated or used for the storage of any Residuals and/or Waste Materials at each Facility.

**Response to Request No. 5:** NEGasCo objects to this request because it is overbroad, unduly burdensome and seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Additionally, this request is not limited to any particular time period nor is it limited to the Charles Street Plant which is the facility alleged by Plaintiffs to be the source of the alleged contamination at issue in this lawsuit. See also NEGasCo's Responses to Plaintiffs' Definitions for "Residuals," "Waste Materials," and "Facilities." Subject to and without

waiver of the foregoing General Objections and specific objections, NEGasCo responds as follows: To the extent such documents exist, NEGasCo has already produced and will continue to produce non-privileged responsive documents of the Fall River Gas Company.

**Request No. 6:** Documents identifying all sources of coal at each of the Facilities at any time during the period from 1890 to 1960, including but not limited to the identity of each mine, each supplying company, and all documents relating to acquiring coal from these sources. This document request seeks documents that identify all sources of coal used at each of the Facilities, but specifically does not seek every document related your purchase of coal from each supplier.

**Response to Request No. 6:** NEGasCo objects to this request because it is overbroad, unduly burdensome and seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence, and because it is promulgated for purposes of harassment rather than as a valid means of obtaining relevant, discoverable information. Additionally, this request is not limited to the Charles Street Plant which is the facility alleged by Plaintiffs to be the source of the alleged contamination at issue in this lawsuit. NEGasCo further objects to this request as vague and ambiguous because the term "sources" has multiple meanings. See also NEGasCo's Response to Plaintiffs' Definition for "Facilities." Subject to and without waiver of the foregoing General Objections and specific objections, NEGasCo responds as follows: To the extent such documents exist, NEGasCo has already produced and will continue to produce non-privileged responsive documents of the Fall River Gas Company.

**Request No. 7:** Documents identifying and/or diagramming the process that took place at any time during the period from 1890 to 1960 in the buildings referred to as the "beehives"/filter houses at either or both of the Facilities.

**Response to Request No. 7:** NEGasCo objects to this request because it is overbroad, unduly burdensome and seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Additionally, this request is not limited to the Charles Street Plant which is the facility alleged by Plaintiffs to be the source of the alleged contamination at issue in this lawsuit. NEGasCo further objects to this request as vague and ambiguous because the term "beehives/filter houses" could be construed as having multiple meanings. Subject to and without waiver of the foregoing General Objections and specific objections, NEGasCo responds as follows: To the extent such documents exist, NEGasCo has already produced and will continue to produce non-privileged responsive documents of the Fall River Gas Company.

**Request No. 8:** Any and all documents describing which Waste Materials and/or Residuals at each of the Facilities were present in the "beehives"/filter houses and how each were collected, stored, transported, and disposed of on and off the Facilities at any time during the period from 1890 to 1960.

**Response to Request No. 8:** NEGasCo objects to this request because it is overbroad, unduly burdensome and seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Additionally, this request is not limited to the Charles Street Plant which is the facility alleged by Plaintiffs to be the source of the alleged contamination at issue in this lawsuit. Moreover,

this request seeks information pertaining to Waste Materials and/or Residuals which were disposed of at locations other than the Bay Street Area, the location that Plaintiffs allege manufactured gas plant "Waste Materials" and/or "Residuals" have been deposited, and is thus, neither relevant to this action, nor calculated to lead to the discovery of admissible evidence. NEGasCo further objects to this request as vague and ambiguous because the term "beehives/filter houses" could be construed as having multiple meanings. See also NEGasCo's Responses to Plaintiffs' Definitions for "Residuals," "Waste Materials," and "Facilities." Subject to and without waiver of the foregoing General Objections and specific objections, NEGasCo responds as follows: To the extent such documents exist, NEGasCo has already produced and will continue to produce non-privileged responsive documents of the Fall River Gas Company.

**Request No. 9:** Any and all documents relating to any Material Waste [sic] and/or Residual containing Oil and/or Hazardous Substances that is still present in the gas distribution system utilized by either or both of the Facilities.

**Response to Request No. 9:** NEGasCo objects to this request because it is overbroad, unduly burdensome, confusing and seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Additionally, this request is not limited to any particular time period nor is it limited to the Charles Street Plant which is the facility alleged by Plaintiffs to be the source of the alleged contamination at issue in this lawsuit. See also NEGasCo's Responses to Plaintiffs' Definitions for "Residuals," "Waste Materials," "Oil," "Hazardous Substances," and "Facilities." Subject to and without waiver of the foregoing General Objections and specific objections, NEGasCo responds as follows: To the extent such

documents exist, NEGasCo has already produced and will continue to produce non-privileged responsive documents of the Fall River Gas Company.

**Request No. 10:** Any and all documents identifying inspections and/or testing performed of the Waste Materials and/or Residuals during the period from 1890 to 1960 prior to the disposal or transport from either or both of the Facilities.

**Response to Request No. 10:** NEGasCo objects to this request because it is overbroad, unduly burdensome and seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Additionally, this request is not limited to the Charles Street Plant which is the facility alleged by Plaintiffs to be the source of the alleged contamination at issue in this lawsuit. NEGasCo further objects to this request as vague and ambiguous because the terms "inspections" and "testing" could be construed as having multiple meanings. See also NEGasCo's Responses to Plaintiffs' Definitions for "Residuals," "Waste Materials," and "Facilities." Subject to and without waiver of the foregoing General Objections and specific objections, NEGasCo responds as follows: To the extent such documents exist, NEGasCo has already produced and will continue to produce non-privileged responsive documents of the Fall River Gas Company.

**Request No. 11:** Any and all documents memorializing inspections and/or testing performed at either or both of the Facilities during the period from 1890 to 1960 to evaluate the soil, groundwater and/or any other substance for the presence of Oil and or Hazardous Substances. This request specifically seeks the electronic file containing all information concerning the evaluation of any soil and/or groundwater for the presence of Oil and /or Hazardous Substances.

**Response to Request No. 11:** NEGasCo objects to this request because it is overbroad, unduly burdensome and seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Additionally, this request is not limited to the Charles Street Plant which is the facility alleged by Plaintiffs to be the source of the alleged contamination at issue in this lawsuit. NEGasCo further objects to this request as vague and ambiguous because the terms "inspections" and "testing" could be construed as having multiple meanings. See also NEGasCo's Responses to Plaintiffs' Definitions for "Oil," "Hazardous Substances," and "Facilities." Subject to and without waiver of the foregoing General Objections and specific objections, NEGasCo responds as follows: To the extent such documents exist, NEGasCo has already produced and will continue to produce non-privileged responsive documents of the Fall River Gas Company.

**Request No. 12:** Documents including but not limited to property deeds, state corporate filings, and/or contracts for ownership and/or operational interest at each of the Facilities for any time during the period from 1880 to 1960. This document request seeks documents that establish the identity of each and every owner and operator, but specifically does not seek every document related to their ownership or operation.

**Response to Request No. 12:** NEGasCo objects to this request because it is overbroad, unduly burdensome and seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Additionally, this request is not limited to the Charles Street Plant which is the facility alleged by Plaintiffs to be the source of the alleged contamination at issue in this lawsuit. NEGasCo further objects to this request as vague and ambiguous because the terms "state corporate

filings" and "contracts for operational interest" could be construed as having multiple meanings. See also NEGasCo's Response to Plaintiffs' Definition for "Facilities." Subject to and without waiver of the foregoing General Objections and specific objections, NEGasCo responds as follows: To the extent such documents exist, NEGasCo has already produced and will continue to produce non-privileged responsive documents of the Fall River Gas Company.

**Request No. 13:** All documents memorializing payments rendered, including but not limited to checks or vouchers, to any individual and/or entity for the storage, removal, disposal, and/or handling of Residuals and/or Waste Materials from either or both of the Facilities, including record(s) of any payments made to John K. Simpson, John Simpson, Jr., Alvin Simpson, Jack Bravo and Joseph Ferries or their corporate entities, predecessors, affiliates, successors and/or assigns.

**Response to Request No. 13:** NEGasCo objects to this request because it is overbroad, unduly burdensome and seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Additionally, this request is not limited to the Charles Street Plant which is the facility alleged by Plaintiffs to be the source of the alleged contamination at issue in this lawsuit. Moreover, this request seeks information pertaining to Waste Materials and/or Residuals which were disposed of at locations other than the Bay Street Area, the location that Plaintiffs allege manufactured gas plant "Waste Materials" and/or "Residuals" have been deposited, and is thus, neither relevant to this action, nor calculated to lead to the discovery of admissible evidence. See also NEGasCo's Responses to Plaintiffs' Definitions for "Residuals," "Waste Materials," and "Facilities." Subject to and without waiver of the foregoing

General Objections and specific objections, NEGasCo responds as follows: To the extent such documents exist, NEGasCo has already produced and will continue to produce non-privileged responsive documents of the Fall River Gas Company.

**Request No. 14:** Any and all documents that identify any warnings adopted, prescribed and/or utilized by Defendant between 1880 and 1960 for employees or contractors who came into contact with any Waste Materials and/or Residuals from either or both of the Facilities.

**Response to Request No. 14:** NEGasCo objects to this request because it is overbroad, vague, unduly burdensome and seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Additionally, this request is not limited to the Charles Street Plant which is the facility alleged by Plaintiffs to be the source of the alleged contamination at issue in this lawsuit. NEGasCo further objects to this request because the term "prescribed" is vague and ambiguous. See also NEGasCo's Responses to Plaintiffs' Definitions for "Residuals," "Waste Materials," and "Facilities." Subject to and without waiver of the foregoing General Objections and specific objections, NEGasCo responds as follows: To the extent such documents exist, NEGasCo has already produced and will continue to produce non-privileged responsive documents of the Fall River Gas Company.

**Request No. 15:** Any and all documents that identify any instructions and/or directions given by you between 1940 and 1965 to any entity transporting, disposing, and/or handling Waste Materials and/or Residuals from either or both of the Facilities regarding the transportation, removal, disposal and/or handling of such material.

<u>**Response to Request No. 15:**</u> NEGasCo objects to this request because it is overbroad, unduly burdensome and seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Additionally, this request is not limited to the Charles Street Plant which is the facility alleged by Plaintiffs to be the source of the alleged contamination at issue in this lawsuit. Moreover, this request seeks information pertaining to Waste Materials and/or Residuals which were disposed of at locations other than the Bay Street Area, the location that Plaintiffs allege manufactured gas plant "Waste Materials" and/or "Residuals" have been deposited, and is thus, neither relevant to this action, nor calculated to lead to the discovery of admissible evidence. See also NEGasCo's Responses to Plaintiffs' Definitions for "Residuals," "Waste Materials," and "Facilities." Subject to and without waiver of the foregoing General Objections and specific objections, NEGasCo responds as follows: To the extent such documents exist, NEGasCo has already produced and will continue to produce non-privileged responsive documents of the Fall River Gas Company.

<u>**Request No. 16:**</u> Any and all documents identifying Defendant's record keeping policies and procedures utilized during the period from 1890 to 1960 for any spills, releases, overfills or other incidents involving Waste Materials and/or Residuals, occurring during Coal Gasification Process at either or both of the Facilities.

<u>**Response to Request No. 16:**</u> NEGasCo objects to this request because it is overbroad, unduly burdensome and seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Additionally, this request is not limited to the Charles Street Plant which is the facility alleged by Plaintiffs to be the source of the alleged contamination at issue in this lawsuit. NEGasCo

further objects to this request because the terms "spills, releases, overfills, and other incidents" and "policies and procedures" are vague and ambiguous. See also NEGasCo's Responses to Plaintiffs' Definitions for the "Coal Gasification Process," "Residuals," "Waste Materials," and "Facilities." Subject to and without waiver of the foregoing General Objections and specific objections, NEGasCo responds as follows: To the extent such documents exist, NEGasCo has already produced and will continue to produce non-privileged responsive documents of the Fall River Gas Company.

**Request No. 17:** Any and all documents memorializing any spill, release, overfill or other incident during the period from 1890 to 1960 that caused or may lead to human exposure to Residuals and/or Waste Materials occurring during the Coal Gasification Process at either or both of the Facilities.

**Response to Request No. 17:** NEGasCo objects to this request because it is overbroad, vague, unduly burdensome and seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Additionally, this request is not limited to the Charles Street Plant which is the facility alleged by Plaintiffs to be the source of the alleged contamination at issue in this lawsuit. NEGasCo further objects to this request because the terms "spill, release, overfill, and other incidents" are vague and ambiguous. See also NEGasCo's Responses to Plaintiffs' Definitions for the "Coal Gasification Process," "Residuals," "Waste Materials," and "Facilities." Subject to and without waiver of the foregoing General Objections and specific objections, NEGasCo responds as follows: To the extent such documents exist, NEGasCo has already produced and will continue to produce non-privileged responsive documents of the Fall River Gas Company.

**Documents Requested to be Produced at the August 8, 2007 Deposition**

**Request No. 1:** Any and all documents identifying all individuals and entities, including but not limited to employees, agents and contractors, who were responsible at any time during the period from 1890 to 1960 for the storage, removal, transport, disposal and/or handling of any Residuals and/or Waste Materials at each of the Facilities.

**Response to Request No. 1:** NEGasCo objects to this request because it is overbroad, unduly burdensome and seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Additionally, this request is not limited to the Charles Street Plant which is the facility alleged by Plaintiffs to be the source of the alleged contamination at issue in this lawsuit. Moreover, this request seeks information pertaining to Waste Materials and/or Residuals which were disposed of at locations other than the Bay Street Area, the location that Plaintiffs allege manufactured gas plant "Waste Materials" and/or "Residuals" have been deposited, and is thus, neither relevant to this action, nor calculated to lead to the discovery of admissible evidence. See also NEGasCo's Responses to Plaintiffs' Definitions for "Residuals," "Waste Materials," and "Facilities." Subject to and without waiver of the foregoing General Objections and specific objections, NEGasCo responds as follows: To the extent such documents exist, NEGasCo has already produced and will continue to produce non-privileged responsive documents of the Fall River Gas Company.

**Request No. 2:** Any and all documents memorializing the dates during the period from 1890 to 1960 when individuals and/or entities, including but not limited to employees, agents and contractors, were responsible for the transportation of any Waste Materials and/or Residual from either or both of the Facilities.

**Response to Request No. 2:** NEGasCo objects to this request because it is overbroad, unduly burdensome, assumes facts, and seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Additionally, this request is not limited to the Charles Street Plant which is the facility alleged by Plaintiffs to be the source of the alleged contamination at issue in this lawsuit. Moreover, this request seeks information pertaining to Waste Materials and/or Residuals which were disposed of at locations other than the Bay Street Area, the location that Plaintiffs allege manufactured gas plant "Waste Materials" and/or "Residuals" have been deposited, and is thus, neither relevant to this action, nor calculated to lead to the discovery of admissible evidence. See also NEGasCo's Responses to Plaintiffs' Definitions for "Residuals." "Waste Materials," and "Facilities." Subject to and without waiver of the foregoing General Objections and specific objections, NEGasCo responds as follows: To the extent such documents exist, NEGasCo has already produced and will continue to produce non-privileged responsive documents of the Fall River Gas Company.

**Request No. 3:** Any and all documents identifying payments rendered, including but not limited to contracts, checks or vouchers, to any individual and/or entity for the storage, removal, transport, disposal, or handling of Waste Materials and/or Residuals from either or both of the Facilities, including, but not limited to, record(s) related to services provided by John K. Simpson, John Simpson, Jr., Alvin Simpson, Jack Bravo and Joseph Ferries or their corporate entities, predecessors, affiliates, successors and/or assigns.

**Response to Request No. 3:** NEGasCo objects to this request because it is nearly identical to and duplicative of Request No. 13 (Requests for August 7, 2007) above and because it is overbroad, unduly burdensome and seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Additionally, this request is not limited to the Charles Street Plant which is the facility alleged by Plaintiffs to be the source of the alleged contamination at issue in this lawsuit. Moreover, this request seeks information pertaining to Waste Materials and/or Residuals which were disposed of at locations other than the Bay Street Area, the location that Plaintiffs allege manufactured gas plant "Waste Materials" and/or "Residuals" have been deposited, and is thus, neither relevant to this action, nor calculated to lead to the discovery of admissible evidence. See also NEGasCo's Responses to Plaintiffs' Definitions for "Residuals," "Waste Materials," and "Facilities." Subject to and without waiver of the foregoing General Objections and specific objections, NEGasCo responds as follows: To the extent such documents exist, NEGasCo has already produced and will continue to produce non-privileged responsive documents of the Fall River Gas Company.

**Request No. 4:** All documents describing and/or memorializing any distributions made by individuals and/or entities, including but not limited to employees, agents and contractors, from either or both of the Facilities to any other party for the storage, removal, transport, disposal and/or handling of any Residuals and/or Waste Materials at either or both of the Facilities.

**Response to Request No. 4:** NEGasCo objects to this request because it is overbroad, vague and incomprehensible, unduly burdensome and seeks information that

is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Additionally, this request is not limited to the Charles Street Plant which is the facility alleged by Plaintiffs to be the source of the alleged contamination at issue in this lawsuit. Moreover, this request seeks information pertaining to Waste Materials and/or Residuals which were disposed of at locations other than the Bay Street Area, the location that Plaintiffs allege manufactured gas plant "Waste Materials" and/or "Residuals" have been deposited, and is thus, neither relevant to this action, nor calculated to lead to the discovery of admissible evidence. NEGasCo further objects to this request as vague, ambiguous and incomprehensible in this context because the term "distributions" could be construed as having multiple meanings. See also NEGasCo's Responses to Plaintiffs' Definitions for "Residuals," "Waste Materials," and "Facilities." Subject to and without waiver of the foregoing General Objections and specific objections, NEGasCo responds as follows: To the extent such documents exist, NEGasCo has already produced and will continue to produce non-privileged responsive documents of the Fall River Gas Company.

**Request No. 5:** Any and all documents identifying Defendant's policies and procedures for individuals and/or entities, including but not limited to employees, agents and contractors, with regard to the storage, removal, transport, disposal and/or handling of any Residuals and/or Waste Materials at each of the Facilities.

**Response to Request No. 5:** NEGasCo objects to this request because it is overbroad, unduly burdensome and duplicative of numerous other document requests, and seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Additionally, this request is not limited to the

Charles Street Plant which is the facility alleged by Plaintiffs to be the source of the alleged contamination at issue in this lawsuit. Moreover, this request seeks information pertaining to Waste Materials and/or Residuals which were disposed of at locations other than the Bay Street Area, the location that Plaintiffs allege manufactured gas plant "Waste Materials" and/or "Residuals" have been deposited, and is thus, neither relevant to this action, nor calculated to lead to the discovery of admissible evidence. NEGasCo further objects to this request as vague and ambiguous because the phrase "policies and procedures" could be construed as having multiple meanings. See also NEGasCo's Responses to Plaintiffs' Definitions for "Residuals," "Waste Materials," and "Facilities." Subject to and without waiver of the foregoing General Objections and specific objections, NEGasCo responds as follows: To the extent such documents exist, NEGasCo has already produced and will continue to produce non-privileged responsive documents of the Fall River Gas Company.

**Request No. 6:** Any and all documents identifying [the] operational custom(s) of individuals and/or entities, including but not limited to employees, agents and contractors, for the storage, removal, transport, disposal and/or handling of any Residuals and/or Waste Materials at either or both of the Facilities.

**Response to Request No. 6:** NEGasCo objects to this request because it is overbroad, unduly burdensome and seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Additionally, this request is not limited to the Charles Street Plant which is the facility alleged by Plaintiffs to be the source of the alleged contamination at issue in this lawsuit. Moreover, this request seeks information pertaining to Waste Materials and/or Residuals which were

disposed of at locations other than the Bay Street Area, the location that Plaintiffs allege manufactured gas plant "Waste Materials" and/or "Residuals" have been deposited, and is thus, neither relevant to this action, nor calculated to lead to the discovery of admissible evidence. NEGasCo further objects to this request as vague, ambiguous and incomprehensible in this context because the phrase "operational customs" could be construed as having multiple meanings. See also NEGasCo's Responses to Plaintiffs' Definitions for "Residuals" and "Waste Materials." Subject to and without waiver of the foregoing General Objections and specific objections, NEGasCo responds as follows: To the extent such documents exist, NEGasCo has already produced and will continue to produce non-privileged responsive documents of the Fall River Gas Company.

**Request No. 7:** Any and all documents identifying any of Defendant's employees, agents and/or contractors who caused to a spill, release, overfill of Residuals and/or Waste Materials at the Facilities.

**Response to Request No. 7:** NEGasCo objects to this request because it is overbroad, unduly burdensome and seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Additionally, this request is not limited to the Charles Street Plant which is the facility alleged by Plaintiffs to be the source of the alleged contamination at issue in this lawsuit. NEGasCo further objects to this request as vague and ambiguous because the terms "spill," "release," and "overfill" could be construed as having multiple meanings. See also NEGasCo's Responses to Plaintiffs' Definitions for "Residuals," "Waste Materials," and "Facilities." Subject to and without waiver of the foregoing General Objections and specific objections, NEGasCo responds as follows: To the extent such documents exist,

NEGasCo has already produced and will continue to produce non-privileged responsive documents of the Fall River Gas Company.

**Request No. 8:** Any and all documents identifying any individuals and/or entities, including but not limited to employees, agents and contractors, who performed inspections or testing of Residuals and/or Waste Materials at the Facilities.

**Response to Request No. 8:** NEGasCo objects to this request because it is overbroad, unduly burdensome and seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Additionally, this request is not limited to the Charles Street Plant which is the facility alleged by Plaintiffs to be the source of the alleged contamination at issue in this lawsuit. NEGasCo further objects to this request as vague and ambiguous because the terms "inspections" and "testing" could be construed as having multiple meanings, and because this request is duplicative of Request No. 10 (Requests for August 7, 2007). See also NEGasCo's Responses to Plaintiffs' Definitions for "Residuals," "Waste Materials," and "Facilities." Subject to and without waiver of the foregoing General Objections and specific objections, NEGasCo responds as follows: To the extent such documents exist, NEGasCo has already produced and will continue to produce non-privileged responsive documents of the Fall River Gas Company.

**Request No. 9:** Any and all documents identifying any individuals and/or entities, including but not limited to employees, agents and contractors; whether presently affiliated with you or not, who entered, tested, or inspected any of the properties in the Emergency Moratorium Area.

**Response to Request No. 9:** NEGasCo objects to this request because it is overbroad, unduly burdensome and seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. This request is also objectionable because it is unbounded in time or scope, includes Plaintiffs' consultants and engineers as well as RIDEM within its scope, and seeks publicly available information. NEGasCo also objects to this request because it seeks documents and information protected by the work product doctrine. See also NEGasCo's Response to Plaintiffs' Definition for "Emergency Moratorium Area."

**Request No. 10:** Any and all documents identifying any insurance policies that may be available to satisfy a judgment or portion of a judgment rendered in this action, including the policy limits and the forms and endorsements that make up each such policy.

**Response to Request No. 10:** NEGasCo objects to this request because it is overbroad, unduly burdensome and seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. NEGasCo further objects to this request because it provided this information in its initial disclosures. Subject to and without waiver of the foregoing General Objections and specific objections, NEGasCo responds as follows: To the extent such documents exist, NEGasCo has already produced and will continue to produce non-privileged responsive documents of the Fall River Gas Company.

**Request No. 11:** Any and all documents identifying any legal actions that have been filed against the Defendant in relation to Waste Materials and/or Residuals allegedly produced at one or both of the Facilities.

**Response to Request No. 11:** NEGasCo objects to this request because it is overbroad, unduly burdensome and seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. This request is neither limited in time nor is it limited to the processes that relate to any allegation in the Plaintiffs' Complaint.

**Documents Requested to be Produced at the August 9, 2007 Deposition**

**Request No. 1:** Any and all documents identifying any Residuals and/or Waste Materials at either or both of the Facilities sent to Tiverton, specifically including but not limited to the Emergency Moratorium Area of Tiverton.

**Response to Request No. 1:** NEGasCo objects to this request because it is overbroad, unduly burdensome and seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. This request is not limited to any particular time period nor is it limited to the Charles Street Plant which is the facility alleged by Plaintiffs to be the source of the alleged contamination at issue in this lawsuit. Moreover, this request seeks information pertaining to Waste Materials and/or Residuals which were disposed of at locations other than the Bay Street Area, the location that Plaintiffs allege manufactured gas plant "Waste Materials" and/or "Residuals" have been deposited, and is thus, neither relevant to this action, nor calculated to lead to the discovery of admissible evidence. See also NEGasCo's Responses to Plaintiffs' Definitions for "Residuals," "Waste Materials," "Emergency Moratorium Area," and "Facilities." Subject to and without waiver of the foregoing General Objections and specific objections, NEGasCo responds as follows: NEGasCo has no responsive documents.

<u>Request No. 2:</u> All documents identifying any individuals and/or entities, including but not limited to employees, agents and/or contractors who arranged for Residuals and/or Waste Materials at either or both of the Facilities to be sent to Tiverton, specifically including, but not limited to, the Emergency Moratorium Area of Tiverton.

**<u>Response to Request No. 2:</u>** NEGasCo objects to this request because it is overbroad, unduly burdensome and seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. This request is not limited to any particular time period nor is it limited to the Charles Street Plant which is the facility alleged by Plaintiffs to be the source of the alleged contamination at issue in this lawsuit. Additionally, this request seeks information pertaining to Waste Materials and/or Residuals which were disposed of at locations other than the Bay Street Area, the location that Plaintiffs allege manufactured gas plant "Waste Materials" and/or "Residuals" have been deposited, and is thus, neither relevant to this action, nor calculated to lead to the discovery of admissible evidence. See also NEGasCo's Responses to Plaintiffs' Definitions for "Residuals," "Waste Materials," "Emergency Moratorium Area," and "Facilities." Subject to and without waiver of the foregoing General Objections and specific objections, NEGasCo responds as follows: NEGasCo has no responsive documents.

<u>Request No. 3:</u> Any and all documents identifying any individual and/or entities, including but not limited to employees, agents and/or contractors hired or contracted during the period from 1890 to 1960 to transport Residuals and/or Waste

Materials from either or both of the Facilities to Tiverton, specifically including but not limited to the Emergency Moratorium Area of Tiverton.

**Response to Request No. 3:** NEGasCo objects to this request because it is overbroad, unduly burdensome and seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. This request is not limited to any particular time period nor is it limited to the Charles Street Plant which is the facility alleged by Plaintiffs to be the source of the alleged contamination at issue in this lawsuit. Additionally, this request seeks information pertaining to Waste Materials and/or Residuals which were disposed of at locations other than the Bay Street Area, the location that Plaintiffs allege manufactured gas plant "Waste Materials" and/or "Residuals" have been deposited, and is thus, neither relevant to this action, nor calculated to lead to the discovery of admissible evidence. See also NEGasCo's Responses to Plaintiffs' Definitions for "Residuals," "Waste Materials," "Emergency Moratorium Area," and "Facilities." Subject to and without waiver of the foregoing General Objections and specific objections, NEGasCo responds as follows: NEGasCo has no responsive documents.

**Request No. 4:** Any and all documents memorializing any meetings or other communications between any of your employees, agents and/or contractors; whether presently affiliated with you or not, and officials or staff from the City of Tiverton, the Rhode Island Governor's Office, the Rhode Island Department of Environmental Management, the Rhode Island Department of Health, or other local, state or federal agencies regarding the use, disposal or transport of Residuals and/or Waste Materials

from either or both of the Facilities and sent to Tiverton, specifically including but not limited to the Emergency Moratorium Area.

**Response to Request No. 4:** NEGasCo objects to this request because it is overbroad, unduly burdensome and seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. This request is not limited to any particular time period nor is it limited to the Charles Street Plant which is the facility alleged by Plaintiffs to be the source of the alleged contamination at issue in this lawsuit. Additionally, this request seeks information pertaining to Waste Materials and/or Residuals which were disposed of at locations other than the Bay Street Area, the location that Plaintiffs allege manufactured gas plant "Waste Materials" and/or "Residuals" have been deposited, and is thus, neither relevant to this action, nor calculated to lead to the discovery of admissible evidence. NEGasCo further objects to this request to the extent it seeks documents and information protected by the work product doctrine. See also NEGasCo's Responses to Plaintiffs' Definitions for "Residuals," "Waste Materials," "Emergency Moratorium Area," and "Facilities." Subject to and without waiver of the foregoing General Objections and specific objections, NEGasCo responds as follows: NEGasCo has no responsive documents.

**Request No. 5:** Any and all documents memorializing any Comments you submitted to Rhode Island General Assembly and/or the Rhode Island Department of Environmental Management on any proposed regulation, including any maximum contaminant level proposed by that agency relating to arsenic.

**Response to Request No. 5:** NEGasCo objects to this request because it is overbroad, unduly burdensome and seeks information that is not relevant to this action

nor reasonably calculated to lead to the discovery of admissible evidence. This request is not limited to any particular time period nor is it limited to the Charles Street Plant which is the facility alleged by Plaintiffs to be the source of the alleged contamination at issue in this lawsuit. Additionally, this request is not limited to the processes that relate to any allegation in the Plaintiffs' Complaint and is vague and ambiguous because the term "Comments" could be construed as having multiple meanings. This request is also objectionable because it seeks documents and information protected by the work product doctrine.

**Request No. 6:** Any and all documents identifying Defendant's disposal and transportation policies and procedures at each of the Facilities for Residuals and/or Waste Materials sent to Tiverton, specifically including but not limited to the Emergency Moratorium Area of Tiverton.

**Response to Request No. 6:** NEGasCo objects to this request because it is overbroad, unduly burdensome, duplicative of multiple requests, and seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. This request is not limited to any particular time period nor is it limited to the Charles Street Plant which is the facility alleged by Plaintiffs to be the source of the alleged contamination at issue in this lawsuit. Additionally, this request seeks information pertaining to Waste Materials and/or Residuals which were disposed of at locations other than the Bay Street Area, the location that Plaintiffs allege manufactured gas plant "Waste Materials" and/or "Residuals" have been deposited, and is thus, neither relevant to this action, nor calculated to lead to the discovery of admissible evidence. NEGasCo further objects to this request as vague and ambiguous

because the phrase "policies and procedures" could be construed as having multiple meanings. See also NEGasCo's Responses to Plaintiffs' Definitions for "Residuals," "Waste Materials," "Emergency Moratorium Area," and "Facilities." Subject to and without waiver of the foregoing General Objections and specific objections, NEGasCo responds as follows: NEGasCo has no responsive documents.

**Request No. 7:** Any and all documents identifying, mapping and/or diagramming the location(s) Residuals and/or Waste Materials at either or both of the Facilities were stored or deposited in Tiverton, specifically including but not limited to the Emergency Moratorium Area of Tiverton.

**Response to Request No. 7:** NEGasCo objects to this request because it is overbroad, unduly burdensome and seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. This request is not limited to any particular time period nor is it limited to the Charles Street Plant which is the facility alleged by Plaintiffs to be the source of the alleged contamination at issue in this lawsuit. Additionally, this request seeks information pertaining to Waste Materials and/or Residuals which were disposed of at locations other than the Bay Street Area, the location that Plaintiffs allege manufactured gas plant "Waste Materials" and/or "Residuals" have been deposited, and is thus, neither relevant to this action, nor calculated to lead to the discovery of admissible evidence. See also NEGasCo's Responses to Plaintiffs' Definitions for "Residuals," "Waste Materials," "Emergency Moratorium Area," and "Facilities." Subject to and without waiver of the foregoing General Objections and specific objections, NEGasCo responds as follows: NEGasCo has no responsive documents.

**Request No. 8:** Any and all documents describing the operational custom(s) during the period from 1890 to 1960 for the storage, transport, removal, disposal and/or handling of any Residuals and/or Waste Materials at each of the Facilities sent to Tiverton, specifically including but not limited to the Emergency Moratorium Area of Tiverton.

**Response to Request No. 8:** NEGasCo objects to this request because it is overbroad, unduly burdensome and seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. This request is not limited to any particular time period nor is it limited to the Charles Street Plant which is the facility alleged by Plaintiffs to be the source of the alleged contamination at issue in this lawsuit. Additionally, this request seeks information pertaining to Waste Materials and/or Residuals which were disposed of at locations other than the Bay Street Area, the location that Plaintiffs allege manufactured gas plant "Waste Materials" and/or "Residuals" have been deposited, and is thus, neither relevant to this action, nor calculated to lead to the discovery of admissible evidence. NEGasCo further objects to this request as vague, ambiguous and incomprehensible in this context because the phrase "operational custom(s)" could be construed as having multiple meanings. See also NEGasCo's Responses to Plaintiffs' Definitions for "Residuals," "Waste Materials," "Emergency Moratorium Area" and "Facilities." Subject to and without waiver of the foregoing General Objections and specific objections, NEGasCo responds as follows: NEGasCo has no responsive documents.

**Request No. 9:** Any and all documents identifying the source of the contaminants found in the Emergency Moratorium Area that is from a source other than the Defendant.

**Response to Request No. 9:** NEGasCo objects to this request because it is overbroad and unduly burdensome, seeks information equally available to Plaintiffs in the public record, and information as to which Plaintiffs have superior knowledge. See also NEGasCo's Responses to Plaintiffs' Definition for "Emergency Moratorium Area." Additionally, this request seeks documents and information protected by the work product doctrine.

**Request No. 10:** Any and all documents identifying any insurance company that has or is currently investigating any property contamination claim filed by the Defendant caused by Waste Materials and/or Residuals produced and/or used at either or both of the Facilities, and any and all documents memorializing such investigations.

**Response to Request No. 10:** NEGasCo objects to this request because it is overbroad, unduly burdensome and seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. This request is not limited to any particular time period nor is it limited to the Charles Street Plant which is the facility alleged by Plaintiffs to be the source of the alleged contamination at issue in this lawsuit. Additionally, this request seeks information pertaining to Waste Materials and/or Residuals which were disposed of at locations other than the Bay Street Area, the location that Plaintiffs allege manufactured gas plant "Waste Materials" and/or "Residuals" have been deposited, and is thus, neither relevant to this action, nor

calculated to lead to the discovery of admissible evidence. See also NEGasCo's Responses to Plaintiffs' Definitions for "Residuals," "Waste Materials," and "Facilities."

**Request No. 11:** Any and all insurance policies that may be available to satisfy a judgment or portion of a judgment rendered in this Action.

**Response to Request No. 11:** NEGasCo objects to this request because it is duplicative of multiple other requests served by Plaintiffs and because NEGasCo identified the policies in its initial disclosures. Subject to and without waiver of the foregoing General Objections and specific objections, NEGasCo responds as follows: To the extent such documents exist, NEGasCo has already produced and will continue to produce non-privileged responsive documents of the Fall River Gas Company.

**Documents Requested to be Produced at the August 10, 2007 Deposition**

**Request No. 1:** Any and all documents identifying and/or memorializing Stone and Webster Service Corporation ("Stone and Webster") responsibilities at either or both of the Facilities at any and all times during the period from 1890 to 1960.

**Response to Request No. 1:** NEGasCo objects to this request because it is overbroad, unduly burdensome and seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. This request is not limited to the Charles Street Plant which is the facility alleged by Plaintiffs to be the source of the alleged contamination at issue in this lawsuit. See also NEGasCo's Response to Plaintiffs' Definition for "Facilities." Subject to and without waiver of the foregoing General Objections and specific objections, NEGasCo responds as follows: To the extent such documents exist, NEGasCo has already produced and will continue to produce non-privileged responsive documents of the Fall River Gas Company.

<u>Request No. 2:</u> Any and all documents identifying the location of documents generated by Stone and Webster related to work they performed at either or both of the Facilities.

**<u>Response to Request No. 2:</u>** NEGasCo objects to this request because it is overbroad, unduly burdensome and seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. This request is not limited to any particular time period nor is it limited to the Charles Street Plant which is the facility alleged by Plaintiffs to be the source of the alleged contamination at issue in this lawsuit. See also NEGasCo's Response to Plaintiffs' Definition for "Facilities." Subject to and without waiver of the foregoing General Objections and specific objections, NEGasCo responds as follows: To the extent such documents exist, NEGasCo has already produced and will continue to produce non-privileged responsive documents of the Fall River Gas Company.

**<u>Request No. 3:</u>** Any and all documents identifying Stone and Webster's employees, agents and/or contractors who were responsible at any time during the period from 1890 to 1960 for the storage, removal, transport, disposal and/or handling of any Residuals and/or Waste Materials at each of the Facilities.

**<u>Response to Request No. 3:</u>** NEGasCo objects to this request because it is overbroad, unduly burdensome and seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. This request is not limited to the Charles Street Plant which is the facility alleged by Plaintiffs to be the source of the alleged contamination at issue in this lawsuit. Additionally, this response seeks information pertaining to Waste Materials and/or Residuals which were disposed of

at locations other than the Bay Street Area, the location that Plaintiffs allege manufactured gas plant "Waste Materials" and/or "Residuals" have been deposited, and is thus, neither relevant to this action, nor calculated to lead to the discovery of admissible evidence. See also NEGasCo's Responses to Plaintiffs' Definitions for "Residuals," "Waste Materials," and "Facilities." Subject to and without waiver of the foregoing General Objections and specific objections, NEGasCo responds as follows: To the extent such documents exist, NEGasCo has already produced and will continue to produce non-privileged responsive documents of the Fall River Gas Company.

**Request No. 4:** Any and all documents memorializing the dates during the period from 1890 to 1960 when Stone and Webster's employees, agents and/or contractors, were responsible for the transportation of any Waste Materials and/or Residual from either or both of the Facilities.

**Response to Request No. 4:** NEGasCo objects to this request because it is overbroad, unduly burdensome and seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. This request is not limited to the Charles Street Plant which is the facility alleged by Plaintiffs to be the source of the alleged contamination at issue in this lawsuit. Additionally, this response seeks information pertaining to Waste Materials and/or Residuals which were disposed of at locations other than the Bay Street Area, the location that Plaintiffs allege manufactured gas plant "Waste Materials" and/or "Residuals" have been deposited, and is thus, neither relevant to this action, nor calculated to lead to the discovery of admissible evidence. See also NEGasCo's Responses to Plaintiffs' Definitions for "Residuals," "Waste Materials," and "Facilities." Subject to and without waiver of the

foregoing General Objections and specific objections, NEGasCo responds as follows: To the extent such documents exist, NEGasCo has already produced and will continue to produce non-privileged responsive documents of the Fall River Gas Company.

**<u>Request No. 5:</u>** All documents identifying Stone and Webster's employees, agents and/or contractors who arranged for Residuals and/or Waste Materials at either or both of the Facilities to be sent to the City of Tiverton, specifically including, but not limited to, the Emergency Moratorium Area of Tiverton.

**<u>Response to Request No. 5:</u>** NEGasCo objects to this request because it is overbroad, unduly burdensome and seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. This request is not limited to the Charles Street Plant which is the facility alleged by Plaintiffs to be the source of the alleged contamination at issue in this lawsuit. Additionally, this response seeks information pertaining to Waste Materials and/or Residuals which were disposed of at locations other than the Bay Street Area, the location that Plaintiffs allege manufactured gas plant "Waste Materials" and/or "Residuals" have been deposited, and is thus, neither relevant to this action, nor calculated to lead to the discovery of admissible evidence. See also NEGasCo's Responses to Plaintiffs' Definitions for "Residuals," "Waste Materials," "Emergency Moratorium Area," and "Facilities." Subject to and without waiver of the foregoing General Objections and specific objections, NEGasCo responds as follows: NEGasCo has no responsive documents.

**<u>Request No. 6:</u>** Any and all Stone and Webster's documents memorializing Residuals and/or Waste Materials at either or both of the Facilities sent to the City of

Tiverton, specifically including but not limited to the Emergency Moratorium Area of Tiverton.

**Response to Request No. 6:** NEGasCo objects to this request because it is overbroad, unduly burdensome and seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. This request is not limited to the Charles Street Plant which is the facility alleged by Plaintiffs to be the source of the alleged contamination at issue in this lawsuit. Additionally, this response seeks information pertaining to Waste Materials and/or Residuals which were disposed of at locations other than the Bay Street Area, the location that Plaintiffs allege manufactured gas plant "Waste Materials" and/or "Residuals" have been deposited, and is thus, neither relevant to this action, nor calculated to lead to the discovery of admissible evidence. See also NEGasCo's Responses to Plaintiffs' Definitions for "Residuals," "Waste Materials," "Emergency Moratorium Area," and "Facilities." Subject to and without waiver of the foregoing General Objections and specific objections, NEGasCo responds as follows: NEGasCo has no responsive documents.

**Request No. 7:** Any and all documents identifying payments rendered by Stone and Webster, including but not limited to contracts, checks or vouchers, to any individual and/or entity for the storage, removal, transport, disposal, or handling of Waste Materials and/or Residuals from either or both of the Facilities, including, but not limited to, record(s) related to services provided by John K. Simpson, John Simpson, Jr., Alvin Simpson, Jack Bravo and Joseph Ferries or their corporate entities, predecessors, affiliates, successors and/or assigns.

**Response to Request No. 7:** NEGasCo objects to this request because it is overbroad, unduly burdensome and seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. This request is not limited to the Charles Street Plant which is the facility alleged by Plaintiffs to be the source of the alleged contamination at issue in this lawsuit. Additionally, this response seeks information pertaining to Waste Materials and/or Residuals which were disposed of at locations other than the Bay Street Area, the location that Plaintiffs allege manufactured gas plant "Waste Materials" and/or "Residuals" have been deposited, and is thus, neither relevant to this action, nor calculated to lead to the discovery of admissible evidence. See also NEGasCo's Responses to Plaintiffs' Definitions for "Residuals," "Waste Materials," and "Facilities." Subject to and without waiver of the foregoing General Objections and specific objections, NEGasCo responds as follows: To the extent such documents exist, NEGasCo has already produced and will continue to produce non-privileged responsive documents of the Fall River Gas Company.

**Request No. 8:** All documents describing and/or memorializing any distributions made during the period from 1890 to 1960 by Stone and Webster employees, agents and contractors, from either or both of the Facilities to any other party for the storage, removal, transport, disposal and/or handling of any Residuals and/or Waste Materials at either or both of the Facilities.

**Response to Request No. 8:** NEGasCo objects to this request because it is overbroad, vague, unduly burdensome and seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. This request is not limited to the Charles Street Plant which is the facility alleged by Plaintiffs

to be the source of the alleged contamination at issue in this lawsuit. Additionally, this response seeks information pertaining to Waste Materials and/or Residuals which were disposed of at locations other than the Bay Street Area, the location that Plaintiffs allege manufactured gas plant "Waste Materials" and/or "Residuals" have been deposited, and is thus, neither relevant to this action, nor calculated to lead to the discovery of admissible evidence. NEGasCo further objects to this request as vague, ambiguous and incomprehensible in this context as regards the word "distributions." See also NEGasCo's Responses to Plaintiffs' Definitions for "Residuals," "Waste Materials," and "Facilities." Subject to and without waiver of the foregoing General Objections and specific objections, NEGasCo responds as follows: To the extent such documents exist, NEGasCo has already produced and will continue to produce non-privileged responsive documents of the Fall River Gas Company.

**Request No. 9:** Any and all documents identifying Stone and Webster's policies and procedures during the period from 1890 to 1960 for individuals and/or entities, including but not limited to employees, agents and contractors, with regard to the storage, removal, transport, disposal and/or handling of any Residuals and/or Waste Materials at each of the Facilities.

**Response to Request No. 9:** NEGasCo objects to this request because it is overbroad, vague, unduly burdensome and seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. This request is not limited to the Charles Street Plant which is the facility alleged by Plaintiffs to be the source of the alleged contamination at issue in this lawsuit. Additionally, this response seeks information pertaining to Waste Materials and/or Residuals which were

disposed of at locations other than the Bay Street Area, the location that Plaintiffs allege manufactured gas plant "Waste Materials" and/or "Residuals" have been deposited, and is thus, neither relevant to this action, nor calculated to lead to the discovery of admissible evidence. NEGasCo further objects to this request as vague and ambiguous because the phrase "policies and procedures" could be construed as having multiple meanings. See also NEGasCo's Responses to Plaintiffs' Definitions for "Residuals," "Waste Materials" and "Facilities." Subject to and without waiver of the foregoing General Objections and specific objections, NEGasCo responds as follows: To the extent such documents exist, NEGasCo has already produced and will continue to produce non-privileged responsive documents of the Fall River Gas Company.

**Request No. 10:** Any and all documents identifying any of Stone and Webster's employees, agents and/or contractors, who caused a spill, release and/or overfill of Residuals and/or Waste Materials at the Facilities, and the details of each identified spill, release and/or overfill of Residuals and/or Waste Materials.

**Response to Request No. 10:** NEGasCo objects to this request because it is overbroad, vague, unduly burdensome and seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. This request is not limited to the Charles Street Plant which is the facility alleged by Plaintiffs to be the source of the alleged contamination at issue in this lawsuit. Additionally, this response seeks information pertaining to Waste Materials and/or Residuals which were disposed of at locations other than the Bay Street Area, the location that Plaintiffs allege manufactured gas plant "Waste Materials" and/or "Residuals" have been deposited, and is thus, neither relevant to this action, nor calculated to lead to the discovery of

admissible evidence. NEGasCo further objects to this request as vague and ambiguous because the terms "spill," "release" and "overfill" could be construed as having multiple meanings. See also NEGasCo's Responses to Plaintiffs' Definitions for "Residuals," "Waste Materials," and "Facilities." Subject to and without waiver of the foregoing General Objections and specific objections, NEGasCo responds as follows: To the extent such documents exist, NEGasCo has already produced and will continue to produce non-privileged responsive documents of the Fall River Gas Company.

**Request No. 11:** Any and all documents identifying any inspections or testing of Residuals and/or Waste Materials at the Facilities.

**Response to Request No. 11:** NEGasCo objects to this request because it is overbroad, unlimited in time, unduly burdensome and seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. NEGasCo further objects to this request as vague and ambiguous because the terms "inspections" and "testing" could be construed as having multiple meanings. See also NEGasCo's Responses to Plaintiffs' Definitions for "Residuals," "Waste Materials," and "Facilities."

**Request No. 12:** Any and all documents identifying any Stone and Webster insurance policy that may be available to satisfy a judgment or portion of a judgment rendered in this action, including the policy limits and the forms and endorsements that make up each such policy.

**Response to Request No. 12:** NEGasCo objects to this request because it is overbroad, unduly burdensome and seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and

without waiver of the foregoing General Objections and specific objections, NEGasCo responds as follows: NEGasCo has no responsive documents.

**Request No. 13:** Any and all documents identifying any legal actions that have been filed against the Stone and Webster in relation to Waste Materials and/or Residuals allegedly used and/or produced at one or both of the Facilities.

**Response to Request No. 13:** NEGasCo objects to this request because it is overbroad, unduly burdensome and seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. See also NEGasCo's Responses to Plaintiffs' Definition for "Facilities." Subject to and without waiver of the foregoing General Objections and specific objections, NEGasCo responds as follows: To the extent such documents exist, NEGasCo has already produced and will continue to produce non-privileged responsive documents of the Fall River Gas Company.

Dated: August 3, 2007

ADLER, POLLOCK & SHEEHAN P.C.

By: [signature]

John A. Tarantino (#2586)
David A. Wollin (#4950)
Kristen Sherman (#5595)
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
(401) 274-7200

**KASOWITZ, BENSON, TORRES & FRIEDMAN LLP**

Eric D. Herschmann
David E. Ross
1633 Broadway
New York, New York 10019
(212) 506-1700

- and -

**BISHOP, LONDON, BROPHY, & DODDS**

Christina Dodds
3701 Bee Cave Road, Suite 200
Austin, Texas 78746
(512) 479-5000

-and-

**HINCKLEY, ALLEN & SNYDER**

Gerald J. Petros (#2931)
Robin L. Main (#4222)
50 Kennedy Plaza
Providence, RI
(401) 274-2000

*Attorneys for Defendant*
*New England Gas Company,*
*an unincorporated division of*
*Southern Union Company*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 3rd day of August, 2007, I did send a true copy of the within document by e-mail and first-class mail to the following:

| | |
|---|---|
| Robert J. McConnell, Esq.<br>Michael G. Rousseau, Esq.<br>Jonathan D. Orent, Esq.<br>Motley Rice LLC<br>321 South Main Street<br>Providence, RI 02940 | Neil T. Leifer<br>Thornton & Naumes, LLP<br>100 Summer Street, 30th Floor<br>Boston, MA 02110 |
| Mark W. Roberts<br>McRoberts, Roberts & Rainer, LLP<br>53 State Street<br>Boston, MA 02109 | Paul Revere, III, Esq.<br>Law Offices of Paul Revere, III<br>226 River View Lane<br>Centerville, MA 02632 |
| Russell X. Pollock, Esq.<br>Campbell, Campbell, Edwards & Conroy, PC<br>One Constitution Plaza<br>Boston, MA 02129 | Brian R. Cunha, Esq.<br>Brian Cunha & Associates, P.C.<br>904 Broadway<br>East Providence, RI 02914 |

425114_1.DOC