**STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS**
**DEPARTMENT OF ENVIRONMENT MANAGEMENT**
**ADMINISTRATIVE ADJUDICATION DIVISION**

| | | |
|---|---|---|
| IN RE: SOUTHERN UNION COMPANY<br>d/b/a New England Gas Company<br>Notice of Violation OC&I/SR 06-01 | *<br>*<br>*<br>*<br>* | ADD No. 06-001/SRE |

**RIDEM'S MOTION TO COMPEL SOUTHERN UNION COMPANY**
**TO DESIGNATE 30(B)(6) WITNESSES**

Rhode Island Department of Environmental Management ("RIDEM"), by and through its undersigned counsel, and pursuant to Rhode Island Superior Court Rules of Civil Procedure 30 and 37(a) and the Administrative Rules of Practice and Procedure Rule 8.00, respectfully moves for an Order compelling Southern Union Company to designate 30(b)(6) witnesses in response to RIDEM's Notice of Rule 30(b)(6) deposition and, in support thereof, RIDEM submits herewith, and incorporates herein by reference, the accompanying Memorandum of Points and Authorities.

WHEREFORE, RIDEM respectfully requests that the attached proposed Order be entered and Southern Union Company be compelled to designate 30(b)(6) witnesses.

Dated: May 25, 2007

Respectfully submitted,

RHODE ISLAND DEPARTMENT OF
ENVIRONMENTAL MANAGEMENT
By its attorneys,

Patty Allison Fairweather (R.I. Bar No. 6619)
Gregory S. Schultz, Esq. (RI Bar No. 5570)
Susan B. Wilson (R.I. Bar No. 7278)
Office of Compliance & Inspection
RIDEM Office of Legal Services
235 Promenade Street, Fourth Floor
Providence, RI 02908
Telephone (401) 222-6607
Facsimile (401) 222-3378

Lewis S. Wiener (admitted pro hac vice)
Gerald J. Pels (admitted pro hac vice)
Sutherland Asbill & Brennan, LLP
1275 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone (202) 383-0100
Facsimile (202) 637-3593

**CERTIFICATION OF CONFERRAL**

The undersigned certifies, pursuant to R.I. Super. Ct. R. Civ. P. 37(a)(2), that counsel for the Rhode Island Department of Environmental Management has made several attempts over the past 6 weeks to resolve discovery disputes with Southern Union's counsel. Southern Union has elected not to respond to correspondence or return phone calls.

Susan B. Wilson, Esq. (RI Bar No. 7278)

**CERTIFICATE OF SERVICE**

The undersigned herby certifies that on this 25th day of May, 2007, a true copy of the foregoing motion, together with memorandum, exhibits and proposed order, was sent by e-mail and first class mail, postage prepaid, to:

Gerald J. Petros, Esquire
Robin L. Main, Esquire
Alexandra K. Callam, Esquire
HINCKLEY, ALLEN & SNYDER LLP
50 Kennedy Plaza, Suite 1500
Providence Rhode Island 02903

Susan B. Wilson, Esq. (RI Bar No. 7278)

**STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS**
**DEPARTMENT OF ENVIRONMENT MANAGEMENT**
**ADMINISTRATIVE ADJUDICATION DIVISION**

| | | | |
|---|---|---|---|
| IN RE: | SOUTHERN UNION COMPANY<br>d/b/a New England Gas Company<br>Notice of Violation OC&I/SR 06-01 | *<br>*<br>*<br>*<br>* | ADD No. 06-001/SRE |

**ORDER**

Upon consideration of Rhode Island Department of Environmental Management's Motion to Compel Southern Union Company to Designate 30(b)(6) witnesses, the submissions relating thereto, the record and for good cause shown, it is hereby **ORDERED, ADJUDGED and DECREED** that

Rhode Island Department of Environmental Management's motion is granted; and it is further ORDERED that:

Southern Union Company shall designate witnesses corresponding to each of the subject matter provided in RIDEM's amended notice of 30(b)(6) videotaped deposition within 14 days from the execution of this Order.

**SO ORDERED.**

____________________
Date

______________________________
Hearing Officer

Copies to:

Gerald J. Petros, Esquire
HINCKLEY, ALLEN & SNYDER LLP
50 Kennedy Plaza, Suite 1500
Providence Rhode Island 02903

Patty Allison Fairweather (R.I. Bar No. 6619)
Gregory S. Schultz, Esq. (RI Bar No. 5570)
RIDEM Office of Legal Services
235 Promenade Street, Fourth Floor
Providence, RI 02908

Lewis S. Wiener (admitted pro hac vice)
Sutherland Asbill & Brennan, LLP
1275 Pennsylvania Avenue, NW
Washington, DC 20004

**STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS**
**DEPARTMENT OF ENVIRONMENT MANAGEMENT**
**ADMINISTRATIVE ADJUDICATION DIVISION**

| | | | |
|---|---|---|---|
| | | * | |
| IN RE: | SOUTHERN UNION COMPANY | * | |
| | d/b/a New England Gas Company | * | ADD No. 06-001/SRE |
| | Notice of Violation OC&I/SR 06-01 | * | |
| | | * | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RIDEM'S MOTION TO COMPEL SOUTHERN UNION COMPANY TO DESIGNATE 30(B)(6) WITNESSES**

Rhode Island Department of Environmental Management ("RIDEM") respectfully submits the forgoing memorandum of points and authorities in support of its motion to compel.

## I. INTRODUCTION

Southern Union's discovery position is quite clear: it is not going to respond to discovery. First, Southern Union objected to all 55 of RIDEM's interrogatories and document requests without any substantive responses. Then, Southern Union refused to designate a single witness in response to any of the 28 topics listed in RIDEM's notice of 30(b)(6) videotape deposition. Rather than respond to RIDEM's 30(b)(6) Notice, Southern Union opted instead to use improper form objections as its response and failed/refused to designate a single witness to testify on its behalf.

Southern Union's dilatory and vexatious discovery tactics turn the rules of discovery on their head. Unfortunately, because Southern Union's refuses to participate in the discovery process (or even respond to RIDEM's good faith attempts to confer), RIDEM has no option to resolve this issue other than seeking an order compelling Southern Union to comply with its discovery obligations by designating witnesses in response to RIDEM's properly served Rule 30(b)(6) notice.

## II. FACTS

This matter involves the harmful and illegal dumping of manufactured gas plant ("MGP") related materials in the Bay Street area of Tiverton, Rhode Island by Southern Union's predecessor in interest, Fall River Gas Company and its related entities (collectively "FRGC"). FRGC operated a MGP facility on Charles Street in Fall River, Massachusetts, which is approximately five miles from the Bay Street area of Tiverton, Rhode Island. The Charles Street plant started its operations in or about the late 1800's and continues to operate in some form today.[1]

On March 30, 2007, RIDEM served on Southern Union a notice of videotape deposition pursuant to Rule 30(b)(6) that requested the designation of individual(s) who could testify about, among other things, issues relating to the Charles Street plant, its production and its disposal of MGP related materials.

On April 30, 2007, Southern Union responded to RIDEM's 30(b)(6) Notice. Therein, Southern Union objected to every topic in the notice primarily asserting the same boilerplate objection:

> Southern Union objects to this Topic because it is overbroad, unduly burdensome, includes information that is neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence, and is vague and ambiguous. Southern Union also objects because the Topic is not limited to a relevant time period, not limited to the Charles Street plant, and is not limited to products or processes that relate to any allegation in the Amended NOV.

[1] Over the many decades of time, FRGC existed in many different corporate forms. It is believed to have started as the Fall River Gas Works Company in the 1880s. Sometime after the turn of the century in the 1940s or 1950s, it is believed that Fall River Gas Works became the Fall River Gas Appliance Company and the Fall River Gas Company. During the 1990s, New England Gas Company Appliance Company is believed to have acquired FRGC and then New England Gas is believed to have been acquired by Southern Union. It is believed that Southern Union still conducts business under the name of New England Gas.

(Southern Union's Objections are attached as Exhibit 1). Like its responses to RIDEM's Interrogatories, Southern Union's Objections include general objections and multiple objections to the definitions that RIDEM supplied to assist Southern Union in understanding the scope of the notice.

As a result of its failure to respond to RIDEM's amended notice of 30(b)(6) deposition and its failure to designate a single person to testify on Southern Union's behalf in response to RIDEM's 30(b)(6) Notice of Deposition, RIDEM moves this tribunal for an order compelling Southern Union to make its 30(b)(6) designations.

## III. ARGUMENT

"The scope of discovery is very broad." *Cunningham v. Heard*, 667 A.2d 537, 538 (R.I. 1995). A party is entitled to discovery of any information "reasonably calculated to lead to the discovery of admissible evidence." R.I. Super. Ct. R. Civ. P. 26. The information itself need not be admissible, but only need to relate to the claim or defense of any party. *Id.*

In seeking discovery, a party may issue a witness notice naming as the deponent a public or private corporate party so long as the notice describes with reasonable particularity the matters on which examination is requested. R.I. Super. Ct. R. Civ. P. 30(b)(6). In the event a corporate party is served with such a notice, that party:

> Must serve and file, prior to the deposition, a written designation which identifies one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and shall set forth, for each person designated, the matters on which the person will testify. . . .

*Id.*

If a party fails to adhere to its obligations to respond to discovery, the party seeking discovery can ask "for an order compelling discovery." R.I. Super. Ct. R. Civ. P. 37(a). A motion to compel is specifically designed to force a party who fails to designate a witness in

response to a Rule 30(b)(6) notice to adhere to its discovery obligations and designate an individual (or individuals) as may be appropriate. *Id.*

Here, Southern Union simply refused to comply with a properly served Rule 30(b)(6) notice and has failed to designate any witnesses to testify on its behalf. Instead, Southern Union has interposed nothing more than a litany of inappropriate, contrived form objections.

Rule 30(b)(6) provides that when served with a notice under the rule, a corporate party "*must serve and file*, prior to the deposition, *a written designation which identifies one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf.*" (Emphasis added). Southern Union did not identify a single individual in response to either RIDEM's 30(b)(6) notice. This willful failure and refusal to comply with the Rules should not be condoned by the hearing officer. Rather than comply with the rules of discovery, Southern Union interposes improper objections — in form and substance — that do not excuse its failure to designate witnesses in response to RIDEM's notice. As set forth in greater detail below, because of Southern Union's failure to designate witnesses in response to RIDEM's 30(b)(6) notice, this tribunal must compel Southern Union to provide those designations.[2]

---

[2] Rule 37(a) provides in pertinent part that:

> If the motion is granted or if requested discovery is provided after the motion was filed, the court may, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees.

*Id.*

**A. The Form of Southern Union's Objections to RIDEM's 30(b)(6) Notice is Improper Because the Objections are Form Objections and are based on Inappropriate Assertion of Privilege.**

Southern Union's non-designations in response to RIDEM's original notice rests on blanket form objections and undefined assertions of privileges. This approach is improper for reasons set forth below.

**1. Southern Union's Response to Topics 1-7, 9-11, 14, 15, 20, 21, 26 and 27 in RIDEM's Notice are nothing more than Improper, Form Objections.**

With the exception of Topics 8, 24, and 28, all of Southern Union's responses to RIDEM's 30(b)(6) Topics include an objection based on relevancy, ambiguity and/or burden. In asserting these objections, Southern Union does not provide any indication what part of the topic it alleges is objectionable. Southern Union instead makes a general blanket statement that the topics are objectionable. As a result, RIDEM has no idea or understanding how it can cure any alleged deficiencies or misunderstanding that Southern Union may have with the Topics identified in the Notice.

Moreover, Southern Union's challenge to the extent of the discovery that RIDEM seeks by 30(b)(6) notice can be limited only if Southern Union establishes that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the discovery is unduly burdensome or expensive, taking into account the needs of the case, the amount in controversy, the parties' resources, and the importance of the issues at stake in the litigation.

R.I. Super. Ct. R. Civ. P. 26(b)(1). Southern Union has failed to move for a protective order and can not meet the threshold for obtaining one. Rather, Southern Union simply refused to respond. Southern Union's form objections, thus, are impermissible and should be struck.

In reality, Southern Union did not provide specificity regarding its objections because it can not. RIDEM specifically tailored its Topics to request information that is both relevant and likely to lead to the admissible evidence. RIDEM even provided specific definitions so the matters about which it requested Southern Union to designate a witness to testify were described with reasonable particularly consistent with the requirements of Rule 30(b)(6). Southern Union's form objections, therefore, are misguided and contrived. Its misguidance is particularly true with respect to its form objection based on relevancy. As Southern Union itself repeatedly concluded in its February 14, 2007 motion to compel (devoting eight pages to the subject), relevancy is not the sole determinate for whether information is discoverable and, thus, it is not a ground for objecting to discovery. February 14th Motion at 8-16 (stating that parties may obtain discovery regarding any matter, not privileged, which appears reasonably calculated to lead to the discovery of admissible evidence (quoting R.I. Super. Ct. R. Civ. P. 26(b)(1)).

**2. Southern Union's Responds to Topics in RIDEM's Notice with Inappropriate Privilege Assertions.**

Rather than designate a witness to testify in response to Topics 12, 13, 16, 17, 18, 19, 20, 22, 23, 24, 25, 26 and 28, Southern Union objected "to the extent [the Topic] seeks information protected by the attorney-client and/or work product privileges." Privilege assertions are inappropriate responses under Rule 30(b)(6) notice. Privilege responses should be asserted at the deposition itself rather than in response to the notice of deposition so the party taking discovery has the opportunity to explore the basis of the privilege. *See e.g., State ex rel. Lynch v. Lead Industries Ass'n, Inc,* 2004 WL 2813750, R.I.Super., (November 09, 2004) (holding that privilege claims are not proper when responding to a Rule 30(b)(6) notice, but should be raised "to the extent that proper claims of privilege, work product, or constitutional protection may be asserted during a deposition to specific questions or to the production of particular documents,

the Rhode Island Superior Court Rules of Civil Procedure and the decisional law of this jurisdiction, control and provide a method for testing any such assertions"); *Kelvey v. Coughlin*, 625 A.2d 775 (R.I. 1993). Southern Union's responses asserting privilege should be struck and it should be compelled to designate a witness or witnesses pursuant to the rules.

**B. The Substance of Southern Union's Form Objections Do Not Apply to the Topics to which they are Asserted.**

Southern Union objects to Topics 1-7 and 9-11, 14, 15, 20, 21, 26 and 27 asserting the same improper, boilerplate form objection. These responses state that:

> Southern Union objects to this Topic because it is overbroad, unduly burdensome, includes information that is neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence, and is vague and ambiguous. Southern Union also objects because the Topic is not limited to a relevant time period, not limited to the Charles Street plant, and is not limited to products or processes that relate to any allegation in the Amended NOV.

These boilerplate objection makes no sense substantively when examining it against the language of the topics for which the boilerplate objection was asserted.

For example, in Topic 1, RIDEM seeks the designation of the person who can testify about "the operation of, production from, maintenance and waste disposal practice of, including without limitation the identification of any and all waste disposal sites used by, the Fall River Gas Facility ("Facility") from its inception to the present." The boilerplate objection includes a relevancy object, but what could be more relevant than Topic 1 seeking information relating to Southern Union's waste disposal in an action in which Southern Union allegedly disposed of waste illegally? As equally perplexing, the boilerplate objection includes an objection based on the lack of time limitation but Topic 1's temporal limitation is clear: "from the time of the Company's inception to the present." Similarly, the boilerplate objection is based on the topic seeking information beyond the Charles Street plant, while Topic 1 references the Fall River Gas

Facility on Charles Street. In fact the definition of the facility (to which Southern Union also objected) specifically notes that it refers to the facility on Charles Street in Falls River, Massachusetts. These same contradictions — between Southern Union's boilerplate objection and the content of the corresponding topic for which the objection was asserted — appear throughout Southern Union's responses to the topics in the 30(b)(6) notice. Southern Union's objections, therefore, must be struck and it must be ordered to designate witnesses in response to RIDEM's 30(b)(6) notice.[3]

## IV. CONCLUSION

Southern Union has failed to designate any witnesses to testify on its behalf in response to any of the 28 Topics identified in RIDEM's 30(b)(6) notice of deposition. Unquestionably, its response to RIDEM's Notice is evasive and incomplete. Evasive or incomplete responses constitute a failure to respond under the Rhode Island Superior Court Rule of Civil Procedure

---

[3] Southern Union also objects to Topic 9 by simply referring to its objection to the definition of the term "facility" provided in the notice to assist Southern Union understand the scope of what was being sought. As RIDEM previously briefed in its motion to compel Southern Union to answer its interrogatories, also filed on May 25, 2007, Southern union's general form objections to definitions are improper. Thus, Southern Union's response to Topic 9 should also be struck and it should be ordered to designate a witness.

37(a) and are sanctionable. For these reasons, as more fully set forth above, RIDEM's Motion to Compel should be granted.

Dated: May 25, 2007

Respectfully submitted,

RHODE ISLAND DEPARTMENT OF
ENVIRONMENTAL MANAGEMENT
Office of Compliance & Inspection
By its attorneys,

Patty Allison Fairweather (R.I. Bar No. 6619)
Gregory S. Schultz, Esq. (RI Bar No. 5570)
Susan B. Wilson (R.I. Bar No. 7278)
RIDEM Office of Legal Services
235 Promenade Street, Fourth Floor
Providence, RI 02908
Telephone (401) 222-6607
Facsimile (401) 222-3378

Lewis S. Wiener (admitted pro hac vice)
Gerald J. Pels (admitted pro hac vice)
Sutherland Asbill & Brennan, LLP
1275 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone (202) 383-0100
Facsimile (202) 637-3593

# Exhibit 1

4130

**STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS**
**DEPARTMENT OF ENVIRONMENTAL MANAGEMENT**
**ADMINISTRATIVE ADJUDICATION DIVISION**

IN RE: SOUTHERN UNION COMPANY
d/b/a New England Gas Company
Notice of Violation OC&I/SR 06-01

AAD No. 06-001/SRE

APR 30 2007

**RESPONDENT SOUTHERN UNION COMPANY'S OBJECTIONS TO RHODE ISLAND DEPARTMENT OF ENVIRONMENTAL MANAGEMENT'S RULE 30(b)(6) DEPOSITION NOTICE**

Pursuant to Rule 26(c) of the Rhode Island Superior Court Rules of Civil Procedure, Respondent Southern Union Company ("Southern Union") objects to RIDEM's "Notice of Rule 30(b)(6) Videotape Deposition of Southern Union," as follows:

**GENERAL OBJECTION**

Southern Union objects to the Notice in its entirety as it is improper in this matter

**OBJECTIONS TO DEFINITIONS:**

**Definition #7: "Lot" means each separate parcel of land recorded in the Tiverton records of land evidence or any other municipal registry of deeds, including, but not limited to, individual parcels of residential, commercial and public property.**

Objection to Definition #7: Southern Union objects to this definition because it is overly broad, unduly burdensome, and includes information that is neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence, and is also vague and ambiguous. Southern Union does not object to the definition of this term as used in its First Set of Interrogatories to RIDEM.

**Definition #8. "Contamination" or "Contaminant" includes any hazardous substances, hazardous materials, hazardous wastes, petroleum products or solid waste.**

Objection to Definition #8: Southern Union objects to this definition because it is overly broad and unduly burdensome, and is vague and ambiguous. Southern Union does not object to the definition of this term as used in its First Set of Interrogatories to RIDEM.

**Definition #9: "Fall River Gas Facility" or "Facility" means any and all land, structures and equipment and any and all related operations conducted by the Fall River Gas**

**Company, including any of its affiliates, subsidiaries, predecessors or successors in interest, on Charles Street in Fall River, MA.**

Objection to Definition #9: Southern Union objects to this definition, because it is overly broad, unduly burdensome, is unbounded in time, and includes information that is neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence.

**Definition #10. "Waste" means "solid waste" as that term is defined in the Resource Conservation and Recovery Act, 42 U.S.C. 6901, *et seq.***

Objection to Definition #10. Southern Union objects to this definition because it is overly broad, vague and ambiguous, and calls for legal conclusions.

**Definition #11: "Industrial Plant" means any business, property, facility, or location of any kind or character where Southern Union conducted manufactured gas processing, or any other operation within a 25 mile radius of the Bay Street Area.**

Objection to Definition #11: Southern Union objects to this definition because it is overly broad, unduly burdensome, includes information that is neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence, and is also vague and ambiguous. For example, the definition includes facilities or plants beyond the Charles Street Plant, is completely unbounded in time, would include operations going back to the 1800's and coming forward in time after the Charles Street Plant ceased operations as a manufactured gas plant, is not limited to manufactured gas plant operations, and has a territorial scope of nearly 2,000 square miles .

## OBJECTIONS TO TOPICS

Subject to and without waiving the General Objection, Southern Union objects as follows to the Topics set forth on Schedule A to the Notice. The objections to the definitions cited above are incorporated into each of the objections below.

**#1. The operation of, production from, maintenance and waste disposal practices of, including without limitation the identification of any and all waste disposal sites used by, the Fall River Gas Facility ("Facility") from its inception to the present.**

Objection to Topic #1: Southern Union objects to this Topic because it is overbroad, unduly burdensome, includes information that is neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence, and is also vague and ambiguous. Southern Union also objects because the topic is neither limited to any particular time period nor is it limited to products or processes that relate to any allegation in the Amended NOV. Additionally, the Topic improperly seeks information unrelated to the Charles Street plant, and seeks information pertaining to wastes disposed of at locations other than the Bay Street Area, which is neither relevant to this action, nor reasonably calculated to lead to the discovery of admissible evidence.

**#2. The operation of, production from, maintenance and waste disposal practices of, including without limitation, the identification of any and all waste disposal sites used by Industrial Plants within a 25 mile radius of the Bay Street Area from 1900 to the present.**

Objection to Topic #2: Southern Union objects to this Topic because it is overbroad, unduly burdensome, includes information that is neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence, and is also vague and ambiguous. Southern Union also objects because the Topic is not limited to a relevant time period, not limited to the Charles Street plant, and is not limited to products or processes that relate to any allegation in the Amended NOV.

**#3. The identification of waste and/or by-products, including without limitation tars, oils, cinders, coke, and ash, generated by the Facility from its inception to the present and all records, and reports relating thereto.**

Objection to Topic #3: Southern Union objects to this Topic because it is overbroad, unduly burdensome and includes information that is neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Southern Union also objects because the Topic is not limited to a relevant time period, not limited to the Charles Street plant, and is not limited to products or processes that relate to any allegation in the Amended NOV.

**#4. The identification of waste and/or by-products, including without limitation tars, oils, cinders, coke, and ash, generated by Industrial Plants within a 25 mile radius of the Bay Street Area from the earlier of 1900 or each Industrial Plant's inception to the present and all records, and reports relating thereto.**

Objection to Topic #4: Southern Union objects to this Topic because it is overbroad, unduly burdensome, includes information that is neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence, and is also vague and ambiguous. Southern Union also objects because the Topic is not limited to a relevant time period, not limited to the Charles Street plant, and is not limited to products or processes that relate to any allegation in the Amended NOV.

**#5. The Facility's disposition of waste and/or by-products, including without limitation tars, oils, cinders, coke, and ash, generated by the Facility from its inception to the present and all records and reports relating thereto.**

Objection to Topic #5: Southern Union objects to this Topic because it is overbroad, unduly burdensome and seeks information that is neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Southern Union also objects because the Topic is not limited to a relevant time period, not limited to the Charles Street plant, and is not limited to products or processes that relate to any allegation in the Amended NOV.

**#6. Each Industrial Plant's disposition of waste and/or by-products, including without limitation tars, oils, cinders, coke, and ash, generated by each Industrial Plant from the**

**earlier of 1900 or each industrial Facility's inception to the present and all records and reports relating thereto.**

Objection to #6: Southern Union objects to this Topic because it is overbroad, unduly burdensome, includes information that is neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence, and is also vague and ambiguous. Southern Union also objects because the Topic is not limited to a relevant time period, not limited to the Charles Street plant, and is not limited to products or processes that relate to any allegation in the Amended NOV.

**#7. All facts, studies, investigations, or expert or consultant reports or opinions that relate to, discuss or evidence spills and releases, environmental management, generation of wastes and by-products, and disposition of wastes and by-products from the Facility from its inception to the present.**

Objection to #7: Southern Union objects to this Topic because it is overbroad, unduly burdensome, includes information that is neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence, and is also vague and ambiguous. Southern Union also objects because the Topic is not limited to a relevant time period, not limited to the Charles Street plant, and is not limited to products or processes that relate to any allegation in the Amended NOV. Southern Union also objects to the extent that this Topic includes information about expert reports or opinions, because the Case Management Schedule specifically addresses and governs the timing of expert disclosure in this case.

**#8. The identification of persons or entities owning or operating the Facility from its inception to the present.**

Objection to #8: See Objection to Definition #9, "Facility."

**#9. The commercial and industrial processes used at the Facility from its inception to the present and all records and reports relating thereto.**

Objection to #9: Southern Union objects to this Topic because it is overbroad, unduly burdensome, includes information that is neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence, and is also vague and ambiguous. Southern Union also objects because the Topic is not limited to a relevant time period, not limited to the Charles Street plant, and is not limited to products or processes that relate to any allegation in the Amended NOV.

**#10. The commercial and industrial processes used at each Industrial Plant from the earlier of 1900 or each Industrial Plant's inception to the present and all records and reports relating thereto.**

Objection to #10: Southern Union objects to this Topic because it is overbroad, unduly burdensome, includes information that is neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence, and is also vague and ambiguous. Southern

Union also objects because the Topic is not limited to a relevant time period, not limited to the Charles Street plant, and is not limited to products or processes that relate to any allegation in the Amended NOV.

**#11. All feedstocks, products, wastes as well as catalysts and materials used in the commercial and industrial processes used at the Facility from its inception to the present.**

Objection to #11: Southern Union objects to this Topic because it is overbroad, unduly burdensome, includes information that is neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence, and is also vague and ambiguous. Southern Union also objects because the Topic is not limited to a relevant time period, not limited to the Charles Street plant, and is not limited to products or processes that relate to any allegation in the Amended NOV.

**#12. The identification of all persons and/or entities Southern Union contends are the source(s) or potential source(s) of contamination and waste, including without limitation to tars, oils, cinders, coke, and ash, in the Bay Street Area generally and on a lot-by-lot and roadway-by-roadway basis.**

Objection to #12: Southern Union objects to this Topic because it is vague and ambiguous. Southern Union also objects to this Topic to the extent it seeks information protected by the attorney-client and/or work product privileges.

**#13. All investigations, studies or analyses that relate to the sources or potential sources of contamination in the Bay Street Area.**

Objection to #13: Southern Union objects to this Topic because it is vague and ambiguous, and unduly burdensome. Southern Union also objects to this Topic to the extent it seeks information protected by the attorney-client and/or work product privileges.

**#14. All claims, demands, suits, notices of responsibility or potentially responsible party status (and related facts) with respect to waste, including without limitation tars, oils, cinders, coke, and ash or substances originating from the Facility.**

Objection to #14: Southern Union objects to this Topic because it is overbroad, unduly burdensome, includes information that is neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence, and is also vague and ambiguous. Southern Union also objects because the Topic is not limited to a relevant time period, not limited to the Charles Street plant, and is not limited to products or processes that relate to any allegation in the Amended NOV.

**#15. All claims, demands, suits, notices of responsibility or potentially responsible party status (and related facts) with respect to waste and/or by-products, including without limitation tars, oils, cinders, coke, and ash, or substances originating from other manufactured gas Facilities owned or operated by Southern Union or its predecessors or their respective affiliates in Rhode Island within a 25 mile radius of the Bay Street Area.**

Objection to #15: Southern Union objects to this Topic because it is overbroad, unduly burdensome, includes information that is neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence, and is also vague and ambiguous. Southern Union also objects because the Topic is not limited to a relevant time period, not limited to the Charles Street plant, and is not limited to products or processes that relate to any allegation in the Amended NOV.

**#16. All facts supporting Southern Union's contention that it is not responsible for contamination in the Bay Street Area.**

Objection to #16: Southern Union objects to this Topic because it is overbroad, improper, vague and ambiguous. Southern Union further objects to this Topic to the extent it seeks information protected by the attorney-client and/or work product privileges.

**#17. The identification of all experts or consultants hired, retained, or consulted by Southern Union prior to the initiation of this Matter, with respect to the Bay Street Area.**

Objection to #17: Southern Union objects to this Topic because it includes information that is neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence, and information protected by the work product doctrine. Southern Union also objects to the extent that this Topic includes information about expert reports or opinions, because the Case Management Schedule specifically addresses and governs the timing and content of expert disclosure in this case. Southern Union further objects to this Topic to the extent it seeks information protected by the attorney-client and/or work product privileges.

**#18. All test results, reports, studies, environmental assessments, economic, financial and liability analyses, and laboratory analyses prepared by or on behalf of Southern Union with respect or that relate to the Bay Street Area and/or the Facility.**

Objection to #18: Southern Union objects to this Topic because it is overbroad, unduly burdensome, includes information that is neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence, and is also vague and ambiguous. Southern Union objects to this Topic because it includes information protected by the work product doctrine. Southern Union also objects to the extent that this Topic includes information about expert reports or opinions, because the Case Management Schedule specifically addresses and governs the timing and content of expert disclosure in this case. Southern Union further objects to this Topic to the extent it seeks information protected by the attorney-client and/or work product privileges.

**#19. All communications with, interviews of, and documents, reports, or other information received from, or communicated or provided to, Joe (Jose) Souza, Sr., Joe Souza, Jr., any current or former resident or owner of a property interest in any part of the Bay Street Area, including without limitation any attorney, expert, or consultant of such persons.**

Objection to #19: Southern Union objects to this Topic because it is overbroad, unduly burdensome, and includes information that is neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Southern Union objects to this Topic because it includes information protected by the attorney-client and/or work product privileges. Southern Union also objects to the extent that this Topic includes information about expert reports or opinions, because the Case Management Schedule specifically addresses and governs the timing of expert disclosure in this case.

**#20. The identification of all current and former employees of Southern Union or any affiliate of Southern Union or any predecessor of any of them who has knowledge of Facility maintenance, facility cleanup, yard cleanup, waste removal, Facility management, accounting, bookkeeping, or operations management in connection with the Facility, and their knowledge and particular responsibilities in connection with such matters.**

Objection to #20: Southern Union objects to this Topic because it is overbroad, unduly burdensome, includes information that is neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence, and is vague and ambiguous. Southern Union also objects because the Topic is not limited to a relevant time period, not limited to the Charles Street plant, and is not limited to products or processes that relate to any allegation in the Amended NOV.

**#21. The identification of all current and former vendors, contractors, transporters, subcontractors and other persons not employed by Southern Union with knowledge of Facility maintenance, facility cleanup, yard cleanup, and waste or by-product removal or disposition in connection with the Facility, and their knowledge and particular responsibilities in connection with such matters.**

Objection to #21: Southern Union objects to this Topic because it is overbroad, unduly burdensome, includes information that is neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence, and is vague and ambiguous. Southern Union also objects because the Topic is not limited to a relevant time period, not limited to the Charles Street plant, and is not limited to products or processes that relate to any allegation in the Amended NOV.

**#22. The historical acquisition or divestiture of the Facility and/or the New England Gas Company by Southern Union.**

Objection to #22: Southern Union objects to this Topic because it is overbroad, neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence, and because it is included for purposes of harassment rather than as a valid means of obtaining relevant, discoverable information. Southern Union further objects to this Topic to the extent it seeks information protected by the attorney-client and/or work product privileges.

**#23. The financial accounting for, establishment of reserves, and disclosure of any liability or potential liability in connection with the Bay Street Area by Southern Union or any**

**affiliate of Southern Union, whether to accountants, other private parties or governmental agencies, and identification of individuals with knowledge of the foregoing.**

Objection to #23: Southern Union objects to this Topic because it is improper, neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence, and because it is included for purposes of harassment rather than as a valid means of obtaining relevant, discoverable information. Southern Union further objects to this Topic to the extent it seeks information protected by the attorney-client and/or work product privileges.

**#24. The identification of all individuals with knowledge of Southern Union's or its affiliates' investigation of the Bay Street Area, together with a description of that knowledge.**

Objection to #24: Southern Union objects to this Topic to the extent it seeks information protected by the attorney-client and/or work product privileges.

**#25. All of Southern Union's (or its affiliates') insurance policies, and claims or notices or documents relating thereto associated with potential responsibility for contamination in and around the Bay Street Area.**

Objection to #25: Southern Union objects to this Topic because it is improper and neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Southern Union further objects to this Topic to the extent it seeks information protected by the attorney-client and/or work product privileges.

**#26. Identification of persons with knowledge of pending and resolved claims, demands, and suits brought against Southern Union or its affiliates with respect to manufactured gas processing ("MGP") Waste, or MGP-related Contamination from 1980 to the present.**

Objection to #26: Southern Union objects to this Topic because it is overly broad, unduly burdensome, is neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence, and is vague and ambiguous. Southern Union also objects because the Topic is not limited to a relevant time period, not limited to the Charles Street plant, and is not limited to products or processes that relate to any allegation in the Amended NOV. Southern Union further objects to this Topic to the extent it seeks information protected by the attorney-client and/or work product privileges.

**#27. The procedures, policies, and practices relating to Southern Union's and its predecessor's document retention, storage, and destruction including, but not limited to procedures, policies and practices at the Facility from its inception to the present.**

Objection to #27: Southern Union objects to this Topic because it is overly broad and unduly burdensome, and is not limited to a relevant time period, nor to procedures and policies relevant to the allegations in the Amended NOV.

**#28. All facts relating to Southern Union's identification and production of documents responsive to RIDEM's discovery requests, including the location(s) of such documents and indices or summaries of any such documents.**

Objection to #28: Southern Union objects to this Topic to the extent it seeks information protected by the attorney-client and/or work product privileges.

SOUTHERN UNION COMPANY

By its attorneys,

Dated: April 30, 2007

Gerald J. Petros (#2931)
Robin L. Main (#4222)
Alexandra K. Callam (#5358)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
(401) 274-2000
(401) 277-9600 (fax)

798093

**CERTIFICATION**

I hereby certify that on April 30, 2007, a copy of the within Responses was hand-delivered to the individuals listed below:

Gregory S. Shultz, Esq.
Susan B. Wilson, Esq.
Office of Legal Services
RI Department of Environmental Management
235 Promenade Street - Room 425
Providence, Rhode Island 02908

Kathleen M. Lanphear
Chief Hearing Officer
Administrative Adjudication Division
RI Department of Environmental Management
235 Promenade Street, Third Floor
Providence, Rhode Island 02908

Patty Allison Fairweather
Executive Counsel
Office of Legal Services
RI Department of Environmental Management
235 Promenade Street - Room 425
Providence, Rhode Island 02908

and mailed to the following individuals:

Lewis S. Wiener, Esq.
Gerald J. Pels, Esq.
Sutherland Asbill & Brennan LLP
1275 Pennsylvania Avenue, N.W.
Washington, D.C. 20004