# Exhibit 2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| GAIL, JOHN D., and JOHN F. CORVELLO, et al., Plaintiffs, | : | |
| v. | : | CA 05-221 T |
| NEW ENGLAND GAS COMPANY, INC., Defendant. | : | |

**ORDER**
**GRANTING EMERGENCY**
**MOTION TO TAKE DEPOSITION**

Before the Court is Plaintiffs' Second Emergency Motion for Leave of the Court to Take the Videotaped Deposition of Jose Souza (Document ("Doc.") #48) (the "Motion"). The Court conducted a hearing on September 21, 2006.

The Court finds that Plaintiffs have demonstrated good cause to take the videotaped deposition of Jose Souza. Mr. Souza is 86 years of age and has thus exceeded the life expectancy for most males. In addition, within the last few days he has been hospitalized due to illness, and he is undergoing tests for potential gastrointestinal problems. See Plaintiffs' Reply to Defendant New England Gas Company's Objection to Plaintiffs' Second Emergency Motion for Leave to Take the Deposition of Jose Souza (Doc. #51) ("Reply Mem.") at 1. Plaintiffs have also satisfied the condition which the Court set when it denied without prejudice Plaintiffs' previous motion for leave to take Mr. Souza's deposition. See Order Denying without Prejudice Motion to Take Deposition (Doc. #47) ("Order of 8/31/06"). They have provided Defendant with a proffer of his expected testimony. See Memorandum of Law in Support of the Plaintiffs' Emergency Motion for Leave of the Court to Take the Videotaped Deposition of Jose Souza ("Plaintiffs' Mem."), Exhibit A (Disclosure of Expected Testimony of Joseph "Jose" Souza).

Defendant has objected to the Motion. See Defendant New

England Gas Company's Objection to Plaintiffs' Second Emergency Motion for Leave to Take the Deposition of Jose Souza (Doc. #50) ("Objection"). Although in the memorandum accompanying the Objection Defendant argued that Plaintiffs have failed to establish any urgency or good cause to accelerate the deposition of Mr. Souza, see Defendant New England Gas Company's Memorandum of Law in Opposition to Plaintiffs' Second Emergency Motion for Leave to Take the Deposition of Jose Souza ("Defendant's Mem.") at 3, at the hearing on September 21, 2006, Defendant appeared to abandon this ground, having learned of Mr. Sousa's hospitalization. Defendant, however, continued to object on the ground that it needs to conduct discovery prior to the discovery deposition which the Court had indicated in the Order of 8/31/06 would be a condition of granting Plaintiffs' Motion. At the hearing, Defendant argued that Plaintiffs should be required to make the initial disclosures required by Fed. R. Civ. P. 26(a)(1)(A) and (B) and also required to answer interrogatories and requests for production (to be propounded by Defendant) relative to issues raised by Plaintiffs' proffer of Mr. Souza's expected testimony. Counsel for Defendant indicated that number of interrogatories and requests for production would be limited in number and in scope. Defendant's counsel also expressed a desire to issue subpoenas to third parties for the production of documents.

The Court is required to balance competing interests here. Plaintiffs are understandably concerned that Mr. Souza may not be available to testify at trial, and they have an interest in preserving as soon as possible his testimony by means of a videotaped deposition. Equally understandable, Defendant is concerned that it may not all have all of the information it needs to cross-examine Mr. Sousa, and it has an interest in not having the deposition take place until it has received such

discovery. After balancing these considerations, the Court rules as follows:

1. The Motion is GRANTED. The discovery deposition of Mr. Souza shall be conducted on October 16, 2006, and the testimonial deposition shall be conducted thirty days thereafter. If Mr. Sousa is not available on October 16, the discovery deposition shall be conducted as soon after that date as is convenient for Mr. Souza and Plaintiffs' counsel. Defendant should accommodate Mr. Souza and Plaintiffs' counsel as to the date, time, and location of the depositions.

2. Defendant shall propound to Plaintiffs by September 25, 2006, the interrogatories and requests for production relevant to Mr. Souza's testimony which they wish Plaintiffs to answer. Defendant shall send a copy of said interrogatories and requests for production directly to the Court. After reviewing said interrogatories and requests for production, the Court will issue a supplemental order, addressing whether Plaintiffs shall be required to answer all, some, or none of the interrogatories and requests for production prior to the discovery deposition.[1]

3. Defendant may issue subpoenas to third parties for the production of documents relevant to Mr. Souza's testimony. However, the discovery and testimonial depositions shall not be delayed because such subpoenas may not have been complied with by the dates of those depositions.

---

[1] Although the Court declines at this point to require that Plaintiffs answer such interrogatories and requests for production prior to the discovery deposition, Plaintiffs are advised that they should begin the process of preparing to respond to them immediately upon receipt of same.

Defendants are advised that the narrower the scope and the fewer the number of interrogatories and requests for production, the more likely the Court is to require that they be answered before the discovery deposition. Conversely, the broader the scope and the greater the number of interrogatories and requests for production, the less likely the Court is to require that Plaintiffs answer them prior to the discovery deposition.

4. Plaintiffs shall make the disclosures required by Fed. R. Civ. P. 26(a)(1)(A) and (B) by October 2, 2006.[2]

5. Plaintiffs' request that Defendant make the disclosures required by Fed. R. Civ. P. 26(a)(1)(A) and (B) is denied at this time.

ENTER:

David L. Martin

DAVID L. MARTIN
United States Magistrate Judge
September 22, 2006

BY ORDER:

Martha Saucier

Deputy Clerk

---

[2] To the extent that Defendant seeks that the Court require Plaintiff to make disclosures beyond those required by Fed. R. Civ. 26(a)(1)(A) and (B), Defendant's request is denied.