# Exhibit 3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| GAIL, JOHN AND JOHN F. CORVELLO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>NEW ENGLAND GAS COMPANY, INC.,<br><br>Defendant. | C.A. No. 05-0221T<br>(Related Cases: 05-274T; 05370T; 05-222T) |

**PLAINTIFFS' FOURTH SUPPLEMENTAL RESPONSES TO DEFENDANT NEW ENGLAND GAS COMPANY'S INTERROGATORIES RELATED TO THE DEPOSITION OF JOSEPH "JOSE" SOUZA**

Pursuant to the Court's, Martin J., Order dated September 22, 2006, the Plaintiffs hereby supplement responses to New England Gas Company, Inc.'s (the Defendant) Interrogatories dated September 25, 2006 as follows:

**PRELIMINARY STATEMENT**

1. In responding to the Defendant's Interrogatories, either by written response or by the production of documents, the Plaintiffs do not waive their rights to challenge the relevance, materiality, and admissibility of the information or documents provided or to object to the use of such documents in any subsequent proceeding or trial in this action or any other action on any grounds that may be applicable.

2. As discovery has not yet commenced in full, the Plaintiffs' answers to these Interrogatories are based upon the information presently available to them. The Plaintiffs fully reserve their right to supplement or amend their answers prior to the deposition and/or trial as provided for by applicable law, rules and orders of the Court. The Plaintiffs limit their obligation

to supplement these answers to those imposed by the Federal Rules of Civil Procedure and any orders of the Court.

3. The Plaintiffs' General Objections to the Defendant's Interrogatories are set forth below. To avoid the necessity of restating in full each General Objection throughout the responses that follow, individual General Objections are incorporated within each response to which they are particularly applicable. The Plaintiffs' failure to cite to a particular General Objection in response to a specific Interrogatory shall not constitute a waiver of any such objection that may be applicable. Further, the Plaintiffs' assertion of additional specific objections to certain Interrogatories shall not constitute a waiver of any otherwise applicable General Objection.

## GENERAL OBJECTIONS

1. The Plaintiffs object to the Defendant's Interrogatories to the extent that they seek information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or discovery immunity.

2. The Plaintiffs object to the Defendant's Interrogatories to the extent that they seek information that is neither relevant, in that there is no logical nexus between the requested information and the facts that are in controversy between the Plaintiff and Defendant, nor reasonably calculated to lead to the discovery of admissible evidence.

3. The Plaintiffs object to the Defendant's Interrogatories to the extent that they are unduly burdensome and oppressive in that the value of the requested information would be far outweighed by the burden of providing such information.

4. The Plaintiffs objects to the Defendant's Interrogatories to the extent that they are overbroad and seek documents without proper limitation as to subject matter or purport to

impose upon the Plaintiffs any obligations which are greater than those provided for by the applicable law and rules governing the proper scope and extent of discovery and/or by any orders entered by this Court in this action.

Without waiving the foregoing objections, the Plaintiffs respond as follows:

Interrogatory No. 1:

Identify all witnesses with knowledge of the subject matters identified in Plaintiffs' Disclosure of Expected Testimony of Joseph "Jose" Souza".

Response to Interrogatory No. 1

**The Plaintiffs object to Interrogatory 1 as overly broad. Without waiving that objection the Plaintiffs identify:**

**Jose Souza**
**4 Church Street**
**Tiverton, Rhode Island**
**(401) 624-9724**

**Serafin "Pete" DeSoto**
**90 Worcester Road**
**Washington Depot, Connecticut**
**(860) 868-2677**

Supplemental Response to Interrogatory No. 1

**Subject to and without waiving previous objection, the Plaintiffs have no additional witnesses responsive to this interrogatory.**

Second Supplemental Response to Interrogatory No. 1

**Subject to and without waiving previous objection, the Plaintiffs have no additional witnesses responsive to this interrogatory.**

Third Supplemental Response to Interrogatory No. 1

**Subject to and without waiving previous objection, the Plaintiffs have no additional witnesses responsive to this interrogatory.**

Fourth Supplemental Response to Interrogatory No. 1

**Subject to and without waiving previous objection, the Plaintiffs have no additional witnesses responsive to this interrogatory.**

Interrogatory No. 2:

Identify all witnesses with knowledge of the subject matters in each of Requests 3 through 9 of NEGC's accompanying document requests related to the deposition of Joseph "Jose" Souza.

Response to Interrogatory No. 2

**The Plaintiffs object to Interrogatory 2 as overly broad in that it requires the Plaintiffs to specifically identify each and every individual who created and/or has knowledge of the thousands of pages of documents produced as part of the Response to the Request for Production. Without waiving their objections, the Plaintiffs refer the Defendant to the documents produced and note that relevant witnesses may include, but are not limited to, the individuals/entities that produced said documents and/or their authorized representatives.**

Supplemental Response to Interrogatory No. 2

**Subject to and without waiving previous objections, the Plaintiffs' respond as follows:**

**As to Requests for Production Nos. 3, 4, 5, 7, and 8:**

**Frank Aguiar, 62 Canonicus Street, Tiverton, RI, (401) 624-9476**
**Joseph Araujo, 295 Lepes Road, Tiverton, RI (401) 625-5930**
**John Arruda, 976 Walnut Street, Fall River, MA, (508) 676-3182**
**Irene Bousquet, 50 Line Street, Glastonbury, CT (860) 643-4956**
**Sarah Cabral, 58 Canonicus, Tiverton, RI, (401) 624-6753**
**Eugene Camara, Dimian Street, Fall River, MA, (508) 678-3139**
**Eddy Carreiro, 176 Judson Street, Tiverton, RI, (401) 624-8755**
**Tommy Cordeiro, 6 Martin Drive, Assonet, MA (508) 644-8011**
**John DeSoto, 177 Irving Avenue, Somerset, MA, (508) 678-9567**
**Joseph Farias, 911 Bulgarmarsh, Tiverton, RI, (401) 625-5394**
**William Grota, 10250 Alder Drive, Dunnellon, FL (352) 489-6761**
**Adam Imbriglio, 28 Terrace Avenue, Tiverton, RI (401) 624-6398**
**Charlie Perry, 345 Hancock Street, Tiverton, RI (401) 624-9790**
**John Silvia, Sr., 96 Bay Street, Tiverton, RI, (401) 624-3032**

**As to Request for Production No. 6:**

**The Plaintiffs are unable to identify witnesses responsive to this request for production.**

**As to Request for Production No. 9:**

**Plaintiffs incorporate by reference any previous response to this request for production. Plaintiffs further object to this request for production to the extent that it calls for any document or information which is privileged, which was prepared in anticipation of litigation or for trial, which otherwise constitutes work product, or is otherwise immune from discovery.**

**Second Supplemental Response to Interrogatory No. 2**

**Subject to and without waiving previous objection, the Plaintiffs have no additional witnesses responsive to this interrogatory.**

**Third Supplemental Response to Interrogatory No. 2**

**Subject to and without waiving previous objection, the Plaintiffs have no additional witnesses responsive to this interrogatory.**

**Fourth Supplemental Response to Interrogatory No. 2**

**Subject to and without waiving previous objection, the Plaintiffs have no additional witnesses responsive to this interrogatory.**

Interrogatory No. 3

Identify all Plaintiffs related in any way to Jose Souza or to any relative of Jose Souza, and describe the nature of such relationship.

**Response to Interrogatory No. 3**

**Jane Borges, 60 Chace Avenue, Tiverton, Rhode Island, (401) 624-3201 is the niece of Mr. Souza.**

**Supplemental Response to Interrogatory No. 3**

**The Plaintiffs are unable to identify additional Plaintiffs responsive to this interrogatory.**

**Second Supplemental Response to Interrogatory No. 3**

**The Plaintiffs are unable to identify additional Plaintiffs responsive to this interrogatory.**

**Third Supplemental Response to Interrogatory No. 3**

**The Plaintiffs are unable to identify additional Plaintiffs responsive to this interrogatory.**

**Fourth Supplemental Response to Interrogatory No. 3**

**The Plaintiffs are unable to identify additional Plaintiffs responsive to this interrogatory.**

Interrogatory No. 4

Identify all Plaintiffs not identified in response to Interrogatory 3 who have any relationship with Jose Souza or his wife Elsie Souza, and describe the nature and duration of such relationship.

**Response to Interrogatory No. 4**

**Plaintiffs object to this question as overbroad and not calculated to lead to discoverable evidence. Without waiving their objections, the Plaintiffs state that all Plaintiffs are neighbors of the Mr. Souza and his wife. These relationships have existed for varying amounts of time.**

**Supplemental Response to Interrogatory No. 4**

**The Plaintiffs have made a good-faith effort and are unable to identify additional Plaintiffs responsive to this interrogatory.**

**Second Supplemental Response to Interrogatory No. 4**

**The Plaintiffs have made a good-faith effort and are unable to identify additional Plaintiffs responsive to this interrogatory.**

**Third Supplemental Response to Interrogatory No. 4**

**The Plaintiffs have made a good-faith effort and are unable to identify additional Plaintiffs responsive to this interrogatory.**

**Fourth Supplemental Response to Interrogatory No. 4**

**The Plaintiffs have made a good-faith effort and are unable to identify additional Plaintiffs responsive to this interrogatory.**

Interrogatory No. 5

Identify every communication with Jose Souza, concerning any of the subject matters identified in Plaintiffs' Disclosure of Expected Testimony of Joseph "Jose" Souza, by or with any Plaintiff or any representative or agent of any Plaintiff including ENACT.

Response to Interrogatory No. 5

**The Plaintiffs object to this request to the extent that it requests information protected by the work-product doctrine. Plaintiffs further object on the grounds that ENACT is not a representative or agent of any Plaintiff.**

**Without waiving their objections, the Plaintiffs state that the following Plaintiffs, in addition to Plaintiffs' counsel, had general conversations with Mr. Souza concerning his recollection of the disposal and filling in the Bay Street area and his knowledge of the origins of the disposed material:**

**Janice Carroll**
**145 Judson Street**
**Tiverton, Rhode Island**

**Robert M. Ferreira**
**37A Connell Street**
**Tiverton, Rhode Island**

**Gail Corvello**
**188-190 Bay Street**
**Tiverton, Rhode Island**

Supplemental Response to Interrogatory No. 5

**Subject to and without waiving previous objections, the Plaintiffs respond as follows:**

**Janice Carroll spoke with Joseph Souza on 08/04/06,**

**Robert M. Ferreira spoke with Joseph Souza on 01/24/06, and**

**Gail Corvello spoke with Joseph Souza during December 2005 and the weekend of 06/24-25/06.**

Second Supplemental Response to Interrogatory No. 5

**Plaintiffs incorporate by reference any previous response to this interrogatory. Plaintiffs further object to this interrogatory to the extent that it calls for any document or information which is privileged, which was prepared in anticipation of litigation or for trial, which otherwise constitutes work product, or is otherwise immune from discovery. Subject to and without waiving previous objections, the Plaintiffs respond as follows:**

Plaintiffs' counsel exchanged communications with Joseph Souza via his son Joe R. Souza on 10/06/06, 10/10/06, 12/08/06, 12/11/06, 12/12/06, 12/15/06, 12/21/06, 12/22/06, 12/27/06, 01/09/07, 01/10/07, 01/11/07, 01/17/07, 01/18/07, 01/22/07, 01/25/07, 01/26/07, 01/29/07, 01/30/07, and 02/05/07.

Documents regarding the above-listed exchange of communications are produced as TIV 9977 – 10005.

Third Supplemental Response to Interrogatory No. 5

Plaintiffs incorporate by reference any previous response to this interrogatory. Plaintiffs further object to this interrogatory to the extent that it calls for any document or information which is privileged, which was prepared in anticipation of litigation or for trial, which otherwise constitutes work product, or is otherwise immune from discovery. Subject to and without waiving previous objections, the Plaintiffs respond as follows:

Plaintiffs' counsel exchanged e-mails communications with Joseph Souza via his son Joe R. Souza on 10/06/06, 10/10/06, 12/08/06, 12/11/06, 12/12/06, 12/15/06, 12/21/06, 12/22/06, 12/27/06, 01/09/07, 01/10/07, 01/11/07, 01/17/07, 01/18/07, 01/25/07, 01/26/07, 01/30/07, and 02/05/07.

On 01/29/07, Plaintiffs' counsel Robert McConnell and Mark Roberts met with Joe R. Souza and Joseph "Jose" Souza. On 08/04/06, Plaintiff's counsel Mark Roberts met on 08/04/06 with Joseph "Jose" Souza.

Documents regarding the above-listed exchange of e-mail communications are produced as TIV 9980 – 10005. Documents regarding the in-person meetings are produced as TIV 9978 – 9979 and 5158. Document regarding letter communication is produced as TIV 9977.

Defendant's counsel engaged in contact with Joseph "Jose" Souza via his son Joe R. Souza by phone (based upon e-mail correspondence) on multiple occasions in December, 2006. Documents regarding this communication are produced as TIV 9984, 9988, 9992, 10006 – 10007, and 10010..

Fourth Supplemental Response to Interrogatory No. 5

Plaintiffs incorporate by reference any previous response to this interrogatory. Plaintiffs further object to this interrogatory to the extent that it calls for any document or information which is privileged, which was prepared in anticipation of litigation or for trial, which otherwise constitutes work product, or is otherwise immune from discovery. Subject to and without waiving previous objections, the Plaintiffs respond as follows:

Janice Carroll has had the following communications with Jose Souza:

| | |
|---|---|
| June, 2006 | Telephone conversation with Mr. Souza regarding her concerns about this lawsuit. |
| July, 2006 | Conversation with Mr. Souza at his house requesting that Mr. Souza meet with Attorney Mark Roberts. |
| Aug., 2006 | Conversation with Mr. Souza at his house discussing factual information of Mr. Souza's employment history. Also present were Attorney Mark Roberts and Alvin Simpson. |
| Aug./Sept./Oct., 2006 | Brief conversations with Mr. Souza while walking with her dog or noticing Mr. Souza while diving by his house. Substance of conversations was that legal issues were holding up Mr. Souza's deposition and that the information he will provide was important. |
| Nov., 2006 | Brief visit at Mr. Souza's house expressing good wishes on his return from the hospital. Also present was a grandchild of Mr. Souza's. |
| Nov., 2006 | Social visit bringing a fruit basket to Mr. Souza. Also present at Mr. Souza's home were Mrs. Souza and Janice Carroll's mother. |
| Dec., 2006 | Brief visit at Mr. Souza' house discussing Mr. Souza's improving health. |
| Jan., 2006 | Visit at Mr. Souza's house. Brought holiday cookies. Discussed Mr. Souza's health and his ability to sit for a deposition and that the information he could provide would benefit the plaintiffs. Mr. Souza expressed reluctance about testifying. |
| Feb., 2006 | Occasionally, while walking her dog would see Mr. Souza outside his house or standing on his porch. Would discuss his health and that his factual information would be helpful in this lawsuit. |

**Gail Corvello had the following conversations with Jose Souza:**

| | |
|---|---|
| **June, 2006** | **Met Mr. Souza and his brother Pete at a cookout for the Democratic Town Committee at Country View Estates. We exchanged pleasantries and did not discuss the lawsuit.** |
| **Dec., 2005** | **Spoke to Mr. Souza at his house and asked for his help on testifying in this lawsuit. Also showed Mr. Souza a presentation put together by ENACT concerning the contamination.** |
| **Dec., 2006** | **Brought Mr. Souza cookies and wished him happy holidays.** |

**Robert Ferreira had the following conversations with Jose Souza:**

| | |
|---|---|
| **Jan., 2004** | **Telephone conversation with Mr. Souza discussing his memory of the area near the home he grew up in and his employment with Mr. Simpson where he and his brother worked hauling away wood chips and cinders from Fall River Gas.** |
| **Jan./Feb., 2004** | **Follow-up telephone call with Mr. Souza that was very short, because Mr. Souza said that he was not feeling well. Mr. Souza had a negative attitude toward him. Mr. Souza stated that he did not think that the contamination was making anybody ill and that he was concerned about getting the Simpson family in trouble.** |

PLAINTIFFS RESERVE THE RIGHT TO SUPPLEMENT THEIR RESPONSES TO THESE INTERROGATORIES SHOULD ADDITIONAL RESPONSIVE INFORMATION BECOME AVAILABLE.

Respectfully submitted,

PLAINTIFFS,
By and through their attorneys,

Robert J. McConnell (#3888)
Jonathan D. Orent (#7408)
MOTLEY RICE LLC
321 South Main Street
Providence, RI 02940
(401) 457-7700

David C. Strouss
Neil T. Leifer
Brad J. Mitchell
THORNTON & NAUMES LLP
100 Summer Street, 30th Floor
Boston, MA 02110
(617) 720-1333

Mark W. Roberts
McROBERTS, ROBERTS & RAINER, LLP
53 State Street
Boston, MA 02109
(617) 722-8222

Dated: March 2, 2007