# Exhibit 10

Redacted

-----Original Message-----
**From:** McConnell, Bob [mailto:bmcconnell@motleyrice.com]
**Sent:** Friday, February 23, 2007 2:05 PM
**To:** David Ross
**Subject:** RE: Corvello et al v. NEGC: Resolution of Motions To Be Heard By Judge Martin on Monday 2/26

David: the edit is fine.

---

**From:** David Ross [mailto:DRoss@kasowitz.com]
**Sent:** Friday, February 23, 2007 1:34 PM
**To:** McConnell, Bob
**Cc:** Eric D. Herschmann; Cdodds@bishoplondon.com; Tarantino, John; Wollin, David; Seth Davis
**Subject:** RE: Corvello et al v. NEGC: Resolution of Motions To Be Heard By Judge Martin on Monday 2/26

Bob: We agree that neither party waives any of its rights pursuant to Magistrate Martin's 9/22/06 Order.
As for Point 3, we are amenable to the following edit:
3) The FRCP shall control the duration of defendant's discovery deposition of Mr. Souza, and it shall continue from day to day until completed (subject to reasonable accomodation considering the witness's age and fitness);
Please confirm plaintiffs' acceptance of that edit.
David

-----Original Message-----
**From:** McConnell, Bob [mailto:bmcconnell@motleyrice.com]
**Sent:** Friday, February 23, 2007 12:59 PM
**To:** David Ross
**Subject:** RE: Corvello et al v. NEGC: Resolution of Motions To Be Heard By Judge Martin on Monday 2/26

In reply, I would add the following:

Neither party waives any of its rights pursuant to Magistrate Martin's 9/22/06 Order.

Para. 3: Taking into account Mr. Souza's age and stamina, reasonable accommodations will be made as to the length of time and scheduling of the depositions.

As to the last paragraph of your e-mail, please be advised that Neil Leifer advocated plaintiff's position on what unfortunately became a contentious issue in this case. I trust that going forward that both sides will

act without recalcitrance and in the spirit of cooperation and professionalism.

Bob

---

**From:** David Ross [mailto:DRoss@kasowitz.com]
**Sent:** Friday, February 23, 2007 12:10 PM
**To:** McConnell, Bob
**Cc:** Eric D. Herschmann; Cdodds@bishoplondon.com; Tarantino, John; Wollin, David
**Subject:** Corvello et al v. NEGC: Resolution of Motions To Be Heard By Judge Martin on Monday 2/26

Bob: Consistent with our discussion yesterday, this will confirm the parties' agreement to the following:
1) Defendant shall take its discovery deposition of Jose Souza a reasonable time, not to exceed 21 days (subject to the witness's availability), after completion of Mr. Souza's ongoing deposition in the NOV proceeding (now scheduled to continue on March 8);
2) The discovery and trial depositions of Jose Souza will be held at a law office or other neutral location unaffiliated with the parties or the witness in Tiverton or Fall River; defendant will bear the reasonable rental expense, if any, associated with the use of such neutral location;
3) The FRCP shall control the duration of defendant's discovery deposition of Mr. Souza, and it shall continue from day to day until completed;
4) Mr. Souza's son, Jose Souza, Jr., shall not attend the videotaped nor the trial deposition;
5) Plaintiff will not seek to videotape the defendant's discovery deposition of Jose Souza (the father); and
6) Defendant agrees that plaintiffs' trial deposition of Mr. Souza shall take place no more than 30 days after the completion of defendant's discovery deposition of Mr. Souza (as provided in Magistrate Martin's September 22, 2006 Order).

Assuming you confirm plaintiffs' agreement to the foregoing, we will advise Magistrate Martin that we have resolved the motions without the need for a hearing on Monday. Please let me know by 1PM.

We are disappointed that when we have spoken with Neil Leifer on these matters, he has been recalcitrant, and has refused to reach a reasonable compromise on these matters necessitating defendant's motion. We trust this will not be repeated in the future.

I look forward to hearing from you.
Regards,
David

This e-mail and any files transmitted with it are confidential and may be subject to the attorney-client privilege. Use or disclosure of this e-mail or any such files by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please notify the sender by e-mail and delete this e-mail without making a copy.

Confidential & Privileged

Unless otherwise indicated or obvious from its nature, the information contained in this communication is attorney-client privileged and confidential information/work product. This communication is intended for the use of the individual or entity named above. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies--electronic, paper or otherwise--which you may have of this communication.