AO88 (Rev. 12/06) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

Gail Corvello, et al.

V.

New England Gas Company, Inc.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 05-221T

TO: STONE & WEBSTER MASSACHUSETTS, INC.
CT Corporation System
155 Federal Street, Suite 700
Boston MA 02110

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

✓ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| MOTLEY RICE LLC, 321 South Main Street, Providence, RI 02940 | 10/9/2007 10:00 am |

✓ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Schedule A and B Attached

| PLACE | DATE AND TIME |
|---|---|
| MOTLEY RICE LLC, 321 South Main Street, Providence, RI 02940 | 10/5/2007 12:00 pm |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] | 8-21-2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Mark W. Roberts, Esq.
McRoberts, Roberts & Rainer, LLP, 53 State St., Boston, MA 02109 (617) 722-8222

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

SERVED ON (PRINT NAME) MANNER OF SERVICE

SERVED BY (PRINT NAME) TITLE

DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on

DATE SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(*iii*) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# AFFIDAVIT OF SERVICE

**State of Rhode Island** **County of** **U.S.D. Court**

Case Number: 05 CV 2211

Plaintiff:
**Gail Corvello, et al**

vs.

Defendant:
**New England Gas Company, Inc.**

For:
Guaranteed Subpoena Service, Inc.
2009 Morris Avenue
Union, NJ 01810

Received by Guaranteed Subpoena Service, Inc. on the 23rd day of August, 2007 at 9:26 am to be served on **Stone & Webster Massachusetts, Inc c/o CT Corporation System 155 Federal Street Suite 700 Boston, MA 02110**.

I, Bernardino Lopes, being duly sworn, depose and say that on the **27th day of August, 2007** at **1:25 pm, I:**

Served the within named corporation by delivering a true copy of the **Subpoena in a Civil Case** with the date and hour of service endorsed thereon by me to Althea Santolucito as the clerk on duty authorized to accept service on behalf of within named corporation and compliance with state statutes.

**Description** of Person Served: Age: 50, Sex: F, Race/Skin Color: White, Height: 5'4, Weight: 120, Hair: Blonde, Glasses: Y

Subscribed and Sworn to before me on the 28th day of August, 2007 by the affiant who is personally known to me.

NOTARY PUBLIC

MARIA BARROS
NOTARY PUBLIC
COMMONWEALTH OF MASSACHUSETTS
MY COMMISSION EXPIRES
MAY 21, 2010

**Bernardino Lopes**
Civil Process Division

**Guaranteed Subpoena Service, Inc.**
**2009 Morris Avenue**
**Union, NJ 01810**
**(800) 672-1952**

Our Job Serial Number: 2007002168
Ref: 20070821174142
Service Fee: ________

Copyright © 1992-2001 Database Services, Inc. - Process Server's Toolbox V5.5f

RR

**SCHEDULE A**
**Subject Matter of Rule 30(b)(6) Deposition**

Pursuant to Federal Rules of Civil Procedure Rules 45 and 30(b)(6) Stone & Webster Massachusetts, Inc. shall designate one or more representatives who will appear to testify, on its behalf, on the following topics[1]:

1. Stone & Webster Massachusetts, Inc.'s business operations of the Coal Gasification Facilities.

2. Stone & Webster Massachusetts, Inc.'s employees, agents and/or contractors who were responsible for the storage, removal, transport, disposal and/or handling of any Residuals and/or Waste Materials at each of the Facilities.

3. Stone & Webster Massachusetts, Inc.'s policies and procedures for the storage, removal, transport, disposal and/or handling of any Residuals and/or Waste Materials at each of the Facilities.

4. Stone & Webster Massachusetts, Inc.'s contracts and business documents regarding their operations at either or both of the Facilities.

Stone & Webster Massachusetts, Inc. is further required to produce the documents identified below prior to the deposition of a designated representative(s), at **noon on October 5, 2007**, at the offices of **Motley Rice, LLC, at 321 South Main Street Providence, RI 02940** or such other place as the parties mutually agrees. The deposition of the designated representative(s) is to follow on **October 9, 2007 at 10:00 a.m.**, at the above referenced location.

**GENERAL INSTRUCTIONS**

1. The person(s) designated by Stone & Webster Massachusetts, Inc. to appear to respond to questions regarding the subject matters of this Rule 30(b)(6) deposition shall make reasonable

---

[1] Definitions and General Instructions found below apply to both Schedules A and B.

inquiry to educate himself/herself concerning what is known and/or reasonably available to Stone & Webster Massachusetts, Inc. concerning each matter the person is designated to testify.

2. Pursuant to Rules 45 and 30(b)(6) of the Federal Rules of Civil Procedure, you are required to produce all responsive documents that are subject to your possession, custody or control including, but not limited to, documents in the possession, custody or control of your agents, employees, attorneys or representatives.

3. Respond to each request for production of documents in full without abbreviation, expurgation or redaction. As to any request that cannot be responded to completely after reasonable efforts are made to secure the requested documents, so state, give the reasons why a complete response cannot be made at this time, and provide as many documents responsive to the request as is possible.

4. As used in these Requests, "and" and "or" shall be interpreted to mean "and/or" if to do so would cause more documents to be produced.

5. Your refusal to produce any documents under color of a privilege, or your objection to any particular Request herein, shall in no way excuse you from timely production of all other documents requested herein.

6. If, in answering any of these requests, you wish to assert or rely upon a privilege or any rule protecting against disclosure of a document or communication, you may specify such privilege or other protective order rule in lieu of setting forth the substance thereof. However, in that event, you are hereby required to furnish, with respect to each such document, the following: (i) a statement regarding the basis for any claim of privilege, or other form of non-disclosure; and (ii) a sufficient description of the documents, including (a) the title of the document and the nature and subject matter of its contents; (b) the date the document was prepared or any date

appearing on the document; (c) the number of the document's pages, attachments and appendices; (d) the names of the persons who authored or prepared the document, and an identification by employment and title of each such person; and (e) the names of each person to whom the document, or a copy thereof, was sent, shown, or made accessible, or to whom it was explained, together with an identification of each person.

7. Unless otherwise noted, these Requests cover requests information for the period of time Defendant, as defined herein, was operating in Fall River, Massachusetts to the present. To the extent that any answer varies with respect to any part of that period, a separate answer is requested for each such part, with pertinent dates included.

8. In the event that any document requested herein was formerly in your possession, custody or control and has been lost, destroyed or otherwise disposed of, you are requested to furnish a list identifying each document and stating the following information with respect to each document: (i) the title of the document and the nature and subject matter of its contents; (ii) the identity(ies) of the person(s) to whom the document was sent or was intended to be sent; (iii) the date on which the document was prepared or transmitted; and (iv) the date on which the document was lost, destroyed or otherwise disposed of, the manner and conditions of and reasons for such destruction or other disposition, and the persons(s) requesting and performing the destruction or other disposition.

9. Each and every non-identical duplicate of a document within the scope of any request, whether different from the original because of stamps, indications of recipient, handwritten notes, marks, comments or attachment to different documents, or for any other reason, is a separate document to be produced in response hereto.

10. This subpoena and accompanying document request is continuing in nature and, to the extent that your responses may be enlarged or otherwise modified by information acquired subsequent to the production of your initial responses hereto, you are required to promptly produce supplemental responses reflecting such changes.

## DEFINITIONS

1. The term "Coal Gasification Process" shall mean the process which converts a solid or liquid product from coal, petroleum residue, biomass, or other materials which are recovered for their energy or feedstock value into a syngas composed primarily of carbon monoxide and hydrogen for direct use or subsequent chemical or physical conversion.

2. The term "Complaint" shall mean the Third Amended Complaint dated November 22, 2005, as modified by court order, and any amended or revised complaint which is thereafter filed.

3. "Defendant," shall mean Defendant The New England Gas Company, Fall River Gas Company, Fall River Gas Works Company, Tiverton Gas Company, Southern Union Company, Southern Union Gas Company, Inc., and each of its departments, divisions, bureaus, offices, agents, employees, or other representatives, including without limitation, persons presently or formerly acting for or on its behalf in relation to the ownership and/or operation of the Facilities as defined herein.

4. The term "Emergency Moratorium Area" shall mean all of the properties within the following borders: bordered on the west by the Sakonnet River; bordered on the north by State Avenue; on the south by the so-called Simpson Wall and bordered on the east by Church Street (extended to State Avenue and the so-called Simpson Wall).

5. The term "Facilities" shall mean those properties in Fall River, Massachusetts at which the Defendant engaged in the Coal Gasification Process and includes the properties located at Bay Street, Birch Street, Charles Street and Anawan Street.

6. The terms "oil" and "hazardous substances" shall include any substance deemed to be "Oil" or a "Hazardous Substance" within the meaning of CERCLA, 42 U.S.C. § 9601, and regulations promulgated there under, 40 C.F.R. Part 261; any substance deemed a "Hazardous Waste" within the meaning of RCRA, 42 U.S.C. § 6903(5) and any substance defined as a "hazardous waste" pursuant to the Rhode Island Hazardous Waste Management Act, R.I. Gen. Laws § 23-19.1-4.

7. The term "Residuals" shall mean:

a. Any liquid or solid substance of the Coal Gasification Process that was sold, traded, or given away by Stone & Webster and/or the Defendant; or

b. Any liquid or solid substance of the Coal Gasification Process that was sent off-site for further use.

8. "You", "Your", and "Stone & Webster" as used herein shall mean Stone & Webster Massachusetts, Inc., its subsidiary, parent corporation, predecessors, successors, and/or assigns, employees, agents, subcontractors, independent contractors hired by Stone & Webster for the purpose of managing coal gasification operations at one or both of the facilities named herein or other person acting for or on behalf of Stone & Webster, its predecessors, successors, or assigns.

9. The term "Waste Materials" shall mean any liquid or solid substance produced as a result of the coal gasification process including but not limited to ashes, cinders, filter materials, lead, arsenic, cyanide and other hazardous substances that do not qualify as residuals defined above.

**SCHEDULE B**
DOCUMENTS TO BE PRODUCED

1. Any and all documents identifying and/or memorializing Stone & Webster Massachusetts, Inc. ("Stone & Webster") responsibilities at either or both of the Facilities at any and all times during the period from 1890 to 1960.

2. Any and all documents identifying the location of documents generated by Stone & Webster related to work you performed at either or both of the Facilities.

3. Any and all documents identifying Stone & Webster's employees, agents and/or contractors who were responsible at any time during the period from 1890 to 1960 for the storage, removal, transport, disposal and/or handling of any Residuals and/or Waste Materials at each of the Facilities.

4. Any and all documents memorializing the dates during the period from 1890 to 1960 when Stone & Webster's employees, agents and/or contractors, were responsible for the transportation of any Waste Material and/or Residual from either or both of the Facilities.

5. All documents identifying Stone & Webster's employees, agents and/or contractors who arranged for Residuals and/or Waste Materials at either or both of the Facilities to be sent to the City of Tiverton, specifically including, but not limited to, the Emergency Moratorium Area of Tiverton.

6. Any and all Stone & Webster's documents memorializing Residuals and/or Waste Materials at either or both of the Facilities sent to the City of Tiverton, specifically including but not limited to the Emergency Moratorium Area of Tiverton.

7. Any and all documents identifying payments rendered by Stone & Webster, including but not limited to contracts, checks or vouchers, to any individual and/or entity for the storage, removal, transport, disposal, or handling of Waste Materials and/or Residuals from either or both

of the Facilities, including, but not limited to, record(s) related to Service provided by John K. Simpson, John Simpson, Jr., Alvin Simpson, Jack Bravo and Joseph Ferries or their corporate entities, predecessors, affiliates, successors and/or assigns.

8. All documents describing and/or memorializing any distributions made during the period from 1890 to 1960 by Stone & Webster employees, agents and contractors, from either or both of the Facilities to any other party for the storage, removal, transport, disposal and/or handling of any Residuals and/or Waste Materials at either or both of the Facilities.

9. Any and all documents identifying Stone & Webster's policies and procedures during the period from 1890 to 1960 for individuals and/or entities, including but not limited to employees, agents and contractors, with regard to the storage, removal, transport, disposal and/or handling of any Residuals and/or Waste Materials at each of the Facilities.

10. Any and all documents identifying any of Stone & Webster's employees, agents and/or contractors, who caused a spill, release and/or overfill of Residuals and/or Waste Materials at the Facilities, and the details of each identified spill, release and/or overfill of Residuals and/or Waste Materials.

11. Any and all documents identifying any inspections or testing of Residuals and/or Waste Materials at the Facilities.

12. Any and all documents identifying any Stone & Webster insurance policy that may be available to satisfy a judgment or portion of a judgment rendered in this action, including the policy limits and the forms and endorsements that make up each such policy.

13. Any and all documents identifying any legal actions that have been filed against the Stone & Webster in relation to Waste Materials and/or Residuals allegedly used and/or produced at one or both of the Facilities.

Attorneys for the Plaintiffs Gail, John D. and John F. Corvello, et al,
By their Attorneys

/s/ Robert J. McConnell
Robert J. McConnell (#3888)
Jonathan D. Orent (#7408)
**MOTLEY RICE, LLC**
321 South Main Street
Providence, RI 02940
(401) 457-7700

/s/ Neil T. Leifer
David C. Strouss
Neil T. Leifer
Brad J. Mitchell
**THORNTON & NAUMES, LLP**
100 Summer Street, 30th Floor
Boston, MA 02110
(617) 720-1333

/s/ Mark W. Roberts
Mark W. Roberts
**MCROBERTS, ROBERTS AND RAINER, LLP**
53 State Street
Boston, MA 02109
(617)-722-8222
(617)-720-2320 Fax

Dated: August 21, 2007

**Certificate of Service**

I hereby certify that on this 21st day of August, 2007, a copy of the foregoing was served electronically and by first class U.S. mail, postage prepaid, upon counsel of record.

/s/ Mark W. Robert
Mark W. Roberts (MA # 554038)