**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

---------------------------------------------------X
GAIL CORVELLO, JOHN D. CORVELLO :
and JOHN F. CORVELLO, et al., :
Plaintiffs, :
:
vs. : C.A. No. 05-221T
:
NEW ENGLAND GAS COMPANY, :
Defendant/Third-Party :
Plaintiff, :
:
vs. :
:
BRIDGESTONE FIRESTONE :
NORTH AMERICAN TIRE, LLC, et al., :
Third-Party Defendants. :
:
---------------------------------------------------X
---------------------------------------------------X
KEVIN BURNS, et. al. :
Plaintiffs, :
:
vs. : C.A. No. 05-274T
:
NEW ENGLAND GAS COMPANY, :
Defendant/Third-Party :
Plaintiff, :
:
vs. :
:
BRIDGESTONE FIRESTONE :
NORTH AMERICAN TIRE, LLC, et al., :
Third-Party Defendants. :
:
---------------------------------------------------X
---------------------------------------------------X
COLLEEN BIGELOW, et al. :
Plaintiffs, :
:
vs. : C.A. No. 05-370T
:
NEW ENGLAND GAS COMPANY, :
Defendant/Third-Party :
Plaintiff :
:

vs. :
:
BRIDGESTONE FIRESTONE :
NORTH AMERICAN TIRE, LLC, et al., :
Third-Party Defendants. :
:
--------------------------------------------------X
--------------------------------------------------X
SHEILA REIS, et al. :
Plaintiffs, :
:
vs. : C.A. No. 05-522T
:
SOUTHERN UNION COMPANY dba :
FALL RIVER GAS and :
NEW ENGLAND GAS :
Defendants/Third-Party :
Plaintiffs, :
:
vs. :
:
BRIDGESTONE FIRESTONE :
NORTH AMERICAN TIRE, LLC, et al., :
Third-Party Defendants. :
:
--------------------------------------------------X

**DEFENDANT NEW ENGLAND GAS COMPANY'S MOTION FOR LEAVE TO FILE AND SERVE THIRD-PARTY COMPLAINTS AS AGAINST CITY OF FALL RIVER**

Defendant New England Gas Company ("NEGasCo") hereby moves pursuant to Fed. R. Civ. P. 14(a) for leave to file and serve third-party complaints naming the City of Fall River, Massachusetts, as a third-party defendant in this action. For the reasons set forth in the accompanying Memorandum of Law, the Court should grant NEGasCo's Motion for Leave to File and Serve Third-Party Complaints as against the City of Fall River.

Dated: September 26, 2007

Respectfully Submitted,

**ADLER, POLLOCK & SHEEHAN P.C.**

By: */s/ Kristen W. Sherman*

John A. Tarantino (#2586)
David A. Wollin (#4950)
Kristen W. Sherman (#5595)
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
(401) 274-7200

**KASOWITZ, BENSON, TORRES & FRIEDMAN LLP**
Eric D. Herschmann
David E. Ross
1633 Broadway
New York, New York 10019
(212) 506-1700

- and -

**BISHOP, LONDON, BROPHY, & DODDS**
Christina Dodds
3701 Bee Cave Road, Suite 200
Austin, Texas 78746
(512) 479-5000

*Attorneys for Defendant*
*New England Gas Company,*
*an unincorporated division of*
*Southern Union Company*

-and-

**HINCKLEY, ALLEN & SNYDER**
Gerald J. Petros (#2931)
Robin L. Main (#4222)
50 Kennedy Plaza
Providence, RI
(401) 274-2000

*Attorneys for Defendant*
*New England Gas Company,*
*an unincorporated division of*
*Southern Union Company, as to*
*Third-Party Defendants*
*Dominion Resources, Inc. and*
*Dominion Energy Brayton Point LLC.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of September, 2007, I did send a true copy of the within document by electronic means (ECF) or email to the following:

| | |
|---|---|
| Robert J. McConnell, Esq.<br>Michael G. Rousseau, Esq.<br>Jonathan D. Orent, Esq.<br>Motley Rice LLC<br>321 South Main Street<br>Providence, RI 02940 | Neil T. Leifer<br>Thornton & Naumes, LLP<br>100 Summer Street, 30th Floor<br>Boston, MA 02110 |
| Mark W. Roberts<br>McRoberts, Roberts & Rainer, LLP<br>53 State Street<br>Boston, MA 02109 | Paul Revere, III, Esq.<br>Law Offices of Paul Revere, III<br>226 River View Lane<br>Centerville, MA 02632 |
| Russell X. Pollock, Esq.<br>Campbell, Campbell, Edwards & Conroy, PC<br>One Constitution Plaza<br>Boston, MA 02129 | Brian R. Cunha, Esq.<br>Brian Cunha & Associates, P.C.<br>904 Broadway<br>East Providence, RI 02914 |

/s/ *Kristen W. Sherman*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

---------------------------------------------------X
GAIL CORVELLO, JOHN D. CORVELLO :
and JOHN F. CORVELLO, et al., :
Plaintiffs, :
:
vs. : C.A. No. 05-221T
:
NEW ENGLAND GAS COMPANY, :
Defendant/Third-Party :
Plaintiff, :
:
vs. :
:
BRIDGESTONE FIRESTONE :
NORTH AMERICAN TIRE, LLC, et al., :
Third-Party Defendants. :
:
---------------------------------------------------X
---------------------------------------------------X
KEVIN BURNS, et. al. :
Plaintiffs, :
:
vs. : C.A. No. 05-274T
:
NEW ENGLAND GAS COMPANY, :
Defendant/Third-Party :
Plaintiff, :
:
vs. :
:
BRIDGESTONE FIRESTONE :
NORTH AMERICAN TIRE, LLC, et al., :
Third-Party Defendants. :
:
---------------------------------------------------X
---------------------------------------------------X
COLLEEN BIGELOW, et al. :
Plaintiffs, :
:
vs. : C.A. No. 05-370T
:
NEW ENGLAND GAS COMPANY, :
Defendant/Third-Party :
Plaintiff :

| | | |
|---|---|---|
| vs. | : | |
| BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC, et al., Third-Party Defendants. | : | |
| ---------------------------------------------------X | | |
| ---------------------------------------------------X | | |
| SHEILA REIS, et al. Plaintiffs, | : | |
| vs. | : | C.A. No. 05-522T |
| SOUTHERN UNION COMPANY dba FALL RIVER GAS and NEW ENGLAND GAS Defendants/Third-Party Plaintiffs, | : | |
| vs. | : | |
| BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC, et al., Third-Party Defendants. | : | |
| ---------------------------------------------------X | | |

**MEMORANDUM OF LAW IN SUPPORT OF NEW ENGLAND GAS COMPANY'S MOTION FOR LEAVE TO FILE AND SERVE THIRD-PARTY COMPLAINTS AS AGAINST CITY OF FALL RIVER**

Defendant New England Gas Company ("NEGasCo") respectfully submits this memorandum of law in support of its motion, pursuant to Rule 14(a) of the Federal Rules of Civil Procedure, for leave to file and serve third-party complaints seeking contribution and/or indemnification from the City of Fall River, Massachusetts ("Fall River").

**PRELIMINARY STATEMENT**

Plaintiffs own property and/or reside in Tiverton, Rhode Island. Plaintiffs assert that their properties are contaminated by material allegedly generated by manufactured gas plant facilities owned and operated by the Fall River Gas Company prior to its acquisition by

NEGasCo. See Plaintiffs' Complaints (Attached hereto as Exhibits A, B, C and D). NEGasCo denies that any of the alleged contamination of plaintiffs' properties came from the Fall River Gas Company. NEGasCo further denies any liability for the injuries and damages alleged by the plaintiffs and asserts that Fall River is responsible for all or part of the alleged contamination, along with one or more of the already named third-party defendants. See NEGasCo's proposed third-party complaints as against Fall River (Attached hereto as Exhibits E, F, G and H).

On September 11, 2007, this Court granted NEGasCo's motion seeking leave to add as third-party defendants: Bridgestone Firestone North American Tire, LLC; Bridgestone Americas Holdings, Inc.; Honeywell International, Inc.; the Town of Tiverton, Rhode Island; Gulf Oil Corporation; Inland Fuel Terminals, Inc.; Dominion Resources, Inc., and Dominion Energy Brayton Point LLC. Pursuant to Federal Rule of Civil Procedure 14(a), and for the reasons set forth herein, NEGasCo now seeks to name Fall River as an additional third-party defendant and to bring claims for contribution and/or indemnification as against Fall River.[1]

## ARGUMENT

## NEW ENGLAND GAS COMPANY'S MOTION SHOULD BE GRANTED

Pursuant to Federal Rule of Civil Procedure 14(a), leave to amend should be freely granted where, as here, NEGasCo's motion is timely, the proposed amendment will not prejudice any party, and the claims NEGasCo seeks to add are meritorious and within the purview of Rule

[1] NEGasCo's motion seeking leave to add these eight third-party defendants was premised upon its investigation into their respective roles as the sources of the alleged contamination in the Bay Street Area. At that time, NEGasCo was still determining whether the City of Fall River was also a source of the alleged contamination. Therefore, NEGasCo was not in a position to include Fall River in its first motion seeking leave to add third-party defendants. Since that time, NEGasCo's investigation has confirmed Fall River's role as a source of the alleged contamination, and NEGasCo now brings this motion. At this time, NEGasCo is unaware of additional extant, solvent third parties whom it intends to implead in this action.

14(a). As demonstrated below, all relevant factors weigh in favor of this Court granting NEGasCo's Motion.

A. NEGasCo's Motion Is Timely

NEGasCo's motion is timely because it has been brought promptly after counsel discovered the basis for such motion and well in advance of the February 29, 2008 Closure Date. Cf. In re Arthur Anderson & Co., 621 F.2d 37, 41 (1st Cir. 1980) (affirming district court's denial of "eleventh hour motion" for leave to file a third party complaint where defendant delayed more than four years in bringing the complaint, and trial was scheduled to begin within two months). NEGasCo timely filed this motion when third-party discovery and its own investigation confirmed that it had a good faith basis for the relief sought. See, e.g., Jagielski v. Package Machine Co., 93 F.R.D. 431, 432 (E.D. Pa. 1981) ("[w]here a defendant, exercising due diligence, learns of the existence of a possible third party and seasonably moves for joinder, the motion will be granted"). Accordingly, NEGasCo's motion is timely.

B. Plaintiffs Are Not Prejudiced By The Joinder

Plaintiffs did not oppose NEGasCo's prior motion seeking leave to join the already named third-party defendants and will not be prejudiced by the nearly simultaneous joinder of Fall River. In addition, Fall River was given notice of its potential inclusion in this lawsuit when it was served with NEGasCo's subpoena. See, e.g., Hornsby v. Johns-Manville Corp., 96 F.R.D. 367, 369 (E.D. Pa. 1982)(no prejudice to third-party defendants when they were aware of their "potential liability"). Leave to implead should be allowed where, as here, it will not result in undue prejudice to the plaintiffs or Fall River.

C. NEGasCo's Claims Are Meritorious

By its proposed third-party complaints, NEGasCo alleges that Fall River is liable to NEGasCo for all or part of the plaintiffs' claims against NEGasCo. See Exhibits E, F, G and H. In assessing the merits of a third-party complaint, the court must credit the pleadings as fact. See Lehman, 166 F.3d at 393 ("[Courts] should allow impleader on any colorable claim of derivative liability. . . ."); see also Putnam Resources v. Trend Precious Metals, Inc., 1991 U.S. Dist. LEXIS 12718 at *4 (D.R.I. Aug. 6, 1991) ("Rule 14(a) only requires that a third-party complaint allege that a third-party defendant may be liable to the third-party plaintiff for all or part of plaintiff's claim in the event plaintiff prevails"). Applying this standard here, NEGasCo's third-party claims as against Fall River are meritorious.

D. NEGasCo's Claims For Contribution And Indemnification Are The Type Of Claims That Fall Within The Purview Of Rule 14(a)

NEGasCo seeks to bring claims for contribution and indemnification as against Fall River. These "secondary liability" claims are precisely the type of claims that fall within the purview of Rule 14(a). See, e.g., Leasetec Corp. v. Inhabitants of County of Cumberland, 896 F. Supp. 35, 40 (D. Me. 1995)( "[S]econdary or derivative liability is the primary factor in a 14(a) analysis and the requirement that it exist may be satisfied if the third-party claim asserts indemnity, subrogation, contribution, express or implied warranty, or some other theory") (internal citation omitted). Given that the Court has permitted NEGasCo to join eight other third-party defendants to this lawsuit, it makes sense, from a judicial economy perspective, that the claims set forth in the proposed third-party complaints as against Fall River be resolved in the same proceeding and before the same tribunal as plaintiffs' claims against NEGasCo and NEGasCo's claims against the already named third-party defendants.

## CONCLUSION

For the foregoing reasons, the Court should grant the New England Gas Company's motion and permit it to file and serve the Third-Party Complaints as against the City of Fall River.

Dated: September 26, 2007

Respectfully Submitted,

**ADLER, POLLOCK & SHEEHAN P.C.**

By: */s/ Kristen W. Sherman*

John A. Tarantino (#2586)
David A. Wollin (#4950)
Kristen W. Sherman (#5595)
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
(401) 274-7200

**KASOWITZ, BENSON, TORRES & FRIEDMAN LLP**
Eric D. Herschmann
David E. Ross
1633 Broadway
New York, New York 10019
(212) 506-1700

- and -

**BISHOP, LONDON, BROPHY, & DODDS**
Christina Dodds
3701 Bee Cave Road, Suite 200
Austin, Texas 78746
(512) 479-5000

*Attorneys for Defendant New England Gas Company, an unincorporated division of Southern Union Company*

-and-

**HINCKLEY, ALLEN & SNYDER**
Gerald J. Petros (# 2931)
Robin L. Main (#4222)
50 Kennedy Plaza
Providence, RI
(401) 274-2000

*Attorneys for Defendant*
*New England Gas Company,*
*an unincorporated division of*
*Southern Union Company, as to*
*Third-Party Defendant*
*Dominion Resources, Inc. and*
*Dominion Energy Brayton Point LLC.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of September, 2007, I did send a true copy of the within document by electronic means (ECF) or email to the following:

| | |
|---|---|
| Robert J. McConnell, Esq.<br>Michael G. Rousseau, Esq.<br>Jonathan D. Orent, Esq.<br>Motley Rice LLC<br>321 South Main Street<br>Providence, RI 02940 | Neil T. Leifer<br>Thornton & Naumes, LLP<br>100 Summer Street, 30th Floor<br>Boston, MA 02110 |
| Mark W. Roberts<br>McRoberts, Roberts & Rainer, LLP<br>53 State Street<br>Boston, MA 02109 | Paul Revere, III, Esq.<br>Law Offices of Paul Revere, III<br>226 River View Lane<br>Centerville, MA 02632 |
| Russell X. Pollock, Esq.<br>Campbell, Campbell, Edwards & Conroy, PC<br>One Constitution Plaza<br>Boston, MA 02129 | Brian R. Cunha, Esq.<br>Brian Cunha & Associates, P.C.<br>904 Broadway<br>East Providence, RI 02914 |

/s/ *Kristen W. Sherman*