**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| GAIL, CORVELLO, ET AL.,<br>KEVIN BURNS, ET AL.,<br>COLLEEN BIGELOW, ET AL. AND<br>SHEILA REIS, ET AL.,<br><br>Plaintiffs,<br><br>- against -<br><br>NEW ENGLAND GAS COMPANY, INC.,<br><br>Defendant and<br>Third-Party Plaintiff<br><br>- against -<br><br>BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC; BRIDGESTONE AMERICAS HOLDINGS, INC.; INTERNATIONAL, INC.; TOWN OF TIVERTON; GULF OIL CORPORATION; INLAND FUEL TERMINALS, INC.; DOMINION RESOURCES, INC.; and DOMINION ENERGY BRAYTON POINT LLC,<br><br>Third-Party Defendant | § § § § § § § § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NOS.<br>05-0221T, 05-274T;<br>05-370T; 05-522T<br><br>**MEMORANDUM IN SUPPORT OF REQUEST FOR EMERGENCY/EXPEDITED RELIEF** |

**MEMORANDUM OF LAW IN SUPPORT OF CHEVRON U.S.A. INC.'S MOTION FOR PROTECTIVE ORDER AND FOR ORDER SHORTENING TIME FOR SERVING OBJECTIONS AND FOR EXPEDITED HEARING**

Gulf Oil Corporation, Third-Party Defendant, now known as Chevron U.S.A. Inc. ("Chevron"), has moved for entry of a Protective Order ("Motion") pursuant to Rule 26 (c) of the Federal Rules of Civil Procedure and Local Rule 7 ("LR Cv") directing that the Notice of Deposition served by Defendant/Third-Party Plaintiff, New England Gas Company, Inc. ("NEG")

setting October 12, 2007 for the deposition of Joseph "Jose" Souza be adjourned and that any and all other depositions in these causes be postponed until the Conference of the Parties under Rule 26 (f) and LR Cv 26(a) is completed, the Initial Disclosures under Rule 26 (a)(1) are made, and the scheduling order under Rule 16 and LR Cv 16 relating to *all parties* in the above-referenced causes is entered. By its Motion, Chevron seeks respectfully seeks **Emergency/Expedited Relief** under LR Cv 9.

In support of its Motion for Protective Order, Chevron would respectfully show as follows:

1. Chevron and seven (7) other Third-Party Defendants were recently joined in these cases by NEG pursuant to the Court's Orders of September 11, 2007. Chevron was served in each of the above-referenced cases on September 20, 2007. **Chevron's answer in each of these cases is due on October 10, 2007, just two (2) days before the deposition of Mr. Souza noticed by NEG is scheduled.** A true and correct copy of the Notice of Deposition for Mr. Souza is attached as Exhibit A hereto.

2. Chevron has not had adequate time to prepare for this deposition or any other deposition which may be set in the near future in any of the above-referenced cases. Because discovery is generally not filed of record, Chevron is at a disadvantage at this early date to know what discovery has been taken and what is now scheduled. *See* LR Cv 5 (d). Fundamental fairness dictates that a party is entitled to a reasonable time to prepare its defense including time to investigate and prepare for depositions.

3. The Rules recognize the need for a reasonable time for preparation and set forth procedures designed for the orderly progression of discovery. Rule 26(d) requires generally that

"**. . . a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f).**" The Rule 26(f) conference is to be held ". . . as soon as practicable and in any event at least 21 days before a scheduling conference is held or a scheduling order is due under Rule 16(b). . . ." LR Cv 16 recognizes the importance of the scheduling conference by requiring counsel to meet and confer before the conference and directs that counsel:

(1) Exchange relevant information and documents.
(2) Identify the facts that are in dispute.
(3) Identify the legal issues.
(4) Develop a plan for discovery.
(5) Explore the possibility of settlement.
(6) Discuss whether the case should be referred to a magistrate judge for a settlement conference or to the administrator of the Alternate Dispute Resolution ("ADR") program for some other form of ADR.

LR Cv 26(a) dictates that the Rule 26(f) conference, unless otherwise ordered by the Court, be held ". . . within ten (10) days after the last answer . . . has been filed by all parties against whom claims have been asserted. . . ." Counsel are also required to present a discovery plan at the Rule 16 conference. *See* LR Cv 26 (b). While these procedures may have occurred among Plaintiffs in the various cases captioned above and Defendant, NEG, the third-party defendants brought into the case by New England Gas have had no opportunity to obtain any discovery in this matter. Under such circumstances, these procedures require, at the very least, an adjournment of the Souza deposition.

4. To ensure the orderly progression of these cases with the additional eight (8) parties, protection is appropriate and discovery should be tolled until the Rule 26(f) conference including all parties can be held, initial disclosures made, and a scheduling order applicable to all parties

entered. These procedures can be accomplished expeditiously in forty-five (45) to sixty (60) days. The fact that there have been conferences and scheduling orders entered in the case before the eight Third-Party Defendants were joined does not abrogate the need to provide time for Chevron and the other new parties to investigate and prepare their defenses and to participate in conferences and discovery scheduling now that these defendants have be joined.

5. There is currently a discovery conference set in these cases for October 16, 2007. Chevron respectfully suggests that dates for the Rule 26 (f) conference, initial disclosures and the Rule 16 scheduling conference should be set at that time in consideration of the recent joinder of the additional eight parties. Rescheduling of the Souza deposition should be addressed in the context of the schedule set at the October 16, 2007 conference.

6. Chevron's Motion is not interposed for delay, but rather in order that justice may be served. Postponing the Souza deposition and tolling discovery for forty-five (45) to sixty (60) days will not impose an undue burden or prejudice any party. Failure to provide a short delay in discovery to provide for the conference and scheduling order will be more burdensome for all parties and will seriously prejudice Chevron's efforts and entitlement to prepare effectively for depositions and discovery and, ultimately, its defense. An extension of time for the completion of discovery to compensate for the time that discovery is tolled is appropriate and should be considered at the scheduling conference.

7. Chevron has made a good faith effort to reach agreement with opposing counsel concerning the scheduled deposition of Joseph Souza in order to avoid unnecessary motion practice with respect to this issue. Chevron has not been able to reach agreement on an

adjournment of the deposition with opposing counsel. Counsel for Chevron has contacted counsel for NEG and counsel for plaintiffs. Absent agreement from plaintiffs' counsel, Mark Roberts, Esq., David Ross, Esq., counsel for NEG, was unwilling to postpone the Souza deposition set for October 12, 2007.

For all the foregoing reasons, Chevron's Motion for Protective Order and for Order Shortening Time for Serving Objections and for Expedited Hearing should be granted, the Souza deposition should be re-set to a future date as determined by Court Order, and any other depositions in these cases postponed until the Rule 26(f) Conference is held, Initial Disclosures are made, and a revised scheduling order relating to all parties is entered.

Respectfully submitted,

s/ Bruce G. Tucker
Bruce G. Tucker (#0563)
Legal Management Services LLC
55 Hammarlund Way
Middletown, RI 02842
Tel 401-843-8400 ext 100
Fax 401-843-8401
Email: btucker@legalmgt.com