UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| GAIL, JOHN D. AND JOHN F. CORVELLO; et al., Plaintiffs, | ) | C.A. No. 05-221T |
| v. | ) | (Related Case No. 05-274T, 05-370T, 05-522T) |
| NEW ENGLAND GAS COMPANY, INC.; Defendant. | ) | |

**PLAINTIFFS' OPPOSITION TO CHEVRON U.S.A, INC.'S MOTION FOR PROTECTIVE ORDER SHORTENING TIME FOR SERVING OBJECTIONS AND FOR EXPEDITED HEARING**

Plaintiffs hereby submit their objection to Chevron U.S.A. Inc.'s ("Chevron") motion[1] for entry of a Protective Order to enjoin the deposition of Jose Souza and for Emergency/Expedited Relief under Local Rule 9. This deposition is pursuant to a court order permitting Plaintiffs to preserve the testimony of an 88 years old man with first hand knowledge of the Plaintiffs' case against NEGas. The process of scheduling Mr. Souza's deposition has taken 14 months and the prejudice to the Plaintiffs of further delay far outweighs any prejudice to the Third-party Defendant Chevron. In support of their Opposition, the Plaintiffs state as follows:

1. Jose Souza is an 88-year-old fact witness with personal knowledge of waste being transported from the Fall River Gas facility to the Bay Street Area of Tiverton. See Disclosure of Expected Testimony of Joseph "Jose" Souza (originally filed as Exhibit A to Document # 48), attached hereto as Exhibit B. As the undersigned has explained to counsel for Chevron, he is not being offered by Plaintiffs to give any testimony about any activities by any of the Third party Defendants and the undersigned has no information, nor has defendant Southern Union ever suggested, that Mr. Souza has any information

[1] Chevron's Motion has been joined by Honeywell International, Inc. To the extent that it or any other Third-Party Defendant joins Chevron's Motion, the Plaintiffs' Opposition applies to all.

regarding any activities of the third party defendants, including third party defendant Chevron.

2. The Plaintiffs initially moved on August 6, 2006 to take Mr. Souza's deposition to preserve his testimony for trial at a time when the discovery period had not yet started due to a pending motion to dismiss. The Court granted the Plaintiffs' Emergency Motion to take the Souza deposition, which was first scheduled for September 22, 2006, with conditions, all of which were since met. See Order Granting Emergency Motion to Take Deposition (Document # 53). The order also provided that NEGas would be entitled to a discovery deposition before the Plaintiffs could go forward with the videotaped deposition to preserve his testimony. Mr. Souza's deposition was scheduled in February 2007, but the Rhode Island Department of Environmental Management ("RIDEM") subpoenaed Mr. Souza for deposition in a parallel proceeding the day before the deposition in this case was to go forward. Due to his advanced age, Mr. Souza's son would not consent to two depositions going forward at the same time. As a result, it was agreed that the Plaintiffs deposition would go forward 21 days after the completion of the RIDEM deposition.

3. Souza was initially deposed by RIDEM on February 15, 2007. Due to Souza's advanced age, the deposition would be recessed to allow defense counsel to conclude its cross-examination. On March 8, 2007, the RIDEM deposition was reconvened for an additional two hours and fifteen minutes but has not yet been completed.

4. During this period NEGas refused to reschedule the deposition of Mr. Souza in this case due to the agreement that it would not go forward until 21 days after the completion of the RIDEM deposition.

5. On July 30, 2007, the Plaintiffs filed an Emergency Motion for Leave of Court to Take the Videotaped Deposition of Souza. On September 10, 2007, the day before the hearing on the that motion, the Plaintiffs and NEGas agreed to schedule the Souza a 5 hour discovery deposition which will begin on October 12, 2007 and be completed a few days thereafter. The videotaped deposition would not occur until 16 days after the discovery deposition is completed. Therefore, although the anticipated testimony does not even concern Chevron, it will have time to prepare.

6. Despite the fact that the Plaintiffs filed this action in July 2005, NEG waited two years to file third-party actions against eight (8) third-party defendants, including Chevron. The Third-party Complaint was allowed by the Court on September 20, 2007. On October 5, 2007, the Plaintiffs filed a Motion to Sever the Third-party Complaint into a separate action.

7. Due to Souza's advanced age and serious medical issue while attempting to schedule his deposition (the removal of his gall bladder), the passage of time presents real risk that this first hand testimony could be lost.

8. Although NEGCo has met with Mr. Souza and or his son on one or more occasions, and has taken his deposition for parts of two days, NEGas has never contended that Mr. Souza has information about any Third-party Defendant nor is there any evidence that he does.

9. The long history of the Plaintiffs attempt to conduct this deposition of Mr. Souza, the fact that there is no evidence that he knows anything about any of the Third-party Defendants, the fact that NEGCo has only recently brought its Third-party Complaint and Plaintiffs' pending Motion to sever these late added parties, all weigh in favor of permitting the deposition of Mr. Souza to proceed as scheduled. Given that this is a discovery

deposition leading to the preservation of testimony concerning NEGCo, Chevron and the other Third-Party Defendants have shown no prejudice. On the other hand, the Plaintiffs will be extremely prejudiced if they are not able to conduct Souza's deposition solely due to NEG's late filing of third-party complaints.

10. Trial judges enjoy broad discretion in the handling of interstitial matters, such as the management of pretrial discovery." Federal Deposit Insurance Corp. v. Ogden Corp., 202 F.2d 454, 460 (1st Cir. 2000). This power includes the authority to order a deposition to be taken, Ashkinazi v. Sapir, 2005 WL 545205, *4 (S.D.N.Y. 2005)(authority under Fed. R. Civ. P. 37(a) and 16(a)), and limit the scope of such deposition. Amherst Leasing Corp. v. Emhart Corp., 65 F.R.D. 121, 123-124 (D.Conn. 1974). Based on the equities and potential prejudice to the Plaintiffs, the Court has the authority and should order that the deposition of Mr. Souza should be permitted to go forward as scheduled.

## Conclusion

For the foregoing reasons, Chevron's Motion for Protective Order and for Order Shortening time for Serving Objections and for Expedited Hearing should be denied the the deposition of Jose Sosa should proceed on Friday, October 12, 2007.

*Dated*: October 9, 2007

Respectfully submitted,

PLAINTIFFS,
By and through their attorneys,

/s/ *Mark W. Roberts*

Mark W. Roberts
MCROBERTS, ROBERTS & RAINER, LLP
53 State Street
Boston, MA 02109
(617) 722-8222

Robert J. McConnell (#3888)
Jonathan D. Orent (#7408)

**MOTLEY RICE LLC**
321 South Main Street
Providence, RI 02940
(401) 457-7700

David C. Strouss
Neil T. Leifer
Brad J. Mitchell
**THORNTON & NAUMES LLP**
100 Summer Street, 30th Floor
Boston, MA 02110
(617) 720-1333

## CERTIFICATION

Service upon the following parties was completed electronically via the ECF system on October 9, 2007, pursuant to Fed.R.Civ.P. 5(b)(2)(D) and §10(b) of Admin. Order 2006-01.

__/s/ *Mark W. Roberts*________________
Mark W. Roberts

David A. Wollin, Esq.
Adler Pollock & Sheehan, P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
401-274-7200
dwollin@apslaw.com

John Tarantino, Esq.
Adler Pollock & Sheehan, P.C.
175 Federal Street, 10th Floor
Boston, MA 02110
617-482-0600
617-482-0604
jtarantino@apslaw.com

David E. Ross, Esq.
Kasowitz, Benson, Torres & Friedman, LLP
1633 Broadway
New York, NY 10019
212-506-1700
212-506-1800

Brian R. Cunha
Law Offices of Brian Cunha & Associates
311 Pine Street
Fall River, MA 02720
brian@briancunha.com

Richard J. Zabbo, Esq.
Ratcliffe Burke Harten & Elias LLP
160 Financial Plaza
Providence, RI 02903
401-490-4649 direct
401-331-3400 main
401-331-3440 fax
rzabbo@rbhelaw.com

Paul Revere, III
Law Offices of Paul Revere, III
226 River View Lane
Centerville, MA 02632
(508) 778-7126
RevereIII@aol.com

dross@kasowitz.com