UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| GAIL CORVELLO, ET AL.,<br>Plaintiffs,<br><br>- against -<br><br>NEW ENGLAND GAS COMPANY, INC.,<br><br>Defendant and Third-Party Plaintiff,<br><br>- against -<br><br>BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC; BRIDGESTONE AMERICAS HOLDINGS, INC.; HONEYWELL INTERNATIONAL, INC.; TOWN OF TIVERTON; GULF OIL CORPORATION; INLAND FUEL TERMINALS, INC.; DOMINION RESOURCES, INC.; and DOMINION ENERGY BRAYTON POINT LLC,<br><br>Third-Party Defendants. | C.A. No. 05-0221T<br>(Related Cases: 05-274T; 05-370T; 05-522T) |

**NEW ENGLAND GAS COMPANY'S PARTIAL OBJECTION**
**TO THIRD-PARTY DEFENDANTS' PROTECTIVE ORDER MOTIONS**

New England Gas Company ("NEGasCo") submits this partial objection to third-party defendant Chevron's and Honeywell's respective motions for a protective order seeking to stay all discovery, including the deposition of Joseph "Jose" Souza scheduled to begin this Friday, October 12. The grounds for this partial objection are set forth in the accompanying memorandum of law.

Dated: October 10, 2007

**ADLER POLLOCK & SHEEHAN P.C.**

*<u>/s/ David A. Wollin</u>*
John A. Tarantino (#2586)
David A. Wollin (#4950)
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
(401) 274-7200
Fax: (401) 351-4607

**KASOWITZ, BENSON, TORRES & FRIEDMAN LLP**
Eric D. Herschmann
David E. Ross
Seth Davis
Noelle M. Kowalczyk
1633 Broadway
New York, New York 10019
(212) 506-1700

**BISHOP, LONDON, BROPHY, & DODDS**
Christina Dodds
3701 Bee Cave Road, Suite 200
Austin, Texas 78746
(512) 479-5000

**HINCKLEY, ALLEN & SNYDER**
Gerald J. Petros (#2931)
Robin L. Main (#4222)
50 Kennedy Plaza
Providence, RI
(401) 274-2000

*Attorneys for Defendant*
*New England Gas Company,*
*an unincorporated division of*
*Southern Union Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of October, 2007, I did send a true copy of the within document by electronic means (ECF) to the following:

| | |
|---|---|
| Robert J. McConnell, Esq.<br>Michael G. Rousseau, Esq.<br>Jonathan D. Orent, Esq.<br>Motley Rice LLC<br>321 South Main Street<br>Providence, RI 02940 | Neil T. Leifer<br>Thornton & Naumes, LLP<br>100 Summer Street, 30th Floor<br>Boston, MA 02110 |
| Mark W. Roberts<br>McRoberts, Roberts & Rainer, LLP<br>53 State Street<br>Boston, MA 02109 | Paul Revere, III, Esq.<br>Law Offices of Paul Revere, III<br>297 North Street, Suite 337<br>Hyannis, MA 02601 |
| Russell X. Pollock, Esq.<br>Campbell, Campbell, Edwards & Conroy, PC<br>One Constitution Plaza<br>Boston, MA 02129 | Brian R. Cunha, Esq.<br>Brian Cunha & Associates, P.C.<br>904 Broadway<br>East Providence, RI 02914 |
| Bruce Gregory Tucker, Esq.<br>55 Hammarlund Way<br>Middletown, RI 02842 | Richard J. Zabbo, Esq.<br>Ratcliffe Burke Harten & Elias LLP<br>160 Financial Plaza<br>Providence, RI 02903 |
| Gregory L. Benik<br>Nixon Peabody LLP<br>One Citizens Plaza<br>Providence, RI 02903 | Paul M. Sanford<br>Burns & Levinson LLP<br>One Citizens Plaza<br>Suite 1100<br>Providence, RI 02903 |

/s/ *David A. Wollin*

*431680_1.doc*

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| GAIL CORVELLO, ET AL., Plaintiffs, | |
| - against - | |
| NEW ENGLAND GAS COMPANY, INC., | |
| Defendant and Third-Party Plaintiff, | |
| - against - | C.A. No. 05-0221T (Related Cases: 05-274T; 05-370T; 05-522T) |
| BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC; BRIDGESTONE AMERICAS HOLDINGS, INC.; HONEYWELL INTERNATIONAL, INC.; TOWN OF TIVERTON; GULF OIL CORPORATION; INLAND FUEL TERMINALS, INC.; DOMINION RESOURCES, INC.; and DOMINION ENERGY BRAYTON POINT LLC, | |
| Third-Party Defendants. | |

**NEW ENGLAND GAS COMPANY'S MEMORANDUM OF LAW IN RESPONSE TO THIRD-PARTY DEFENDANTS' PROTECTIVE ORDER MOTIONS**

New England Gas Company ("NEGasCo") submits this memorandum of law in response to third-party defendant Chevron's and Honeywell's respective motions for a protective order seeking to stay all discovery, including the deposition of Joseph "Jose" Souza scheduled to begin this Friday, October 12, for a period of 45 to 60 days so that the third-party defendants have an opportunity to prepare for the Souza deposition, and also to establish a revised discovery schedule.

For the reasons set forth below, NEGasCo does not oppose the grant of the protective order motions to provide the third-party defendants a reasonable period of time to prepare for the deposition of Mr. Souza, who plaintiffs assert is a key eyewitness to the history, development and alleged soil contamination of the so-called Bay Street Area of Tiverton, that is the subject of plaintiffs' claims and NEGasCo's third-party claims. Given the current discovery closure date of February 29, 2008, NEGasCo opposes that portion of movants' motions that seek a complete stay of all discovery. NEGasCo is willing to work with plaintiffs and third-party defendants to promptly meet and confer to in an effort to reach consensus on a revised discovery plan, and in the interim to reasonably accommodate third-party defendants with respect to ongoing discovery.

## Background and Travel

Plaintiffs allege that between 1880 and 1960, the Fall River Gas Company ("FRGC" a predecessor of NEGasCo) deposited materials associated with the manufactured gas process in the Bay Street Area of Tiverton, Rhode Island. In October 2002, the Town of Tiverton received a Letter of Responsibility ("LOR") from the Department of Environmental Management ("RIDEM") in connection with the discovery of alleged contaminants beneath the roads in the Bay Street Area. In March 2003, RIDEM issued a second LOR to NEGasCo relating to the alleged contamination. Though NEGasCo denied any responsibility for the alleged contamination, it worked closely with RIDEM to analyze and assess the alleged contamination.

In January 2005, residents of the Bay Street Area brought this action alleging claims sounding in negligence and strict liability, among other claims. In essence,

plaintiffs seek compensation for the alleged diminution in value of their properties and for the cost of remediating their respective properties. In the Fall of 2005, NEGasCo moved to dismiss plaintiffs' complaints. In November 2006, Judge Torres granted in part and denied in part NEGasCo's motion to dismiss.

In November 2006, Judge Torres held a Rule 16 conference at which NEGasCo informed the Court that it intended to issue a substantial number of subpoenas to potential third-party defendants, and that based on its preliminary investigation it expected to join eight to ten third-party defendants. At the conclusion of that conference, Judge Torres set a discovery closure date of November 15, 2007, and noted that should additional third-party defendants be brought into this case, the Court would revisit the discovery closure date at that time.

In the months that followed, NEGasCo issued more than 30 non-party subpoenas and conducted an extensive investigation into the sources of the alleged contamination in the Bay Street Area. On July 7, 2007, NEGasCo moved to add eight third-party defendants including movants. On September 11, 2007, Judge Torres granted NEGasCo's motion to add the eight third-party defendants, two of which have formally appeared and six of which have not.[1]

During this same period, plaintiffs engaged in virtually no discovery. In fact, though since January 2007 NEGasCo has made available to plaintiffs over 350 boxes of the FRGC's historical records, as of this month plaintiffs have reviewed a mere 25 of those boxes. Plaintiff have also conducted extremely limited written discovery,

[1] Though most of the third-party defendants have yet to appear, as a courtesy NEGasCo has served all of them with the current scheduling order, a copy of NEGasCo's notice to take Mr. Souza's deposition and has apprised them of the October 16, 2007 discovery conference previously set by Magistrate Judge Martin.

propounding their first written requests in July 2007. Further, plaintiffs have yet to take a single deposition in this case. To date, NEGasCo has taken two depositions.

While the circumstances surrounding the deposition of Joseph "Jose" Souza are extensive, in summary, in August 2006 (during the pendency of NEGasCo's motion to dismiss and prior to any Rule 16 conference), plaintiffs sought the deposition of Mr. Souza. They allege he is an 87 year-old born and raised in Tiverton and has extensive knowledge of the development of the Bay Street Area. Recognizing that plaintiffs were seeking the deposition of this purportedly key witness before NEGasCo had an opportunity to investigate Mr. Souza or to conduct any discovery, Magistrate Judge Martin granted NEGasCo's request to conduct limited party and non-party discovery, before requiring NEGasCo to proceed with Mr. Souza's deposition. Judge Martin also ordered that NEGasCo would first have the opportunity to conduct a "discovery deposition" of Mr. Souza, followed 30 days thereafter by plaintiffs videotaped "trial deposition" of Mr. Souza.

Because Mr. Souza was hospitalized in the Fall of 2006, his deposition did not take place at that time. Then, in February 2007, plaintiffs noticed Mr. Souza's deposition. Coincident with plaintiffs' notice of Mr. Souza's deposition, RIDEM also noticed Mr. Souza's deposition in a parallel administrative proceeding brought by RIDEM against NEGasCo relating to the same alleged contamination that is the subject of plaintiffs' complaint. Since Mr. Souza was going to be deposed in the RIDEM proceeding, plaintiffs did not press for Mr. Souza's deposition in this case and agreed to wait until the RIDEM deposition was complete.

Though RIDEM began Mr. Souza's deposition on February 15, 2007, for various reasons including the witness's unavailability and RIDEM's protective order motion, the deposition was not completed by August 2007. Plaintiffs then sought to modify their original agreement with NEGasCo and sought to conduct Mr. Souza's deposition at that time. Plaintiffs and NEGasCo then reached a new agreement that whether or not the RIDEM deposition was then complete, NEGasCo would begin their discovery deposition of Mr. Souza by October 12 and would complete it by October 26, 2007, with Mr. Souza's trial deposition to follow sixteen days thereafter.

In the interim, Judge Torres granted NEGasCo's motion to implead the third-party defendants. After serving the third-party complaints, NEGasCo promptly advised counsel for the third-party defendants of the upcoming Souza deposition as well as other discovery related matters. Such counsel contacted NEGasCo's counsel to discuss the status of the case including the intended scope of Mr. Souza's deposition. Based on Mr. Souza's RIDEM deposition to date, plaintiffs' proffer of Mr. Souza's knowledge, and independent conversations with the witness, NEGasCo believes that Mr. Souza has relevant knowledge regarding the potential liability of numerous of the third-party defendants. As a result, NEGasCo's counsel advised of its intention to cover all aspects of the case with the witness including matters relating to its defenses and the witness's knowledge of the industrial operations, waste hauling practices, and dumping activities of the third-party defendants. Counsel for various of the third-party defendants then requested that NEGasCo adjourn the Souza deposition to permit them a reasonable time to learn the case and prepare for the Souza deposition. NEGasCo's counsel advised that such request was understandable and reasonable and that NEGasCo would adjourn the

deposition provided that plaintiffs would consent and not take the position that NEGasCo had waived its right to take Mr. Souza's discovery deposition. The instant motions have now been brought due to plaintiffs' refusal to consent to the requested adjournment.[2]

Though plaintiffs have sought or acquiesced in every postponement of Mr. Souza's deposition to date, and cannot point to any reason why Mr. Souza must be deposed immediately, they nevertheless insist that his deposition go forward this Friday, October 12 – a date that was arbitrarily selected by plaintiffs and NEGasCo.[3]

## ARGUMENT

NEGasCo believes the third-party defendants' motions are reasonable as they relate to the adjournment of the deposition of Mr. Souza, and that third-party defendants should be permitted the opportunity to properly prepare for this deposition which will include examination of Mr. Souza with regard to the liability and contribution to the alleged contamination by each of the third-party defendants over the 80 year period covered by plaintiffs' complaints, and since that time to the present. Furthermore, plaintiffs cannot demonstrate any prejudice occasioned by a reasonable delay in the Souza deposition to allow all parties to adequately prepare for same. While plaintiffs will no doubt argue that they have sought the deposition of Mr. Souza for over a year, for their own strategic purposes, plaintiffs have at every turn procured or consented to postpone Mr. Souza's deposition to a time that suited their purposes. Moreover, the

[2] Upon receipt of Chevron's motion for protective order, NEGasCo proposed to plaintiffs that, in fairness to the third-party defendants -- Mr. Souza's deposition be postponed for 30 days. Plaintiffs rejected that proposal.

[3] Plaintiffs will no doubt refer to their just filed motion to sever the third-party actions. NEGasCo opposes such motion and will timely file its opposition in due course. Obviously, the third-party defendants are part of this case unless and until the actions are severed.

selection of October 12 as the date when NEGasCo's discovery deposition would begin was arbitrary: it has no relationship to any other discovery in this proceeding or to Mr. Souza's availability. Nor does Mr. Souza's health or age require that his deposition go forward on October 12, as opposed to November 12 or December 12.

In contrast, a modest delay to permit the third-party defendants time to investigate and prepare for the deposition of Mr. Souza is entirely reasonable. As set forth above, given the current discovery closure date of February 29, 2008, NEGasCo opposes that portion of movants' motions that seek a complete stay of all discovery. NEGasCo is willing to work with plaintiffs and third-party defendants to promptly meet and confer to in an effort to reach consensus on a revised discovery plan, and in the interim to reasonably accommodate third-party defendants with respect to ongoing discovery.

## CONCLUSION

For the foregoing reasons, third-party defendants' motions for protective order should be granted to the extent they seek a reasonable adjournment of Mr. Souza's deposition.

Dated: October 10, 2007

**ADLER POLLOCK & SHEEHAN P.C.**

*/s/ David A. Wollin*
John A. Tarantino (#2586)
David A. Wollin (#4950)
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
(401) 274-7200
Fax: (401) 351-4607

**KASOWITZ, BENSON, TORRES & FRIEDMAN LLP**
Eric D. Herschmann
David E. Ross
Seth Davis
Noelle M. Kowalczyk
1633 Broadway
New York, New York 10019
(212) 506-1700

**BISHOP, LONDON, BROPHY, & DODDS**
Christina Dodds
3701 Bee Cave Road, Suite 200
Austin, Texas 78746
(512) 479-5000

**HINCKLEY, ALLEN & SNYDER**
Gerald J. Petros (#2931)
Robin L. Main (#4222)
50 Kennedy Plaza
Providence, RI
(401) 274-2000

*Attorneys for Defendant*
*New England Gas Company,*
*an unincorporated division of*
*Southern Union Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of October, 2007, I did send a true copy of the within document by electronic means (ECF) to the following:

| | |
|---|---|
| Robert J. McConnell, Esq.<br>Michael G. Rousseau, Esq.<br>Jonathan D. Orent, Esq.<br>Motley Rice LLC<br>321 South Main Street<br>Providence, RI 02940 | Neil T. Leifer<br>Thornton & Naumes, LLP<br>100 Summer Street, 30th Floor<br>Boston, MA 02110 |
| Mark W. Roberts<br>McRoberts, Roberts & Rainer, LLP<br>53 State Street<br>Boston, MA 02109 | Paul Revere, III, Esq.<br>Law Offices of Paul Revere, III<br>297 North Street, Suite 337<br>Hyannis, MA 02601 |
| Russell X. Pollock, Esq.<br>Campbell, Campbell, Edwards & Conroy, PC<br>One Constitution Plaza<br>Boston, MA 02129 | Brian R. Cunha, Esq.<br>Brian Cunha & Associates, P.C.<br>904 Broadway<br>East Providence, RI 02914 |
| Bruce Gregory Tucker, Esq.<br>55 Hammarlund Way<br>Middletown, RI 02842 | Richard J. Zabbo, Esq.<br>Ratcliffe Burke Harten & Elias LLP<br>160 Financial Plaza<br>Providence, RI 02903 |
| Gregory L. Benik<br>Nixon Peabody LLP<br>One Citizens Plaza<br>Providence, RI 02903 | Paul M. Sanford<br>Burns & Levinson LLP<br>One Citizens Plaza<br>Suite 1100<br>Providence, RI 02903 |

/s/ *David A. Wollin*

*431680_1.doc*