**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **GAIL, JOHN D. AND JOHN F. CORVELLO; et al., Plaintiffs,** | ) | |
| **v.** | ) | **C.A. No. 05-221T** **(Related Case No. 05-274T, 05-370T, 05-522T)** |
| **NEW ENGLAND GAS COMPANY, INC.; Defendant.** | ) | |

**PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER**
**TO ENJOIN DEFENDANT'S FURTHER ABUSE**
**AND HARRASMENT OF AN 88 YEAR OLD FACT WITNESS**

The plaintiffs in the above-captioned matter hereby move pursuant to Fed.R.Civ.P. 26(c) and the inherent authority of this Court to preserve the integrity of the judicial process for a Protective Order calculated to protect a non-party fact witness from further annoyance, embarrassment and oppression by *pro hac vice* counsel for defendant Southern Union. This motion arises in connection with an effort by the plaintiffs to preserve testimony of an elderly percipient witness. As indicated below, this witness feels so oppressed by the conduct of defense counsel that he is no longer willing to expose himself to questioning that is obviously designed to confuse and humiliate him. *See*, Aff. of Michael Marran, Esq., attached as Exhibit 1. Southern Union should not benefit from the abusive tactics of its counsel.

This is not the first time that a party has had to seek protection of this witness from the conduct of *pro hac vice* counsel for Southern Union. An administrative law judge presiding over a parallel proceeding between Southern Union and the Rhode Island

Department of Environmental Management found his practices to be "both unprofessional and discourteous,"[1] and enjoined *pro hac vice* counsel from conducting any further examination of this witness. Order Granting in Part and Den. in Part OC&I's Mot. for Protective Order Concerning the Dep. of Joseph Souza, at 4, May 15th 2007, attached as Exhibit 2. That finding was upheld following an appeal by Southern Union to the Rhode Island Superior Court. Decision, Aug. 31, 2007, attached as Exhibit 3. Despite these findings and admonitions, the same counsel for Southern Union has again abused and harassed this witness, this time to the point where the witness is no longer willing to testify.

When Jose Souza was a young man he worked for a company that collected and hauled goal gasification waste from the Fall River Gas Company, the predecessor in interest to Southern Union, and disposed of that waste in the town of Tiverton. This case is about whether Southern Union is liable in damages to scores of homeowners in Tiverton who today live within a moratorium area because of the discovery of coal gasification waste on and around their properties. There are very few people still alive with first hand knowledge of these facts. Jose Souza is one of them and he is 88 years old.

Given the relevance of his observations, and his age, the plaintiffs have sought to preserve his testimony *de bene esse* since August 2006. On February 15, 2007, Mr. Souza gave videotaped testimony in the DEM proceeding against Southern Union in which he described the collection of coal gasification waste from Fall River and disposal

---

[1] The Hearing officer went on to find that *pro hac vice* counsel's behavior was discourteous "not only to opposing counsel but to his brothers and sisters of the bar that were present for this most unfortunate altercation and this non-party witness who attempted to sit stoically in the crossfire until the tone of the exchange caused him to remark 'Hope you guys didn't bring any guns.'" Order, at 4, May 15th 2007.

of the same in the town of Tiverton. As the above-cited rulings amply demonstrate, the second day of cross examination of Mr. Souza by *pro hac vice* counsel for Southern Union was discourteous and abusive. That experience, alone, was more than any witness, especially an elderly person, should have to tolerate. Thus, although counsel for the plaintiffs in the case at bar were not present and therefore never had a chance to question Mr. Souza, counsel for the plaintiffs suggested to counsel for Southern Union that the parties simply deem that testimony as having been taken in this case and leave this man alone. Letter to John A. Tarantino, Esq. and David E. Ross, Esq., dated May 31st, 2007, attached as Exhibit 4. Southern Union refused and insisted on taking the discovery deposition that is the subject of this motion.

By agreement, the discovery deposition is limited to 5 hours. The first 2 hours were taken on October 12, 2007 and the balance is scheduled for October 26, 2007. See Souza Dep., Oct. 12, 2007, attached as Exhibit 6. As was the case in the March 8, 2007 examination by *pro hac vice* counsel in the DEM deposition, the examination conducted on October 12, 2007 made no inquiry into Mr. Souza's work nor his observations about the coal gasification plant in Fall River or the disposal of waste from the plant in Tiverton. Indeed, the words coal gasification or Fall River Gas Company were never uttered and the subject never addressed. Instead, the examination on October 12, 2007 repeated themes already explored in the DEM proceeding, and again focused on collateral minutia about Mr. Souza's personal history, including the names and ages of his many brothers, sisters, children and grandchildren (*compare* Souza Dep., March 8, 2007 at 63-66, attached as Exhibit 6, with Souza Dep., October 12, 2007 at 13-15 and 27-29), his military service (*compare* March 8, 2007 at 66-71, 73-74 with October 12, 2007

15-23, 38-42) , his family's farm (*compare* March 8, 2007 at 23, 38-40 with October 12, 2007 at 42-45, 62-64) and other matters that were obviously designed to confuse and humiliate him. And it worked.

At multiple times during the October deposition, Mr. Souza rightly expressed his exasperation, including an exchange in which defense counsel repeatedly suggested that Mr. Sousa had trouble remembering things from a long time ago, to which Mr. Souza responded that "I should have never came here." Souza Dep., October 12, 2007, 65:4-22.

It is not fair to subject this witness to any further harassment. Indeed, his counsel indicates that neither Mr. Souza nor his family want him to suffer any more abuse. Their position is understandable. However, his observations are very important to this case and the plaintiffs have never had an opportunity to take his testimony. Southern Union should not be permitted to benefit from the oppressive conduct of its counsel and the plaintiffs should not be deprived of presenting this evidence to a jury.

Fed.R.Civ.P. 26 (c) provides that in circumstances such as this a court is well within its authority to "make any order which justice requires to protect a party or person from annoyance, embarrassment, [or] oppression …" Such an order is appropriate here. Plaintiffs request that the Court terminate the discovery deposition and, assuming that Mr. Souza is reassured by the Court, direct the parties to conduct the *de bene esse* deposition in the presence of the Court.

Dated this 19th day of October, 2007.

Attorneys for the Plaintiffs Gail, John D.
and John F. Corvello, et al,
By their Attorneys

/s/ Robert J. McConnell
Robert J. McConnell (#3888)
Jonathan D. Orent (#7408)
**MOTLEY RICE, LLC**
321 South Main Street
Providence, RI 02940
(401) 457-7700

David C. Strouss
Neil T. Leifer
Brad J. Mitchell
Christian F. Uehlein
**THORNTON & NAUMES, LLP**
100 Summer Street, 30th Floor
Boston, MA 02110
(617) 720-1333

Mark W. Roberts
**MCROBERTS, ROBERTS & RAINER, LLP**
53 State Street
Boston, MA 02109
(617)-722-8222
(617)-720-2320 Fax

**Certificate of Service**

I hereby certify that on this 19th day of October, 2007, a copy of the foregoing was served by electronic filing and first class U.S. mail, postage prepaid, upon counsel of record.

/s/ Robert J. McConnell
Robert J. McConnell