On May 15, 2007, the RIDEM AAD's Chief Hearing Officer issued a Discovery Order ("Order") granting in part and denying in part RIDEM's Motion for a Protective Order. The Hearing Officer found that "nineteen minutes into the deposition there was a lengthy exchange between Attorney Herschmann and Attorney Weiner focusing on the relevancy of questions and the alleged repetition of questions." Order at 1. In her Order, the Hearing Officer noted that Mr. Weiner repeatedly asked Mr. Herschmann to suspend the deposition to seek a ruling from the hearing officer, but his requests were met with varying negative responses, such as the following:

> Mr. HERSCHMANN: You can do whatever you want . . . You got an attorney. Go do whatever you want. I'm continuing the deposition.
> Mr. WEINER: I'm going to call the hearing officer.
> Mr. HERSCHMANN: Have a good time. (Tr. p. 28.)

And later in the exchange:

> Mr. WEINER: Mr. Herschmann, are you refusing to go off the record so that we can contact the hearing officer?
> Mr. HERSCHMANN: I'm continuing with the inquiry now.
> Mr. WEINER: Are you refusing—
> Mr. HERSCHMANN: You can take a recess.
> Mr. WEINER: Are you refusing my request—
> Mr. HERSCHMANN: I'm not answering your questions.
> Mr. WEINER: —to contact the hearing officer?
> Mr. HERSCHMANN: We're done with this.
> Mr. WEINER: Are you refusing my request to contact the hearing officer?
> Mr. HERSCHMANN: Mr. Souza, let me continue to ask questions of you because Mr. Weiner obviously doesn't want to act professionally.
> Mr. WEINER: Are you refusing my request to contact the hearing officer?
> The WITNESS: Hope you guys didn't bring any guns.
> Mr. HERSCHMANN: Exactly. Good point. (Tr. p. 32.)

And yet again:

> Mr. WEINER: Are you refusing—
> Mr. HERSCHMANN: I am continuing—
> Mr. WEINER: —my request to contact the hearing officer?

> Mr. HERSCHMANN: You can contact anybody you want. I'm not taking a recess when a question is pending after you made your long speaking objection.
> Mr. WEINER: So—so after he answers the question—
> Mr. HERSCHMANN: No, I will—
> Mr. WEINER: —will you agree to contact the hearing officer?
> Mr. HERSCHMANN: I am going to finish a series of questions whether you like the answers or not. You want to object? Preserve it. (Tr. p. 33-34).

See Order at 2-3. The Hearing Officer further found that "Mr. Herschmann acted in a manner that was both unprofessional and discourteous not only to opposing counsel but to his brothers and sisters of the bar who were present for this most unfortunate altercation and to the non-party witness who attempted to sit stoically in the crossfire . . . ." (Id. at 4-5.) The Hearing Officer noted the following exchange:

> Mr. HERSCHMANN: Please stop it. Grow up. Will you stop it? Are you serious? Let's go. (Tr. p. 27.)
> Mr. HERSCHMANN: Mr. Souza, he is trying to make sure you don't testify truthfully. (Tr. p. 24)
> Mr. HERSCHMANN: Mr. Souza, let me continue to ask questions of you because Mr. Weiner obviously doesn't want to act professionally. (Tr. p. 32)

Noting that Mr. Weiner "asked opposing counsel more than *ten* times to accede to contacting the hearing officer for a ruling," the Hearing Officer found Southern Union's assertion that Mr. Weiner never asked for a recess or break to contact the hearing officer to be incorrect. Finding the manner in which the March 8th deposition was conducted to be of "imminent concern," the Hearing Officer found that the "deposition was conducted in a manner so as to unreasonably embarrass and annoy a party and to oppress the witness."[2] Repeating that the witness is an eighty-seven year old, non-party who

[2] The Hearing Officer also noted the following exchange:

> Mr. WEINER: I'm going to call the hearing officer.
> Mr. HERSCHMANN: Have a good time.

appeared voluntarily and was not represented by counsel, the Hearing Officer found the behavior of Southern Union's counsel to be "disrespectful and flippant. His remarks to opposing counsel were personal attacks on opposing counsel's character and integrity in the presence of the witness."

The Hearing Officer thereby ordered that the remainder of Mr. Souza's deposition would be permitted to continue, but the cross-examination of Mr. Souza would be limited to ninety (90) minutes, inclusive of breaks. The Hearing Officer also ordered that Mr. Petros conduct the remainder of the cross-examination, that "[c]ounsel shall refrain from cueing the deponent by objecting in any manner other than stating an objection for the record followed by a word or two describing the legal basis for the objection," and "[c]ounsel shall refrain from dialogue on the record during the course of the deposition." Order at 7-8.

On June 14, 2007, the Appellant timely filed a complaint appealing the Hearing Officer's decision requesting that the Order be overturned on the grounds that it is not supported by any record showing that Mr. Souza was unreasonably annoyed, embarrassed or oppressed during the deposition, and that the Order imposes a drastic remedy which is more restrictive than necessary. Appellant's Reply Br. to Defendants' Opposition to Appeal at 2. Defendant filed a memorandum of law in opposition to Appellant's appeal, and Appellant filed a memorandum of law replying to Defendant's opposition. The parties agreed to a stipulation limiting the record. Appellants' appeal is currently before this Court.

---

Mr. WEINER: Mr. Souza, would you please leave the room?
Mr. HERSCHMANN: Mr. Souza, don't get up. Mr. Souza, listen to me.
Mr. WEINER: Mr. Souza—
The WITNESS: What am I supposed to—
Mr. HERSCHMANN: You are here—you are here to answer questions. (Tr. pp. 28-29.)

II

Arguments

Appellant argues that the Hearing Officer's Order should be overturned because it improperly focuses on the interaction between the attorneys and is not supported by any record showing that Mr. Souza was unreasonably annoyed, embarrassed or oppressed during the deposition. Appellant's Reply Br. to Defendants' Opposition to Appeal at 2. Appellant argues that the Hearing Officer did not show good cause for issuance of the protective order as required by Rule 26(c), which is referenced by Rule 30. Appellant further argues that by forbidding Mr. Herschmann from continuing cross-examination and limiting the remaining cross-examination of Mr. Souza to ninety (90) minutes, the Order imposes a drastic and prejudicial remedy that is more restrictive than necessary. Id. at 3-4.

Defendant argues that the Hearing Officer's Order should be upheld because the hearing officer is empowered to limit and control discovery under R.I.G.L. 1956 § 42-17.7-5(3), the Administrative Rules of Practice and Procedure for the Department of Environmental Management's Administrative Adjudication Division for Environmental Matters 12-01001, and the Rhode Island Superior Court Rules of Civil Procedure (the "Superior Court Rules") Rule 30(d)(2) and (3). Defendant's Br. in Opposition to Appellant's Appeal at 6-7. Defendant contends that Appellant incorrectly asserts that the Hearing Officer may impose limits on depositions only upon showing of good cause because the 1995 amendment to Rule 30 removed the good cause requirement. Defendant argues that even if good cause was required, the evidence in this case provides such good cause. Id. at 8 Defendant further contends that the Hearing Officer did not

abuse her discretion by issuing the Order because the record reveals conduct that warrants limiting the remainder of Mr. Souza's cross-examination and the Hearing Officer tailored a specific remedy by allowing the deposition to continue with a limited duration and change in counsel. Id. at 8-12.

III

Standard of Review

G. L. 1956 § 42-35-15 (g) governs the Superior Court's scope of review for an appeal of a final agency decision or interlocutory order. Section 15 (g) provides the following in relevant part:

> The Court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
>
> (1) In violation of constitutional or statutory provisions;
> (2) In excess of the statutory authority of the agency;
> (3) Made upon unlawful procedure;
> (4) Affected by other error of law;
> (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

The Superior Court's review is confined to determining whether substantial evidence exists to support the decision. Newport Shipyard, Inc. v. Rhode Island Commission for Human Rights, 484 A.2d 893 (R.I. 1984). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion, and means an amount more than a scintilla but less than a preponderance." Caswell v. George Sherman

Sand & Gravel Co., 424 A.2d 646, 647 (R.I. 1981). However, where an agency's findings are "completely devoid of competent evidentiary support in the record," or by the reasonable inferences that can be drawn from them, then the findings made by the agency are not controlling upon this Court. Milardo v. Coastal Resources Management Council, 434 A.2d 266, 270 (R.I. 1981); Millerick v. Fascio, 120 R.I. 9, 384 A.2d 601 (1978).

IV

Analysis

*Prehearing Procedures: Limitations on Discovery*

In section 5(3) of the Administrative Adjudication for Environmental Matters Act, G.L. 1956 § 42-17.7, the Rhode Island General Assembly has empowered the Director of RIDEM with the following functions:

> The director with the assistance of the chief hearing officer shall promulgate by regulation such other prehearing procedures and/or hearing procedures as deemed necessary including the use of portions of the superior court civil rules of discovery where they are not inconsistent with the applicable provisions of the Administrative Procedures Act, chapter 35 of this title. G.L. § 42-17.7-5(3).

In keeping with G.L. 1956 § 42-17.7-5(3), the Administrative Rules of Practice and Procedure for the Department of Environmental Management's Administrative Adjudication Division for Environmental Matters ("Administrative Rules") 12-010-001 establishes prehearing discovery procedures using portions of Superior Court Rules 30(d) and 26(c). Administrative Rule 12-010-001 § 12.00 provides that

> The AHO [administrative hearing officer] in his/her discretion, may establish limits on such discovery,

> including, but not limited to, when discovery shall commence and close.

A party "may request of the . . . AHO any order or action not inconsistent with law or these regulations." Administrative Rule 12-010-001 § 8.00(a). Further, the "types of motions made shall be those which are permissible under these [Administrative] Rules and the R.I. Superior Court Civil Rules of Procedure." Id.

Rule 30(d)(3) of the Superior Court Rules provides the following in pertinent part:

> At any time during a deposition, on motion of a party or of the deponent and upon a showing that the examination is being conducted in bad faith, or in such manner as unreasonably to annoy embarrass, or oppress the deponent or party, the court in which the action is pending or the court in the county where the deposition is being taken may order the officer or examining attorney conducting the examination to cease forthwith from taking the deposition or may limit the scope and manner of the taking of the deposition as provided in Rule 26(c).

Rule 26(c) of the Superior Court Rules provides in relevant part:

> Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with the other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the county where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following . . .
>
> > (2) that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place . . .
> >
> > (5) that discovery be conducted with no one present except persons designated by the court . . . .

It is well-established under Rhode Island law that a trial justice has broad discovery in handling discovery matters. Menard v. Blazar, 669 A.2d 1160, 1161 (R.I.

1996) (citing Kelvey v. Coughlin, 625 A.2d 775, 776 (R.I.1993); Bashforth v. Zampini, 576 A.2d 1197, 1201 (R.I.1990); Greenwald v. Selya & Iannuccillo, Inc., 491 A.2d 988, 989 (R.I.1985)). A trial justice's decision to allow or deny discovery is reviewable only for an abuse of discretion. Id. Further, because the Rhode Island Superior Court Rules parallel the federal rules, the Rhode Island Supreme Court looks to federal law where Rhode Island case law is sparse in the area of civil procedure. Kelvey, 625 A.2d at 775 (citing Cabral v. Arruda, 556 A.2d 47, 49 (R.I. 1989); Smith v. Johns-Manville Corp., 489 A.2d 336, 339 (R.I. 1985); Nocera v. Lembo, 111 R.I. 17, 20, 298 A.2d 800, 803 (1973)).

The Rhode Island Supreme Court has established "generally applicable" conditions for depositions in the seminal case Kelvey v. Coughlin:

> 1. Counsel for the deponent shall refrain from gratuitous comments and directing the deponent in regards to times, dates, documents, testimony, and the like.
>
> 2. Counsel shall refrain from cuing the deponent by objecting in any manner other than stating an objection for the record followed by a word or two describing the legal basis for the objection.
>
> 3. Counsel shall refrain from directing the deponent not to answer any questions submitted unless the question calls for privileged information.
>
> 4. Counsel shall refrain from dialogue on the record during the course of the deposition.
>
> 5. If counsel for any party or person given notice of the deposition believes these conditions are not being adhered to, that counsel may call for suspension of the deposition and then immediately apply to the court in which the case is pending, or the court in which the case will be brought, for an immediate ruling and remedy. Where appropriate sanctions should be considered. Kelvey, 625 A.2d at 777.

Clarifying the appropriate role for counsel in depositions, the Court has explained that the Kelvey conditions proscribe counsel from acting as a justice in determining the propriety of questions. Cunningham v. Heard, 667 A.2d 537, 539 (R.I.1995). In fact, the "only instance in which an attorney is justified in instructing a deponent not to answer is when the question calls for information that is privileged." Kelvey, 625 A.2d at 776.

"At any time during the taking of a deposition and on motion of any party or of the deponent, the court may order the counsel conducting the examination to cease forthwith from taking the deposition or the court may limit the scope and manner of the taking of the deposition as provided in Rule 26(c)." Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2116. The trial court may order that discovery be conducted with no one present except persons designated by the court. Super. Ct. R. of Civ. P. 26; Galella v. Onassis, 487 F.2d 986 (2nd Cir. 1973); Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2041. The Rhode Island Supreme Court has found that there is no abuse of discretion in ordering a defendant to resubmit to deposition when a previous deposition taken was adversely affected by improper and gratuitous comments, objections, and instructions made by counsel interfering with useful discovery. Kelvey, 625 A.2d at 777. Furthermore, one factor to be considered in deciding to issue a Rule 30(d) protective order is the "physical condition of the witness and the adequacy of the examination that has already taken place." Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2116 (citing De Wagenknecht v. Stinnes, 243 F.2d 413 (C.A. 1957), where the trial judge could not be charged with abuse of discretion in terminating cross-examination of a party when fair and ample opportunity

to cross-examine had been given, the advanced age of the witness (82 years), and the delicate state of her health made it appear that further examination would be oppressive).

In the present case, the RIDEM Hearing Officer issued her discovery order pursuant to DEM Administrative Rule 12-010-001 § 12.00, limiting conditions on Mr. Souza's remaining deposition to ninety (90) minutes and specifying that the remainder be conducted by Mr. Petros, not Mr. Herschmann. In accordance with G.L. § 42-17.7-5(3), and the Rhode Island Superior Court Rules of Civil Procedure, the Hearing Officer assisted in promulgating prehearing procedures as necessary using Rules 30 and 26 during the course of Mr. Souza's deposition, due to the manner in which Mr. Herschmann conducted the initial session of Mr. Souza's deposition.

Mr. Herschmann's conduct violated multiple criteria of the Kelvey standards for depositions. Mr. Herschmann's responses to Mr. Weiner - stating "[g]row up. Will you stop it? Are you serious? Let's go . . . ," "[h]ave a good time," and "Mr. Weiner obviously doesn't want to act professionally" - are gratuitous comments serving no purpose other than to disrupt and intimidate. 3/8/2007 Tr. at 27; Kelvey, 625 A.2d at 776. Mr. Herschmann's comments - stating "Mr. Souza, he [Mr. Weiner] is trying to make sure you don't testify truthfully," "don't get up. Mr. Souza, listen to me," and "Mr. Souza, let me continue to ask questions of you because Mr. Weiner obviously doesn't want to act professionally" - are cues to the deponent objecting in a manner other than stating an objection for the record followed by a word or two describing the legal basis for the objection. 3/8/2007 Tr. at 24, 28, 29, 32; Kelvey, 625 A.2d at 776. Mr. Hershmann did not refrain from dialogue on the record during the course of the deposition. Kelvey, 625 A.2d at 776. Furthermore, Mr. Herschmann's responded to Mr.

Weiner's request for a hearing officer's ruling on the appropriateness of his questions by stating that "I am going to finish a series of questions whether you like the answers or not," and "[y]ou can do whatever you want . . . You got an attorney. Go do whatever you want. I'm continuing the deposition." 3/8/2007 Tr. at 33-34. The Court has explained that the Kelvey conditions proscribe counsel from acting as a justice in determining the propriety of questions. Cunningham, 667 A.2d at 539. Therefore, Mr. Herschmann did not conduct Mr. Souza's deposition in accordance with the Kelvey criteria. His behavior was boorish and unprofessional.

The Hearing Officer's specification of which counsel would continue the deposition was not in excess of authority since she may act in accordance with the Superior Court Rules of Civil Procedure, which allow the scope and manner of a deposition to be limited as provided in Rule 26 (c ) by ordering that discovery be conducted with no one present except persons designated by the court. Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2116, § 2041; Galella v. Onassis, 487 F.2d 986 (2nd Cir. 1973). Rule 30's reference to Rule 26(c) does indicate that good cause is required for issuance of a protective order, and this Court finds good cause for the protective order in this case. The physical condition of Mr. Souza at eighty-seven (87) years of age, his request that the deposition be terminated, and the fair and ample opportunity to cross-examine in the previous deposition are factors to consider in determining that further testimony of long duration would be oppressive . Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2116; De Wagenknecht v. Stinnes, 243 F.2d 413 (C.A. 1957). Mr. Hershmann's conduct interfered with useful discovery. His improper and gratuitous comments, objections, and instructions caused Mr. Sousa to

comment that "[I] [h]ope you guys didn't bring any guns." 3/8/2007 Tr. at 32. Mr. Souza also suffered confusion as to his appropriate role and requested an end to the deposition. Kelvey, 625 A.2d at 777; 3/8/2007 Tr. at 28, 29, 32, 102. Furthermore, the Hearing Officer did not order a drastic remedy of prohibiting the continuance of Mr. Souza's deposition altogether, but merely limited the remaining time, and ordered that the attorney who had initially begun cross-examination of Mr. Souza conduct its remainder.

Although Southern Union argues that the deposition should not be limited because the Court's power to limit an examination should be sparingly used, Mr. Hershmann's inappropriate conduct and Mr. Souza's elderly condition indicate that the Hearing Officer's decision was not clearly erroneous in view of the reliable, probative, and substantial evidence on the record. Therefore, this Court upholds the Hearing Officer's Order limiting the time and counsel for the remainder of Mr. Souza's deposition.

**Conclusion**

After a review of the entire record, this Court finds that the Board's decision is supported by reliable, probative, and substantial evidence, and is not affected by error of law. The RIDEM Hearing Officer did not abuse her discretion or act in violation of statutory provisions. The substantial rights of the appellant have not been prejudiced. Accordingly, the Hearing Officer's discovery order is affirmed.

Counsel shall submit an Order for entry consistent with this Decision.

# Exhibit 4

MotleyRice
Robert J. McConnell
Licensed in MA & RI
DIRECT DIAL 401.457.7703
DIRECT FAX 401.457.7708
BMcconnell@motleyrice.com

May 31, 2007

John A. Tarantino, Esq.
David A. Wollin, Esq.
ADLER, POLLOCK & SHEEHAN
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345

David E. Ross, Esq.
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
1633 Broadway
New York, NY 10019

Re: Corvello et al v. New England Gas Co., C.A. No. 05-221T

Gentlemen:

I am writing concerning the deposition of Jose Souza in the Corvello case. As you know, Magistrate Martin issued an order on this matter last fall. David Ross and I reached a subsequent agreement earlier this year on procedural issues.

I recently have reviewed the two transcripts of Mr. Souza's deposition in the Administrative Adjudication case as well as Chief Hearing Officer Lanphear's May 15, 2007 Order imposing guidelines on how this testimony is to be completed. What is objectively clear is that this witness is an 87-year-old man whose factual testimony in both the AAD and federal court cases is exactly the same. He has already endured a lot in the AAD proceeding and he potentially is still subject to ninety more minutes of cross-examination by Defendants, and fifteen minutes of re-direct testimony.

In light of the amount of testimony that Mr. Souza already has given, and will further give, in the AAD proceeding, in light of the exact similarity of his testimony in both proceedings and, most importantly, in light of Mr. Souza's advanced age, I propose that the interests of all concerned will be fairly served if we agree that his deposition in the AAD matter may be deemed as if taken in the Corvello case. I think that, under the entirety of these circumstances, this is the most appropriate course to take.

Please let me know if this proposal is acceptable to Southern Union.

Very truly yours,

Robert J. McConnell

RJM:lmg

bcc: Neil T. Leifer, Esq.
Mark W. Roberts, Esq.