**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

GAIL CORVELLO, et al.,
KEVIN BURNS, et al.,
COLLEEN BIGELOW, et al., and
SHEILA REIS, et al.,

Plaintiffs,

vs.

NEW ENGLAND GAS COMPANY,

Defendant/Third Party

Plaintiff,

vs.

BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC; BRIDGESTONE AMERICAS HOLDINGS, INC.; HONEYWELL INTERNATIONAL, INC.; TOWN OF TIVERTON; GULF OIL CORPORATION; INLAND FUEL TERMINALS, INC.; DOMINION RESOURCES, INC., and DOMINION ENERGY BRAYTON POINT LLC,

Third-Party Defendants

C.A. No. 05-221T
(Related Cases:05-274T; 05-370T; 05-522T)

**TOWN OF TIVERTON'S ANSWER TO THIRD-PARTY COMPLAINT**

1. Third-Party Defendant Town of Tiverton ("Tiverton") has insufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 1 of the Third-Party Complaint and therefore denies the same.

2. The allegations contained in paragraph 2 of the Third-Party Complaint are not directed to Tiverton and Tiverton does not respond to the allegations. To the extent the allegations call for a

response from Tiverton, Tiverton denies the same.

3. The allegations contained in paragraph 3 of the Third-Party Complaint are not directed to Tiverton and Tiverton does not respond to the allegations. To the extent the allegations call for a response from Tiverton, Tiverton denies the same.

4. Admitted that Tiverton is a municipal corporation within the State of Rhode Island.

5. The allegations contained in paragraph 5 of the Third-Party Complaint are not directed to Tiverton and Tiverton does not respond to the allegations. To the extent the allegations call for a response from Tiverton, Tiverton denies the same.

6. The allegations contained in paragraph 6 of the Third-Party Complaint are not directed to Tiverton and Tiverton does not respond to the allegations. To the extent the allegations call for a response from Tiverton, Tiverton denies the same.

7. The allegations contained in paragraph 7 of the Third-Party Complaint are not directed to Tiverton and Tiverton does not respond to the allegations. To the extent the allegations call for a response from Tiverton, Tiverton denies the same.

8. The allegations contained in paragraph 8 of the Third-Party Complaint are not directed to Tiverton and Tiverton does not respond to the allegations. To the extent the allegations call for a response from Tiverton, Tiverton denies the same.

9. Paragraph 9 contains purported legal conclusions to which Tiverton is not obligated to respond. To the extent a response is required, Tiverton denies the same.

10. Paragraph 9 contains purported legal conclusions to which Tiverton is not obligated to respond. To the extent a response is required, Tiverton denies the same.

11. Admitted.

12. The allegations contained in paragraph 12 of the Third-Party Complaint are not directed

to Tiverton and Tiverton does not respond to the allegations. To the extent the allegations call for a response from Tiverton, Tiverton denies the same.

13. The allegations contained in paragraph 13 of the Third-Party Complaint are not directed to Tiverton and Tiverton does not respond to the allegations. To the extent the allegations call for a response from Tiverton, Tiverton denies the same.

14-17. The allegations contained in paragraphs 14 through 17 of the Third-Party Complaint are not directed to Tiverton and Tiverton does not respond to the allegations. To the extent the allegations call for a response from Tiverton, Tiverton denies the same.

18-21. The allegations contained in paragraphs 18 through 21 of the Third-Party Complaint are not directed to Tiverton and Tiverton does not respond to the allegations. To the extent the allegations call for a response from Tiverton, Tiverton denies the same.

22. The allegations contained in paragraph 22 relative to Tiverton are denied. To the extent paragraph 22 references RIDEM communications, those communications speak for themselves and were later rescinded.

23. The allegations of paragraph 23 are denied.

24. The allegations of paragraph 24 are denied.

25. The allegations of paragraph 25 are denied.

26. The allegations of paragraph 26 are denied.

27. The allegations of paragraphs 27 are admitted.

28. The allegations of paragraph 28 are denied.

29-36. The allegations contained in paragraphs 29 through 36 of the Third-Party Complaint are not directed to Tiverton and Tiverton does not respond to the allegations. To the extent the allegations call for a response from Tiverton, Tiverton denies the same.

37-40. The allegations contained in paragraphs 37 through 40 of the Third-Party Complaint are not directed to Tiverton and Tiverton does not respond to the allegations. To the extent the allegations call for a response from Tiverton, Tiverton denies the same.

41-44. The allegations contained in paragraphs 41 through 44 of the Third-Party Complaint are not directed to Tiverton and Tiverton does not respond to the allegations. To the extent the allegations call for a response from Tiverton, Tiverton denies the same.

45. Tiverton repeats and realleges its responses to paragraphs 1 through 44 as if fully set forth herein.

46. To the extent paragraph 46 is directed to Tiverton, Tiverton denies the same.

47. Tiverton repeats and realleges its responses to paragraphs 1 through 46 as if fully set forth herein.

48. To the extent paragraph 48 is directed to Tiverton, Tiverton denies the same.

49. To the extent paragraph 49 is directed to Tiverton, Tiverton denies the same.

## AFFIRMATIVE DEFENSES

1. The third-party complaint as it relates to Tiverton fails to state a claim upon which relief can be granted.

2. To the extent third-party plaintiff's claims are based on alleged actions that occurred outside the applicable statutes of limitations, such claims are barred.

3. Third-party plaintiff's claims are barred, in whole or in part, for failure to exercise reasonable diligence in mitigating its alleged damages.

4. If third-party plaintiff is found ordered to pay damages to the plaintiffs, its claims herein

are barred because such damages are the result of third-party plaintiff's own conduct.

5. Third-party plaintiff's claims are barred by the doctrine of unclean hands.

6. Third-party plaintiff's claims are barred in whole or in part by the doctrines of issue preclusion, collateral estoppel and/or res judicata.

7. Tiverton reserves the right to subsequently assert other defense(s) of which it becomes aware during the course of this proceeding.

WHEREFORE, Tiverton demands judgment dismissing the third-party complaint with prejudice, together with costs, reasonable attorneys' fees and such other relief as the Court deems just and proper.

Town of Tiverton,
By its Attorneys,

*/s/Jeanne M. Scott*

Jeanne M. Scott, Esq. (#6178)
Ursillo, Teitz & Ritch, Ltd
2 Williams Street
Providence, RI 02903

(401) 331-2222
(401) 751-5257 (facsimile)
jeannescott@utrlaw.com

Dated: October 31, 2007

CERTIFICATE OF SERVICE

Gregory L. Benik, Esq.
Nixon Peabody, LLP
One Citizens Plaza
Providence, RI 02903
gbenik@nixonpeabody.com

David. A. Cetola
McRoberts, Robert and Rainer, LLP
53 State Street
Boston, MA 02109
dcetola@mcrobertslaw.com

Seth Davis, Esq.
Kasowitz, Benson, Torres & Friedman
1633 Broadway
New York, NY 10019

Christina C. Dodds, Esq.
Bishop London Brophy Dodds, P.C.
3701 Bee Cave Road
Austin, TX 78746
Cdodds@bishoplondon.com

Susan B. Forcier, Esq.
R.I. Dept. of Environmental Management
Office of Legal Services
235 Promenade Street, 4th Floor
Providence, RI 02908
susan.wilson@dem.ri.gov

Eric D. Herschmann, Esq.
Kasowitz Benson Torres & Friedman
1633 Broadway
New York, NY 10019
eherschmann@kasowitz.com

Heather Spurlock Kennealy, Esq.
McRoberts, Roberts and Rainer, LLP
53 State Street
Boston, MA 02109
hskennealy@mcrobertslaw.com

Noelle Kowalczyk, Esq.
Kasowitz Benson Torres & Friedman
1633 Broadway
New York, NY 10019

Neil T. Leifer, Esq.
Thornton & Naumes, LLP
100 Summer Street
Boston, MA 02110
nleifer@tenlaw.com

Robin-Lee Main, Esq.
Hinckley Allen & Snyder
50 Kennedy Plaza - Suite 1500
Providence, RI 02903-0819
rmain@haslaw.com

John J. McConnell, Jr., Esq.
Motley Rice LLC
321 South Main Street
Providence, RI 02903
jmcconnell@motleyrice.com

Robert J. McConnell, Esq.
Motley Rice LLC
321 South Main Street
Providence, RI 02903
bmcconnell@motleyrice.com

Brad J. Mitchell, Esq.
Thornton & Naumes, LLP
100 Summer Street
Boston, MA 02110
bmitchell@tenlaw.com

Michael Mitchell, Esq.
Department of Administration
One Capitol Hill
Providence, RI 02908
mmithcell@admin.ri.gov

Jonathan D. Orent, Esq.
Motley Rice LLC
321 South Main Street
Providence, RI 02903
jorent@motleyrice.com

Mark W. Roberts, Esq.
McRoberts, Roberts & Rainer, LLP
Exchange Place
53 State Street
Boston, MA 02109
mroberts@mcrobertslaw.com

Paul M. Sanford, Esq.
Burns & Levinson LLP
One Citizens Plaza - Suite 1100
Providence, RI 02903
psanford@burnslev.com

Kristen W. Sherman, Esq.
Adler, Pollock & Sheehan, P.C.
One Citizens Plaza - 8th Floor
Providence, RI 02903
ksherman@apslaw.com

Aileen L. Sprague, Esq.
Motley Rice, LLC
321 South Main Street
Providence, RI 02903
asprague@motleyrice.com

John A. Tarantino, Esq.
Adler, Pollock & Sheehan, P.C.
One Citizens Plaza - 8th Floor
Providence, RI 02903
jtarantino@apslaw.com

Christian F. Uehlein, Esq.
Thornton & Naumes, LLP
100 Summer Street
Boston, MA 02110
cuehlein@tenlaw.com

Craig R. Waksler, Esq.
Taylor, Duane, Barton & Gilman
Ten Dorrance Street - Suite 700
Providence, RI 02903
cwaksler@taylorduane.com

Gerald J. Petros, Esq.
Hinckley, Allen & Snyder
50 Kennedy Plaza - Suite 1500
Providence, RI 02903
gpetros@haslaw.com

David E. Ross, Esq.
Kasowitz Benson Torres & Friedman
1633 Broadway
New York, NY 10019
dross@kasowitz.com

Gregory S. Schultz, Esq.
R.I. Dept. Of Environmental Mgmt.
235 Promenade Street - 4th Floor
Providence, RI 02908
gregory.schultz@dem.ri.gov

Matthew B. Smith, Esq.
1206 Westminster Street
Providence, RI 02909
matthew@verdecchialaw.com

Christian Stephens, Esq.
Taylor Duane Barton & Gilman
Ten Dorrance Street - Suite 700
Providence, RI 02903
cstephens@taylorduane.com

Bruce Gregory Tucker, Esq.
55 Hammarlund Way
Middletown, RI 02842
btucker@legalmgt.com

Brian A. Wagner, Esq.
R.I. Dept. of Environmental Mgmt.
235 Promenade Street - 4th Floor
Providence, RI 02908
brian.wagner@dem.ri.gov

Brian Cunha, Esq.
Brian Cunha & Associates, P.C.
904 Broadway
East Providence, RI 02914
brian@briancunha.com

Lewis S. Wiener, Esq.
Sutherland, Asbill & Brennan LLP
1375 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2415
lewis.wiener@sablaw.com

Charles K. Mone, Esq.
Campbell Campbell Edwards & Conroy
One Constition Plaza
Boston, MA 02129
cmone@campbell-trial-lawyers.com

David B. Willis, Esq.
Legal Management Services, LLC
55 Hammarlund Way
Middletown, RI 02842
dwillis@legalmgt.com

David A. Wollin, Esq.
Adler, Pollock & Sheehan, P.C.
One Citizens Plaza - 8th Floor
Providence, RI 02903
dwollin@apslaw.com

Russell X. Pollock, Esq.
Campbell, Campbell, Edwards & Conroy
One Constitution Plaza
Boston, MA 02129

Jeffrey Bromme, Esq.
Arnold & Porter LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004-1206
Jeffrey.Bromme@aporter.com

Christopher P. McCormack, Esq.
Pullman & Comley, LLC
850 Main Street
P.O. Box 7006
Bridgeport, CT 06601-7006
cmccormack@pullcom.com

Thomas F. McGuire, Jr., Esq.
McGuire & Coughlin, P.C.
70 South Main Street
P.O. Box 1187
Fall River, MA 02722-1187
Tmcguire@meganet.com

William D. Wick, Esq.
Wactor & Wick, LLP
180 Grand Avenue - Suite 950
Oakland, CA 94612
bwick@ww-envlaw.com

Paul Revere, III, Esq.
Law Office of Paul Revere, III
297 North Street - Suite 337
Hyannis, MA 02601
revereiii@aol.com

Thomas F. McGuire, Jr., Esq.
Corporation Counsel
City of Fall River
One Government Center - 6th Floor
Fall River, MA 02722

Kenneth J. DeMoura, Esq.
Bingham McCutchen LLP
150 Federal Street
Boston, MA 02110

David A. Crichlow, Esq.
Pillsbury Winthrop Shaw Pittman
1540 Broadway
New York, NY 10036

Anthony J. Sbarra, Jr., Esq.
Campbell Campbell Edwards & Conroy
One Constitution Plaza
Boston, MA 02129
asbarra@campbell-trial-lawyers.com

David M. Goldberg, Esq.
Pillsbury Winthrop Shaw Pittman
1540 Broadway
New York, NY 10036
david.goldberg@pillsburylaw.com

Benjamin V. White, III
Vetter & White, Incorporated
20 Washington Place
Providence, RI 02903

Michael K. Marran
P.O. Box 6067
321 South Main Street
Providence, RI 02903-6067

Kimberly Simpson
Vetter & White, Incorporated
20 Washington Place
Providence, RI 02903
ksimpson@vetterandwhite.com

I hereby certify that I electronically filed this Answer to Third Party Complaint on October 31, 2007. The Motion is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the above-identified counsel of record will be effectuated by electronic means and by mailing first class mail, postage prepaid, to non-registered parties.

/s/ Trevor V. Fittro