**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| GAIL CORVELLO, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>NEW ENGLAND GAS COMPANY,<br><br>Defendant and<br>Third Party Plaintiff,<br><br>vs.<br><br>BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC; BRIDGESTONE AMERICAS HOLDINGS, INC.; HONEYWELL INTERNATIONAL INC.; TOWN OF TIVERTON; GULF OIL CORPORATION; INLAND FUEL TERMINALS, INC.; DOMINION RESOURCES, INC., and DOMINION ENERGY BRAYTON POINT LLC,<br><br>Third Party Defendants. | CIVIL ACTION NOS.<br>05-221T, 05-274T, 05-370T; 05-522T |

**THIRD PARTY DEFENDANT HONEYWELL INTERNATIONAL INC.'S MOTION TO JOIN AND ADOPT PLAINTIFFS' MOTION TO SEVER DEFENDANT NEW ENGLAND GAS COMPANY'S THIRD-PARTY COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 14(a), Third Party Defendant Honeywell International Inc. ("Honeywell"), by their undersigned counsel, hereby respectfully submit this Motion to Join and Adopt Plaintiffs' Motion to Sever Defendant New England Gas Company's Third Party Complaint from Plaintiffs' original action.

For reasons set forth in the attached Memorandum of Law, Honeywell respectfully requests that the Court sever the claims of Defendant New England Gas Company against all Third Party Defendants.

Respectfully submitted,

/s/ Gregory L. Benik
Gregory L. Benik (#1515)
NIXON PEABODY LLP
One Citizens Plaza
Providence, RI 02903
(401) 454-1000
gbenik@nixonpeabody.com
Counsel for
Honeywell International Inc.

Dated: October 31, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

GAIL CORVELLO, et al.,

Plaintiffs,

vs.

NEW ENGLAND GAS COMPANY,

Defendant and
Third Party Plaintiff,

vs.

BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC; BRIDGESTONE AMERICAS HOLDINGS, INC.; HONEYWELL INTERNATIONAL INC.; TOWN OF TIVERTON; GULF OIL CORPORATION; INLAND FUEL TERMINALS, INC.; DOMINION RESOURCES, INC., and DOMINION ENERGY BRAYTON POINT LLC,

Third Party Defendants.

CIVIL ACTION NOS.
05-221T, 05-274T, 05-370T; 05-522T

**THIRD PARTY DEFENDANT HONEYWELL INTERNATIONAL INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO JOIN AND ADOPT PLAINTIFFS' MOTION TO SEVER DEFENDANT NEW ENGLAND GAS COMPANY'S THIRD-PARTY COMPLAINT**

By this Motion, Third Party Defendant Honeywell International Inc. ("Honeywell") respectfully requests that the Court grant Plaintiffs' Motion to Sever Defendant New England Gas Company's Third Party Complaint, and order that these claims proceed as a separate action.[1]

[1] A copy of the Plaintiffs' Motion to Sever is attached hereto as Exhibit A.

The allegations set forth in the Third Party Complaint describe no evidence that Honeywell is responsible for contamination in any part of the Moratorium Area. In support of this Motion, Honeywell submits the following:

## I. FACTUAL AND PROCEDURAL HISTORY

For the sake of brevity, Honeywell will not repeat the factual history of this case, as set forth by Plaintiffs in their Motion to Sever. Rather, Honeywell incorporates and reiterates the factual circumstances set forth in pages 3 through 5 of the Motion to Sever. Honeywell adds only that on September 20, 2007, Defendant served Honeywell with the Third Party Complaint,[2] alleging that Third Party Defendants are liable for indemnification and/or contribution to Defendant in the event that Defendant is held liable. (*See* Third Party Compl. ¶¶ 45-49.)

## II. LEGAL ANALYSIS

Federal Rule of Civil Procedure 14(a) provides that "any party may move to strike [a] third party claim, or for its severance or separate trial." A motion to sever a claim and to try it separately is governed by Federal Rule of Civil Procedure 42(b), which provides:

> The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim . . . or third party claim, . . . always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

*See, e.g., Commw. Land Title Ins. Co. v. IDC Props., Inc.*, 482 F. Supp. 203, 206 (D.R.I. 2007). In deciding whether to sever claims and try them separately under Rule 42(b), a court should consider a number of factors, including whether separate trials will: avoid confusion of the issues; result in duplication of evidence; create a risk of inconsistent verdicts; result in an efficient use of judicial resources; and expedite or delay the proceedings. *Id.* (*citing Thorndike v.*

[2] A copy of the Third Party Complaint is attached hereto as Exhibit B.

*Daimler-Chrysler Corp.*, 220 F.R.D. 6, 7-8 (D. Me. 2004)). Further, the court should consider whether prejudice will result if severance is not granted. *Id.*

### A. Defendant's Third Party Claims Against Honeywell Should Be Severed From Plaintiffs' Original Action Because The Addition Of Honeywell Will Cause Confusion Of The Issues.

Plaintiffs' claims against Defendant are based on contamination of the Moratorium Area with coal gasification waste. (Compl. ¶¶ 16-22.) Plaintiffs' selection of New England Gas Company as Defendant resulted from available evidence that Defendant was involved in the coal gasification process and operated in the Moratorium Area. (*Id.*) Defendant, on the other hand, does not allege that Honeywell was involved in the manufacture or disposal of the kind of coal gasification waste materials found in the Moratorium Area. Rather, Defendant claims that: Honeywell manufactured Tarvia, a material used to pave roads during the early twentieth century; that Tarvia was applied to streets near the moratorium area; and that Tarvia "leached, washed or was carried" into the Moratorium Area soil. (Third Party Compl. ¶¶ 19-20.) As Plaintiffs acknowledge in their Motion to Sever, Tarvia does not produce blue soil or the ash, coal and metals contained in the Moratorium Area. (Mot. to Sever at 12.) Further, according to Plaintiffs, Tarvia has not been documented to be present on any of the residential properties in the Moratorium Area. (*Id.*)

Despite requests by Honeywell, Defendant has not yet provided documents demonstrating use of Tarvia on roads in the Moratorium Area, nor does Defendant articulate a legal theory of liability if Tarvia was so used. Indeed, on January 26, 2007, Defendant served Honeywell with a subpoena requesting any information in Honeywell's possession or control related to the sale of Tarvia to Fall River or Tiverton. However, Honeywell did not locate

documents establishing sales of Tarvia for use in Tiverton. Nevertheless, Defendant has now dragged Honeywell into a case that is nearing the discovery cutoff.

Thus, Defendant's claims against Honeywell appear to be based purely on the inference that, because Tarvia supposedly was used in the paving of roads in the Moratorium Area, there is a legal and factual basis for holding Honeywell responsible. Because Defendant's claims are unrelated to coal gasification contamination, inclusion of Honeywell in the proceedings will result in confusion of the issues.

### B. Defendant's Third Party Claims Against Honeywell Should Be Severed From Plaintiffs' Original Action Because The Current Discovery Schedule Will Result in Prejudice To Honeywell.

This Court has set a discovery cutoff date of February 29, 2008. (*See* Minute Entry, No. 1:05-cv-00221-T-DLM, Sept. 11, 2007.) Plaintiffs filed this action in May 2005, nearly two and a half years ago. Accordingly, Plaintiffs and Defendant have had extensive time in which to conduct discovery. Conversely, Honeywell was not joined to this action until one month ago, on September 20, 2007. To adhere to this Court's discovery schedule, Honeywell – which has only recently engaged counsel – will have four months in which to conduct its own depositions, expert preparation, document production and other discovery activities to ascertain the events of the last seventy-five years which gave rise to this action. Further, given Defendant's allegation that Tarvia contaminated the Moratorium Area – particularly in light of Plaintiffs' assertions that coal tar contamination has not been found in the Area – Honeywell will likely need to investigate the Moratorium Area itself to determine the nature of the contamination. Conducting these activities within such a narrow timeframe would be extremely difficult – if not impossible – for Honeywell to do. Honeywell would therefore be unfairly prejudiced absent severance.

Defendant, on the other hand, will suffer no prejudice in the event that this Court grants Plaintiffs' Motion to Sever, since, under Rhode Island law, a party who is held liable for damages is not required to seek contribution in the primary suit – he may recover damages from a joint tortfeasor in a separate action. *See* R.I. Gen. Laws § 10-6-1–11; *see also Roberts-Robertson v. Lombardi*, 598 A.2d 1380, 1381 (R.I. 1991) ("It is a well-settled doctrine that a plaintiff may recover . . . from a joint tortfeasor who has contributed to the injury in any degree. The joint tortfeasor may then seek contribution pursuant to statute either by a separate action or by impleading the fellow joint tortfeasor . . . ." (citation omitted)).

Finally, in the event that this Court is not inclined to grant Plaintiffs' Motion to Sever, extension of the discovery period beyond the February 29, 2008 cut-off will be necessary for the reasons stated above. As Plaintiffs acknowledge, the extended discovery and the "enlarged scope" of the trial will likely delay resolution of this matter for several years. (Mot. to Sever at 10.) Given the flimsy legal and factual basis for dragging Honeywell into this case, the better treatment for all parties would be to sever the Third Party action..

## III. CONCLUSION

Based on the above, Honeywell respectfully requests that the Court sever Defendant's Third Party Claims and try them in a separate action. To try the Third Party claims in this action will both lead to confusion of the issues and unduly prejudice Honeywell.

Respectfully submitted,

/s/ Gregory L. Benik
Gregory L. Benik (#1515)
NIXON PEABODY LLP
One Citizens Plaza
Providence, RI 02903
(401) 454-1000
gbenik@nixonpeabody.com
Counsel for Honeywell International Inc.

Dated: October 31, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that on the 31st day of October, 2007, an exact copy of the within document was electronically mailed to the Electronic Case Filing system of the United Stated District Court for the District of Rhode Island. Notice of this filing will be sent via e-mail to all parties able to accept electronic filings as indicated on the Notice of Electronic Filing or by other means to the counsel listed below.

**Notification via CMECF:**

David A. Cetola, dcetola@mcrobertslaw.com
Brian R. Cunha, brian@briancunha.com
Christina C. Dodds, CDodds@bishoplondon.com
Susan B. Forcier, susan.wilson@dem.ri.gov
Stephen P. Harten, sharten@rbhelaw.com, kpaiva@rbhelaw.com
Eric D. Herschmann, eherschmann@kasowitz.com
Heather Spurlock Kennealy, hskennealy@mcrobertslaw.com
Neil T. Leifer, nleifer@tenlaw.com
Robin-Lee Main, rmain@haslaw.com, sjfoster@haslaw.com
John J. McConnell, Jr., jmcconnell@motleyrice.com
Robert J. McConnell, bmcconnell@motleyrice.com
Brad J. Mitchell, bmitchell@tenlaw.com
Michael D Mitchell, mmitchell@admin.ri.gov
Jonathan D Orent, jorent@motleyrice.com
Gerald J. Petros, gpetros@haslaw.com, clomas@haslaw.com
Paul Revere, III, revereiii@aol.com
Mark W. Roberts, mroberts@mcrobertslaw.com
David E. Ross, dross@kasowitz.com
Paul M. Sanford, psanford@burnslev.com, scook@burnslev.com
Gregory S. Schultz, gregory.schultz@dem.ri.gov
Kristen W. Sherman, ksherman@apslaw.com, afontaine@apslaw.com, btallman@apslaw.com
Kimberly A. Simpson, ksimpson@vetterandwhite.com
Matthew B. Smith, matthew@verdecchialaw.com
Aileen L. Sprague, asprague@motleyrice.com
Christian Bennett White Stephens, cstephens@taylorduane.com
John A. Tarantino, jtarantino@apslaw.com, dhumm@apslaw.com
Bruce Gregory Tucker, btucker@legalmgt.com
Christian F. Uehlein, cuehlein@tenlaw.com
Brian A. Wagner, brian.wagner@dem.ri.gov
Craig R. Waksler, cwaksler@taylorduane.com
Benjamin V. White, III, bwhite@vetterandwhite.com
Lewis S. Wiener, lewis.wiener@sablaw.com
David B. Willis, dwillis@legalmgt.com
David A. Wollin, dwollin@apslaw.com, epickett@apslaw.com, dciuffetelli@apslaw.com
Richard J. Zabbo, rzabbo@rbhelaw.com

**Notification via first class mail:**

Charles K. Mone
Russell X. Pollock
Anthony J. Sbarra, Jr.
CAMPBELL, CAMPBELL, EDWARDS & CONROY, PC
One Constitution Plaza
Boston, MA 02129

Thomas F. McGuire, Jr.
LAW OFFICES OF MCGUIRE & COUGHLIN, P.C.
The Academy Building
70 South Main Street
P.O. Box 1187
Fall River, MA 02722-1187

Seth Davis
Noelle M. Kowalczyk
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
1633 Broadway
New York, NY 10019

Jeffrey Bromme
ARNOLD & PORTER LLP
555 12th Street, NW
Washington, DC 20004

William Wick
WACTOR & WICK
108 Grand Avenue, Suite 950
Oakland, CA 94612

Christopher P. McCormack
PULLMAN & COMLEY, LLC
850 Main Street
P.O. Box 7006
Bridgeport, CT 06601-7006

Jeanne M. Scott
URSILLO, TEITZ & RITCH, LTD.
2 Williams Street
Providence, RI 02903

James F. Stutts
VP and General Counsel

Corporate Address:
DOMINION RESOURCES, INC.
120 Tredegar Street
Richmond, VA 23219

DOMINION ENERGY BRAYTON POINT LLC
One Brayton Point Road
Somerset, MA 02725

Thomas F. McGuire, Jr.
CITY OF FALL RIVER
1 Government Center
6th Floor
Fall River, MA 02722

David A. Crichlow
Pillsbury Winthrop Shaw Pittman LLP
1540 Braodway
New York, NY 10036

David M. Goldberg
Pillsbury Winthrop Shaw Pittman LLP
1540 Braodway
New York, NY 10036

Michael K. Marran
P.O. Box 6067
321 South Main Street
Suite 200
Providence, RI 02940-6067

/s/ Gregory L. Benik