# G

**SO ORDERED**

**Date signed November 23, 2004**

PAUL MANNES
U. S. BANKRUPTCY JUDGE

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Greenbelt Division)**

| | | |
|---|---|---|
| In re: | ) | |
| USGen New England, Inc., | ) | Case No. 03-30465 (PM) |
| Debtor. | ) | Chapter 11 |

ORDER PURSUANT TO SECTIONS 105(a), 363, AND 365 OF THE BANKRUPTCY CODE AND RULES 2002, 6004 AND 6006 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE: (I) AUTHORIZING AND APPROVING THE TERMS OF THE ASSET PURCHASE AND SALE AGREEMENT AND RELATED AGREEMENTS WITH DOMINION ENERGY NEW ENGLAND, INC.; AND (II) AUTHORIZING CONSUMMATION OF THE TRANSACTIONS CONTEMPLATED THEREIN

Upon the motion, dated September 7, 2004 (the "Motion") (Docket No. 1034), of the above-captioned debtor (the "Debtor" or "Seller"), for entry of orders approving, among other things: (a)(i) certain bid protections, including a break-up fee and expense reimbursement fee, bidding procedures and overbid requirements (collectively, the "Bidding Procedures"), and (ii) the form and manner of notice with respect to such procedures and the hearing to consider entry of this Order (the "Sale Order"); and (b) the Sale Order pursuant to sections 105(a), 363, and 365 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 6004 and 6006 of

the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") (i) authorizing and approving the Asset Purchase and Sale Agreement[1] by and among the Debtor, USG Services Company, LLC, and First Massachusetts Land Company, LLC, as sellers, and Dominion Energy New England, Inc. as buyer (including any assignee of Dominion Energy New England, Inc., the "Buyer"), dated as of September 3, 2004 (a copy of which was annexed to the Motion) (together with all schedules, exhibits, related documents, and Ancillary Agreements, the "Purchase Agreement") for the sale by Seller to Buyer of the Transferred Assets and the assumption by Buyer of certain Assigned Contracts, Leases and Assumed Liabilities and (ii) authorizing the consummation of the Transactions contemplated therein (the "Transactions"); and this Court having entered an amended order on October 8, 2004 (the "Bidding Procedures Order") approving, among other things, the Bidding Procedures with respect to, and notice of, the Transactions; and no Auction having been conducted as the Seller did not receive a Superior Offer from a Qualified Bidder; and Seller, after detailed consultation with counsel for the Official Committee of Unsecured Creditors appointed in the Debtor's chapter 11 case (the "Committee"), having determined that Buyer has submitted the highest and best bid for the Transferred Assets, Assigned Contracts, Leases and Assumed Liabilities; and a hearing having been held on November 18, 2004 (the "Sale Hearing") to consider approval of the sale of the Transferred Assets to Buyer (as well as the assumption by Buyer of the Assigned Contracts, Leases and Assumed Liabilities) pursuant to the terms and conditions of the Purchase Agreement; and adequate and sufficient notice of the Bidding Procedures, the Purchase Agreement and the Transactions and this Sale Order having been given to all parties in interest in these cases; and all such parties having been afforded an opportunity to be heard with respect to

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion or the Purchase Agreement, as the case may be.

the Motion and all relief requested therein; and the Court having reviewed and considered: (i) the Motion; (ii) the objections thereto, if any; and (iii) the arguments of counsel made, and the evidence proffered or adduced, at the Sale Hearing; and after due deliberation thereon; and good and sufficient cause appearing therefor, it hereby is

FOUND AND DETERMINED THAT:[2]

A. This Court has jurisdiction over the Motion under 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (N).

B. The statutory predicates for the relief sought in the Motion are sections 105(a), 363, and 365 of the Bankruptcy Code.

C. This Court entered the Bidding Procedures Order on October 8, 2004.

D. As evidenced by the affidavits of service and publication filed with this Court and based on representations of counsel at the Sale Hearing, sufficient notice of the Motion, the Sale Hearing, the Transactions, the Bidding Procedures Order, the Bidding Procedures Notice, the Auction, the assumption, assignment and sale of the Assigned Contracts and Leases, and the other relief granted herein has been provided in accordance with Bankruptcy Code sections 102(1), 105(a), 363 and 365 and Bankruptcy Rules 2002, 6004 and 6006, and in compliance with the Bidding Procedures and the Purchase Agreement, and no further notice is or shall be required.

E. A reasonable opportunity to object and be heard with respect to the Motion and the relief requested therein has been afforded to all interested persons and entities.

F. The bidding and related procedures established by the Bidding Procedures Order have been complied with in all material respects by the Debtor and Buyer.

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

G. The consideration provided by the Buyer pursuant to the Purchase Agreement: (1) is fair and reasonable; (2) is the highest and best offer available for the Transferred Assets; (3) will provide a greater recovery to the Debtor's estate than would be provided by any other available alternative, including liquidation and reorganization; and (4) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code.

H. Approval of the Purchase Agreement and consummation of the Transactions is in the best interests of the Debtor, its estate, creditors and other parties in interest. The Debtor has articulated a good and sufficient business justification supporting the sale of the Transferred Assets to Buyer on the terms set forth in the Purchase Agreement, pursuant to section 363 and 365 of the Bankruptcy Code.

I. The Debtor may sell the Transferred Assets[3] free and clear of all interests of any kind or nature whatsoever as contemplated by the Agreement because, in each case, one or more of the standards set forth in sections 363(f)(1) through 363(f)(5) of the Bankruptcy Code have been satisfied. Those holders of interests and non-Debtor parties to Assigned Contracts and Leases that did not object, or who withdrew their objections to the Motion or the Sale, are deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code. Those holders of interests and non-Debtor parties to Assigned Contracts and Leases that did object fall within one or more of the other subsections of section 363(f) of the Bankruptcy Code and are adequately protected by having their interests, if any, attach to the net cash proceeds of the Transactions ultimately attributable to the Transferred Assets against or in which they assert an interest.

[3] Hereinafter, "Transferred Assets" shall not include the assets referenced in Section 2.1(k) of the Purchase Agreement or the FMLC Land, but shall include all of the other Transferred Assets (as defined in the Purchase Agreement).

J. The Buyer would not have entered into the Purchase Agreement and would not consummate the Transactions, thus adversely affecting the Debtor, its estate and its creditors and other stakeholders, if the transfer of the Transferred Assets to the Buyer and the assumption, assignment and sale of the Assigned Contracts and Leases to Buyer, and the assumption of the Assumed Liabilities by Buyer were not, except as otherwise expressly provided in the Purchase Agreement with respect to the Assumed Liabilities, free and clear of all interests and claims of any kind or nature whatsoever, or if the Buyer would, or in the future could, be liable for any of such interests or claims.

K. The Debtor has demonstrated that it is an exercise of its sound business judgment to assume, assign and sell the Assigned Contracts and Leases to the Buyer in connection with the consummation of the Sale, and the assumption, assignment and sale of the Assigned Contracts and Leases is in the best interests of the Debtor, its estate and its creditors and other stakeholders. The Assigned Contracts and Leases being assigned to, and the related Assumed Liabilities being assumed by, the Buyer are an integral part of the Transferred Assets being purchased by Buyer, and, accordingly, such assumption, assignment and sale of the Assigned Contracts and Leases and related Assumed Liabilities are reasonable, enhance the value of the Debtor's estate and do not constitute unfair discrimination.

L. Buyer has satisfied the requirements of 11 U.S.C. § 365 and has provided sufficient evidence of its ability to provide adequate assurance of future performance with respect to all Assigned Contracts and Leases.

M. Subject to the provisions in this Sale Order and the Bidding Procedures Order relating to the Assigned Contracts and Leases, the Debtor has cured or provided adequate assurance of cure of any defaults existing under all Assigned Contracts and Leases, within the

meaning of section 365(b)(1)(A) of the Bankruptcy Code. The Debtor has provided compensation or adequate assurance of compensation to any party for any actual pecuniary loss to such party resulting from a default under any of the Assigned Contracts and Leases, within the meaning of section 365(b)(1)(B) of the Bankruptcy Code. The Buyer has provided adequate assurance of future performance under all Assigned Contracts and Leases, within the meaning of section 365(b)(1)(C) of the Bankruptcy Code.

N. The Debtor has articulated good and sound business reasons for waiving the stay otherwise imposed by Bankruptcy Rules 6004(g), 6006(d) and 7062.

THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. The Motion is granted and approved in all respects (other than with respect to matters already addressed by the Bidding Procedures Order).

2. Any objections to the entry of this Sale Order or the relief granted herein and requested in the Motion that have not been withdrawn, waived or settled, and all reservations of rights included therein, hereby are denied and overruled. The objections of New England Power Company and the Narragansett Electric Company (collectively, "NEP"), specifically, Docket Nos. 1062 and 1261 (collectively, the "NEP Objection") are withdrawn, provided, however, that NEP's withdrawal of the NEP Objection is under and subject to the terms of the various agreements reached amongst Debtor, Buyer and NEP as more fully set forth on the record at the Sale Hearing. The objection of Marr Scaffolding Company (Docket No. 1236) and Stone & Webster (Docket No. 1247) (collectively "Cure Objections") as to the cure amounts required to assume and assign their executory contracts shall, to the extent not resolved, be continued until December 7, 2004 at 10:30 a.m. or such other time as the Court may hereafter direct. The Cure Objections shall not affect or impair the validity of this Order and Debtor shall

remain liable for all cure amounts agreed upon or ordered by this Court regarding the Cure Objections.

## Approval of the Purchase Agreement and the Transactions

3. The Purchase Agreement and the Transactions are hereby approved.

4. The Debtor is authorized and directed to execute and deliver, and empowered to perform under, consummate and implement the Purchase Agreement and the Transactions, together with all additional instruments and documents that the Buyer reasonably deems necessary or appropriate to implement the Purchase Agreement and effectuate the Transactions, and to take all other and further actions as may be reasonably requested by the Buyer for the purpose of assigning, transferring, granting, conveying and conferring to Buyer or reducing to possession the Transferred Assets, or as may be necessary or appropriate to the performance of the obligations as contemplated by the Purchase Agreement.

5. The transfer of the Transferred Assets to the Buyer pursuant to the Purchase Agreement constitutes a legal, valid and effective transfer of the Transferred Assets, and shall vest the Buyer with all right, title and interest of the Debtor in and to the Transferred Assets, free and clear of all interests and claims of any kind or nature whatsoever other than as expressly permitted by this Sale Order.

6. Except for the Assumed Liabilities and the Permitted Liens, pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, the Transferred Assets shall be transferred to Buyer, and upon the Closing shall be, free and clear of all interests and claims of any kind or nature whatsoever, and all such interests of any kind or nature whatsoever shall attach to the net cash proceeds of the Transactions in the order of their priority, if any, with the same validity, force and effect that they now have as against the Transferred Assets, subject to any claims and defenses the Debtor may possess with respect thereto.

7. Notwithstanding the foregoing, upon the Closing of the Sale, each of the Debtor's creditors and any other holder of an interest is authorized and directed to execute such documents and take all other actions as may be necessary to release its interests in the Transferred Assets, if any, as such interests may have been recorded or may otherwise exist.

8. If any person or entity that has filed financing statements, mortgages, mechanic's liens, lis pendens or other documents or agreements evidencing interests in the Debtor or the Transferred Assets shall not have delivered to the Debtor prior to the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction or releases of all interests that the person or entity has with respect to the Debtor or the Transferred Assets or otherwise, then: (a) the Debtor is hereby authorized and directed to execute and file such statements, instruments, releases and other documents on behalf of the person or entity with respect to the Debtor or the Transferred Assets, and (b) the Buyer is hereby authorized to file, register or otherwise record a certified copy of this Sale Order, which shall constitute conclusive evidence of the release of all Interests in the Debtor or the Transferred Assets of any kind or nature whatsoever.

9. This Sale Order: (a) shall be effective as a determination that, except for the Assumed Liabilities and the Permitted Liens, at Closing, all interests and claims of any kind or nature whatsoever existing as to the Transferred Assets prior to the Closing have been unconditionally released, discharged and terminated as set forth herein, and that the conveyances described herein have been effected, and (b) shall be binding upon and shall govern the acts of all entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state and local officials, and all

other persons and entities who may be required by operation of law, the duties of their office or contract to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the Transferred Assets.

10. Except as expressly set forth in the Purchase Agreement or as may be agreed to in writing by Seller and Buyer, the Buyer shall have no obligation to pay wages, bonuses, severance pay, benefits (including, without limitation, contributions or payments on account of any under-funding with respect to any and all pension plans) or any other payment with respect to employees or former employees of the Debtor.

11. In addition, except as expressly set forth in the Purchase Agreement or as may be agreed to in writing by Seller and Buyer, the Buyer shall not assume or be obligated to pay, perform or otherwise discharge any debts, obligations and liabilities of the Debtor arising pursuant to the Debtor's ownership or operation of its facilities prior to the Closing Date.

12. Except for the Assumed Liabilities, the Buyer shall have no liability or responsibility for any liability or other obligation of the Debtor arising under or related to the Transferred Assets.

13. Except for the Assumed Liabilities and the Permitted Liens, the sale, transfer, assignment and delivery of the Transferred Assets shall not be subject to any interests and claims, and interests and claims of any kind or nature whatsoever shall remain with, and continue to be obligations of, the Debtor and its estate.

14. The Debtor hereby is authorized and directed in accordance with sections 105(a) and 365 of the Bankruptcy Code to (a) assume, assign and sell to the Buyer, effective upon the Closing, the Assigned Contracts and Leases free and clear of all Interests of any kind or

nature whatsoever, and (b) execute and deliver to Buyer such documents or other instruments as the Buyer deem are necessary or appropriate to assign and transfer the Assigned Contracts to the Buyer.

15. With respect to the Assigned Contracts and Leases: (a) the Assigned Contracts and Leases shall be transferred and assigned to, and following the Closing of the Sale, shall remain in full force and effect for the benefit of the Buyer, notwithstanding any provision in any such Assigned Contract or Lease (including those of the type described in sections 365(b)(2) and 365(f) of the Bankruptcy Code) that prohibits, restricts or conditions such assignment or transfer and, pursuant to section 365(k) of the Bankruptcy Code, the Debtor shall be relieved from any further liability with respect to the Assigned Contracts and Leases after such assumption by the Debtor and assignment and sale to the Buyer at Closing; (b) each Assigned Contract and Lease is an executory contract or unexpired lease under section 365 of the Bankruptcy Code at the Closing; (c) the Debtor may assume each of the Assigned Contracts and Leases in accordance with section 365 of the Bankruptcy Code at the Closing; (d) the Debtor may assign and sell each Assigned Contract and Lease in accordance with sections 363 and 365 of the Bankruptcy Code, and any provisions in any Assigned Contract or Lease that prohibit or condition the assignment of such Assigned Contract or Lease constitute unenforceable anti-assignment provisions, which are void and of no force and effect; (e) all other requirements and conditions under sections 363 and 365 of the Bankruptcy Code for the assumption by the Debtor and sale and assignment to the Buyer of each Assigned Contract and Lease have been satisfied; and (f) upon Closing, in accordance with sections 363 and 365 of the Bankruptcy Code, the Buyer shall be fully and irrevocably vested in all right, title and interest of each Assigned Contract and Lease.

16. All defaults or other obligations of the Debtor under the Assigned Contracts and Leases arising or accruing on or prior to the Closing (without giving effect to any acceleration clauses or any default provisions of the kind specified in section 365(b)(2) of the Bankruptcy Code) shall be cured by the Debtor in accordance with terms of the Purchase Agreement, the Bidding Procedures Order, and this Sale Order, and the Buyer shall have no liability or obligation arising or accruing prior to the Closing Date under the Assigned Contracts and Leases.

17. The validity of the assumption, assignment and sale of the Assigned Contracts and Leases, which shall in all events be effective as of the Closing Date, shall not be affected by the pendency or resolution of any dispute between the Debtor and any non-Debtor party to an Assigned Contract or Lease.

18. The failure of the Debtor or the Buyer to enforce at any time one or more terms or conditions of any Assigned Contract or Lease shall not be a waiver of such terms or conditions, or of the Debtor's and the Buyer' rights to enforce every term and condition of the Assigned Contracts and Leases.

19. The Debtor is authorized and directed to timely perform all of its obligations under the Assigned Contracts and Leases through the date of Closing and to make provision for payment of all outstanding defaults under the Assigned Contracts and Leases (including the Cure in accordance with the provisions of the Bidding Procedures Order) through the Closing. No amount payable (including the Cure) with respect to the pre-Closing period shall be payable by Buyer as the same shall be and remain the sole responsibility of the Debtor. In accordance with Paragraph 12 of the Bidding Procedures Order (and except for the Cure Objections), the Cure as set forth in Debtor's Assumption Notice (as restated in the Amended

Schedule of Cure Amounts filed on November 17, 2004, (Docket No. 1268 and which may be further amended without further order of the Court from time to time prior to Closing to reflect agreements that may be reached by the parties) shall be controlling (and be binding on all parties) as to Debtor's liability for all cure amounts notwithstanding anything to the contrary in any Assigned Contract, Lease or other document. The Debtor shall serve all non-Debtor parties to Assigned Contracts and Leases with notice (and file a copy of the same with this Court) of the Closing and such third parties shall have thirty (30) days thereafter to file a motion with this Court requesting payment of any alleged unpaid administrative claims under 11 U.S.C. § 503(b)(1) that arise after the Cure Effective Date (as defined in the Bidding Procedures Order, hereinafter, "Additional Cures"). The Debtor shall attempt to resolve any disputes regarding the Additional Cures and in the event such disputes cannot be resolved, then either party may request a hearing with this Court. Notwithstanding the foregoing, the pendency or resolution of any such dispute between the Debtor and a non-Debtor party to an Assigned Contract or Lease shall not affect the assumption, assignment and sale to the Buyer of such Assigned Contract or Lease at Closing which shall in all events be effective as of the Closing Date.

**Additional Provisions**

20. The consideration provided by Buyer for the Transferred Assets under the Purchase Agreement is fair and reasonable and may not be avoided under Bankruptcy Code section 363(n).

21. The Transactions are undertaken by Buyer without collusion and in good faith, in accordance with Bankruptcy Code sections 363(m) and 363(n). Accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Transactions shall not affect the validity of the sale of the Transferred Assets to Buyer, unless such authorization is duly stayed pending such appeal. Buyer is a good-faith purchaser of the

Transferred Assets and is entitled to all of the benefits and protections afforded by Bankruptcy Code section 363(m) and other applicable law.

22. This Court retains jurisdiction to:

a. Interpret, implement and enforce the terms and provisions of this Sale Order, the Bidding Procedures Order, and the Purchase Agreement, all amendments thereto, any waivers and consents thereunder, and each of the agreements executed in connection therewith in all respects, and resolve any disputes thereunder, except as otherwise provided therein;

b. Protect Buyer and the Assigned Contracts, Leases or Transferred Assets against any interests or Excluded Liabilities, including, without limitation, to enjoin the commencement or continuation of any action seeking to impose on the Buyer successor liability;

c. Enter orders in aid or furtherance of the Transactions;

d. Compel delivery of all Transferred Assets to the Buyer;

e. Adjudicate any and all issues relating to the Assigned Contracts and Leases;

f. Adjudicate all issues relating to any Liens, interests, or claims; and

g. Adjudicate any and all issues relating to the Transferred Assets, the proceeds of the Transactions, the Sale Motion, and the Purchase Agreement.

23. The Purchase Agreement and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by such parties, and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtor or its estate.

24. The failure specifically to include any particular provisions of the Purchase Agreement in this Sale Order shall not diminish or impair the effectiveness of such provisions, it being the intent of the Court that the Purchase Agreement is hereby authorized and

approved in its entirety, as it may be amended or supplemented in accordance with its terms and this Sale Order.

25. To the extent of any conflict between the Purchase Agreement and this Sale Order as they relate to the rights and obligations of the Seller Parties and the Buyer with respect to each other, the Purchase Agreement shall govern. To the extent of any conflict between the Purchase Agreement and this Sale Order not within the scope of the immediately preceding sentence, including, without limitation, as they relate to the rights and obligations of Third Parties and the rights and obligations of the Buyer with respect to Third Parties, this Sale Order shall govern.

26. This Sale Order and the Purchase Agreement: (a) shall be binding in all respects upon all creditors of and holders of equity interests in any Debtor (whether known or unknown), any holders of interests and claims, all non-Debtor parties to the Assigned Contracts and Leases, the Buyer and all successors and assigns of the Buyer, the Debtor and its affiliates, the Transferred Assets and any subsequent trustees appointed in this chapter 11 case or upon a conversion to chapter 7 under the Bankruptcy Code; and (b) shall not be subject to rejection. Nothing contained in any chapter 11 plan of reorganization or liquidation confirmed in this bankruptcy case or in any related confirmation order, disclosure statement, or order approving disclosure statement shall conflict with or derogate from the provisions of this Sale Order and the Purchase Agreement, this Sale Order and the Transactions being in contemplation of, in furtherance of and in connection with such chapter 11 plan.

27. Any amounts that become payable by the Debtor to the Buyer pursuant to the Purchase Agreement, this Sale Order, or the Bidding Procedures Order: (a) shall constitute administrative expenses of the Debtor's estates under sections 503(b)(1) and 507(a)(1) of the

Bankruptcy Code and (b) shall be paid by the Debtor in the time and manner provided for in the Purchase Agreement, this Sale Order, and the Bidding Procedures Order.

28. This Sale Order is without prejudice to the Debtor's and the Buyer's right to seek by separate motion or as part of the plan confirmation process relief from the Court under Section 1146(c) of the Bankruptcy Code in connection with the Transactions.

29. All entities that are in possession of some or all of the Transferred Assets upon the Closing Date hereby are directed to surrender possession of the Transferred Assets to the Buyer on the Closing Date.

30. The ten-day stay otherwise imposed by Bankruptcy Rules 6004(g), 6006(d) and 7062 is hereby waived, and this Sale Order shall be effective immediately upon entry.

**END OF ORDER**

cc:

John Lucian, Esquire
Blank Rome LLP
250 W. Pratt Street, Suite 2201
Baltimore, MD 21201

Frank Dicello, Esquire
Reed Smith LLP
1301 K Street, NW
Suite 1100 – East Tower
Washington, DC 20005

Lynn Kohen, Esquire
Office of the United States Trustee
6305 Ivy Lane, Suite 600
Greenbelt, MD 20770

Dion W. Hayes, Esquire
McGuire Woods LLP
One James Center
901 East Cary Street
Richmond, VA 23219

\\FIN\225372.2