UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| GAIL CORVELLO, ET AL., Plaintiffs, | |
| - against - | |
| NEW ENGLAND GAS COMPANY, INC., Defendant and Third-Party Plaintiff, | |
| - against - | C.A. No. 05-0221T (Related Cases: 05-274T; 05-370T; 05-522T) |
| BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC; ET AL., Third-Party Defendants. | |

**NEW ENGLAND GAS COMPANY'S DISCOVERY STATUS REPORT**

In January 2005, plaintiffs commenced this lawsuit alleging claims sounding in negligence and strict liability, among other claims. Plaintiffs allege that between 1880 and 1960, the Fall River Gas Company ("FRGC"), a predecessor of New England Gas Company ("NEGasCo"), deposited materials associated with the manufactured gas process in the Bay Street Area of Tiverton, Rhode Island. Plaintiffs seek compensation for the alleged diminution in value of their properties and for the cost of remediating same. In the Fall of 2005, NEGasCo moved to dismiss plaintiffs' complaints. In November 2006, Judge Torres granted that motion in part, and denied it in part, sustaining, at that time, claims for negligence, strict liability and public nuisance.

At the Rule 16 conference in November 2006, NEGasCo advised the Court that it intended to issue a substantial number of subpoenas to potential third-party defendants, and that it expected to join as many as eight other potentially responsible parties. At the

conclusion of the conference, Judge Torres set a discovery closure date of November 15, 2007, noting that should additional third-party defendants be brought into the case, the Court would revisit the discovery closure date. Following the issuance of more than 30 non-party subpoenas, and extensive investigation, on July 7, 2007, NEGasCo moved to add eight third-party defendants. On September 11, 2007, Judge Torres granted NEGasCo's motion. The eight third-party defendants have answered the Third-Party Complaints.[1]

Discovery Completed To Date and Outstanding Discovery

In early 2007, the parties exchanged initial disclosure statements and produced documents referenced in their respective disclosure statements. For its part, in January 2007, NEGasCo made available for plaintiffs' inspection, 380 boxes of FRGC's historical records. Over the past seven months, plaintiffs have reviewed about 25 of those boxes.[2]

Plaintiffs have propounded interrogatories, document requests and 30(b)(6) deposition notices. NEGasCo has responded to such requests, produced documents and continues to make documents available for plaintiffs' inspection. NEGasCo has also identified from the 380 boxes of FRGC historical records, 12 boxes which contain documents particularly relevant to FRGC's operations during the period in question. With respect to plaintiffs' 30(b)(6) deposition notice for a NEGasCo representative to testify regarding the historical waste disposal practices of FRGC, as discussed with Your Honor on October 25, there is no NEGasCo employee with knowledge regarding FRGC's historical operations; the only source of the information sought by plaintiffs may be

[1] On October 24, 2007, Judge Torres granted NEGasCo's motion to add the City of Fall River as a third-party defendant. Fall River has since been served with the Third-Party Complaints.
[2] Reference to "plaintiffs" is to the plaintiffs in Corvello. Other than Rule 26 initial disclosure statements, the Burns, Bigelow and Reis plaintiffs have yet to take any discovery.

contained in the 380 boxes of FRGC historical documents. While plaintiffs have, over time, modified their 30(b)(6) designations, as written, it would still require NEGasCo to review the 380 boxes so as to educate a witness to testify on its behalf. As the information is just as readily available to plaintiffs, through a review of the 380 boxes, as it is to NEGasCo, NEGasCo contends that it should not be required to prepare a witness to testify pursuant to 30(b)(6) in this regard, and certainly not until the close of discovery. Nevertheless, NEGasCo continues to work with plaintiffs to resolve this issue.

To date, NEGasCo has taken 3 deposition, and has discussed with plaintiffs the scheduling of depositions of all plaintiffs over the next several months. Plaintiffs have yet to take any depositions, though a few are noticed for November. NEGasCo has also produced material to the third-party defendants and has identified and made available for their review, documents produced to NEGasCo pursuant to non-party and third-party subpoenas.

Proposed Discovery To Be Completed By The Closure Date

In addition to the completion of documentary discovery and the resolution of issues associated with plaintiffs' latest 30(b)(6) deposition notices, there are several categories of discovery still to be completed by the February 29, 2008 discovery closure date, including depositions of plaintiffs, third-party defendants and non-party witnesses, as well as expert discovery, including the submission of expert reports.[3] While the February 29, discovery closure date is ambitious, NEGasCo submits that with a properly staged discovery schedule, and a streamlined dispute resolution process, all discovery can

[3] NEGasCo is also contemplating additional testing of the soils in the Bay Street Area. NEGasCo will also require that the Reis plaintiffs, who are the only plaintiffs to allege personal injury, submit to medical examinations by a physician to be identified by NEGasCo shortly.

be completed by the Closure date with the full participation of the third-party defendants.[4]

To accomplish the extensive discovery outstanding, NEGasCo believes it important to adopt a discovery schedule which provides an organized, staged process with benchmarks for completing fact witness discovery and depositions, and an ordered process for expert disclosure and depositions. To that end, NEGasCo proposes the adoption of the discovery schedule annexed as Exhibit 1. NEGasCo previously proposed a schedule along these lines to plaintiffs, who rejected it in favor of a far less structured schedule.

NEGasCo submits that a more detailed, structured discovery plan is essential if the parties are to complete discovery before the February 29, 2008 Closure date. Accordingly, NEGasCo requests that the Court adopt NEGasCo's proposed discovery plan, and looks forward to discussing it with the Court on November 16.

Dated: November 2, 2007

**ADLER POLLOCK & SHEEHAN P.C.**

_/s/ David A. Wollin_
John A. Tarantino (#2586)
David A. Wollin (#4950)
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
(401) 274-7200
Fax: (401) 351-4607

**KASOWITZ, BENSON, TORRES & FRIEDMAN LLP**
Eric D. Herschmann
David E. Ross
Seth Davis

[4] Plaintiffs have moved to sever the third-party actions from the main actions, and NEGasCo has opposed that motion. Judge Torres has not yet scheduled argument of same.

Noelle M. Kowalczyk
1633 Broadway
New York, New York 10019
(212) 506-1700

**BISHOP, LONDON, BROPHY, & DODDS**
Christina Dodds
3701 Bee Cave Road, Suite 200
Austin, Texas 78746
(512) 479-5000

**HINCKLEY, ALLEN & SNYDER**
Gerald J. Petros (#2931)
Robin L. Main (#4222)
50 Kennedy Plaza
Providence, RI
(401) 274-2000

*Attorneys for Defendant New England Gas Company, an unincorporated division of Southern Union Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2d day of November, 2007, I did send a true copy of the within document by electronic means (ECF) to the following:

| | |
|---|---|
| Robert J. McConnell, Esq.<br>Michael G. Rousseau, Esq.<br>Jonathan D. Orent, Esq.<br>Motley Rice LLC<br>321 South Main Street<br>Providence, RI 02940 | Neil T. Leifer<br>Thornton & Naumes, LLP<br>100 Summer Street, 30th Floor<br>Boston, MA 02110 |
| Mark W. Roberts<br>McRoberts, Roberts & Rainer, LLP<br>53 State Street<br>Boston, MA 02109 | Paul Revere, III, Esq.<br>Law Offices of Paul Revere, III<br>297 North Street, Suite 337<br>Hyannis, MA 02601 |
| Russell X. Pollock, Esq.<br>Campbell, Campbell, Edwards & Conroy<br>One Constitution Plaza<br>Boston, MA 02129 | Brian R. Cunha, Esq.<br>Brian Cunha & Associates, P.C.<br>904 Broadway<br>East Providence, RI 02914 |
| Bruce Gregory Tucker, Esq.<br>55 Hammarlund Way<br>Middletown, RI 02842 | Richard J. Zabbo, Esq.<br>Ratcliffe Burke Harten & Elias LLP<br>160 Financial Plaza<br>Providence, RI 02903 |
| Gregory L. Benik<br>Benik & Associates<br>931 Jefferson Blvd., Suite 2008<br>Warwick, RI 02886 | Paul M. Sanford<br>Burns & Levinson LLP<br>One Citizens Plaza<br>Suite 1100<br>Providence, RI 02903 |
| David A. Crichlow<br>David M. Goldberg<br>Pillsbury Winthrop Shaw Pittman, LLP<br>1540 Broadway<br>New York, NY 10036 | Craig Waksler<br>Taylor Duane Barton & Gilman LLP<br>10 Dorrance Street<br>Suite 700<br>Providence, RI 02903 |
| Benjamin V. White, III<br>Kimberly A. Simpson<br>Vetter & White Incorporated<br>20 Washington Place<br>Providence, RI 02903 | David B. Willis<br>Legal Management Services, LLC<br>55 Hammarlund Way<br>Middletown, RI 02842 |

*433966_1.doc*

*/s/ David A. Wollin*