**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **GAIL, JOHN D. AND JOHN F. CORVELLO; et al.,** **Plaintiffs,** | ) | |
| | ) | **C.A. No. 05-221T** |
| **v.** | ) | **(Related Case No. 05-274T, 05-370T, 05-522T)** |
| **NEW ENGLAND GAS COMPANY, INC.;** **Defendant.** | ) | |

**Plaintiffs' Discovery Status Report**

Pursuant to Federal Rule of Civil Procedure Rule 16 and the Court's October 9, 2007 Order, the Plaintiffs hereby submit the following Status Report regarding discovery completed to date, discovery that is outstanding, and further discovery to be undertaken by the February 29, 2008 closure date.

I. DISCOVERY COMPLETED TO DATE

Prior to filing the original Complaint in this action in Rhode Island Superior Court on March 31, 2005 (05-1619) Plaintiffs spent several years compiling information directly related to their claims against Defendant New England Gas Company, Inc. ("NEGas"). A primary source of Plaintiffs' investigation was publicly available documents and investigations performed by the Rhode Island Department of Environmental Management ("RIDEM"). RIDEM began investigating the contamination of Plaintiffs' community in 2002. Since that time we have interviewed numerous community members regarding the history of the neighborhood, researching the presence of coal gasification waste in Tiverton as well as gathering information from local, state and federal agencies regarding what is now the Tiverton Moratorium Area.

The case was removed to this Court in May of 2005. Since that time the Plaintiffs' have continued their review of publicly available resources and engaged in formal discovery with Defendant NEGas and non-party fact witnesses. Below is a summary of these efforts on behalf of Plaintiffs:

**A. Document Review, Written Discovery and Disclosures Directed to Defendant NEGas:**

1. On October 2, 2006 Plaintiffs filed their Federal Rule 26(a)(1) Disclosures pursuant to the Court's September 22, 2006 Order.

2. After Defendant NEGas filed their 26(a)(1) Disclosures on December 6, 2006, Plaintiffs' counsel began reviewing documents produced by Defendants NEGas. It was estimated by NEGas that approximately 380 boxes were available. NEGas provided a non-descriptive date index for these boxes. After hundreds of attorney hours reviewing the boxes

Plaintiffs obtained little information regarding this litigation and, as a result, filed the Rule 30(b)(6) depositions described below.

3. On June 15, 2007, Plaintiffs Gail Corvello, Linda Ferreira and Gary Rose sent Defendant NEGas their First Set of Interrogatories Requests.

4. On August 13, 2007, Plaintiffs reviewed documents produced by Third Party Defendants in response to Defendant NEGas Deposition Requests.

5. On September 10, 2007, Plaintiffs' counsel on behalf of Plaintiff Gail Corvello served their Second Set of Interrogatories and First Requests for Document Production.

6. On or about October 2, 2007, Plaintiffs received Defendant NEGas' Objections and Responses to Plaintiff Gail Corvello's Second Set of Interrogatories and First Requests for Document Production. Plaintiff's counsel is still negotiating with NEGas to physically obtain documents identified as available in the Responses to the Requests to Produce.

7. On October 17, 2007, in an effort to facilitate discovery, Plaintiffs proposed to Defendant NEGas dates in November that nine (9) Plaintiffs are available for deposition.

8. The Plaintiffs have an outstanding request to conduct a Rule 34 Investigation of FRG Site which the parties are currently negotiating.

9. Additionally, the Plaintiffs have served the Defendant NEGas with a request for the production of all environmental reports, field notes and electronic laboratory analyses, which is presently being negotiated by the parties. However to the extent that such documents are not produced it may be necessary for the Plaintiffs to file a Motion to Compel production.

**B. Federal Rule 30(b)(6) Discovery Directed to Defendant NEGas:**

1. In June 2007, Plaintiffs served six (6) Rule 30(b)(6) deposition notices on the Defendant. Less than a day before the first deposition was to begin, NEGas filed a motion for a protective order for all of the 30(b)(6) depositions. On August 6th Plaintiffs received Defendant's objections to Plaintiffs' 30(b)(6) deposition notices and attached document requests.

2. On September 7, 2007, Plaintiffs and Defendant NEGas stipulated to the use of agreed-upon interrogatories and requests to produce to obtain the information sought in the 30(b)(6) depositions, but the Plaintiffs continued the hearing to challenge Southern Union's Motion for a protective order. After receipt of initial responses and Judge Torres' decision that discovery will end on February 29, 2008, the Plaintiffs decided that the process worked with respect to five out of six of the notices, but that they need to go forward with the 30(b)(6) concerning waste disposal practices.

3. On August 21, 2007, Plaintiffs served Rule 30(b)(6) deposition notices on Stone & Webster, Inc.; Stone & Webster Service Corporation; and Stone & Webster Massachusetts, Inc. and on October 3, 2007, Plaintiffs noticed Rule 30(b)(6) deposition of Defendant NEGas regarding Stone & Webster Inc.'s alleged operation, management and control of the Fall River Gas Company.

**C. Discovery of Non-Party Fact Witnesses**

1. Plaintiffs requested leave of the court to conduct the deposition of Mr. Jose Souza, an 86 year old fact witness, on August 17, 2006 and again on September 8, 2006, prior to the Rule 26 Conference.

2. Plaintiffs re-noticed Mr. Souza's deposition for February 13, 2007. RIDEM subpoenaed Mr. Souza for February 12, 2007 and Mr. Souza's son would not let two depositions go simultaneously due to his age. After a long delay, the Plaintiffs filed a Motion to Amend the Discovery Ordering to set Mr. Souza's deposition. By agreement, on October 12, 2007, Defendant NEGas began the discovery deposition of Mr. Jose Souza. His discovery deposition will be completed on November 14th and his trial testimony will be taken on November 30, 2007.

3. On June 20, 2007, Plaintiffs noticed the deposition of Eugene Camara, a non-party fact witness, to take place on July 11, 2007. NEGas objected to the date and it has been rescheduled for November 20.

II. DISCOVERY TO BE UNDERTAKEN AND COMPLETED BY THE CLOSURE DATE OF FEBRUARY 29, 2008

The Plaintiffs' propose the following schedule for further discovery in addition to that discussed above:

1. Depositions of all consultants that have performed response actions in the Moratorium area and potentially laboratories that have conducted analyses of samples collected in the Moratorium Area.

2. Depositions of numerous fact witnesses.

3. Review of additional NEGas documents and potentially additional depositions of NEGas.

4. Pursuant to Judge Torres November 16, 2006 Scheduling Order, Plaintiffs will disclose all testifying experts retained for this action after they are retained and before the Closure Date of February 29, 2008.

5. Plaintiffs propose that all expert reports be exchanged by January 31, 2008 and that all expert depositions be completed on or before February 29, 2008.

Plaintiffs have filed a Motion to Sever NEGas' Third-Party Complaint. Additionally, Plaintiffs have proposed a mechanism to NEGas to efficiently try this case which is still under discussion with NEGas. If accepted by NEGas and the Court upon Motion, the mechanism for trying this case could substantially limit or postpone some discovery by NEGas of the Plaintiffs.

Dated: November 2, 2007

Respectfully submitted,

PLAINTIFFS,
By and through their attorneys,

/s/ Robert J. McConnell

Robert J. McConnell (#3888)
Jonathan D. Orent (#7408)
**MOTLEY RICE, LLC**
321 South Main Street
Providence, RI 02940
(401) 457-7700

David C. Strouss
Neil T. Leifer
Brad J. Mitchell
**THORNTON & NAUMES, LLP**
100 Summer Street, 30th Floor
Boston, MA 02110
(617) 720-1333

Mark W. Roberts
**MCROBERTS, ROBERTS AND RAINER, LLP**
53 State Street
Boston, MA 02109
(617)-722-8222
(617)-720-2320 Fax

**CERTIFICATION**

Service upon the following parties was completed electronically via the ECF system on November 2, 2007, pursuant to Fed.R.Civ.P. 5(b)(2)(D) and §10(b) of Admin. Order 2006-01.

/s/ Robert J. McConnell

David E. Ross, Esq.
Kasowitz, Benson, Torres & Friedman, LLP
1633 Broadway
New York, NY 10019
212-506-1700
212-506-1800
dross@kasowitz.com

Paul Revere, III
Law Offices of Paul Revere, III
226 River View Lane
Centerville, MA 02632
(508) 778-7126
RevereIII@aol.com

Robert McConnell, Esq.
Motley Rice, LLC
321 South Main Street
Providence, RI 02903
bmcconnell@motleyrice.com
(401) 457-7703 (direct)
(401) 457-7700 office
(401) 457-7708

Aileen L. Sprague, Esq.
Motley Rice LLC
321 South Main Street
2nd Floor
Providence, RI 02903
457-7700
Fax: 457-7708
Email: asprague@motleyrice.com

Jonathan D Orent
Motley Rice LLC
321 South Main St.
Providence, RI 02903
(401) 457-7723 direct
Email: jorent@motleyrice.com

Neil T. Leifer, Esq.
Thornton & Naumes
100 Summer Street
30th Floor
Boston, MA 02110
email: nleifer@tenlaw.com

David Strouss
Thornton & Naumes
100 Summer Street
30th Floor
Boston, MA 02110
Email: dstrouss@tenlaw.com

Brad J. Mitchell, Esq.
Thornton & Naumes
100 Summer Street
30th Floor
Boston, MA 02110
email: bmitchell @tenlaw.com
(617) 720-1333

Christian F. Uehlein
Thorton & Naumes, LLP
100 Summer Street
Boston, MA 02110
617-720-1333
Fax: 617-720-2445
cuehlein@tenlaw.com

Michael A. Lesser, Esq.
Thornton & Naumes
100 Summer Street
30th Floor
Boston, MA 02110
email: mlesser@tenlaw.com

Paul Revere, III
Law Offices of Paul Revere, III
226 River View Lane
Centerville, MA 02632
(508) 778-7126
RevereIII@aol.com

Brian R. Cunha
Law Offices of Brian Cunha & Associates
311 Pine Street
Fall River, MA 02720
brian@briancunha.com

Richard J. Zabbo, Esq.
Ratcliffe Burke Harten & Elias LLP
160 Financial Plaza
Providence, RI 02903
401-490-4649 direct
401-331-3400 main
401-331-3440 fax
rzabbo@rbhelaw.com