UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| GAIL, JOHN D. AND JOHN F. CORVELLO, ET AL.,<br><br>Plaintiffs<br>v.<br><br>NEW ENGLAND GAS COMPNAY,<br><br>Defendant and Third Party Plaintiff,<br>v.<br>BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC, ET AL.,<br><br>Third Party Defendants. | Case Numbers: 05-221T (Lead Case)<br>(Related and Consolidated cases:<br>05-274T; 05-370T, 05-522T) |

**NEW ENGLAND GAS COMPNAY'S ANSWER TO THE COUNTERCLAIM OF DOMINION RESOURCES, INC. AND DOMINION ENERGY BRAYTON POINT, LLC**

Defendant and Third Party Plaintiff, New England Gas Company, Inc. ("NEGasCo") responds to the counterclaim of Third Party Defendants Dominion Resources, Inc. and Dominion Energy Brayton Point, LLC (collectively "Dominion") as follows:

1. Admitted.

2. NEGasCo is without sufficient information to admit or deny the allegations in this paragraph and, therefore, leaves Third Party Defendants / Counterclaim Plaintiffs to their burden of proof.

3. Admitted.

4. The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is required, NEGasCo is without sufficient information to admit or deny the allegations in this paragraph and, therefore, leaves Third Party Defendants / Counterclaim Plaintiffs to their burden of proof.

5. The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is required, NEGasCo is without sufficient information to admit or deny the allegations in this paragraph and, therefore, leaves Third Party Defendants / Counterclaim Plaintiffs to their burden of proof.

6. The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is required, NEGasCo is without sufficient information to admit or deny the allegations in this paragraph and, therefore, leaves Third Party Defendants / Counterclaim Plaintiffs to their burden of proof.

7. NEGasCo is without sufficient information to admit or deny the allegations in this paragraph and, therefore, leaves Third Party Defendants / Counterclaim Plaintiffs to their burden of proof.

8. NEGasCo neither admits nor denies the allegations in this paragraph as the documents speak for themselves. To the extent that the terms of the documents differ from the allegations in this paragraph, such allegations are denied.

9. NEGasCo neither admits nor denies the allegations in this paragraph as the documents speak for themselves. To the extent that the documents differ from the allegations in this paragraph, such allegations are denied.

10. NEGasCo is without sufficient information to admit or deny the allegations in this paragraph and, therefore, leaves Third Party Defendants / Counterclaim Plaintiffs to their burden of proof.

11. NEGasCo neither admits nor denies the allegations in this paragraph as the documents speak for themselves. To the extent a response is required, NEGasCo is without

sufficient information to admit or deny the allegations in this paragraph and, therefore, leaves Third Party Defendants / Counterclaim Plaintiffs to their burden of proof.

12. NEGasCo is without sufficient information to admit or deny the allegations in this paragraph and, therefore, leaves Third Party Defendants / Counterclaim Plaintiffs to their burden of proof.

13. NEGasCo neither admits nor denies the allegations in this paragraph as the document speaks for itself. To the extent a response is required, NEGasCo is without sufficient information to admit or deny the allegations in this paragraph and, therefore, leaves Third Party Defendants / Counterclaim Plaintiffs to their burden of proof.

14. NEGasCo is without sufficient information to admit or deny the allegations in this paragraph and, therefore, leaves Third Party Defendants / Counterclaim Plaintiffs to their burden of proof.

15. NEGasCo neither admits nor denies the allegations in this paragraph as the documents speak for themselves. To the extent a response is required, NEGasCo is without sufficient information to admit or deny the allegations in this paragraph and, therefore, leaves Third Party Defendants / Counterclaim Plaintiffs to their burden of proof.

16. NEGasCo is without sufficient information to admit or deny the allegations in this paragraph and, therefore, leaves Third Party Defendants / Counterclaim Plaintiffs to their burden of proof.

17. NEGasCo neither admits nor denies the allegations in this paragraph as the document speaks for itself. To the extent that the terms of the document differ from the allegations in this paragraph, such allegations are denied.

18. NEGasCo neither admits nor denies the allegations in this paragraph as the document speaks for itself. To the extent a response is required, NEGasCo is without sufficient information to admit or deny the allegations in this paragraph and, therefore, leaves Third Party Defendants / Counterclaim Plaintiffs to their burden of proof.

19. NEGasCo neither admits nor denies the allegations in this paragraph as the document speaks for itself. To the extent a response is required, NEGasCo is without sufficient information to admit or deny the allegations in this paragraph and, therefore, leaves Third Party Defendants / Counterclaim Plaintiffs to their burden of proof.

20. NEGasCo is without sufficient information to admit or deny the allegations in this paragraph and, therefore, leaves Third Party Defendants / Counterclaim Plaintiffs to their burden of proof.

21. NEGasCo neither admits nor denies the allegations in this paragraph as the document speaks for itself. To the extent a response is required, NEGasCo is without sufficient information to admit or deny the allegations in this paragraph and, therefore, leaves Third Party Defendants / Counterclaim Plaintiffs to their burden of proof.

22. NEGasCo is without sufficient information to admit or deny the allegations in this paragraph and, therefore, leaves Third Party Defendants / Counterclaim Plaintiffs to their burden of proof.

23. Denied.

24. NEGasCo neither admits nor denies the allegations in this paragraph as the document speaks for itself. To the extent that the terms of the document differ from the allegations in this paragraph, such allegations are denied.

25. Denied.

26. NEGasCo neither admits nor denies the allegations in this paragraph as the document speaks for itself. To the extent that the terms of the document differ from the allegations in this paragraph, such allegations are denied.

27. NEGasCo neither admits nor denies the allegations in this paragraph as the document speaks for itself. To the extent that the terms of the document differ from the allegations in this paragraph, such allegations are denied.

28. Denied.

29. NEGasCo neither admits nor denies the allegations in this paragraph as the document speaks for itself. To the extent that the terms of the document differ from the allegations in this paragraph, such allegations are denied.

30. The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is required, NEGasCo is without sufficient information to admit or deny the allegations in this paragraph and, therefore, leaves Third Party Defendants / Counterclaim Plaintiffs to their burden of proof.

31. Denied.

32. NEGasCo neither admits nor denies the allegations in this paragraph as the document speaks for itself. To the extent that the terms of the document differ from the allegations in this paragraph, such allegations are denied.

33. Denied.

34. Denied.

35. NEGasCo is without sufficient information to admit or deny the allegations in this paragraph and, therefore, leaves Third Party Defendants / Counterclaim Plaintiffs to their burden of proof.

36. NEGasCo neither admits nor denies the allegations in this paragraph as the document speaks for itself. To the extent a response is required, NEGasCo is without sufficient information to admit or deny the allegations in this paragraph and, therefore, leaves Third Party Defendants / Counterclaim Plaintiffs to their burden of proof.

37. Denied.

38. NEGasCo neither admits nor denies the allegations in this paragraph as the document speaks for itself. To the extent that the terms of the document differ from the allegations in this paragraph, such allegations are denied.

39. NEGasCo neither admits nor denies the allegations in this paragraph as the documents speak for themselves. To the extent that the terms of the documents differ from the allegations in this paragraph, such allegations are denied.

40. NEGasCo admits that there was excavation done in connection with a sewer project. NEGasCo is without sufficient information as to the remaining allegations in this paragraph concerning the contamination referenced and, therefore, leaves the Third Party Defendants/Counterclaim Plaintiffs to their burden of proof.

41. NEGasCo neither admits nor denies the allegations in this paragraph as the document speaks for itself. To the extent that the terms of the documents differ from the allegations in this paragraph, such allegations are denied.

42. NEGasCo admits that a consultant hired by the Town and Starwood performed some investigation.

43. Denied.

44. NEGasCo neither admits nor denies the allegations in this paragraph as the document speaks for itself. NEGasCo admits that a Letter of Responsibility was issued. To the

extent that the terms of the document differ from the allegations in this paragraph, such allegations are denied.

45. Admitted.

46. NEGasCo is without sufficient information to admit or deny the allegations in the first sentence of this paragraph and, therefore, leaves Third Party Defendants/Counterclaim Plaintiffs to their burden of proof. As to the remaining allegations in this paragraph, NEGasCo neither admits nor denies such allegations as the document speaks for itself. To the extent that the terms of the document differ from the allegations in this paragraph, such allegations are denied.

47. NEGasCo is without sufficient information to admit or deny when RIDEM received the document entitled "Immediate Response Action Plan" and, therefore, leaves the Third Party Defendants / Counterclaim Plaintiffs to their burden of proof. NEGasCo neither admits nor denies the remaining allegations in this paragraph as the document speaks for itself. To the extent that the terms of the document differ from the allegations in this paragraph, such allegations are denied.

48. NEGasCo neither admits nor denies the allegations in this paragraph as the document speaks for itself. NEGasCo admits that a Notice of Violation was issued. To the extent that the terms of the document differ from the allegations in this paragraph, such allegations are denied.

49. Admitted in part and denied in part. NEGasCo states that there was a Notice of Violation dated September 14, 2006, issued to it and the Town of Tiverton, and an Amended Notice of Violation dated September 19, 2006 issued just to NEGasCo.

50. NEGasCo admits that it has denied all liability for the contamination and has filed a third party complaint. To the extent that the allegations concerning the third party complaint differ from the complaint, NEGasCo denies such allegations.

51. NEGasCo denies the allegations in the first sentence of this paragraph. As to the remaining allegations in this paragraph, NEGasCo is without sufficient information to admit or deny the allegations and, therefore, leaves the Third Party Defendants/Counterclaim Plaintiffs to their burden of proof.

52. NEGasCo denies the allegations in the first two sentences of this paragraph. As to the remaining allegations in this paragraph, NEGasCo is without sufficient information to admit or deny the allegations and, therefore, leaves the Third Party Defendants/Counterclaim Plaintiffs to their burden of proof.

53. NEGasCo neither admits nor denies the allegations in this paragraph as the document speaks for itself. To the extent that the terms of the document differ from the allegations in this paragraph, such allegations are denied.

54. Denied.

55. Third Party Plaintiffs / Counterclaim Defendants incorporate herein by reference their responses to the foregoing paragraphs.

56. Denied.

57. Third Party Plaintiffs / Counterclaim Defendants incorporate herein by reference their responses to the foregoing paragraphs.

58. Denied.

**FIRST AFFIRMATIVE DEFENSE**

The Counterclaim fails to state a claim upon which can be granted.

**SECOND AFFIRMATIVE DEFENSE**

The claims in the Counterclaim are barred by the doctrine of unclean hands.

**THIRD AFFIRMATIVE DEFENSE**

The claims in the Counterclaim are barred by the doctrine of waiver and estoppel.

**FOURTH AFFIRMATIVE DEFENSE**

This Court has subject matter and personal jurisdiction over the claims involved in and Dominion parties that are a part of the Third Party Complaint and Counterclaim thereto.

**FIFTH AFFIRMATIVE DEFENSE**

The United States Bankruptcy Court of the District of Maryland does not have and/or should not exercise jurisdiction over the claims or parties in the Third Party Complaint and Counterclaim thereto.

**SIXTH AFFIRMATIVE DEFENSE**

The Third Party Defendants/Counterclaim Plaintiffs are not released from the type of claims, including claims for environmental liabilities, set forth in the Third Party Complaint.

**SEVENTH AFFIRMATIVE DEFENSE**

The claims in the Third Party Complaint are not barred, discharged, enjoined or otherwise released in any way through the various documents and orders cited in the Counterclaim, including but not limited to the November 23, 2004 Order of the United States Bankruptcy Court of the District of Maryland.

**EIGHTH AFFIRMATIVE DEFENSE**

To the extent that the Third Party Plaintiff is found liable, the Third Party Defendants/Counterclaim Plaintiffs are contributorily negligent for any damages allegedly suffered by the Plaintiffs.

**NINTH AFFIRMATIVE DEFENSE**

NEGasCo reserves the right to add additional affirmative defenses as they may arise during discovery.

NEW ENGLAND GAS COMPANY, INC.
By its Attorneys,

/s/ Robin L. Main

Robin L. Main (#4222)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
(401) 274-2000
(401) 277-9600 (fax)
rmain@haslaw.com

Dated: December 3, 2007

**CERTIFICATE OF SERVICE**

To:
Notification via CMECF:

Gregory L. Benik - gbenik@jreri.com
David A. Cetola - dcetola@mcrobertslaw.com
Brian R. Cunha – brian@briancunha.com
Christina C. Dodds - CDodds@bishoplondon.com
Susan B. Forcier - susan.wilson@dem.ri.gov
Eric D. Herschmann - eherschmann@kasowitz.com
Robin-Lee Main - rmain@haslaw.com, sjfoster@haslaw.com
John J. McConnell, Jr. - jmcconnell@motleyrice.com
Robert J. McConnell - bmcconnell@motleyrice.com
Michael D Mitchell - mmitchell@admin.ri.gov
Charles K. Mone – cmone@campbell-trial-lawyers.com
Jonathan D Orent - jorent@motleyrice.com
Gerald J. Petros - gpetros@haslaw.com, clomas@haslaw.com
Russell X Pollack – rpollack@campbell-trial-lawyers.com
Paul Revere, III – revereiii@aol.com
Mark W. Roberts - mroberts@mcrobertslaw.com
David E. Ross - dross@kasowitz.com
Paul M. Sanford - psanford@burnslev.com, scook@burnslev.com
Anthony J. Sbarra, Jr. - asbarra@campbell-trial-lawyers.com
Gregory S. Schultz - gregory.schultz@dem.ri.gov
Kristen W. Sherman - ksherman@apslaw.com, afontaine@apslaw.com, btallman@apslaw.com
Aileen L. Sprague - asprague@motleyrice.com
Heather Spurlock Kennealy - hskennealy@mcrobertslaw.com

John A. Tarantino - jtarantino@apslaw.com, dhumm@apslaw.com
Bruce Gregory Tucker - btucker@legalmgt.com
Brian A. Wagner - brian.wagner@dem.ri.gov
Lewis S. Wiener - lewis.wiener@sablaw.com
David A. Wollin - dwollin@apslaw.com, dciuffetelli@apslaw.com, epickett@apslaw.com

Notification via first class mail:

Michael D. Mitchell, Esq.
Deputy Chief of Legal Services
R.I. Department of Administration
Division of Legal Services
One Capitol Hill
Providence, RI 02903

Susan B. Wilson
RI Department of Environmental Management
235 Promenade Street, 4th Floor
Providence, RI 02908

Neil T. Leifer
Thornton & Naumes LLP
100 Summer Street
Boston, MA 02110

Lewis S. Wiener
Sutherland, Asbill & Brennan LLP
1375 Pennsylvania Avenue, NW
Washington, DC 20004-2415

Robert J. McConnell
Motley Rice LLC
321 South Main Street, 2nd Floor
Providence, RI 02903

Christina C. Dodds
Bishop London Brophy Dodds, P.C.
3701 Bee Cave Road
Austin, TX 78746

Seth Davis
Eric D. Herschmann
Kasowitz, Benson, Torres & Friedman LLP
1633 Broadway
New York, NY 10019

I hereby certify that on December 3, 2007, a copy of the foregoing was served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing as indicated on the Notice of Electronic Filing.

/s/ Robin L. Main
Robin L. Main