UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SHEILA REIS, et al<br>Plaintiffs<br><br>v.<br><br>SOUTHERN UNION COMPANY d/b/a FALL RIVER GAS AND NEW ENGLAND GAS<br>Defendants/Third-Party Plaintiffs,<br><br>v.<br><br>BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC; et al<br>Third-Party Defendants | : | C.A. No. 05-522T<br>(Related Cases: 05-0221T; 05-274T; 05-370T) |

**RESPONSE OF THE "REIS PLAINTIFFS" TO THE CORVELLO PLAINTIFFS' MOTION TO SEVER DEFENDANT'S THIRD PARTY CLAIMS**

The *Reis* Plaintiffs, by and through counsel, file this brief in accordance with the Court's November 20, 2007 Order requesting that that every party respond to the *Corvello* Plaintiffs' Motion to Sever Defendant's Third Party Complaint ("*Corvello* Motion"). The *Reis* Plaintiffs join the *Corvello* motion, and hereby adopt and incorporate by reference the arguments made in the *Corvello* motion and accompanying legal memorandum. In addition, the *Reis* Plaintiffs add the following:

1. Like the *Corvello* Plaintiffs, the *Reis* Plaintiffs alleged entitlement to relief against New England Gas Company ("NEGas") due to the deposit of NEGas's coal gasification waste on the *Reis* Plaintiffs' properties. The *Reis* Plaintiffs seek damages due to the coal

gasification waste disposal on their property, and the resulting Moratorium imposed by the Town of Tiverton on August 23, 2003.

2. Briefing has raised the issue of whether the Court should treat the Plaintiffs' "Motion to Sever" as a Motion under Rule 21 or Rule 42(b) of the Federal Rules of Civil Procedure. The *Reis* Plaintiffs do not take a position on whether the Court should fashion a remedy under Rule 21 or Rule 42(b) if the Court is inclined to grant the *Corvello* Motion. However, we note that whether the Court views the Motion to Sever as a Rule 21 motion or a Rule 42(b) motion, the analysis requires identical considerations. Acevedo-Garcia v. Monroig, 351 F.3d 547, 558 (1st Cir. 2003).

3. "The decision to separate parties or claims is a case management decision peculiarly within the discretion of the trial court." Acevedo-Garcia, 351 F.3d at 558. Separation of third party claims of contribution and indemnification simplifies trial and avoids juror confusion. Kosters v. The Seven-Up Co., 595 F.2d 347 (6th Cir., 1979). Such separation is needed here.

The litigation of NEGas's third party claims with the underlying case would require the parties, the jury and the court to address and consider the following issues: (1) NEGas' liability on theories of negligence, strict liability and public nuisance; and (2) if NEGas is found liable, the amount of damages to be awarded against it; and (3) the liabilities of each Third Party Defendant for their responsibilities and the extent of the same.

While it is theoretically possible to accomplish this in a single trial, the complexity of the legal theories and relationships between the parties would unduly complicate trial and lead to juror confusion. There is a distinct possibility that this complexity would yield inconsistent verdicts Such concerns are remedied by a separate trial of the third party complaint. Kosters, 595 F.2d at 356.

4. Practical considerations in managing this litigation also favor separate proceedings. The extent of discovery to be completed by the Discovery deadline, excluding any consideration of third party discovery, is substantial. NEGas's counsel recently commenced deposing the plaintiffs, and have indicated their intent to complete the depositions of each individual plaintiff prior to the February 29, 2007 discovery deadline. This will total in excess of one hundred depositions over the next two and one-half months.

The plaintiffs' depositions commenced yesterday with the deposition of Jose Adorno, a plaintiff in the *Corvello* matter This deposition lasted an entire day Depositions are scheduled to continue on a "dual track", with the intent of completing ten plaintiffs' depositions per week. Even if this ambitious course of discovery proceeds as anticipated, these depositions *alone* will consume the time available prior to the discovery deadline. It would certainly prejudice all parties, including the plaintiffs, in the preparation of their cases for trial if third party claims must also be litigated during this time frame. The reasonable solution to the problem without further delaying the underlying litigation is to order a separate proceeding on the third party claims.

5. In conclusion, whether the Court exercises its discretion to fashion a remedy pursuant to Rule 21 or Rule 42(b), analysis of the factors clearly weighs in favor of ordering separate proceedings.

Respectfully Submitted,
*Attorneys for the Plaintiffs Sheila, Dennis and Ashley Reis, et al.*

/s/ Richard J. Zabbo
Richard J. Zabbo, Esq.# 6861
Ratcliffe Burke Harten & Elias, LLP
1600 Financial Plaza
Providence, RI 02906
(401) 331-3400
(401) 331-3440 (fax)

**Certificate of Service**

I hereby certify that on December 5, 2007, a copy of the foregoing was served via electronic means upon all counsel of record.

/s/ Richard J. Zabbo
Richard J. Zabbo, Esq.# 6861