**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| GAIL CORVELLO, et al.,<br>Plaintiffs,<br><br>v.<br><br>NEW ENGLAND GAS COMPANY,<br>Defendant and<br>Third-party Plaintiff,<br><br>v.<br><br>BRIDGSTONE FIRESTONE NORTH AMERICAN TIRE, LLC; BRIDGSTONE AMERICAS HOLDINGS, INC.; HONEYWELL INTERNATIONAL, INC.; TOWN OF TIVERTON; GULF OIL CORPORATION; INLAND FUEL TERMINALS, INC.; DOMINION RESOURCES, INC. and DOMINION ENERGY BRAYTON POINT, LLC,<br>Third-party<br>Defendants. | : | C.A. Nos.: 05-221T; 05-274T; 05-370T; 05-522T |

**<u>RESPONSE OF THIRD-PARTY DEFENDANT AND THIRD PARTY COUNTERCLAIM PLAINTIFF, THE TOWN OF TIVERTION, TO PLAINTIFFS' MOTION TO SEVER</u>**

The Town of Tiverton joins plaintiffs in their motion to sever New England Gas Company's third-party claims and asserts that severance of New England Gas Company's claims for indemnity and contribution is necessary to prevent undue delay and unnecessary complication and confusion of the issues.

The trial court's decision to grant or deny a motion to sever is governed by Federal Rule of Civil Procedure 42(b) which states in relevant part:

> "The court in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue

> or of any number of claims, or issues, always preserving inviolate the right of a trial by jury…."

A district court, under Rule 42(b), has broad discretion in bifurcating issues and claims." Medtronic Xomed, Inc. v. Gyrus Ent LLC, 440 F.Supp.2d 1333, 1335 (M.D. Fla. 2006). Many factors and considerations including separability of the issues, simplification of discovery and conservation of resources, prejudice to the parties, judicial economy and clarity may be relevant to the determination of whether or not bifurcate trials. Doctor John's, Inc. v. City of Sioux City, IA, 438 F.Supp.2d 1005, 1041 (N.D. Iowa 2006) citing O'Dell v. Hercules, Inc., 904 F.2d 1194, 1201-02 (8th Cir. 1990); Bancorp Servs., L.L.C. v. Sun Life Assur. Co. of Canada, 2006 WL 1026992, *2 (E.D.Mo.2006)(slip op.). However, "'the paramount consideration must remain a fair and impartial trial to all litigants through a balance of benefits and prejudice.' " Medtronic Xomed, Inc., 440 F.Supp.2d at 1334 (citing Kimberly-Clark Corp. v. James River Corp. of Va., 131 F.R.D. 607. 608 (N.D. Ga. 1989)).

The Motion to Sever Defendant's Third Party Complaint for indemnity and/or contribution against the Third-Party Defendants should be granted in order to simplify the issues for trial and to avoid confusion. Because of the number of plaintiffs involved, the wide range of damages alleged by each plaintiff and the complexity of environmental issues presented, the likelihood of complication and confusion of the matters before the court is already high. The addition of the Defendant's Third-Party Complaint for indemnity and/or contribution would only serve to further complicate and confuse the issues by bringing in more parties and involving additional questions that need not be reach at this time.

Additionally, the indemnification and contribution claims should be severed in order to promote judicial efficiency. Unless and until New England Gas Company is found liable for the contamination of the Bay Street Area, the third party claims need not be addressed. An initial trial that resolves the issue of New England Gas Company's liability may eliminate the need for the indemnity and contribution claims altogether. At the very least, the initial trial will assist in clarifying and narrowing the issues the need to be addressed in the indemnification and contribution phase of the trial.

Discovery in these 2005 cases is scheduled to close in approximately four months although the third-party defendants were served only two months ago. The third-party defendants will suffer substantial prejudice by the limited discovery period. Depositions of the plaintiffs alone could consume a large portion of the time remaining for discovery. By way of illustration, thirty plaintiff depositions have been noticed by New England Gas Company for the period between December 3, 2007 and December 21, 2007, that is, two depositions a day, every Monday through Friday until December 21. The alternative option of enlarging the discovery period will result in undue further delay to the plaintiffs who have been seeking a resolution since 2002. Additionally, the plaintiffs risk losing at least one key witness due to his advanced age by further delay.

The Town of Tiverton requests that its third-party counterclaim against New England Gas Company continue to be tracked with the plaintiffs' claims as both the plaintiffs and the town allege that New England Gas Company is responsible for the presence of contaminated waste in the properties and roadways of Tiverton. Both actions involve common questions of law and fact.

For the foregoing reasons, the Plaintiffs' Motion to Sever Defendant's, New England Gas Company's, indemnity and contribution claims against the Third Party Defendants should be granted.

Dated: December 5, 2007

Respectfully submitted,

/s/ *Jeanne M. Scott, Esq.*
Jeanne M. Scott, Esq. (#6178)
Ursillo, Teitz & Ritch, Ltd.
2 Williams Street
Providence, Rhode Island 02903
(401) 331-2222
(401) 751-5257 (facsimile)
**jeannescott@utrlaw.com**

**CERTIFICATION**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that all counsel of record are so registered.

/s/ *Jeanne M. Scott, Esq.*
Dated: December 5, 2007

S:\JEANNE\Corvello\Response to Mtn. to Sever