**PLAINTIFFS' MOTION TO COMPEL AND REQUEST FOR EXPEDITED HEARING**

Attachment A

**DRAFT ~~11~~12-~~15~~30-07**

**ACCESS AGREEMENT**

This Access Agreement ("Agreement") is made as of this ____ day of ____, 2007, by and between the following parties:

1. McRoberts, Roberts & Rainer, LLP, with a principal place of business at 53 State Street, Boston, MA 02109; Motley Rice, LLC, 321 South Main Street, Providence, RI 02940; Thorton & Naumes, LLP, 100 Summer Street, 30th Floor, Boston, MA 02110~~; Law Offices of Paul Revere, 297 North Street, Suite 336, Hyannis, MA 02601; and Brian Cunha & Associates, P.C., 904 Broadway, East Providence, RI 02914~~ (referred to herein as "Plaintiffs' counsel"),
2. New England Gas Company (a division of Southern Union Company) (referred to herein as "NEGC"), with a principal place of business at 45 North Main Street, Fall River, MA 02720; and
3. Weston & Sampson (referred to herein as "W&S"), with a principal place of business at 5 Centennial Drive, Peabody, MA 01960.

(Plaintiffs' counsel, NEGC, and W&S shall be collectively referred to hereafter as the "Parties").

**Recitals**

WHEREAS, NEGC is the owner of the land at 120 Charles Street, Fall River, MA (the "Premises");

WHEREAS, Plaintiffs' counsel wishes to perform, at its sole expense, environmental assessment activities at the Premises, by having its consultant, W&S, and its subcontractors, perform certain sampling activities as more fully described in the Scope of Work which will be

developed after an initial site visit and is attached hereto and adopted and incorporated herein as Exhibit "A" (the "Work"); and

WHEREAS, NEGC wishes to grant Plaintiffs' counsel, its consultants and subcontractors, access to the Premises solely to perform the Work, including documenting the Work through audio-visual and photographic means.

Now, therefore, for good and sufficient consideration, receipt of which is hereby acknowledged, the Parties hereby agree as follows.

1. Plaintiffs' counsel shall be solely responsible for paying all costs associated with the Work, except for costs incurred by NEGC its consultants and subcontractors.

2. NEGC grants to Plaintiffs' counsel and its representatives, employees, agents and/or contractors, including without limitation W&S, its Licensed Site Professional, and its subcontractors, access and entry to the Premises (the "Access"), following execution of this Agreement, for the sole purpose of carrying out the Work.

3. Plaintiffs' counsel, W&S and NEGC acknowledge that NEGC makes no representation or warranties regarding the condition or safety of the Premises, and that entry upon the Premises is at the risk of Plaintiffs' counsel and W&S, and their employees, agents, and contractors. NEGC shall not be responsible for any personal injury or property damage suffered by any party or person that arises in any way out of the Work contemplated in this Agreement, except to the extent that such injury or damage is a direct result of the intentional act or gross negligence of NEGC.

4. Plaintiffs' counsel and W&S shall perform the Work and shall cause the Work to be performed in a good and workmanlike manner in accordance with ~~all~~ applicable federal, state and local laws and Massachusetts Department of Environmental Protection ("DEP") regulations, policies and procedures.

5. Plaintiffs' counsel and W&S shall perform the work and shall cause the work to be performed in a manner that does not unreasonably interfere with the business operations of NEGC or any occupant on the Premises. W&S will contact DigSafe following the marking of potential drilling locations on the Premises during the initial site visit. It is our understanding, DigSafe will not enter the Premises, therefore, NEGC personnel will approve all potential subsurface locations such that potential subsurface utilities and or structures have been clearly identified and potential subsurface locations have been "cleared" for access by NEGC personnel.

6. Plaintiffs' counsel and W&S shall abide by all site safety protocols and shall attend an NEGC on-site safety orientation before commencing Work. Plaintiffs' counsel and W&S shall ensure that W&S, and any contractor or subcontractor granted Access to perform Work under this Agreement shall have current 40 hour HAZWOPER/OSHA certification.

7. Plaintiffs' counsel and W&S agree that they shall cease all Work and leave the Premises, and shall cause their subcontractors to cease all Work and leave the Premises, if requested to do so by NEGC for reasonable cause, which shall include a material breach of this agreement.

8. Plaintiffs' counsel and W&S shall at all times keep the Premises, or cause the Premises to be kept, free from accumulation of debris or rubbish caused by their employee's, contractor's, subcontractor's, or agent's operations. At the completion of the Work, Plaintiffs' counsel and W&S shall, at their own expense, remove all debris and rubbish caused by their operations from and about the Premises, and Plaintiffs' counsel and W&S shall remove any remaining tools, construction equipment, machinery, work apparel, and surplus materials, leaving the Premises free of such materials, and repairing any damage to the Premises resulting from the Work. All excavated, disturbed or filled areas shall be revegetated, patched, repaired, or restored to their pre-existing site conditions as existed prior to the commencement of the Work, as nearly as practicable, and consistent with the procedures specified in the Work. Any damage to any structure on the Premises shall be repaired and restored to its original condition as nearly as practicable as existed prior to the commencement of the Work.

9. Plaintiffs' counsel shall identify ~~all~~ contractors and **[subcontractors (not laboratories)]** who will be participating in ~~any way in~~ the Work, ~~including the laboratory that will perform the analyses on the samples taken from the Premises~~. Plaintiffs' counsel and W&S shall ensure that W&S, and any contractor or subcontractor granted Access to perform Work under this Agreement shall name New England Gas Company, a division of Southern Union Company, and its officers, directors, employees, agents, and representatives as additional insureds, except on Worker's Compensation, on their insurance policies. Such policies must be issued by insurance companies with a minimum rating of A-6. The

**Formatted:** Font: Bold, Underline

contractors' and subcontractors' insurance will be primary and any insurance by NEGC will be non-contributory, unless the damages/claims arise from the gross negligence or intentional act of NEGC. W&S, and any other contractor or subcontractor, and each underwriter, shall waive all rights of recovery against NEGC, under subrogation or otherwise, that they may have or acquire related to such insurance, unless the damages/claims arise from the gross negligence or intentional act of NEGC. Plaintiffs' counsel and W&S shall ensure that W&S, and any contractor or subcontractor granted Access to perform Work under this Agreement shall, at least ~~five~~ three (~~5~~3) business days prior to entry to perform Work, deliver to Derek Tomka at NEGC a certificate of insurance and specific endorsements for, and during the course of the Work maintain in full force and effect, the following:

| | | Each Occurrence | Aggregate |
|---|---|---|---|
| General Liability | Bodily Injury and Property Damage Combined Each Occurrence | $1,000,000 | $5,000,000 |
| Automobile Liability | Bodily Injury and Property Damage Combined Each Occurrence | $1,000,000 | |
| Excess Liability: Umbrella form | Bodily Injury and Property Damage Combined | $3,000,000 | $3,000,000 |
| Pollution Legal Liability/ Environmental(1) | | $5,000,000 | $5,000,000 |
| Worker's Compensation and Employers Liability | Worker's Compensation<br>Each Accident<br>Disease - Policy Limit/Each Employee | Statutory<br>$1,000,000<br>$1,000,000 | |

(1) May be included in General Liability policy. If not, contractor shall obtain coverage as required

10. W&S agrees to indemnify, defend and hold harmless, New England Gas Company, a division of Southern Union Company, and its officers, directors, employees, agents, representatives, grantees, and assigns, whether past, present or future, of, from, and for, any and all demands, actions, causes of action, suits, expenses (including reasonable attorneys' fees), liabilities, penalties, damages, and any and all claims, demands, and/or liabilities, whatsoever, of any name or nature, both in law or in equity, past, present or future, that arise from the Access and/or the Work, but specifically provides no indemnity for any Oil and/or Hazardous substance discovered during the course of the Work, except for any exacerbation or worsening of any Oil or Hazardous Substance existing at the Premises at the time of access resulting from any act or omission of the Plaintiffs' Counsel, or W&S which is specifically included. This indemnification shall survive the termination of this Agreement.

11. Plaintiffs' counsel agrees to indemnify, defend and hold harmless, New England Gas Company, a division of Southern Union Company, and its officers, directors, employees, agents, representatives, grantees, and assigns, whether past, present or future, of, from, and for, any and all demands, actions, causes of action, suits, expenses (including reasonable attorneys' fees), liabilities, penalties, damages, and any and all claims, demands, and/or liabilities, whatsoever, of any name or nature, both in law or in equity, past, present or future, that arise from the Access and/or the Work, but specifically provides no indemnity for any Oil and/or Hazardous substance discovered during the course of the Work, except for any

exacerbation or worsening of any Oil or Hazardous Substance existing at the Premises at the time of access resulting from any act or omission of the Plaintiffs' Counsel, or W&S which is specifically included. This indemnification shall survive the termination of this Agreement.

12. Except as specifically noted herein, all actions undertaken by the Parties to this Agreement are without prejudice to the Parties' respective rights, and neither the Work nor any provision herein constitutes an admission of liability or responsibility unless explicitly provided for herein.

13. Plaintiffs' counsel shall allow NEGC, at its sole discretion and expense (i) to have NEGC, its agents or consultant(s), if any, observe the Work; and (ii) to take split samples, pursuant to the procedures set out in the Work.

14. **[Per 310 CMR 40.1403(10), within fifteen (15) days of receipt of the data generated from the testing and analysis of the samples taken, Plaintiffs' counsel shall provide to NEGC one printed copy of all laboratory test results from all samples collected on the Premises]**

Formatted: Font: Bold, Underline

Formatted: Font: 14 pt, Bold, Underline

15. Plaintiffs' counsel and W&S shall provide to NEGC one printed copy of any reports or filings submitted to any regulatory agency regarding the sampling at the Premises.

16. Plaintiffs' counsel ~~and W&S~~ agree to, at their sole expense, dispose of all samples taken pursuant to the Work, and shall execute all applicable hazardous waste manifests and/or bills of lading as the generator. Disposal of such material shall include but not be limited to the off-site disposal of all soil, groundwater, oil,

remediation waste, decontamination water, and/or debris generated during the sampling. W&S will not assume any responsibility for LSP services for the Work performed on the Premises, specifically, but not limited to release notification to the Massachusetts Department of Environmental Protection under any applicable state regulations including but not limited to the Massachusetts Contingency Plan, 310 CMR 40.0000.

17. This Agreement shall constitute a temporary license and is valid for a period of thirty (30) days from the date of signature, and may be amended only in writing duly executed by the Parties hereto and dated subsequent to the date hereof.

18. This Agreement may be executed in multiple counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same documents. The Parties may exchange facsimile signatures with original signatures to be delivered to the respective Parties within one week of execution.

19. If any of the terms or provisions of this Agreement are invalid or unenforceable, such terms or provisions shall not invalidate the rest of the Agreement which shall remain in full force and effect as if such invalidated or unenforceable terms or provisions had not been made a part of this Agreement.

20. No party may assign, transfer, or delegate this Agreement, or any such Parties' rights and obligations hereunder, to any third party hereto, without the written consent of the other Parties which consent shall not be unreasonable withheld. Any attempt at assignment, delegation, or transfer in contravention of this Agreement shall be null and void.

21. This Agreement contains the whole Agreement between the Parties concerning the subject matter hereof and there are no collateral or precedent representations, agreements or conditions, either written or oral, not specifically set forth herein.

22. This Agreement is made under and shall be governed by the laws of the Commonwealth of Massachusetts.

23. This Agreement is executed under seal this __ day of ______, 2007.

PLAINTIFFS' COUNSEL

By: ______________________________

______________________________
Name:
Title:

Date:______________________________

By: ______________________________

______________________________
Name:
Title:

Date:______________________________

By: ______________________________

______________________________
Name:
Title:

Date:______________________________

~~By:~~ ~~______________________________~~

~~______________________________~~

~~Name:~~
~~Title:~~

~~Date:~~____________________________________

~~By:~~ ____________________________________

____________________________________

~~Name:~~
~~Title:~~

~~Date:~~____________________________________

WESTON & SAMPSON

By:____________________________________

____________________________________

Name:
Title:

Date:____________________________________

NEW ENGLAND GAS COMPANY

By: ______________________________

____________________________________

Name:
Title:

Date:____________________________________