UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| GAIL CORVELLO, ET AL., Plaintiffs, v. NEW ENGLAND GAS COMPANY, INC., Defendant and Third-Party Plaintiff, v. BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC; BRIDGESTONE AMERICAS HOLDINGS, INC.; HONEYWELL INTERNATIONAL, INC.; TOWN OF TIVERTON; GULF OIL CORPORATION; INLAND FUEL TERMINALS, INC.; DOMINION RESOURCES, INC.; DOMINION ENERGY BRAYTON POINT LLC; and CITY OF FALL RIVER, Third-Party Defendants. | : | C.A. No. 05-221T (Consolidated Cases: 05-274T; 05-370T; 05-522T) |

**CITY OF FALL RIVER'S MOTION TO COMPEL ADEQUATE INITIAL DISCLOSURE FROM THIRD-PARTY PLAINTIFF NEW ENGLAND GAS COMPANY, INC.**

The City of Fall River (the "City") moves this Court to compel New England Gas Company, Inc. ("NEGC") to provide an adequate initial disclosure and identify witnesses and documents likely known to NEGC. Although NEGC has been litigating the primary case for over two years and a discovery deadline is currently set for February 2008, NEGC's initial disclosure was drafted for all third-party defendants, and did not adequately identify potential evidence in support of NEGC's claims against the City. NEGC did not provide the name and address of even one person with discoverable information, instead choosing to only generally list

companies and governmental agencies involved in the case. Even then, NEGC did not set forth the types of information which NEGC expects these anonymous employees to have. Nor did NEGC specifically identify any documents in its possession, instead listing only five general categories of potential documents. NEGC has thus failed to sufficiently disclose information in support of its claims. In view of the impending discovery deadline, this Court should order that NEGC specifically identify witnesses and documents to the extent that such information is known to NEGC.

The City states in further support of this Motion as follows:

**Background**

The various plaintiffs in the original cases filed suit against NEGC in May 2005. On October 24, 2007, NEGC filed a third-party complaint against the City, claiming contribution and indemnity. At that time, the Court had already set a February 2008 discovery deadline. The City received NEGC's initial disclosure (sent to all third party defendants alike) on November 15, 2007. After review, the City's counsel determined that the initial disclosure was insufficient, and requested that NEGC "supplement and/or explain its disclosures to clarify what discoverable information NEGC may have to support its claims against the City." See Exhibit 1 (November 30, 2007 Letter to NEGC's counsel). Counsel for the City later reiterated this request during an in-person meeting with Attorneys Ross and Davis on December 5, 2007, and followed up that conversation with an email on December 19. See Exhibit 2 (December 19, 2007 Email to NEGC's counsel). Other than acknowledging the request, NEGC has not responded to it.

**NEGC Did Not Sufficiently Identify Persons With Knowledge In Support Of Its Claims, Nor Did NEGC Generally Identify The Subjects Of That Information.**

Fed. R. Civ. P. 26(a)(1)(A)(i)[1] requires initial disclosure of persons known to the disclosing party with information that may support the party's claims. The 1993 Advisory Committee Notes to Fed. R. Civ. P. 26 state that "counsel are expected to disclose the identity of those persons who may be used by them as witnesses or who, if their potential testimony were known, might reasonably be expected to be deposed or called as a witness by any other party. Indicating briefly the general topics on which such persons have information should not be burdensome."

NEGC did not comply with either aspect of this requirement. Rather, NEGC simply identified as potential witnesses all of the original plaintiffs, and all persons who currently or formerly worked for various listed entities. See Exhibit 3 (NEGC's Initial Disclosures, attached without the certificate of service). NEGC did not identify any general topics for which these unknown individuals may be expected to testify. Id. As such, the City is unable to assess which of these potential fact witnesses possess information that NEGC may use to support its claims against the City.

Furthermore, NEGC is likely in possession of some of the names and addresses of the potential witnesses generally listed in its initial disclosure. For example, it is the City's understanding that NEGC engaged Vanasse Hangen Brustlin, Inc. and ENVIRON Health Sciences Institute in connection with the Rhode Island Department of Environmental Management's investigation of the Bay Street area. NEGC should at least be able to identify

---

[1] At the time NEGC produced its initial disclosures, this Rule was Fed. R. Civ. P. 26(a)(1)(A). This Rule was subsequently amended, effective December 1, 2007. The 2007 Advisory Committee Notes state that these changes do not affect the substance of the Rule.

with particularity the employees of these firms who possess information, if any, relevant to NEGC's claims against the City.

**NEGC Did Not Sufficiently Identify Documents, Electronically Stored Information Or Tangible Things That May Support Its Claims Against The City.**

Fed. R. Civ. P. 26(a)(1)(A)(ii)[2] requires the disclosing party to describe "all documents, electronically stored information, and tangible things" in its possession. The 1993 Advisory Notes to Fed. R. Civ. P. 26 explain that the initial disclosures "describe and categorize, to the extent identified during the initial investigation, the nature and location of potentially relevant documents and records … sufficiently to enable opposing parties (1) to make an informed decision concerning which documents might need to be examined, at least initially, and (2) to frame their document requests in a manner likely to avoid squabbles resulting from the wording of the requests."

NEGC did not meet this standard. Rather, NEGC provided overly broad descriptions such as "Documents of the Fall River Gas Company and its predecessors," and "All documents produced pursuant to subpoena." See Exhibit 3. These overly broad descriptions do not provide the City with sufficient information to determine which of these documents, if any, NEGC may use to support its claims against the City.

Wherefore, the City of Fall River requests that this Court order NEGC to provide a

[2] At the time NEGC produced its initial disclosures, this Rule was Fed. R. Civ. P. 26(a)(1)(B).

sufficient initial disclosure in accordance with the requirements of Fed. R. Civ. P. 26.

Respectfully Submitted,

CITY OF FALL RIVER
By its attorneys,

*/s/ Kerry T. Ryan*

Kerry T. Ryan (BBO # 632615)
Emily C. Shanahan (BBO # 643456)
TARLOW, BREED, HART
& RODGERS, P.C.
101 Huntington Avenue
Boston, MA 02199
617-218-2000 (voice)
617-261-7673 (facsimile)
kryan@tbhr-law.com
eshanahan@tbhr-law.com
*Admitted pro hac vice*

-and-

Anthony F. Muri (No. 0539)
MURI ASSOCIATES LLC
10 Weybosset Street
Providence, RI 02903
401-421-7300 (voice)
401-421-7352 (facsimile)
amuri@murilaw.com

Dated: January 2, 2008

Certificate of Efforts to Meet and Confer

I, Kerry T. Ryan, counsel to the City of Fall River, communicated the City's dissatisfaction with NEGC's initial disclosure and requested to meet and confer on November 30, 2007, by letter. I further conferred with counsel for NEGC, David Ross and Seth Davis, in-person on December 5, 2007, and followed that conversation with an email dated December 19, 2007.

*/s/ Kerry T. Ryan*
Kerry T. Ryan

Statement Regarding Oral Argument

In accordance with the requirement of LR Cv 7(e), the City advises the Court that oral argument on this motion is not requested.

*/s/ Kerry T. Ryan*
Kerry T. Ryan

Certificate of Service

I hereby certify that on January 2, 2008 the foregoing document was filed electronically, that it is available for viewing and downloading from the ECF system, and that each of the following persons has been served by means of the ECF system:

Gregory L. Benik
gbenik@jreri.com

David A. Crichlow
david.crichlow@pillsburylaw.com

Brian R. Cunha
brian@briancunha.com

Christina C. Dodds
CDodds@bishoplondon.com

David M. Goldberg
david.goldberg@pillsburylaw.com, catherine.mcculley@pillsburylaw.com, judy.way@pillsburylaw.com

Stephen P. Harten
sharten@rbhelaw.com, kpaiva@rbhelaw.com

Eric D. Herschmann
eherschmann@kasowitz.com

Robin-Lee Main
rmain@haslaw.com, sjfoster@haslaw.com

Christopher P. McCormack
cmccormack@pullcom.com

Anthony F. Muri
amuri@murilaw.com

Gerald J. Petros
gpetros@haslaw.com, clomas@haslaw.com

Paul Revere , III
revereIII@aol.com

Paul M. Sanford
psanford@burnslev.com, scook@burnslev.com

Jeanne M. Scott
jeannescott@utrlaw.com

Kristen W. Sherman
ksherman@apslaw.com, afontaine@apslaw.com, btallman@apslaw.com

Kimberly A. Simpson
ksimpson@vetterandwhite.com

Christian Bennett White Stephens
cstephens@taylorduane.com

John A. Tarantino
jtarantino@apslaw.com, dhumm@apslaw.com

Bruce Gregory Tucker
btucker@legalmgt.com

Craig R. Waksler
cwaksler@mcgivneyandklugar.com

Benjamin V. White, III
bwhite@vetterandwhite.com

David B. Willis
dwillis@legalmgt.com

David A. Wollin
dwollin@apslaw.com, dciuffetelli@apslaw.com, epickett@apslaw.com

Richard J. Zabbo
rzabbo@rbhelaw.com

David A. Cetola
dcetola@mcrobertslaw.com

Susan B. Forcier
susan.wilson@dem.ri.gov

Heather Spurlock Kennealy
hskennealy@mcrobertslaw.com

Neil T. Leifer
nleifer@tenlaw.com

John J. McConnell , Jr
jmcconnell@motleyrice.com

Robert J. McConnell
bmcconnell@motleyrice.com

Brad J. Mitchell
bmitchell@tenlaw.com

Michael D Mitchell
mmitchell@admin.ri.gov

Jonathan D Orent
jorent@motleyrice.com

Mark W. Roberts
mroberts@mcrobertslaw.com

David E. Ross
dross@kasowitz.com

Gregory S. Schultz
gregory.schultz@dem.ri.gov

Matthew B. Smith
matthew@verdecchialaw.com

Aileen L. Sprague
asprague@motleyrice.com

Christian F. Uehlein
cuehlein@tenlaw.com

Brian A. Wagner
brian.wagner@dem.ri.gov

Lewis S. Wiener
lewis.wiener@sablaw.com

I further certify that the following were served by U.S. mail, postage prepaid, at the addresses noted:

Matthew B. Kirsner
Andrew G. Mauck
Troutman Sanders, LLP
P.O. Box 1122
1001 Halifax Point
Richmond, VA 23208

William David Wick
Wactor & Wick LLP
180 Grand Avenue
Suite 950
Oakland, CA 94612

Seth Davis
Noelle Kowalczyk
Kasowitz, Benson, Torres & Friedman, LLP
1633 Broadway
New York, NY 10019

Michael K. Marran
P.O. Box 6067
321 South Main St.
Suite 200
Providence, RI 02940-6067

*/s/ Anthony F. Muri*
Anthony F. Muri, Esq.