UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| GAIL, JOHN D. AND JOHN F. CORVELLO, et al. <br> *Plaintiffs,* <br> v. <br> NEW ENGLAND GAS COMPANY, INC.; <br> *Defendant.* | ) | C.A. No. 05-221T <br> (Related Case No. 05-274T) |

**MEMO IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL THE DEFENDANT NEW ENGLAND GAS COMPANY TO ANSWER INTERROGATORIES AND PROVIDE PLAINTIFFS WITH COMPILATIONS, ABSTRACTS, OR SUMMARIES OF DOCUMENTS PRODUCED UNDER RULE 33(D) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

As this Court has recognized one of the most central issues involved in this case is the question as to whether or not New England Gas caused or contributed to the release of coal gasification waste within the Bay Street neighborhood of Tiverton. The Plaintiff has been working diligently over the last few months to complete their discovery regarding this core issue. Importantly, the Plaintiffs have been unable to get answers to several sets of their interrogatories posed to the Defendant New England Gas Company.

Instead of providing real answers to the simple straight-forward questions that were posed by the Plaintiffs, the Defendant has instead chosen to rely upon boiler plate language referencing Fed. Rule Civ. Pro. 33(d).[1] This boiler plate language inappropriately instructs the Plaintiff to search through approximately 800,000 pages of

[1] Plaintiff has attached excerpts from New England Gas Company's Objections and Responses to Plaintiff Gail Corvello's First Set of Interrogatories and New England Gas Company's Objections and Responses to Plaintiff Gary P. Rose's First Set of Interrogatories at Exhibit "A."

documents located in some 400 boxes to determine the answers to these core questions. In an effort to avoid bringing this matter before the Court, Plaintiff's counsel sent a letter to counsel for the New England Gas Company seeking to start a dialogue to resolve these issues.[2] However, the Defendant has failed to respond to the Plaintiffs attempt to resolve these matters and therefore the Plaintiff has been forced to file this instant motion.

## I. LEGAL STANDARD

"To rely on Fed.R.Civ.P. 33(d), the responding party must specifically identify which documents contain the requested information in its answer to the interrogatory" Oleson v. Kmart Corp., 175 F.R.D. 560, 564 (D. Kansas 1997). Moreover, a response to an interrogatory that simply states that the requested information is available from a mass of documents is not in compliance with rule 33(d). Rainbow Pioneer v.No. 44-18-04a v. Hawaii- Nevada Inv. Corp., 711 F.2d 902 (9th Cir. 1983). Simply referring a party to a mass of records, or offering to make the party's records generally available is not a sufficient response. Lucero v. Valdez, 240 F.R.D. 591, 595 (D.N.M. 2007). See Calhoun v. Liberty Northwest Ins. Corp., 789 F.Supp. 1540 (W.D.Wash.1992). See also Sabel v. Mead Johnson and Co., 112 F.R.D. 211, 213 (D.Mass.1986)(A response to interrogatories that makes reference to six volumes of documents in excess 6,000 in total number is permissible under rule 33(c) only if the responding party indicates which particular documents are responsive to particular interrogatories). Importantly, the option afforded by the rule "does not shift to the interrogating party the obligation to find out whether sought after information is ascertainable from the files tendered, but only permits a shift of the burden to dig it out once the respondents have specified the records

---

[2] Letter from Plaintiffs' Counsel Jonathan D. Orent to Defendant's Counsel David Ross dated January 2, 2008, attached at Exhibit "B."

where it can be found." "If the records are voluminous, the responding party must produce an index designed to guide the searcher to the documents responsive to the interrogatory." United States v. Los Angeles County, 235 F.R.D. 675 (E.D. Cal. 2006). See also In re Master Key Antitrust Litigation, 53 F.R.D. 87, 90 (D.Conn.1971). "[T]he final sentence of the rule was added "to make it clear that the responding party has the duty to specify, by category and location, the records from which answers to interrogatories can be answered."1980 Commentary to Fed. Rules Civ. Pro. 33(d). Finally, to the extent that the information sought in the interrogatory is not contained in the documents produced, the responding party must answer the interrogatory. Bujnicki v. American Paving and Excavating, Inc. 2004 WL 107136 (W.D.N.Y. 2004).

## II. ARGUMENT

In responding to the Plaintiffs' interrogatories New England Gas repeatedly responds that:

> In accordance with Rule 33(d) of the Federal Rules of Civil Procedure, NEGasCO has already produced and will continue to produce non-privileged documents of the Fall River Gas Company from which such information, to the extent it exists, may be obtained.

To date, the Defendant has produced approximately 400 boxes comprising approximately 800,000 pages of documents. The Defendant has never provided the Plaintiffs with a mechanism to locate which documents correspond to which interrogatory, nor is it clear that all of the documents provided answer all of the interrogatories posed. The Plaintiff requests that this honorable Court Order the Defendant to provide a more responsive written answer to these interrogatories. Moreover, the Plaintiff requests that the Court Order the Defendant to disclose any and all summaries or data compilations made from the 400 boxes disclosed to the Plaintiff. Finally, the Plaintiff requests that the Defendant

provide responsive answers to these interrogatories to all facilities owned and operated by Fall River Gas, and not artificially limited to the Charles St. facility.

## III. CONCLUSION

For the foregoing reasons, the Plaintiffs respectfully request this Court grant the Plaintiffs' Motion to Compel.

*Dated*: January 10, 2008

Respectfully submitted,

PLAINTIFFS,
By and through their attorneys,

/s/ Jonathan D. Orent
Robert J. McConnell (#3888)
Jonathan D. Orent (#7408)
**MOTLEY RICE LLC**
321 South Main Street
Providence, RI 02940
(401) 457-7700

David C. Strouss
Neil T. Leifer
Brad J. Mitchell
**THORNTON & NAUMES LLP**
100 Summer Street, 30th Floor
Boston, MA 02110
(617) 720-1333

Mark W. Roberts
**MCROBERTS, ROBERTS & RAINER**
53 State Street
Boston, MA 02109
(617) 722-8222