AO88 (Rev. 12/06) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

Gail Corvello, et al.

V.

New England Gas Company, Inc., et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 05-221T, 05-274T, 05-370T, 05-52

TO: Custodian of Records- WOODARD & CURRAN, INC.
Attn: Prentice - Hall Corp. System
222 Jefferson Boulevard, Suite 200
Warwick, RI 02888

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

✓ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE SCHEDULE A & B ATTACHED

| PLACE | DATE AND TIME |
|---|---|
| McRoberts, Roberts & Rainer, LLP, 53 State Street, Boston, MA 02109 | 1/9/2008 10:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] Counsel for Plaintiffs | 12/28/2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Mark W. Roberts, McRoberts, Roberts & Rainer, LLP, 53 State Street, Boston, MA 02109 (617-722-8222)

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 1/4/08 | Warwick, RI |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Chris Bergner / Prentice-Hall Corp System | Records Keeper / Agent |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Robert J. Kilduff | Disinterested Party |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 1/4/08
DATE

[signature]
SIGNATURE OF SERVER

87 Grand View Rd
ADDRESS OF SERVER

E. Greenwich RI 02818

Pd $45.00

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

**SCHEDULE A**

**GENERAL INSTRUCTIONS**

1. Pursuant to Rules 45 and 30(b)(6) of the Federal Rules of Civil Procedure, Woodard & Curran, Inc. (hereinafter referred to as "Woodard & Curran") is required to produce all responsive documents that are subject to its possession, custody or control including, but not limited to, documents in the possession, custody or control of its agents, employees, attorneys or representatives.

2. Respond to each request for production of documents in full without abbreviation, expurgation or redaction. As to any request that cannot be responded to completely after reasonable efforts are made to secure the requested documents, so state, give the reasons why a complete response cannot be made at this time, and provide as many documents responsive to the request as is possible.

3. As used in these Requests, "and" and "or" shall be interpreted to mean "and/or" if to do so would cause more documents to be produced.

4. Woodard & Curran's refusal to produce any documents under color of a privilege, or your objection to any particular Request herein, shall in no way excuse you from timely production of all other documents requested herein.

5. If, in answering any of these requests, you wish to assert or rely upon a privilege or any rule protecting against disclosure of a document or communication, you may specify such privilege or other protective order rule in lieu of setting forth the substance thereof. However, in that event, you are hereby required to furnish, with respect to each such document, the following: (i) a statement regarding the basis for any claim of privilege, or other form of non-disclosure; and (ii) a sufficient description of the documents, including (a) the title of the document and the nature and subject matter of its contents; (b) the date the document was prepared or any date

appearing on the document; (c) the number of the document's pages, attachments and appendices; (d) the names of the persons who authored or prepared the document, and an identification by employment and title of each such person; and (e) the names of each person to whom the document, or a copy thereof, was sent, shown, or made accessible, or to whom it was explained, together with an identification of each person.

6. Unless otherwise noted, these Requests cover requests information for the period of time Defendant, as defined herein, was operating in Fall River, Massachusetts to the present. To the extent that any answer varies with respect to any part of that period, a separate answer is requested for each such part, with pertinent dates included.

7. In the event that any document requested herein was formerly in your possession, custody or control and has been lost, destroyed or otherwise disposed of, you are requested to furnish a list identifying each document and stating the following information with respect to each document: (i) the title of the document and the nature and subject matter of its contents; (ii) the identity(ies) of the person(s) to whom the document was sent or was intended to be sent; (iii) the date on which the document was prepared or transmitted; and (iv) the date on which the document was lost, destroyed or otherwise disposed of, the manner and conditions of and reasons for such destruction or other disposition, and the persons(s) requesting and performing the destruction or other disposition.

8. Each and every non-identical duplicate of a document within the scope of any request, whether different from the original because of stamps, indications of recipient, handwritten notes, marks, comments or attachment to different documents, or for any other reason, is a separate document to be produced in response hereto.

9. This subpoena and accompanying document request is continuing in nature and, to the extent that your responses may be enlarged or otherwise modified by information acquired subsequent to the production of your initial responses hereto, you are required to promptly produce supplemental responses reflecting such changes.

**DEFINITIONS**

1. "Defendant" shall mean Defendant The New England Gas Company, Fall River Gas Company, Fall River Gas Works Company and Southern Union Company, in their capacity as successor to Fall River Gas Company, and any and all Stone & Webster entities acting as agents of Fall River Gas Company and each of its departments, divisions, bureaus, offices, agents, employees, or other representatives, including without limitation, persons presently or formerly acting for or on its behalf in relation to the ownership and/or operation of the Facilities as defined herein.

2. The term "Facilities" shall mean those properties in Fall River, Massachusetts at which the Defendant engaged in the Coal Gasification Process and includes the properties located at Bay Street, Birch Street, and Charles Street (collectively referred to herein as the "Charles Street Facility") and Anawan Street.

3. The term "Moratorium Area" shall mean all of the properties within the following borders: bordered on the west by the Sakonnet River; bordered on the north by State Avenue; on the south by Lepes Road and bordered on the east by Church Street.

4. The term "OHS" shall include any substance deemed to be "Oil" or a "Hazardous Substance" within the meaning of CERCLA, 42 U.S.C. § 9601, and regulations promulgated there under, 40 C.F.R. Part 261; and any substance defined as a "hazardous waste" pursuant to the Rhode Island Hazardous Waste Management Act, R.I. Gen. Laws § 23-19.1-4.

5. The term "Waste Materials" shall mean any solid substance produced as a result of the Coal Gasification Process that was not sold or, if sold, was sold for fill material.

3. "You", "Your", and "Woodard & Curran" as used herein shall mean Woodard & Curran, Inc., its subsidiary, parent corporation, predecessors, successors, and/or assigns, employees, agents, subcontractors, independent contractors other person acting for or on behalf of Woodard & Curran, its predecessors, successors, or assigns.

**DOCUMENTS TO BE PRODUCED**

1. Any and all documents that relate to any and/or all environmental investigations that Woodard & Curran has conducted and/or supervised in the Tiverton Moratorium Area, including but not limited to environmental reports, OHS assessment/release forms, OHS data from soil and/or groundwater samples, field notes, maps/diagrams, soil boring logs, groundwater elevation monitoring data, photographs, documentations of historic uses, development and/or releases of OHS in the Tiverton Moratorium Area, or any other Response Action conducted by Woodard & Curran in and/or in relation to the Tiverton Moratorium Area.

2. Any and all documents that relate to any and/or all environmental investigations that Woodard & Curran has conducted and/or supervised in the Tiverton Moratorium Area that have documented the presence of coal gasification waste including but not limited to environmental reports, OHS sampling data, field notes, maps, soil borings, groundwater monitoring reports, photographs, or any other Response Action done by you in relation to the Tiverton Moratorium Area.

3. Any and all documents relating to communications between Woodard & Curran and the Defendant regarding the investigation of the Tiverton Moratorium Area

and/or any part thereof.

4. Any and all documents relating to communications between Woodard & Curran and the Defendant regarding soil and/or groundwater sampling within the Tiverton Moratorium Area for OHS.

5. Any and all documents relating to communications between Woodard & Curran and the Defendant regarding any and/or all decisions concerning which properties within the Tiverton Moratorium Area would be investigated.

6. Any and all documents relating to communications between Woodard & Curran and the Defendant regarding any and/or all decisions concerning the nature and extent of the investigation of any and/or all properties within the Tiverton Moratorium Area.

7. Any and all drafts of any and/or all documents submitted by Woodard & Curran to Rhode Island Department of Environmental Management ("RIDEM") including but not limited to any drafts which exist as attachments to emails in Woodard & Curran's possession, custody or control.

8. Any and all documents relating to communications between Woodard & Curran and the Defendant regarding the remediation of the Tiverton Moratorium Area and/or any part thereof.

9. Any and all documents which relate to and/or memorialize any and/or all communications by and between Woodard & Curran and GZA Geoenvironmental, Inc., Environ International Corporation, and/or Vanasse Hangen Brustlin, Inc., or any combination of said environmental firms concerning the remediation of the Tiverton Moratorium Area and/or any part thereof.

10. Any and all documents including but not limited to agreements, contracts, billing, work orders, change orders and/or scopes of work, costs to close, relating to Woodard & Curran's services performed within the Tiverton Moratorium Area.
11. Any and all documents relating to communications between Woodard & Curran and the RIDEM regarding the investigations and/or response actions that is has been performed or overseen within the Tiverton Moratorium Area.
12. Any and all documents relating to communications between Woodard & Curran and RIDEM regarding the proposed remediation of the OHS discovered within the Tiverton Moratorium Area or any part thereof.
13. Any and all documents relating to the disposal of OHS within the Tiverton Moratorium Area.
14. Any and all documents relating to the origin of OHS contamination within the Tiverton Moratorium Area and any investigation conducted in connection therewith.
15. Any and all documents relating to or memorializing any communications with any of the residents within the Tiverton Moratorium Area.
16. Any and all documents relating to or memorializing any communications with the Environmental Neighborhood Awareness Committee of Tiverton ("ENACT").

Attorneys for the Plaintiffs Gail, John D. and John F.
Corvello, et al,
By their Attorneys

/s/ Mark W. Roberts
Mark W. Roberts (MA # 554038)
**McRoberts, Roberts & Rainer, LLP**
53 State Street
Boston, MA 02109
(617)-722-8222
(617)-720-2320 Fax

/s/ Robert J. McConnell
Robert J. McConnell (#3888)
Jonathan D. Orent (#7408)
**MOTLEY RICE, LLC**
321 South Main Street
Providence, RI 02940
(401) 457-7700

/s/ Neil T. Leifer
David C. Strouss
Neil T. Leifer
Brad J. Mitchell
**THORNTON & NAUMES, LLP**
100 Summer Street, 30th Floor
Boston, MA 02110
(617) 720-1333

Dated: December 27, 2007

# The Commonwealth of Massachusetts
## William Francis Galvin

Secretary of the Commonwealth, Corporations Division
One Ashburton Place, 17th floor
Boston, MA 02108-1512
Telephone: (617) 727-9640

## WOODARD & CURRAN INC. Summary Screen

Help with this form

Request a Certificate

The exact name of the Foreign Corporation: WOODARD & CURRAN INC.

Entity Type: Foreign Corporation

Identification Number: 010363222

Date of Registration in Massachusetts: 06/23/1989

The is organized under the laws of: State: ME Country: USA on: 06/15/1979

Current Fiscal Month / Day: 12 / 31 Previous Fiscal Month / Day: 00 / 00

The location of its principal office:
No. and Street: 41 HUTCHINS DRIVE
City or Town: PORTLAND State: ME Zip: 04102 Country: USA

The location of its Massachusetts office, if any:
No. and Street: 980 WASHINGTON STREET
SUITE 325N
City or Town: DEDHAM State: MA Zip: 02026 Country: USA

Name and address of the Registered Agent:
Name: PRENTICE-HALL CORPORATION SYSTEM, INC., THE
No. and Street: 84 STATE STREET
City or Town: BOSTON State: MA Zip: 02109 Country: USA

The officers and all of the directors of the corporation:

| Title | Individual Name<br>First, Middle, Last, Suffix | Address (no PO Box)<br>Address, City or Town, State, Zip Code | Expiration of Term |
|---|---|---|---|
| SECRETARY/CEO | ALBERT R CURRAN | 41 HUTCHINS DR<br>PORTLAND, ME 04102 USA | |
| TREASURER/CFO | JUDY A KNAUB | 41 HUTCHINS DR<br>PORTLAND, ME 04102 USA | |

| | | | |
|---|---|---|---|
| PRESIDENT/DIRECTOR | GUY W. VAILLANCOURT | 41 HUTCHINS DR PORTLAND, ME 04102 USA | |
| SR VICE PRESIDENT/DIRECTOR | BRENT A BRIDGES | 1 MERCHANTS PLAZA BANGOR, ME 04401 USA | |
| ST VICE PRESIDENT/DIRECTOR | DOUGLAS J MCKEOWN | 41 HUTCHINS DR PORTLAND, ME 04102 USA | |
| DIRECTOR | MCLANE FISHER JR | 2200 W. HOOD ST., SUITE 160, BOX 3500 SISTERS, OR 97759 USA | |
| DIRECTOR | WILLIAM MARRAZZO | WHYY, 150 NORTH SIXTH ST. PHILADELPHIA, PA 19106 USA | |
| DIRECTOR | WILLIAM HUHN | 465 CLAPBOARD HILL RD. GULDFORD, CT 06437 USA | |

**business entity stock is publicly traded:** __

**The total number of shares and par value, if any, of each class of stock which the business entity is authorized to issue:**

| Class of Stock | Par Value Per Share Enter 0 if no Par | Total Authorized by Articles of Organization or Amendments | | Total Issued and Outstanding |
|---|---|---|---|---|
| | | *Num of Shares* | *Total Par Value* | *Num of Shares* |
| CNP | $0.00000 | 500,000 | $0.00 | 220,000 |

__ Consent __ Manufacturer __ Confidential Data __ Does Not Require Annual Report

__ Partnership X Resident Agent X For Profit __ Merger Allowed

**Select a type of filing from below to view this business entity filings:**

ALL FILINGS
Amended Foreign Corporations Certificate
Annual Report
Annual Report - Professional
Application for Reinstatement

View Filings New Search

Comments

© 2001 - 2007 Commonwealth of Massachusetts
All Rights Reserved

Help