# EXHIBIT 2

11. Each request herein for a document or documents to be produced contemplates production of the document in its entirety without abbreviation or expurgation.

12. This document request is continuing in nature and, to the extent that your responses may be enlarged or otherwise modified by information acquired subsequent to the production of your initial responses hereto, you are required, to the extent set forth in Rule 26(e) of the Federal Rules of Civil Procedure, promptly to produce supplemental responses reflecting such changes.

## DOCUMENT REQUESTS

1. All documents of any description that relate to any response made by you or on your behalf to NEGasCo's Interrogatories to you.

2. All documents you reviewed in connection with preparing your answers to NEGasCo's Interrogatories.

3. All documents that refer or relate to the alleged contamination (a) of your property or the property where you reside in the Bay Street Area; and/or (b) any other property in the Bay Street Area, including, but not limited to, correspondence, reports, summaries, newspaper articles, town meeting minutes, and audio or video recordings including of news stories and/or town meetings.

4. All documents, including without limitation any reports, studies or analyses of any kind, that refer or relate to any investigation of the alleged contamination in the Bay Street Area.

5. All documents that comprise, refer or relate to any test, report, analysis or summary of soil samples taken from (a) your property; and (b) any other property in the Bay Street Area.

6. All documents that refer or relate to all sources or potential sources of contamination in the Bay Street Area.

7. All documents that refer or relate to the meeting held on March 13, 2003 between RIDEM and the Town of Tiverton, identified in paragraph 6 of the LOR, including without limitation, any minutes and notes of the meeting.

8. All documents comprising the historical information provided to RIDEM by the Town of Tiverton at the March 13, 2003 meeting between RIDEM and the Town of Tiverton including, but not limited to, the "[h]istorical information provided to RIDEM . . . [which included documentation] citing a former employee of Fall River Gas Company concerning [the] disposal of 'blue soil'" as alleged at Paragraph 16 of the Second Amended Complaint in the lawsuit captioned *Corvello et al. v. New England Gas Company*, C.A. No. 05-221T.

9. All documents, including without limitation any reports, studies or analyses of any kind, that refer or relate to RIDEM's investigation of all sources or potential sources of the alleged contamination in the Bay Street Area.

10. All documents that refer or relate to FRGC, including without limitation, in connection with the alleged contamination in the Bay Street Area.

11. All documents that refer or relate to the alleged responsibility of FRGC for the contamination in the Bay Street Area.

12. All documents that refer or relate to the responsibility or potential responsibility of any (a) municipality; (b) contractor; (c) builder; or (d) landowner (or its predecessor in interest) in the Bay Street Area, for any contamination in the Bay Street Area.

1299633

and Sarah Cabral, including statements or affidavits from Sarafin "Pete" DeSoto, John DeSoto, Eugene Camara, John Arruda, Eddy Carreiro, Elaine Clark, Ralph Urban and Sarah Cabral.

41. All documents received from or provided to any of the following persons: Sarafin "Pete" DeSoto, John DeSoto, Eugene Camara, John Arruda, Eddy Carreiro, Elaine Clark, Ralph Urban and Sarah Cabral.

42. Other than documents produced in response to any other document request set forth herein, any and all documents that refer or relate to any communications with any other person, group, expert, consultant, engineer or laboratory concerning (a) the alleged contamination on your property; (b) the alleged contamination on any other property in the Bay Street Area; (c) FRGC or NEGasCo; and/or (d) the Bay Street Area.

43. All documents concerning any inspections and/or testing performed by FRGC and/or at its request during the period 1880 to 1960 to evaluate the soil, groundwater and/or any other substance at any of its facilities in Fall River, including any studies conducted by or in the possession of Brown University.

44. All documents concerning any legal actions that have been commenced against NEGasCo, Providence Gas Company and/or FRGC concerning any alleged dumping in Tiverton and/or Fall River.

45. All documents that refer or relate to any interviews conducted by RIDEM of any person concerning the Bay Street Area.

46. All documents concerning John Simpson, Jr., John K. Simpson, Alvin Simpson, or John Simpson, Inc., or any other hauling, carting, excavating, waste removal and/or hauling business owned and/or operated by such individuals or entities, their predecessors, affiliates, successors and/or assigns.

alleged contamination on your property; (b) the alleged contamination on any other property in the Bay Street Area; and (c) FRGC or NEGasCo.

74. All documents concerning communications with any other person, group, expert, consultant, engineer or laboratory relating to (a) the alleged contamination on your property; (b) the alleged contamination on any other property in the Bay Street Area; and/or (c) FRGC or NEGasCo.

75. All documents that refer or relate to any alleged hazards or health risks associated with (a) the alleged contamination on your property; and/or (b) the alleged contamination on any other property in the Bay Street Area.

76. All documents of any description that refute or negate any claim for damages made by you in this action.

77. All statements whether written, taped, typed or otherwise preserved in any tangible form of any person having knowledge of the facts in this case.

78. All documents of any description that relate to any opinion of any expert identified in response to any interrogatory propounded upon you including all reports, analyses, and statements prepared by the expert witness.

79. The *curriculum vitae* of any expert you may call at the trial in this action.

80. All correspondence between you or your counsel and any expert witness you may call at trial.

81. All documents of any description that any expert you may call at trial or at any hearing in this matter has received or reviewed in forming opinions, including any notes the expert has made (whether handwritten, typed, or generated or stored on a computer) and a statement of the time and expenses the expert submitted to you or your counsel.