UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

GAIL, JOHN D. and John F. CORVELLO, et al,

       Plaintiffs,
v.                                                                                    C.A. No. 05-221T

NEW ENGLAND GAS COMPANY, INC.,

       Defendant;

KEVIN BURNS, et al.

       Plaintiffs,
v.                                                                                    C.A. No. 05-274T

SOUTHERN UNION COMPANY dba
FALL RIVER GAS AND NEW ENGLAND GAS

       Defendants;

COLLEEN BIGELOW, et al.

       Plaintiffs,
v.                                                                                    C.A. No. 05-370T

NEW ENGLAND GAS COMPANY, formerly known as
FALL RIVER GAS COMPANY, an
unincorporated division of
SOUTHERN UNION COMPANY,

       Defendants;

SHEILA REIS, et al.

       Plaintiffs,
v.                                                                                    C.A. No. 05-522T

SOUTHERN UNION COMPANY dba
FALL RIVER GAS AND NEW ENGLAND GAS
       Defendants.

## ORDER REGARDING PLAINTIFFS' MOTION FOR TRIAL PLAN

This Court previously granted the plaintiffs' motion for a separate trial of NEG's third-party claims and indicated that the principal issue to be addressed in the Phase I trial would be whether NEG is responsible for the alleged deposit of coal gasification wastes that the plaintiffs claim have contaminated their properties and caused a moratorium on construction to be imposed. This Court also directed counsel to show cause why the plaintiffs' claims for damages should not also be tried separately but together with NEG's third-party claims. See, Memorandum and Order, dated January 9, 2008.

On January 16, during the hearing on the plaintiffs' Motion for a Trial Plan, the Court informed counsel that it tentatively has identified the specific questions to be addressed during the Phase I trial as:

1. Have any coal gasification wastes containing hazardous substances been deposited on or near the plaintiffs' properties?

2. If so, is NEG responsible for those wastes being deposited there?

3. If so,

   (a) have those wastes caused or contributed to the imposition of the moratorium?

   (b) have those wastes caused or contributed to the presence of hazardous substances on any of the plaintiffs' properties? If so, what properties?

If cause is shown why the plaintiffs' claims for damages and injunctive relief should not be tried separately, the Phase I trial also would address those issues except that the claims for injunctive relief would become moot if NEG's pending Motion for Partial Judgment on the Pleadings is granted.

This Court also invited counsel to address the contours of the Phase I trial in any memoranda they file in response to the January 9 Show Cause order.

Because it appears that the plaintiffs' proposal to conduct a trial involving a "representative subset" of plaintiffs may not definitively decide any of the common "liability" issues in a manner that would be binding on those parties not included in the representative subset thereby requiring that those issues be relitigated; since it would be difficult, if not impossible to

select a representative subset of plaintiffs; and, since the proposed trial plan is likely to further delay ultimate resolution of these cases, the plaintiffs' motion for a trial plan is hereby DENIED.

IT IS SO ORDERED.

_____
Deputy Clerk

ENTER:

_____
Senior Judge Ernest C. Torres
Date: 1/24/08