UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

GAIL, JOHN D. and JOHN F. CORVELLO, et al.,

Plaintiffs,

vs.

NEW ENGLAND GAS COMPANY,

Defendant.

C.A. No. 05-0221T
(Related Cases: 05-274T; 05-370T; 05-522T)

**NEW ENGLAND GAS COMPANY'S OBJECTIONS AND RESPONSES TO PLAINTIFF GAIL CORVELLO'S SECOND SET OF INTERROGATORIES**

Pursuant to Federal Rule of Civil Procedure 33, Defendant New England Gas Company ("NEGasCo") hereby responds to Gail Corvello's Second Set of Interrogatories as set forth below.

NEGasCo reserves all objections as to the admissibility at trial of any response hereto. NEGasCo's responses to these Interrogatories do not constitute admissions of any kind including that any Interrogatory is relevant to the subject matter of the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. NEGasCo reserves the right to object to further inquiry including with regard to any subject matter, and does not concede that the definitions set forth herein are controlling as to any of the ultimate issues. All responses to these Interrogatories are provided for use in this litigation and for no other purpose.

NEGasCo's Responses represent NEGasCo's knowledge as of the date hereof. NEGasCo's own investigation is continuing, however, and NEGasCo reserves the right to supplement, alter and/or amend its responses as necessary or appropriate including prior to, during or after trial.

## GENERAL OBJECTIONS

In the interest of clarity and brevity, NEGasCo has set forth the following General Objections to the Interrogatories. These objections are incorporated into each of NEGasCo's specific responses to the Interrogatories:

1. NEGasCo objects to the Interrogatories to the extent that they seek information protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or other applicable privileges, including but not limited to communications between and documents exchanged by NEGasCo and its counsel, information learned or developed by counsel through their investigation outside of NEGasCo in connection with this litigation, or information or documents reflecting the impressions, conclusions, opinions, or legal research or other theories of NEGasCo's counsel and consultants employed to prepare for litigation. NEGasCo's reasonable inquiry for information known or readily obtainable by it encompassed Fall River Gas Company's records. The reasonable inquiry did not include work product or trial preparation materials of NEGasCo's litigation counsel created in investigating publicly available sources equally available to plaintiffs and their counsel.

2. NEGasCo objects to the Interrogatories to the extent that they seek information outside of its possession, custody, or control. NEGasCo's reasonable inquiry for information known or readily obtainable by it encompassed Fall River Gas Company's records.

3. NEGasCo objects to the Interrogatories to the extent that they seek expert discovery.

4. NEGasCo objects to the Interrogatories to the extent that they seek to impose obligations upon NEGasCo inconsistent with or in excess of what is required by the Federal Rules of Civil Procedure. NEGasCo also objects to the Interrogatories to the extent they seek the

identification or production of information exchanged, disclosed or produced by third-parties during the course of discovery in this case.

5. NEGasCo objects to the admissibility at trial of any responses to Interrogatories that have been provided over objection, unless such objections have been resolved with an opportunity for NEGasCo to provide further answers. Any statement of objections by NEGasCo, and any statement of NEGasCo given over objections, is not a final answer by NEGasCo.

6. NEGasCo objects to the Interrogatories as premature. Discovery is continuing and Plaintiffs have not yet fulfilled their discovery obligations to NEGasCo. NEGasCo therefore cannot yet identify all documents and testimony that may form the evidentiary basis for NEGasCo's responses to the Interrogatories.

7. NEGasCo objects to the Interrogatories because they are overbroad, unduly burdensome and seek information that is not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence.

8. NEGasCo objects to the Interrogatories in that they exceed the number of interrogatories which any party may serve upon any other party, including all discrete subparts, pursuant to Rule 33 of the Federal Rules of Civil Procedure.

9. By these responses, NEGasCo has not intentionally produced any privileged documents or information. In the event any production of privileged documents or information is nevertheless made, such production is unintentional and inadvertent, and NEGasCo demands the immediate return of any such documents and information, and all copies thereof.

## RESPONSES AND OBJECTIONS TO DEFINITIONS

NEGasCo incorporates the following responses and objections to the "Definitions" into each of its responses to specific Interrogatories:

**"OHS":** The term "OHS" shall include any substance deemed to be "Oil" or a "Hazardous Substance" within the meaning of CERCLA, 42 U.S.C. § 9601, and regulations promulgated there under, 40 C.F.R. Part 261; and any substance defined as a "hazardous waste" pursuant to the Rhode Island Hazardous Waste Management Act, R.I. Gen. Laws § 23-19.1-4.

**Response to Definition for "OHS":** NEGasCo objects to Plaintiffs' Definition for "OHS" because the definition is overly broad, calls for legal conclusions, includes one or more terms not used in these interrogatories, and also imposes an unreasonable burden on NEGasCo.

## RESPONSES AND OBJECTIONS TO INTERROGATORIES

Subject to, and incorporating the foregoing, and the parties' agreements, NEGasCo responds and objects as follows:

**Interrogatory No. 1:** Please identify the Coal Gasification Processes utilized at each of the Facilities during the period from 1890 to 1960, and the time period during which each process was used.

**Response to Interrogatory No. 1**: NEGasCo objects to this interrogatory because the interrogatory is overbroad, unduly burdensome and seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the foregoing General Objections and other objections, NEGasCo responds as follows: During 1890 until about 1922, the Anawan Street Facility utilized the water gas process. The Charles Street Facility utilized the coal gas process from about 1914 through about 1948, and the water gas process from about 1922 through about 1953, when the Charles Street

Facility began distributing natural gas to its customers. From about 1953 through about 1959, the Charles Street Facility continued to use the water gas process on an extremely limited basis. In accordance with Rule 33(d) of the Federal Rules of Civil Procedure, NEGasCo has already produced and will continue to produce non-privileged documents of the Fall River Gas Company from which additional responsive information, to the extent it exists, may be obtained.

**Interrogatory No. 2:** Please identify any and all Waste Materials produced by the Coal Gasification Processes utilized at each of the Facilities during the time period from 1890 to 1960. If the Waste Materials produced by the Coal Gasification Processes changed during that period, please specify the wastes produced during each discrete time period.

**Response to Interrogatory No. 2**: NEGasCo objects to this interrogatory because the interrogatory is overbroad, unduly burdensome and seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the foregoing General Objections and other objections, NEGasCo responds as follows: The Waste Materials produced by the Coal Gasification Process utilized at each of the Facilities during the period 1890 to 1960 were ash (including clinkers) and spent oxide. Also, in accordance with Rule 33(d) of the Federal Rules of Civil Procedure, NEGasCo has already produced and will continue to produce non-privileged documents of the Fall River Gas Company from which additional responsive information, to the extent it exists, may be obtained.

**Interrogatory No. 3:** Please identify any and all substantive change [sic] in the Coal Gasification Processes used at each of the Facilities. For these purposes, a change is deemed to be substantive if it resulted in the creation of a new type of Waste Materials.

**Response to Interrogatory No. 3**: NEGasCo objects to this interrogatory because the interrogatory is overbroad, unduly burdensome, calls for speculation and seeks information that

is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the foregoing General Objections and specific objections, NEGasCo responds as follows: As defined herein, there was no substantive change in the Coal Gasification Processes used at the Facilities.

**Interrogatory No. 4**: Please identify any and all disposal locations on the Facilities where Waste Materials from the Coal Gasification Processes at the Facilities were disposed.

**Response to Interrogatory No. 4**: NEGasCo objects to this interrogatory because the interrogatory is overbroad, unduly burdensome and seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Additionally, this interrogatory seeks information pertaining to Waste Materials which were disposed of at locations other than the Bay Street Area, the location where Plaintiffs allege manufactured gas plant "Waste Materials" have been deposited and, is thus, neither relevant to this action, nor calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the foregoing General Objections and specific objections, NEGasCo responds as follows: NEGasCo is not aware of any disposal locations on the Facilities where Waste Materials were disposed. Also, in accordance with Rule 33(d) of the Federal Rules of Civil Procedure, NEGasCo has already produced and will continue to produce non-privileged documents of the Fall River Gas Company from which such information, to the extent it exists, may be obtained.

**Interrogatory No. 5**: Please identify any and all disposal locations other than the Facilities where Waste Materials from Coal Gasification Processes at the Facilities were disposed.

**Response to Interrogatory No. 5**: NEGasCo objects to this interrogatory because the interrogatory is overbroad, unduly burdensome and seeks information that is not relevant to this

action nor reasonably calculated to lead to the discovery of admissible evidence. Additionally, this interrogatory seeks information pertaining to Waste Materials which were disposed of at locations other than the Bay Street Area, the location where Plaintiffs allege manufactured gas plant "Waste Materials" have been deposited and, is thus, neither relevant to this action, nor calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the foregoing General Objections and specific objections, NEGasCo responds as follows: NEGasCo is not aware of any disposal locations in the Bay Street Area where Waste Materials were disposed. Also, in accordance with Rule 33(d) of the Federal Rules of Civil Procedure, NEGasCo has already produced and will continue to produce non-privileged documents of the Fall River Gas Company from which such information, to the extent it exists, may be obtained.

**Interrogatory No. 6:** Please identify any and all former employees of the Defendant, who were responsible for the removal, transport, and/or disposal of any Waste Materials from each of the Facilities during the period from 1935 to 1960.

**Response to Interrogatory No. 6**: NEGasCo objects to this interrogatory because the interrogatory is overbroad, unduly burdensome and seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Additionally, this interrogatory seeks information pertaining to Waste Materials which were disposed of at locations other than the Bay Street Area, the location where Plaintiffs allege manufactured gas plant "Waste Materials" have been deposited and, is thus, neither relevant to this action, nor calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the foregoing General Objections and specific objections, NEGasCo responds as follows: NEGasCo is not aware of any former employees of the Fall River Gas Company who were responsible for the removal, transport, and/or disposal of Waste Materials from the Facilities during the period

1935 to 1960. Also, in accordance with Rule 33(d) of the Federal Rules of Civil Procedure, NEGasCo has already produced and will continue to produce non-privileged documents of the Fall River Gas Company from which such information, to the extent it exists, may be obtained.

**Interrogatory No. 7:** Please identify any and all persons, who were not employees of the Defendant, who transported the Waste Materials from either of the Facilities at any time during the period from 1890 to 1960.

**Response to Interrogatory No. 7**: NEGasCo objects to this interrogatory because the interrogatory is overbroad, unduly burdensome and seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Additionally, this interrogatory seeks information pertaining to Waste Materials which were disposed of at locations other than the Bay Street Area, the location where Plaintiffs allege manufactured gas plant "Waste Materials" have been deposited and, is thus, neither relevant to this action, nor calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the foregoing General Objections and specific objections, NEGasCo responds as follows: The following persons and/or entities, who were not employees of the Fall River Gas Company, transported Waste Materials for the Company during the period 1890 to 1960: C. Brito Construction, 1135 Hope Street, Bristol, Rhode Island; John Simpson, 91 State Street, Tiverton, Rhode Island; and Henry St. Pierre, 2 Atlantic Boulevard, Fall River, Massachusetts. Also, in accordance with Rule 33(d) of the Federal Rules of Civil Procedure, NEGasCo has already produced and will continue to produce non-privileged documents of the Fall River Gas Company from which such information, to the extent it exists, may be obtained.

**Interrogatory No. 8:** Please identify any and all services rendered by John K. Simpson, John Simpson, Jr., Alvin Simpson, Jack Bravo and Joseph Ferries or their corporate entities, predecessors, affiliates, successors and/or assigns for the benefit of Defendant.

**Response to Interrogatory No. 8**: NEGasCo objects to this interrogatory because the interrogatory is overbroad, unduly burdensome and seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Additionally, this interrogatory seeks information concerning "any and all services" that may have been rendered by "John K. Simpson, John Simpson, Jr,. Alvin Simpson, Jack Bravo and Joseph Ferries or their corporate, predecessors, affiliates, successors and/or assigns" for the benefit of the Fall River Gas Company, even if those services did not concern hauling to the Bay Street Area. Accordingly, the information being sought by this interrogatory is neither relevant to this action, nor calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the foregoing General Objections and specific objections, NEGasCo responds as follows: NEGasCo is not aware of any services rendered by Jack Bravo or Joseph Ferries to the Fall River Gas Company. In accordance with Rule 33(d) of the Federal Rules of Civil Procedure, NEGasCo has already produced non-privileged documents of the Fall River Gas Company and, pursuant to the parties' agreement, NEGasCo will identify for plaintiffs those boxes of documents from which information pertaining to services rendered by "John K. Simpson, John Simpson, Jr., and/or Alvin Simpson" may be obtained.

**Interrogatory No. 9:** Please identify any and all owners and operators of the Facilities for any time during the period from 1890 to 1960.

**Response to Interrogatory No. 9**: NEGasCo objects to this interrogatory because the interrogatory is overbroad, unduly burdensome and seeks information that is not relevant to this

action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the foregoing General Objections and specific objections, NEGasCo responds as follows: During the period 1890 through about 1902, UGI Utilities Inc. owned and operated the Fall River Gas Company. From 1902 through 1960, the Fall River Gas Company owned the Facilities. From about 1902 through about 1946, Stone & Webster operated the Fall River Gas Company. Also, in accordance with Rule 33(d) of the Federal Rules of Civil Procedure, NEGasCo has already produced and will continue to produce non-privileged documents of the Fall River Gas Company from which such information, to the extent it exists, may be obtained.

**Interrogatory No. 10:** Please identify any and all policies and procedures Defendant created for employees, agents and contractors responsible for the transport, removal, disposal and/or handling of any Waste Materials from each of the Facilities.

**Response to Interrogatory No. 10**: NEGasCo objects to this interrogatory because the interrogatory is overbroad, unduly burdensome and seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Additionally, this interrogatory is vague and ambiguous because the phrase "policies and procedures" could be construed as having multiple meanings. Subject to and without waiver of the foregoing General Objections and specific objections, NEGasCo responds as follows: In accordance with Rule 33(d) of the Federal Rules of Civil Procedure, NEGasCo has already produced and will continue to produce non-privileged documents of the Fall River Gas Company from which such information, to the extent it exists, may be obtained.

**Interrogatory No. 11:** Please identify any and all Union(s) organized at either or both of the Facilities at any time during the period from 1935 and 1960.

**Response to Interrogatory No. 11**: NEGasCo objects to this interrogatory because the interrogatory is overbroad, unduly burdensome and seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the foregoing General Objections and specific objections, NEGasCo responds as follows: The Utility Workers of America began representing the employees of the Fall River Gas Company Production Department in or about 1949, and began representing the employees of the Fall River Gas Company Distribution Department in or about 1957. Also, in accordance with Rule 33(d) of the Federal Rules of Civil Procedure, NEGasCo has already produced and will continue to produce non-privileged documents of the Fall River Gas Company from which such information, to the extent it exists, may be obtained.

**Interrogatory No. 12:** Please identify any and all investigations of the environmental conditions within the Moratorium Area, including the presence of OHS, conducted by or on behalf of Defendant, and all documents produced in connection with each investigation identified.

**Response to Interrogatory No. 12**: NEGasCo objects to this interrogatory because the interrogatory is overbroad, unduly burdensome and seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. NEGasCo also objects to this interrogatory because it seeks documents and information protected by the attorney client privilege and/or work product doctrine. See also NEGasCo's Response to Plaintiffs' Definition for "OHS." Subject to and without waiver of the foregoing General Objections and specific objections, NEGasCo responds as follows: Vanasse Hangen Brustlin, Inc. (VHB") and ENVIRON International Corporation ("ENVIRON") prepared the following reports concerning the Bay Street Area:

VHB Reports

April, 2003: Site Investigation Work Plan, Bay Street Suspected Fill Area, Tiverton, Rhode Island

May 30, 2003: Final Site Investigation Work Plan, Bay Street Suspected Fill Area, Tiverton, Rhode Island

August, 2003: Supplemental Site Investigation Work Plan, Plat 8-6 Block 3 Lot 4, Bay Street Suspected Fill Area, Tiverton, Rhode Island

August, 2003: Supplemental Site Investigation Work Plan, Plat 8-7 Block 15 Lot 12, Bay Street Suspected Fill Area, Tiverton, Rhode Island

October, 2003: Site Investigation Report, Bay Street Suspected Fill Area, Tiverton, Rhode Island

December, 2003: Site Investigation Report, 100 Bay Street, Tax Assessor's Plat 8-6, Block 8 Lot 15A, Tiverton, Rhode Island

December, 2003: Site Investigation Report, 11A Connell Street, Tax Assessor's Plat 8-7, Block 16 Lot 5, Tiverton, Rhode Island

December, 2003: Site Investigation Report, Tax Assessor's Plat 8-7, Block 22 Lots 3 and 4, Tiverton, Rhode Island

December, 2003: Site Investigation Report, Tax Assessor's Plat 8-7, Block 17 Lots 3, 4, 4A, 5, and 5A, Tiverton, Rhode Island

April, 2004: Short Term Response Action Report, Plat 8-7 Block 15 Lot 12, Bay Street Suspected Fill Area, Tiverton, Rhode Island

April, 2004: Short Term Response Action Report, Plat 8-6 Block 3 Lot 4, Bay Street Suspected Fill Area, Tiverton, Rhode Island

July, 2004: Supplemental Site Investigation Work Plan, Bay Street, Suspected Fill Area, Tiverton, Rhode Island

July, 2004: Phase 2 Site Investigation Work Plan, Bay Street Suspected Fill Area, Tiverton, Rhode Island

December, 2004: Supplemental Site Investigation Work Plan, Plat 8-7 Block 17 Lot 3, Bay Street Suspected Fill Area, Tiverton, Rhode Island

December, 2004: Supplemental Site Investigation Work Plan, Plat 8-7 Block 15 Lot 1, Bay Street Suspected Fill Area, Tiverton, Rhode Island

January, 2005: Supplemental Site Investigation Work Plan, Plat 8-7 Block 21 Lot 4, Bay Street Suspected Fill Area, Tiverton, Rhode Island

August, 2005: Supplemental and Phase 2 Site Investigation Report, Bay Street Suspected Fill Area, Tiverton, Rhode Island

September, 2006: Supplemental Site Investigation Work Plan, Plat 8-7 Block 13 Lot 3, Bay Street Suspected Fill Area, Tiverton, Rhode Island

September, 2006: Short Term Response Action Work Plan, Plat 8-7 Block 15 Lot 1, Bay Street Suspected Fill Area, Tiverton, Rhode Island

September, 2006: Supplemental Site Investigation Work Plan, Plat 8-7 Block 16 Lot 1;, Bay Street Suspected Fill Area, Tiverton, Rhode Island

September, 2006: Short Term Response Action Work Plan, Plat 8-7 Block 17 Lot 3, Bay Street Suspected Fill Area, Tiverton, Rhode Island

September, 2006: Short Term Response Action Work Plan, Plat 8-7 Block 21 Lot 4, Bay Street Suspected Fill Area, Tiverton, Rhode Island

ENVIRON Reports

August, 2003: Determination of a Soil Screening Level for Arsenic

October, 2003: Human Health Risk Assessment for the Bay Street Suspected Fill Area, Tiverton, Rhode Island

March, 2005: Determination of a Soil Screening Level for Lead

August, 2005: Determination of a Soil Screening Level for Benzo(a)pyrene

Dated: September 28, 2007

**ADLER, POLLOCK & SHEEHAN P.C.**

By: ______________________

John A. Tarantino (#2586)
David A. Wollin (#4950)
Kristen Sherman (#5595)
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
(401) 274-7200

**KASOWITZ, BENSON, TORRES & FRIEDMAN LLP**
Eric D. Herschmann
David E. Ross
1633 Broadway
New York, New York 10019
(212) 506-1700

- and -

**BISHOP, LONDON, BROPHY, & DODDS**
Christina Dodds
3701 Bee Cave Road, Suite 200
Austin, Texas 78746
(512) 479-5000

-and-

**HINCKLEY, ALLEN & SNYDER**
Gerald J. Petros (#2931)
Robin L. Main (#4222)
50 Kennedy Plaza
Providence, RI
(401) 274-2000

*Attorneys for Defendant New England Gas Company, an unincorporated division of Southern Union Company*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| GAIL, JOHN D. and JOHN F. CORVELLO, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>NEW ENGLAND GAS COMPANY,<br><br>Defendant. | C.A. No. 05-0221T<br>(Related Cases: 05-274T; 05-370T; 05-522T) |

**VERIFICATION**

I, Dennis Morgan, hereby declare:

1. I am the Senior Vice President, Litigation for Southern Union Company ("Southern Union"). Defendant New England Gas Company ("NEGasCo") is an unincorporated division of Southern Union. I am authorized to sign this verification on behalf of NEGasCo.

2. I have read New England Gas Company's Objections and Responses to Plaintiff Gail Corvello's Second Set of Interrogatories. Based upon my review of same, and on records of the Fall River Gas Company, I am informed and believe that the responses contained therein are true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 26, 2007

Dennis Morgan

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of September, 2007, I did send a true copy of the within document by email to the following:

| | |
|---|---|
| Robert J. McConnell, Esq.<br>Michael G. Rousseau, Esq.<br>Jonathan D. Orent, Esq.<br>Motley Rice LLC<br>321 South Main Street<br>Providence, RI 02940 | Neil T. Leifer<br>Thornton & Naumes, LLP<br>100 Summer Street, 30th Floor<br>Boston, MA 02110 |
| Mark W. Roberts<br>McRoberts, Roberts & Rainer, LLP<br>53 State Street<br>Boston, MA 02109 | Paul Revere, III, Esq.<br>Law Offices of Paul Revere, III<br>226 River View Lane<br>Centerville, MA 02632 |
| Russell X. Pollock, Esq.<br>Campbell, Campbell, Edwards & Conroy, PC<br>One Constitution Plaza<br>Boston, MA 02129 | Brian R. Cunha, Esq.<br>Brian Cunha & Associates, P.C.<br>904 Broadway<br>East Providence, RI 02914 |

*430663_1.doc*