UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| GAIL, JOHN D. AND JOHN F. CORVELLO, et al. | : | |
| v. | : | C.A. No. 05-221T<br>Related Cases: C.A. No. 05-274T,<br>C.A. No. 05-370T and C.A. No. 05-522T |
| NEW ENGLAND GAS COMPANY, INC. | : | |

**MEMORANDUM AND ORDER**

Before the Court for determination is Defendant's Emergency Motion to Produce Scientific Data, Test Results and Related Documents. (Document No. 542). A hearing was held on January 31, 2008. For the reasons summarized below, Defendant's Motion is DENIED.

From the hearing, it was apparent that this "emergency" dispute is primarily one of timing. Defendant described the current discovery schedule as "incredibly compressed" and noted the importance of timing in making the requested information available to its experts. Plaintiffs' counsel stated at the hearing that Plaintiffs will produce "everything" with their expert reports when they are produced on February 15, 2008 including photographs, boring logs and "factual information." Plaintiffs' counsel indicated that he had not yet received forensic reports from his experts and did not know at this point if any "analytical data" would be withheld as work product. If any such data is withheld, he stated that it would be identified to Defendant in a privilege log.

Because of these timing issues, Defendant seeks to have this Court resolve this discovery dispute in a vacuum. Since Plaintiffs have not yet produced their expert reports (and any privilege log if necessary), I do not know what, if any, documents or data may be withheld by Plaintiffs as claimed work product. Without knowing that, I am unable to determine if it is in fact work product

and then, if so, whether Defendant can make a showing to require disclosure under Fed. R. Civ. P. 26(b).

While I understand the time pressure facing Defendant, Plaintiffs' counsel indicated at the hearing that he had proposed and would agree to extend the time for Defendant to produce its expert reports from February 29, 2008 to March 17, 2008. While discovery closes on February 29, 2008, Senior Judge Torres' Scheduling Order (Document No. 71) permits the parties to conduct discovery after the closure date by agreement. Allowing Defendant the additional time to produce its expert reports is equitable given my prior Order allowing Plaintiffs additional time to disclose their expert reports and it will, at a minimum, address Defendant's timing issue. If a dispute as to production remains after Plaintiffs' expert reports are disclosed, Defendant can file an appropriate Motion, and the Court can then address the work product issue within a factual context rather than in a vacuum.

SO ORDERED.

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
February 1, 2008