UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| GAIL, JOHN D. AND JOHN F. CORVELLO, et al. | : | |
| v. | : | C.A. No. 05-221T<br>Related Cases: C.A. No. 05-274T, C.A. No. 05-370T and C.A. No. 05-522T |
| NEW ENGLAND GAS COMPANY, INC. | : | |

**MEMORANDUM AND ORDER**

Before the Court for determination is Defendant's Motion to Compel Production of Ransom Environmental Consultants, Inc. Documents. (Document No. 546). Plaintiffs object. (Document No. 651). A hearing was held on February 28, 2008. For the reasons discussed below, Defendant's Motion is DENIED.

**Discussion**

Janice Carroll ("Carroll")[1] retained the law firm of Nixon Peabody in July 2003 to represent her and her family members. See Aff. of Carroll, ¶ 1, Document No. 651-2. The representation related to the environmental contamination which is at issue in this litigation. Id., ¶ 2. Nixon Peabody retained Ransom Environmental Consultants, Inc. ("Ransom") in August 2003 as a consultant to assist in providing legal advice to Carroll. Aff. of Kaplan, ¶ 3, Document No. 651-5.

Defendant has not controverted these facts. Rather, Defendant argues that the Ransom documents cannot be privileged because Nixon Peabody was not rendering legal advice but was lobbying state and local authorities. Defendant's lobbying argument is legally and factually

[1] Ms. Carroll is a Simpson Family Trustee, and the Simpson Family Trust is a Plaintiff in this case.

unsupported. At the hearing, Defendant's counsel was unable to articulate a test for the Court to ascertain when lawyering becomes lobbying. Defendant cited only one case in support of its lobbying argument. See Wolf Creek Ski Corp. v. Leavell-McCombs Joint Venture, No. CA04CV010099JLKDLW, 2006 WL 1119031 (D. Colo. April 25, 2006). In Wolf Creek, the Court held that invoices for "lobbying efforts on proposed federal legislation with the offices" of members of Congress and federal agencies were not privileged. Id. at *2. The brief discussion of these invoices in Wolf Creek provides no support for Defendant's position in this case.

Defendant essentially argues that Nixon Peabody was lobbying because it communicated with the Town of Tiverton and RIDEM on behalf of its clients. The fact that an attorney communicates with a governmental entity does not, by itself, negate the attorney-client privilege. This is not a situation where the Town and RIDEM were being lobbied regarding future legislation or rule making. The subject of the communications was the inclusion of the Simpson properties in the moratorium area without performing testing to ascertain the presence of contamination and the request that the moratorium be lifted. See Ex. C to Document No. 547. Although the lawyering v. lobbying inquiry is "fact-specific," In re Grand Jury Subpoenas, 179 F. Supp. 2d 270, 285 (S.D.N.Y. 2001), the Simpsons' request that the moratorium on their properties be lifted is hardly akin to legislative or regulatory lobbying. The communications were related to an existing situation involving environmental contamination, a moratorium restricting property rights, and liability issues which have resulted in both court and administrative proceedings.

Defendant also argues that, even if the activities are not considered lobbying, Plaintiffs' privilege log is "inadequate" to justify their privilege claims. Plaintiffs produced a twenty-four page privilege log which identifies the assertedly-privileged documents by date, author/recipient,

description and privilege claimed (work product or attorney-client). A privilege log must expressly claim the applicable privilege and describe "the nature of the documents, communications or things not produced that is sufficient to enable the demanding party to contest the claim." Corvello v. New England Gas Co., 243 F.R.D. 28, 33 (D.R.I. 2007). Defendant devotes just two paragraphs of its brief to this argument and attacks Plaintiffs' privilege log only in very general terms. One of the few entries specifically addressed by Defendant is REC 1935. This is identified as an email dated November 18, 2003 authored by Carroll and delivered to Attorney Kaplan and Ransom. It is described as transmitting supplemental information gathered at the request of legal counsel. Defendant challenges the log entry as providing insufficient detail about the content of the communication. However, Plaintiffs are only required to provide a description which is sufficient to enable the requesting party to assess the applicability of the privilege. Fed. R. Civ. P. 26(b)(5)(A). Plaintiffs are not required to reveal the information itself which is privileged. Id. As noted above, Plaintiffs have established that an attorney-client relationship existed at that time, and it is fundamental that "[t]he attorney-client privilege protects confidential communications between an attorney and client relating to legal advice sought from the attorney." United States v. Textron, Inc. and Subsidiaries, 507 F. Supp. 2d 138, 146 (D.R.I. 2007). Defendant has not established the inadequacy of Plaintiffs' privilege log, and, upon review, it is generally sufficient in detail for its required purpose.

Defendant's remaining arguments are that (1) Plaintiffs should redact privileged material (such as handwritten notes) from otherwise non-privileged documents; and (2) any privilege has been waived as to documents produced to third parties. Plaintiffs do not dispute these arguments

and have represented that they will produce these two categories of documents. Given the late stage of this case, Plaintiffs shall produce such documents within ten (10) days of the date of this Order.

For the foregoing reasons, Defendant's Motion to Compel (Document No. 546) is otherwise DENIED.

SO ORDERED.

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
March 5, 2008