UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| GAIL CORVELLO, et al.,<br>KEVIN BURNS, et al.,<br>COLLEEN BIGELOW, et al., and<br>SHEILA REIS, et al.<br><br>Plaintiffs<br>v.<br><br>NEW ENGLAND GAS COMPANY<br><br>Defendant and Third Party Plaintiff,<br>v.<br><br>BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC, et al.<br><br>Third Party Defendants. | Case Numbers: 05-221T (Lead Case)<br>(Related and Consolidated cases:<br>05-274T; 05-370T, 05-522T) |

**DEFENDANT'S EMERGENCY MOTION TO STRIKE PLAINTIFFS' NEWLY PROFFERED EXPERT TESTIMONY AND OPINIONS ON LIABILITY**

Defendant New England Gas Company ("NEGC") moves to strike the "supplemental" expert testimony and opinions served by plaintiffs on March 13 and 14. That new information should be stricken because (1) it comes one month after the deadline for plaintiffs' disclosure of their liability experts' reports and opinions; (2) it contains new opinions, new findings, new analyses and new information not presented in the original reports; and (3) NEGC does not have adequate time before the impending trial to analyze, evaluate and respond to these new opinions and information. In support of its Motion, NEGC relies on the Memorandum of Law filed herewith. NEGC asks the Court to hear this motion on an expedited basis because the deposition of Weston & Sampson, one of plaintiffs' liability experts, is scheduled for Wednesday, March

19, and NEGC has not had sufficient time to prepare for that deposition in light of plaintiffs' new and substantially expanded expert disclosures. NEGC sought to avoid the making of an emergency motion by requesting that plaintiffs consent to a brief adjournment of the Weston & Sampson deposition until the Court could rule on this motion. Plaintiffs refused that request. For these reasons, NEGC respectfully requests an early hearing on this motion.

NEW ENGLAND GAS COMPANY

*/s/Gerald J. Petros*

Gerald J. Petros (#2931)
Robin L. Main (#4222)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
Tel. (401) 274-2000
Fax (401) 277-9600
gpetros@haslaw.com

John A. Tarantino (#2586)
David A. Wollin (#4950)
Kristen W. Sherman (#5595)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
(401) 274-7200
Fax: (401) 351-4607

Eric D. Herschmann
David E. Ross
Seth Davis
Noelle M. Kowalczyk
Gary W. Dunn
Kasowitz, Benson, Torres & Friedman LLP
1633 Broadway
New York, New York 10019
(212) 506-1700

**CERTIFICATE OF SERVICE**

To:

John J. McConnell, Jr., Esq.
Robert J. McConnell, Esq.
Aileen L. Sprague, Esq.
Jonathan D. Orent, Esq.
Motley Rice
321 South Main Street
Providence, RI 02903

Neil T. Leifer, Esq.
Christian F. Uehlein, Esq.
Thorton & Naumes LLP
100 Summer Street
Boston, MA 02110

Mark W. Roberts, Esq.
David A. Cetola, Esq.
Heather Spurlock Kennealy, Esq.
McRoberts, Roberts & Rainer, LLP
53 State Street
Boston, MA 02109

Matthew B. Smith, Esq.
1206 Westminster Street
Providence, RI 02909

Paul Revere, III, Esq.
297 North Street, Suite 337
Hyannis, MA 02601

Richard J. Zabbo, Esq.
Stephen P. Harten, Esq.
Ratcliffe, Burke, Harten & Elias LLP
1600 Financial Plaza
Providence, RI 02903

Christina C. Dodds, Esq.
Bishop, London & Brophy, P.C.
3701 Bee Caves Road, Suite 200
Austin, TX 78746

Gregory S. Schultz, Esq.
Susan Forcier, Esq.
Office of Legal Services
RI Department of Environmental Management
235 Promenade Street
Providence, RI 02908

Lewis S. Wiener, Esq.
Sutherland Asbill & Brennan LLP
1275 Pennsylvania Avenue, N.W.
Washington, DC 20004

Michael K. Marran, Esq.
P.O. Box 6067
321 South Main Street, Suite 200
Providence, RI 02940-6067

Anthony F. Muri, Esq.
Muri Associates LLC
Ten Weybosset Street
Providence, RI 02903

Benjamin V. White, Esq.
Kimberly A. Simpson, Esq.
Vetter & White
20 Washington Place
Providence, RI 02903

Kerry T. Ryan, Esq.
Emily C. Shanahan
Tarlow, Breed, Hart & Rodgers, P.C.
101 Huntington Avenue, Suite 500
Boston, MA 02199

Andrew G. Mauck, Esq.
Matthew B. Kirsner, Esq.
Troutman Sanders LLP
P.O. Box 1122
Richmond, VA 23208

William D. Wick, Esq.
Wactor & Wick LLP
180 Grand Avenue, Suite 950
Oakland, CA 04612

Bruce G. Tucker, Esq.
David B. Willis, Esq.
Bruce G. Tucker
Legal Management Services LLC
300 Centerville Road, Suite 304S
Warwick, RI 02886

Craig R. Waksler, Esq.
McGivney & Kluger, P.C.
72 Pine Street, 1st Floor
Providence, RI 02903

Paul M. Sanford, Esq.
Burns & Levinson LLP
One Citizens Plaza, Suite 1100
Providence, RI 02903

David A. Crichlow, Esq.
David Goldberg, Esq.
Catherine C. McCulley, Esq.
Pillsbury Winthrop Shaw Pittman LLP
1540 Broadway
New York, NY 10036

Gregory L. Benik, Esq.
Benik & Associates
931 Jefferson Boulevard, Suite 208
Warwick, RI 02886

Christopher P. McCormack, Esq.
Pullman & Comley LLC
850 Main Street
Bridgeport, CT 06601

Jeanne M. Scott, Esq.
Ursillo, Teitz & Ritch, Ltd.
Two Williams Street
Providence, RI 02903

Jeffrey Bromme, Esq.
Arnold & Porter LLP
555 Twelfth Street, N.W.
Washington, DC 20004-1206

I hereby certify that on March 17, 2008, a copy of the foregoing Defendant's Emergency Motion to Strike Plaintiffs' Newly Proffered Expert Testimony And Opinions On Liability was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing as indicated on the Notice of electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Gerald J. Petros
Gerald J. Petros (#2931)

878078v4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| GAIL CORVELLO, et al.,<br>KEVIN BURNS, et al.,<br>COLLEEN BIGELOW, et al., and<br>SHEILA REIS, et al.<br><br>Plaintiffs<br>v.<br><br>NEW ENGLAND GAS COMPANY<br><br>Defendant and Third Party Plaintiff,<br>v.<br><br>BRIDGESTONE FIRESTONE NORTH<br>AMERICAN TIRE, LLC, et al.<br><br>Third Party Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case Numbers: 05-221T (Lead Case)<br>(Related and Consolidated cases:<br>05-274T; 05-370T, 05-522T) |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S EMERGENCY MOTION TO STRIKE PLAINTIFFS' NEWLY PROFFERED EXPERT TESTIMONY AND OPINIONS ON LIABILITY**

## I. Introduction

Defendant New England Gas Company ("NEGC") moves to strike the "supplemental" expert testimony and opinions served by plaintiffs on March 13 and 14. That new information should be stricken because (1) it comes one month after the deadline for plaintiffs' disclosure of their liability experts' reports and opinions; (2) it contains new opinions, new findings, new analyses and new information not presented in the original reports; and (3) NEGC does not have adequate time before the impending trial to analyze, evaluate and respond to these new opinions and information.

## II. Argument

After considering the Court's January 2008 rulings, and given the time deadlines imposed by the Court, plaintiffs and NEGC reached agreement that plaintiffs would serve the reports of their designated liability experts by February 15, 2008. The agreement, reflected in a Stipulation, provided without qualification that "Plaintiffs will disclose their expert reports by February 15, 2008." On or before February 15, plaintiffs served the expert reports of Professor Eric Suuberg, Weston & Sampson, Dr. Ellen Silbergeld and Dr. Paul Boehm. Neither the cover letters to the reports, nor the reports themselves indicated that the reports were incomplete.

Three weeks later, on March 6, in opposing NEGC's Motion to Reset The Discovery Closure Date And The Jury Empanelment Date, plaintiffs represented to the Court that despite the time pressures purportedly confronting their liability experts, plaintiffs "made the February 15 deadline," such that "All of [plaintiffs'] liability experts were identified, disclosed in the reports, and their underlying data produced" on that date. *See* Transcript of March 6, 2008 Motion Hearing at pp. 37, 40-41. The Court thereafter relied on plaintiffs' representation in ruling upon the Motion to Reset: "In the meantime, the parties, to their credit, worked together to come up with an agreed-upon disclosure period for expert – identifying experts and providing the reports from experts. And they had a February 15 deadline for doing that." *Id*. at p. 64. At the Chambers Conference which then ensued on March 6, plaintiffs once again represented, without qualification, that plaintiffs had disclosed the entirety of their liability experts' opinions and supporting data:

> MR LEIFER: . . . My understanding and my practice has always been that my experts have to disclose their opinions in their report and they have to disclose their reliance material that becomes the contours, and the parties have a right to take a deposition and inquire about that.

> They've now gotten the reliance materials and they've gotten the expert reports, . . .
>
> . . . We produced the reports and the reliance materials. We're getting close to trial.

*See* Transcript of March 6 Chambers Conference at pp. 10-11. Plaintiffs' counsel later reiterated the representation that Weston & Sampson's complete report was disclosed on February 15:

> THE COURT: Who are Weston Sampson?
>
> MR ROBERTS: They are environmental consultants. They submitted a four-volume report. . . . But their full report, their full four volume report was disclosed timely.

*Id*. at 14.

Notwithstanding plaintiffs' stipulation and agreement with NEGC or their representations to the Court, plaintiffs produced "supplements" to two of these four reports on March 13 and 14; almost one month after the February 15 deadline and on the eve of depositions of plaintiffs' liability experts. Copies of the supplements are attached as Exhibit A. Those so-called supplements substantially amend the underlying reports and in one case significantly multiply and broaden the scope of the expert opinions by presenting new analyses, new opinions, and new information.

For example, before the amendments, neither Weston & Sampson ("W&S") nor any of plaintiffs' other experts proposed to offer an expert opinion concerning the presence of MGP material on a lot by lot basis – consistent with plaintiffs' representations to this Court that they did not intend to try this case on a lot by lot basis. The W&S report produced on February 15 described W&S's investigation of 13 lots in the Bay Street area, ("BSA") and the conclusions that they drew from that investigation. Nowhere in that report does W&S provide a lot by lot analysis of the contamination, if any, on the individual properties in the BSA and whether those

individual properties do or do not contain MGP waste. W&S presented this analysis for only 13 lots.[1]

Since receiving the plaintiffs' expert reports on February 15, NEGC prepared to meet plaintiffs' expert contentions in two ways. First, NEGC prepared to take the depositions of plaintiffs' experts and to challenge and explore the opinions advanced in those experts' reports. Second, NEGC's liability experts began drafting their reports to respond to the contentions advanced by plaintiffs and their experts. NEGC and its experts understood and expected that plaintiffs complied with the Court's orders and produced *all* of their expert liability opinions. NEGC and its experts also understood that plaintiffs would not present a lot by lot analysis of the alleged contamination on the properties in the BSA because no such analysis was presented in those reports.

On March 13 and 14, one month after plaintiffs produced their expert liability reports and days before the deposition of W&S, plaintiffs produced five figures and one table as a "supplement" to the W&S report. These are not figures or a table that are referenced in the original report but not included. And these are not figures or a table that are contemplated in the original report. Indeed, the original report already contains four figures and four tables. The original report does not contemplate additional figures or tables, and the plaintiffs did not present the W&S report as an incomplete report. Plaintiffs' provided NEGC with no reason to expect supplemental figures or tables.

---

[1] W&S states in the original report that VHB found "evidence of MGP waste" on 77 properties. First, W&S's characterization of VHB's conclusions is wrong. VHB made no such finding. W&S interpretation of the VHB data is, predicated on the erroneous assumption that the mere presence of either concrete, bricks, ash, or wood is by itself sufficient evidence of MGP waste. Second, apart from this almost casual reference, W&S did not identify the specific 77 properties, describe the alleged evidence of MGP waste, or provide any supporting materials for its sweeping opinion. Finally, and by contrast, in the recently provided "supplemental report, W&S suddenly identifies 78 properties by address and lot number, sets forth the basis for its opinion that the lot is impacted by MGP waste, lists contaminants on a constituent by constituent basis, and maps out the individual lots by specific categories.

Examination of the supplemental figures and table reveal that these documents evidence a fundamental shift in plaintiffs' strategy and in plaintiffs' presentation of expert liability testimony. The supplemental information presents an environmental analysis on a lot by lot basis of each property in the BSA – and some outside the BSA. That information includes opinions on a property by property basis of whether the lot contains (1) physical evidence of MGP waste; (2) PAH exceedances of the Rhode Island residential direct exposure criteria; (3) arsenic exceedances; (4) cyanide exceedances; and (5) cyanide levels that do not exceed the regulatory levels. W&S also offers opinions, for the first time, on a lot by lot basis concerning whether each lot: (1) is impacted by MGP waste; (2) has no evidence of MGP impact but requires further assessment; or (3) has never been investigated. The report also represents a nearly six fold increase – from 13 properties to 76 properties – in the number of lots W&S intends to opine on, and which NEGC's experts must now analyze and prepare to rebut.

In short, the W&S supplement provided <u>one month after the deadline</u> fundamentally alters the scope and nature of the opinions presented by W&S. Plaintiffs' actions violate the letter and the spirit of the Court's orders. Further, coming barely one month before the start of trial, plaintiffs' supplements leave NEGC without adequate time to respond to those opinions and to prepare for trial.

The First Circuit Court of Appeals has held that discovery deadlines are crucial to avoid "trial by ambush . . . ." <u>Macaulay v. Anas</u>, 321 F.3d 45, 50 (1st Cir. 2003). Deadlines are designed to narrow issues and eliminate surprise. <u>Licciardi v. TIG Ins. Group</u>, 140 F.3d 357, 359 (1st Cir. 1998). This Court's scheduling orders are not mere formalities, but guardians of "fairness both in the discovery process and at trial." <u>Thibeault v. Square D Co.</u>, 960 F.2d 239, 247 (1st Cir. 1992). Plaintiffs' proffer of new opinions, findings, analyses, and information on

the eve of trial threatens to dislodge NEGC from its equal footing with plaintiffs. Allowing late, unjustified changes to the breadth of admissible expert opinions can be "harmful" and "seriously prejudicial" to the defendant. Thibeault, 960 F.2d at 247. It would put an "untenable burden on the defense" and would "contravene[] the spirit of the discovery rules." Macaulay, 321 F.3d at 52-53.

The Suuberg supplement – provided the day before Dr. Suuberg's deposition last week - also violates the Court's orders and the parties stipulation. Dr. Suuberg testified last week that he prepared his supplement on February 7 and could easily have provided the supplement to NEGC over a month ago – but the plaintiffs did not ask him to do so.

Finally, the supplemental materials provided by Dr. Silbergeld also violate the Court's orders. On March 13, the plaintiffs provided a copy of a February 20, 2008, letter from plaintiffs' counsel to Dr. Silbergeld, which conveys to Dr. Silbergeld the final expert reports dated February 15 of W&S and Dr. Boehm, a disc of W&S materials, and the 2006 Amended Notice of Violation to NEGasCo. The plaintiffs' cover letter invites Dr. Silbergeld to discuss supplementing her report based on the information conveyed with the cover letter. The plaintiffs' opportunity to present Dr. Silbergeld's opinions, however, came and went on February 15. Those materials, or at least notice that Dr. Silbergeld was relying on those additional materials, should have been provided to NEGC at the earliest opportunity – at least by February 20. While NEGC has not received a supplemental Silbergeld report, the plaintiffs should be precluded from trying to supplement her report at this very late date.

For all of these reasons, the Court's orders and fundamental fairness preclude plaintiffs from unfairly ambushing NEGC with new expert opinions long after the deadline has passed and on the eve of trial. The Court should enforce its orders and strike the so-called supplements to

the expert reports submitted by plaintiffs last week and preclude plaintiffs from supplementing Dr. Silbergeld's report. At a minimum, the Court should prohibit plaintiffs from offering at trial any of the new opinions contained in the supplements, particularly the property by property analysis presented in the W&S supplement. NEGC does not have adequate time to prepare to meet this evidence at the trial scheduled to begin barely one month from today.

## III. Conclusion

The Court should strike the supplemental liability expert opinions and information provided by the plaintiffs on March 13 and 14, and the Suuberg supplement as well. In the alternative, the Court should provide NEGC with an additional 45 days to review the new opinions proffered by W&S, to prepare to depose W&S on these new opinions, and to prepare its own expert liability reports to meet these new opinions.

NEW ENGLAND GAS COMPANY

*/s/Gerald J. Petros*

Gerald J. Petros (#2931)
Robin L. Main (#4222)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
Tel. (401) 274-2000
Fax (401) 277-9600
gpetros@haslaw.com

John A. Tarantino (#2586)
David A. Wollin (#4950)
Kristen W. Sherman (#5595)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
(401) 274-7200
Fax: (401) 351-4607

Eric D. Herschmann
David E. Ross
Seth Davis
Noelle M. Kowalczyk
Gary W. Dunn
Kasowitz, Benson, Torres & Friedman LLP
1633 Broadway
New York, New York 10019
(212) 506-1700

**CERTIFICATE OF SERVICE**

To:

John J. McConnell, Jr., Esq.
Robert J. McConnell, Esq.
Aileen L. Sprague, Esq.
Jonathan D. Orent, Esq.
Motley Rice
321 South Main Street
Providence, RI 02903

Neil T. Leifer, Esq.
Christian F. Uehlein, Esq.
Thorton & Naumes LLP
100 Summer Street
Boston, MA 02110

Mark W. Roberts, Esq.
David A. Cetola, Esq.
Heather Spurlock Kennealy, Esq.
McRoberts, Roberts & Rainer, LLP
53 State Street
Boston, MA 02109

Matthew B. Smith, Esq.
1206 Westminster Street
Providence, RI 02909

Paul Revere, III, Esq.
297 North Street, Suite 337
Hyannis, MA 02601

Richard J. Zabbo, Esq.
Stephen P. Harten, Esq.
Ratcliffe, Burke, Harten & Elias LLP
1600 Financial Plaza
Providence, RI 02903

Christina C. Dodds, Esq.
Bishop, London & Brophy, P.C.
3701 Bee Caves Road, Suite 200
Austin, TX 78746

Gregory S. Schultz, Esq.
Susan Forcier, Esq.
Office of Legal Services
RI Department of Environmental Management
235 Promenade Street
Providence, RI 02908

Lewis S. Wiener, Esq.
Sutherland Asbill & Brennan LLP
1275 Pennsylvania Avenue, N.W.
Washington, DC 20004

Anthony F. Muri, Esq.
Muri Associates LLC
Ten Weybosset Street
Providence, RI 02903

Michael K. Marran, Esq.
P.O. Box 6067
321 South Main Street, Suite 200
Providence, RI 02940-6067

Benjamin V. White, Esq.
Kimberly A. Simpson, Esq.
Vetter & White
20 Washington Place
Providence, RI 02903

Kerry T. Ryan, Esq.
Emily C. Shanahan
Tarlow, Breed, Hart & Rodgers, P.C.
101 Huntington Avenue, Suite 500
Boston, MA 02199

Andrew G. Mauck, Esq.
Matthew B. Kirsner, Esq.
Troutman Sanders LLP
P.O. Box 1122
Richmond, VA 23208

William D. Wick, Esq.
Wactor & Wick LLP
180 Grand Avenue, Suite 950
Oakland, CA 04612

Bruce G. Tucker, Esq.
David B. Willis, Esq.
Bruce G. Tucker
Legal Management Services LLC
300 Centerville Road, Suite 304S
Warwick, RI 02886

Craig R. Waksler, Esq.
McGivney & Kluger, P.C.
72 Pine Street, 1st Floor
Providence, RI 02903

Paul M. Sanford, Esq.
Burns & Levinson LLP
One Citizens Plaza, Suite 1100
Providence, RI 02903

David A. Crichlow, Esq.
David Goldberg, Esq.
Catherine C. McCulley, Esq.
Pillsbury Winthrop Shaw Pittman LLP
1540 Broadway
New York, NY 10036

Gregory L. Benik, Esq.
Benik & Associates
931 Jefferson Boulevard, Suite 208
Warwick, RI 02886

Christopher P. McCormack, Esq.
Pullman & Comley LLC
850 Main Street
Bridgeport, CT 06601

Jeanne M. Scott, Esq.
Ursillo, Teitz & Ritch, Ltd.
Two Williams Street
Providence, RI 02903

Jeffrey Bromme, Esq.
Arnold & Porter LLP
555 Twelfth Street, N.W.
Washington, DC 20004-1206

I hereby certify that on March 17, 2008, a copy of the foregoing Memorandum in Support of Defendant's Emergency Motion to Strike Plaintiffs' Newly Proffered Expert Testimony and Opinions on Liability was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing as indicated on the Notice of electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Gerald J. Petros
Gerald J. Petros (#2931)

878055v5