# EXHIBIT 7

**STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS**

**COUNTY OF NEWPORT** .

At a meeting of the Town Council of the Town of Tiverton, County and State aforesaid, held at the Tiverton Town Hall on the 9th day of February 2004 A.D. at 7:0 0 p.m.

**MEMBERS PRESENT**

Claudette Linhares, President
Manuel Cabral, Vice President
Donald Bollin Tracy Connors
Lori Doyle Louise Durfee
John Fernandes

Acting Town Administrator, Christopher Cotta and
Town Solicitor, Ms. Carolyn A. Mannis were also present.

President Linhares opened the meeting with the Pledge of Allegiance.

**MINUTES:**

**Regular Town Council Meeting held January 26, 2004:**

A motion was made by Mr. Connors to amend the minutes of the aforementioned meeting.(See Page 101) Mr. Cabral seconded the motion. The motion passed unanimously.

**Executive Session of January 26, 2004:**

Mr. Fernandes made a motion to accept the minutes of the aforementioned meeting. The motion was seconded by Mr. Cabral.

**Executive Session of January 12, 2004:**

A motion was made by Mr. Connors to continue these minutes to the next scheduled Executive Session. Mr. Cabral seconded the motion. The motion passed unanimously.

Mr. Connors raised a point of order, to combine Items J-1 and J-2 under "Appointments and Resignations" both dealing with the resignation of the Wastewater Management Commission. Mr. Cabral seconded the motion. The motion passed unanimously.

Mr. Connors raised a second point of order, to move Item M-1 "Labor Contract Administration" under Executive Session to D-12, New Business. Ms. Durfee seconded the motion. Mr. Connors suggested that the matter, if discussed in Executive Session, would constitute a violation of the Open Meetings Law. Ms. Durfee stated that all Department Head contracts are discussed in Open Session and that there are certain guidelines for closed session, this was not one that met them.

The Town Solicitor was requested to render her ruling and the meeting continued while she researched the matter.

Mr. Christopher Cotta requested that the following items be added to the Executive Session for discussion only; these are Litigation matters: 1) The Vale Street Sewer Project, 2) Town Ordinance Section 50-5 and 3) The Vieira paper street (Haskins Ave.) property per RIGL 42-46-5(a)(2).

Mr. Cabral made a motion, seconded by Mr. Fernandes, to add the matters mentioned above to the Executive Session. The motion passed unanimously.

**PUBLIC HEARINGS:**

**Moratorium on Land Excavation in Bay Street Area:**

This Public Hearing was being held to amend the subject Resolution/Ordinance, which was adopted on September 8, 2003 and scheduled to expire on March 8, 2004. The amendments are intended to provide relief to (non-contaminated) property owners in the contaminated area, subject to meeting certain criteria.

Council President Linhares opened the Public Hearing:

Mr. Joseph Gaspar, a resident on Lepes Road, approached the Council with a copy of a DEM report dated Jan. 27, 2004 which did not mention Lepes Road as being in the contaminated area. The Town's contracted Engineering Firm conducted testing and found Lepes Road clean of contamination, however Lepes Road remained within the boundary of the moratorium. Mr. Gaspar expressed his concern regarding the implementation criteria and the resulting cost to the property owner on Lepes Road even though the test results found no contamination on the road.

A brief discussion ensued in which it was suggested that the Town did the testing on Lepes Road to hopefully release property owners on Lepes Road if contamination was not found. Mr. Gaspar requested that the southern border of the contaminated area be moved to the north of property on the north side of Lepes Road. Mr. Cotta informed the Council that DEM was in receipt of a report on behalf of the New England Gas Co. who are doing testing on private property and until DEM is satisfied with the quality and appropriate testing, for public safety, the boundary line should not be shortened or cut back.

Ms. Gail Corvello on behalf of the ENACT Group stated that the group had no problem with the proposed amendments, however had a problem with moving the boundary line.

There being no further public discussion, Council President Linhares closed the Public Hearing.

Ms. Durfee made a motion that the amended resolution in the form advertised and presented to the Council be adopted. Mr. Cabral seconded the motion. The motion passed unanimously.

The amended Resolution/Ordinance was as follows:

**RESOLUTION-ORDINANCE OF THE TOWN COUNCIL**
**MORATORIUM ON LAND EXCAVATION IN BAY STREET AREA**

**WHEREAS**, it has been discovered during the laying of a main sewer line that the Town of Tiverton has substantial soil contamination in the Bay Street Area; and
**WHEREAS**, the Town of Tiverton is performing substantial testing and analysis for contaminants in the Bay Street Area; and
**WHEREAS**, the Town awaits the results of extensive testing in the area ordered by the Department of Environmental Management, and
**WHEREAS**, the discovery of chemicals and metals has put unusual and serious demands upon the Town for the protection of the public health and in planning for and conducting the orderly management of the situation, and
**WHEREAS**, the Town believes it is in the best interest of the public to appropriately regulate and manage any and all soil excavation activity that occurs within an area defined as that area bounded on the North by State Avenue, on the West by the Sakonnet River, on the South by Lepes Road and on the East by Church Street (extended to State Avenue and Lepes Road (see map following); and
**WHEREAS**, the Council hereby finds that there is evidence of a potential health risk within the defined portion of the said area which would be contrary to the best interests of the residents of that location and that this situation requires close monitoring by the Council; and
**WHEREAS**, a moratorium on soil excavation and land development projects of any sort and the issuance of building permits to develop, redevelop, restore, modernize and/or alter existing buildings and properties located within the defined portion of the area is necessary to prevent changes or alterations in the lay of the land until the Department of Environment Management, the Department of Health and the Town Council have had the opportunity to review plans for the clean up or restoration of such area that is in the best interests of the community; and
**WHEREAS**, an emergency moratorium was adopted as a Resolution-Ordinance of the Town Council on September 8, 2003 and will expire on March 8, 2004 unless otherwise extended by further acts of the Town Council,

**NOW, THEREFORE, BE IT ORDAINED** by the Town Council of the Town of Tiverton as follows:

1. The Town Council of the Town of Tiverton hereby declares that a moratorium on the excavation or digging in any way of any soil in the above defined contaminated area or in any other area of the Town found to be contaminated is necessary to reasonably insure the maintenance of the public health, safety and welfare. An exception is granted to the Engineering firms conducting the testing. Other exceptions may be granted based on special circumstances.
2. The moratorium established in this resolution ordinance shall expire on March 8, 2004. However, the Town Council shall reserve unto itself the discretion to extend this moratorium if determined necessary prior to the expiration of the period established herein.
3. Subject to paragraph 4 below, the Tiverton Building Official is hereby instructed not to issue building permits for any new development, redevelopment, modernization or other activities within the above-defined portion of the contaminated area or within any discovered contaminated area within the period of this moratorium except for routine repairs, maintenance, or emergency repairs, or for subdivision or land developments which would not require soil excavation operations of any kind or size. The issuance of building permits for any building activity which clearly does not require soil excavation or disturbance are not prohibited during this period. The Tiverton Town Council will not accept or entertain any applications for zoning text or map amendments during the period of this moratorium except as provided below in paragraph 4.
4. Relief from this moratorium may be granted by the Town Council by application to the Town Council to be considered at a regularly scheduled Town Council Meeting upon clear and convincing proof that the applicant meets the following criteria:
   a) The Town's engineering consultant responsible for assisting the Town with all engineering matters relating to the specified area shall have reviewed all relevant information pertinent to such application including, without limitation, the sufficiency of the testing as contained within a site investigation work plan consistent with Rhode Island Department of Environmental Management remediation regulations and shall recommend approval of same. Test results provided by the engineering consultant(s) representing potentially responsible parties named by the Department of Environmental Management shall not be accepted as conclusive evidence that relief is justified.
   b) The Town's building official shall have reviewed plans for any disturbance involving construction and shall recommend approval of each relief.
   c) The applicant shall have provided the Town with evidence acceptable to the Town Administrator that adequate insurance and/or bonding is in place to protect any injured party in the event of a release of contaminants, and shall provide a written commitment holding the Town harmless from any such injury as may arise.
   d) The applicant shall have provided documentation that all permits required for any proposed activity on the property shall have been obtained, including, as applicable, permits from the Department of Environmental Management.
   e) Each applicant shall certify that he or she has read, understands and will comply with the requirements contained in the Town's Safety, Health and Emergency Response Plan.
5. This resolution ordinance shall take effect immediately upon passage.

**PASSED AND ADOPTED BY THE TOWN COUNCIL** this 9th day of February 2004.

**FOR THE TOWN COUNCIL:**

**ATTEST:**

**Hannibal F. Costa, Town Clerk**