**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| GAIL, JOHN D. AND JOHN F. CORVELLO, et al.,<br><br>*Plaintiffs,*<br><br>v.<br><br>NEW ENGLAND GAS COMPANY, INC.,<br><br>*Defendant and Third-Party Plaintiff,*<br><br>v.<br><br>BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC; et al.<br><br>*Third-Party Defendants.* | C.A. No. 05-221T<br>(Consolidated case nos:<br>05-274T, 05- 370T, 05-522T) |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER TO PREVENT THE TAKING OF THE DEPOSITION OF WILLIAM GROTA**

NEGCo's motion to prevent the taking of Mr. Grota's deposition is without merit and should be denied. Plaintiffs' Notice of Mr. Grota's deposition is to preserve his trial testimony as he has communicated to us that he will be unable to travel to Rhode Island due to health complications with a recent gallbladder surgery. Mr. Grota was first noticed as a potential trial witness on October 2, 2006 by Plaintiffs' Rule 26 Disclosures. See DC 58, p. 6, line 81. Most recently, in John Tarantino's letter to the Court dated March 19, 2008, Mr. Grota was again named as a Non-Party Fact Witness who may be called to testify at trial. Plaintiffs' counsel has consistently communicated to defense counsel the intention to call Mr. Grota at trial. As it has recently come to our attention Mr. Grota may not be able to travel to Rhode Island due to health concerns, Plaintiffs Noticed his deposition for April 17, 2008 to be taken at his home in Florida. It was further offered to Defense counsel that April 21st was also available if they were interested

in taking his discovery deposition. To date, Defense counsel has declined this offer. For these and the forgoing reasons, Defendant's emergency motion to prevent the taking of Mr. Grota's deposition should be denied.

**I. Plaintiffs' Deposition of William Grota is Timely and in the Interest of Justice Should Go Forward**

Plaintiffs' purpose for deposing Mr. Grota is to preserve his testimony for use at trial in the event he is unavailable to testify at trial. According to attached Affidavit of Mark Roberts, Mr. Grota is approximately 69 years old, has recently suffered from ailments caused by a degenerative gallbladder such that he just had major surgery on March 13, 2008. See attached Exhibit A. Although, Mr. Grota was expected to testify at trial, it has become apparent as trial approaches that he may be unavailable as defined by the Federal Rules of Evidence 804(a)(4) which provides in part:

(a) Definition of Unavailability-"Unavailability as a witness" includes situations in which the declarant-
....
(4) is unable to be present or to testify at the hearing because of death or then existing physical or mental illness or infirmity....

Fed.R.Evid. 804(a)(4). To properly preserve his testimony Plaintiffs noticed his video deposition for April 17, 2008.

As explained herein, Mr. Grota suffers from physical and medical conditions that raise the potential that he may not be available to testify orally in open court at the time of trial. Mr. Grota also resides in Florida, which further raises the potential that he will not able to travel to Rhode Island to testify at the trial because of his age and medical condition. Plaintiffs have made adequate efforts to secure the attendance of Mr. Grota at trial but due the recent medical occurrences he has communicated his inability to travel to Rhode Island.

Defendants erroneously present in their Motion that Plaintiffs' Notice of Mr. Grota's deposition is improper because it comes after the close of discovery. As stated herein, Mr. Grota is a disclosed fact witness Plaintiffs had intended to call at trial. Lead Plaintiff, Gail Corvello, first was in contact with Mr. Grota in 2006 and Mr. Grota was first disclosed to Defendants in Plaintiffs' Rule 26 Disclosures filed with the Court of October 2, 2006. See DC 58, p. 6, line 81. Subsequently, Plaintiffs identified Mr. Grota in Supplemental Rule 26 Disclosures as a non-party fact witness that "Plaintiffs will call at trial and their experts will rely on". See Exhibit B, Email Correspondence Between Counsels, February 29, 2008. Mr. Grota's medical condition was also conveyed to Defense counsel in an effort to aid their discovery depositions of non-party fact witnesses. See Exhibit C, Email Correspondence Between Counsels, April 8, 2008.

It is well established that the infirmity of an elderly witness which prevents him or her from traveling is an "exceptional circumstance" which justifies the use of deposition testimony at trial. See United States v. Keithan, 751 F.2d 9 (1st Cir.1984); Pernod Ricard USA, LLC v. Bacardi U.S.A., Inc., 2006 WL 3755452, 3 (D.Del.) (D.Del.,2006)(Court reviewing Motion for Transfer Venue due to elderly parties residing in Florida the Court denied motion holding in *dicta* "from a practical standpoint, much of the testimony presented at trial these days is presented via recorded depositions, as opposed to witnesses traveling and appearing live".). To disallow this deposition to go forward would in effect silence Mr. Grota's testimony since it has become apparent that his ailing physical condition will not allow him to testify in Rhode Island.

In an effort to preserve Mr. Grota's testimony, once it became apparent he was not going to be able to travel to Rhode Island to testify, Plaintiffs counsel Notice Mr. Grota's deposition at the earliest available date(s) for Mr. Grota. Mr. Grota verbally agreed to be deposed on April 17th, beginning at 2:00 p.m., or alternatively on the April 21st beginning at 10:00 a.m. Due to these exceptional circumstances, Plaintiffs have made every effort to work with Defense counsel

in scheduling Mr. Grota's deposition and allowing them the opportunity to conduct a discovery deposition if they elect to do so prior to the start of trial to reasonably ensure that Defendant is not unfairly prejudiced in the preparation of their defense. To date they have declined this offer.

Accordingly, the Plaintiffs' deposition of Mr. Grota in the best interest of justice should go forward.

WHEREFORE, the plaintiffs respectfully request that the Court deny the defendant NEGCo's motion in its entirety.

Dated: April 15, 2008

Respectfully submitted,

PLAINTIFFS,
By and through their attorneys,

*/s/ Mark W. Roberts*
Mark W. Roberts
**MCROBERTS, ROBERTS AND RAINER, LLP**
53 State Street
Boston, MA 02109
(617)-722-8222
(617)-720-2320 Fax

*/s/ Robert J. McConnell*
Robert J. McConnell (#3888)
Jonathan D. Orent (#7408)
**MOTLEY RICE, LLC**
321 South Main Street
Providence, RI 02940
(401) 457-7700

*/s/ Neil T. Leifer*
David C. Strouss
Neil T. Leifer
Brad J. Mitchell
**THORNTON & NAUMES, LLP**
100 Summer Street, 30th Floor
Boston, MA 02110
(617) 720-1333