UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

GAIL, JOHN D. AND JOHN F. CORVELLO; et.al., )
Plaintiffs, )
) C.A. No. 05-221T
v. ) (Related Case No. 05-274T, 05-370T, 05-522T)



NEW ENGLAND GAS COMPANY, INC.; )
Defendant. )

**NOTICE OF RULE 30(B)(6) DEPOSITION OF THE DEFENDANT, NEW ENGLAND GAS COMPANY AND REQUEST FOR DOCUMENTS**

PLEASE TAKE NOTICE, that, pursuant to Federal Rules of Civil Procedure Rules 45 and 30(b)(6), Plaintiffs will conduct the oral examination of the officer, employee, or agent of the New England Gas Company most knowledgeable of the topics listed in Exhibit "A" attached hereto. The Deposition shall take place at 10:00 a.m. on February 14, 2008, before a notary public or other person authorized to administer oaths, at the offices of Motley Rice, LLC, at 321 South Main Street Providence, RI 02940 or such other place as the parties mutually agrees. The deposition will be recorded by stenographic and video means.

Attorneys for the Plaintiffs Gail, John D. and John F. Corvello, et al,
By their Attorneys:

/s/ Robert J. McConnell
Robert J. McConnell (#3888)
Jonathan D. Orent (#7408)
MOTLEY RICE, LLC
321 South Main Street
Providence, RI 02940
(401) 457-7700

/s/ Neil T. Leifer

EXHIBIT
A

David C. Strouss
Neil T. Leifer
Brad J. Mitchell
THORNTON & NAUMES, LLP
100 Summer Street, 30th Floor
Boston, MA 02110
(617) 720-1333

/s/ Mark W. Roberts



Mark W. Roberts
MCROBERTS, ROBERTS & RAINER, LLP
53 State Street
Boston, MA 02109
(617)-722-8222
(617)-720-2320 Fax

Dated: January 28, 2008

**Certificate of Service**

I hereby certify that on this 28th day of January, 2008, a copy of the foregoing was served electronically and by first class U.S. mail, postage prepaid, upon counsel of record.

/s/ Jonathan D. Orent
Jonathan D. Orent

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF RHODE ISLAND

GAIL, JOHN D.,
AND JOHN F. CORVELLO, et al.

*Plaintiffs,*

v.

C.A. No. 05-221T
(Related Case No. 05-274T)

NEW ENGLAND GAS COMPANY, INC.;
*Defendant.*



**EXHIBIT "A" TO PLAINTIFFS' NOTICE OF RULE 30(B)(6) DEPOSITION OF THE DEFENDANT, NEW ENGLAND GAS COMPANY AND REQUEST FOR DOCUMENTS**

**GENERAL INSTRUCTIONS**

1. The person(s) designated by New England Gas Company to appear to respond to questions regarding the subject matters of this Rule 30(b)(6) deposition shall make reasonable inquiry to educate himself/herself concerning what is known and/or reasonably available to New England Gas Company concerning each matter the person is designated to testify.

2. The documents that are subject to these requests shall be produced as they are kept in the ordinary course of business or shall be organized and labeled to correspond to the categories to these requests.

3. Pursuant to Rules 45 and 30(b)(6) of the Federal Rules of Civil Procedure, you are required to produce all responsive documents that are subject to your possession, custody or control including, but not limited to, documents in the possession, custody or control of your agents, employees, attorneys or representatives.

4. Respond to each request for production of documents in full without abbreviation, expurgation or redaction. As to any request that cannot be responded to completely after reasonable efforts are made to secure the requested documents, so state, give the reasons why a complete response cannot be made at this time, and provide as many documents responsive to the request as is possible.



5. As used in these Requests, "and" and "or" shall be interpreted to mean "and/or" if to do so would cause more documents to be produced.

6. Your refusal to produce any documents under color of a privilege, or your objection to any particular Request herein, shall in no way excuse you from timely production of all other documents requested herein.

7. If, in answering any of these requests, you wish to assert or rely upon a privilege or any rule protecting against disclosure of a document or communication, you may specify such privilege or other protective order rule in lieu of setting forth the substance thereof. However, in that event, you are hereby required to furnish, with respect to each such document, the following: (i) a statement regarding the basis for any claim of privilege, or other form of non-disclosure; and (ii) a sufficient description of the documents, including (a) the title of the document and the nature and subject matter of its contents; (b) the date the document was prepared or any date appearing on the document; (c) the number of the document's pages, attachments and appendices; (d) the names of the persons who authored or prepared the document, and an identification by employment and title of each such person; and (e) the names of each person to whom the document, or a copy thereof, was sent, shown, or made accessible, or to whom it was explained, together with an identification of each person.

8. Unless otherwise noted, these Requests cover requests information for the period of time Defendant, as defined herein, was operating in Fall River, Massachusetts to the present. To the extent that any answer varies with respect to any part of that period, a separate answer is requested for each such part, with pertinent dates included.

9. In the event that any document requested herein was formerly in your possession,



custody or control and has been lost, destroyed or otherwise disposed of, you are requested to furnish a list identifying each document and stating the following information with respect to each document: (i) the title of the document and the nature and subject matter of its contents; (ii) the identity(ies) of the person(s) to whom the document was sent or was intended to be sent; (iii) the date on which the document was prepared or transmitted; and (iv) the date on which the document was lost, destroyed or otherwise disposed of, the manner and conditions of and reasons for such destruction or other disposition, and the persons(s) requesting and performing the destruction or other disposition.

10. Each and every non-identical duplicate of a document within the scope of any request, whether different from the original because of stamps, indications of recipient, handwritten notes, marks, comments or attachment to different documents, or for any other reason, is a separate document to be produced in response hereto.

11. This subpoena and accompanying document request is continuing in nature and, to the extent that your responses may be enlarged or otherwise modified by information acquired subsequent to the production of your initial responses hereto, you are required to promptly produce supplemental responses reflecting such changes.

**DEFINITIONS**

1. The term "Coal Gasification Process" shall mean the process which converts a solid or liquid product from coal, petroleum residue, biomass, or other materials which are recovered for their energy or feedstock value into a syngas composed primarily of carbon monoxide and hydrogen for direct use or subsequent chemical or physical conversion.



2. The term "Complaint" shall mean the Third Amended Complaint dated November 22, 2005, as modified by court order, and any amended or revised complaint which is thereafter filed.

3. "Defendant," "you," and "yours" shall mean Defendant The New England Gas Company, Fall River Iron Works Company, Fall River Gas Company, Fall River Gas Works Company, Tiverton Gas Company, Southern Union Company, Southern Union Gas Company, Inc., and each of its departments, divisions, bureaus, offices, agents, employees, or other representatives, including without limitation, persons presently or formerly acting for or on its behalf in relation to the ownership and/or operation of the Facilities as defined herein.

4. The term "Facilities" shall mean those properties in Fall River, Massachusetts at which the Defendant engaged in the Coal Gasification Process and includes the properties located at Bay Street, Birch Street, Charles Street, Crab Pond, and Anawan Street.

5. The term "Residuals" shall mean:

   a. Any liquid or solid substance of the Coal Gasification Process that was sold, traded, or given away by Defendant; or

   b. Any liquid or solid substance of the Coal Gasification Process that was sent off-site for further use.

321 South Main Street
Providence, RI 02940
(401) 457-7700

/s/ Neil T. Leifer
David C. Strouss
Neil T. Leifer
Brad J. Mitchell
THORNTON & NAUMES, LLP

100 Summer Street, 30th Floor
Boston, MA 02110
(617) 720-1333

/s/ Mark W. Roberts
Mark W. Roberts
MCROBERTS, ROBERTS & RAINER, LLP
53 State Street
Boston, MA 02109
(617)-722-8222
(617)-720-2320 Fax

Dated: January 28, 2008

## Certificate of Service

I hereby certify that on this 28 day of January, 2008, a copy of the foregoing was served electronically and by first class U.S. mail, postage prepaid, upon counsel of record.

/s/ Jonathan D. Orent
Jonathan D. Orent

6. The term "Waste Materials" shall mean any liquid or solid substance produced as a result of the Coal Gasification Process including but not limited to ashes, cinders, filter materials, lead, arsenic, cyanide and other hazardous substances that do not qualify as residuals defined above.

**AREAS OF EXAMINATION**



1. The Defendant's historical knowledge regarding the toxicity or potential hazardous nature of Waste Materials or Residuals between 1860 and 1960.

2. The Defendant's historical knowledge concerning potential uses of Waste Materials and Residuals generated at each of the facilities between 1860 and 1960.

3. The Defendant's contacts or involvement with any trade associations, including United Gas Improvement, between 1860 and 1960.

4. The Defendant's knowledge concerning the historical standard of care used when working around Waste Materials or Residuals.

5. The scope of the Defendant's contracts with the City of Tiverton, Rhode Island, between 1914 and 1918.

**DOCUMENTS TO BE PRODUCED**

1. Provide copies of all documents or other material used by the designated witness in preparation for the deposition.

Attorneys for the Plaintiffs Gail, John D.
and John F. Corvello, et al,
By their Attorneys

/s/ Robert J. McConnell
Robert J. McConnell (#3888)
Jonathan D. Orent (#7408)
MOTLEY RICE, LLC

**Orent, Jonathan D.**

**From:** Mark Roberts [MRoberts@mcrobertsandroberts.com]
**Sent:** Thursday, February 21, 2008 1:42 PM
**To:** Orent, Jonathan D.
**Subject:** FW: Responses to Plaintiffs' Latest Set of Interrogs and Reqs for Admissions

Mark W. Roberts
McRoberts, Roberts & Rainer, L.L.P.
Exchange Place
53 State Street
Boston, Massachusetts 02109

Direct Line: 617-227-2125
Office Telephone: 617-722-8222 ext. 410
Facsimile: 617-720-2320
Innovative environmental and land use advice, law and litigation

NOTICE OF CONFIDENTIALITY

This electronic transmission is intended solely for the addressee(s) listed above and may contain confidential information. If you are not the named addressee(s), any use, disclosure, copying, or communication of the contents of this transmission is prohibited. If this transmission was received in error, please contact me at the above number, collect if necessary. Thank you for your attention to this matter.

-----Original Message-----
From: David Ross [mailto:DRoss@kasowitz.com]
Sent: Thursday, February 21, 2008 12:16 PM
To: Mark Roberts; Heather Spurlock Kennealy
Cc: Seth Davis; Noelle Kowalczyk; Edward Lee; gpetros@haslaw.com; jtarantino@apslaw.com; dwollin@apslaw.com; jorent@motleyrice.com; bmcconnell@motleyrice.com; DStrouss@tenlaw.com; Jennifer Bernazani-Ludlum; Eric D. Herschmann; cdodds@bishoplondon.com; David Ross
Subject: Re: Responses to Plaintiffs' Latest Set of Interrogs and Reqs for Admissions

Agreed.

-----Original Message-----
From: Mark Roberts <MRoberts@mcrobertsandroberts.com>
To: David Ross; Heather Spurlock Kennealy <hskennealy@mcrobertsandroberts.com>
CC: Seth Davis; Noelle Kowalczyk; Edward Lee; gpetros@haslaw.com <gpetros@haslaw.com>; jtarantino@apslaw.com <jtarantino@apslaw.com>; dwollin@apslaw.com <dwollin@apslaw.com>; Orent, Jonathan D. <jorent@motleyrice.com>; McConnell, Bob <bmcconnell@motleyrice.com>; David Strouss <DStrouss@tenlaw.com>; JBernazani-Ludlum@mcrobertslaw.com <JBernazani-Ludlum@mcrobertslaw.com>; Heather Spurlock Kennealy <hskennealy@mcrobertsandroberts.com>
Sent: Thu Feb 21 09:18:18 2008
Subject: RE: Responses to Plaintiffs' Latest Set of Interrogs and Reqs for Admissions

You can have the extra 2 weeks as long as we get the 30(b)(6) after you respond.

Mark

Mark W. Roberts
McRoberts, Roberts & Rainer, L.L.P.
Exchange Place
53 State Street
Boston, Massachusetts 02109

Direct Line: 617-227-2125
Office Telephone: 617-722-8222 ext. 410

tabbies EXHIBIT B

Facsimile: 617-720-2320
Innovative environmental and land use advice, law and litigation

NOTICE OF CONFIDENTIALITY

This electronic transmission is intended solely for the addressee(s) listed above and may contain confidential information. If you are not the named addressee(s), any use, disclosure, copying, or communication of the contents of this transmission is prohibited. If this transmission was received in error, please contact me at the above number, collect if necessary. Thank you for your attention to this matter.

-----Original Message-----
From: David Ross [mailto:DRoss@kasowitz.com]
Sent: Thursday, February 21, 2008 6:51 AM
To: Mark Roberts; Heather Spurlock Kennealy
Cc: Seth Davis; Noelle Kowalczyk; Edward Lee; gpetros@haslaw.com; jtarantino@apslaw.com; dwollin@apslaw.com
Subject: Re: Responses to Plaintiffs' Latest Set of Interrogs and Reqs for Admissions

Dear Heather and Mark: Can you please get back to me this morning on this. Thank you. Regards, David

-----Original Message-----
From: David Ross
To: Mark Roberts <MRoberts@mcrobertsandroberts.com>; 'Heather Spurlock Kennealy' <hskennealy@mcrobertsandroberts.com>
CC: Seth Davis; Noelle Kowalczyk; Edward Lee; Petros, Gerald J. <gpetros@haslaw.com>; 'Tarantino, John' <jtarantino@apslaw.com>; Wollin, David <DWollin@apslaw.com>
Sent: Wed Feb 20 14:20:22 2008
Subject: Responses to Plaintiffs' Latest Set of Interrogs and Reqs for Admissions

Dear Heather and Mark: Our responses to these are now due on 2/22. Are you amenable to a 2 week extension? Thanks, David

David E. Ross, Esq.
Kasowitz, Benson, Torres & Friedman LLP
1633 Broadway
New York, NY 10019-6799
(T) 212-506-1748
(F) 212-506-1800
dross@kasowitz.com

This e-mail and any files transmitted with it are confidential and may be subject to the attorney-client privilege. Use or disclosure of this e-mail or any such files by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please notify the sender by e-mail and delete this e-mail without making a copy.