## McConnell, Bob

| | |
|---|---|
| **From:** | Main, Robin L. [rmain@haslaw.com] |
| **Sent:** | Tuesday, April 15, 2008 11:43 AM |
| **To:** | Mark Roberts; McConnell, Bob; Neil Leifer; David Strouss; R. Zabbo; Steve Harten; Jennifer Bernazani-Ludlum; Heather Spurlock Kennealy |
| **Cc:** | dross@kasowitz.com; Christina Dodds; Seth Davis; Petros, Gerald J.; jtarantino@apslaw.com; PRocha@apslaw.com |
| **Subject:** | RE: Objections and Responses to 30b6 |
| **Attachments:** | NEGass Objections & Responses to 30(b)(6)-886270-1.PDF |

Counsel: Attached is NEGasCo's objections and responses to the 30b6 notice and document requests.

Robin L. Main
**HinckleyAllenSnyderLLP**
*50 Kennedy Plaza, Providence RI 02903*
*Phone: (401)457-5278*
*Fax: (401)457-5279*
*rmain@haslaw.com*
*http://www.haslaw.com*

EXHIBIT
tabbies
C

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

GAIL, JOHN D. and JOHN F. CORVELLO, et al.,

Plaintiffs,

vs.

NEW ENGLAND GAS COMPANY,

Defendant.

C.A. No. 05-0221T
(Related Cases: 05-274T; 05-370T; 05-522T)

**NEW ENGLAND GAS COMPANY'S**
**OBJECTIONS AND RESPONSES TO PLAINTIFFS'**
**RULE 30(b)(6) NOTICES OF DEPOSITION AND DOCUMENT REQUESTS**

New England Gas Company ("NEGasCo"), by and through its attorneys, Adler, Pollock & Sheehan, P.C., Hinckley, Allen & Snyder LLP, and Kasowitz, Benson, Torres & Friedman LLP, submits the following objections and responses to Plaintiffs' Rule 30(b)(6) Notices and Requests for Documents (collectively, "Plaintiffs' Notices" or "Notices").[1]

**GENERAL OBJECTIONS**

1. On February 1, 2008, Magistrate Judge Almond issued a Memorandum and Order denying Plaintiffs' motion to compel, and approving, in the context of this case, the propriety of NEGasCo's responses, under FRCP 33(d), to Plaintiffs' interrogatories calling for historical information about the operations of Fall River Gas Company ("FRGC"), which information was and is equally available to Plaintiffs as Defendant from FRGC's historical records which have been available for Plaintiffs'

[1] NEGasCo's Objections and Responses respond to the two Rule 30(b)(6) Deposition Notices and Document Requests served by Plaintiffs on or about January 28 and January 30, 2008.

review for 15 months. Based on that Memorandum and Order, including the logic and reasoning of same, NEGasCo objects to the January 28, 2008 notice including the Areas of Examination set forth therein. Other than as specifically identified herein, NEGasCo has no witness who is knowledgeable, or who could reasonably become knowledgeable in a manner sufficient to address the inquiries set forth in that January 28, 2008 notice.

2. NEGasCo objects to Plaintiffs' Notices as overly broad and burdensome.

3. NEGasCo objects to Plaintiffs' Notices because the designated Topics do not provide the requisite detail to properly prepare one or more witness(es) to respond to questions concerning operations that occurred between 48 and 148 years ago.

4. NEGasCo objects to each Topic within Plaintiffs' Notices insofar as it is based upon an improper or incorrect assumption of fact(s).

5. NEGasCo objects to each Topic within Plaintiffs' Notices insofar as it is duplicative and redundant of other Topics.

6. NEGasCo objects to each Topic within Plaintiffs' Notices insofar as it seeks information not reasonably calculated to lead to the discovery of admissible evidence and/or information which exceeds the scope of discovery permitted by the Federal Rules of Evidence.

7. NEGasCo objects to each Topic within Plaintiffs' Notices insofar as it seeks information or documents protected from discovery by the attorney-client privilege or any other applicable privilege or immunity.

8. NEGasCo objects to each Topic within Plaintiffs' Notices insofar as it seeks work product, mental impressions, conclusions, opinions or legal theories of

NEGasCo's counsel, experts and/or consultants developed in connection with or in anticipation of this or other litigation.

9. NEGasCo objects to each Topic within Plaintiffs' Notices insofar as it seeks information that is properly the subject of an interrogatory. Plaintiffs have already exceeded the maximum number of interrogatories permitted under the Federal Rules of Civil Procedure.

10. NEGasCo incorporates its foregoing General Objections, and its Responses and Objections to Definitions in each response herein.

**RESPONSES AND OBJECTIONS TO DEFINITIONS**

NEGasCo incorporates the following responses and objections to the "Definitions" into each of its objections to Plaintiffs' Rule 30(b)(6) Topics and Document Requests:

**Defined Term: "Coal Gasification Process":** The term "coal gasification process" shall mean the process which converts a solid or liquid product from coal, petroleum residue, biomass, or other materials which are recovered for their energy or feedstock value into a syngas composed primarily of carbon monoxide and hydrogen for direct use or subsequent chemical or physical conversion.

**Response to Definition for "Coal Gasification Process":** NEGasCo objects to the definition for Coal Gasification Process (and its incorporation in Plaintiffs' other "Definitions") because it is overly broad, vague and ambiguous and contains undefined terms and processes.

**Defined Terms: "Defendant," "You," and "Yours":** "Defendant," "You," and "Yours" shall mean Defendant The New England Gas Company, Fall River Gas

Company, Fall River Gas Works Company, Southern Union Company and Southern Union Gas Company, Inc., in its capacity as successor to Fall River Gas Company, and each of its departments, divisions, bureaus, offices, agents, employees, or other representatives, including without limitation, persons presently or formerly acting for or on [its] behalf in relation to the ownership and/or operation of the Facilities as defined herein.

**Response to Definition for "Defendant," "You," and "Yours"**: NEGasCo objects to the definition for "Defendant," "You," and "Yours" because the definition is overly broad, seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence, and is also vague and ambiguous. NEGasCo will respond as to the manufactured gas plant operations of the Fall River Gas Company at its facility at Charles Street, in Fall River, MA (the "Charles Street Plant") as that plant is the facility alleged by Plaintiffs to be the source of the alleged contamination at issue in this lawsuit.

**Defined Term: "Facilities":** The term "Facilities" shall mean those properties in Fall River, Massachusetts at which the Defendant engaged in the Coal Gasification Process and includes the properties located at Bay Street, Birch Street, Charles Street, Crab Pond and Anawan Street.

**Response to Definition for "Facilities"**: NEGasCo objects to the definition for "Facilities" because the definition is overly broad and unduly burdensome, seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence, and is also vague and ambiguous. Among the numerous defects in this definition are the fact that it concerns facilities or plants beyond

the Charles Street Plant, is completely unbounded in time and would include operations going back to the 1800's and coming forward in time after the Charles Street Plant ceased operations as a manufactured gas plant. NEGasCo will respond as to the manufactured gas plant operations of the Fall River Gas Company at its facility at the Charles Street Plant as that plant is the facility alleged by Plaintiffs to be the source of the alleged contamination at issue in this lawsuit.

**Defined Term: "Residuals":** The term "residuals" shall mean: a. Any liquid or solid substance of the Coal Gasification Process that was sold, traded, or given away by Defendant; or b. Any liquid or solid substance of the Coal Gasification Process that was sent off-site for further use.

**Response to Definition for "Residuals":** NEGasCo objects to the definition for "Residuals" because the definition is overly broad, vague, internally contradictory and ambiguous. In addition, plaintiffs have previously represented that "Residuals" from the Charles Street Plant are not at issue in this litigation.

**Defined Term: "Waste Materials"**: The term "Waste Materials" shall mean any liquid or solid substance produced as a result of the Coal Gasification Process including but not limited to ashes, cinders, filter materials, lead, arsenic, cyanide and other hazardous substances that do not qualify as Residuals defined above.

**Response to Definition for "Waste Materials"**: NEGasCo objects to the definition for "Waste Materials" because the definition is overly broad, vague, internally contradictory and ambiguous.

## SPECIFIC OBJECTIONS TO TOPICS DESIGNATED FOR DEPOSITION

### Topics Identified in the Notice Dated January 28, 2008

**Topic No. 1:** The Defendant's historical knowledge regarding the toxicity or potential hazardous nature of Waste Materials or Residuals between 1860 and 1960.

**Objections to Topic No. 1:** NEGasCo objects specifically to Topic 1 on the grounds that it is overbroad and unduly burdensome. Topic 1 is not limited to the Charles Street Plant which is the facility alleged by Plaintiffs to be the source of the alleged contamination at issue in this lawsuit. NEGasCo further objects to Topic 1 as vague and ambiguous because it does not define what is meant by the terms "toxicity" and "potential hazardous nature" and, thus, does not provide sufficient detail as to the topic of the examination. See also NEGasCo's Responses to Plaintiffs' Definition for "Waste Materials" and "Residuals."

**Topic No. 2:** The Defendant's historical knowledge concerning the potential uses of Waste Materials and Residuals generated at each of the facilities between 1860 and 1960.

**Objections to Topic No. 2:** NEGasCo objects to Topic 2 on the grounds that it is overbroad and unduly burdensome. See also NEGasCo's Responses to Plaintiffs' Definitions for "Facilities," "Waste Materials" and "Residuals." Subject to and without waiving its objections, NEGasCo states that its expert, Dr. Neil Shifrin, submitted a report dated March 31 which contains, inter alia, his knowledge obtained from the Charles Street Plant documents, of the Charles Street Plant's uses of certain Residuals and Waste Materials, including tar and coke. NEGasCo adopts those portions of Dr. Shifrin's report in this regard, including pages 5, D2 and D3 and Table D3 and the

reliance materials in support thereof. Dr. Shifrin is scheduled to be deposed on April 22.

**Topic No. 3:** The Defendant's contacts or involvement with any trade associations, including United Gas Improvements, between 1860 and 1960.

**Objections to Topic No. 3:** NEGasCo objects to Topic 3 on the grounds that it is overbroad, vague, unduly burdensome and seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, NEGasCo states that its expert, Dr. Neil Shifrin, submitted a report dated March 31 which contains, inter alia, his knowledge obtained from the Charles Street Plant documents, of the Charles Street Plant's contacts or involvement with certain trade associations. NEGasCo adopts those portions of Dr. Shifrin's report in this regard, including pages 5 and 21, and the reliance materials in support thereof. Dr. Shifrin is scheduled to be deposed on April 22.

**Topic No. 4:** The Defendant's knowledge concerning the historical standard of care used when working around Waste Materials or Residuals.

**Objections to Topic No. 4:** NEGasCo objects to Topic 4 on the grounds that it is overbroad, unduly burdensome and seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. NEGasCo further objects specifically to Topic 4 as vague and ambiguous because it does not define what is meant by the phrase "working around" and, thus, does not provide sufficient detail as to the topic of the examination. See also NEGasCo's Responses to Plaintiffs' Definitions for "Waste Materials," and "Residuals." Subject to and without waiving its objections, NEGasCo states that its expert, Dr. Neil Shifrin, submitted a report dated March 31 which contains, inter alia, his knowledge obtained from the Charles Street

Plant documents, of the Charles Street Plant's historical standards of care. NEGasCo adopts those portions of Dr. Shifrin's report in this regard, including pages 5, 20, and 21 and the reliance materials in support thereof. Dr. Shifrin is scheduled to be deposed on April 22.

**Topic No. 5:** The scope of the Defendant's contracts with the City of Tiverton, Rhode Island, between 1914 and 1918.

**Objections to Topic No. 5:** NEGasCo objects to Topic 5 on the grounds that it is unduly burdensome and seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. NEGasCo further objects to Topic 5 as vague and ambiguous because it does not define what is meant by the phrase "[t]he scope of Defendant's contracts with the City of Tiverton, Rhode Island" and, thus, does not provide sufficient detail as to the topic of the examination.

**Objection to "Documents to Be Produced"**

NEGasCo objects to this request. NEGasCo is unaware of any obligation to produce "documents or other material used by the designated witness in preparation for the deposition."

**Topics Identified in Exhibit "A" of the Notice Dated January 30, 2008**

**Topic No. 1:** The scope of the searches conducted for Documents responsive to Plaintiff's discovery requests in Corvello, et al. vs. New England Gas Company, et al., C.A. No. 05-221T including, but not limited to:

a. All New England Gas Company ("NEGCO") locations containing and/or storing NEGCO documents.

b. All locations that were searched for responsive information.

c. The method used to conduct the search.

i. Employees and agents contacted pursuant to the search.

ii. Forms or surveys of any kind used.

iii. Criteria used to determine the production of any particular Document.

d. The dates on which the search was conducted.

e. The personnel involved in conducting the search.

**Objections to Topic No. 1:** NEGasCo objects to Topic 1 on the grounds that it is overbroad and seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. NEGasCo further objects to this request to the extent it seeks documents and information protected by the work product doctrine.

**Topic No. 2:** The scope of the searches conducted for Documents responsive to Plaintiff's discovery requests in Louis Andrade, et al. vs. Fall River Gas Company, et al., C.A. No. 99-11669-GAO including, but not limited to:

a. All New England Gas Company ("NEGCO") locations containing and/or storing NEGCO documents.

b. All locations that were searched for responsive information.

c. The method used to conduct the search.

i. Employees and agents contacted pursuant to the search.

ii. Forms or surveys of any kind used.