iii. Criteria used to determine the production of any particular Document.

d. The dates on which the search was conducted.

e. The personnel involved in conducting the search.

**Objections to Topic No. 2:** NEGasCo objects to Topic 2 on the grounds that it is overbroad, unduly burdensome, and seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. NEGasCo further objects to this request to the extent it seeks documents and information protected by the work product doctrine.

**Topic No. 3:** The scope of the searches conducted for Documents responsive to Plaintiff's discovery requests in Southern Union Company d/b/a New England Gas Company Notice of Violation OC&I/SR 06-01, AAD No. 06-001/SRE including, but not limited to:

a. All New England Gas Company ("NEGCO") locations containing and/or storing NEGCO documents.

b. All locations that were searched for responsive information.

c. The method used to conduct the search.

i. Employees and agents contacted pursuant to the search.

ii. Forms or surveys of any kind used.

iii. Criteria used to determine the production of any particular Document.

d. The dates on which the search was conducted.

e. The personnel involved in conducting the search.

**Objections to Topic No. 3:** NEGasCo objects to Topic 3 on the grounds that it is overbroad and seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. NEGasCo further objects to this request to the extent it seeks documents and information protected by the work product doctrine.

**Topic No. 4:** The location of all NEGCO Document storage facilities.

**Objections to Topic No. 4:** NEGasCo objects specifically to Topic 4 on the grounds that it is overbroad, unduly burdensome and seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence.

**Topic No. 5:** The management structure, and identification of all past and present employees for each of your Document storage facilities.

**Objections to Topic No. 5** NEGasCo objects to Topic 5 on the grounds that it is overbroad, unduly burdensome and seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. This Topic is also vague as to what is meant by "management structure."

**Topic No. 6:** The format in which present and historical Documents are currently stored including but not limited to any and all information systems or databases used to store, access or locate NEGCO documents.

**Objections to Topic No. 6:** NEGasCo objects to Topic 6 on the grounds that it is overbroad, unduly burdensome and seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence.

**Topic No. 7:** NEGCO's past and present records retention policies.

**Objections to Topic No. 7:** NEGasCo objects to Topic 7 on the grounds that it is overbroad, unduly burdensome and seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence.

## RESPONSES TO REQUEST FOR PRODUCTION

Subject to, and incorporating the foregoing including the General Objections, NEGasCo responds and objects as follows to Plaintiffs' Requests for Production:

### Documents Requested Pursuant to Exhibit "B" to Notice Dated January 30, 2008

**Request No. 1:** Any and all Documents created or maintained by New England Gas Company ("NEGCO") reflecting [the] contents of all corporate historical and current Documents in possession of NEGCO, including its parent company and subsidiaries.

**Response to Request No. 1:** NEGasCo objects to this request because it is vague, overbroad, unduly burdensome, seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence, and calls for every document maintained by the Defendant.

**Request No. 2:** Any and all NEGCO records retention policies or other similar Documents.

**Response to Request No. 2:** NEGasCo objects to this request because it is overbroad, unduly burdensome and seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the foregoing General Objections and specific objections, NEGasCo responds as follows: NEGasCo has no written policy with respect to the retention of the

historical records of FRGC. NEGasCo has not destroyed and has no plans to destroy such documents.

**Request No. 3:** Any and all internal NEGCO communications between any NEGCO employees, agents, or other persons involved in the searches listed in Exhibit "A."

**Response to Request No. 3:** NEGasCo objects to this request because it is overbroad, unduly burdensome and seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. NEGasCo further objects to this request to the extent it seeks documents and information protected by the work product doctrine. Subject to and without waiving these objections, NEGasCo responds as follows: None.

**Request No. 4:** Any and all Documents created or used by any NEGCO agents or employees to carry out the searches listed in Exhibit "A."

**Response to Request No. 4:** NEGasCo objects to this request because it is overbroad, unduly burdensome and seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. NEGasCo further objects to this request to the extent it seeks documents and information protected by the work product doctrine. Subject to and without waiving these objections, NEGasCo responds as follows: None.

**Request No. 5:** Any and all surveys or questionnaires distributed to NEGASCO employees regarding the searches listed in Exhibit "A."

**Response to Request No. 5:** NEGasCo objects to this request because it is overbroad, unduly burdensome and seeks information that is not relevant to this action

nor reasonably calculated to lead to the discovery of admissible evidence. NEGasCo further objects to this request to the extent it seeks documents and information protected by the work product doctrine. Subject to and without waiving these objections, NEGasCo responds as follows: None.

**Request No. 6:** Any and all Documents containing a comprehensive listing of all facilities and locations in which NEGCO stores its current and historical Documents.

**Response to Request No. 6:** NEGasCo objects to this request because it is overbroad, unduly burdensome and seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. NEGasCo further objects to this request to the extent it seeks documents and information protected by the work product doctrine. Subject to and without waiving these objections, NEGasCo responds as follows: None.

**Request No. 7:** Any and all Documents that describe the management structure and/or lists the agent or employees of NEGCO employed or retained to work in any of NEGCO's Document storage facilities.

**Response to Request No. 7:** NEGasCo objects to this request because it is overbroad, unduly burdensome and seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. NEGasCo further objects to this request to the extent it seeks documents and information protected by the work product doctrine. Subject to and without waiving these objections, NEGasCo responds as follows: None.

**Request No. 8:** Inventory lists or Document control logs and/or databases reflecting the contents of Documents stored in NEGCO's Document storage locations.

**Response to Request No. 8:** NEGasCo objects to this request because it is overbroad, unduly burdensome and seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, NEGasCo responds as follows: NEGasCo has already produced to Plaintiffs its list and description of the four hundred plus boxes of FRGC historical records made available to Plaintiffs..

Dated: April 15, 2008

**KASOWITZ, BENSON, TORRES & FRIEDMAN LLP**

By: ____________________

Eric D. Herschmann
David E. Ross
1633 Broadway
New York, New York 10019
(212) 506-1700

- and –

**HINCKLEY, ALLEN & SNYDER**

By: ____________________

Gerald J. Petros (#2931)
Robin L. Main (#4222)
50 Kennedy Plaza
Providence, RI
(401) 274-2000

- and –

**ADLER, POLLOCK & SHEEHAN P.C.**
John A. Tarantino (#2586)
David A. Wollin (#4950)
Kristen Sherman (#5595)
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
(401) 274-7200

-and-

**BISHOP, LONDON & DODDS**
Christina Dodds
3701 Bee Cave Road, Suite 200
Austin, Texas 78746
(512) 479-5000

*Attorneys for Defendant*
*New England Gas Company,*
*an unincorporated division of*
*Southern Union Company*

**CERTIFICATE OF SERVICE**

To:

John J. McConnell, Jr., Esq.
Robert J. McConnell, Esq.
Aileen L. Sprague, Esq.
Jonathan D. Orent, Esq.
Motley Rice
321 South Main Street
Providence, RI 02903

Neil T. Leifer, Esq.
Christian F. Uehlein, Esq.
Thorton & Naumes LLP
100 Summer Street
Boston, MA 02110

Mark W. Roberts, Esq.
David A. Cetola, Esq.
Heather Spurlock Kennealy, Esq.
McRoberts, Roberts & Rainer, LLP
53 State Street
Boston, MA 02109

Matthew B. Smith, Esq.
1206 Westminster Street
Providence, RI 02909

Paul Revere, III, Esq.
297 North Street, Suite 337
Hyannis, MA 02601

Richard J. Zabbo, Esq.
Stephen P. Harten, Esq.
Ratcliffe, Burke, Harten & Elias LLP
1600 Financial Plaza
Providence, RI 02903

Christina C. Dodds, Esq.
Bishop, London & Brophy, P.C.
3701 Bee Caves Road, Suite 200
Austin, TX 78746

Gregory S. Schultz, Esq.
Susan Forcier, Esq.
Office of Legal Services
RI Department of Environmental Management
235 Promenade Street
Providence, RI 02908

Lewis S. Wiener, Esq.
Sutherland Asbill & Brennan LLP
1275 Pennsylvania Avenue, N.W.
Washington, DC 20004

Michael K. Marran, Esq.
P.O. Box 6067
321 South Main Street, Suite 200
Providence, RI 02940-6067

Anthony F. Muri, Esq.
Muri Associates LLC
Ten Weybosset Street
Providence, RI 02903

Benjamin V. White, Esq.
Kimberly A. Simpson, Esq.
Vetter & White
20 Washington Place
Providence, RI 02903

Kerry T. Ryan, Esq.
Emily C. Shanahan
Tarlow, Breed, Hart & Rodgers, P.C.
101 Huntington Avenue, Suite 500
Boston, MA 02199

Andrew G. Mauck, Esq.
Matthew B. Kirsner, Esq.
Troutman Sanders LLP
P.O. Box 1122
Richmond, VA 23208

William D. Wick, Esq.
Wactor & Wick LLP
180 Grand Avenue, Suite 950
Oakland, CA 04612

Bruce G. Tucker, Esq.
David B. Willis, Esq.
Bruce G. Tucker
Legal Management Services LLC
300 Centerville Road, Suite 304S
Warwick, RI 02886

Craig R. Waksler, Esq.
McGivney & Kluger, P.C.
72 Pine Street, 1st Floor
Providence, RI 02903

Paul M. Sanford, Esq.
Burns & Levinson LLP
One Citizens Plaza, Suite 1100
Providence, RI 02903

David A. Crichlow, Esq.
David Goldberg, Esq.
Catherine C. McCulley, Esq.
Pillsbury Winthrop Shaw Pittman LLP
1540 Broadway
New York, NY 10036

Gregory L. Benik, Esq.
Benik & Associates
931 Jefferson Boulevard, Suite 208
Warwick, RI 02886

Christopher P. McCormack, Esq.
Pullman & Comley LLC
850 Main Street
Bridgeport, CT 06601

Jeanne M. Scott, Esq.
Ursillo, Teitz & Ritch, Ltd.
Two Williams Street
Providence, RI 02903

Jeffrey Bromme, Esq.
Arnold & Porter LLP
555 Twelfth Street, N.W.
Washington, DC 20004-1206

I hereby certify that I serviced a copy of New England Gas Company's Objections and Responses to Plaintiffs' Rule 30(b)(6) Notices of Deposition and Document Requests to counsel of record, as above, on the 15th day of April, 2008.

Cynthia Fornas

886084v1

## Orent, Jonathan D.

**From:** Orent, Jonathan D.
**Sent:** Monday, April 14, 2008 11:24 AM
**To:** Tarantino, John; 'David Ross'; gpetros@haslaw.com
**Cc:** Neil Leifer; Mark Roberts; McConnell, Bob
**Subject:** Rule 30(b)(6) Documents
**Importance:** High

Counsel:

This is now my fourth communication (third e-mail, and one telephone request) to you requesting the reliance material for tomorrow's Rule 30(b)(6) deposition. Thus far, I have received no response to my prior requests. Please let me know immediately when I can expect to receive these documents. If I do not receive an answer immediately, we may be forced to continue the deposition and file and appropriate motion with the Court.

Regards.

Jon

**Jonathan D. Orent** | Attorney at Law | Motley Rice LLC
321 South Main Street | Providence, RI 02903-7108 | jorent@motleyrice.com
**o.** 401.457.7723 | **c.** 401.465.8549 | **f.** 401.457.7708

EXHIBIT
D