**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| GAIL, JOHN D.<br>AND JOHN F. CORVELLO, et al.<br><br>*Plaintiffs,*<br>v. | ) | C.A. No. 05-221T<br>(Related Case No. 05-274T) |
| NEW ENGLAND GAS COMPANY, INC.;<br>*Defendant.* | ) | |

**AFFADAVIT OF JONATHAN D. ORENT AUTHENTICATING DOCUMENTS USED IN PLAINTIFFS OPPOSITION TO THE DEFENDANT NEW ENGLAND GAS COMPANY'S MOTION FOR SUMMARY JUDGMENT**

JONATHAN D. ORENT , being first duly sworn on oath, deposes and states as follows:

1) In support of the statement that "The town of Tiverton was notified about the presence of contamination during the Mt Hope interceptor sewer project in 2002. Exhibit A," I certify that this document is true and accurate copy of a document produced during the course of discovery.

Furthermore, if offered at trial, the Plaintiffs will offer the testimony of either Terry Gray, Jeff Crawford, or Leo Hellested to authenticate this document under FRCP 901. Moreover, Plaintiffs reserve their right to call a document custodian, under FRCP 56(f), and seek leave of the Court to authenticate this document.

2) In support of the statement that, "Dr. Eric Suuberg testified that the use of toxic MGP waste as fill cannot be made safe. Exhibit B," I certify that the excerpt of the deposition attached to this affidavit is from the final and certified transcript of Dr. Eric Suuberg.

Moreover, Plaintiffs reserve their right to call a document custodian, under FRCP 56(f), and seek leave of the Court to authenticate this document.

3) In support of the statement that "Eyewitness and documentary evidence demonstrate that NEGCo allowed its waste to be used as landfill. Exhibit C," I certify that this document is true and accurate copy of a document produced during the course of discovery and a certified deposition transcript of Jose Souza.

Moreover, Plaintiffs reserve their right to call a document custodian, under FRCP 56(f), and seek leave of the Court to authenticate this document.

4) In support of the statement that, "Numerous environmental reports have documented the presence of contamination under the public streets and in the public right of ways throughout the Bay Street neighborhood. Exhibit D," I certify that this document is true and accurate copy of a document produced during the course of discovery.

If offered at trial, the Plaintiffs will offer testimony from one or more witnesses at trial authenticating this document including Louise Durfee, Donald Bollin, and Timothy Regan. Moreover, Plaintiffs reserve their right to call a document custodian, under FRCP 56(f), and seek leave of the Court to authenticate this document.

5) In support of the statement that, "The presence of contamination, which required the imposition of an emergency use moratorium, has affected the ability of the Town to make improvements to utilities within the area including maintenance of telephone and sewer lines.

Exhibit E," I certify that this document is true and accurate copy of a document produced during the course of discovery.

If offered at trial, the Plaintiffs will offer testimony from one or more witnesses at trial authenticating this document including Louise Durfee, Donald Bollin, and John Christo. Moreover, Plaintiffs reserve their right to call a document custodian, under FRCP 56(f), and seek leave of the Court to authenticate this document.

6) In support of the statement that, "Contaminants contained within the soil on public and private lands threaten to affect the health and safety of individuals working within the community or traveling throughout the area. Exhibit F," I certify that the attached document is a true and accurate copy of a document received during discovery.

If offered at trial, Plaintiffs will offer testimony from one or more witnesses at trial authenticating this document including Louise Durfee, Donald Bollin, Robert Vanderslice, Leo Hellestead, Jeff Crawford, Terry Gray, and Dr. Ellen Silbergeld. Moreover, Plaintiffs reserve their right to call a document custodian, under FRCP 56(f), and seek leave of the Court to authenticate this document.

7) In support of the statement that, "Contamination has been documented in a public park situated at Block 3, Lot 2. Exhibit G," I certify that this document is true and accurate copy of a document produced during the course of discovery.

Furthermore, if offered at trial, the Plaintiffs will offer the testimony of either Terry Gray, Jeff Crawford, or Leo Hellested to authenticate this document under FRCP 901. Moreover, Plaintiffs reserve their right to call a document custodian, under FRCP 56(f), and seek leave of the Court to authenticate this document.

8) In support of the statement that, "Prior to the adoption of the use moratorium, the Rhode Island Department of Health advised the residents of the Bay Street neighborhood of various health risks associated with the contamination. Exhibit H," I certify that the attached document is a true and accurate copy of a document received during discovery.

If used at trial, that the Plaintiffs will offer testimony from one or more witnesses at trial authenticating this document including Louise Durfee, Donald Bollin, Robert Vanderslice, Leo Hellestead, Jeff Crawford, Terry Gray, and Dr. Ellen Silbergeld. Moreover, Plaintiffs reserve their right to call a document custodian, under FRCP 56(f), and seek leave of the Court to authenticate this document.

9) In support of the statement that, "Representatives of E.A. Engineering presented testimony at the August 25, 2003, Tiverton Town Council meeting, where the emergency use moratorium was first declared by the Town Council. Exhibit J," I certify that this document is true and accurate copy of a document produced during the course of discovery.

If offered at trial, the Plaintiffs will offer testimony from one or more witnesses at trial authenticating this document including Louise Durfee, Donald Bollin, and Timothy Regan. Additionally, this document was affixed to the Defendant's Motion for Summary Judgment. Finally, Plaintiffs reserve their right to call a document custodian, under FRCP 56(f), and seek leave of the Court to authenticate this document.

10) In support of the statement that, "For purposes of tax assessments, the Town of Tiverton has devalued the land located within the moratorium area by approximately 90% and has devalued improvements to land, including homes, by approximately 10%. For example see Exhibit K," I certify that this document is true and accurate copy of a document produced

during the course of discovery and was affixed as an exhibit to the certified deposition of A. Guilherme.

Additionally, if offered at trial, any of the Plaintiffs in this case may offer testimony to this affect. Moreover, Plaintiffs reserve their right to call a document custodian, under FRCP 56(f), and seek leave of the Court to authenticate this document.

If the Court finds any deficiencies with this certification, Plaintiffs' request leave of the Court to further amend and supplement.

JONATHAN D. ORENT, ESQ.

Subscribed and sworn to before me
this 21st day of APRIL, 2008

Notary Public, State of Rhode Island
My Commission 5/20/08

DATED: April 21, 2008

Respectfully Submitted,

/s/ Jonathan D. Orent
Robert J. McConnell (#3888)
Jonathan D. Orent (#7408)
Motley Rice LLC
321 South Main Street
Providence, RI 02940

Neil T. Leifer
David C. Strouss

Brad J. Mitchell
Thornton & Naumes, LLP
100 Summer Street, 30th Floor
Boston, MA 02110

Mark W. Roberts
McRoberts, Roberts & Rainer
51 State Street
Boston, MA 02109

Stephen P. Harten (#4102)
Richard J. Zabbo (#6861)
Ratcliffe Burke Harten & Elias LLP
1600 Financial Plaza
Providence, RI 02903

**CERTIFICATE OF SERVICE**

I hereby certify that on this __21____ day of April, 2008, a copy of the foregoing was served to all counsel of record via ECF.

________/s/ Jonathan D. Orent__________________