UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| GAIL CORVELLO, et al.,<br>    Plaintiffs,<br><br>v.<br><br>NEW ENGLAND GAS COMPANY<br>SOUTHERN UNION COMPANY<br>    Defendants and<br>    Third-Party Plaintiffs,<br><br>v.<br><br>BRIDGESTONE FIRESTONE NORTH<br>AMERICAN TIRE, LLC; BRIDGESTONE<br>AMERICAS HOLDINGS, INC.; and<br>HONEYWELL INTERNATIONAL, INC.;<br>    Third-Party Defendants. | C.A. No. 05-0221S<br>(Related Case Nos.: 05-522S,<br>05-274T, 05-370S) |

## UNOPPOSED[1] MOTION TO AMEND THE THIRD-PARTY COMPLAINT

Defendant/third-party plaintiff New England Gas Company/Southern Union Company (referred to herein as "NEGasCo") hereby moves the Court for an order permitting NEGasCo to amend its Second Amended Third Party Complaint. Bridgestone Americas Tire Operations, LLC does not object to this motion. In support of this motion, NEGasCo relies upon the memorandum submitted herewith.

---

[1] Undersigned counsel has conferred with counsel for the Third-Party Defendants, and for proposed third-party defendant Bridgestone Americas Tire Operations, LLC, who have confirmed that they do not oppose the proposed amendment sought herein.

Respectfully submitted,

SOUTHERN UNION GAS COMPANY AND
NEW ENGLAND GAS COMPANY

By their attorneys,


/s/ Gerald J. Petros
Gerald J. Petros (#2931)
Robin L. Main (#4222)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
Tel. (401) 274-2000
Fax (401) 277-9600
gpetros@haslaw.com
rmain@haslaw.com

David Ross
Seth Davis
Kasowitz, Benson, Torres & Friedman LLP
1633 Broadway
New York, New York 10019
(212) 506-1700

Dated: February 17, 2012

## CERTIFICATE OF SERVICE

George E. Lieberman, Esq.
Benjamin V. White, Esq.
Kimberly A. Simpson, Esq.
Timothy M. Bliss, Esq.
Vetter & White
Center Place
50 Park Row West, Suite 109
Providence, RI 02903

William D. Wick, Esq.
Wactor & Wick LLP
180 Grand Avenue, Suite 950
Oakland, CA 94612

Gregory L. Benik, Esq.
Benik & Associates
128 Dorrance Street, Suite 450
Providence, RI 02903

Kerri L. Stelcen, Esq.
Arnold & Porter LLP
399 Park Avenue
36th Floor
New York, NY 10022-4690

John A. Tarantino, Esq.
Adler, Pollock & Sheehan, P.C.
One Citizens Plaza – 8th Floor
Providence, RI 02903

   I hereby certify that on the 17th day of February, 2012, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Gerald J. Petros

#50557675 (14015/126110)

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| GAIL CORVELLO, et al., <br>               Plaintiffs, <br><br> v. <br><br> NEW ENGLAND GAS COMPANY <br> SOUTHERN UNION COMPANY <br>           Defendants and <br>          Third-Party Plaintiffs, <br><br> v. <br><br> BRIDGESTONE FIRESTONE NORTH <br> AMERICAN TIRE, LLC; BRIDGESTONE <br> AMERICAS HOLDINGS, INC.; and <br> HONEYWELL INTERNATIONAL, INC.; <br>          Third-Party Defendants. | C.A. No. 05-0221S <br> (Related Case Nos.: 05-522S, <br> 05-274T, 05-370S) |

## MEMORANDUM IN SUPPORT OF UNOPPOSED[1] MOTION TO AMEND THE THIRD-PARTY COMPLAINT

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, as well as LR Cv 15, defendant/third-party plaintiff New England Gas Company/Southern Union Company (referred to herein as "NEGasCo") hereby moves the Court for an order permitting NEGasCo to amend its Second Amended Third Party Complaint.

### Background

In this third-party contribution action, NEGasCo seeks contribution and indemnity for an $11.5 million settlement payment it paid to the plaintiffs in the underlying litigation. NEGasCo filed its original Third Party Complaint against, among others, Honeywell International Inc.

---

[1] Undersigned counsel has conferred with counsel for the Third-Party Defendants, and for proposed third-party defendant Bridgestone Americas Tire Operations, LLC, who have confirmed that they do not oppose the proposed amendment sought herein.

("Honeywell"), and two Bridgestone entities: Bridgestone Firestone North American Tire, LLC ("Bridgestone Firestone") and Bridgestone Americas Holdings, Inc. ("Bridgestone Holdings").

Counsel for Bridgestone Firestone and Bridgestone Holdings informed the undersigned that Bridgestone Firestone had merged into Bridgestone Americas Tire Operations LLC ("BATO"), and that BATO succeeded to Bridgestone Firestone's liabilities, including any potential liability arising from this litigation. As a result of the merger, BATO is the proper third-party defendant to this action. NEGasCo therefore seeks to amend the Second Amended Third Party Complaint by substituting BATO for Bridgestone Firestone, both in the caption and in the body of the proposed Third Amended Third Party Complaint.[2] In addition, based on the representations made in the affidavit of Kerry S. Cantrell, Corporate Paralegal and Assistant Secretary of Bridgestone Americas, Inc., NEGasCo is dismissing without prejudice Bridgestone Americas Holdings, Inc. as a defendant[3]. If, in the future, NEGasCo finds that Bridgestone Americas, Inc. f/k/a Bridgestone Americas Holdings, Inc. should be named in this case as a third-party defendant, Bridgestone Americas, Inc., its successors and assigns, and the parties in this case agree not to oppose a motion to add Bridgestone Americas, Inc. and/or its successors and assigns based on the statute of limitations, personal jurisdiction, venue or other procedural defenses.

NEGasCo is also amending its complaint to withdraw all of its claims for fees and costs against the third-party defendants.

## Argument

---

[2] Importantly, NEGasCo only seeks to substitute BATO for Bridgestone Firestone and dismiss Bridgestone Americas Holdings, Inc. as a third-party defendant; all causes of action shall remain the same. A copy of NEGasCo's proposed Third Amended Third Party Complaint is attached hereto as Exhibit A, and a redline draft of the proposed Amended Third Party Complaint, reflecting all changes between the Second Amended Third Party Complaint and proposed Third Amended Third Party Complaint, is attached hereto as Exhibit B.
[3] A motion to dismiss will also be filed.

2

I.    **Fed. R. Civ. P. 15 Authorizes the Correction of a Party Name in the Complaint**

    A.    **NEGasCo is Entitled to Amend Pursuant to Rule 15(a)(2).**

Under Rule 15(a)(2), a party may amend its pleading upon the opposing party's consent, or by leave of court, which is to be "freely give[n]" when justice requires:

> Rule 15. Amended and Supplemental Pleadings
> (a) Amendments Before Trial.
> …
>
> > (2) *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a)(2). NEGasCo's proposed amendment should therefore be allowed for two reasons. First, NEGasCo has obtained "the opposing part[ies'] written consent" to amend. See Fed. R. Civ. P. 15(a)(2). Second, the interests of justice are served by granting NEGasCo leave to substitute BATO, since (i) NEGasCo is seeking to amend because it knows of the BATO/Bridgestone Firestone merger, (ii) none of the parties claims prejudice by the proposed amendment, and (iii) NEGasCo would be severely prejudiced if it could not pursue its claims against the proper party defendant. As a result, NEGasCo's proposed amendment should be allowed.

    B.    **NEGasCo's Amendment Relates Back Pursuant to Rule 15(c).**

Under Rule 15(c), NEGasCo's proposed amendment should be deemed to relate back to September 7, 2007, when NEGasCo filed its Third Party Complaint. Rule 15(c)(1) provides:

> (c) Relation Back of Amendments.
>
> > (1) *When an Amendment Relates Back.* An amendment to a pleading relates back to the date of the original pleading when:
>
> …
>
> > > (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading; or

3

> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and the complaint, the party to be brought in by amendment:
>> (i) received such notice of that action that it will not be prejudiced in defending on the merits; and
>>
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the property party's identity.

Fed. R. Civ. P. 15(c)(1).

NEGasCo's proposed amendment satisfies Rule 15(c)(3)'s requirements. BATO, as Bridgestone Firestone's successor, has notice of this lawsuit and thus knows or should have known then that it would be a proper party in interest upon merging with Bridgestone Firestone. See Fed. R. Civ. P. 15(c)(1)(C)(i) and (ii). Finally, BATO does not claim prejudice by the proposed amendment. Id. NEGasCo agrees and stipulates that the proposed amendments are without prejudice to, and do not constitute a waiver of, the arguments advanced by third-party defendants in their Rule 12(b)(6) motion to dismiss filed September 27, 2010 and October 4, 2010.

### C. Amendment to Withdraw NEGasCo's Claim for Fees and Costs.

The third-party defendants also consent to NEGasCo amending the Second Amended Third Party Complaint to withdraw all of its claims for fees and costs.

WHEREFORE, Defendant/Third-Party Plaintiff NEGasCo respectfully requests that the Court enter an order allowing NEGasCo to file its Third Amended Third Party Complaint in the form attached hereto as Exhibit A.

Respectfully submitted,

SOUTHERN UNION GAS COMPANY AND
NEW ENGLAND GAS COMPANY

By their attorneys,

/s/ Gerald J. Petros
Gerald J. Petros (#2931)
Robin L. Main (#4222)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
Tel. (401) 274-2000
Fax (401) 277-9600
gpetros@haslaw.com
rmain@haslaw.com

David Ross
Seth Davis
Kasowitz, Benson, Torres & Friedman LLP
1633 Broadway
New York, New York 10019
(212) 506-1700

Dated: February 17, 2012

## CERTIFICATE OF SERVICE

George E. Lieberman, Esq.
Benjamin V. White, Esq.
Kimberly A. Simpson, Esq.
Timothy M. Bliss, Esq.
Vetter & White
Center Place
50 Park Row West, Suite 109
Providence, RI 02903

William D. Wick, Esq.
Wactor & Wick LLP
180 Grand Avenue, Suite 950
Oakland, CA 94612

Gregory L. Benik, Esq.
Benik & Associates
128 Dorrance Street, Suite 450
Providence, RI 02903

Kerri L. Stelcen, Esq.
Arnold & Porter LLP
399 Park Avenue
36th Floor
New York, NY 10022-4690

John A. Tarantino, Esq.
Adler, Pollock & Sheehan, P.C.
One Citizens Plaza – 8th Floor
Providence, RI 02903

    I hereby certify that on the 17th day of February, 2012, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                            /s/ *Gerald J. Petros*

50458492 (14015-126110)