# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| GAIL CORVELLO, ET AL<br>KEVIN BURNS, ET AL<br>COLLEEN BIGELOW, ET AL,<br>and SHEILA REIS, ET AL<br><br>vs.<br><br>NEW ENGLAND GAS COMPANY;<br>SOUTHERN UNION COMPANY<br><br>vs.<br><br>BRIDGESTONE AMERICAS TIRE<br>OPERATIONS, LLC; ~~BRIDGESTONE AMERICAS HOLDINGS, INC.;~~ and<br>HONEYWELL INTERNATIONAL~~,~~ INC. | C.A. No. 05-221S~~T~~, 05-522S~~T~~,<br>05-274S~~T~~, and 05-370S~~T~~<br><br><br>THIRD AMENDED<br>THIRD-PARTY COMPLAINT |

The third-party plaintiff brings this amended third-party complaint against third-party defendants, Bridgestone Americas Tire Operations, LLC, ~~Bridgestone Americas Holdings, Inc.,~~ and Honeywell International~~,~~ Inc., and states as follows:

### STATEMENT OF THE CASE

1. This is an action for contribution and equitable indemnity. Southern Union Company and New England Gas Company seek to recover from each of the third-party defendants <u>the</u> amounts that they paid in settlement to the plaintiffs~~, along with the fees and costs that they incurred in defending against the plaintiffs' claims~~.

1

## PARTIES

2. Southern Union Company is a Delaware corporation with its principal place of business in Houston, Texas. Southern Union Company has done business in Rhode Island and Massachusetts as NEGasCo. NEGasCo is an unincorporated division of Southern Union Company. Southern Union Company and NEGasCo are referred to collectively in this complaint as NEGasCo.

3. Upon information and belief, third-party defendants Bridgestone Americas Tire Operations, LLC ("Firestone") ~~and Bridgestone Americas Holdings, Inc. (collectively, "Firestone") are companies~~ is a limited liability company duly organized and existing under the laws of the State of ~~Nevada~~ Delaware with ~~their~~ its principal place of business in Nashville, Tennessee. Upon information and belief, Bridgestone Americas Tire Operations, LLC, is the successor-in-interest to, among other things, the liabilities of former third-party defendant ~~Bridgestone~~ Bridgestone/Firestone North American Tire, LLC.

4. Upon information and belief, third-party defendant Honeywell International~~,~~ Inc. ("Honeywell") is a corporation duly organized and existing under the laws of the State of Delaware with its principal place of business in Morris Township, New Jersey. Upon information and belief, Honeywell acquired the assets of and/or is the successor to the Barrett Company (f/k/a the Barrett Manufacturing Company ("Barrett")).

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332 and 1367. Each of the third-party defendants is present in or otherwise subject to jurisdiction in Rhode Island including without limitation based on their minimum contacts with the forum.

2

6. Venue is properly found in this District pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events giving rise to the claims occurred in this District.

## FACTUAL ALLEGATIONS

7. Plaintiffs own property and/or reside in Tiverton, Rhode Island. In 2005, plaintiffs brought suits against NEGasCo alleging that their properties were contaminated by material allegedly generated by one or more manufactured gas plant facilities owned and operated by the Fall River Gas Company prior to its acquisition by NEGasCo.

8. As a result of the contamination, on August 25, 2003, Tiverton issued a moratorium on excavation (the "Excavation Moratorium") in an area of North Tiverton bounded on the North by State Avenue, on the West by the Sakonnet River, on the South by Lepes Road, and on the East by Church Street (the "Bay Street Area"). The Tiverton Town Council later modified the Excavation Moratorium and included additional provisions.

9. On August 25, 2009, plaintiffs' cases against NEGasCo were dismissed with prejudice as a result of a settlement between the plaintiffs and NEGasCo in which NEGasCo paid the plaintiffs $11.5 million to resolve the plaintiffs' claims against NEGasCo. As part of the settlement, NEGasCo sought and obtained an assignment of all of the plaintiffs' claims against the third-party defendants arising out of or relating in any way to the contamination in the Bay Street Area. NEGasCo's actions in settling the plaintiffs' claims and obtaining the assignment extinguish the third-party defendants' liability to the plaintiffs because NEGasCo has not asserted and will not assert and hereby waives any of those direct claims against the third-party plaintiffs.

10. NEGasCo denies that any of the alleged contamination of plaintiffs' properties came from the Fall River Gas Company. NEGasCo further denies any liability for the injuries and damages that the plaintiffs alleged, including damages from the Excavation Moratorium, and

asserts that the third-party defendants are responsible for all or part of the alleged contamination and the resulting damages.

11. NEGasCo, having paid more than its fair and equitable share of the settlement to the plaintiffs, brings this third-party complaint against each of the third-party defendants seeking contribution and/or equitable indemnification for the amount that NEGasCo has paid in settlement to the plaintiffs ~~and the fees and costs that NEGasCo has incurred in defending against the plaintiffs' claims~~.

### Factual Allegations As Against Third-Party Defendant Firestone

12. Upon information and belief, from 1937 until about 1971, third-party defendant Firestone operated a manufacturing plant in Fall River, Massachusetts (the "Fall River Facility") less than three miles from the Bay Street Area.

13. Upon information and belief, Firestone had a business relationship with John Simpson, Jr. and his sons, John K. Simpson and Alvin Simpson (collectively, the "Simpsons"), the owners and operators of one of the largest contracting, excavating and hauling businesses in the Tiverton/Fall River area during the relevant period.

14. Upon information and belief, wastes from the manufacturing processes at Firestone's Fall River Facility were deposited and/or distributed in the Bay Street Area by Firestone and/or the Simpsons, on Firestone's behalf.

15. NEGasCo is entitled to contribution and/or equitable indemnification from Firestone for the settlement ~~payment and defense fees and costs NEGasCo incurred in defending against the plaintiffs' claims~~ paid to the plaintiffs.

### Factual Allegations As Against Third-Party Defendant Honeywell

4

16. Upon information and belief, Barrett, whose assets were acquired by third-party defendant Honeywell, manufactured a product called Tarvia.

17. Upon information and belief, Tarvia was made from coal tar and used to pave and maintain roadways at the turn of the 20th century and thereafter.

18. Upon information and belief, beginning in the 1930s, Tarvia was applied to one or more of the streets in the Bay Street Area, and thereafter leached, washed or was carried onto the plaintiffs' properties in the Bay Street Area.

19. NEGasCo is entitled to contribution and/or equitable indemnification from Honeywell for the settlement ~~payment and defense fees and costs that NEGasCo incurred in defending against the plaintiffs' claims~~ paid to the plaintiffs.

### FIRST CAUSE OF ACTION

(Contribution Against The Third-Party Defendants)

20. NEGasCo repeats and realleges Paragraphs 1 through 19 as if fully set forth herein.

21. NEGasCo has resolved its alleged liability to the plaintiffs and has extinguished the third-party defendants' liability to plaintiffs. As NEGasCo has paid more than its fair and equitable share of the settlement to the plaintiffs, the third-party defendants are liable to NEGasCo for all or part of the settlement amount that NEGasCo paid or for such proportionate part thereof that is attributable to the fault, negligence, carelessness and/or other wrongful conduct of each of the respective third-party defendants, their agents, servants and/or employees~~, together with the fees and costs NEGasCo incurred in defending against the plaintiffs' claims~~.

### SECOND CAUSE OF ACTION

(Equitable Indemnification As Against The Third-Party Defendants)

5

22. NEGasCo repeats and realleges Paragraphs I through 21 as if fully set forth herein.

23. As the plaintiffs have received a settlement from NEGasCo, any such liability on the part of NEGasCo, by operation of law or otherwise, has been caused and brought about by the fault, negligence, carelessness and/or wrongful conduct of the third-party defendants, their agents, servants and/or employees, and not by any fault, negligence, carelessness and/or wrongful conduct on the part of NEGasCo, its agents, servants or employees.

24. By reason of the foregoing, the third-party defendants are primarily liable for any injuries or damages that were sustained by the plaintiffs, and therefore, the third-party defendants are required to indemnify and hold harmless NEGasCo for the settlement paid to the plaintiffs ~~and for the fees and costs that NEGasCo incurred in defending against the plaintiffs' claims~~.

## JURY TRIAL REQUEST

NEGasCo hereby requests a trial by jury of all issues triable to a jury.

## PRAYER FOR RELIEF

**WHEREFORE,** NEGasCo demands judgment against each of the third-party defendants for contribution and/or equitable indemnification, in whole or in part, for all or part of the settlement amount that NEGasCo paid, or for such proportionate part thereof, that is attributable to the fault, negligence, carelessness and/or wrongful conduct of each third-party defendant, respectively, ~~together with the fees and costs NEGasCo incurred in defending against the plaintiffs' claims and in this action,~~ and such further relief as this Court believes to be just and proper, <u>exclusive of the fees and costs NEGasCo incurred both in defending against the plaintiffs' claims and in prosecuting its claims against third-party defendants in this action</u>.

Dated: ~~December___, 2011January~~ February___, 2012

                                        SOUTHERN UNION COMPANY AND NEW
                                        ENGLAND GAS COMPANY,

                                        By their attorneys:

                                        HINCKLEY, ALLEN & SNYDER~~,~~ LLP

                                        By:  /s/ Robin L. Main
                                              Gerald J. Petros (#2931)
                                              Robin L. Main (#4222)
                                              50 Kennedy Plaza, Suite 1500
                                              Providence, RI 02903
                                              (401) 274-2000

                                        **KASOWITZ, BENSON, TORRES**
                                        **& FRIEDMAN LLP**

                                              David E. Ross
                                              Seth Davis
                                              1633 Broadway
                                              New York, New York 10019
                                              (212) 506-1700

#50558133 (14015/126110)