RECEIVED
MAR 13 2012
U.S. DISTRICT COURT
DISTRICT OF R.I.

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| GAIL CORVELLO, et al.,<br>　　　　Plaintiffs,<br><br>v.<br><br>NEW ENGLAND GAS COMPANY and<br>SOUTHERN UNION COMPANY,<br>　　　　Defendants and<br>　　　　Third-Party Plaintiffs,<br><br>v.<br><br>BRIDGESTONE FIRESTONE NORTH<br>AMERICAN TIRE, LLC, BRIDGESTONE<br>AMERICAS HOLDINGS, INC., and<br>HONEYWELL INTERNATIONAL INC.,<br>　　　　Third-Party Defendants. | C.A. No. 05-0221S<br>(Related Case Nos.: 05-522S,<br>05-274S, 05-370S) |

## AGREED PROTECTIVE ORDER

The Southern Union Company and New England Gas Co. (collectively, "SU") desire to obtain the production of documents from Bridgestone Americas Tire Operations, LLC ("BATO") relating to its former facilities in Fall River, Massachusetts, in connection with this action (the "LAWSUIT"), in which Honeywell International Inc. ("Honeywell") is also a third-party defendant.

SU, by and through its undersigned representative, acknowledges that BATO contends that certain discovery sought from BATO is confidential, proprietary, and/or includes trade secrets that, if disclosed, might adversely affect BATO's competitive position and/or business operations. In consideration of obtaining the requested discovery from BATO, SU hereby enters

into this Agreed Protective Order ("Agreed Protective Order"), as does Honeywell (SU, BATO, and Honeywell are collectively, "the Parties"), and the Parties agree to seek the Court's entry of the Agreed Protective Order. By entering into this Agreed Protective Order, none of the Parties waive any claims or defenses, including any claims regarding whether or not SU is or should be a party to this litigation.

The Parties agree to the promises and covenants contained herein, and the Parties agree to the following express terms and conditions:

1. This Order shall govern any document, information or other thing which is designated as containing confidential information, and is furnished by BATO to any party in connection with this LAWSUIT. Such confidential information shall include trade secrets, product formula, product components, manufacturing processes, and confidential pricing or cost structures, or other commercially sensitive material, as designated by BATO ("Confidential Information").

2. BATO will make its best efforts to designate any documents or materials containing Confidential Information at the time such documents or materials are informally or formally produced. The designation of Confidential Information shall be made by placing an appropriate legend on each page of such document, or in a conspicuous place on non-documentary material, referencing this Order.

3. If SU seeks to challenge the designation of any document or testimony as Confidential Information, SU will, no later than sixty (60) days after receiving the document or testimony classified as Confidential Information, provide to BATO written notice of such disagreement, specifically and individually identifying each document subject to such challenge. If BATO does not agree with SU as to its challenge concerning confidentiality, BATO shall so

notify SU in writing within twenty-one (21) days. SU shall have thirty (30) days after receiving such notice to seek the Court's determination as to the confidentiality of such information. Prior to seeking such determination, the parties shall meet and confer in a good faith attempt to resolve any differences. Information designated as confidential will be treated as Confidential Information under the terms of this Order unless and until the Court rules that the information is not confidential.

4.   If any Confidential Information is provided inadvertently to SU or any Party without being marked as confidential in accordance with the terms of this Protective Order, the failure to so mark the information will not be deemed a waiver of the right to assert confidentiality. Rather, BATO may designate the information as confidential at a later date, at which time the provisions of this Protective Order shall apply to such information. The disclosure of any information prior to its designation as Confidential Information is not a violation of this Protective Order.

5.   The use of Confidential Information will be limited to this LAWSUIT and said designated documents shall not be disclosed to any outside or third party without further agreement by BATO or the Court's order entered upon due notice.

6.   Access to information designated as Confidential Information shall be limited to, and only to, the following "Qualified Persons":

(a)   Attorneys of record for SU, BATO, or Honeywell in connection with this LAWSUIT, and, if the attorney of record is a member of a law firm, the employees and staff of the law firm. Before any such person is permitted access to any of the Confidential Information, such person shall be informed of the existence and contents of this Protective Order;

(b) Organizations retained by the attorneys of record to provide litigation support services in this LAWSUIT. Before any such person is permitted access to any of the Confidential Information, such person shall be informed of the existence and contents of this Protective Order;

(c) Independent experts and consultants retained in this LAWSUIT by the attorneys of record, insofar as the attorneys of record may deem it necessary for the preparation of trial of this case to consult with such experts or consultants;

(d) Any person employed by parties to this LAWSUIT to the extent that it is necessary for any such individual to perform any work or task necessary to address any question or issue raised by any claim or allegation in this lawsuit only, but only to the extent necessary for such a person to perform his or her assigned task;

(e) The Court;

(f) Stenographers at deposition or trial;

(g) Witnesses at deposition or trial; and

(h) Two designated client representatives from each of the Parties.

7. Prior to disclosing any discovery or material produced by BATO to the persons identified in Paragraph 6(b)-(d) and (h) above, the person disclosing such discovery or other material shall show the person receiving or reviewing it this Agreed Protective Order, and shall obtain his or her written acknowledgment to be bound by all terms and conditions hereof, in all situations or circumstances except when any discovery is being used by counsel for any party to examine a witness in this LAWSUIT during the pendency of the LAWSUIT. The written acknowledgment described in this paragraph shall be retained by counsel for SU and shall be made available for inspection and review by BATO upon demand.

8. The Qualified Persons will not provide, describe or in any manner disclose to any other person, any Confidential Information subject to this Agreed Protective Order without the prior written consent of BATO or further order of this Court, and in no event may any Confidential Information be used by any person or entity whatsoever for any reason or purpose not directly related to or connected with the claims and allegations in the LAWSUIT.

9. If any Confidential Information is used or referred to during any deposition, counsel for BATO may require that only Qualified Persons, the deponent, and the court reporter shall be present for the portion of the deposition relating to the Confidential Information. Within thirty (30) days of receipt of the completed deposition transcript, BATO shall designate by page and line the portions for which a claim of Confidential Information is made, and provide written notice of such designation to the other parties. This designation shall be placed on the first page in the original and all copies of the deposition transcript. Pending such designation, the deposition transcript shall be treated in its entirety as Confidential Information. Any and all exhibits to the deposition transcript previously designated by BATO as Confidential Information shall remain so without the need for designation. Those portions of the deposition transcript designated as Confidential Information shall be bound separately under seal and prominently marked "Confidential Information Subject to Protective Order."

10. The parties understand and acknowledge that, under LR Gen. 102(b), documents filed with the Court may not be sealed unless ordered by the Court. Accordingly, and consistent with the requirements of LR Gen. 102(b)(2), if any party or non-party intends to file with the Court any Confidential Information in connection with any motion, hearing, or trial, the party or non-party shall notify BATO in writing of its intention to file such Confidential Information, including specifying in the notice the Confidential Information intended to be filed. BATO shall

then have ten (10) calendar days to file a motion with the Court to file the documents under seal. BATO's motion shall conform to all applicable law and procedural rules, including the procedures set out in LR Gen. 102. Notwithstanding anything herein to the contrary, the ten (10) day notice period may be shortened to a reasonable notice period during trial.

11. A procedure to assure that any Confidential Information used at trial does not lose its confidential status through such use shall be finalized at the final pretrial conference of this case, and will be subject to the ruling of the Court. The procedure shall include a provision that (a) prior to seeking to introduce any Confidential Information into evidence, counsel shall provide sufficient advance notice to the Court and all counsel to allow arrangements to be made for *in camera* treatment of the Confidential Information and (b) any party may request that any portions of the trial transcript which contain Confidential Information be filed under seal.

12. Within thirty (30) days of the final determination (including all appeals) or settlement of this case, each party and/or the attorneys of record:

(a) Shall return to BATO all Confidential Information in its possession or control, or certify that all such documents have been destroyed;

(b) Shall insure that all Confidential Information in the possession, custody, or control of their experts and consultants, or any other Qualified Person are returned to BATO, or certify that all such documents are destroyed; and

(c) Shall deliver to BATO or its attorney of record written confirmation that there has been compliance with the terms of this paragraph within the 30-day period. If there has not been compliance, the attorney of record must state the reason for such noncompliance, upon receipt of which BATO may make application to the Court for such further order as may be appropriate.

13. The terms of this Agreed Protective Order shall survive and remain in full force and effect after the termination of this lawsuit and the Court shall have jurisdiction over the parties, their attorneys, and all Qualified Persons to whom Confidential Information has been disclosed for the purpose of enforcing the terms of this Agreed Protective Order and/or redressing any violation thereof.

14. The undersigned signatories are authorized to enter into this Agreed Protective Order on behalf of the party for which they are signing.

15. All costs (including reasonable attorneys' fees) of any court action arising out of the breach of this Agreed Protective Order shall be borne by the breaching party.

16. Any party must give due notice of their intent to use all or part of any Confidential Information as an exhibit or exhibits in any deposition, hearing, trial or like proceeding.

17. This Agreed Protective Order is intended to provide the fullest protection possible of the confidentiality of the discovery or other materials covered hereby, consistent with applicable law and rules, and applies to any and all Confidential Information provided by BATO.

18. If BATO unintentionally produces a document or information that it deems confidential, the production shall not constitute a waiver. Upon request by BATO, all such documents and all copies thereof shall be stamped as Confidential Information or returned immediately. If BATO unintentionally produces a document or information subject to attorney-client privilege, attorney work product protection, or other privilege or immunity, BATO reserves all rights to seek the return of such document or information without any waiver.

19.  If any provision in the Agreed Protective Order is held to be void, invalid or legally unenforceable, all other provisions are unaffected and remain in full force and effect and are legally enforceable.  This Agreed Protective Order may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together constitute one in the same instrument.  Any copy may be used for the enforcement as an original without accounting for all counterparts.

Dated: 3/6/12                By: _____
SOUTHERN UNION COMPANY

Dated: 3/13/12               By: _____
HONEYWELL INTERNATIONAL INC.

Dated: 3/6/2012              By: _____
BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC

IT IS SO ORDERED.

Dated: 3/14/12               _____
LINCOLN D. ALMOND
UNITED STATES DISTRICT MAGISTRATE JUDGE